RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
         osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc. and
Audiomicro, Inc. d.b.a. Adrev*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,<br><br>       Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT**<br><br>**[Fed. R. Civ. P. 12(e), 12(f)]**<br><br>**Date**:  Monday, August 16, 2021<br><br>**Time**:  1:30 p.m.<br><br>**Place:**  United States District Court, E.D. Cal.<br><br>     Robert E. Coyle U.S. Courthouse<br><br>     Courtroom 2 – Eighth Floor<br><br>     2500 Tulare Street<br><br>     Fresno, CA 93721<br><br>(E-filing)<br><br>Hon. Judge Anthony W. Ishii, Presiding |

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on 16th day of August, 2021, at the hour of 1:30 p.m. in the Courtroom of the Honorable Judge Anthony W. Ishii, located at 2500 Tulare Street, Fresno, California 93721, Courtroom 2, Eighth Floor, Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev") (collectively, "Defendants") will move, and do hereby move, this Court for an order: (1) striking those allegations of the Complaint alleging Plaintiff Yellowcake, Inc.'s ("Plaintiff" or "Yellowcake") alleged ownership and registration of the federally-registered copyrighted works defined in the Complaint as "Yellowcake's Copyrighted Works"; (2) striking those parts of the prayers for relief in the First Cause of Action, for statutory Copyright Infringement, and the Third Cause of Action, for an Accounting, seeking punitive damages, which are not recoverable as a matter of law; and/or (3) requiring Plaintiff to amend its Complaint to more definitely state its alleged claims.

This Motion is made on the following grounds:

1. The allegations of Plaintiff's alleged ownership and registration of the federally-registered copyrighted works defined in the Complaint as "Yellowcake's Copyrighted Works" are false and, therefore, irrelevant and immaterial to this action.

2. Punitive or exemplary damages as to the First Cause of Action, for statutory Copyright Infringement, and as to the Third Cause of Action, for an Accounting, are unavailable as a matter of law and, therefore, the prayers for such punitive or exemplary damages are irrelevant and immaterial to this action.

3. Plaintiff's Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response.

This Motion will be, and is, based upon this Notice of Motion, the within Memorandum of Points and Authorities, the Request for Judicial Notice in support thereof, and all of the exhibits thereto, and on such other and further documentary and oral evidence and matters as may be brought before the Court on this matter.

Respectfully submitted,

Dated: June 30, 2021                    DICKENSON PEATMAN & FOGARTY P.C.

By:    /s/ Richard J. Idell
       Richard J. Idell (SBN 069033)
       Ory Sandel (SBN 233204)
       *Attorneys for Defendants Dashgo, Inc. and*
       *Audiomicro, Inc. d.b.a. Adrev*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………….…ii

I.     ISSUES TO BE DECIDED. ........................................................................................ 1

II.    RELEVANT FACTS. .................................................................................................. 1

    A.     "Yellowcake's Copyrighted Works" ................................................... 3

    B.     Unavailable Damages Allegations ...................................................... 6

    C.     Additional Vague and Ambiguous Allegations .................................. 7

    D.     Yellowcake Fails to Allege Ownership of Copyrights Allegedly Infringed........... 8

III.   ARGUMENT. ............................................................................................................ 10

    A.     APPLICABLE LEGAL STANDARDS. ........................................... 10

        1.     Legal Standard on Motion to Strike. ..................................... 10

        2.     Legal Standard on Motion for a More Definite Statement. ........ 11

    B.     THE COURT SHOULD STRIKE: (1) ALLEGATIONS REGARDING YELLOWCAKE'S PURPORTED OWNERSHIP AND REGISTRATION OF "YELLOWCAKE'S COPYRIGHTED WORKS"; (2) ALLEGATIONS REGARDING YELLOWCAKE'S PURPORTED MAINTENANCE OR CONTROL OF "YELLOWCAKE'S COPYRIGHTED WORKS"; AND (3) PRAYERS FOR PUNITIVE DAMAGES........................................................... 12

    C.     THE COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY PREPARE A RESPONSE. .................................... 16

IV.    CONCLUSION.......................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Babb v. Bridgestone/Firestone* (M.D.Tenn.1993) 861 F.Supp. 50 ................................................ 11

*Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450 ........................................... 6, 10, 14

*Cisco Sys., Inc. v. Beccela's Etc., LLC* (N.D. Cal. 2019) 403 F.Supp.3d 813 ......................... 4, 10

*Civic W. Corp. v. Zila Indus., Inc.* (1977) 135 Cal.Rptr. 915 ..................................................... 15

*Danaei v. Rostam* (C.D. Cal. Nov. 2, 2016) No. CV1603195RGKJPRX, 2016 WL 9138055 ...... 3

*DocMagic, Inc. v. Ellie Mae, Inc.* (N.D. Cal. 2010) 745 F.Supp.2d 1119 ..................................... 4

*Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983 .................................. 6, 15

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC* (9th Cir. 2017) 870 F.3d 978 ......... 5, 14

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.* (C.D.Cal. Nov. 19, 2015) No. CV 14-
    02496-BRO (EX), 2015 WL 12655484 ................................................................................. 3, 16

*Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524 ............................................................. 10

*Goel v. Coal. Am. Holding Co. Inc* (C.D. Cal. July 5, 2011) No. CV 11-2349 GAF (EX), 2011
    WL 13128300 ........................................................................................................................ 7, 15

*Griffin v. Cedar Fair, L.P.* (N.D. Cal. 2011) 817 F.Supp.2d 1152 ............................................. 11

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.* (9th Cir.2005) 397 F.3d 1217 .................. 11

*Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586 ....................................... 6, 10, 14

*Jilka v. Drivetime Auto. Grp., Inc.* (9th Cir. 2007) 234 F.App'x 524 ......................................... 11

*Kernal Recs. Oy v. Mosley* (S.D.Fla.2011) 794 F.Supp.2d 1355 ........................................... 3, 16

*Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987 .................... 6, 15

*Master Sound Int'l, Inc. v. Polygram Latino U.S.* (S.D.N.Y. Aug. 6, 1999) No. 98 CIV. 8468
    (DLC), 1999 WL 595661 ............................................................................................................. 2

*Media.net Advert. FZ-LLC v. NetSeer, Inc.* (N.D. Cal. 2016) 156 F.Supp.3d 1052 ................. 5, 13

*Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL
    6133667 ................................................................................................................................. 7, 15

*One Indus., LLC v. Jim O'Neal Distrib., Inc.* (9th Cir. 2009) 578 F.3d 1154 ............................. 12

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

CASES (CONT'D)

*Polar Bear Prods., Inc.* (9th Cir. 2004) 384 F.3d 700 .................................................................. 15

*Sagan v. Apple Computer, Inc.* (C.D.Cal.1994) 874 F.Supp. 1072 ....................................... 11, 17

