RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
        osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc. and
Audiomicro, Inc. d.b.a. Adrev*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,<br><br>                    Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS OPPOSITION TO *PRO HAC VICE* APPLICATION OF SETH L. BERMAN** |

COME NOW Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev") (collectively, "Defendants") and hereby file this brief in opposition to the application for admission *pro hac vice* by Seth L. Berman (the "Application"), as follows:

I.    **ARGUMENT.**

On July 21, 2021, more than two months after this action was filed, Mr. Berman applied to the Court for admission to appear in this case *pro hac vice*. For the reasons set forth below, the Application should be denied.

Defendants are aware of the important right of Plaintiff to counsel of its choosing. However, based on Civil Local Rule 180(b)(2) and relevant case law thereon, it appears that Mr. Berman is both regularly employed in California and is regularly engaged in professional activities in California, and thus does not qualify for *pro hac vice* admission in this action.

A.    **RELEVANT LAW.**

The Local Rules of the Eastern District of California provide that an attorney is ineligible to appear and participate in a particular case *pro hac vice* if any of the following apply: "(i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California." L.R. 180(b)(2). The Court has authority to enforce its local rules. *See* 28 U.S.C. § 2071. A district court's compliance with local rules is reviewed for abuse of discretion, and broad deference is given to a district court's interpretation of its local rules. *Bias v. Moynihan* (9th Cir. 2007) 508 F.3d 1212, 1223.

The Supreme Court has described a *pro hac vice* attorney as "one time" or "occasional" practitioners. *Holman v. Bath & Body Works, LLC* (E.D. Cal. Dec. 29, 2020) No. 1:20-cv-01603-NONE-SAB, 2020 WL 8611037, at *2 (citing *Frazier v. Heebe* (1987) 482 U.S. 641, 647). The right to appear *pro hac vice* "is not absolute" and a court may deny an application by setting

forth reasons for the denial. *Holman v. Bath & Body Works, LLC* (E.D. Cal. Dec. 29, 2020) No. 1:20-cv-01603-NONE-SAB, 2020 WL 8611037, at *2 (citing *United States v. Ries* (9th Cir. 1996) 100 F.3d 1469, 1471-1472).

In addressing whether an attorney has been "regularly" practicing in California, the Ninth Circuit considers:

- whether the attorney: (a) physically appeared before the district court, (b) signed pleadings, and (c) had contact with the client;

- whether an attorney licensed in California remained the sole attorney responsible to the plaintiff; and

- whether the attorney rendered legal advice to the client.

*Holman v. Bath & Body Works, LLC* (E.D. Cal. Dec. 29, 2020) No. 1:20-cv-01603-NONE-SAB, 2020 WL 8611037, at *2 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co.* (9th Cir. 2009) 556 F.3d 815, 825).

## B.    RELEVANT FACTS.

This case is still in its infancy, and therefore many relevant facts are unknown to Defendants.[1] However, based on publicly available records – including those of this Court – it appears that Mr. Berman has been both regularly employed in California and has regularly engaged in professional activities in California.

//

//

//

---

[1] Relevant facts (e.g., the record of Mr. Berman's appearances before the Court) may, however, be known to the Court, and thus are subject to judicial notice. *See, e.g.*, *Zalewski v. Cicero Builder Dev., Inc.* (2d Cir. 2014) 754 F.3d 95, 107, fn. 20 (judicial notice taken based on court's own familiarity with "features of prominent architectural styles").

1.    **Mr. Berman Has Appeared *Pro Hac Vice* in at Least Seven Separate Federal Actions in California – Six Within the Past Two Years.**

Mr. Berman's Application lists two other cases in which he has made application to be admitted to practice *pro hac vice* in the Eastern District[2] within the preceding year (i.e., only since July 21, 2020, in the midst of the COVID-19 pandemic), namely:

1.  *Yellowcake, Inc. v. Triwolf Media, LLC., et al.*, Case No. 1:20-cv-00981, August 20, 2020 , application  granted (matter settled and inactive).

