RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

YELLOWCAKE, INC., a California corporation,

Plaintiff,

v.

DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,

Defendants.

CASE NO. 1:21-cv-00803-AWI-BAM

**DEFENDANTS' NOTICE OF MOTION AND MOTION: (A) TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (B) TO STRIKE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT**

**[Fed. R. Civ. P. 8(a), 12(b)(6), 12(e), 12(f)]**

**Date**: Monday, September 13, 2021

**Time**: 1:30 p.m.

**Place:** United States District Court, E.D. Cal.
Robert E. Coyle U.S. Courthouse
Courtroom 2 – Eighth Floor
2500 Tulare Street
Fresno, CA 93721

(E-filing)

Hon. Judge Anthony W. Ishii, Presiding

TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on 13th day of September, 2021, at the hour of 1:30 p.m. in the Courtroom of the Honorable Judge Anthony W. Ishii, located at 2500 Tulare Street, Fresno, California 93721, Courtroom 2, Eighth Floor, Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev") (collectively, "Defendants") will move, and do hereby move, this Court for an order: (1) striking that part of the prayer for relief in the First Cause of Action, for statutory Copyright Infringement, seeking punitive damages, which punitive damages are not recoverable as a matter of law; and (2)(a) dismissing the Amended Complaint filed on July 21, 2021 by Plaintiff Yellowcake, Inc.'s ("Plaintiff" or "Yellowcake") or, in the alternative, (b) requiring Plaintiff to amend its Amended Complaint to more definitely state its alleged claims.

This Motion is made on the following grounds:

1.  Punitive or exemplary damages as to the First Cause of Action, for statutory Copyright Infringement, are unavailable as a matter of law and, therefore, the prayer for such punitive or exemplary damages is irrelevant and immaterial to this action.

2.  Plaintiff has failed to state claims upon which relief can be granted.

3.  Plaintiff has failed to state a claim for contributory copyright infringement against Dashgo.

4.  The allegations of Plaintiff's Amended Complaint are so vague or ambiguous that Defendants cannot reasonably prepare a response.

This Motion will be, and is, based upon this Notice of Motion, the within Memorandum of Points and Authorities, the Request for Judicial Notice in support thereof, and all of the

exhibits thereto, and on such other and further documentary and oral evidence and matters as may be brought before the Court on this matter.

Respectfully submitted,

Dated: August 3, 2021

DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard J. Idell
Richard J. Idell (SBN 069033)
Ory Sandel (SBN 233204)
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES.....ii

I. ISSUES TO BE DECIDED. ..... 1

II. PROCEDURAL HISTORY..... 1

III. RELEVANT FACTS. ..... 1

A. PLAINTIFF'S AMENDED COMPLAINT IS FATALLY VAGUE AND AMBIGUOUS. ..... 2

B. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DASHGO. ..... 5

C. PLAINTIFF'S AMENDED COMPLAINT SEEKS UNAVAILABLE DAMAGES..... 5

IV. ARGUMENT..... 7

A. APPLICABLE LEGAL STANDARDS. ..... 7

1. Legal Standard on Motion to Strike..... 7

2. Legal Standard on Motion to Dismiss. ..... 8

3. Legal Standard on Motion for a More Definite Statement. ..... 10

B. THE COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE DAMAGES ALLEGED AS TO THE FIRST CAUSE OF ACTION..... 10

C. THE COURT SHOLD DISMISS PLAINTIFF'S COPYRIGHT CLAIMS; IN THE ALTERNATIVE, THE COURT SHOULD ORDER PLAINTIFF TO MORE DEFINITELY STATE ITS COPYRIGHT CLAIMS. ..... 11

1. The Court Should Dismiss the Fifth Cause of Action, for Contributory Copyright Infringement, as Against Dashgo. ..... 15

V. CONCLUSION..... 16

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adams v. Johnson* (9th Cir.2004) 355 F.3d 1179 .................... 9

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 .................... 8, 9

*Atieh v. Riordan* (1st Cir. 2013) 727 F.3d 73.................... 9

*Babb v. Bridgestone/Firestone* (M.D.Tenn.1993) 861 F.Supp. 50.................... 10

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 .................... 8, 9, 15

*Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450.................... 6, 7, 10

