UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YELLOWCAKE, INC., a California corporation,**<br><br>**Plaintiffs**<br><br>v.<br><br>**DASHGO, INC., a Delaware corporation, and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,**<br><br>**Defendants** | **CASE NO. 1:21-CV-0803 AWI BAM**<br><br>**ORDER VACATING AUGUST 16, 2021 HEARING AND ORDER ON DEFENDANTS' MOTION TO STRIKE**<br><br>(Doc. No. 4) |

This is a copyright infringement action that stems from the alleged improper infringement of hundreds of domestic and foreign copyrighted works. Currently before the Court is a Rule 12(f) motion to strike by Defendant. Hearing on this motion is set for August 16, 2021.

*Background*

On May 17, 2021, Plaintiff filed its complaint for damages.

On July 1, 2021, Defendants filed a Rule 12(f) motion to strike.

On July 21, 2021, Plaintiff filed a First Amended Complaint ("FAC").

*Discussion*

Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a

motion under Rule 12(b), (e), or (f) . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1). E.g. In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000). "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case. Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

Here, Plaintiff filed its FAC on the twentieth day after Defendants filed their Rule 12(f) motion. Therefore, the FAC was timely under Rule 15(a)(1)(B). Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case. See id. Because Defendants' Rule 12(f) motion is attacking a now non-existent complaint, the Rule 12(f) motion is moot. See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(f) motion to strike (Doc. No. 4) is DENIED as moot; and
2. The August 16, 2021 hearing on Defendants' now moot Rule 12(f) motion is VACATED.

IT IS SO ORDERED.

Dated:   August 4, 2021                             _____
                                                    SENIOR DISTRICT JUDGE