UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DASHGO, INC., a Delaware corporation, and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,<br><br>  Defendants. | No. 1:21-cv-00803-AWI-BAM<br><br>ORDER OVERRULING OBJECTION TO SETH L. BERMAN'S PRO HAC VICE APPLICATION<br>(Doc. 8)<br><br>ORDER GRANTING PRO HAC VICE APPLICATION<br>(Doc. 6) |

**I.    Background**

Plaintiff Yellowcake, Inc. initiated this copyright action on May 17, 2021.  (Doc. 1.)  On July 21, 2021, Seth L. Berman filed an application to appear and participate pro hac vice in this action.  (Doc. 6.)  On July 22, 2021, Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev filed an opposition to the pro hac vice application.  Defendants asserted Mr. Berman does not qualify for pro hac vice admission under Local Rule 180(b)(2) because Mr. Berman is both regularly employed in California and is regularly engaged in professional activities in California.  (Doc. 8.)  In light of Defendants' opposition to the application, the Court directed Mr. Berman to file a written response demonstrating why his admission pro hac vice should not be denied on the basis that he is regularly employed in California or regularly engaged in professional activities in

1   California.  (Doc. 9.)  Mr. Berman filed a written response on August 9, 2021.  (Doc. 13.)  The

2   Court does not find reply necessary.

3       Having considered the opposition, Mr. Berman's response, the record in this case and Mr.

4   Berman's application for pro hac vice admission, the Court will overrule Defendants' objection

5   and grant Mr. Berman's application.

6       **II.**    **Discussion**

7       Local Rule 180 governs the admission of attorneys to practice pro hac vice in this Court.

8   Pursuant to Local Rule 180(b)(2),

9-11      Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice [pro hac vice] if any one or more of the following apply: (i) the attorney resides in California, (ii) the attorney is regularly employed in California, or (iii) the attorney is regularly engaged in professional activities in California.

12  L.R. 180(b)(2).

13      Defendants assert that Mr. Berman has appeared as counsel in six federal actions in

14  California within the past two years.  (Doc. 8 at 4.)  According to the application, the written

15  response and Court records, Mr. Berman has been granted pro hac vice status in four actions in

16  the Eastern District of California:  (1) *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No.

17  1:20-cv-00787-AWI-BAM; (2) *Yellowcake, Inc. and Colonize Media, Inc. v. Triwolf Media, LLC,*

18  *et al.*, Case No. 1:20-cv-00981-AWI-SKO; (3) *Yellowcake, Inc. v. Platino Records, Inc., et al.*,

19  Case No. 1:20-cv-00796-AWI-SKO; and (4) *Yellowcake, Inc. v. Hyphy Music, Inc.*, Case No.

20  1:20-cv-00988-AWI-BAM.  (Doc. 13 at 2-3.)  He also has been admitted to the Central District of

21  California in *Platino Records, Inc. et al v. Colonize Media, Inc. et al,* Case No. 2:20-cv-3159-

22  DSF-JPR.  (Doc. 13 at 3.)  Mr. Berman reports that only two of these five matters remain active:

23  *Yellowcake, Inc. v. Morena Music, Inc., et al.*, Case No. 1:20-cv-00787-AWI-BAM and

24  *Yellowcake, Inc. v. Hyphy Music, Inc.*, Case No. 1:20-cv-00988-DAD-BAM, and the rest have

25  settled.  (*Id.*)

26      According to Mr. Berman, these actions all concern or relate to one or more of the same

27  four clients:  Yellowcake, Kevin Berger, Colonize Media, Inc.; and Colonize's Chief Executive

28  Officer, Jose David Hernandez.  Not including these actions, Mr. Berman has only been admitted

pro hac vice in California one other time, when he was admitted to the Central District of California in *Freeplay Music, LLC ("FPM") v. Thermaltake USA Inc. et al.*, Case No. 1:19-cv-01674. (*Id.* at 5.)

Frequent applications for admission pro hac vice may indicate that an attorney is regularly engaged in professional activities in California in violation of Local Rule 180(b)(2). *See, e.g., Guguni v. Chertoff,* 2008 WL 2080788 (N.D. Cal. 2008); *Mendoza v. Golden West Sav. Ass'n Services Co.*, 2009 WL 2050486 (C.D. Cal. 2009). In *Ang v. Bimbo*, 2015 WL 1474866 (N.D. Cal. 2015), the United States District Court for the Northern District of California considered whether the plaintiff's out-of-state attorney was "regularly engaged in the practice of law in California" and therefore ineligible for pro hac vice admission. The court noted that the Ninth Circuit has held that conduct does not rise to the level of appearance before the court where the attorney:

> never appeared or argued in front of the district court, nor did he sign briefs. He had the role of advising his [co-counsel] and reviewing pleadings, which he did with minimal, nonexclusive contact with the client and no communication with opposing counsel. Moreover, [the attorney] did not even physically enter the State of California in connection with the prosecution of this case.

*Id.* at *3 (citing *Winterrowd v. Am. Gen. Annuity Ins. Co*., 556 F.3d 815, 824 (9th Cir. 2009)).

In *Ang,* the attorney's pro hac vice was permitted to continue because the attorney filtered his work through an in-state attorney, did not sign briefs or argue cases, and his work was limited to activities conducted outside of California such as legal research and advising co-counsel. *See Finder v. Leprino Foods Co.*, No. 1:13-cv-02059-AWI-BAM, 2019 WL 6894468, at *4 (E.D. Cal. Dec. 18, 2019).

According to Mr. Berman's written response, the actions in this district involve common issues concerning copyrighted sound recordings for which he has relevant technical and professional experience.  Mr. Berman's technical experience includes work as a professional songwriter, music producer, and record label executive.  His litigation practice is focused on complex commercial litigation, copyright litigation, transactional copyright law, and transactional entertainment law, mainly concerning music. (Doc. 13 at 4.)

Mr. Berman explains that with his respect to his role in the current actions, he frequently

defers to local counsel, does not exclusively confer with the clients, and does not exclusively dictate and/or shape the legal strategies. He further explains that the vast majority of the papers filed on behalf of the clients in these actions have been drafted with input from both firms and filed by local co-counsel. Mr. Berman indicates that his law firm has no presence in California and except for trial, he will not have to physically appear in California in connection with the prosecution of this case.  (*Id.* at 8.)

Having considered Mr. Berman's response, the Court finds no basis to deny his application for admission pro hac vice.  Mr. Berman has unique technical expertise and he is involved in only a limited number of cases in this district.  As represented by Mr. Berman, he works closely with local co-counsel, does not exclusively confer with the clients or dictate legal strategies, the majority of papers in these actions are filed by local co-counsel, his law firm has no presence in California and, with the exception of trial, his work is limited to activities conducted outside of California.

Defendants assert that there is neither a need, nor good cause for Mr. Berman's admission because he does not intend to appear or argue before the Court, sign briefs or physically enter the State of California in connection with this action.  (Doc. 8 at 6.)  Defendants' assertion is not persuasive.  There is no requirement that counsel engage in these enumerated activities if admitted pro hac vice.

### III.     Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' objections to Mr. Berman's pro hac vice application are overruled; and
2. The pro hac vice application of Seth L. Berman (Doc. 6) filed on July 21, 2021 is granted.

IT IS SO ORDERED.

Dated:   **August 11, 2021**               /s/ *Barbara A. McAuliffe*            _
                                                                 UNITED STATES MAGISTRATE JUDGE