**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff Yellowcake, Inc.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>          Plaintiff,<br><br>    v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation.<br><br>          Defendants. | Case No.: 1:21-cv-00803-AWI-BAM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO (A) DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP 12(B)(6); (B) FOR A MORE DEFINITE STATEMENT UNDER FRCP 12(E) AND (C) TO STRIKE CERTAIN ALLEGATIONS IN THE FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(F)**<br><br>**DATE:** **October 12, 2021**<br>**TIME:** **1:30 PM**<br>**COURTROOM:** **Two** |

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ..................................................................1

**STATEMENT OF FACTS**....................................................................1

**APPLICABLE LEGAL STANDARDS** ..................................................1

    A.   *Motion to Dismiss* ......................................................................1

    B.   *Motion to Strike* ........................................................................1

    C.   *Motion for a More Definite Statement* .....................................1

**ARGUMENT** .........................................................................................1

I.    THE FAC SUFFICIENTLY STATES CLAIMS FOR COPYRIGHT
INFRINGEMENT ..............................................................................1

    A.   *The FAC Contains Sufficient Facts to State Plausible Copyright
Claims against Defendants* ........................................................1

    B.   *The FAC Contains Legally Sufficient Factual Detail and Is not
Fatally Vague or Ambiguous* ....................................................1

        1.   Yellowcake Is not Legally Required to Plead the Copyright
Registrations Dates or the Details of Its Ownership of the
Copyrighted Works........................................................1

        2.   Yellowcake is Not Obligated to Plead the Exact Dates of
Defendants' Acts of Copyright Infringement.................1

        3.   Defendants Are not Precluded from Asserting a Statute of
Limitations Defense......................................................1

        4.   Yellowcake Sufficiently Plead When It Gave Notice to
Defendants ...................................................................1

        5.   Yellowcake Did not Fail to Allege Which Works Identified
in Exhibits "A" and "B" Were Infringed.......................1

        6.   Yellowcake Specifically Alleged How Its Copyrighted
Works Were Infringed by Defendants...........................1

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

7.    Yellowcake Is not Obligated to Specifically Plead Exactly How Many Times Its Copyrighted Works Were Infringed ............ 1

C.    *The FAC Does not Fail to State a Claim Either for Direct Copyright Infringement or Contributory Infringement against Dashgo* ..................................................... 1

II.    YELLOWCAKE IS LEGALLY ENTITLED TO SEEK PUNITIVE DAMAGES AND DEFENDANTS' MOTION TO STRIKE UNDER FRCP 12(f) IS PROCEDURALLY IMPROPER .................................... 1

A.    *Yellowcake Is Legally Entitled to Pursue Punitive Damages* .................. 1

B.    *Yellowcake's Prayer for Punitive Damages Is not Subject to a Motion to Strike* ..................................................... 1

III.    DEFENDANTS ARE NOT ENTITLED TO A MORE DEFINITE STATEMENT UNDER FRCP 12(E) BECAUSE THE FAC IS NEITHER VAUGE NOR AMBIGUOUS .................................... 1

**CONCLUSION** .................................... 1

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................6

*Autotel v. Nev. Bell. Tel. Co.,* 697 F.3d 846 (9th Cir. 2012) .............................7

*Bautista v. L.A. County*, 216 F.3d 837 (9th Cir. 2000)......................................8

*Bell Atl. Corp v. Twombly* , 550 U.S. 544 (2007)..................................6, 8, 15

*Blanc v. Koons*, 329 F.Supp.2d 568 (S.D.N.Y 2004)......................................18

*Capitol Records, Inc. v. Wings Digital Corp.,* 218 F.Supp.2d 280 (E.D.N.Y.2002) ..14

*Conley v. Gibson*, 355 U.S. 41 (1957)................................................................7

*Dream Games of Arz., Inc. v. PC Onsite,* 561 F.3d 983 (9th Cir. 2009)....................18

*Elektra Ent. Grp., Inc. v. Santangelo*, No. 05 CIV. 2414(CM), 2005 WL 3199841
   (S.D.N.Y. Nov. 28, 2005) .......................................................................11, 14

*Entmt Research Grp., Inc. v. Genesis Creative Grp., Inc*., 122 F.3d 1211 (9th Cir.
   1997).....................................................................................................................9

*Fantasy, Inc. v. Fogerty,* 984 F.2d 1524 (9th Cir. 1993)...............................19

*Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340 (1991) ...................9

*Franklin Elec. Publ'r, Inc. v. Unisonic Prod. Corp.,* 763 F.Supp. 1 (S.D.N.Y.1991) 12

*Home & Nature Inc. v. Sherman Specialty Co. Inc.,* 322 F.Supp.2d 260
   (E.D.N.Y.2004) ...............................................................................................12

*Iqbal* ....................................................................................................................8

*Ironforge.com v. Paychex, Inc.,* 747 F. Supp. 2d 384 (W.D.N.Y. 2010) ...................8

*Kelly v. Arriba Soft Corp.,* 336 F.3d 811 (9th Cir. 2003)...............................9

*Livingston v. Morgan*, No. C-06-2389 MMC, 2006 WL 8459602 (N.D. Cal. July 31,
   2006)...................................................................................................................10

*Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097 (9th Cir. 2008) ................7

*Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018)....................................19

*Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187 (2d Cir. 1943) .........8

*Palmer Kane LLC v. Scholastic Corp.*, No. 12 CIV. 3890 TPG, 2014 WL 1303135
   (S.D.N.Y. Mar. 31, 2014).............................................................................11, 12

