RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email:  ridell@dpf-law.com
        osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,<br><br>      Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION: (A) TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (B) TO STRIKE ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 8(a), 12(b)(6), 12(e), 12(f)]<br><br>**Date**: Tuesday, October 12, 2021<br><br>**Time**: 1:30 p.m.<br><br>**Place:** United States District Court, E.D. Cal.<br><br>    Robert E. Coyle U.S. Courthouse<br><br>    Courtroom 2 – Eighth Floor<br><br>    2500 Tulare Street<br><br>    Fresno, CA 93721<br><br>(E-filing)<br><br>Hon. Judge Anthony W. Ishii, Presiding |

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES……………………………………………………………….……ii

I.    ARGUMENT. ................................................................................................................... 1

    A.    THE COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE DAMAGES ALLEGED AS TO THE FIRST CAUSE OF ACTION. ........................................ 1

    B.    THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT CLAIMS. ........ 2

        1.    The Court Should Dismiss Either the First Cause of Action, for Direct Copyright Infringement, or the Fifth Cause of Action, for Contributory Copyright Infringement, as Against Dashgo. ............................................ 9

    C.    PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT. ................................................................................................................... 9

II.    CONCLUSION. ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 ................................................................................................ 8

*Blanch v. Koons* (S.D.N.Y. 2004) 329 F.Supp.2d 568 ...................................................................... 2

*Boyd v. Benton Cnty.* (9th Cir.2004) 374 F.3d 773 ........................................................................... 1

*Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450 .................................................................. 2

*Carrillo v. Cty. of Los Angeles* (9th Cir. 2015) 798 F.3d 1210 ......................................................... 1

*Falkner v. Gen. Motors LLC* (C.D. Cal. 2018) 393 F.Supp. 3d 927 .................................................. 1

*Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586 ........................................................ 2

*Lafarga v. Lowrider Arte Mag.* (C.D. Cal. July 18, 2014) No. SACV111501DOCMLGX,
  2014 WL 12573551 ....................................................................................................................... 6

*Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG,
  2014 WL 1303135 .......................................................................................................................... 7

*Podany v. Robertson Stephens, Inc.* (S.D.N.Y. 2004) 350 F.Supp.2d 375 ....................................... 8

*Proline Concrete Tools, Inc. v. Dennis* (S.D. Cal. Aug. 18, 2008) No. 07CV2310-LAB (AJB),
  2008 WL 11286077 ...................................................................................................................... 10

*Ritani, LLC v. Aghjayan* (S.D.N.Y. 2012) 880 F.Supp.2d 425 ......................................................... 1

*Rosen v. Masterpiece Mktg. Grp., LLC* (C.D. Cal. 2016) 222 F. Supp. 3d 793 ............................... 8

*TVT Records v. Island Def Jam Music Grp.* (S.D.N.Y. 2003) 262 F.Supp.2d 185 ..................... 1, 2

*Whittlestone, Inc. v. Handi-Craft Co.* (9th Cir. 2010) 618 F.3d 970 ................................................ 2

## TREATISES

4 Nimmer on Copyright § 14.02 ......................................................................................................... 1

I.     **ARGUMENT.**

   A.    **THE COURT SHOULD STRIKE THE PRAYER FOR PUNITIVE DAMAGES ALLEGED AS TO THE FIRST CAUSE OF ACTION.**

Defendants have provided *California* federal case law supporting the propositions: (1) that punitive damages for a claim of statutory copyright infringement are unavailable as a matter of law[1]; and (2) that a prayer for legally-unavailable relief may be stricken. *See* Motion at 10:17-11:8. In response, Plaintiff has cited to two *New York* federal cases[2] for the purported proposition that punitive damages are permitted in connection with a cause of action for copyright infringement if the plaintiff elects to receive actual damages rather than statutory damages or is limited to pursue only actual damages. Opposition at 18:7-11. Neither of the S.D.N.Y. cases cited by Plaintiff stands for that purported proposition.

Rather, both cases hold that, in copyright cases, punitive damages are *available* where

---

[1] Plaintiff's attempt to distinguish Defendants' authorities fails. The cases plainly stand for the proposition for which they were cited. *See also Falkner v. Gen. Motors LLC* (C.D. Cal. 2018) 393 F.Supp.3d 927, 939 (granting defendant's motion for partial summary judgment to preclude availability of punitive damages and citing cases). Notably, the *Falkner* court considered – and rejected – one of Plaintiff's authorities, *TVT Records v. Island Def Jam Music Grp.*, 262 F.Supp.2d 185 (S.D.N.Y. 2003), as "an outlier case given the case law as a whole." *Id.* (citing 4 Nimmer on Copyright § 14.02[C][2] [describing *TVT Records* as a "rogue decision" that should not be followed]).

