**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS FENSTERMAN, LLP**
Seth L. Berman, Esq. (*pro hac vice*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, | Case No.: 1:21-cv-00803-AWI-BAM |
| Plaintiff, | |
| v. | **PLAINTIFF'S SECOND AMENDED COMPLAINT FOR: (I) COPYRIGHT INFRINGEMENT; (II) VICARIOUS INFRINGEMENT; (III) CONTRIBUTORY INFRINGEMENT AND (IV) JURY DEMAND** |
| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation, BENJAMIN PATTERSON, an individual and NOAH BECKER, an individual, | |
| Defendants. | |
| | Judge: |

    Plaintiff Yellowcake, Inc. ("Plaintiff" or "Yellowcake") alleges the following against Defendants Dashgo, Inc., a Delaware corporation ("Dashgo"), AudioMicro,

---

1

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Inc. d/b/a Adrev, a Delaware corporation ("Adrev"), Benjamin Patterson, an individual ("Patterson"), and Noah Becker, an individual ("Becker") (Dashgo, Adrev, Patterson and Becker are hereinafter collectively referred to as the "Defendants").

## NATURE OF THE ACTION

1.    By this complaint, Yellowcake, a California corporation, that owns, holds, and exploits intellectual property, seeks redress for the Defendants' direct, willful, intentional, vicarious and contributory infringement of One Thousand Six Hundred and Seventy-Two (1,672) of Yellowcake's copyrighted sound recordings.

2.    Yellowcake also seeks redress for the Defendants' direct, willful, intentional, vicarious and contributory infringement of Three Hundred Sixty-Three (363) foreign copyrighted works owned by Yellowcake.

3.    Defendants exploited Yellowcake's copyrighted works and foreign works by, *inter alia*, the unauthorized sale, distribution, reproduction, synchronization, creation of derivative works, and public performance thereof via digital transmission on online platforms, including Amazon Music ("Amazon") and www.YouTube.com ("YouTube").

4.    As a result, Defendants benefitted from and continue to benefit from said unauthorized exploitations of Yellowcake's copyrighted works and foreign works.

5.    Yellowcake, through its agent and distributor, Colonize Media, Inc. ("Colonize"), put Defendants on notice of their infringement and exploitation of Yellowcake's copyrighted works and foreign works.

6.    Despite being on notice of its infringement, Defendants refused to remedy their wrongdoings, leaving Yellowcake no alternative but to bring this action.

## JURISDICTION AND VENUE

7.    This is a civil action in which Plaintiff seeks monetary damages and injunctive relief against Defendants for copyright infringement under the copyright laws of the United States: 17 U.S.C. § 101 *et seq*.

8.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq*.; 28 U.S.C. §

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (copyright).

9.    This Court has supplemental jurisdiction over all common law claims pursuant to 28 U.S.C. § 1367.

10.    This Court has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1391(b) and (d) and 28 U.S.C. § 1400(a) because the Defendants or their agents are conducting business in this District, Yellowcake is located in, and conducts business in, this District, and a substantial part of the acts of infringement complained of herein occurred in this District.

## **PARTIES**

11.    Plaintiff is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of California, County of Stanislaus.

12.    Plaintiff is informed and believes, and thereon alleges, that Dashgo is a corporation for profit duly organized and existing under the laws of the State of Delaware with its principal place of business in the State of California, County of Los Angeles.

13.    Plaintiff is informed and believes, and thereon alleges, that Dashgo is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels including Amazon and YouTube.

14.    Plaintiff is informed and believes, and thereon alleges, that Adrev is a division of AudioMicro, Inc., which is a corporation duly organized and existing under the laws of the State of Delaware, is registered to do business in California, and has an address in the State of California, County of Los Angeles.

15.    Plaintiff is informed and believes, and thereon alleges, that Adrev is the parent corporation of Dashgo.

16.    Plaintiff is informed and believes, and thereon alleges, that Patterson is a resident of the state of California.

17.    Plaintiff is informed and believes, and thereon alleges, that Patterson is

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

the President of Dashgo.

18.     Plaintiff is informed and believes, and thereon alleges that, at all times relevant hereto, that Paterson is an agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of Dashgo and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Yellowcake's rights alleged herein and the damages to Yellowcake proximately caused thereby.

19.     Plaintiff is informed and believes, and thereon alleges, that Becker is a resident of the state of California.

20.     Plaintiff is informed and believes, and thereon alleges, that Becker is the President of Adrev.

21.     Plaintiff is informed and believes, and thereon alleges, that Becker is a shareholder of Adrev.

22.     Plaintiff is informed and believes, and thereon alleges that, at all times relevant hereto, that Becker is an agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of Adrev and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights alleged herein and the damages to Yellowcake proximately caused thereby.

## FACTUAL ALLEGATIONS

23.     Yellowcake is primarily engaged in the business of exploiting intellectual property rights, including, but not limited to, digital music distribution.

24.     Yellowcake and its predecessors-in-interest have always owned the exclusive true and valid registered copyrights in the sound recordings identified in

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

**Exhibits "A" and "B"** annexed hereto ("Yellowcake's Copyrighted Works") and the foreign copyrighted sound recordings identified in **Exhibit "C"** annexed hereto (the "Foreign Works.").

