**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
  tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS FENSTERMAN, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
  sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation, BENJAMIN PATTERSON, an individual and NOAH BECKER, an individual.<br><br>  Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS BENJAMIN PATTERSON AND NOAH BECKER'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

This memorandum is being submitted in opposition to defendants, Benjamin Patterson's ("Patterson") and Noah Becker's ("Becker" and when referred to with Patterson, hereinafter the "Defendants" or the "Individual Defendants") *Ex Parte* Motion (the "Motion") for an extension of time for Defendants to respond to Plaintiff, Yellowcake, Inc.'s ("Yellowcake" or "Plaintiff") Second Amended Complaint (the "SAC").

In essence, this case is a straightforward copyright infringement case where Defendants, a conglomerate (and its principals) of digital music distribution and marketing companies, unlawfully copied, sold, and otherwise exploited two thousand thirty-five (2,035) copyrighted sound recordings (songs) owned by Yellowcake on Amazon Music and YouTube even after Defendants acknowledged that the copyrighted works were owned by Yellowcake and represented that they would stop selling the works. Simply put, the Defendants have no legitimate excuse or legal defense for their actions.

As a result of the Defendants' continuing acts of copyright infringement, Plaintiff was forced to file this action asserting causes of action for Copyright Infringement, Injunctive Relief, Accounting and Contributory Infringement initially against Dashgo Inc. ("Dashgo") and Contributory Copyright Infringement and Vicarious Copyright Infringement against Audiomicro, Inc. d/b/a ADREV ("Adrev" and when referred to with Dashgo, hereinafter the "Corporate Defendants"). *See* SAC Dkt. 31. In its subsequent pleading, i.e., the SAC, Plaintiff also named Patterson and Becker as party defendants in their respective individual capacities due to their intimate involvement in the acts of infringement. *Id*.

Since copyright infringement is essentially a strict liability offense and the collective Defendants have no real substantive defenses to Yellowcake's claims Defendants, their insurance carrier and their carrier's appointed counsel have resorted

1

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

to a desperate strategy of using delay, abuse of discovery and other non-substantive, procedural tactics to try and wear down Yellowcake's resolve to prosecute this matter, including filing opposition to the undersigned's application for *pro hac vice* admission and two baseless motions to strike. *See* Dkts. 4 and 10. As set forth below, the Individual Defendants' Motion for an extension of time to respond to the SAC is disingenuous and was filed only to unnecessarily harass and expense Plaintiff.

The history of this action is replete with examples of Defendants demanding courtesies be extended to them, in the form of, among other things, repeated adjournment requests, while at the same time refusing to reciprocate any courtesy to Plaintiff. It is the customary practice of the undersigned to grant professional courtesies, which custom was done here, as Defendants' admitted, offering to extend the time by which the Individual Defendants would be required to respond to the SAC. As has become par for the course though, counsel for Defendants refused any such courtesy and instead has forced all parties involved to engage in yet even more unnecessary motion practice. 1

---

1 Yellowcake respectfully reminds the Court that Yellowcake granted the Corporate Defendants an extension of time to answer the initial complaint. In return, Defendants opposed Yellowcake's counsel's *pro hac vice* application using false accusations and inaccurate information. *See* Dkt. 13. Defendants' counsel also went so far as to refuse to consent to an adjournment of a pending motion to strike even though the hearing date fell on Yellowcake's lead counsel's honeymoon and Yellowcake's local counsel's wife was scheduled for a medical procedure. *See* Dkt. 17, 17-1. Yellowcake's counsel was then forced to make an emergency application to the Court for a continuance, which application was granted. *See* Dkt. 17-18. Plaintiff also granted the Corporate Defendants' request for an extension of time to respond to Plaintiff's discovery demands. When the Corporate Defendants final served responses, they served nothing but objections and excuses. To date, Plaintiff has produced nearly 4,000 pages of documents in response to the Corporate Defendant's request for documents and over one hundred pages in response to the Corporate

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

## STATEMENT OF FACTS

For a more complete recitation of the factual background underlying this matter, the Court is respectfully referred to the SAC.

## ARGUMENT

### I. DEFENDANTS' APPLICATION FOR AN EXTENSION OF TIME SHOULD NOT BE GRANTED

**A. Applicable Legal Standard**

Rule 6(b) of the Federal Rules of Civil Procedure provides that the Court may, for good cause, extend the time to do an act which may or must be done within a specified time with motion or notice if the court acts, or if a request is made, before the original time or its extension expires. Fed. R. Civ. P. 6(b)(1)(A).

Similarly, the Eastern District's Local Rules provide, in relevant part, that the Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary. Except for one such initial extension, *ex parte* applications for extension of time are not ordinarily granted. Civ. L.R. 144(c).

**B. There is No Basis to Grant the Individual Defendant's Application**

The Individual Defendants' request for more time to Answer the SAC is completely disingenuous in light of the fact that the Corporate Defendants have already served and Answer to the SAC and Yellowcake already agreed to a sufficient

---

Defendant's interrogatories. On the other hand, the Corporate Defendants have not produced a single page of documents in response to Plaintiff's document requests nor have they served any substantive responses to Plaintiff's interrogatories. These actions will be the subject of a forthcoming motion under local Rule 251 and FRCP Rule 11.

3

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Abrams, Fensterman LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

30-day extension. Since the Corporate Defendants have already filed an Answer to the SAC (*See* Dkt. 34) and the new Individual Defendants were named as defendants as principals of the Corporate Defendants involved in the acts of infringement (*See* Id.) logically, the Individual Defendants' answers would mirror the Corporate Defendants' answers. If the Corporate Defendants have no basis to dismiss the SAC, then neither do the Individual Defendants.

In fact, the Corporate Defendants admit in their Answer and Motion papers that the Individual Defendants were acting in their capacity as principals of the Corporate Defendants. *See* Dkts. 34 at ¶¶ 18 and 22 and the Individual Defendants' Motion at Dkt. 37, Pg. 1, Lns. 16-21.

As such, there is no legitimate reason why Plaintiff's reasonable consent to an extension of time for the Individual Defendant's time to answer to April 8th is insufficient and required the Individual Defendants to make the instant application. It is obvious that the Defendants insurance carrier and its counsel are again "making something out of nothing" in order to make a motion simply for the sake of delaying this action and unnecessarily expensing the Plaintiff.

## CONCLUSION

For the foregoing reasons, Yellowcake respectfully requests that the Court deny the Individual Defendants' Motion in its entirety.

Dated: March 17, 2022

                                        **ABRAMS FENSTERMAN, LLP**

                                        By: _____

                                            Seth L. Berman, Esq.
                                            (*admitted pro hac vice*)

                                            and

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

|   |   |
|---|---|
| 1 |   |
| 2 | **HEFNER, STARK & MAROIS, LLP** |
| 3 | Thomas P. Griffin, Jr., Esq. (SBN 155133) |
|   | *Attorneys for Plaintiff/Cross-Defendants* |
| 4 | *Yellowcake, Colonize Media, Inc., Jose* |
| 5 | *David Hernandez and Jesus Chavez, Sr.* |

Abrams, Fensterman LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

5

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**