1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YELLOWCAKE, INC., a California          Case No.  1:21-cv-00803-AWI-BAM
     corporation,
12                                           **ORDER GRANTING BENJAMIN**
                        Plaintiff,           **PATTERSON AND NOAH BECKER'S EX**
13                                           **PARTE APPLICATION FOR EXTENSION**
              v.                             **OF TIME TO RESPOND TO PLAINTIFF'S**
14                                           **SECOND AMENDED COMPLAINT**
     DASHGO, INC., a Delaware corporation,
15   and AUDIOMICRO, INC. d/b/a ADREV,       (Doc. 37)
     a Delaware corporation, BENJAMIN
16   PATTERSON, an individual and NOAH
     BECKER, an individual,
17
                        Defendants.
18

19

20          On March 15, 2022, Defendants Benjamin Patterson and Noah Becker (collectively

21   "Individual Defendants") filed the instant *ex parte* application for an extension of time to respond

22   to the operative complaint.  (Doc. 37.)  The Individual Defendants explain that Plaintiff

23   Yellowcake, Inc. ("Plaintiff") filed the Second Amended Complaint ("SAC") on February 16,

24   2022. The SAC, for the first time, named Benjamin Patterson and Noah Becker as defendants.

25   (*See* Doc. 31.)  Despite defense counsel's offer to execute waivers of service for the Individual

26   Defendants, Defendant Patterson was served by substituted service on February 25, 2022, with

27   his responsive pleading due on March 28, 2022, (*Id.* at 3; *see also* Doc. 36), and Defendant

28   Becker was personally served on March 2, 2022, with his responsive pleading due on March 23,

                                            1

1  2022, (*Id.* at 4; *see also* Doc. 35).  As newly named parties, the Individual Defendants assert that

2  they need time to review the matter with counsel and determine an appropriate response to the

3  SAC, whether by way of a motion or other response.

4  As detailed in the application, the Individual Defendants requested, on more than one

5  occasion, a stipulation from Plaintiff's counsel to the extend the responsive pleading deadline.

6  Plaintiff's counsel eventually responded to the requests, but counsel would agree only to a short

7  extension of time for the Individual Defendants to file a response conditioned on defendants'

8  acceptance of Plaintiff's discovery response as timely.[1]  (Doc. 37-1, Ex. C to Declaration of

9  Richard Idell.)  The Individual Defendants aver that the conditional response is tantamount to a

10  refusal to grant the requested extension of time.  Due to their inability to obtain a stipulation, the

11  Individual Defendants therefore apply to the Court for an extension of time to April 25, 2022, to

12  file their responsive pleadings.

13  On March 17, 2022, Plaintiff filed an opposition to the *ex parte* application.  Plaintiff

14  argues that the application "for an extension of time to respond to the SAC is disingenuous and

15  was filed only to unnecessarily harass and expense Plaintiff." (Doc. 38 at 3.)  Plaintiff asserts:

16  
> Since copyright infringement is essentially a strict liability offense and the
> collective Defendants have no real substantive defenses to Yellowcake's claims
> Defendants, their insurance carrier and their carrier's appointed counsel have
> resorted to a desperate strategy of using delay, abuse of discovery and other non-
> substantive, procedural tactics to try and wear down Yellowcakes' resolve to
> prosecute this matter.

17
18
19
20  (*Id.* at 2-3.)  Plaintiff cites to purported examples of defendants demanding courtesies be

21  extended to them, while at the same time refusing to reciprocate any courtesy to Plaintiff.  (*Id.* at

22  3.)

23  _____
[1]  Specifically, Plaintiff's counsel responded as follows:

24
25  > Given the answer that you served on behalf of Dashgo and Adrev, I don't see how the
> newly named defendants have a basis to move to dismiss.  We will consent to an
> adjournment of time to respond to the second amended complaint until April 8th,

26  > conditioned on your acceptance of Yellowcake's response to your third request for
> documents as timely.  April 8th is more than enough time to serve a response.

27
28  (Doc. 37-1, Ex. C.)

2

1    Plaintiff contends that the instant request for additional time is disingenuous because the

2    corporate defendants have already answered the SAC.  Plaintiff suggests that because the

3    Individual Defendants were named as principals of the corporate defendants then, logically, their

4    answer would mirror that of the corporate defendants, and the Individual Defendants similarly

5    would have no basis to dismiss the SAC.  (Doc. 38 at 4-5.)  As a result, Plaintiff claims "there is

6    no legitimate reason why Plaintiff's reasonable consent to an extension of time for the Individual

7    Defendant's [sic] time to answer to April 8th is insufficient and required the Individual

8    Defendants to make the instant application."  (*Id.* at 5.)

9    Federal Rule of Civil Procedure 6 provides that when "an act may or must be done within

10   a specified time, the court may, for good cause, extend the time," with or without a motion or

11   notice. if the court acts, or if a request is made, before the original time or its extension expires.

12   Fed. R. Civ. P. 6(b)(1).  Further, Local Rule 144 states:

13
     The Court may, in its discretion, grant an initial extension ex parte upon the
14   affidavit of counsel that a stipulation extending time cannot reasonably be
     obtained, explaining the reasons why such a stipulation cannot be obtained and
     the reasons why the extension is necessary.  Except for one initial extension, ex
15   parte applications for extension of time are not ordinarily granted.

16   L.R. 144(c).

17   Having considered the parties' arguments, the Court finds good cause for an extension of

18   time for the Individual Defendants to respond to the SAC.  The Individual Defendants have

19   explained why a stipulation could not be obtained and have explained why the extension is

20   reasonable and necessary.  In contrast, Plaintiff's original attempt to condition any stipulation for

21   an extension of time on defendants' acceptance of certain discovery requests was not reasonable.

22   Moreover, Plaintiff has not identified any specific prejudice resulting from the brief extension of

23   time at issue here, and the Court finds none.  Plaintiff only recently filed the SAC, and the case

24   has not yet been scheduled.  The only matter pending before the Court is a Scheduling

25   Conference currently set for May 19, 2022.

26   ///

27   ///

28   ///

3

1        For these reasons, the Individual Defendants' *ex parte* application is GRANTED, and the

2    deadline for the Individual Defendants to file their responsive pleadings is extended to April 25,

3    2022.  No further extensions of time will be granted absent a demonstrated showing of good

4    cause.  Counsel is reminded of the obligation under Fed.R.Civ.P. 1 to employ the Rules "to secure

5    the just, speedy, and inexpensive determination of every action and proceeding."

     IT IS SO ORDERED.

6

7    Dated:   **March 17, 2022**         /s/ *Barbara A. McAuliffe*

8                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28