RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON, PEATMAN & FOGARTY, P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: 707-252-7122
Facsimile:  707-255-6876
Email: ridell@dpf-law.com
       osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>            Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. D.B.A. ADREV'S EX PARTE APPLICATION FOR AN ORDER DIRECTING ATTORNEY SETH BERMAN TO WITHDRAW SUBPOENAS TO AMAZON.COM, INC. AND YOUTUBE, INC. OR, IN THE ALTERNATIVE, STAYING ENFORCEMENT OF THE SUBPOENAS**<br><br>(E-filing)<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

EX PARTE APPLICATION RE: PLAINTIFF'S SUBPOENAS TO AMAZON AND YOUTUBE

COME NOW Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d.b.a. Adrev ("Adrev") (collectively, "Defendants"), and hereby apply *ex parte* ("Application") for an order: (1) directing attorney Seth Berman, Esq. to withdraw subpoenas ("Subpoenas") issued to third parties Amazon.com, Inc. ("Amazon") and YouTube, Inc. ("YouTube"); or, in the alternative (2) staying enforcement of the Subpoenas pending: (a) the Court's determination that the meet and confer process between counsel for the parties has been completed, (b) hearing on, and disposition of, Defendants' motion for entry of a two-tier protective order or, alternatively, entry of a protective order; and (c) if necessary, sufficient opportunity for Defendants to file a motion to quash or modify the Subpoenas and have the said motion heard and disposed of prior to the production date, as follows:

I.    **RELEVANT FACTS AND ARGUMENT.**

As the Court is aware, at **9:00 a.m. on Wednesday, April 6, 2022**, a status conference was held regarding the parties' various discovery motions, pursuant to the Court's March 29, 2022 order setting the said status conference. At that conference, the Court directed counsel for the parties to meet and confer further in an attempt to resolve those issues that could be resolved. The Court also vacated the hearing on the parties' discovery motions and set a further status conference for Tuesday, April 26, 2022. Idell Decl. ¶ 2.

At **9:55 a.m. on Wednesday, April 6, 2022**, shortly after the conclusion of the status conference, counsel for Defendants emailed Plaintiff's counsel requesting counsel's availability for the further telephonic meet and confer ordered, offering general availability on Thursday, April 7, 2022; Friday, April 8, 2022; Monday, April 11, 2022; and/or Tuesday, April 12, 2022. Idell Decl. ¶ 3, Ex. "A".

Defendants received no immediate response, nor any response whatsoever.

Instead, at **2:16 p.m. on Wednesday, April 6, 2022**, Seth Berman, Esq., counsel for Plaintiff, sent an email to Defendants' counsel attaching notices of the Subpoenas.[1] *See* Idell Decl. ¶ 4, Ex. "B". The Subpoenas purport to command production of documents on Friday, April 29, 2022 – the very date for which the parties' discovery motions had been noticed.

The Subpoena to Amazon is facially defective, as it purports to command production of documents more than 100 miles from Tumwater, Washington. *See* Fed. R. Civ. P. 45(c)(2)(A); *Black v. Wrigley* (S.D. Cal. Apr. 26, 2019) No. 18-CV-2367 GPC-BGS, 2019 WL 1877070, at *5.

Both Subpoenas are objectionable in other respects as well.[2]

The first document requests in each of the Subpoenas are entirely unlimited as to time.

The second document requests in each of the Subpoenas seek Defendants' confidential and proprietary financial information. The only use for such financial information in this action would be to prove Plaintiff's actual damages. The statute of limitations on a claim of copyright infringement is three years. 17 U.S.C. § 507, *Petrella v. Metro-Goldwyn-Mayer, Inc.* (2014) 572 U.S. 663, 671. Since this action was filed on March 17, 2021, Docket No. 1, Plaintiff would only be able to obtain damages for any infringements that occurred after March 17, 2018 (and

---

[1] This is not the first time Mr. Berman served subpoenas on Amazon and YouTube. The last time Mr. Berman did so was on December 27, 2021. That time, Mr. Berman did not give defense counsel notice, as required under Fed. R. Civ. P. 45(a)(4). Defendants only discovered the existence of those earlier subpoenas on February 8, 2022 – after the purported January 27, 2022 return date – and then, only after having been contacted by counsel for Amazon. Since Defendants found out about the subpoenas only after the fact, Defendants did not have sufficient time to object to the subpoenas. *See Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014). Mr. Berman withdrew those subpoenas. Idell Decl. ¶ 4, footnote 2.