*State of Cal. ex rel. State Lands Comm'n v. United States* (N.D. Cal. 1981) 512 F.Supp. 36 ...... 10

*United States v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984 ............................................ 2

*Van Dyke Ford, Inc. v. Ford* (E.D.Wis.1975) 399 F.Supp. 277 .................................................. 11

*Van Hoomissen v. Xerox Corp.* (N.D. Cal. 1973) 368 F.Supp. 829 ........................................ 7, 15


STATUTES

17 U.S.C. § 411 ...................................................................................................................... 3, 14

17 U.S.C. § 501 ........................................................................................................................ 14


RULES

Fed. R. Civ. P., Rule 12(e) ...................................................................................................... 11

Fed. R. Civ. P., Rule 12(f) ....................................................................................................... 10

Fed. R. Evid., Rule 201 ............................................................................................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    ISSUES TO BE DECIDED.**

1.    Whether the allegations of Plaintiff's alleged ownership, control and registration of the federally-registered copyrighted works defined in the Complaint as "Yellowcake's Copyrighted Works" are false and, therefore, irrelevant and immaterial to this action.

2.    Whether the allegations of Plaintiff's alleged ownership, control and registration of the federally-registered copyrighted works defined in the Complaint as "Yellowcake's Copyrighted Works" should be stricken from the Complaint.

3.    Whether punitive or exemplary damages are legally unavailable as to the First and Third Causes of Action alleged in the Complaint.

4.    Whether the prayers for relief seeking punitive or exemplary damages as to the First and Third Causes of Action should be stricken from the Complaint.

5.    Whether Plaintiff's Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response.

6.    Whether Plaintiff should be given leave to amend its Complaint to make it sufficiently definite so that Defendants can reasonably prepare a response.

**II.    RELEVANT FACTS.**

This is an action for copyright infringement.

Plaintiff Yellowcake, Inc. ("Plaintiff" or "Yellowcake") is a California corporation. Complaint ¶ 12. Plaintiff alleges that Defendant Dashgo, Inc. ("Dashgo") directly, willfully and intentionally infringed on Yellowcake's rights in one hundred sixty-five (165) copyrighted sound recordings registered with the United States Copyright Office, defined in the Complaint as "Yellowcake's Copyrighted Works". Complaint ¶ 1. The works that purportedly comprise the

defined term "Yellowcake's Copyrighted Works" are set forth, by registration number, in Exhibit A to the Complaint. *See* Complaint ¶ 1, Ex. A.[1]

Yellowcake's Complaint also alleges Dashgo's "direct exploitation" of 1,075 foreign copyrighted works allegedly owned by Yellowcake, set forth (without registration number or certificate) in Exhibit B to the Complaint and defined as "Foreign Works". *See* Complaint ¶ 2, Ex. B. As set forth in Exhibit B to the Complaint, each of the Foreign Works is allegedly copyrighted in "MX" (presumably, "Mexico"[2]). No more specific information regarding the

———————————————

[1] The registration records for the registration numbers set forth in Exhibit A, but which are not attached to the Complaint, constitute evidence on which the Complaint necessarily relies. The Court may consider such evidence where, as here: (1) the Complaint refers to the documents; (2) the documents are central to Plaintiff's claim; and (3) the documents are authentic. *United States v. Corinthian Colleges* (9th Cir. 2011) 655 F.3d 984, 999 (discussing judicially noticeable documents in context of Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss). In addition, Rule 201 of the Federal Rules of Evidence allows the Court to take judicial notice of "matters of public record". Fed.R.Evid. 201(b)(2). Defendants submit herewith a Request for Judicial Notice ("RJN") of the registration record for each of "Yellowcake's Copyrighted Works". The list set forth in Exhibit A to Plaintiff's Complaint (defining "Yellowcake's Copyrighted Works") is not arranged sequentially by registration number, and repeats the same registration numbers in different places. Defendants' RJN tracks Plaintiff's list, that is, the RJN lists each of the registration numbers in the same sequence in which they appear in Exhibit A to the Complaint, and attaches the U.S. Copyright Office's registration record for each work. Given the number of works at issue, and the redundancies in Exhibit A to the Complaint, the RJN is lengthy and cumbersome. For the convenience of the Court, attached hereto as Tab 1 is a summary spreadsheet of the copyright claimants, by U.S. Copyright Office Registration Number, for each of the works set forth in Exhibits A, C and D to the Complaint. As shown by the summary spreadsheet, as to Exhibits A and C to the Complaint – which Exhibits are identical to one another – there are 145 unique Registration Numbers at issue. As to Exhibit D, there are 21 unique Registration Numbers at issue. Of the 166 unique Registration Numbers alleged, Yellowcake is the copyright claimant on only <u>one</u>. *See* RJN, Ex. 155.

[2] It is conjecture on Defendants' part that "MX" is meant to refer to "Mexico". Presuming that conjecture is correct, though, neither Mexican copyright registration numbers nor certificates are set forth or otherwise alleged anywhere in the Complaint, and the Complaint fails to allege that the sound recordings listed in Exhibit B are, in fact, protected under Mexican law. *Cf. Master Sound Int'l, Inc. v. Polygram Latino U.S.* (S.D.N.Y. Aug. 6, 1999) No. 98 CIV. 8468 (DLC), 1999 WL 595661, at *2; *see generally O'Reilly v. Valley Ent., Inc.* (N.D. Cal. Jan. 4, 2011) No. C-09-03580-CW (DMR), 2011 WL 13258234, at *6-8, *report and recommendation adopted*, No. C 09-3580 CW, 2011 WL 13260734 (N.D. Cal. Feb. 16, 2011) (describing ownership [*cont'd*]

Foreign Works is alleged, and the Complaint does not allege that any of the Foreign Works were registered with the United States Copyright Office. Defendants are left to guess or speculate the legal basis (if any) for Plaintiff's claims as they relate to the "Foreign Works".

### A.    "Yellowcake's Copyrighted Works"

As to Yellowcake's Copyrighted Works, Plaintiff's Complaint specifically alleges that Yellowcake "has registered Yellowcake's Copyrighted Works with the United States Copyright Office and was issued a Certificate of Registration for each sound recording identified as 'Yellowcake's Copyrighted Works'[.]" Complaint ¶ 19. Despite this specific allegation, Yellowcake alleges that Yellowcake or its unnamed "predecessor-in-interest" has always either "owned, maintained and/or controlled" the "exclusive true and valid copyrights" [3] in Yellowcake's Copyrighted Works and the Foreign Works. Complaint ¶ 18.