2.  *Yellowcake, Inc. v. Hyphy Music, Inc., et al.*, Case No. 1:20-cv-00988, August 20, 2020, application  granted.

However, a PACER search discloses that Mr. Berman has appeared as counsel in several other federal actions in California in the very recent past, including:

1.  USBC, C.D.Cal., Case No. 6:2016-bk-10257, styled as *In re: Orozco* (filed 1/13/2016);

2.  USDC, E.D.Cal., Case No. 1:2020-cv-00796, styled as *Yellowcake, Inc. v. Platino Records, Inc., et al.*(filed 6/8/2020);

3.  USDC, E.D.Cal., Case No. 1:2020-cv-00787, styled as *Yellowcake, Inc. v. Morena Music, Inc., et al.*(filed 6/4/2020);

4.  USDC, C.D.Cal., Case No. 2:2019-cv-05890, styled as *Freeplay Music, LLC v. Thermaltake USA, Inc., et al.*(filed 7/9/2019);

5.  USDC, C.D.Cal., Case No. 2:2020-cv-03159, styled as *Platino Records, Inc., et al. v. Colonize Media, Inc., Inc., et al.*(filed 4/3/2020);

Counsel for Defendants conducted the PACER search on July 21, 2021, the same date as

//

//

---

[2] Although the Eastern District's form for *pro hac vice* application requires that the applicant state whether he has made a *pro hac vice* application to "this court" within the last year, the relevant Local Rule 180(b)(2) considers whether the applicant is regularly employed "in California" or has regularly engaged in professional activities "in California", and not only in the Eastern District of California.

the Application was filed. Attached hereto as Exhibit 1 is a print-out of the search results.[3]

Thus, all told, Mr. Berman has recently appeared as counsel in a total of at least <u>seven</u> separate federal cases in California – all but one of them within the past two years – indicating that Mr. Berman is "regularly" employed in California and "regularly" engages in professional activities in California. At a certain point, out-of-state counsel requests *pro hac vice* status one too many times; Defendants assert that point has now been reached by Mr. Berman.

### 2.    Mr. Berman's Services to Plaintiff Do Not Necessitate His Admission *Pro Hac Vice*.

In *Yellowcake, Inc. v. Hyphy Music, Inc., et al.*, E.D.Cal. Case No. 1:20-cv-00988 (the "Hyphy Action"), in response to Mr. Berman's application for admission *pro hac vice*, the Honorable Magistrate Judge Barbara A. McAuliffe issued an Order to Show Cause ("OSC") on August 24, 2020 as to why the said application should not be denied pursuant to Local Rule 180 based on his recent applications for admission in other matters pending in the Eastern District.

On September 4, 2020, Mr. Berman filed his response to the OSC. A copy of the said response is attached hereto as Exhibit 2.

In pertinent part, Mr. Berman's response to the OSC asserts that his *pro hac vice* admission would be proper because:

---

[3] The Court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," including notice of the court records concerning Mr. Berman's admission to federal courts located in California. Fed. R. Evid. 201(b); *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504 (court may take judicial notice of official records and reports); *Cachil Dehe Band of Wintun Indians of Colusa Indian Community v. State of Calif.* (9th Cir. 2008) 547 F.3d 962, 968 n.4 (courts may take judicial notice of public records); *Rocha v. Calif.* (E.D. Cal. Aug. 25, 2015) 2015 WL 5024915, at *2 ("A court may take judicial notice of its own records.")

- Mr. Berman is a "professional songwriter and music producer" with "significant technical knowledge about music theory and the music recording process";

- Mr. Berman "spent a number of years as a record label executive and became intimately familiar with the workings of the music industry"; and

- the majority of Mr. Berman's legal practice "is focused on complex commercial litigation, copyright litigation, transactional copyright law, and transactional entertainment law, mainly concerning music."

On September 18, 2020, the Court entered an Order discharging the OSC and granting Mr. Berman's application. A copy of the said Order is attached hereto as Exhibit 3.