*Cook v. Brewer* (9th Cir.2011) 637 F.3d 1002 .................... 9

*DocMagic, Inc. v. Ellie Mae, Inc.* (N.D. Cal. 2010) 745 F.Supp.2d 1119.................... 5, 15

*Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983 .................... 6, 10

*Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524 .................... 7

*Fayer v. Vaughn* (9th Cir.2011) 649 F.3d 1061.................... 9

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC* (2019) 139 S.Ct. 881 .................... 2

*Griffin v. Cedar Fair, L.P.* (N.D. Cal. 2011) 817 F.Supp.2d 1152.................... 10

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.* (9th Cir.2005) 397 F.3d 1217 .................... 8

*Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586 .................... 6, 7, 10

*In re Napster, Inc. Copyright Litig.* (N.D. Cal. 2005) 377 F.Supp.2d 796.................... 5, 15

*Jilka v. Drivetime Auto. Grp., Inc.* (9th Cir. 2007) 234 F.App'x 524.................... 8

*Livingston v. Morgan* (N.D. Cal. July 31, 2006) No. C-06-2389 MMC, 2006 WL 8459602 .................... 4, 8, 11

*Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987 .................... 6, 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir.2008) 519 F.3d 1025.................... 9

*McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172.................... 8

*Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL 6133667 .................... 6, 11

*One Indus., LLC v. Jim O'Neal Distrib., Inc.* (9th Cir. 2009) 578 F.3d 1154 .................... 10

*Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG, 2014 WL 1303135 .................... 4, 11

*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Investment Mgmt. Inc.* (2nd Cir. 2013) 712 F.3d 705 .................... 9

*Polar Bear Prods., Inc.* (9th Cir. 2004) 384 F.3d 700 .................... 6, 11

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

CASES

*Rosen v. Masterpiece Mktg. Grp., LLC* (C.D. Cal. 2016) 222 F.Supp.3d 793 .............................. 3

*Sagan v. Apple Computer, Inc.* (C.D.Cal.1994) 874 F.Supp. 1072 ........................................... 10

*Sebastian Brown Prods., LLC v. Muzooka, Inc.* (N.D. Cal. 2015) 143 F.Supp.3d 1026............... 9

*Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953 .................................................................. 9

*State of Cal. ex rel. State Lands Comm'n v. United States* (N.D. Cal. 1981) 512 F.Supp. 36........ 7

*Van Dyke Ford, Inc. v. Ford* (E.D.Wis.1975) 399 F.Supp. 277 ................................................ 10

*Whitaker v. Tesla Motors, Inc.* (9th Cir. 2021) 985 F.3d 1173.................................................. 10

*Williams v. Gerber Prod. Co.* (9th Cir.2008) 552 F.3d 934 ........................................................ 8

STATUTES

17 U.S.C. § 411.......................................................................................................................... 2

RULES

Fed. R. Civ. P., Rule 8 ................................................................................................................. 8

Fed. R. Civ. P., Rule 12(b)(6)........................................................................................................ 8

Fed. R. Civ. P., Rule 12(e)........................................................................................................... 10

Fed. R. Civ. P., Rule 12(f) ............................................................................................................ 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. ISSUES TO BE DECIDED.

1. Whether punitive or exemplary damages are legally unavailable as to the First Cause of Action alleged in the Amended Complaint.

2. Whether the prayer for relief seeking punitive or exemplary damages as to the First Cause of Action should be stricken from the Amended Complaint.

3. Whether the claims alleged in Plaintiff's Amended Complaint fail to meet the standards of Rule 8(a) of the Federal Rules of Civil Procedure.

4. Whether the claims alleged in Plaintiff's Amended Complaint should be dismissed for failure to state a claim.

5. Whether Plaintiff's Amended Complaint fails to state a claim for contributory copyright infringement against Dashgo, Inc.

6. Whether Plaintiff's Amended Complaint is so vague or ambiguous that Defendants cannot reasonably prepare a response.

7. Whether Plaintiff should be given leave to amend its Amended Complaint to make it sufficiently definite so that Defendants can reasonably prepare a response.

## II. PROCEDURAL HISTORY.

This action was filed on May 17, 2021. In response to the Complaint, Defendants filed a motion to strike and for a more definite statement, which motion was set for hearing on August 16, 2021. Plaintiff filed an Amended Complaint on July 21, 2021, as of course, thereby mooting Defendants' then-pending motion. This motion follows.

## III. RELEVANT FACTS.

This is an action for copyright infringement.