*Plunket v. Doyle,* 2001 WL 175252, *6 (S.D.N.Y. Feb.22, 2001).......................14, 17

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

*Polar Bear Prods., Inc. v. Timex,* 384 F.3d 700 (9th Cir. 2004) .................................18

*Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.,* 38 F.Supp.2d 276
   (S.D.N.Y.1999) ...............................................................11

*Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793 (C.D. Cal. 2016).........15

*TVT Records v. The Island Def Jam Music Group*, 262 F.Supp.2d 185 (S.D.N.Y
   2003)...............................................................................18

*VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723 (9th Cir. 2019)...........................9

*Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at
   *1–4 (C.D. Cal. Apr. 30, 2013) ...........................................7

*Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010)....................7, 19

*Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. 1979) ................................8

*Yamamoto v. Omiya,* 564 F.2d 1319 (9th Cir.1977) ...................................7

## <u>Statutes</u>

17 U.S.C. § 101 *et seq.* ..................................................................9

17 U.S.C. § 106 ............................................................................9

17 U.S.C. § 507(b) .......................................................................14

## <u>Rules</u>

Fed Rule Civ. Proc. Rule 12(f) ........................................................7

Fed. R. Civ. ¶8(a) .......................................................................8

Fed. R. Civ. P. 12(b)(6) ....................................................6, 7, 8, 10

FRCP 12(f)..........................................................................7, 18, 19

FRCP Rule 12(e) ..................................................................1, 8, 18

FRCP Rule 8 ............................................................................12

FRCP Rule 8(a) ..................................................................2, 8, 10

Rule 12(b)(6) .........................................................................6, 7

Fed R. Civ. P. 12(f) ..........................................................7, 18, 19

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# PRELIMINARY STATEMENT

This memorandum is being submitted in opposition to defendants, Dashgo, Inc. ("Dashgo") and Audio Micro, Inc. d/b/a ADREV ("ADREV") (Dashgo and ADREV are hereinafter referred to as the "Defendants")  Motion to : (A) dismiss Plaintiff Yellowcake Inc.'s ("Yellowcake") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("FRCP") 12(b)(6); (B)  for a more definite statement under FRCP Rule 12(e); and (C) to strike certain allegations in the FAC pursuant to FRCP Rule 12(f) (the "Motion").

This action arises out of Defendants' willful infringement of one thousand two hundred forty (1,240) copyrighted sound recordings owned by Plaintiff Yellowcake, Inc. Defendants, a conglomerate of digital music distribution and marketing companies, continued to sell, distribute and otherwise exploit Yellowcake's copyrighted sound recordings after two distribution agreements previously permitting them to distribute Yellowcake's sound recordings expired and after Yellowcake instructed Defendants to stop their acts of infringement.

As a result of Defendants' continuing acts of copyright infringement, Yellowcake was forced to file this action asserting causes of action for Copyright Infringement, Injunctive Relief, Accounting and Contributory Infringement against Dashgo, and Contributory Copyright Infringement and Vicarious Copyright Infringement against ADREV.

Since copyright infringement is essentially a strict liability offense and Defendants have no substantive defenses to Yellowcake's claims, Defendants, their insurance carrier and their carrier's appointed counsel have resorted to a desperate strategy of using non-substantive, procedural tactics to try and wear down Yellowcake's resolve to prosecute this matter, including filing opposition to the undersigned's application for pro hac vice admission and two baseless motions to strike including this one. *See* Dkts. 4 and 10. It is painfully obviously from the superficial arguments in the Motion that it was only filed to delay having to serve an

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

answer and to unnecessarily harass and expense Yellowcake.

The essence of the Motion is the disingenuous complaint that the FAC fails to allege certain specific information, namely: (i) the exact dates of Yellowcake's copyright registrations; (ii) the exact dates of Defendants' acts of infringement; (iii) the exact date Yellowcake demanded that Defendants cease their acts of infringement; (iv) which of Yellowcake's copyrighted works identified in the exhibits to the FAC were infringed; (v) how Yellowcake's copyrighted works were infringed and (vi) how many times Yellowcakes sound recordings were infringed.

However, as set forth in detail below, the FAC does in fact plead most of this information or provides time frames that can be readily deduced from the allegations in the FAC. Defendants were also actively involved in the events alleged in the FAC and have firsthand knowledge of the alleged missing information. To the extent that Defendants are not in possession of this information, this alleged missing information can be sought during discovery and is not required to be alleged in the FAC.

Most importantly, none of this information is even required under the requisite elements for causes of action for direct, contributory or vicarious copyright infringement and the facts alleged in the FAC more than sufficiently state plausible claim under FRCP 12(b)(6), FRCP Rule 8(a), *Twombly* and *Iqbal*. The FAC contains more than sufficient facts to put Defendants on notice of what kind of claims they are each potentially liable for and to prepare a sufficient response. As such, the Motion, to the extent it seeks to dismiss Yellowcake's copyright infringement claims, must be denied.

Similarly, the Motion, to the extent it seeks to strike Yellowcake's demand for punitive damages in its prayer for relief, must also be denied because Yellowcake is legally entitled to seek punitive damages. Even if it was not, Yellowcake's prayer for punitive damages is not: (i) an insufficient defense; (ii) redundant; (iii) immaterial; (iv) impertinent; or (v) scandalous material as is required to be subject to a motion to strike under FRCP Rule 12(f).

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Lastly, a simple review of the face of the FAC makes clear that Yellowcake has asserted sufficient facts to put Dashgo on notice that claims for direct copyright infringement and contributory copyright infringement have been asserted against it and that that claims for contributory copyright infringement and vicarious copyright infringement have been asserted against ADREV. As such, the Motion, to the extent it seeks a more definite statement under FRCP 12(e), should be denied because the FAC is not so vague or ambiguous that Defendants cannot reasonably prepare a response.