[2] Indeed, throughout its opposition brief, Plaintiff repeatedly and heavily relies on New York federal case law. *See* Opposition at 11:13-15, 11:16-22, 12:20-27, 13:26-14:9, 17:10-13, 18:7-11. These out-of-circuit cases are neither binding on this Court, nor are they persuasive, and such decisional law is to be considered only in the absence of binding Ninth Circuit precedent. *Carrillo v. Cty. of Los Angeles* (9th Cir. 2015) 798 F.3d 1210, 1223 (citing *Boyd v. Benton Cnty.* (9th Cir.2004) 374 F.3d 773, 781). Nevertheless, at Plaintiff's implicit invitation, Defendants refer Yellowcake and the Court to *Ritani, LLC v. Aghjayan*, 880 F.Supp.2d 425 (S.D.N.Y. 2012), which states, in pertinent part, that "[i]n order to comply with Rule 8, a complaint alleging copyright infringement must state . . . by what acts and during what time defendant has infringed the copyright." *Id.* at 440. Plaintiff has failed to state by what acts and during what time Defendants have allegedly infringed the copyright of which of Yellowcake's Copyrighted Works and Foreign Works. Plaintiff thus fails to meet the bare requirements of Rule 8; the Amended Complaint consequently does not withstand Defendants' Motion and should be dismissed. *See id.*

statutory damages are *unavailable*. *See TVT Recs. v. Island Def Jam Music Grp.* (S.D.N.Y. 2003) 262 F.Supp.2d 185, 187[3]; *Blanch v. Koons* (S.D.N.Y. 2004) 329 F.Supp.2d 568, 569 ("[T]he determination whether punitive damages are available for copyright infringement cases must be made in a case where the issue is squarely presented: where the jury could find malice or willful infringement, *and the plaintiff is not seeking (or is barred from obtaining) statutory damages*." [emphasis added]). Here, Plaintiff does not allege that statutory damages are unavailable, and such damages are expressly prayed for by Plaintiff. *See* RJN, Ex. 1 [Amended Complaint] 8:12-17, 9:26-10:1, 15:4-7 (Prayer for Relief).

A Rule 12(f) motion to strike "may be used to strike any part of a prayer for relief when the damages sought are not recoverable as a matter of law." *Hardy v. Indymac Fed. Bank* (E.D. Cal. 2009) 263 F.R.D. 586, 595 (quoting *Bureerong v. Uvawas* (C.D.Cal.1996) 922 F.Supp. 1450, 1479, n. 34). Plaintiff fails to rebut this plain statement of law, and Plaintiff's single authority, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), Opposition at 19:10-15, is readily distinguishable on at least two grounds. First, the motion to strike in *Whittlestone* sought to strike the prayer for relief as to recovery of lost profits and consequential damages, *id.* at 973, and not as to punitive damages. Motion at 10:17-11:11. Second, *Whittlestone* is not a copyright infringement case, as is this case.

Accordingly, the Court should strike Plaintiff's prayer for punitive damages alleged on the First Cause of Action.

**B.     THE COURT SHOULD DISMISS PLAINTIFF'S COPYRIGHT CLAIMS.**

Yellowcake's Amended Complaint fails to meet the even low bar of Rule 8(a) and should be dismissed.

---

[3] *But see* footnote 1, *supra.*

Preliminarily, Plaintiff confuses the *quantity* of its allegations with the *quality* of its allegations. Opposition at 10:9-12 (asserting that the Amended Complaint alleges 49 paragraphs "concerning the elements" of Plaintiff's claims for direct, contributory and vicarious copyright infringement and "another 44 paragraphs" of "additional background facts"). Plaintiff cannot simply spew allegations to avoid dismissal.

Regardless of how many paragraphs of allegations Plaintiff pleads, Plaintiff is required to, at the very least, put Defendants on notice of how and when each alleged copyrighted work has been infringed. *Livingston v. Morgan* (N.D. Cal. July 31, 2006) No. C-06-2389 MMC, 2006 WL 8459602, at *3 (citations omitted); *see also Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *3.

As noted in the Motion, the Court is not required to assume the truth of legal conclusions cast in the form of factual allegations, and such conclusory allegations are insufficient to defeat a motion to dismiss. Motion at 9:5-11. Like the Amended Complaint itself, Plaintiff's opposition brief relies exclusively on *precisely* such conclusory allegations, which can be reduced to: (1) Plaintiff owns all of Yellowcake's Copyrighted Works and the Foreign Works; and (2) Defendants infringed Yellowcake's rights in all of Yellowcake's Copyrighted Works and the Foreign Works. *See* Opposition at 9:22-10:8, 11:2-13.