25.    Yellowcake and its predecessors-in-interest have complied in all respects with the provisions of the Copyright Act of 1976, as amended, with regards to Yellowcake's Copyrighted Works and the Foreign Works.

26.    Yellowcake or its predecessors-in-interest have registered Yellowcake's Copyrighted Works with the United States Copyright Office and were issued a Certificate of Registration for each sound recording identified as Yellowcake's Copyrighted Works. The corresponding copyright registration numbers for each of Yellowcake's Copyrighted Works are listed in Exhibits "A" and "B".

27.    Plaintiff acquired all its predecessors-in-interests' rights associated with, and relating to, Yellowcake's Copyrighted Works, including but not limited to all rights of those claimants and parties referenced in the Certificate of Registration for each of Yellowcake's Copyrighted Works, when it acquired those works from the predecessors-in-interest.

28.    Yellowcake is informed and believes, and thereupon alleges, that all of Yellowcake's Copyrighted Works are and were published with a copyright notice.

29. Yellowcake is informed and believes, and thereupon alleges, that Yellowcake's Foreign Works were all first published in Mexico and are, therefore, not considered to be United States works and are not required to be first registered with the U.S. Copyright Office pursuant to 17 U.S.C. § 411(a).

30.    Yellowcake is informed and believes, and thereupon alleges, that all of the Foreign Works were duly registered in Mexico, their country of first publication.

31.    Plaintiff acquired all its predecessors-in-interests' rights associated with and relating to the Foreign Works, including but not limited to all rights of those claimants and parties referenced in any Certificate or Registration for any Foreign

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Work that was filed in Mexico, when it acquired those works from the predecessors-in-interest.

32.    Yellowcake is informed and believes, and thereupon alleges, that all the Foreign Works were published in the country of Mexico before being acquired by Yellowcake, that Yellowcake's predecessors-in-interest fully complied with all the requirements of Mexican copyright law, and that all the Foreign Works are protected under Mexican copyright law.

33.    Yellowcake is informed and believes, and thereupon alleges, that all the Foreign Works are subject to copyright protection in the United States pursuant to The Berne Convention for the Protection of Literary and Artistic Works and the Copyright Act of 1976, as amended.

### i.    *Dashgo's Unauthorized Exploitation of Yellowcake's Copyrighted Works*

34.    Yellowcake is the exclusive owner of all the rights in Yellowcake's Copyrighted Works and the Foreign Works provided by 17 U.S.C. § 106, including the exclusive rights to reproduce, sell, distribute, publicly perform, and make derivative works of Yellowcake's Copyrighted Works and Foreign Works.

35.    Previously, Dashgo had a contractual right to exploit Yellowcake's Copyrighted Works and Foreign Works pursuant to two written distribution agreements, one between Dashgo and Colonize (the "Colonize Distribution Agreement") and one between Dashgo and MAR International Records, Inc., one of Yellowcake's predecessors-in-interest in a number of Yellowcake's Copyrighted Works and Foreign Works (the "MAR Distribution Agreement") (the Colonize Distribution Agreement and MAR Distribution Agreement are hereinafter collectively referred to as the "Distribution Agreements").

36.    Both Distribution Agreements were validly terminated under their respective terms after Yellowcake acquired the exclusive ownership of all the rights in Yellowcake's Copyrighted Works and the Foreign Works.

37.    After the termination of the Distribution Agreements, Yellowcake

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

authorized Colonize to be the exclusive distributor of Yellowcake's Copyrighted Works and Foreign Works.

38.    Sometime after the Distribution Agreements were terminated, Colonize contacted Dashgo and Patterson and directed them to cease all distribution and exploitation of Yellowcake's Copyrighted Works and Foreign Works.

39.    Thereafter, Dashgo, Patterson, Adrev and Becker all responded to Colonize's demand and acknowledged in writing that: (i) both Distribution Agreements were validly terminated; (ii) neither Dashgo nor Adrev had any right to continue distributing or exploiting Yellowcake's Copyrighted Works or Foreign Works; and (iii) Dashgo would cease distributing and exploiting both Yellowcake's Copyrighted Works and Foreign Works.

40.    Dashgo, Patterson, Adrev and Becker did in fact cease distributing and exploiting both Yellowcake's Copyrighted Works and Foreign Works for a time.

41.    Yellowcake did not enter into another distribution agreement with Dashgo or otherwise authorize Dashgo or Patterson to continue distributing or exploiting any of Yellowcake's Copyrighted Works or Foreign Works after the termination of the Distribution Agreements.

42.    Whatever rights Dashgo may have had in the past to distribute or exploit Yellowcake's Copyrighted Works and Foreign Works were terminated and no longer exist.

43.    Further, Dashgo did not obtain any valid rights to exploit Yellowcake's Copyrighted Works or Foreign Works from any third party after the termination of Distribution Agreements because Yellowcake was the exclusive owner of all the rights in the two catalogs of sound recordings at the time of the termination of the Distribution Agreements and they have been ever since.

44.    Yellowcake is informed and believes, and thereupon alleges, that sometime after the Distribution Agreements were terminated and Dashgo and Patterson stopped distributing and exploiting Yellowcake's Copyrighted Works and

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Foreign Works, Dashgo and Patterson started distributing and exploiting of Yellowcake's Copyrighted Works and Foreign Works again without authorization from Yellowcake in violation of Yellowcake's exclusive rights under 17 U.S.C. § 106 including, but not limited to, the right to sell, distribute, reproduce, synchronize, create derivative works of, and publicly perform Yellowcake's Copyrighted Works and Foreign Works via transmission on online digital media distribution platforms, including YouTube and Amazon.