[2] Defendants do not intend this as an exhaustive recitation of all of their objections to the subpoenas, nor of arguments Defendants may make on a motion to quash or modify the Subpoenas, should such motion become necessary.

Defendants deny any and all such infringement). Yet the second document requests of each of the Subpoenas requests financial information going all the way back to January 1, 2015.

The other requests in each of the Subpoenas are equally overbroad as to time for substantially similar reasons.

In addition, as the Court is well aware, Defendants have a pending motion for entry of a protective order. Even if the Subpoenas had been appropriately narrowed to the relevant limitations period, such confidential and sensitive financial information should be subject to designation by Defendants, or the subpoenaed parties, as "confidential" or "highly confidential", as appropriate. However, without a protective order in place, no such designation is possible.

Mr. Berman gave notice of the Subpoenas without prior notice, without any attempt to meet and confer with Defendants' counsel, and without so much as responding to Defendants' request for his availability for such meet and confer. Indeed, as of the filing of this Application, Mr. Berman has still not responded to Defendants' request for his availability. Idell Decl. ¶ 7.

The only way Defendants can avoid production by Amazon and YouTube is to make a motion to quash or modify the Subpoenas and have the said motion heard and disposed of prior to the April 29, 2022 return date on the subpoenas. *See Campo v. Am. Corrective Counseling Servs., Inc.* (C.D. Cal. June 26, 2009) No. CV 09-3325-VBF(RCX), 2009 WL 10673198, at *7 ("[A] motion to quash must be filed, heard, and granted before the scheduled deposition (or, in this case, document turnover).") But to have such motion timely heard and disposed of, it would need to be filed today, Friday, April 8, 2022. *See* Civ. L.R. 251(a) (requiring hearing on discovery motions "at least twenty-one (21) days from the date of filing and service").

Given the Court's directives at the Wednesday, April 6, 2022 status conference, Defendants sought to avoid having to file a further discovery motion. *See* Idell Decl. ¶ 5.

To that end, at **10:47 p.m. on Wednesday, April 6, 2022**, Defendants counsel sent a meet and confer letter to Mr. Berman regarding the Subpoenas. Idell Decl. ¶ 5, Ex. "C". Defendants' letter requested that Mr. Berman withdraw the Subpoenas, and confirm such withdrawal by no later than the close of business on Thursday, April 7, 2022.

Mr. Berman did not timely respond to that letter, as requested.

Instead, at **12:33 p.m. on Thursday, April 7, 2022**, Mr. Berman sent a curt email stating only: "I am in receipt of your letter and will respond in due course." Idell Decl. ¶ 6, Ex. "D".

As of the filing of this Application, Mr. Berman has still not responded to Defendants' April 6, 2022 letter, nor has Mr. Berman responded Defendants' request for his availability to continue the meet and confer process by providing his available dates. Idell Decl. ¶ 7. Defendants have been left with no choice but to seek judicial relief.

Accordingly, by this Application, Defendants request that the Court order Mr. Berman to withdraw the Subpoenas and to do so by a date and time certain. In the alternative, Defendants request that the Court stay enforcement of the Subpoenas pending: (1) the Court's determination that the meet and confer process, directed by the Court at the April 6, 2022 status conference, has been concluded; (2) the hearing on, and disposition of, Defendants' motion for entry of a two-tier protective order or, alternatively, entry of a stipulated protective order (such that Defendants will have the ability to designate any documents produced by either Amazon or YouTube); and (c) if necessary, sufficient time for Defendants to have the opportunity to prepare and file a motion to quash or modify the Subpoenas and have the said motion heard and disposed of prior to the production date.

With apologies to the Court for the further burden, Defendants respectfully request that the Court grant this Application.

## II. CONCLUSION.

For the foregoing reasons, it is respectfully submitted that the Court should grant this Application and enter an order commanding Seth Berman, Esq. to withdraw the Subpoenas and to do so by a date and time certain, or, in the alternative, staying enforcement of the Subpoenas pending: (a) the Court's determination that the meet and confer process between counsel for the parties has been completed, (b) hearing on, and disposition of, Defendants' motion for entry of a two-tier protective order or, alternatively, entry of a protective order; and (c) if necessary, sufficient opportunity for Defendants to file a motion to quash or modify the Subpoenas and have the said motion heard and disposed of prior to the production date.

Respectfully submitted,

Dated: April 8, 2022    DICKENSON PEATMAN & FOGARTY P.C.

By: /s/ Richard J. Idell
Richard J. Idell (SBN 069033)
Ory Sandel (SBN 233204)
*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*