As a threshold matter, from the face of the Complaint, it is impossible to discern Yellowcake's interest – if any – in "Yellowcake's Copyrighted Works". The vagueness and

---

and protection of foreign works under U.S. Copyright Act). The Complaint also fails to allege that Mexico is a party to the Berne Convention. *Cf. Danaei v. Rostam* (C.D. Cal. Nov. 2, 2016) No. CV1603195RGKJPRX, 2016 WL 9138055, at *4 (copyrighted material originating in Iran, which is not a Berne Convention signatory, obligated plaintiff to affirmatively plead registration). Moreover, because Plaintiff is a California corporation, it is ineligible to take advantage of the foreign works exception to § 411(a)'s pre-suit registration requirement. *Elohim EPF USA, Inc. v. Total Music Connection, Inc.* (C.D.Cal. Nov. 19, 2015) No. CV 14-02496-BRO (EX), 2015 WL 12655484, at *4; *Kernal Recs. Oy v. Mosley* (S.D.Fla.2011) 794 F.Supp.2d 1355, 1359, *aff'd sub nom. Kernel Recs. Oy v. Mosley* (11th Cir. 2012) 694 F.3d 1294; *cf.* Complaint ¶ 2; 17 U.S.C. § 411 (defining "United States work"). It is thus impossible for Defendants to know whether, as a threshold matter, this action is even properly brought by Yellowcake as to the "Foreign Works".

[3] The allegation that Yellowcake or its predecessor-in-interest "owned, maintained and/or controlled" these "exclusive true and valid copyrights" is <u>not</u> the same as an allegation that Yellowcake "owned, and/or exclusively maintained and/or controlled" the said "true and valid copyrights". Notably, Yellowcake has alleged the former, not the latter. As set forth below, to sufficiently allege standing to bring a copyright infringement claim, it is necessary to [*cont'd*]

ambiguity of the allegations is, in all likelihood, intentional. As fully set forth in the Request for Judicial Notice filed herewith, and the exhibits thereto, ***Yellowcake is not the copyright claimant*** on ***any*** of the "one hundred sixty-five (165) copyrighted sound recordings registered with the United States Copyright Office", misleadingly defined as "Yellowcake's Copyrighted Works". Yellowcake's allegation that it "has registered Yellowcake's Copyrighted Works with the United States Copyright Office and was issued a Certificate of Registration for each sound recording", *see* Complaint ¶ 19, is blatantly and demonstrably **false**. *Cf. Cisco Sys., Inc. v. Beccela's Etc., LLC* (N.D. Cal. 2019) 403 F.Supp.3d 813, 822; *DocMagic, Inc. v. Ellie Mae, Inc.* (N.D. Cal. 2010) 745 F.Supp.2d 1119, 1133 (court will not accept as true allegations contradicted by facts properly subject to judicial notice or by other allegations or exhibits attached to or incorporated in the pleading). As such, allegations regarding Yellowcake's purported registration and/or ownership of "Yellowcake's Copyrighted Works" are irrelevant and immaterial[4], and should be stricken.

According to the records of the United States Copyright Office, the copyright in all but two of "Yellowcake's Copyrighted Works" are actually claimed by either: (1) Platino Records, Inc. ("Platino"); or (2) Fonovisa, Inc. ("Fonovisa"), a division of UMG Recordings, Inc.[5]  To the extent that Yellowcake would purport to claim exclusive rights in and to "Yellowcake's Copyrighted Works" (whether directly or through its unnamed "predecessor-in-interest"),

---

allege ownership, or an exclusive assignment or exclusive license, of copyright. The law does not care whether the copyrights themselves are "true and exclusive".

[4] The allegation of Yellowcake's purported registration of "Yellowcake's Copyrighted Works", being demonstrably false, has no evidentiary support and therefore constitutes a violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure.

[5] Of "Yellowcake's Copyrighted Works" listed in Exhibit A to the Complaint, the only other copyright claimants are: (1) Mayo Records [as to Registration No. SR0000321580]; and (2) Disa Latin Music, A Div. of UMG Recordings, Inc. [as to Registration No. SR0000637425].

*Yellowcake's Complaint utterly fails to allege <u>any</u> chain of title that would tend to establish any such exclusive rights*. In other words, it is impossible to discern, from the face of the Complaint, what rights – if any – Yellowcake actually has in "Yellowcake's Copyrighted Works." Instead, Yellowcake relies on a barebones allegation that either Yellowcake, or its unidentified "predecessor-in-interest", has allegedly "always" either "owned, maintained and/or controlled" the copyrights in "Yellowcake's Copyrighted Works". Defendants thus have no idea whether, how or to what extent Yellowcake has *any* actual rights in or to the subject works.

From the public record, notwithstanding its allegations to the contrary, Yellowcake has <u>no</u> ownership rights, and there is no authority for the proposition that mere "maintenance" or "control" of copyrights gives a party standing to pursue claims of infringement. *See Media.net Advert. FZ-LLC v. NetSeer, Inc.* (N.D. Cal. 2016) 156 F.Supp.3d 1052, 1067 (on Rule 12(b)(6) motion to dismiss, plaintiff "must first show that it owns a valid copyright"; requirement satisfied when complaint alleges plaintiff's ownership of ***exclusive*** rights, plaintiff's status as ***exclusive*** assignee, <u>and</u> plaintiff's registration of copyrighted works listing plaintiff as the claimant); *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC* (9th Cir. 2017) 870 F.3d 978, 982-983 (citing 17 U.S.C. § 501(b), granting only "[t]he legal or beneficial owner of an ***exclusive*** right under a copyright" to institute an action for infringement, subject to the registration requirements of 17 U.S.C. § 411). Yellowcake's Complaint utterly fails to allege either: (1) an exclusive assignment from the copyright claimants transferring to Yellowcake legal title in "Yellowcake's Copyrighted Works"; or (2) an exclusive license from the copyright claimants granting to Yellowcake an exclusive permission to use "Yellowcake's Copyrighted Works". *Cf. DRK Photo v. McGraw-Hill Glob. Holdings, LLC*, *supra*, 870 F.3d at 983.

Yellowcake cannot allege ownership of any of "Yellowcake's Copyrighted Works", each of which is claimed by third parties. Yellowcake has not alleged either an exclusive assignment of, or an exclusive license to, "Yellowcake's Copyrighted Works". Accordingly, from the face of the Complaint, it would appear that (but for the utterly vague allegations regarding Yellowcake's alleged unnamed "predecessor-in-interest") Yellowcake has *no right* to pursue this action as to those works defined as "Yellowcake's Copyrighted Works".[6]

**B.      Unavailable Damages Allegations**

Yellowcake's Complaint prays for relief that is unavailable as a matter of law; accordingly, such allegations should also be stricken. *See Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law.") (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34). Specifically, the prayers for relief under the First Cause of Action, for statutory Copyright Infringement Under 17 U.S.C. § 101 *et seq.*, and the Third Cause of Action, for an Accounting, both seek punitive/exemplary damages, although such damages are not legally available under either cause of action.