The said Order states, in pertinent part:

"According to Mr. Berman's show cause response, the current actions in this district involve common issues concerning copyrighted sound recordings for which he has relevant technical and professional experience. Mr. Berman's technical experience includes work as a professional songwriter, music producer, and record label executive. His litigation practice is focused on complex commercial litigation, copyright litigation, transactional copyright law, and transactional entertainment law, mainly concerning music. (Doc. No. 11 at 3.)

Mr. Berman explains that with his respect to his role in the current actions, he frequently defers to local counsel, does not exclusively confer with the clients, and does not exclusively dictate and/or shape the legal strategies. He further explains that the vast majority of the papers filed on behalf of the clients in these actions have been drafted with input from both firms and filed by local co-counsel. Mr. Berman indicates that his law firm has no presence in California and except for trial, he will not have to physically appear in California in connection with the prosecution of this case. (*Id*. at 7.)"

If Mr. Berman were to make the same arguments here, it would appear that Mr. Berman does not intend to appear or argue before the Court, sign briefs or physically enter the State of California in connection with the prosecution of this case, and has only an advisory role and reviews Plaintiff's pleadings. *Cf. Finder v. Leprino Foods Co.* (E.D. Cal. Dec. 18, 2019) No. 1:13-cv-02059-AWI-BAM, 2019 WL 6894468, at *4 (citing *Ang v. Bimbo* (N.D. Cal. 2015) 2015 WL 1474866). Given these premises, there is neither a need, nor good cause, for Mr. Berman to be admitted *pro hac vice*, since there is nothing to prevent Mr. Berman from acting as a consultant to Plaintiff on such matters without actually representing Plaintiff in this action. It

should also be noted that Plaintiff has competent California counsel in this case that has litigated on Plaintiff's behalf in numerous other cases. To the extent that Plaintiff requires counsel with music industry-specific experience and a focus on copyright litigation, surely there are dozens of admitted California lawyers that fit the bill (given that Los Angeles, California is ground zero for the music industry).

Moreover, and notably, it is apparent that Yellowcake can litigate in federal court without Mr. Berman as its counsel. For example, no application was made for Mr. Berman to be admitted *pro hac vice* in USDC, E.D.Cal., Case No. 1:20-cv-00067, styled as *Yellowcake, Inc. v. Mitchell, et al.* (filed 1/13/2020).

If the Court determines that *pro hac vice* status is appropriate for Mr. Berman's limited consultancy role, the court order so admitting him should specify that he is prohibited from: (1) signing pleadings; (2) communicating with opposing counsel; (3) appearing in court; or (4) trying the case.

## II.    CONCLUSION.

For the foregoing reasons, it is respectfully submitted that the Court should deny Mr. Berman's *pro hac vice* application.

Respectfully submitted,

Dated: July 22, 2021                    DICKENSON PEATMAN & FOGARTY P.C.

By:    /s/ Richard J. Idell
         Richard J. Idell (SBN 069033)
         Ory Sandel (SBN 233204)
         *Attorneys for Defendants Dashgo, Inc. and*
         *Audiomicro, Inc. d.b.a. Adrev*

# Exhibit 1

 **PACER Maintenance, 07/25/2021**

Our systems will undergo maintenance on Sunday, July 25, 2021 from 6:55 a.m. to 5:00 p.m. ET. Access to certain portions of this site may be temporarily unavailable.

An official website of the United States government.  Here's how you know. ⌄                    Log in to PACER Systems →