**A. PLAINTIFF'S AMENDED COMPLAINT IS FATALLY VAGUE AND AMBIGUOUS.**

Plaintiff Yellowcake, Inc. ("Plaintiff" or "Yellowcake") alleges that Defendant Dashgo, Inc. ("Dashgo") directly, willfully and intentionally infringed on Yellowcake's rights in: (1) one hundred sixty-five (165) copyrighted sound recordings, defined in the Amended Complaint as "Yellowcake's Copyrighted Works"; and (2) one thousand seventy-five (1,075) foreign copyrighted works, defined in the Amended Complaint as "Foreign Works". *See* Request for Judicial Notice ("RJN"), Ex. 1 [Amended Complaint] ¶¶ 1, 2, Exs. A, B.

Although copies of the copyright registrations for each of Yellowcake's Copyrighted Works are allegedly "annexed" to the Amended Complaint as Exhibit A, *see* RJN, Ex. 1 [Amended Complaint] ¶ 1, in fact, Exhibit A to the Amended Complaint is nothing more than a list of the names of artists and tracks, and "SR".[1] No registration dates for any of Yellowcake's Copyrighted Works are alleged. Since registration is a jurisdictional prerequisite to a suit for copyright infringement, 17 U.S.C. § 411; *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC* (2019) 139 S.Ct. 881, 887, 892, such registration must have occurred prior to the filing of this action and, accordingly, the relevant dates are required and should have been alleged.

While Plaintiff alleges that it acquired all of its predecessors-in-interest's rights associated with and relating to Yellowcake's Copyrighted Works and the Foreign Works, RJN, Ex. 1 [Amended Complaint] ¶¶ 21, 24, Plaintiff fails to allege how or when it acquired the said rights. Of course, Yellowcake has no standing to pursue claims which arose before Yellowcake obtained any such rights – particularly if the statute of limitations on such claims has expired. In

[1] Presumably, the "SR" numbers set forth in Exhibit A are registration numbers for works registered with the Copyright Office; however, the Amended Complaint does not so allege, nor are the registrations themselves "annexed" or otherwise appended to the Amended Complaint.

the absence of the allegation of any dates, Defendants are prevented from raising such defenses with the requisite particularity. *See, e.g.*, *Rosen v. Masterpiece Mktg. Grp., LLC* (C.D. Cal. 2016) 222 F.Supp.3d 793, 804 (striking answer's statute of limitations affirmative defense for failure to allege which statute(s) of limitations defendant relied upon, what cause(s) of action were barred, the date after which such bar became effective, and factual allegations concerning why the limitations period has expired).

Further, and similarly, while the Foreign Works were allegedly published and registered as copyrights in Mexico, RJN, Ex. 1 [Amended Complaint] ¶ 25, Plaintiff alleges neither the publication dates nor the copyright registration dates.

Plaintiff's Amended Complaint admits that Dashgo had contractual rights to exploit both Yellowcake's Copyrighted Works and the Foreign Works. RJN, Ex. 1 [Amended Complaint] ¶ 28. The Amended Complaint, however, goes on to allege that the said contracts were "validly terminated". RJN, Ex. 1 [Amended Complaint] ¶¶ 29, 30, 34. Neither of the two alleged contracts is attached to the Amended Complaint, and <u>no</u> information is alleged as to when, where, how or by whom the contracts were terminated. Of course, if the alleged termination of either or both of the contracts was invalid, or ineffective for any other reason, such facts would constitute the basis for an affirmative defense to Plaintiff's claims. Since the contracts are not attached, Defendants are prevented from raising such defense with particularity.

Moreover, and perhaps most glaringly, while the Amended Complaint repeatedly alleges Dashgo's alleged infringement of Plaintiff's rights in Yellowcake's Copyrighted Works and the Foreign Works, *see, e.g.*, RJN, Ex. 1 [Amended Complaint] ¶¶ 1-4, 34, 35, 38, *etc.*, nowhere does the Amended Complaint allege <u>*when*</u> Dashgo's alleged "unauthorized exploitations" occurred. Rather, the Amended Complaint only vaguely alleges that such "unauthorized

exploitations" occurred "sometime" after termination of the alleged distribution Agreements. RJN, Ex. 1 [Amended Complaint] ¶ 34. Defendants are thereby precluded from raising a statute of limitations, laches or estoppel defenses at the early pleading stage.