## STATEMENT OF FACTS

Yellowcake is primarily engaged in the business of exploiting intellectual property, including, but not limited to, digital music distribution. *See* FAC at ¶ 17. Yellowcake and its predecessors-in-interest have always been the exclusive owners of one hundred and sixty-five (165) copyrighted sound recordings (the "Copyrighted Works") at issue in this action. *See id*. at ¶ 1, 18, 20; *See* Ex. "A" to FAC for a list of the Copyrighted Works. Yellowcake or its predecessors registered the Copyrighted Works with the United States Copyright Office and were issued a Certificate of Registration for each Copyrighted Work. *See id*. at ¶¶ 1, 18, 20. *See id*. at ¶¶ 1, 18; Ex. "A" to FAC. At the time Yellowcake acquired the Copyrighted Works from its predecessors-in-interest, it acquired all of their rights to each Copyrighted Work, including but not limited to, all rights of those claimants and parties referenced in each Copyrighted Work's Certificate of Registration. *See id*. at ¶ 21. The Copyrighted Works were also published with a copyright notice. *See id*. at ¶ 22.

Yellowcake and its predecessors-in-interest have also been the exclusive owners of one thousand seventy-five (1,075) foreign copyrighted works (the "Foreign Works"). *See id*. at ¶¶ 2, 18; *See* Ex. "B" to FAC for a list of the Foreign Works. All of the Foreign Works were duly registered and first published in Mexico before being acquired by Yellowcake. *See id*. at ¶¶ 23, 25. At the time Yellowcake acquired the Foreign Works from its predecessors-in-interest, it acquired all of their rights to each

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Foreign Work, including but not limited to, all rights of those claimants and parties referenced in each Foreign Work's Certificate of Registration. *See id.* at ¶ 24. Yellowcake's predecessors-in-interest fully complied with all the requirements of Mexican copyright law and the Foreign Works are protected under Mexican Copyright Law. *See id.* at ¶ 25. Moreover, all of the Foreign Works are subject to copyright protection in the United States pursuant to The Berne Convention for the Protection of Literary and Artistic Works and the Copyright Act of 1976, as amended. *See id.* at ¶ 19.

In addition, Yellowcake and its predecessors-in-interest have complied in all respects with the provisions of the Copyright Act of 1976, as amended with regards to Yellowcake's Copyrighted Works and the Foreign Works. *See id.* at ¶ 19.

Defendant Dashgo is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as online platforms, including without limitation, iTunes, Apple Music, Spotify, Amazon Music and www.YouTube.com ("Digital Distribution Platforms"). *See id.* at ¶¶ 3, 14. Pursuant to two written distribution agreements which were terminated prior to Dashgo's wrongdoing – as described below - Dashgo had rights to exploit the Copyrighted Works and Foreign Works.

Defendant, ADREV is, upon information and belief, the sole owner and parent company of Dashgo. *See id.* at ¶ 16. Even if ADREV is not Dashgo's parent, ADREV is an agent and/or business affiliate of Dashgo for the reasons described below. *See id.* at ¶¶ 37, 40, 42. According to its own website, ADREV is a digital rights management company that "helps musicians navigate the wilds of user generated content monetization on YouTube." *See id.* at ¶ 39.

Prior to Yellowcake's commencement of this action, Dashgo, had a contractual right to exploit the Copyrighted Works and Foreign Works pursuant to two written distribution agreements. *See id.* at ¶ 28. One agreement was between Dashgo and Colonize Media, Inc. ("Colonize"), (the "Colonize Distribution Agreement"). *See id.*

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel:516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Colonize is Yellowcake's agent and distributer. *See id*. at ¶ 5. The other agreement was between Dashgo and MAR International Records, Inc. ("MAR") (the "MAR Distribution Agreement"). *See id*. at ¶ 28. MAR is one of Yellowcake's predecessors-in-interest in a number of Copyrighted Works and Foreign Works. *See id.*

Both the Colonize Distribution Agreement and the MAR Distribution Agreement were validly terminated under the terms of the respective agreements after Yellowcake acquired the exclusive ownership of all of the rights in the Copyrighted Works and the Foreign Works. *See id*. at ¶ 29. In fact, Dashgo acknowledged in writing that both the Colonize Distribution Agreement and MAR Distribution Agreement were validly terminated and that Dashgo would cease distributing both Yellowcake's Copyrighted Works and Foreign Works. *See id*. at ¶ 30. After the two agreements terminated, Yellowcake did not enter into another distribution agreement with Defendants or otherwise authorize Defendants to continue exploiting any of the Copyrighted Works or Foreign Works. *See id*. at ¶ 31. Whatever rights Defendants may have had in the past to exploit the Copyrighted Works and Foreign Works no longer exist. *See id*. at ¶¶ 32, 33, 41.

Nevertheless, at some point after the Colonize Distribution Agreement and MAR Distribution Agreement were terminated, Dashgo exploited, and continues to exploit, the Copyrighted Works and Foreign Works for its own benefit and in violation of Yellowcake's exclusive rights under 17 U.S.C. § 106. *See id*. at ¶¶ 34, 36. For example, Dashgo engaged in the unauthorized sale, distribution, reproduction, synchronization, creation of derivative works, and public performance thereof via digital transmission on Digital Distribution Platforms. *See id*. at ¶¶ 3, 34. Dashgo also created and/or uploaded, or caused to be created and/or uploaded, videos containing unauthorized derivative works of the Copyrighted Works and Foreign Works to YouTube. *See id*. at ¶ 35.