The devil, of course, is in the details, and it is incontrovertible (and Plaintiff does not contend otherwise) that the Amended Complaint fails to allege:

- <u>when</u> Plaintiff allegedly obtained rights in or to any of Yellowcake's Copyrighted Works or the Foreign Works
- <u>when</u> each specific work was allegedly infringed[4]

---

[4] As noted in the Motion, the Amended Complaint in fact fails to allege *any dates whatsoever*.

- *how* each specific work was allegedly infringed (other than to generally allege that all alleged infringements were via one or more "Digital Distribution Platforms")
- *how many times* each specific work was allegedly infringed
- *who* actually engaged in which type of allegedly infringing conduct

Using as an example the very first work listed in Exhibit A of the Amended Complaint (one of the 165 separate works collectively defined as "Yellowcake's Copyrighted Works"), the recording of the song "Dolor De Soledad" by Banda el Recodo & Banda Cuisillos, the allegations of the Amended Complaint, *see* RJN, Ex. 1 [Amended Complaint] ¶¶ 3, 34, 43, raise more questions than they answer:

Does Yellowcake allege that Dashgo uploaded "Dolor De Soledad" to iTunes? Or to Apple Music, or to Spotify, or to Amazon Music or to www.YouTube.com? The purportedly defined term "Digital Distribution Platforms" includes – "without limitation" – each and all of these websites and applications. But there may be others.

Was the allegedly infringing act the unauthorized sale of "Dolor De Soledad"? Or was it the unauthorized distribution of "Dolor De Soledad"? Or perhaps it was the unauthorized reproduction, or synchronization, or creation of a derivative work, or the public performance of "Dolor De Soledad"? Again, the list of allegedly infringing conduct includes – "inter alia" – each and all of these alleged methods of infringement. But there may be others.

Did Dashgo create a video containing an unauthorized derivative work of "Dolor De Soledad"? Or did Dashgo just upload such a video? Or did Dashgo only "cause" such a video to be created or uploaded? If Dashgo "caused" a video containing an unauthorized derivative work of "Dolor De Soledad" to be created, how and when did it do that? And who actually created and/or uploaded the video?

And who, precisely, allegedly contributed to the litany of alleged direct infringements of

"Dolor De Soledad"? It is impossible to know the answer, since the Amended Complaint's Fifth Cause of Action, for Contributory Copyright Infringement, simultaneously alleges that the direct infringement was done by: (1) Defendants' (i.e., both Dashgo *and* Adrev's) unidentified "affiliates, subsidiary and/or parent company", and (2) by "Defendants, their affiliates, subsidiaries, and/or parent company", and (3) either Dashgo *or* Adrev. RJN, Ex. 1 [Amended Complaint] ¶¶ 88-90. If one of Dashgo's or Adrev's "affiliates" directly infringed on Plaintiff's alleged rights in "Dolor De Soledad", which affiliate was it? And which, of the 1,240 works allegedly comprising Yellowcake's Copyrighted Works and the Foreign Works, was allegedly infringed by the said "affiliate"?

Plaintiff's hedged approach to pleading its purported copyright claims (using vague and catch-all terms and phrases such as "inter alia", "including, but not limited to", "a number of unauthorized exploitations", "sometime", etc.)[5] fails to put Defendants on notice of the legal basis for Plaintiff's purported claim(s), nor even what claim(s) are being asserted against which Defendant. Plaintiff's Amended Complaint lists **more than a thousand** works that were

---

[5] Plaintiff's brief in opposition to this Motion is rife with similar intentionally-vague language. For example, Plaintiff asserts that "Yellowcake unambiguously pled in the FAC . . . that *Defendants* infringed *the sound recordings* through the copying/reproduction, sale, distribution *and* public performance of Yellowcake's Copyrighted Works and Foreign Works through *various* Digital Distribution Platforms and by making derivative works by synchronizing *many* of the sound recordings to YouTube videos[.]" Opposition at 9:22-10:2 (emphases added). The Amended Complaint does not even allege a purported claim of direct copyright infringement against Adrev, and so it cannot be that "Defendants" infringed. And on which of "the" sound recordings did "Defendants" allegedly infringe? Is Plaintiff in fact alleging that "Defendants" infringed on Plaintiff's rights (if any) in Yellowcake's Copyrighted Works and Foreign Works by (at least) four different means ("copying/reproduction, sale, distribution and public performance")? By which of the "various" Digital Distribution Platforms did each infringement (and each of the at least four means of infringement) occur? Of which of the "many" sound recordings did "Defendants" allegedly make derivative works? Again, between Yellowcake's Copyrighted Works and Foreign Works, as defined in the Amended Complaint, Plaintiff is alleging infringement of no fewer than 1,240 separate works. A defendant in copyright litigation is not a contestant in a guessing game.

allegedly infringed. *See* RJN, Ex. 1 [Amended Complaint] ¶¶ 1, 2, Exs. A, B. Defendants are entitled to know the basis and extent of Plaintiff's alleged rights (if any) in each of those works; when and how Plaintiff allegedly acquired such rights; when and how such rights were allegedly infringed; and which entity or entities committed each alleged infringement.