45.    On multiple occasions, Yellowcake, through Colonize, notified Dashgo, Patterson, Adrev, and Becker of Dashgo's unauthorized distribution and exploitation of Yellowcake's Copyrighted Works and Foreign Works, and demanded that Dashgo and Patterson cease their acts of infringement.

46.    As one example of Dashgo and Patterson's acts of infringement, Dashgo and Patterson infringed the copyrighted sound recording "El Patiecito" by the artist La Nobleza De Aguililla (copyright registration number SR0000638659) by directly copying and then synchronizing the entire sound recording to an audiovisual work, thereby making an authorized derivative work in the form of a new music video, and then uploading the new video to one of Dashgo's channels on the www.YouTube.com website and publicly performing the copyrighted work on YouTube. This was done after the Distribution Agreements were terminated and after Dashgo and Patterson were directed to cease such infringing conduct.

47.    Dashgo and Patterson infringed each and every one of Yellowcake's Copyrighted Works identified in Exhibit "A" in the exact same manner described in the preceding paragraph.

48.    Exhibit "A" includes the Uniform Resource Locator for each of the infringing videos that Dashgo and Patterson posted to YouTube.

49.    Furthermore, Dashgo and Patterson directly copied and then sold the entire copyrighted sound recording "Dolor De Soledad" by the artist Banda el Recodo & Banda Cuisillos (copyright registration number SR0000346032) to purchasers

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

through Amazon after the Distribution Agreements were terminated and after Dashgo and Patterson were directed to cease such infringing conduct.

50.    Dashgo and Patterson infringed each and every sound recording identified in Exhibit "B" in the exact same manner described in the preceding paragraph.

51.    Dashgo and Patterson also directly copied and then sold the entire foreign sound recording "El Gavilan De Agua Prieta" by the artist Carlos y Jose to purchasers through Amazon after the Distribution Agreements were terminated and after Dashgo and Patterson were directed to cease such infringing conduct.

52.    Dashgo and Patterson infringed each and every Foreign Work identified in Exhibit "C" in the exact same manner described in the preceding paragraph.

53.    Yellowcake is informed and believes, and thereupon alleges, that Dashgo and Patterson benefitted from and continue to benefit from said unauthorized exploitations of Yellowcake's Copyrighted Works and Foreign Works.

54.    Yellowcake is informed and believes, and thereupon alleges, that Dashgo and Patterson collected millions of dollars in revenue from YouTube and Amazon as the result of their acts of infringement of Yellowcake's Copyrighted Works and Foreign Works.

55.    Despite having notice of its infringement and confirming that all of its unauthorized uses of Yellowcake's Copyrighted Works and Foreign Works would cease, Dashgo and Patterson continued their unauthorized exploitation of Yellowcake's Copyrighted Works and the Foreign Works.

### ii.    *The Unauthorized Exploitation of Yellowcake's Copyrighted Works and Foreign Works by Adrev and Becker*

56.    Yellowcake is informed and believes, and thereon alleges, that Dashgo is a wholly owned subsidiary of Adrev.

57.    Yellowcake is informed and believes, and thereon alleges, that Becker is the President and a shareholder of Adrev.

58.    Yellowcake is informed and believes, and thereon alleges, that Dashgo

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

and Patterson report to Adrev and Becker and that Adrev and Becker dictate Dashgo's business strategy and actions.

59.    Yellowcake is informed and believes, and thereon alleges, that Adrev and Becker financially benefit directly from Dashgo's business activities, including Dashgo's unauthorized copying, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works, by virtue of the fact that Adrev is the sole shareholder of Dashgo and Becker is a shareholder of Adrev.

60.    Yellowcake is informed and believes, and thereupon alleges, that Adrev also performs marketing, business, administrative, distribution and technological functions in connection with Dashgo's distribution of sound recordings, including Dashgo's and Patterson's unlawful copying, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works.

61.    According to its own website, Adrev is a digital rights management company that "helps musicians navigate the wilds of user generated content monetization on YouTube."

62.    Yellowcake is informed and believes, and thereupon alleges, that in addition to the financial benefits Adrev receives as the corporate owner of Dashgo, Adrev and Becker also receive a percentage of Dashgo's gross income from its business activities, including Dashgo's unauthorized sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works via digital transmission on online platforms, including YouTube and Amazon, in exchange for performing the services described in paragraph 60.

63.    After the termination of the Distribution Agreements neither Dashgo, nor Adrev had the right to copy, sell, distribute, make derivative works of, or publicly perform any of Yellowcake's Copyrighted Works or Foreign Works.

64.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker were notified by Dashgo and Patterson that the Distribution Agreements were terminated and therefore Adrev and Becker knew the Distribution Agreements

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

were terminated.

65.    Yellowcake is informed and believes, and thereupon alleges, that after Adrev and Becker were informed that the Distribution Agreements were terminated, they contacted Colonize and confirmed in writing that: (i) the Distribution Agreements were terminated; (ii) neither Dashgo nor Adrev had any right to continue distributing or exploiting any of Yellowcake's Copyrighted Works or Foreign Works; and (iii) they agreed to immediately cease distributing or exploiting any of Yellowcake's Copyrighted Works and Foreign Works.