Punitive damages are simply not available under the Copyright Act. *See Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983, 992 (noting that statutory damages provision in Copyright Act "further[s] 'compensatory and punitive purposes'") (quoting *Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987, 996); *Polar Bear Prods., Inc. v. Timex Corp.* (9th Cir. 2004) 384 F.3d 700, 704-705 (indicating that, although claim under Copyright Act remained in case, "[b]y dismissing Polar Bear's two state law tort

---

[6] At this early juncture, it is not possible to demonstrate Yellowcake's ownership, or lack of ownership, of the "Foreign Works" and, thus, Defendants cannot attack Yellowcake's right (if any) to pursue the claims alleged in this action as to those "Foreign Works". *See* fn. 2, *supra*.

claims, the district court effectively precluded Polar Bear from seeking punitive damages"); *see also Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL 6133667, at *8.

Likewise, Plaintiff cannot recover punitive damages under its accounting cause of action. Punitive damages are unavailable in actions "in equity." *Van Hoomissen v. Xerox Corp.* (N.D. Cal. 1973) 368 F.Supp. 829, 836, fn.5. Accounting is an equitable cause of action. *Goel v. Coal. Am. Holding Co. Inc* (C.D. Cal. July 5, 2011) No. CV 11-2349 GAF (EX), 2011 WL 13128300, at *9 (quoting *Civic W. Corp. v. Zila Indus., Inc.* (1977) 135 Cal.Rptr. 915, 923).

As such, the Complaint's prayers for relief seeking punitive damages for the First and Third Causes of Action should be stricken.

### C.    Additional Vague and Ambiguous Allegations

Plaintiffs Complaint admits that Dashgo had contractual rights to exploit both Yellowcake's Copyrighted Works and the Foreign Works. Complaint ¶ 21. The Complaint, however, goes on to allege that the said contracts were "validly terminated under the terms of the respective agreements." Complaint ¶¶ 22, 25. Neither of the two alleged contracts is attached to the Complaint, and <u>no</u> information is alleged as to when, where, how or by whom the contracts were terminated. Of course, if the alleged termination of either or both of the contracts was invalid, or ineffective for other reason, such facts would constitute the basis for an affirmative defense to Plaintiff's claims. Since the contracts are not attached (again, in all likelihood, an intentional omission), Defendants are prevented from raising such defense.

While Yellowcake alleges that <u>Yellowcake</u> never entered into "another [*sic*] agreement" with Dashgo to exploit Yellowcake's Copyrighted Works or Foreign Works, Complaint ¶ 24, the

Complaint leaves open the possibility that Dashgo obtained rights from the true copyright claimants.

Nor does Yellowcake's Complaint allege *when* Dashgo's alleged "unauthorized exploitations" of Yellowcake's Copyrighted Works and the Foreign Works occurred, *see* Complaint ¶¶ 26-29, thereby preventing Defendants from raising a statute of limitations or laches defense at the early pleading stage. Similarly, while the Complaint repeatedly alleges that Defendants were put on notice of the alleged infringement of Plaintiff's purported rights, *see* Complaint ¶¶ 5, 31, 36, 81, Yellowcake fails to allege when such purported notice was given. Indeed, nowhere does the Complaint allege a *single date* of *any* of the events and occurrences alleged.

Nor does the Complaint allege the number of instances of alleged "unauthorized exploitations", thereby preventing Defendants from knowing the extent of their potential exposure for statutory damages in this action. By way of egregious example, Paragraph 37 of the Complaint alleges "at least one hundred and sixty-five unauthorized uses of Yellowcake's Copyrighted Works", but cites to three separate Exhibits for the proposition – *none* of which list 165 allegedly copyrighted works. The allegations of the Complaint are utterly vague and ambiguous and impart little to no information regarding the nature or extent of Plaintiff's purported claims, making it impossible, as a practical matter, for Defendants to prepare a response.

### D. Yellowcake Fails to Allege Ownership of Copyrights Allegedly Infringed

Perhaps the most glaring defect of Plaintiff's Complaint is that it *does not even allege* Yellowcake's ownership of, or rights in or to, twenty-one (21) works allegedly infringed on by Dashgo.

As set forth above, Exhibits A and B to the Complaint are used, respectively, to define the terms "Yellowcake's Copyrighted Works" and "Foreign Works". Complaint ¶¶ 1, 2. The "Foreign Works" listed in Exhibit B are each identified by, *inter alia*, their alleged "SR" (presumably, "sound recording registration number"), which are alleged as "MX". *See* Complaint ¶ 2, Ex. B. "Yellowcake's Copyrighted Works" is a list of one hundred forty-five (145) unique U.S. Copyright Office Registration Numbers. *See* Complaint ¶ 1, Ex. A.

Exhibit C to the Complaint is allegedly a list of Yellowcake's Copyrighted Works allegedly unlawfully distributed by Dashgo on YouTube.[7] Complaint ¶ 28.

Exhibit D to the Complaint is allegedly a list of Yellowcake's Copyrighted Works and Foreign Works allegedly unlawfully distributed by Dashgo on Amazon Music. Complaint ¶ 29.

Exhibit D includes sound recording ("SR") Registration Numbers for a number of works. Of the twenty-four (24) works listed in Exhibit D and identified by Registration Numbers, only <u>three</u> appear on Exhibit A (which purports to define "Yellowcake's Copyrighted Works")[8] and <u>none</u> appear on Exhibit B (which purports to define "Foreign Works"). This necessarily means that twenty-one of the works listed in Exhibit D and identified by Registration Numbers ***do not appear*** in either Exhibit A or Exhibit B. Works that do not appear in Exhibit A or Exhibit B do not fall within the defined terms "Yellowcake's Copyrighted Works" or "Foreign Works", and there is consequently no allegation anywhere in the Complaint that Yellowcake has *any* rights in

---

[7] As noted above, *see* fn. 1, *supra*, Exhibits A and C to the Complaint are identical. In other words, Yellowcake implausibly alleges that Defendants infringed on *every single one* of "Yellowcake's Copyrighted Works".

[8] The only three Registration Numbers that appear in both Exhibit A and Exhibit D to the Complaint are: (1) Registration Number SR0000315434; (2) Registration Number SR0000313363; and (3) Registration Number SR0000341331.

or to any of these twenty-one works.[9] Yellowcake cannot make a claim for copyright infringement for works that Yellowcake has not even properly alleged any right, title or interest in or to.

Plaintiff's Complaint is so vague or ambiguous that Defendants cannot reasonably be expected to prepare a cogent response. Accordingly, Plaintiff should be ordered to amend the Complaint to more definitely state its allegations. This Motion should be granted.