                    Party Search Results

**Search Criteria:** Party Search; Court ID: [09, CA, CAC, CAE, CAN, CAS]; Last Name: [Berman]; First Name: [Seth]; Party Role: [ATY]; Sort: [Party Name, Ascending]
**Result Count:** 7 (1 page)
**Current Page:** 1

| Party Name | Berman, Seth (aty) |
|---|---|
| Case Number | 6:2016bk10257 |
| Case Title | Cecilia Orozco and Sergio Orozco |
| Court | California Central Bankruptcy Court |

| Date Filed 01/13/2016 | |
|---|---|
| Date Closed 03/26/202 | |

| Party Name | Berman, Seth (aty) |
|---|---|
| Case Number | 1:2020cv00988 |
| Case Title | Yellowcake, Inc. v. Hyphy Music, Inc. |
| Court | California Eastern District Court |

| Date Filed 07/16/202( | |
|---|---|
| Date Closed | |

Case 1:21-cv-00803-DAD-AC   Document 8   Filed 07/22/21   Page 10 of 25

| Party Name | Berman, Seth (aty) |
|---|---|
| Case Number | 1:2020cv00796 |
| Case Title | Yellowcake, Inc. v. Platino Records, et al |
| Court | California Eastern District Court |
| Date Filed 06/08/202 | |
| Date Closed 02/17/2021 | |

| Party Name | Berman, Seth (aty) |
|---|---|
| Case Number | 1:2020cv00787 |
| Case Title | Yellowcake, Inc. v. Morena Music, Inc. et al |
| Court | California Eastern District Court |
| Date Filed 06/04/202 | |
| Date Closed | |

| Party Name | Berman, Seth (aty) |
|---|---|
| Case Number | 1:2020cv00981 |
| Case Title | Yellowcake, Inc., et al v. Triwolf Media, LLC, et al |
| Court | California Eastern District Court |
| Date Filed 07/14/2020 | |
| Date Closed 04/06/202 | |

| Party Name | Berman, Seth L (aty) |
|---|---|
| Case Number | 2:2019cv05890 |
| Case Title | Freeplay Music LLC v. Thermaltake USA Inc. et al |
| Court | California Central District Court |
| Date Filed 07/09/201! | |
| Date Closed 02/20/202 | |

| Party Name | Berman, Seth L (aty) |
|---|---|
| Case Number | 2:2020cv03159 |
| Case Title | Platino Records, Inc. et al v. Colonize Media, Inc. et al |
| Court | California Central District Court |
| Date Filed 04/03/202 | |
| Date Closed 02/17/2021 | |

**PACER Service Center**

| | |
|---|---|
| **Receipt** | 07/21/2021 14:24:54 1811699486 |
| **User** | osandel1207 |
| **Client Code** | DASH01-01 |
| **Description** | All Court Types Party Search |
| | All Courts; Name Berman, Seth; Role aty; Court ID 09, CA, CAC, CAE, CAN, CAS; Page: 1; sort: Party Name, ASC |
| **Billable Pages** | 1 ($0.10) |

PACER FAQ

Privacy & Security

Contact Us

Legacy PCL

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

# Exhibit 2

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*pro hac vice admission to be requested*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>HYPHY MUSIC, INC.,<br><br>              Defendant. | **Case No.: 1:20-cv-00988-DAD-BAM**<br><br>**SETH L. BERMAN'S RESPONSE TO ORDER TO SHOW CAUSE AS TO WHY SETH L. BERMAN'S PRO HAC VICE STATUS SHOULD NOT BE DENIED**<br><br>Magistrate Judge: Barbara A. McAuliffe |

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax (916) 925-1127

**RESPONSE TO ORDER TO SHOW CAUSE**

## INTRODUCTION

I submit the following in response to the Order to Show Cause of this Court dated August 24, 2020, together with the accompanying Declaration of Kevin Berger, ("Mr. Berger") dated September 3, 2020, and in further support of my application for *pro hac vice* admission, dated August 20, 2020.

I have been retained to act as co-counsel to Yellowcake, Inc. ("Yellowcake") and Mr. Berger in a number of other separate actions that involve common issues concerning certain copyrighted sound recordings owned by Yellowcake (the "Actions") and distributed by Colonize Media, Inc. ("Colonize").