Similarly, while the Amended Complaint repeatedly alleges that Defendants were put on notice of the alleged infringement of Plaintiff's purported rights, *see, e.g.*, RJN, Ex. 1 [Amended Complaint] ¶¶ 5, 6, 37, 38, Yellowcake fails to allege when such purported notice was given.

**Indeed, nowhere does the Complaint allege a *single date* of <u>*any*</u> of the events and occurrences alleged**.

Finally, although the Amended Complaint alleges a gross aggregate number of instances of alleged "unauthorized exploitations", *see* RJN, Ex. 1 [Amended Complaint] ¶¶ 1, 2, the Amended Complaint utterly fails to allege which of the works listed in Exhibits A and/or B were infringed, nor when or how such infringements occurred. Thus, based on the Amended Complaint's vague allegations, it is impossible for Defendants to know the true potential extent of the liability for claims alleged against Defendants, nor even the factual basis of Plaintiff's claims.

Plaintiff's Amended Complaint fails to adequately identify the copyrighted material Defendants purportedly infringed and fails to allege how and when such infringement occurred. A pleading this vague fails to meet the bare requirements of Rule 8 of the Federal Rules of Civil Procedure and is subject to dismissal as a consequence. *See Livingston v. Morgan* (N.D. Cal. July 31, 2006) No. C-06-2389 MMC, 2006 WL 8459602, at *3; *Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *3.

The allegations of the Amended Complaint are utterly vague and ambiguous and impart little to no information regarding the nature or extent of Plaintiff's purported claims, making it

impossible, as a practical matter, for Defendants to prepare a response. As such, the Amended Complaint should be dismissed. In the alternative, Plaintiff should be ordered to further amend its Amended Complaint.

**B. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM EITHER FOR DIRECT COPYRIGHT INFRINGEMENT OR CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST DASHGO.**

Plaintiff's Amended Complaint alleges the First Cause of Action, for statutory Copyright Infringement, only against Dashgo. RJN, Ex. 1 [Amended Complaint] at 8:12-14. In addition, Plaintiff's Amended Complaint alleges the Fifth Cause of Action, for Contributory Copyright Infringement, *also* against Dashgo (as one of the two entities defined as "Defendants"). RJN, Ex. 1 [Amended Complaint] at 2:2-4, 13:8-10.

It is *legally impossible* for Dashgo to have been both: (1) a primary, or direct, infringer of Yellowcake's Copyrighted Works and the Foreign Works; and (2) a contributory infringer of Yellowcake's Copyrighted Works and the Foreign Works. As a matter of law, a claim for contributory copyright infringement requires that the direct infringement be by a third party. *In re Napster, Inc. Copyright Litig.* (N.D. Cal. 2005) 377 F.Supp.2d 796, 801; *see also DocMagic, Inc. v. Ellie Mae, Inc.* (N.D. Cal. 2010) 745 F.Supp.2d 1119, 1148-1149.

To state the obvious, Dashgo is not a third party to itself. As such, it cannot possibly be liable both for alleged direct copyright infringement *and* alleged contributory copyright infringement. As against Dashgo, one or the other of these two claims must be dismissed.

**C. PLAINTIFF'S AMENDED COMPLAINT SEEKS UNAVAILABLE DAMAGES.**

Plaintiff's Amended Complaint prays for recovery of punitive damages under the First Cause of Action, for statutory Copyright Infringement Under 17 U.S.C. § 101 *et seq*. RJN, Ex. 1

[Amended Complaint] at 8:12-17, 15:11-12 (Prayer for Relief). Such relief is unavailable as a matter of law.

Punitive damages are simply not available under the Copyright Act. *See Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983, 992 (noting that statutory damages provision in Copyright Act "further[s] 'compensatory and punitive purposes'") (quoting *Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987, 996); *Polar Bear Prods., Inc. v. Timex Corp.* (9th Cir. 2004) 384 F.3d 700, 704-705 (indicating that, although claim under Copyright Act remained in case, "[b]y dismissing Polar Bear's two state law tort claims, the district court effectively precluded Polar Bear from seeking punitive damages"); *see also Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL 6133667, at *8.

Accordingly, the Amended Complaint's prayer for relief seeking punitive damages for the First Cause of Action may, and should be, stricken. *See Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law.") (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34).