On multiple occasions, Yellowcake, through Colonize, notified Dashgo and ADREV of Dashgo's unauthorized exploitation of Yellowcake's Copyrighted Works

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

and Foreign Works, and demanded that Defendants cease their infringement. *See id*. at ¶ 37. Dashgo and ADREV confirmed that Dashgo's unauthorized uses of Yellowcake's Copyrighted Works and Foreign Works would cease. *See id*. at ¶ 38.

When Yellowcake, through Colonize, contacted Dashgo and demanded that it stop its unauthorized exploitation of Yellowcake's Copyrighted Works and Foreign Works, Colonize was contacted by employees or agents of ADREV to discuss the unauthorized exploitations committed by Dashgo. *See id*. at ¶ 42. Based on such communications and context, it appears that ADREV contributed to Dashgo's unauthorized exploitation of the Copyrighted Works and Foreign Works by performing business, administrative, distribution and/or technological functions in connection with such exploitation. *See id*. at ¶¶ 40, 43.

Despite the fact Defendants were notified that they were exploiting the Copyrighted Works and Foreign Works without authorization, and the fact that they confirmed that all unauthorized uses would cease, Defendants engaged in at least one hundred and sixty-five (165) unauthorized uses of Yellowcake's Copyrighted Works. *See id*. at ¶¶ 38, 44 as well as a large number of unauthorized uses of the Foreign Works.

## APPLICABLE LEGAL STANDARDS

### A.    *Motion to Dismiss*

Under FRCP Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly ,* 550 U.S. 544, 570 (2007)).

A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal,* 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly,* 550 U.S. at 555.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.,* 697 F.3d 846, 850 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). (Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.")

B.    *Motion to Strike*

FRCP Rule 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

However, motions to strike are generally rejected "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *1–4 (C.D. Cal. Apr. 30, 2013). "Where a Rule 12(f) motion is really an attempt to dismiss certain claims, the Ninth Circuit has held that a Rule 12(b)(6) motion or a Rule 56 motion is the more proper vehicle." *See Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974 (9th Cir. 2010). FRCP 12(f) is narrowly construed and courts may not resolve disputed factual or legal issues in deciding a motion to strike. *Id.* at 973-974; *Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir.1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.' ") (internal citations omitted).

A court must determine solely whether the material sought to be struck is: (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. *Whittlestone, supra, 618 F.3d* at 973-974.

In addition, "[a] motion to strike…allegations under Rule 12(f) is…disfavored because it requires a reviewing court to preemptively terminate…aspects of litigation,

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

solely on the basis of what is alleged in the complaint, and before plaintiff's are permitted to complete the discovery to which they would otherwise be entitled on questions relevant..." *See Ironforge.com v. Paychex, Inc.,* 747 F. Supp. 2d 384 (W.D.N.Y. 2010).

When granted, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826-827 (9th Cir. 1979).

C.     *Motion for a More Definite Statement*

FRCP Rule 12(e) reads in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Furthermore, FRCP Rule 8(a) states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. ¶8(a) A claim is the "aggregate of operative facts which give rise to a right enforceable in the courts." *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943).

To comply with FCRP Rule 8, a plaintiff need only plead a short and plain statement of the elements of his or her claim, identify the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *See Bautista v. L.A. County*, 216 F.3d 837, 840 (9th Cir. 2000).

## ARGUMENT

I.     **THE FAC SUFFICIENTLY STATES CLAIMS FOR COPYRIGHT INFRINGEMENT**

A.     *The FAC Contains Sufficient Facts to State Plausible Copyright Claims against the Defendants*

A review of the FAC shows that it contains more than sufficient facts to state plausible claims of direct copyright infringement, contributory infringement and vicarious infringement as required by FRCP Rules 8(a), 12 (b)(6), *Twombly* and *Iqbal*.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

All Yellowcake needs to allege to properly plead a cause of action for copyright infringement is (i) ownership of a valid copyright and (ii) copying of constituent elements of the work that are original. *See Feist Publications v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991); *see also Entmt Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) ("To establish copyright infringement, the holder of the copyright must prove both valid ownership of the copyright and infringement of that copyright by the alleged infringer.")

Infringement may consist of any violation of the copyright-holder's exclusive rights guaranteed by the Copyright Act, 17 U.S.C. § 101 *et seq.,* including the right to reproduce and distribute the work. 17 U.S.C. § 106; *see also Kelly v. Arriba Soft Corp.,* 336 F.3d 811 (9th Cir. 2003); *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 745 (9th Cir. 2019).

All Yellowcake needs to allege to properly plead a cause of action for contributory copyright infringement is that the defendant: (i) has knowledge of another's infringement and (ii) either materially contributes to or induces that infringement. *VHT, Inc*, 918 F.3d at 745; s*ee also* Dkt. 7, FAC generally and at ¶¶ 84-94.

To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has: (i) the right and ability to supervise the infringing conduct and (ii) a direct financial interest in the infringing activity. *Id*; s*ee also* Dkt. 7, FAC generally and at ¶¶ 71-83.