Plaintiff attempts to downplay the inherently vague and ambiguous allegations of its Amended Complaint by simply misrepresenting those allegations in its opposition brief. For example, Plaintiff states: "Yellowcake also alleged that Defendants **made unauthorized derivative works** by **synchronizing** some of Yellowcake's sound recordings with new audiovisual works and posting them on **YouTube**." Opposition at 16:16-18 (citing Amended Complaint at ¶¶ 35, 52; emphases added). Paragraphs 35 and 52 of the Amended Complaint <u>do not allege</u> what Plaintiff states in its brief.[6] Notably, Plaintiff itself cannot identify which of the "some of Yellowcake's sound recordings" were used to purportedly make these "unauthorized derivative works". *Cf. Lafarga v. Lowrider Arte Mag.* (C.D. Cal. July 18, 2014) No. SACV111501DOCMLGX, 2014 WL 12573551, at *3 ("[U]nder Rule 8(a)(2), courts . . . require the plaintiff to identify the particular work that is the subject of the copyright claim.") Plaintiff's opposition brief makes Defendants' case for why this Motion is proper and should be granted.

Further emphasizing the propriety of this Motion, Plaintiff cites to case law holding that

---

[6] Paragraph 35 of the Amended Complaint alleges (emphases added): "Yellowcake is informed and believes, and thereupon alleges, that Dashgo **created and/or uploaded, or caused to be created and/or uploaded, videos containing unauthorized derivative works** of Yellowcake's Copyrighted Works and Foreign Works to the **Digital Distribution Platforms**." Paragraph 52 of the Amended Complaint alleges (emphasis added):"By **selling, distributing, reproducing, synchronizing, making derivative works of, and publicly performing** by means of digital transmission, videos containing Yellowcake's Copyrighted Works and Foreign Works, Dashgo violated, and continues to violate, Yellowcake's exclusive rights under 17 U.S.C. § [*cont'd*] 106." RJN, Ex. 1 [Amended Complaint] ¶¶ 35, 52. The bolded language serves to highlight the discrepancies between Plaintiff's purported recap of the Amended Complaint's allegations and the actual allegations themselves.

dismissal is a proper remedy where a complaint makes only vague allegations that the defendants used copyrighted works without authorization, without specifying the specific acts of infringement or how the defendants infringed the plaintiff's copyrighted works. *See* Opposition at 12:6-11 (citing *Palmer Kane LLC v. Scholastic Corp.* (S.D.N.Y. Mar. 31, 2014) No. 12 CIV. 3890 TPG, 2014 WL 1303135, at *4). As set forth above, this is precisely the case here, where Plaintiff's Amended Complaint alleges only a non-exhaustive list of possible acts and means of infringement.

Moreover, the allegations of the Amended Complaint admit that Plaintiff itself has *no idea* whether any of the Foreign Works are even properly the subject of a claim for copyright infringement. Paragraphs 23 and 25 allege "on information and belief" that all of the Foreign Works were published and "duly registered" in Mexico, "their country of first publication", and that Yellowcake's (unnamed) "predecessors-in-interest" complied with all requirements of Mexican copyright law. The fact that such fundamental allegations were made on nothing more than *information and belief* is an admission that Yellowcake is only *speculating* that there *may have been* an infringement of one or more of the Foreign Works. *If* it turns out, in discovery, that the copyright for each of the 1,075 Foreign Works was, in fact, "duly registered" in Mexico, *and* that Mexico was, in fact, the "country of first publication" for each of the Foreign Works, *and* that Plaintiff's (unnamed) "predecessors-in-interest" complied with Mexican copyright law, *then* Yellowcake *may* have an actionable claim for copyright infringement (*if* Yellowcake can also prove its chain-of-title). By alleging such foundational facts on nothing more than information and belief[7], Yellowcake would purport to force Defendants (and, for that matter, Plaintiff) to

---

[7] The Amended Complaint also alleges other foundational facts on nothing more than information and belief – including, most glaringly, both Dashgo's alleged direct [*cont'd*]

figure out in discovery whether, as to each of the 1,075 Foreign Works, Yellowcake can even assert a claim for infringement.