66.    Dashgo, Patterson, Adrev and Becker did in fact cease distributing and exploiting both Yellowcake's Copyrighted Works and Foreign Works for a time.

67.    However, notwithstanding the foregoing representations, Dashgo and Patterson started to distribute and exploit Yellowcake's Copyrighted Works and Foreign Works again without authorization from Yellowcake.

68.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker intentionally directed Dashgo and Patterson to resume distributing and exploiting Yellowcake's Copyrighted Works and Foreign Works even though the Distribution Agreements were terminated and they had no authorization from Yellowcake to do so.

69.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker knowingly contributed to Dashgo's infringement of Yellowcake's Copyrighted Works by working directly with YouTube to market, promote, and otherwise maximize the revenue generated by the unauthorized videos by incorporating copies of Yellowcake's Copyrighted Works, created and then distributed by Dashgo, on YouTube even though they knew that Dashgo had no right to create, distribute or publicly perform such videos.

70.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker knowingly contributed to Dashgo's infringement of Yellowcake's Copyrighted Works by working directly with Dashgo and Amazon to market, promote

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

and otherwise maximize the revenue generated by the unauthorized copies of Yellowcake's Copyrighted Works, created and distributed by Dashgo, on Amazon even though they knew that Dashgo had no right to create, distribute, or publicly perform such unauthorized copies of Yellowcake's Copyrighted Works.

71.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker knowingly contributed to Dashgo's infringement of the Foreign Works by working directly with Dashgo and Amazon to market, promote, and otherwise maximize the revenue generated by the unauthorized copies of the Foreign Works, created and distributed by Dashgo, on Amazon even though they knew that Dashgo had no right to create, distribute or publicly perform such unauthorized copies of the Foreign Works.

72.    Yellowcake is informed and believes, and thereupon alleges, that on multiple occasions when Colonize contacted Dashgo and Patterson and demanded that they stop their infringement of Yellowcake's Copyrighted Works and Foreign Works, Colonize was contacted by Becker and other employees and agents of Adrev to discuss the infringement committed by Dashgo.

73.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker represented to Colonize that all distribution and exploitation of Yellowcake's Copyrighted Works and Foreign Works by Adrev and Dashgo would cease immediately.

74.    Yellowcake is informed and believes, and thereupon alleges, that despite being notified that they were copying, selling, distributing, and publicly performing Yellowcake's Copyrighted Works and Foreign Works without authorization and confirming that all such activities would cease, Defendants did not stop such activities and have engaged in at least Two Thousand Thirty-Five (2,035) acts of infringement of Yellowcake's Copyrighted Works and Foreign Works.

//

//

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

**FIRST CAUSE OF ACTION**

**Direct Copyright Infringement Under 17 U.S.C. § 101 *et seq.***

(Against Dashgo and Patterson)

75.    Yellowcake incorporates and realleges all the allegations set forth in the foregoing paragraphs as though the same were set forth herein.

76.    This cause of action arises under 17 U.S.C. § 501.

77.    Yellowcake's Copyrighted Works and Foreign Works are sound recordings and original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

78.    Each of the sound recordings and albums comprising the Yellowcake Copyrighted Works was registered with the United States Copyright Office either by Yellowcake or by one of its predecessors-in-interest.

79.    The Foreign Works were all first published in Mexico and are, therefore, not considered to be United States works and are not required to be first registered with the U.S. Copyright Office pursuant to 17 U.S.C. § 411(a)

80.    At all times relevant, Yellowcake, or its predecessors-in-interest, has owned Yellowcake's Copyrighted Works and Foreign Works and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106 including the rights to copy, sell, distribute, synchronize, make a derivative work of, or publicly perform Yellowcake's Copyrighted Works and Foreign Works.

81.    Yellowcake never granted any of the Defendants the right, or otherwise authorized, any of the Defendants to copy, sell, distribute, synchronize, make a derivative work of, or publicly perform any of Yellowcake's Copyrighted Works or Foreign Works.

82.    Dashgo and Patterson knowingly infringed Yellowcake's Copyrighted Works and Foreign Works by copying, selling, distributing, synchronizing, publicly performing, and making derivative works of Yellowcake's Copyrighted Works and Foreign Works without authorization from Yellowcake.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

83.    For example, Dashgo and Patterson infringed the copyrighted sound recording "El Patiecito" by the artist La Nobleza De Aguililla (copyright registration number SR0000638659) by directly copying then synchronizing the entire sound recording to an audiovisual work, thereby making an unauthorized derivative work in the form of a new music video. Dashgo and Patterson then distributed the new music video incorporating an unauthorized copy of the sound recording, by uploading it to one of Dashgo's channels on the YouTube website. Dashgo and Patterson then publicly performed the video by making it available for viewing on YouTube where it was viewed by members of the public. This was done after the Distribution Agreements were terminated and even after Dashgo and Patterson were directed to cease such infringing conduct.

84.    Dashgo and Patterson infringed each and every one of Yellowcake's Copyrighted Works identified in Exhibit "A" on YouTube in the exact same manner described in the preceding paragraph.

85.    Included in Exhibit "A" is the Uniform Resource Locator for each infringing video listed next to the corresponding sound recording.