### III.    ARGUMENT.

#### A.    APPLICABLE LEGAL STANDARDS.

##### 1.    Legal Standard on Motion to Strike.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law. *Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34).

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Cisco Sys., Inc. v. Beccela's Etc.*, *supra*, 403 F.Supp.3d at 823. Where a motion to strike may have the effect of making the trial of the action less complicated, or have the effect of

---

[9] As a legal matter, Yellowcake does appear to have rights in and to a single work appearing in Exhibit D to the Complaint, namely, the work identified as Registration Number SR0000882089, for which Yellowcake is the copyright claimant. *See* RJN, Ex. 155. However, that work is not one of the works comprising "Yellowcake's Copyrighted Works" or the "Foreign Works."

otherwise streamlining the ultimate resolution of the action, the motion to strike is well-taken. *State of Cal. ex rel. State Lands Comm'n v. United States* (N.D. Cal. 1981) 512 F.Supp. 36, 38.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527 (citation omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* Superfluous historical allegations are also properly the subject of a motion to strike. *Ibid.* An order granting a motion to strike is reviewed for abuse of discretion. *Jilka v. Drivetime Auto. Grp., Inc.* (9th Cir. 2007) 234 F.App'x 524 (citing *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.* (9th Cir.2005) 397 F.3d 1217, 1224 fn. 4).

## 2.    Legal Standard on Motion for a More Definite Statement.

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Motions for a more definite statement are proper where the allegations of a complaint are so general that ambiguity arises in determining: (a) the nature of the claim being asserted; or (b) the parties against whom the claim is being made. *Sagan v. Apple Computer, Inc.* (C.D.Cal.1994) 874 F.Supp. 1072, 1077 (citing *Van Dyke Ford, Inc. v. Ford* (E.D.Wis.1975) 399 F.Supp. 277, 284). The decision to grant a Rule 12(e) motion is within the discretion of the trial court.[10] *Griffin v. Cedar Fair, L.P.* (N.D. Cal. 2011) 817 F.Supp.2d 1152, 1154 (quoting *Babb v. Bridgestone/Firestone* (M.D.Tenn.1993) 861 F.Supp. 50, 52).

---

[10] The Ninth Circuit Court of Appeals has never decided what standard of review to apply to an order on a motion for a more definite statement, but has noted that the Fifth Circuit [*cont'd*]

**B.    THE COURT SHOULD STRIKE: (1) ALLEGATIONS REGARDING YELLOWCAKE'S PURPORTED OWNERSHIP AND REGISTRATION OF "YELLOWCAKE'S COPYRIGHTED WORKS"; (2) ALLEGATIONS REGARDING YELLOWCAKE'S PURPORTED MAINTENANCE OR CONTROL OF "YELLOWCAKE'S COPYRIGHTED WORKS"; AND (3) PRAYERS FOR PUNITIVE DAMAGES.**

Plaintiff's Complaint makes a number of immaterial and impertinent allegations, to wit:

- Paragraph 18 of the Complaint alleges: "Yellowcake or its predecessor-in-interest has always *owned, maintained and/or controlled* the exclusive true and valid copyrights in Yellowcake's Copyrighted Works and the Foreign Works."

- Paragraph 19 of the Complaint alleges: "Yellowcake has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. § 101 et seq. *Yellowcake has registered* Yellowcake's Copyrighted Works with the United States Copyright Office *and was issued a Certificate of Registration* for each sound recording identified as 'Yellowcake's Copyrighted Works' in Paragraph 1".

- Paragraph 41 of the Complaint alleges: "Each of the sound recordings and albums comprising the Yellowcake Copyrighted Works *was registered* with the United States Copyright Office either *by Yellowcake or by its predecessor-in-interest*."

- Paragraph 43 of the Complaint alleges: "At all times relevant, *Yellowcake, or its predecessor-in-interest, has owned* Yellowcake's Copyrighted Works and Foreign Works and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106."

Contrary to the allegations of Paragraph 19 of the Complaint, it is indisputable that Yellowcake *did not register* any of "Yellowcake's Copyrighted Works". *See* RJN, Exs. 2-146. The judicially-noticeable evidence directly contradicts Yellowcake's allegations and therefore there is good cause to strike those allegations.

Further, the Court may take judicial notice of the fact that Yellowcake is the claimant on only <u>one</u> of the 166 copyright registration numbers set forth in Exhibits A, C and D to the Complaint. That single registration [Registration Number SR0000882089] appears <u>only</u> in Exhibit D to the Complaint and is *not included* either in the defined term "Yellowcake's

reviews such orders for an abuse of discretion. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.* (9th Cir. 2009) 578 F.3d 1154, 1160, fn. 2.

Copyrighted Works" or in the defined term "Foreign Works". *See* RJN, Ex. 155. Thus, Registration Number SR0000882089 cannot possibly be the subject to Yellowcake's copyright infringement and related claims, since all such claims are based on allegations of infringement of "Yellowcake's Copyrighted Works" and/or "Foreign Works".

At the same time, *nowhere* does the Complaint allege the identity of the alleged "predecessor(s)-in-interest" who allegedly own or have ever owned "Yellowcake's Copyrighted Works" and/or "Foreign Works". The closest the Complaint comes to any such allegation is in Paragraph 21, which alleges that Dashgo had a contract with "Yellowcake's predecessor-in-interest", Mar International Records. Complaint ¶ 19. But, as shown by the RJN filed herewith, and the summary spreadsheet attached as Tab 1 hereto, Mar International Records is the copyright claimant on registrations that appear *only* in Exhibit D – in other words, registrations that *do not appear* on either Exhibit A ("Yellowcake's Copyrighted Works") or Exhibit B ("Foreign Works"). Again, Plaintiff cannot base infringement and related claims on works in which Yellowcake has no rights.

The only possibly-colorable basis for Yellowcake's claims in this action is Yellowcake's very general allegation that either "Yellowcake or its [unnamed] predecessor-in-interest" "has always *owned, maintained and/or controlled* the exclusive true and valid copyrights in Yellowcake's Copyrighted Works and the Foreign Works." Again, it is clear that Yellowcake does not own any such copyrights in any of "Yellowcake's Copyrighted Works", and the Complaint does not allege that Fonovisa, Platino, Mayo Records and/or Disa Latin Music (the actual copyright claimants) is Yellowcake's "predecessor-in-interest" with respect to any of

"Yellowcake's Copyrighted Works".[11] Thus, Yellowcake's pursuit of its claims herein necessarily rests on its alleged "maintenance" or "control" of the copyrights in "Yellowcake's Copyrighted Works".