I make the instant *pro hac vice* application in connection with three previously pending Actions in the Eastern District of California for which I have been admitted *pro hac vice*: *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No. 1:20-cv-00787-AWI-BAM; *Yellowcake, Inc. and Colonize Media, Inc. v. Triwolf Media, LLC, et al.*, Case No. 1:20-cv-00981-JDP; and *Yellowcake, Inc. v. Platino Records, Inc., et al.*, Case No. 1:20-cv-00796-AWI-SKO and one matter to which I have been admitted to the Central District of California, *Platino Records, Inc. et al v. Colonize Media, Inc. et al*, Case No. 2:20-cv-3159-DSF-JPR. The Actions all concern or are related to one or more of the same four clients, Yellowcake, Mr. Berger; Colonize and Colonize's Chief Executive Officer, Jose David Hernandez ("Hernandez") (the "Clients"). *See* the pleadings annexed hereto as <u>Exhibit "A"</u>. In addition to this application, I intend to seek *pro hac vice* admission for one more Client matter pending in the Eastern District, *Colonize Media, Inc. v. Palmer, et al*, Case No. 1:20-cv-01053-DAD-SAB.

By way of background, Yellowcake is a California corporation that is primarily engaged in the business of intellectual property rights management and exploitation, including music sound recordings. Mr. Berger is a shareholder and Chief Executive Officer of Yellowcake. Colonize is primarily engaged in the business of digital music distribution and exploitation and Hernandez is a shareholder and Chief Executive

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

Officer of Colonize. Colonize distributes and monetizes many sound recordings on behalf of Yellowcake.

While the Actions all involve common issues concerning copyrighted sound recordings, they also involve different facts and different parties, which necessitated filing multiple discrete actions. Given the highly nuanced and specific technical aspects at issue in the Actions and my unique experience and expertise with same as detailed further herein and in the accompanying Declaration, Mr. Berger and Mr. Hernandez believed it to be in the Clients' best interest to engage me as special litigation counsel to support local co-counsel, Hefner, Stark and Marois, LLP.

Regarding my relevant technical experience , in addition to practicing law, I have been a professional songwriter and music producer for over twenty-five years. As a music producer (professionally known as "Seth Lawrence"), I had my own original single reach the top three on the Billboard Club Play chart and have produced or remixed records for such well-known artists as Christina Aguilera, Christina Milian, Daniel Bedingfield, Cindy Lauper, Afrika Bambaataa, and more. As such, I have significant technical knowledge about music theory and the music recording process, which is highly relevant in disputes concerning copyright infringement by unauthorized copying.

Before practicing law, I also spent a number of years as a record label executive and became intimately familiar with the workings of the music industry including the common terms of recording agreements, publishing agreements, and asset purchase agreements for sound recording catalogs, all of which are at issue in the Actions.

Since graduating from law school in 2007 and being admitted to the New York Bar in 2008, the majority of my legal practice is focused on complex commercial litigation, copyright litigation, transactional copyright law, and transactional entertainment law, mainly concerning music. Due to my unique combination of technical, industry, and legal experience in the area of music, I have been very fortunate that clients from around the country have engaged me to represent them in highly

*Hefner, Stark & Marois, LLP*
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

nuanced matters concerning technical recording issues, chain of title issues, copyright infringement and music-related contractual disputes.

My current and former clients include, "major" record labels, independent record labels, music distributors, music publishers, management companies, and individual artists, including two Grammy award-winning artists.

With reference to the current Actions, they all concern one or more of the technical, industry, and legal issues referred to previously. As such, I was contacted directly and engaged by the Clients to represent them as special litigation counsel in the Actions.

I never solicited the Clients or any other clients in California. Nor have I ever advertised my services in California. As discussed in the accompanying Declaration of Mr. Berger, I was recommended to the Clients by a highly respected music publishing executive located in Los Angeles with whom I had prior business dealings and represented in connection with a dispute with an adversary in New York.

I have also declined multiple professional transactional engagements because I believed that the engagements did not have a sufficient nexus with the State of New York. Other than the above-mentioned common Actions concerning the Clients, I am not representing any other party in the State of California and have no intention of doing so.