Plaintiff's Amended Complaint is so vague or ambiguous that Defendants cannot reasonably be expected to prepare a cogent response. Accordingly, the Amended Complaint should be dismissed. In the alternative, Plaintiff should be ordered to amend the Amended Complaint to more definitely state its allegations. Moreover, the Amended Complaint seeks legally-unavailable damages, which should be stricken. This Motion should be granted.

//

//

# IV. ARGUMENT.

## A. APPLICABLE LEGAL STANDARDS.

### 1. Legal Standard on Motion to Strike.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law. *Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34).

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Cisco Sys., Inc. v. Beccela's Etc., supra*, 403 F.Supp.3d at 823. Where a motion to strike may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike is well-taken. *State of Cal. ex rel. State Lands Comm'n v. United States* (N.D. Cal. 1981) 512 F.Supp. 36, 38.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527 (citation omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Ibid.* An order granting a motion to strike is reviewed for abuse of discretion. *Jilka v. Drivetime Auto. Grp., Inc.* (9th Cir. 2007) 234

F.App'x 524 (citing *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.* (9th Cir.2005) 397 F.3d 1217, 1224 fn. 4).

**2. <u>Legal Standard on Motion to Dismiss</u>.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In addition, each allegation must be "simple, concise and direct." Fed. R. Civ. P. 8(e)(1). A district court may dismiss a complaint that fails to comply with the requirements of Rule 8. *Livingston v. Morgan* (N.D. Cal. July 31, 2006) No. C-06-2389 MMC, 2006 WL 8459602, at *1 (citing *McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1179-1180).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of a complaint by failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570.

A claim has "facial plausibility" when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678 (citing *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 556). A complaint that contains merely "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 555. Rather, factual allegations must be enough "to raise a right to relief above the speculative level." *Williams v. Gerber Prod. Co.* (9th Cir.2008) 552 F.3d 934, 938 (quoting *Bell Atl. Corp. v. Twombly, supra*,

550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.* (9th Cir.2008) 519 F.3d 1025, 1031. However, the Court is not required to assume the truth of legal conclusions "merely because they are cast in the form of factual allegations." *Sebastian Brown Prods., LLC v. Muzooka, Inc.* (N.D. Cal. 2015) 143 F.Supp.3d 1026, 1033 (quoting *Fayer v. Vaughn* (9th Cir.2011) 649 F.3d 1061, 1064). Mere conclusory allegations of law and unwarranted inferences "are insufficient to defeat a motion to dismiss." *Id.* (quoting *Adams v. Johnson* (9th Cir.2004) 355 F.3d 1179, 1183). Courts may dismiss a claim if it appears that the plaintiff could prove "no set of facts" in support of a claim which would entitle the plaintiff to relief. *See Cook v. Brewer* (9th Cir.2011) 637 F.3d 1002, 1004.

The *Twombly* "plausibility standard" asks for "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678. The purpose of the plausibility requirement is to prevent settlement extortion, for example, using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit. *See, e.g., Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953, 966 ("specificity of facts is warranted before permitting a case to proceed into costly and protracted discovery"); *see also, e.g., Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Investment Mgmt. Inc*. (2nd Cir. 2013) 712 F.3d 705, 719; *Atieh v. Riordan* (1st Cir. 2013) 727 F.3d 73, 76 ("The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial"). Moreover, a plaintiff is not permitted to rely on anticipated (and costly) discovery to satisfy

Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations *before* advancing to discovery. *Whitaker v. Tesla Motors, Inc.* (9th Cir. 2021) 985 F.3d 1173, 1177.

**3. <u>Legal Standard on Motion for a More Definite Statement</u>.**

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Motions for a more definite statement are proper where the allegations of a complaint are so general that ambiguity arises in determining: (a) the nature of the claim being asserted; or (b) the parties against whom the claim is being made. *Sagan v. Apple Computer, Inc.* (C.D.Cal.1994) 874 F.Supp. 1072, 1077 (citing *Van Dyke Ford, Inc. v. Ford* (E.D.Wis.1975) 399 F.Supp. 277, 284). The decision to grant a Rule 12(e) motion is within the discretion of the trial court.[2] *Griffin v. Cedar Fair, L.P.* (N.D. Cal. 2011) 817 F.Supp.2d 1152, 1154 (quoting *Babb v. Bridgestone/Firestone* (M.D.Tenn.1993) 861 F.Supp. 50, 52).