As set forth in the statement of facts and the next section, Yellowcake unambiguously pled in the FAC: (i) that Yellowcake is the lawful owner of Yellowcake's Copyrighted Works and the Foreign Works (*See* Dkt. 7, FAC at ¶ 1, 2, 18, 20, 21, 27, 33); (ii) that Defendants infringed all of the sound recordings identified in Exhibits "A" and "B" of the FAC (*See* Dkt. 7, FAC at ¶ 1, 2, 3, 28-35); (iii) that Defendants infringed the sound recordings through the copying/reproduction, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Works through various Digital Distribution Platforms and by making derivative works by synchronizing many of the sound recordings to YouTube videos, all without permission form Yellowcake (*See* Dkt. 7, FAC at ¶ 1, 2, 3, 34, 35, 51, 51); (iv) that ADREV also contributed to and benefited from the acts of infringement (*See* Dkt. 7, FAC at ¶ 40-49); (v) that ADREV had the right to control and supervise Dashgo's acts of infringement; and (vi) that Yellowcake put Defendants on notice of their acts of infringement, but Defendants continued their infringing activities anyway (*See* Dkt. 7, FAC at ¶ 37, 38, 44).

Not only does the FAC allege 49 paragraphs concerning the elements of the three copyright claims (*see* Dkt. 7, FAC generally and at ¶ ¶ 45-94), it also contains another 44 paragraphs of additional background facts to support the causes of action. *See* Dkt. 7, FAC generally and at ¶ 1-44.

As such, Yellowcake has properly stated plausible claims for direct copyright infringement and contributory copyright infringement against Dashgo and contributory copyright infringement and vicarious copyright infringement against ADREV.

The legal authority relied on by Defendants in support of their Motion consists of non-binding and unreported cases that are factually distinguishable from this case. In *Livingston v. Morgan*, No. C-06-2389 MMC, 2006 WL 8459602 (N.D. Cal. July 31, 2006), the court dismissed the plaintiff's copyright infringement claim under FRCP 12(b)(6) because the plaintiff failed to satisfy the sufficiency requirements of FRCP Rule 8(a). Specifically, the plaintiff sued the defendant for infringement of 58 photographs of Marilyn Monroe but only vaguely alleged that the defendant used "at least one" of plaintiff's Marilyn Monroe photographs without permission to create a derivative work, and the plaintiff did not identify any of the specific photographs at issue. In particular, the complaint did not identify the photograph(s) purportedly used by defendant without the plaintiff's authorization. Additionally, the plaintiff failed to identify the derivative work the defendant purportedly created from the subject

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

photograph(s), or when such derivative work was created. *Id*.

Here, the FAC explicitly alleges that Defendants infringed *all* of Yellowcake's Copyrighted Works specifically identified in Exhibit "A" of the FAC and *all* of the Foreign Works specifically identified in Exhibit "B". *See* Dkt. 7, FAC ¶ 1, 2, 3, 34, 35. Exhibit "A" of the FAC includes the artist, title and copyright registration number for each of Yellowcake's Copyrighted Works infringed and Exhibit "B" contains the artist and title of each of the Foreign Works infringed. *See* Dkt. 7, FAC, Exhibits "A" and "B". Also the FAC unambiguously states that Defendants infringed Yellowcakes Copyrighted Works and Foreign works by copying, selling and distributing the sound recordings through the Digital Distribution Platforms. *See* Dkt. 7, FAC, ¶ 3, 34, 51, 52. Further, the FAC specifically alleges that Defendant made unauthorized derivative works using Yellowcake's sound recordings by synchronizing them to videos and posting the videos to YouTube. *See* Dkt. 7, FAC, ¶ 35, 51. A complaint need not specify which copyright was infringed by which act. *See Richard Feiner and Co., Inc. v. Larry Harmon Pictures Corp.,* 38 F.Supp.2d 276, 279 (S.D.N.Y.1999).

The FAC also alleges that these acts occurred after the Colonize Distribution Agreement and the MAR International Distribution Agreement were terminated and that Defendants continued their acts of infringement, thereby putting Defendants on a legally sufficient notice of a specific time frame. *See* Dkt. 7, FAC, ¶¶ 34-36; *Elektra Ent. Grp., Inc. v. Santangelo*, No. 05 CIV. 2414(CM), 2005 WL 3199841 (S.D.N.Y. Nov. 28, 2005) (time frame of infringement can be inferred from facts and continuing infringement is sufficient to put defendants on notice of timeframe).

In addition, *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CIV. 3890 TPG, 2014 WL 1303135 (S.D.N.Y. Mar. 31, 2014) is also distinguishable from this case. In *Palmer*, the plaintiff, a photography agency, sued the defendants for copyright infringement for use of its copyrighted photographs after the expiration of a license without authorization. The court dismissed the plaintiff's copyright infringement claim, in part, because the plaintiff alleged in the complaint that the list of copyrighted

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

works allegedly infringed by the defendants set forth in Exhibit "A" to the complaint was not a complete list of all of the works allegedly infringed by the petitioner defendant. *See, Palmer, at *4.* As such, the court held that the defendant could not know all of the works that the plaintiff claims it infringed and, therefore, the plaintiff failed to allege the first element of a copyright infringement claim, that there are specific, original works at issue. *See, Id.* The *Palmer* court also dismissed the complaint on the basis that it failed to properly allege the infringing acts committed by the defendants. The plaintiff only made vague allegations that the defendant exceeded the prior licenses and used the copyrighted photographs without authorization. The complaint did not specify the defendant's specific acts of infringement or how they infringed the plaintiff's copyrighted works. *See, Id.*

As set forth above, the FAC contains complete lists of the works allegedly infringed and sufficient detail about the acts of infringement in the form of unlawful sale, performance and distribution through Digital Distribution Platforms and YouTube videos.