Plaintiff takes the position that the vague allegations of its Amended Complaint can be cleared up in discovery. Opposition at 2:12-14, 13:15-16, 14:15-16, 15:23-24, 21:13-16. However, Defendants should not be obligated to undertake substantial discovery, and incur substantial expense – including discovery in one or more foreign countries – just to uncover the nature and extent of Plaintiff's purported claims, including whether even foundational facts on Plaintiff's standing exist. *Cf. Ashcroft v. Iqbal* (2009) 556 U.S. 662, 664-665 ("The question presented by a motion to dismiss for insufficient pleadings does not turn on the controls placed on the discovery process. And because Iqbal's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *see also Podany v. Robertson Stephens, Inc.* (S.D.N.Y. 2004) 350 F.Supp.2d 375, 378 ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim[.]")

As a threshold matter, Plaintiff is obligated to satisfy the minimum requirements of Rule 8. Plaintiff is also required to plead "enough factual content to identify the factual grounds" on which Defendants' potential affirmative defenses rest. *See Rosen v. Masterpiece Mktg. Grp., LLC* (C.D. Cal. 2016) 222 F.Supp.3d 793, 802. Since Plaintiff has not satisfied these requirements, its purported claims, as presently alleged, should be dismissed. This Motion should be granted.

//

---

infringement of Yellowcake's Copyrighted Works and Foreign Works and Adrev's alleged contributory infringement. *See* RJN, Ex. 1 [Amended Complaint] ¶¶ 34, 35, 43.

### 1. The Court Should Dismiss Either the First Cause of Action, for Direct Copyright Infringement, or the Fifth Cause of Action, for Contributory Copyright Infringement, as Against Dashgo.

As set forth in Defendants' moving papers, a valid claim for contributory copyright infringement requires direct infringement *by a third party*. Motion at 15:1-18.

Plaintiff's response to Defendants' authority is notable for its absurdity: "Dashgo is believed to be the primary infringer but Yellowcake is entitled to plead in the alternative and Dashgo was named as a defendant in the contributory infringement claim because it is possible, and likely, that ***Dashgo assisted ADREV in with its own acts of direct infringement***." Opposition at 17:20-23 (emphasis added). In other words, Plaintiff contends that Dashgo could have assisted Adrev in contributing to Dashgo's alleged primary direct infringement of Yellowcake's copyrights, and thus Dashgo can ("in the alternative") be both a primary infringer and a contributory infringer *of its own primary infringement*. The contention does not even pass the "straight face" test.

Again, it is not legally possible, and thus not "plausible", *cf. Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 570, for Dashgo to be both the direct infringer <u>and</u> a contributory infringer. A single defendant can either directly infringe <u>or</u> contributorily infringe on a plaintiff's rights, but not both. Accordingly, as to Dashgo, either the First Cause of Action or the Fifth Cause of Action should be dismissed.

This Motion should be granted, and Plaintiff's Amended Complaint dismissed.

### C.    PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT.

Even if the Amended Complaint states one or more claims for relief (which is not conceded), it "may still be so vague and ambiguous a defendant cannot reasonably respond unless the plaintiff provides a more definite statement." *Proline Concrete Tools, Inc. v. Dennis*

(S.D. Cal. Aug. 18, 2008) No. 07CV2310-LAB (AJB), 2008 WL 11286077, at *3. This is particularly true where, as here, Defendants lack "even the most basic information from which to formulate [their] own factual and legal positions and defenses." *See id.*

Defendants cannot reasonably prepare a response to the Amended Complaint for the same reasons set forth above. Defendants do not concede that the Amended Complaint can be amended to state a claim, but if Plaintiff is granted leave to amend, the Court should order that any Second Amended Complaint be sufficiently definite to allow Defendants to reasonably prepare a response. Defendants respectfully request that the Court order any such Second Amended Complaint be filed and served within ten (10) days of entry of an order on this Motion.

## II. CONCLUSION.

For the reasons set forth in Defendants' moving papers and herein, the Court should grant this Motion, strike the prayer for punitive damages in the First Cause of Action, dismiss the First or Fifth Cause of Action as against Dashgo and, indeed, dismiss the entire Amended Complaint. In the alternative, the Court should order Plaintiff to further amend its Amended Complaint, to more definitely state its purported claims, within ten (10) days of entry of an order hereon. This Motion should be granted.

Respectfully submitted,

Dated: October 4, 2021    DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard J. Idell
Richard J. Idell (SBN 069033)
Ory Sandel (SBN 233204)
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*