86.    Furthermore, Dashgo and Patterson directly copied and then sold the entire copyrighted sound recording "Dolor De Soledad" by the artist Banda el Recodo & Banda Cuisillos (copyright registration number SR0000346032) to purchasers through Amazon after the Distribution Agreements were terminated and after Defendants were directed to cease such infringing conduct.

87.    Dashgo and Patterson infringed each and every sound recording identified in Exhibit "B" on Amazon in the exact same manner described in the preceding paragraph.

88.    Dashgo and Patterson also directly copied and then sold the entire Foreign Work, "El Gavilan De Agua Prieta" by the artist Carlos y Jose, to purchasers through Amazon after the Distribution Agreements were terminated and after Dashgo and Patterson were directed to cease such infringing conduct.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

---

14

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

89.    Dashgo and Patterson infringed each and every Foreign Work identified in Exhibit "C" on Amazon in the exact same manner described in the preceding paragraph.

90.    By copying, selling, distributing, synchronizing, making derivative works of, and publicly performing by means of digital transmission Yellowcake's Copyrighted Works and Foreign Works, Dashgo and Patterson violated, and continues to violate, Yellowcake's exclusive rights under 17 U.S.C. § 106.

91.    Yellowcake is informed and believes, and thereupon alleges, that Dashgo and Patterson engaged in at least Two Thousand Thirty-Five (2,035) unique acts of infringement of Yellowcake's Copyrighted Works and Foreign Works.

92.    Yellowcake is informed and believes, and thereupon alleges, that Defendants had actual knowledge that Yellowcake was, and remains, the lawful owner of Yellowcake's Copyrighted Works and Foreign Works.

93.    Yellowcake is informed and believes, and thereupon alleges, that Dashgo and Patterson knew that the Distribution Agreements were terminated and therefore had actual knowledge that they did not have the right to copy, sell, distribute, synchronize, make a derivative work of, or publicly perform Yellowcake's Copyrighted Works or Foreign Works after the Distribution Agreements were Terminated.

94.    Yellowcake is informed and believes, and thereupon alleges, that Dashgo and Patterson collected millions of dollars in revenue from YouTube and Amazon as the result of their unauthorized copying, sale, distribution, creation of derivative works from, and public performance of Yellowcake's Copyrighted Works and Foreign Works.

95.    Despite having notice of their infringement, and in fact confirming that all of their infringing acts would cease, Dashgo and Patterson continued their acts of infringement of Yellowcake's Copyrighted Works and Foreign Works.

96.    Dashgo and Patterson had actual or constructive awareness that their

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

unauthorized copying, sale, distribution, synchronization, making derivative works of, and publicly performance of Yellowcake's Copyrighted Works and Foreign Works constituted infringement of Yellowcake's Copyrighted Works and Foreign Works. Alternatively, Dashgo's and Patterson's acts of infringement resulted from a reckless disregard for, or willful blindness to, Yellowcake's rights.

97.    Yellowcake is entitled to an injunction restraining Dashgo, its officers, directors, agents, employees, representatives, and all persons acting in concert with Dashgo from further engaging in such acts of copyright infringement.

98.    Yellowcake is entitled to an injunction restraining Patterson, his agents, employees, representatives, and all persons acting in concert with him from further engaging in such acts of copyright infringement.

99.    Pursuant to 17 U.S.C. § 504(b) Yellowcake is entitled to recover from Dashgo and Patterson its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the infringement of Yellowcake's Copyrighted Works.

100.    Alternatively, pursuant to 17 U.S.C. § 504(c), Yellowcake may elect, prior to trial, to recover from Dashgo and Patterson up to One Hundred and Fifty Thousand Dollars ($150,000.00) in statutory damages for each registered work willfully infringed by Dashgo and Patterson. Since Dashgo and Patterson willfully infringed two hundred ten (210) registered copyrighted works belonging to Yellowcake, Yellowcake is entitled to recover Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00) in statutory damages from Dashgo and Patterson.

101.    Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from Dashgo and Patterson the reasonable attorneys' fees and legal costs incurred by Yellowcake as a result of Dashgo's and Patterson's acts of copyright infringement.

102.    Pursuant to 17 U.S.C. § 504(b) Yellowcake is entitled to recover from Dashgo and Patterson its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the infringement

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

of the Foreign Works.

## SECOND CAUSE OF ACTION

### Vicarious Copyright Infringement
(Against Adrev and Becker)

103.    Yellowcake incorporates and realleges all the allegations set forth in the foregoing paragraphs as though the same were set forth herein.

104.    Plaintiff is informed and believes, and thereon alleges, that Dashgo is a wholly owned subsidiary of Adrev.

105.    Plaintiff is informed and believes, and thereon alleges, that Becker is the President and a shareholder of Adrev.

106.    As set forth in the preceding paragraphs, Dashgo has directly infringed Yellowcake's Copyrighted Works and Foreign Works.

107.    Yellowcake is informed and believes, and thereupon alleges, that at all times relevant to this complaint, Adrev and Becker had the right and ability to supervise and/or control the infringing conduct of its subsidiary, Dashgo, and its President, Patterson, due to the parent-subsidiary relationship between the companies, but they failed to exercise such supervision and/or control.