However, *there is no authority* for the proposition that a mere allegation of "maintenance" or "control" of copyrights gives a party standing to pursue claims of infringement. *See Media.net Advert. FZ-LLC v. NetSeer, Inc.* (N.D. Cal. 2016) 156 F.Supp.3d 1052, 1067 (on Rule 12(b)(6) motion to dismiss, plaintiff "must first show that it ***owns*** a valid copyright" [emphasis added]; requirement satisfied when complaint alleges plaintiff's ***ownership*** of exclusive rights, plaintiff's status as ***exclusive assignee***, and plaintiff's registration of copyrighted works listing plaintiff as the ***claimant***); *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC* (9th Cir. 2017) 870 F.3d 978, 982-983 (citing 17 U.S.C. § 501(b), granting only "[t]he legal or beneficial owner of an ***exclusive right*** under a copyright" to institute an action for infringement, subject to the registration requirements of 17 U.S.C. § 411 [emphasis added]). Yellowcake's Complaint utterly fails to allege either: (1) an exclusive assignment from the copyright claimants transferring to Yellowcake legal title in "Yellowcake's Copyrighted Works"; or (2) an exclusive license from the copyright claimants granting to Yellowcake an exclusive permission to use "Yellowcake's Copyrighted Works". *Cf. DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, *supra*, 870 F.3d at 983. The Complaint therefore states absolutely no basis for Yellowcake's pursuit of its claims in this action.

The Complaint's allegations of registration, ownership, maintenance and/or control of "Yellowcake's Copyrighted Works" and/or the "Foreign Works" are either demonstrably false

---

[11] Defendants are informed and believe that Yellowcake could not possible make such an allegation, since it would be false and, therefore, a violation of Rule 11(b)(3) of the Federal Rules of Civil Procedure.

(based on Copyright Office records), do not allege a basis for Yellowcake's purported exclusive rights (based on the lack of chain-of-title/successor-in-interest allegations) and/or simply irrelevant to Plaintiff's claims ("maintenance" or "control" of copyrights). Accordingly, the Court should strike Paragraph 18, 19, 41 and 43 of the Complaint.

Plaintiff's prayers for punitive damages, alleged in the First and Third Causes of Action, for statutory copyright infringement (Complaint at 14:11-12) and for an accounting (Complaint at 15:18-19), respectively, are unavailable as a matter of law and should be stricken as well. *See Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34).

Punitive damages are simply not available under the Copyright Act. *See Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983, 992 (noting that statutory damages provision in Copyright Act "further[s] 'compensatory and punitive purposes'") (quoting *Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987, 996); *Polar Bear Prods., Inc.* (9th Cir. 2004) 384 F.3d 700, 704-705 (indicating that, although claim under Copyright Act remained in case, "[b]y dismissing Polar Bear's two state law tort claims, the district court effectively precluded Polar Bear from seeking punitive damages"); *see also Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL 6133667, at *8.

Likewise, Plaintiff cannot recover punitive damages under its accounting cause of action. Punitive damages are unavailable in actions "in equity." *Van Hoomissen v. Xerox Corp.* (N.D. Cal. 1973) 368 F.Supp. 829, 836, fn.5. Accounting is an equitable cause of action. *Goel v. Coal. Am. Holding Co. Inc* (C.D. Cal. July 5, 2011) No. CV 11-2349 GAF (EX), 2011 WL 13128300, at *9 (quoting *Civic W. Corp. v. Zila Indus., Inc.* (1977) 135 Cal.Rptr. 915, 923).

The Court should therefore strike the prayers for punitive damages alleged on the First and Third Causes of Action. This Motion should be granted.

### C. THE COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY PREPARE A RESPONSE.

As more fully set forth above, *see* Section II., *supra*, Yellowcake's Complaint is so vague and ambiguous – in so many respects – that Defendant cannot reasonably prepare a response.

First, and most glaringly, Plaintiff's Complaint fails to allege that Yellowcake has any rights whatsoever in or to 21 of the works which Defendants allegedly infringed. Those 21 works, identified by Registration Number, appear in Exhibit D to the Complaint (which allegedly sets for the works allegedly "unlawfully distributed" by Dashgo on Amazon Music), but do not appear either in Exhibit A (defining "Yellowcake's Copyrighted Works") or in Exhibit B (defining the "Foreign Works"). It is patently obvious that Yellowcake cannot claim infringement of copyrights in works to which it has alleged no right, title or interest.

Second, Plaintiff has failed to allege any legal basis for its rights in or to *any* of the 145 works that make up the definition of "Yellowcake's Copyrighted Works" (Exhibit A). As is clear, Yellowcake does not claim or own the copyrights in any of those works. *See* RJN, Exs. 2-145. The Complaint fails to allege any exclusive assignment or exclusive license (the only other bases for the creation of legal rights) to those works either.

Third, the "Foreign Works" (Exhibit B) are alleged to have been published "outside the United States and, therefore, are not considered to be United States works and are not required to be first registered with the U.S. Copyright Office pursuant to 17 U.S.C. § 411(a)[.]" The allegation is doubly problematic: (1) The face of the Complaint fails to indicate where in the world such "Foreign Works" were published. *See* fn. 2, *supra*. Exhibit B indicates only "MX" under the "SR" column. *See* Complaint ¶ 2, Ex. B. (2) Plaintiff, a California corporation,

Complaint ¶ 12, is not an author from, or national of, a foreign country such that Yellowcake would be eligible to take advantage of the foreign works exception to § 411(a)'s pre-suit registration requirement. *Elohim EPF USA, Inc. v. Total Music Connection, Inc.* (C.D.Cal. Nov. 19, 2015) No. CV 14-02496-BRO (EX), 2015 WL 12655484, at *4; *Kernal Recs. Oy v. Mosley* (S.D.Fla.2011) 794 F.Supp.2d 1355, 1359, *aff'd sub nom. Kernel Recs. Oy v. Mosley* (11th Cir. 2012) 694 F.3d 1294.

Fourth, the Complaint fails to allege any dates whatsoever with regard to any of the operative facts. Thus, Defendants are entirely unapprised of, *e.g.*, when the contracts alleged were either entered into or terminated, when Plaintiff (or Plaintiff's agents) allegedly put Defendants on notice of the alleged infringing conduct, when Defendants' allegedly infringing conduct commenced, etc. *Cf.* Complaint ¶¶ 21, 22, 25-29, 31, 36.