Not including the Actions, I have only been admitted *pro hac vice* in California one other time when I was admitted to the United States District Court for the Central District of California in connection with my representation of the plaintiff in the matter, *Freeplay Music, LLC ("FPM") v. Thermaltake USA Inc. et al.*, Case No. 1:19-cv-01674. The action was filed by FPM, a Delaware LLC whose principal place of business is in New York, in the United States District Court for the Southern District of New York. The case was only removed to the Central District of California after vehement opposition by FPM. *See* <u>Exhibit "B"</u>. That matter was settled and discontinued on February 14, 2020, which predates my representation of the Clients.

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

---

**RESPONSE TO ORDER TO SHOW CAUSE**

As set forth below, the fact that I have been recently admitted *pro hac vice* in this district in connection with the common Actions does not necessarily mean that I am regularly engaged in professional activity in California so as to justify denial of *pro hac vice* admission in this case.

## ARGUMENT

### A.     Legal Standard

Local Rule 180 governs the admission of attorneys to practice *pro hac vice* in this Court. Pursuant to Local Rule 180(b)(2), an attorney who applies to appear and participate in a particular case in the Eastern District of California *pro hac vice* is not eligible to practice if: (i) the attorney resides in California; and/or (ii) the attorney is regularly employed in California; and/or the attorney is regularly engaged in professional activity in California. *See* L.R. 180(b)(2); *Curtis v. BCI Coca-Cola Enterprises Bottling Companies*, 2014 WL 4417741, at *4 (E.D. Cal. Sept. 5, 2014).

### B.     I Should Be Admitted Pro Hac Vice Because I Do Not Regularly Engage In Professional Activities In California and It Is The Clients' Preference

I am eligible to practice in this Court *pro hac vice* because none of the exclusionary conditions enumerated in L.R. 180(b)(2) apply. In interpreting L.R. 180(b)(2) as part of its evaluation of an attorney's *pro hac vice* application to appear and participate in a matter before it, this Court has previously taken into account the various factors (the "*Ang* factors") at issue in the case of *Ang v. Bimbo Bankeries USA, Inc.*, 2015 WL 1474866 (N.D. Cal. 2015, January 14, 2015). *See Finder v. Leprino Foods Company*, 2019 WL 6894468, at *4 (E.D. Cal., December 18, 2019).

In *Ang*, the United States District Court for the Northern District of California considered whether "the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, and was signing papers with the court, or otherwise

**Hefner, Stark & Marois, LLP**
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax (916) 925-1127

arguing cases." *Id.* at *4. The Northern District also noted that the Ninth Circuit previously held that conduct does not rise to the level of appearance before the court where the attorney:

> "never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosection of this case." *See Finder v. Leprino Foods Company*, 2019 WL 6894468, at *4 (E.D. Cal., December 18, 2019) (quoting *Ang*, 2015 WL 1474866 *3) (citing *Winterrowd v. Am Gen. Annuity Ins. Co.*, 556 F.3d 815, 824 (9th Cir. 2009)).

In *Ang*, the Northern District reasoned that the attorney did not engage in the practice of law in the state because the attorney filtered his work through local counsel, did not sign briefs or argue cases, and his work was limited to activities conducted outside of California, like legal research and advising local counsel. *See Finder*, 2019 WL 6894468, at *4.

Similarly, in *Finder*, the Eastern District did not find that the mere number of times the attorney was admitted *pro hac vice* over an 11-year period was determinative of whether to revoke such privilege. Rather, this Court focused on the fact that the attorney's local co-counsel was taking the lead on the cases, that the attorney's firm maintained an office in California solely for mailing address for 'of counsel' attorneys, that the attorney obtained regular referrals from attorneys in California and that he solicited California clients. *See id.* at *5. Even considering the above-referenced *Ang* factors, the *Finder* court did not revoke the attorney's *pro hac vice* status in the pending cases. *See id.*

Applying the *Ang* and *Finder* factors to my *pro hac vice* application, it is clear that the application should be granted. I am in good standing from my court of primary practice (New York), have been previously granted *pro hac vice* admission in three (3)

Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

---

**RESPONSE TO ORDER TO SHOW CAUSE**

**Hefner, Stark & Marois, LLP**
2150 River Plaza Drive, Suite 450
Sacramento, California 95833
Phone: (916) 925-6620 / Fax: (916) 925-1127

other related Actions in this district, and have never (i) continually engaged in professional activities in the State of California, (ii) operated an office in the State of California, (iii) solicited potential clients in the State of California or (iv) advertised my legal services in the State of California.