**B. THE COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE DAMAGES ALLEGED AS TO THE FIRST CAUSE OF ACTION.**

Plaintiff's prayer for punitive damages, alleged in the First Cause of Action, for statutory copyright infringement, *see* RJN, Ex. 1 [Amended Complaint] at 8:12-17, 15:11-12 (Prayer for Relief), is unavailable as a matter of law and therefore may, and should, be stricken. *See Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, fn. 34).

Punitive damages are simply not available under the Copyright Act. *See Dream Games of Arz., Inc. v. PC Onsite* (9th Cir. 2009) 561 F.3d 983, 992 (noting that statutory damages

---

[2] The Ninth Circuit Court of Appeals has never decided what standard of review to apply to an order on a motion for a more definite statement, but has noted that the Fifth Circuit reviews such orders for an abuse of discretion. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.* (9th Cir. 2009) 578 F.3d 1154, 1160, fn. 2.

provision in Copyright Act "further[s] 'compensatory and punitive purposes'") (quoting *Los Angeles New Serv. v. Reuters Tele. Int'l, Ltd.* (9th Cir. 1998) 149 F.3d 987, 996); *Polar Bear Prods., Inc.* (9th Cir. 2004) 384 F.3d 700, 704-705 (indicating that, although claim under Copyright Act remained in case, "[b]y dismissing Polar Bear's two state law tort claims, the district court effectively precluded Polar Bear from seeking punitive damages"); *see also Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) No. SACV172223DOCKESX, 2018 WL 6133667, at *8.

The Court should therefore strike the prayer for punitive damages alleged on the First Cause of Action. This Motion should be granted.

**C. THE COURT SHOLD DISMISS PLAINTIFF'S COPYRIGHT CLAIMS.**

As more fully set forth above, *see* Section III.A., *supra*, the allegations of Yellowcake's Amended Complaint are so vague and ambiguous that they do not even meet the bare minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the Amended Complaint should be dismissed.

A complaint for copyright infringement fails to satisfy the requirements of Rule 8(a) if it does not allege "the specific copyrighted work that has been infringed or how and when the asserted infringement occurred." *Livingston v. Morgan* (N.D. Cal. July 31, 2006) No. C-06-2389 MMC, 2006 WL 8459602, at *3 (citations omitted); *see also Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *3 ("To plead a copyright infringement claim, a plaintiff must allege: 1) that there are specific, original works at issue, 2) that plaintiff owns copyrights in those works, 3) that plaintiff properly registered the copyrights, and 4) the acts that constituted infringement—including the timeframe during which the defendant committed the acts. Rule 8 . . . requires that the alleged infringing acts be stated

with some specificity”).

Here, Plaintiff’s copyright claims fail to state a claim because Plaintiff has insufficiently identified the alleged copyrighted materials that Defendants allegedly infringed, nor alleged when Defendants allegedly infringed any copyrighted work allegedly owned by Plaintiff – or, for that matter, when any of the relevant events occurred. The Complaint alleges ***not a single date*** throughout its 14 pages and 94 paragraphs of charging allegations.

Exhibits A and B to Plaintiff’s Amended Complaint list literally hundreds of works that were allegedly infringed. *See* RJN, Ex. 1 [Amended Complaint] ¶¶ 1, 2 (alleging 165 copyrighted sound recordings defined as “Yellowcake’s Copyrighted Works” and another 1,075 foreign copyrighted works defined as “Foreign Works”); RJN, Ex. 1 [Amended Complaint] ¶¶ 1, 2, Ex. A (listing 924 individual titles of sound recordings); Ex. B (listing 1,075 individual titles of sound recordings). But Plaintiff does not allege *which* specific works were allegedly infringed, *how* or *when* each alleged infringement of each occurred, or *how many times* or on *how many* of the “Digital Distribution Platforms” (as defined[3]) each work was allegedly infringed. As a result, Defendants are not apprised of the basic elements of Plaintiff’s claims of infringement.

Instead, Plaintiff has taken the “shotgun” approach to its allegations, alleging in Paragraph 3 of the Amended Complaint that:

> “Dashgo exploited Yellowcake’s Copyrighted Works and Foreign Works by, *inter alia*, the unauthorized sale, distribution, reproduction, synchronization, creation of derivative works, and public performance thereof via digital transmission on online platforms, *including without limitation* iTunes, Apple Music, Spotify, Amazon Music and www.YouTube.com (“Digital Distribution Platforms”).”
> RJN, Ex. 1 [Amended Complaint] ¶ 3 (emphasis added).