    **B.**    <u>*The FAC Contains Legally Sufficient Factual Detail and Is not Fatally Vague or Ambiguous*</u>

As set forth in detail below, the face of the FAC contains more than sufficient facts to put Defendants on notice of which copyrighted works were infringed, when they were infringed and how they were infringed. A complaint alleging copyright infringement sufficiently complies with FRCP Rule 8 when the plaintiffs assert: (i) which specific original works form the subject of the copyright claim; (ii) that plaintiffs own the copyright in those works; (iii) that the copyrights have been registered in accordance with the statute; and (iv) by what acts and during what time the defendant infringed the copyright. *Franklin Elec. Publ'r, Inc. v. Unisonic Prod. Corp.,* 763 F.Supp. 1, 4 (S.D.N.Y.1991); *Home & Nature Inc. v. Sherman Specialty Co. Inc.,* 322 F.Supp.2d 260, 266 (E.D.N.Y.2004).

/ / /

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1.    *Yellowcake Is not Legally Required to Plead the Copyright Registrations Dates or the Details of Its Ownership of the Copyrighted Works*

As the previous section makes clear, there is no legal requirement to plead the registration dates of the Copyrighted Works or Foreign Works infringed in order to sufficiently plead a cause of action for copyright infringement, nor do Defendants cite to any legal authority requiring a plaintiff to plead the dates its copyrights were registered.

Nonetheless, Yellowcake did provide the registration numbers for Yellowcake's Copyrighted Works in Exhibit "A" to the FAC and Defendants could have easily obtained the registration dates themselves using the registration numbers provided. *See* Dkt. 7, FAC Exh. "A".

If Defendants had looked up the registrations and believed that the Copyrighted Works were registered after the date of filing the initial complaint, they could have moved to dismiss the initial complaint or the FAC, but tellingly failed to do so. That is because all the registrations pre-date the filing of the initial complaint. Furthermore, additional registration information will be produced in discovery and Defendants still have an opportunity to move for summary judgment under FRCP Rule 56 if they believe that the copyrights were not registered until after the filing of the initial complaint, even though they were.

Yellowcake is also not legally obligated to plead any details of how or when it acquired ownership of the copyrighted works at issue. All that is required is that Yellowcake plead that it is the owner of valid copyrights at the time they were infringed, which it did in the FAC. *See* Dkt. 7, FAC at ¶¶ 18, 27-34, 49.

2.    *Yellowcake Is not Obligated to Plead the Exact Dates of Defendants' Acts of Copyright Infringement*

Yellowcake is not required to plead the dates of the acts of infringement in order to properly plead the elements of a cause of action for copyright infringement. *Elektra Ent. Grp., Inc. v. Santangelo*, No. 05 CIV. 2414(CM), 2005 WL 3199841 (S.D.N.Y.

Nov. 28, 2005) (time frame of infringement can be inferred from facts and continuing infringement is sufficient to put defendants on notice of timeframe). Under FRCP Rule 8, Plaintiffs need only give notice of the claim, leaving "factual details and evidentiary issues [to be] developed during discovery." *Capitol Records, Inc. v. Wings Digital Corp.,* 218 F.Supp.2d 280, 284 (E.D.N.Y.2002); *see also Plunket v. Doyle,* 2001 WL 175252, *6 (S.D.N.Y. Feb.22, 2001) (holding that plaintiff need not specify in the complaint each infringing act, as "discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendant's control").

Yellowcake intentionally did not plead the exact dates of Defendants' acts of infringement because there are potentially thousands of acts of infringement and there may be additional acts of infringement that Yellowcake is not aware of because such information is in the exclusive knowledge of Defendants who are the infringers responsible for distributing Yellowcake's copyrighted works to the Digital Distribution Platforms. All of these facts will be explored during the course of discovery and Yellowcake will produce its proof of Defendants' acts of infringement.

Defendants have every opportunity to raise an affirmative defense of statute of limitations, latches or estoppel and can move for summary judgment under FRCP Rule 56 after the close of discovery if they believe that Yellowcake does not have sufficient evidence to support its claims. However, the allegations in the FAC, accepted as true, provide more than sufficient factual basis to plead plausible claims of copyright infringement.

3.    *Defendants Are not Precluded from Asserting a Statute of Limitations Defense*

There is no legal authority prohibiting Defendants from asserting an affirmative defense of the statue limitations. All Defendants need to do is identify what statue limitations they are relying on (presumably 17 U.S.C. § 507(b)) and what causes of

/ / /

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

actions are barred by the statute of limitations (presumably Yellowcake's copyright claims).

The case of *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793 (C.D. Cal. 2016), cited by Defendants is irrelevant.  In *Rosen*, the court granted the Plaintiff's motion to strike the defendant's affirmative defense based on the statute of limitations *with leave to amend* because the defendant asserted nothing but a bareboned assertion of the defense without any factual support which did not provide "fair notice" of the defense under *Twombly*. *Id. at 804*. The defendant did not specify what statute it was referring to when there were multiple statutes at issue and did not specify which causes of action were barred by the statute of limitations. *Id*. While the *Rosen* court also noted that the defendant also failed to state the date after which the statute of limitations became effective, it was not the determining factor in the courts decision to strike the affirmative defense. The *Rosen* court struck the defense because there were no supporting facts whatsoever. *Id*.

Here, Defendants have not even answered yet, and they will have the opportunity to assert sufficient facts to support their affirmative defense including what statutes they are relying on and what claims the defense applies to.

    4.    *Yellowcake Sufficiently Plead When It Gave Notice to Defendants*

Likewise, Yellowcake is under no obligation to plead the specific date it gave notice to Defendants that they were infringing Yellowcake's Copyrighted Works or Foreign Works. First, notice is not an element of direct copyright infringement, contributory copyright infringement or vicarious copyright infringement.