108.    Plaintiff is informed and believes, and thereon alleges, that as parent company to Dashgo, Dashgo and Patterson report to Adrev and Becker and that Adrev and Becker directly dictate Dashgo's and Patterson's business strategies and actions.

109.    Plaintiff is informed and believes, and thereon alleges, that Adrev and Becker had direct knowledge that the Distribution Agreements were terminated because Dashgo and Patterson reported to Adrev and Becker that the Distribution Agreements were terminated and that Colonize had demanded that Dashgo and Becker cease their acts of copyright infringement.

110.    Plaintiff is informed and believes, and thereon alleges, that Adrev and Becker had direct knowledge that the Distribution Agreements were terminated and that Dashgo and Patterson were infringing Yellowcake's Copyrighted Works and

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Foreign Works because Adrev and Becker responded directly to Colonize about its demand to Dashgo and Patterson to cease their acts of infringement and represented to Colonize that Dashgo and Patterson's acts of infringement would cease.

111.    Plaintiff is informed and believes, and thereon alleges, that as the parent company to Dashgo, Adrev and Becker possessed the right and ability to supervise Dashgo's and Patterson's acts of infringement of Yellowcake's Copyrighted Works and Foreign Works and did in fact direct Dashgo and Patterson to continue to copy, sell, distribute, synchronize, make a derivative works of, and publicly perform Yellowcake's Copyrighted Works or Foreign Works on YouTube and Amazon after the Distribution Agreements were terminated and after Colonize demanded that Dashgo and Patterson cease their acts of infringement.

112.    Plaintiff is informed and believes, and thereon alleges, that Adrev and Becker have an obvious and direct financial interest in Dashgo's unauthorized copying, sale, distribution, and public performance of Yellowcake's Copyrighted Works and Foreign Works, by virtue of the fact that Adrev is the sole shareholder of Dashgo, Becker is a shareholder of Adrev and that Adrev and Becker directly receive income and/or the increased value of Dashgo as a result of Dashgo's and Patterson's infringement of Yellowcake's Copyrighted Works and Foreign Works.

113.    Furthermore, according to its own website, Adrev is a digital rights management company that "helps musicians navigate the wilds of user generated content monetization on YouTube."

114.    Yellowcake is informed and believes, and thereupon alleges, that Adrev also provides marketing, business, administrative, distribution, and technological services in connection with Dashgo's distribution of sound recordings, including Dashgo's and Patterson's unlawful copying, sale, distribution, creation of derivative works from, and public performance of Yellowcake's Copyrighted Works and Foreign Works on online platforms, including on YouTube and Amazon.

115.    Yellowcake is informed and believes, and thereupon alleges, that in

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

addition to the financial benefits Adrev receives as the corporate owner of Dashgo, Adrev and Becker also receive a percentage of Dashgo's gross income from its business activities, including Dashgo's unauthorized sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works, in exchange for performing the services previously described.

116.   As a direct and proximate result of Dashgo's and Patterson's actions, Dashgo has infringed Yellowcake's Copyrighted Works and Foreign Works, as previously set forth herein.

117.   The acts of infringement by all Defendants have been willful, intentional, and purposeful in disregard of, and with indifference to, the rights of Yellowcake.

118.   Adrev's and Becker's conduct, as alleged, constitutes vicarious infringement of Yellowcake's Copyrighted Works, Foreign Works and the exclusive rights under copyright, in violation of 17 U.S.C. § 106, 17 U.S.C. § 115, and 17 U.S.C. § 501.

119.   Yellowcake is entitled to an injunction restraining Adrev, its officers, directors, agents, employees, representatives, and all persons acting in concert with Adrev from further engaging in such acts of copyright infringement.

120.   Yellowcake is entitled to an injunction restraining Becker, his agents, employees, representatives, and all persons acting in concert with him from further engaging in such acts of copyright infringement.

121.   Pursuant to 17 U.S.C.§ 504(b) Yellowcake is entitled to recover from Adrev and Becker its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the vicarious infringement of Yellowcake's Copyrighted Works.

122.   Alternatively, pursuant to 17 U.S.C.§ 504(c) Yellowcake may elect, prior to trial, to recover from Adrev and Becker up to One Hundred and Fifty Thousand Dollars ($150,000.00) in statutory damages for each registered work willfully infringed by Adrev and Becker. Since Adrev and Becker willfully infringed two

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

hundred ten (210) registered copyrighted works belonging to Yellowcake, Yellowcake is entitled to recover Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00) in statutory damages from Adrev and Becker.

123. Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from Adrev and Becker the reasonable attorneys' fees and legal costs incurred by Yellowcake as a result of Adrev and Becker's acts of copyright infringement.

124. Pursuant to 17 U.S.C.§ 504(b) Yellowcake is entitled to recover from Adrev and Becker its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the vicarious infringement of the Foreign Works.

## THIRD CAUSE OF ACTION
### Contributory Copyright Infringement
(Against Adrev and Becker)

125. Yellowcake incorporates and realleges all the allegations set forth in the foregoing paragraphs as though the same were set forth herein.

126. Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker knew of Dashgo's and Patterson's acts of infringement because: (i) Adrev is Dashgo's parent company; (ii) Becker is Adrev's President and a shareholder; (iii) Adrev and Becker regularly discussed Dashgo's business with Patterson and directed the business activities of Dashgo; (iv) Adrev and Becker were notified by Dashgo and Patterson that the Distribution Agreements had been terminated; (v) Adrev and Becker directed Dashgo and Patterson to continue distributing and exploiting Yellowcake's Copyrighted Works and Foreign Works even though they knew that the Distribution Agreements had been terminated and they had no authorization from Yellowcake to do so; (vi) Adrev provided marketing and promotion services to Dashgo in connection with Dashgo's unauthorized copying, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works and received a fee for such services from Dashgo; (vii) Dashgo and Patterson reported their earnings from their

acts of unauthorized copying, sale, distribution and public performance of Yellowcake's Copyrighted Works and Foreign Works to Adrev and Becker; and (viii) Adrev and Becker responded to Colonize when it contacted Dashgo and Patterson and demanded that Dashgo cease infringing Yellowcake's Copyrighted Works and Foreign Works and represented that Adrev and Dashgo would cease such infringements.

127.    Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker, contributed to Dashgo's and Patterson's acts of infringement because Adrev and Becker: (i) directed Dashgo engage in its unauthorized sale, copying, reproduction, synchronization, distribution and/or performance of Yellowcake's Copyrighted Works and Foreign Works after the Distribution Agreements were terminated and even after Colonize demanded that Dashgo and Patterson cease their infringing activity; (ii) worked directly with YouTube to market, promote and otherwise maximize the revenue generated by the unauthorized videos incorporating copies of Yellowcake's Copyrighted Works created Dashgo and distributed on YouTube even though Adrev and Becker knew that Dashgo had no right to create, distribute or publicly perform such videos; (iii) worked directly with Dashgo and Amazon to market, promote and otherwise maximize the revenue generated by the unauthorized copies of Yellowcake's Copyrighted Works created and distributed by Dashgo on Amazon even though they knew that Dashgo had no right to create, distribute or publicly perform such unauthorized copies of Yellowcake's Copyrighted Works; and (iv) worked directly with Dashgo and Amazon to market, promote and otherwise maximize the revenue generated by the unauthorized copies of the Foreign Works created and distributed by Dashgo on Amazon even though they knew that Dashgo had no right to create, distribute or publicly perform such unauthorized copies of the Foreign Works.

128.    As a result of the foregoing, Yellowcake is informed and believes, and thereupon alleges, that, Adrev and Becker knowingly and systematically induced,

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

caused, materially contributed to, had reason to know of, and participated in the infringement of Yellowcake's exclusive rights under 17 U.S.C. §106 by the unauthorized sale, copying, reproduction, synchronization, distribution, and/or performance of Yellowcake's Copyrighted Works and Foreign Works by Dashgo and Patterson on YouTube and Amazon.

129. At no time has Yellowcake authorized Adrev, Becker, their affiliates, subsidiaries, and/or parent company to sell, distribute, copy, reproduce, synchronize, and/or perform any of Yellowcake's Copyrighted Works or Foreign Works.

130. Shortly after Yellowcake became aware of Dashgo's and Patterson's acts of infringement of Yellowcake's Copyrighted Works and Foreign Works, Colonize contacted Dashgo and Patterson and demanded that Defendants cease their infringing activities.

131. Yellowcake is informed and believes, and thereupon alleges, that Adrev and Becker responded to Colonize and represented to Colonize that Dashgo and Patterson would cease their infringing activities.

132. Yellowcake is informed and believes, and thereupon alleges, that, despite being on notice of their infringement, Adrev and Becker failed and willfully refused to stop their affiliates, subsidiary, and/or parent company from engaging in unauthorized use of Yellowcake's Copyrighted Works and Foreign Works.

133. Through their actions and/or inaction, Adrev and Becker knowingly induced, caused, or materially contributed to copyright infringement by Dashgo and Patterson and each should be held liable as contributory infringers.

134. The acts of infringement by all Defendants have been willful, intentional, and purposeful in disregard of, and with indifference to, the rights of Yellowcake.

135. Adrev's and Becker's conduct, as alleged, constitutes contributory infringement of Yellowcake's Copyrighted Works, Foreign Works and the exclusive rights under copyright, in violation of 17 U.S.C. § 106, 17 U.S.C. § 115, and 17 U.S.C. § 501.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

136. Yellowcake is entitled to an injunction restraining Adrev, its officers, directors, agents, employees, representatives, and all persons acting in concert with Adrev from further engaging in such acts of copyright infringement.

137. Yellowcake is entitled to an injunction restraining Becker, his agents, employees, representatives, and all persons acting in concert with him from further engaging in such acts of copyright infringement.

138. Pursuant to 17 U.S.C.§ 504(b) Yellowcake is entitled to recover from Adrev and Becker its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the contributory infringement of Yellowcake's Copyrighted Works.

139. Alternatively, pursuant to 17 U.S.C.§ 504(c), Yellowcake may elect, prior to trial, to recover from Adrev and Becker up to One Hundred and Fifty Thousand Dollars ($150,000.00) in statutory damages for each registered work willfully infringed by Adrev and Becker. Since Adrev and Becker willfully infringed two hundred ten (210) registered copyrighted works belonging to Yellowcake, Yellowcake is entitled to recover Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00) in statutory damages from Adrev and Becker.

140. Pursuant to 17 U.S.C. § 505, Yellowcake is further entitled to recover from Adrev and Becker the reasonable attorneys' fees and legal costs incurred by Yellowcake as a result of Adrev and Becker's acts of copyright infringement.