Fifth, and by similar token, the Complaint is bereft of allegations regarding exactly which of "Yellowcake's Copyrighted Works" or the "Foreign Works" were allegedly infringed[12], when each such work was allegedly infringed, and even who actually engaged in the allegedly wrongful conduct. *Compare* Complaint ¶¶ 26-29, 45, Exs. C, D (alleging "unauthorized" or "unlawful" infringing conduct by Dashgo) *with* Complaint ¶ 81 (alleging "unauthorized and unlicensed use of Yellowcake's Copyrighted Works and Foreign Works by Defendants, their affiliates, subsidiaries, and/or parent company"); *cf. Sagan v. Apple Computer, Inc.*, *supra*, 874

---

[12] As noted above, Paragraph 38 of the Complaint alleges that "Defendants have engaged in at least one hundred and sixty-five unauthorized uses of Yellowcake's Copyrighted Works", citing to Exhibit B, C and D to the Complaint. Exhibit B defines the "Foreign Works". Exhibit C is a list of "Yellowcake's Copyrighted Works" allegedly "unlawfully distributed by Dashgo on YouTube". Exhibit D is a list of "Yellowcake's Copyrighted Works" allegedly "unlawfully distributed by Dashgo on Amazon Music". Thus, the allegation of Paragraph 38 is an intentionally vague and ambiguous "catch-all" general allegation that imparts no information as to which works were allegedly used without authorization.

F.Supp. at 1077 (motion for a more definite statement is proper where the allegations of a complaint are so general that ambiguity arises in determining the parties against whom the claim is being made).

Plaintiff's Complaint, as a whole, is so vague and ambiguous that it is not possible for Defendants to reasonably prepare a response. This Motion should be granted, and Plaintiff ordered to amend its Complaint to make it sufficiently definite so that Defendants can reasonably prepare a response.

## IV.    CONCLUSION.

For all of the reasons set forth herein, the Court should grant this Motion, strike Paragraphs 18, 19, 41 and 43 of the Complaint and the prayers for punitive damages in the First and Third Causes of Action, and order Plaintiff to amend its Complaint, to more definitely state its alleged claims, within ten (10) days of entry of an order hereon. This Motion should be granted.

Respectfully submitted,

Dated: June 30, 2021                    DICKENSON PEATMAN & FOGARTY P.C.


By:    /s/ Richard J. Idell
         Richard J. Idell (SBN 069033)
         Ory Sandel (SBN 233204)
         *Attorneys for Defendants Dashgo, Inc. and*
         *Audiomicro, Inc. d.b.a. Adrev*

# Tab 1

## EXHIBITS A and C

| SR | Copyright Owner | RJN Exhibit # |
| --- | --- | --- |
| SR0000638659 | Platino Records c/o UMG Recordings, Inc | 2 |
| SR0000136458 | Fonovisa, Inc. | 3 |
| SR0000218640 | Fonovisa, Inc. | 4 |
| SR0000237033 | Fonovisa, Inc. | 5 |
| SR0000241273 | Fonovisa, Inc. | 6 |
| SR0000245586 | Fonovisa, Inc. | 7 |
| SR0000245590 | Fonovisa, Inc. | 8 |
| SR0000245604 | Fonovisa, Inc. | 9 |
| SR0000250232 | Fonovisa, Inc. | 10 |
| SR0000251323 | Fonovisa, Inc. | 11 |
| SR0000251324 | Fonovisa, Inc. | 12 |
| SR0000253351 | Fonovisa, Inc. | 13 |
| SR0000255989 | Fonovisa, Inc. | 14 |
| SR0000256000 | Fonovisa, Inc. | 15 |
| SR0000256012 | Fonovisa, Inc. | 16 |
| SR0000259023 | Fonovisa, Inc. | 17 |
| SR0000264530 | Fonovisa, Inc. | 18 |
| SR0000264542 | Fonovisa, Inc. | 19 |
| SR0000268866 | Fonovisa, Inc. | 20 |
| SR0000269508 | Fonovisa, Inc. | 21 |
| SR0000275187 | Fonovisa, Inc. | 22 |
| SR0000278461 | Fonovisa, Inc. | 23 |
| SR0000279917 | Fonovisa, Inc. | 24 |
| SR0000228139 | Fonovisa, Inc. | 25 |
| SR0000280002 | Fonovisa, Inc. | 26 |
| SR0000281940 | Fonovisa, Inc. | 27 |
| SR0000288875 | Fonovisa, Inc. | 28 |
| SR0000290526 | Fonavisa, Inc. | 29 |
| SR0000291891 | Fonovisa, Inc. | 30 |
| SR0000291895 | Fonovisa, Inc. | 31 |
| SR0000291899 | Fonovisa, Inc. | 32 |
| SR0000291911 | Fonovisa, Inc. | 33 |
| SR0000291915 | Fonovisa, Inc. | 34 |
| SR0000295686 | Fonovisa, Inc. | 35 |
| SR0000295734 | Fonovisa, Inc. | 36 |
| SR0000295739 | Fonovisa, Inc. | 37 |
| SR0000298378 | Fonovisa, Inc. | 38 |
| SR0000302491 | Fonovisa, Inc. | 39 |
| SR0000302497 | Fonovisa, Inc. | 40 |
| SR0000303509 | Fonovisa, Inc. | 41 |
| SR0000305345 | Fonovisa, Inc. | 42 |
| SR0000309068 | Platino Records, Inc. | 43 |
| SR0000309916 | Fonovisa, Inc. | 44 |
| SR0000310105 | Fonovisa, Inc. | 45 |

| SR | Copyright Owner | RJN Exhibit # |
|---|---|---|
| SR0000310107 | Fonovisa, Inc. | 46 |
| SR0000313343 | Fonovisa, Inc. | 47 |
| SR0000313356 | Fonovisa, Inc. | 48 |
| SR0000313363 | Fonovisa, Inc. | 49 |
| SR0000315434 | Fonovisa, Inc. | 50 |
| SR0000315449 | Fonovisa, Inc. | 51 |
| SR0000321580 | Mayo Records | 52 |
| SR0000332368 | Platino Records, Inc. | 53 |
| SR0000341331 | Platino Records, Inc. | 54 |
| SR0000343965 | Fonovisa Records, a division of Univision Music, LLC | 55 |
| SR0000344082 | Fonovisa Records, a division of Univision Music, LLC | 56 |
| SR0000346052 | Fonovisa Records, a division of Univision Music, LLC | 57 |
| SR0000346830 | Platino Records, Inc. | 58 |
| SR0000346832 | Platino Records, Inc. | 59 |
| SR0000346833 | Platino Records, Inc. | 60 |
| SR0000347578 | Platino Records, Inc. | 61 |
| SR0000347698 | Platino Records, Inc. | 62 |
| SR0000349976 | Platino Records, Inc. | 63 |
| SR0000353869 | Platino Records, Inc. | 64 |
| SR0000353870 | Platino Records, Inc. | 65 |
| SR0000355673 | Platino Records, Inc. | 66 |
| SR0000356526 | Platino Records, Inc. | 67 |
| SR0000356708 | Platino Records, Inc. | 68 |
| SR0000360303 | Platino Records, Inc. | 69 |
| SR0000360961 | Platino Records, Inc. | 70 |
| SR0000360963 | Fonovisa Records, a division of Univision Music, LLC | 71 |
| SR0000372448 | Platino Records, Inc. | 72 |
| SR0000372460 | Platino Records, Inc. | 73 |
| SR0000373644 | Fonovisa Records, a division of Univision Music, LLC | 74 |
| SR0000373749 | Platino Records, Inc. | 75 |
| SR0000373750 | Platino Records, Inc. | 76 |
| SR0000373751 | Platino Records, Inc. | 77 |
| SR0000374322 | Fonovisa Records, a division of Univision Music, LLC | 78 |
| SR0000378199 | Platino Records, Inc. | 79 |
| SR0000355688 | Platino Records, Inc. | 80 |
| SR0000378736 | Platino Records, Inc. | 81 |
| SR0000381230 | Platino Records, Inc. | 82 |
| SR0000382409 | Platino Records, Inc. | 83 |
| SR0000382675 | Platino Records, Inc. | 84 |
| SR0000383247 | Univision Music, LLC. Fonovisa Records | 85 |
| SR0000386917 | Platino Records, Inc. | 86 |
| SR0000270114 | Fonovisa, Inc. | 87 |
| SR0000389105 | Platino Records, Inc. | 88 |
| SR0000390277 | Platino Records, Inc. | 89 |
| SR0000390482 | Platino Records, Inc. | 90 |
| SR0000406487 | Platino Records, Inc. | 91 |