With respect to my role in the Actions including the above-captioned matter, I frequently defer to local counsel, do not exclusively confer with the Clients, nor do I exclusively dictate and/or shape the legal strategies. The vast majority of the papers in filed by the Clients in the Actions matter have been drafted with input from both firms and filed by local co-counsel. Additionally, my law firm has no presence in California and except for trial, I will not have to physically appear in California in connection with the prosecution of this case.

In light of the Clients' wishes, my relevant experience in the subject matters, and consistent with my representation that I have not had and do not have plans to engage in professional activities in California, it serves no purpose for the Court to deny my application. *See In re U.S.*, 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny *pro hac vice* admission must be based on criteria reasonably related to promoting the orderly administration of justice, or some other legitimate policy of the courts[.]"). Finally, given the high stakes at issue for the Clients, it is their preference that I be admitted *pro hac vice* to help support Hefner, Stark & Marois, LLP.

III.    **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant my *pro hac vice* application in its entirety.

---

**RESPONSE TO ORDER TO SHOW CAUSE**

Dated:  September 3, 2020

Respectfully submitted:

_____

Seth L. Berman

**RESPONSE TO ORDER TO SHOW CAUSE**

# Exhibit 3

1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  YELLOWCAKE, INC., a California          No.  1:20-cv-00988-DAD-BAM
    corporation,
12                                          ORDER DISCHARGING ORDER TO SHOW
13            Plaintiff,                    CAUSE WHY SETH L. BERMAN'S PRO HAC
                                            VICE STATUS SHOULD NOT BE DENIED
14       v.                                 (Doc. No. 14)

15  HYPHY MUSIC, INC.,                      ORDER GRANTING PRO HAC VICE
                                            APPLICATION
16            Defendant.                    (Doc. No. 10)

17

18       **I.      Background**

19       Plaintiff Yellowcake, Inc. initiated this copyright action on July 16, 2020.  (Doc. No. 1.)

20  On August 20, 2020, Seth L. Berman filed an application to appear and participate pro hac vice in

21  this action.  (Doc. No. 10.)   On August 24, 2020, the Court issued an order to show cause why

22  Mr. Berman's application should not be denied pursuant to Local Rule 180 based on his recent

23  applications for admission in other matters pending in this district.  (Doc. No. 14.)  Mr. Berman

24  filed a response on September 4, 2020.  (Doc. No. 16.)

25       Having considered Mr. Berman's response, the record in this case and Mr. Berman's

26  application for pro hac vice admission, the Court will discharge the order to show cause and grant

27  Mr. Berman's application.

28

                                            1

## II. Discussion

Local Rule 180 governs the admission of attorneys to practice pro hac vice in this Court. Pursuant to Local Rule 180(b)(2),

> Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

L.R. 180(b)(2).