---

[3] The Amended Complaint defines “Digital Distribution Platforms” as “online platforms, *including without limitation* iTunes, Apple Music, Spotify, Amazon Music and www.YouTube.com.” RJN, Ex. “A” [Amended Complaint] at 2:20-22 (emphasis added). Thus, even the purportedly-defined term “Digital Distribution Platforms” is not limited in scope.

The Amended Complaint similarly alleges in Paragraph 34 that:

> "Yellowcake is informed and believes, and thereupon alleges, that *sometime* after the Colonize Distribution Agreement and MAR Distribution Agreement were terminated, Dashgo engaged *in a number* of unauthorized exploitations of Yellowcake's Copyrighted Works and Foreign Works in violation of Yellowcake's exclusive rights under 17 U.S.C. § 106 *including, but not limited to*, the sale, distribution, reproduction, synchronization, creation of derivative works, and public performance of Yellowcake's Copyrighted Works and Foreign Works via digital transmission *on the online Digital Distribution Platforms* without Yellowcake's authorization."
> RJN, Ex. 1 [Amended Complaint] ¶ 34 (emphases added).

These allegations are conclusory, incredibly vague ("sometime", "a number of unauthorized exploitations", "inter alia", "including without limitation") and simply rattle off a non-exhaustive list of possible ways in which a copyrighted work could be infringed and a non-exhaustive list of "online platforms" through which such infringements could have occurred. The "catch-all" general allegations impart no information whatsoever.

Indeed, the Amended Complaint fails to allege not only exactly which of "Yellowcake's Copyrighted Works" or the "Foreign Works" were allegedly infringed and when each such work was allegedly infringed, but even fails to allege who actually engaged in the allegedly wrongful conduct, and gives conflicting allegations of how many infringements of Yellowcake's Copyrighted Works are at issue, to wit:

While Paragraph 1 of the Amended Complaint alleges "*Dashgo's* direct, willful and intentional infringement of *one hundred and sixty-five (165)* of" Yellowcake's Copyrighted Works, Paragraph 44 of the Amended Complaint alleges that "*Defendants*" have engaged in "***at least*** *one hundred and sixty-five (165)* unauthorized uses of Yellowcake's Copyrighted Works". RJN, Ex. 1 [Amended Complaint] ¶¶ 1, 44 (emphases added). Based on these allegations, it is impossible to know whether it was "Dashgo" or "Defendants" that allegedly engaged in the allegedly infringing conduct, and impossible to know whether there were exactly 165 alleged infringements or more than 165 alleged infringements (and, if the latter, how many

infringements allegedly occurred). Again, these vague and ambiguous "catch-all" general allegations impart no useful information.

The Amended Complaint also fails to allege *any dates whatsoever* with regard to any of the operative facts. Thus, Defendants are entirely unapprised of, *e.g.*, when the "written distribution agreements" alleged were either entered into or terminated, when Plaintiff (or Plaintiff's agents) allegedly put Defendants on notice of the alleged infringing conduct, when Defendants' allegedly infringing conduct commenced, etc. *Cf.* RJN, Ex. 1 [Amended Complaint] ¶¶ 28, 29, 32, 34, 35.

Additionally, Paragraph 35 of the Amended Complaint alleges: "Yellowcake is informed and believes, and thereupon alleges, that Dashgo created and/or uploaded, or caused to be created and/or uploaded, videos containing unauthorized derivative works of Yellowcake's Copyrighted Works and Foreign Works to the Digital Distribution Platforms." RJN, Ex. 1 [Amended Complaint] ¶ 35. With regard to the alleged infringement by the alleged creation of derivative works, the allegations fail to state: (1) which work was the basis for each alleged derivative work; (2) when each such derivative work was purportedly created and/or uploaded; and (3) to which of the "Digital Distribution Platforms" each alleged derivative work was purportedly uploaded.

Similarly, Plaintiff has made only vague allegations regarding its alleged rights to the subject works, creating ambiguity as to whether Yellowcake or its alleged "predecessor(s)-in-interest" registered the subject works with the Copyright Office (and, if so, which works were registered by which entity), who actually holds rights in or to each particular subject work, when Yellowcake purportedly obtained any relevant rights, etc. *See* RJN, Ex. 1 [Amended Complaint] ¶¶ 18-21.