Second, Yellowcake acknowledges that it bears the burden of substantiating the factual allegations in the FAC with proof and will do so during discovery. Notwithstanding the fact that Yellowcake is not legally obligated to plead the exact date it gave Defendants notice of their infringing activities, the timeframe for the notice is easily deduced from the facts as alleged. Notice was given sometime between the termination of the distribution agreements and the filing of the complaint.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Defendants are also being disingenuous because they have firsthand knowledge that they were put on notice of their acts of infringement by Yellowcake.

     5.   *Yellowcake Did not Fail to Allege Which Works Identified in Exhibits "A" and "B" Were Infringed*

Contrary to Defendants' arguments, a review of the allegations in the FAC make it abundantly clear that Yellowcake pled that Defendants infringed *all* of the Copyrighted Works identified Exhibit "A" and *all* of the Foreign Works identified in Exhibit "B" of the FAC. *See* Dkt. 7, FAC at ¶ 1, 2, 3, 34, 35, 43, 51, 75, 76, 85.

     6.   *Yellowcake Specifically Alleged How Its Copyrighted Works Were Infringed by Defendants*

The FAC contains legally sufficient factual allegations of exactly how Defendants infringed Yellowcake's copyrighted works. Yellowcake specifically alleged that Defendants unlawfully copied and distributed its copyrighted works on multiple digital distribution platforms such as iTunes, Appel Music, Amazon, Spotify and YouTube. *See* Dkt. 7, FAC at ¶3, 34, 35, 51 and 52.

Yellowcake also alleged that Defendants made unauthorized derivative works by synchronizing some of Yellowcake's sound recordings with new audiovisual works and posting them on YouTube. *See* Dkt. 7, FAC at ¶ 35 and 52. Yellowcake also clearly pled that the acts infringement occurred sometime after the termination of the two distribution agreements and continued after the filing of the initial complaint on May 17, 2021, and the FAC on July 21, 2021. *Se*e Dkt. 1 and 7. Accordingly, the FAC contains more than sufficient allegations to put Defendants on notice of the specifics of Yellowcake's claims.

     7.   *Yellowcake Is not Obligated to Specifically Plead Exactly How Many Times Its Copyrighted Works Were Infringed*

Defendants also wrongfully argue, without legal support, that the FAC is somehow defective and fails to state a claim for copyright infringement because
/ / /

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Yellowcake pleads that 165 of its Copyrighted Works (all identified in Exhibit "A" of the FAC) were infringed by Defendants at least 165 times.

There is nothing inconsistent, illogical or confusing about this allegation. It simply means that each of the 165 Copyrighted Works was infringed by Defendant at least once and possibly more than once. Obviously, Yellowcake brought this action because it discovered a number of acts of infringement by Defendants and Yellowcake will substantiate its claims with the proof it has collected thus far. However, it is also possible, and highly likely, that Defendants infringed the Copyrighted Works more times than Yellowcake is aware of and Defendants would be in sole possession of the knowledge and proof of these additional acts of infringement. Thus, Yellowcake is entitled to plead that it believes that Defendants infringed each of its works more than once, and seek evidence of these multiple acts of infringement from Defendant through the discovery process. *Plunket,* 2001 WL 175252, *6.

C.    *The FAC Does not Fail to State a Claim Either for Direct Copyright Infringement or Contributory Infringement against Dashgo*

Contrary to Defendants' arguments, the FAC does not fail to state a claim of direct copyright infringement or contributory copyright infringement against Dashgo simply because it did not assert a cause of action for direct copyright infringement against ADREV.

Dashgo is believed to be the primary infringer but Yellowcake is entitled to plead in the alternative and Dashgo was named as a defendant in the contributory infringement claim because it is possible, and likely, that Dashgo assisted ADREV in with its own acts of direct infringement.

Even if the FAC did not specifically allege a cause of action for direct copyright infringement against ADREV, that does not necessarily mean that the FAC did not state a valid cause of action for direct copyright infringement against Dashgo. If anything, Yellowcake should be granted leave to amend the FAC to add a claim of direct copyright infringement against ADREV.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

In light of the foregoing, the Motion, to the extent it seeks to dismiss Yellowcake's copyright infringement claims under FRCP 12(b)(6), should be denied.

## II.    YELLOWCAKE IS LEGALLY ENTITLED TO SEEK PUNITIVE DAMAGES AND DEFENDANTS' MOTION TO <u>STRIKE UNDER FRCP 12(f) IS PROCEDURALLY IMPROPER</u>

### A.    _Yellowcake Is Legally Entitled to Pursue Punitive Damages_

Contrary to Defendants' arguments, punitive damages are permitted in connection with a cause of action for copyright infringement if the plaintiff elects to receive actual damages rather than statutory damages or is limited to pursue only actual damages. _See TVT Records v. The Island Def Jam Music Group_, 262 F.Supp.2d 185 (S.D.N.Y 2003); _Blanc v. Koons_, 329 F.Supp.2d 568 (S.D.N.Y 2004).

Here, Yellowcake has not yet determined whether it wants to pursue statutory damages or actual damages in connection with its claims concerning its domestic Copyrighted Works and since the Foreign Works are not registered in the United States, Yellowcake can only pursue actual damages in connection with its copyright claims concerning the Foreign Works. As such, Yellowcake is entitled to pursue punitive damages.