141. Pursuant to 17 U.S.C.§ 504(b) Yellowcake is entitled to recover from Adrev and Becker its actual damages, which are not readily ascertainable but believed to be in excess of Ten Million Dollars ($10,000,000.00), for the contributory infringement of the Foreign Works.

## **PRAYER**

WHEREFORE, Yellowcake prays for judgment as follows:

First Cause of Action:

1. For a judgment that Dashgo and Patterson directly infringed Yellowcake's

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Copyrighted Works pursuant to U.S. Copyright Act of 1976, as amended 17 U.S.C. § 101, *et seq.*

2.    For actual damages pursuant to 17 U.S.C. § 504(b) for each of Yellowcake's Copyrighted Works infringed, in an amount to be proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

3.    Alternatively, for statutory damages pursuant to 17 U.S.C. § 504(c) to be elected before trial for each of Yellowcake's Copyrighted Works infringed in the total amount of Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00).

4.    For actual damages for each of Yellowcake's Foreign Works infringed, in an amount to be proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

5.    For an accounting from Dashgo and Patterson for all of the income Dashgo received as a result of its infringement of Yellowcake's Copyrighted Works and Foreign Works.

6.    For injunctive relief prohibiting Dashgo, its officers, directors, agents, employees, representatives, and all persons acting in concert with Dashgo, from further infringing Yellowcake's copyrights, and ordering Dashgo to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in its possession.

7.    For injunctive relief prohibiting Patterson, his agents, employees, representatives, and all persons acting in concert with him, from further infringing Yellowcake's copyrights, and ordering Patterson to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in his possession.

8.    For Yellowcake's costs in this action.

9.    For Yellowcake's reasonable attorneys' fees incurred herein pursuant to statute.

10.    For such other and further relief as the Court may deem just and proper.

Second Cause of Action:

1.    For a judgment that Adrev and Becker vicariously infringed Yellowcake's

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Copyrighted Works pursuant to U.S. Copyright Act of 1976, as amended 17 U.S.C. § 101, *et seq.*

2.    For actual damages pursuant to 17 U.S.C. § 504(b) for each of Yellowcake's Copyrighted Works infringed, in an amount to be proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

3.    Alternatively, for statutory damages pursuant to 17 U.S.C. § 504(c) to be elected before trial for each of Yellowcake's Copyrighted Works infringed in the total amount of Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00).

4.    For actual damages for each of Yellowcake's Foreign Works infringed, in an amount to be proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

5.    For an accounting from Adrev and Becker for all of the income Adrev received as a result of its infringement of Yellowcake's Copyrighted Works and Foreign Works.

6.    For injunctive relief prohibiting Adrev, its officers, directors, agents, employees, representatives, and all persons acting in concert with Adrev, from further infringing Yellowcake's copyrights, and ordering Adrev to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in its possession.

7.    For injunctive relief prohibiting Becker, his agents, employees, representatives, and all persons acting in concert with him, from further infringing Yellowcake's copyrights, and ordering Becker to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in its possession.

8.    For Yellowcake's costs in this action.

9.    For Yellowcake's reasonable attorneys' fees incurred herein pursuant to statute.

10.    For such other and further relief as the Court may deem just and proper.

Third Cause of Action:

1.    For a judgment that Adrev and Becker contributorily infringed

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

---

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Yellowcake's Copyrighted Works pursuant to U.S. Copyright Act of 1976, as amended 17 U.S.C. § 101, *et seq.*

2.     For actual damages pursuant to 17 U.S.C. § 504(b) for each of Yellowcake's Copyrighted Works infringed, in an amount to be proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

3.     Alternatively, for statutory damages pursuant to 17 U.S.C. § 504(c) to be elected before trial for each of Yellowcake's Copyrighted Works infringed in the total amount of Thirty-One Million Five Hundred Thousand Dollars ($31,500,000.00).

4.     For actual damages for each of Yellowcake's Foreign Works infringed, in an amount to proven at the time of trial and believed to be in excess of Ten Million Dollars ($10,000,000.00).

5.     For an accounting from Adrev and Becker for all of the income Dashgo received as a result of its infringement of Yellowcake's Copyrighted Works and Foreign Works.

6.     For injunctive relief prohibiting Adrev, its officers, directors, agents, employees, representatives, and all persons acting in concert with Adrev, from further infringing Yellowcake's copyrights, and ordering Adrev to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in its possession.

7.     For injunctive relief prohibiting Becker, his agents, employees, representatives, and all persons acting in concert with him, from further infringing Yellowcake's copyrights, and ordering Becker to destroy all copies of Yellowcake's Copyrighted Works and Foreign Works in his possession.

8.     For Yellowcake's costs in this action.

9.     For Yellowcake's reasonable attorneys' fees incurred herein pursuant to statute.

10.     For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff requests a trial by jury on all issues so triable.

3

Dated: February 16, 2022

4

Respectfully submitted,

5

**ABRAMS FENSTERMAN, LLP**

6

7

By: /s/ Seth L. Berman

Seth L. Berman, Esq.

8

***Attorneys for Plaintiff Yellowcake***

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

---

27

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, VICARIOUS INFRINGEMENT, CONTRIBUTORY INFRINGEMENT AND JURY DEMAND**