| SR | Copyright Owner | RJN Exhibit # |
|---|---|---|
| SR0000390483 | Platino Records, Inc. | 92 |
| SR0000390986 | Platino Records, Inc. | 93 |
| SR0000405592 | Platino Records, Inc. | 94 |
| SR0000405862 | Platino Records, Inc. | 95 |
| SR0000406491 | Platino Records, Inc. | 96 |
| SR0000406494 | Platino Records, Inc. | 97 |
| SR0000408259 | Platino Records, Inc. | 98 |
| SR0000355625 | Fonovisa Records, a division of Univision Music, LLC | 99 |
| SR0000408263 | Platino Records, Inc. | 100 |
| SR0000408265 | Platino Records, Inc. | 101 |
| SR0000408412 | Platino Records | 102 |
| SR0000410945 | Platino Records, Inc. | 103 |
| SR0000609448 | Platino Records, Inc. | 104 |
| SR0000612068 | Platino Records, Inc. | 105 |
| SR0000612069 | Platino Records, Inc. | 106 |
| SR0000619589 | Platino Records c/o UMG Recordings, Inc. | 107 |
| SR0000619950 | Platino Records, Inc. | 108 |
| SR0000619986 | Platino Records c/o UMG Recordings, Inc. | 109 |
| SR0000620031 | Platino Records c/o UMG Recordings, Inc. | 110 |
| SR0000373710 | Platino Records, Inc. | 111 |
| SR0000620035 | Platino Records c/o UMG Recordings, Inc. | 112 |
| SR0000620177 | Platino Records c/o UMG Recordings, Inc. | 113 |
| SR0000620187 | Platino Records c/o UMG Recordings, Inc. | 114 |
| SR0000393154 | Platino Records, Inc. | 115 |
| SR0000303502 | Fonovisa, Inc. | 116 |
| SR0000620216 | Platino Records c/o UMG Recordings, Inc. | 117 |
| SR0000622790 | Platino Records c/o Fonovisa / UMG Recordings, Inc. | 118 |
| SR0000623333 | Platino Records, Inc. | 119 |
| SR0000623341 | Platino Records, Inc. | 120 |
| SR0000623343 | Platino Records, Inc. | 121 |
| SR0000348875 | Platino Records, Inc. | 122 |
| SR0000625569 | Platino Records | 123 |
| SR0000625706 | Platino Records | 124 |
| SR0000626622 | Platino Records, Inc. | 125 |
| SR0000631665 | Platino Records c/o UMG Recordings, Inc. | 126 |
| SR0000631676 | Platino Records c/o UMG Recordings, Inc. | 127 |
| SR0000636379 | Platino Records | 128 |
| SR0000636387 | Platino Records | 129 |
| SR0000636452 | Platino Records c/o UMG Recordings, Inc. | 130 |
| SR0000636455 | Platino Records c/o UMG Recordings, Inc. | 131 |
| SR0000636543 | Platino Records | 132 |
| SR0000636549 | Platino Records | 133 |
| SR0000637425 | Disa Latin Music, A Div. of UMG Recordings, Inc. | 134 |
| SR0000405862 | Platino Records, Inc. | 135 |
| SR0000637685 | Platino Records, Inc. | 136 |
| SR0000637687 | Platino Records, Inc. | 137 |

| SR | Copyright Owner | RJN Exhibit # |
|---|---|---|
| SR0000637716 | Platino Records, Inc. | 138 |
| SR0000276275 | Fonovisa, Inc. | 139 |
| SR0000637728 | Platino Records, Inc. | 140 |
| SR0000638316 | Platino Records, Inc. | 141 |
| SR0000638648 | Platino Records c/o UMG Recordings, Inc. | 142 |
| SR0000638661 | Platino Records c/o UMG Recordings, Inc. | 143 |
| SR0000638665 | Platino Records c/o UMG Recordings, Inc. | 144 |
| SR0000646831 | Platino Records c/o UMG Recordings, Inc. | 145 |
| SR0000771296 | Fonovisa, A Div. of UMG Recordings, Inc. | 146 |

## EXHIBIT D

| SR | Copyright Owner | RJN Exhibit # |
|---|---|---|
| SR0000346032 | Platino Records, Inc. | 147 |
| SR0000297168 | Fonovisa, Inc. | 148 |
| SR0000251376 | Fonovisa, Inc. | 149 |
| SR0000636585 | Platino Records | 150 |
| SR0000382284 | Platino Records, Inc. | 151 |
| SR0000291912 | Fonovisa, Inc. | 152 |
| SR0000372447 | Platino Records, Inc. | 153 |
| SR0000392716 | Platino Records, Inc. | 154 |
| SR0000882089 | Yellowcake, Inc. | 155 |
| SR0000021131 | Mar International | 156 |
| SR0000256680 | MAR International Records, Inc. | 157 |
| SR0000232174 | MAR International Records, Inc. | 158 |
| SR0000201144 | Mar International Records, Inc. | 159 |
| SR0000228985 | Mar International Records, Inc. | 160 |
| SR0000229638 | Mar International Records, Inc. | 161 |
| SR0000231289 | Fonovisa, Inc. | 162 |
| SR0000065917 | Profono Internacional, Inc. | 163 |
| SR0000112817 | Fonovisa, Inc. | 164 |
| SR0000061575 | Mar International Records, Inc. | 165 |
| SR0000065691 | Mar International Records, Inc. | 166 |
| SR0000129419 | Jarabe Publishing Company | 167 |