According to the application, the show cause response and Court records, Mr. Berman has been granted pro hac vice status in three pending actions in the Eastern District of California:  (1) *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No. 1:20-cv-00787-AWI-BAM; (2) *Yellowcake, Inc. and Colonize Media, Inc. v. Triwolf Media, LLC, et al.*, Case No. 1:20-cv-00981-JDP; and (3) *Yellowcake, Inc. v. Platino Records, Inc., et al.*, Case No. 1:20-cv-00796-AWI-SKO.  (Doc. No. 10 at 2; Doc. No. 14 at 2.)  He also has been admitted to the Central District of California in *Platino Records, Inc. et al v. Colonize Media, Inc. et al,* Case No. 2:20-cv-3159-DSF-JPR.  (Doc. No. 14 at 2.)  Mr. Berman also intends to apply for admission pro hac vice in one other matter pending in the Eastern District, *Colonize Media, Inc. v. Palmer, et al,* Case No. 1:20-cv-01053-DAD-SAB.   According to Mr. Berman, these actions all concern or relate to one or more of the same four clients:  Yellowcake, Yellowcake's Chief Executive Officer Kevin Berger, Colonize; and Colonize's Chief Executive Officer, Jose David Hernandez.  (*Id.*)  Not including these actions, Mr. Berman has only been admitted pro hac vice in California one other time, when he was admitted to the Central District of California in *Freeplay Music, LLC ("FPM") v. Thermaltake USA Inc. et al.*, Case No. 1:19-cv-01674.  (*Id.* at 4.)

As the Court previously indicated in its show cause order, frequent applications for admission pro hac vice may indicate that an attorney is regularly engaged in professional activities in California in violation of Local Rule 180(b)(2).  *See, e.g., Guguni v. Chertoff,* 2008 WL 2080788 (N.D. Cal. 2008); *Mendoza v. Golden West Sav. Ass'n Services Co.*, 2009 WL 2050486 (C.D. Cal. 2009).  In *Ang v. Bimbo,* 2015 WL 1474866 (N.D. Cal. 2015), the United States District Court for the Northern District of California considered whether the plaintiff's out-

2

1    of-state attorney was "regularly engaged in the practice of law in California" and therefore

2    ineligible for pro hac vice admission. The court noted that the Ninth Circuit has held that conduct

3    does not rise to the level of appearance before the court where the attorney:

> never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case.

7    *Id.* at *3 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815, 824 (9th Cir. 2009)).

8          In *Ang,* the attorney's pro hac vice was permitted to continue because the attorney filtered

9    his work through an in-state attorney, did not sign briefs or argue cases, and his work was limited

10   to activities conducted outside of California such as legal research and advising co-counsel. *See*

11   *Finder v. Leprino Foods Co.*, No. 1:13-cv-02059-AWI-BAM, 2019 WL 6894468, at *4 (E.D.

12   Cal. Dec. 18, 2019).

13         According to Mr. Berman's show cause response, the current actions in this district involve

14   common issues concerning copyrighted sound recordings for which he has relevant technical and

15   professional experience.   Mr. Berman's technical experience includes work as a professional

16   songwriter, music producer, and record label executive.  His litigation practice is focused on

17   complex commercial litigation, copyright litigation, transactional copyright law, and transactional

18   entertainment law, mainly concerning music.  (Doc. No. 11 at 3.)

19         Mr. Berman explains that with his respect to his role in the current actions, he frequently

20   defers to local counsel, does not exclusively confer with the clients, and does not exclusively

21   dictate and/or shape the legal strategies. He further explains that the vast majority of the papers

22   filed on behalf of the clients in these actions have been drafted with input from both firms and

23   filed by local co-counsel. Mr. Berman indicates that his law firm has no presence in California

24   and except for trial, he will not have to physically appear in California in connection with the

25   prosecution of this case.  (*Id.* at 7.)

26         Having considered Mr. Berman's response, the Court finds no basis to deny his

27   application for admission pro hac vice.  Mr. Berman has unique technical expertise and he is

28   involved in only a limited number of cases in this district.  As represented by Mr. Berman, he

works closely with local co-counsel, does not exclusively confer with the clients or dictate legal strategies, the majority of papers in these actions are filed by local co-counsel, his law firm has no presence in California and, with the exception of trial, his work is limited to activities conducted outside of California.

**III.     Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The Order to Show Cause issued on August 24, 2020 (Doc. No. 14), is DISCHARGED; and

2.   The pro hac vice application of Seth L. Berman (Doc. No. 10) filed on August 20, 2020 is GRANTED.

IT IS SO ORDERED.

Dated:   __**September 18, 2020**__          ___/s/ Barbara A. McAuliffe___
UNITED STATES MAGISTRATE JUDGE

4