Plaintiff has alleged no details to support its vague, ambiguous and/or conclusory allegations. The allegations are grossly insufficient to put Defendants on notice of Plaintiff's purported claims and fail to give Defendants notice of the allegedly-wrongful conduct in which they purportedly engaged. As such, each of Plaintiff's claims, including without limitation its claims of copyright infringement, as alleged in the Amended Complaint, fail to satisfy the minimum requirements of Rule 8, and should therefore be dismissed.

**1. <u>The Court Should Dismiss Either the First Cause of Action, for Direct Copyright Infringement, or the Fifth Cause of Action, for Contributory Copyright Infringement, as Against Dashgo</u>.**

"The elements of contributory infringement are: (1) direct infringement *by a third party*; (2) actual or constructive knowledge by the defendant that *third parties* were directly infringing; and (3) a material contribution by the defendant to the infringing activities." *In re Napster, Inc. Copyright Litig.* (N.D. Cal. 2005) 377 F.Supp.2d 796, 801 (emphases added); *see also DocMagic, Inc. v. Ellie Mae, Inc.* (N.D. Cal. 2010) 745 F.Supp.2d 1119, 1148-1149. In other words, a valid claim for contributory copyright infringement requires that the direct infringement be accomplished by a third party.

Yellowcake's claim for direct copyright infringement (the first cause of action) is alleged only against Dashgo. RJN, Ex. 1 [Amended Complaint] at 8:12-14. However, the fifth cause of action, for contributory copyright infringement, is <u>also</u> alleged against Dashgo (as one of the two parties that comprise the defined term "Defendants"). RJN, Ex. 1 [Amended Complaint] at 2:2-4, 13:8-10. It is not legally possible, and thus not "plausible", *cf. Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 570, for Dashgo to be both the direct infringer <u>and</u> a contributory infringer.[4]

---

[4] This internal conflict is probably why Plaintiff's Amended Complaint has such wildly varied allegations about the direct infringement in the Fifth Cause of Action. While Paragraph 88 claims that the direct infringement was done by Defendants' "affiliates, subsidiary [*cont'd*]

Here, Plaintiff, in its first cause of action, has alleged *direct* copyright infringement by Dashgo, while at the same time alleging, in its fifth cause of action, *contributory* copyright infringement by Dashgo. Both allegations cannot be true. Accordingly, as to Dashgo, either the First Cause of Action or the Fifth Cause of Action should be dismissed.[5]

For the reasons set forth, Plaintiff's Amended Complaint is, through and through, so vague and ambiguous that it fails to state a claim. This Motion should be granted, and Plaintiff's Amended Complaint dismissed.

For the same reasons, it is not possible for Defendants to reasonably prepare a response to the Amended Complaint. Should the Court determine that the defective allegations of the Amended Complaint could be amended to state a claim, Plaintiff should be ordered to further amend its Amended Complaint to make it sufficiently definite so that Defendants can reasonably prepare a response, and to do so within ten (10) days of entry of an order hereon.

## V. CONCLUSION.

For all of the reasons set forth herein, the Court should grant this Motion, strike the prayer for punitive damages in the First Cause of Action, and dismiss the Amended Complaint or, in the alternative, order Plaintiff to further amend its Amended Complaint, to more definitely

//

//

---

and/or parent company", Paragraph 89 claims that the direct infringement was done by "Defendants, their affiliates, subsidiaries, and/or parent company", and Paragraph 90 claims that either Dashgo *or* Adrev was the direct infringer. It is simply not possible for all of these allegations to be true. What is undisputable, though, is that the first cause of action, for direct copyright infringement, is alleged only against Dashgo.

[5] The wildly varied allegations of Paragraphs 88 through 90 of the Amended Complaint, *see* footnote 4, *supra*, serve to emphasize just how vaguely and ambiguously Plaintiff has [*cont'd*]

state its purported claims, within ten (10) days of entry of an order hereon. This Motion should be granted.

Respectfully submitted,

Dated: August 3, 2021

DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard J. Idell
Richard J. Idell (SBN 069033)
Ory Sandel (SBN 233204)
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

---

pleaded its claims, and demonstrates why the fifth cause of action should also be dismissed as against Adrev.