None of the authority cited by Defendants prohibits a plaintiff from seeking punitive damages in connection with a claim for copyright infringement. _Dream Games of Arz., Inc. v. PC Onsite,_ 561 F.3d 983, 992 (9th Cir. 2009) merely stands for the general proposition that statutory copyright damages are both compensatory and punitive and that juries have wide discretion in determining the amount of statutory damages to be awarded, constrained only by the statutorily specified maxima and minima.

In _Polar Bear Prods., Inc. v. Timex,_ 384 F.3d 700, 704-705 (9th Cir. 2004), the Ninth Circuit Court of Appeals merely restated in dicta that that the plaintiff in that action was precluded from seeking punitive damages because the district court dismissed the only two claims seeking punitive damages, which were state law claims,

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

and thereby effectively precluded Polar Bear from seeking punitive damages. Nowhere in the Polar Bear decision does the court explicitly hold that a plaintiff cannot seek punitive damages in connection with copyright infringement claims.

Lastly, *Miss Glob. Org. LLC v. Mak* (C.D. Cal. Oct. 1, 2018) is a non-binding and unreported case from the United States District Court for the Central District of California, which merely observed that other cases suggest that punitive damages are not available in copyright infringement actions.

B. *Yellowcake's Prayer for Punitive Damages Is not Subject to a Motion to Strike*

As set forth in the legal standard section, motions to strike are highly disfavored. In addition, Defendants' motion to strike Yellowcake's prayer for relief for punitive damages is improper because the prayer is not: (i) an insufficient defense; (ii) redundant; (iii) immaterial; (iv) impertinent; or (v) scandalous as required to be subject to a motion to strike under FRCP 12(f). *Whittlestone,* 618 F.3d 970, 973-974 (9th Cir. 2010).

First, the claim for punitive damages is clearly not an insufficient defense; rather, it is a demand for damages. Second, the claim for punitive damages is not redundant, as it only appears in the prayer for relief. Third, the claim for punitive damages is not immaterial, because whether these damages are recoverable relates directly to the Yellowcake's underlying claim for relief. *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead."). Fourth, the claim for punitive damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged. *Id.* ("Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."). Finally, a claim for punitive damages is not scandalous, and Defendants have not argued as much.

/ / /

As such, there is no basis to strike the demand for punitive damages from the prayer from relief in the FAC.

III.    **DEFENDANTS ARE NOT ENTITLED TO A MORE DEFINITE STATEMENT UNDER FRCP 12(E) BECAUSE THE FAC IS NEITHER VAUGE NOR AMBIGUOUS**

Under no logical reading of the FAC can it be legitimately argued that the FAC is so vague or ambiguous the Defendants should be entitled to a more definitive statement under FRCP 12(e). *See* Dkt. 7, FAC at ¶ 1 -¶ 94. As the preceding arguments made clear, the FAC contains more than enough factual detail to put Defendants on notice of which Defendants are subject to which causes of action so that Defendants can reasonably prepare a response.

It is evident from the face of the FAC that Yellowcake asserted causes of action against Dashgo for direct copyright infringement and contributory copyright infringement and causes of action for contributory infringement and vicarious copyright infringement against ADREV.

Again, Yellowcake unambiguously pled: (i) that Yellowcake is the lawful owner of Yellowcake's Copyrighted Works and the Foreign Works; (ii) that Defendants infringed all of the sound recordings identified in Exhibits "A" and "B" of the FAC; (iii) that Defendants infringed  the sound recordings through the reproduction, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works through various Digital Distribution Platforms and by making derivative works by synchronizing many of the sound recordings to YouTube videos, all without permission form Yellowcake; (iv) that ADREV was involved, contributed to and was aware of the acts of infringement; and (v) that Yellowcake put Defendants on notice of their acts of infringement; but Defendants continued their infringing activities anyway.

It is obvious from the superficial arguments in Defendants' Motion that it was filed for the purposes of unnecessarily harassing and expensing Yellowcake as part

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants' vexatious litigation strategy. Defendants already have first-hand knowledge of the events and allegations in the FAC and their claim that they do not have enough information to reasonably prepare a response to the FAC is incredibly disingenuous because: (i) Dashgo was a party to the distribution agreements and likely have them in their possession; (ii) Defendants were the parties who unlawfully exploited Yellowcake's sound recordings through the various Digital Distribution Platforms and, therefore, they know which sound recordings were infringed and when they were infringed, and likely have documents and other information relating to these exploitations in their possession; and (iii) Defendants were the recipients of the demand from Yellowcake and its agent Colonize to cease infringing Yellowcake's Copyrighted Works and Foreign Works and likely have copies in their possession and know the date the notice was sent.

Yellowcake is not obligated to do Defendants' work for them and if Defendants would like more specific information regarding Yellowcake's allegations, Defendants can obtain that information during discovery through the use of interrogatories, document demands and depositions. However, a more definite statement is neither necessary nor appropriate under these circumstances. As such, Defendants' Motion, to the extent it seeks a for a mere definite statement under FRCP 12(e), should be denied as a matter of law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

## CONCLUSION

For the foregoing reasons, Yellowcake respectfully requests that the Court deny Defendants' Motion in its entirety. Alternatively, Yellowcake should be granted leave to amend the FAC in the unlikely event that the court determines that there are deficiencies in the FAC.

Dated: September 20, 2021

ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, FORMATO,
FERRARA, WOLF & CARONE, LLP

By: _____

Seth L. Berman, Esq.
(*admitted pro hac vice*)

and

HEFNER, STARK & MAROIS, LLP

By: _____

Thomas P. Griffin, Jr., Esq. (SBN 155133)
*Attorneys for Plaintiff Yellowcake*