RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON, PEATMAN & FOGARTY, P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: 707-252-7122
Facsimile:  707-255-6876
Email: ridell@dpf-law.com
        osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc.,
Audiomicro, Inc. d.b.a. Adrev, Benjamin
Patterson and Noah Becker*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>                    Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANT BENJAMIN PATTERSON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(E-filing)<br><br>Hon. Judge Anthony W. Ishii, Presiding |

COME NOW Defendant Benjamin Patterson ("Defendant"), for himself only and

separately from all other defendants, and, in answer to the Second Amended Complaint

("Complaint") of Plaintiff Yellowcake, Inc. ("Plaintiff" or "Yellowcake"), admits, denies and

alleges as follows:

## NATURE OF THE ACTION

1.      In answer to the allegations of Paragraph 1 of the Complaint, Defendant admits

that this is an action for copyright infringement; that Yellowcake is a California corporation;

and that Yellowcake claims rights to certain copyrights. Defendant denies each and every one of

the remaining allegations of Paragraph 1 of the Complaint.

2.　　In answer to the allegations of Paragraph 2 of the Complaint, Defendant admits that this is an action for copyright infringement; and that Yellowcake claims rights to certain foreign copyrights. Defendant denies each and every one of the remaining allegations of Paragraph 2 of the Complaint.

3.　　Answering the allegations of Paragraph 3 of the Complaint, Defendant admits that Dashgo, with the rights to do so, exploited certain sound recordings to which Yellowcake claims rights via Amazon and YouTube. Defendant denies each and every one of the remaining allegations of Paragraph 3 of the Complaint.

4.　　Answering the allegations of Paragraph 4 of the Complaint, Defendant admits that Dashgo, with the rights to do so, exploited certain sound recordings to which Yellowcake claims rights and received remuneration as a result of such exploitation. Defendant denies each and every one of the remaining allegations of Paragraph 4 of the Complaint.

5.　　Answering the allegations of Paragraph 5 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Colonize Media, Inc. is an agent or distributor of Yellowcake and, on that basis, denies the said allegation. Defendant denies each and every one of the remaining allegations of Paragraph 5 of the Complaint.

6.　　Defendant denies each and every one of the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.　　Answering the allegations of Paragraph 7 of the Complaint, Defendant admits that Plaintiff's Complaint is an action for copyright infringement; and that Plaintiff's Complaint seeks monetary damages and injunctive relief. Defendant denies each and every one of the remaining allegations of Paragraph 7 of the Complaint and further denies that Yellowcake is entitled to the relief sought as alleged or at all.

8.　　Defendant admits the allegations of Paragraph 8 of the Complaint.

9.      Answering the allegations of Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, on that basis, denies each and every allegation of the said Paragraph 9.

10.     Answering the allegations of Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Yellowcake is located in, and conducts business in, this District and, on that basis, denies the said allegation. Defendant denies each and every one of the remaining allegations of Paragraph 10 of the Complaint.

## **PARTIES**

11.     Answering the allegations of Paragraph 11 of the Complaint, Defendant admits that Yellowcake purports to be a California corporation. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11 of the Complaint and, on that basis, denies each and every one of the remaining allegations of the said Paragraph 11.

12.     Defendant admits the allegations of Paragraph 12 of the Complaint.

13.     Answering the allegations of Paragraph 13 of the Complaint, Defendant admits that Dashgo provides services for the distribution of digital music, including via Amazon and YouTube. Defendant denies each and every one of the remaining allegations of Paragraph 13 of the Complaint.

14.     Defendant admits the allegations of Paragraph 14 of the Complaint.

15.     In answer to the allegations of Paragraph 15 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant denies each and every one of the remaining allegations of Paragraph 15 of the Complaint.

16.     Defendant admits the allegations of Paragraph 16 of the Complaint.

17.     Defendant admits the allegations of Paragraph 17 of the Complaint.

18.     Answering the allegations of Paragraph 18 of the Complaint, Defendant admits that Patterson is an officer and employee of Dashgo and was at all relevant times acting within

the course and scope of such employment. Defendant denies each and every one of the remaining allegations of Paragraph 18 of the Complaint and further denies that Yellowcake is entitled to the relief or damages sought as alleged or at all.

19.     Defendant admits the allegations of Paragraph 19 of the Complaint.

20.     Defendant denies each and every one of the allegations of Paragraph 20 of the Complaint.

21.     Answering the allegations of Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, on that basis, denies each and every one of the allegations of the said Paragraph 21.

22.     Answering the allegations of Paragraph 22 of the Complaint, Defendant admits that Becker was at all relevant times an employee of Adrev and was at all relevant times acting within the course and scope of such employment. Defendant denies each and every one of the remaining allegations of Paragraph 22 of the Complaint and further denies that Yellowcake is entitled to the relief or damages sought as alleged or at all.

## FACTUAL ALLEGATIONS

23.     Answering the allegations of Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, denies each and every one of the allegations of the said Paragraph 23.

24.     Answering the allegations of Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 24 and each Exhibit thereto.

25.     Answering the allegations of Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation of Paragraph 25 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 25 and each Exhibit thereto.

26.     Answering the allegations of Paragraph 26 of the Complaint, Defendant admits that Yellowcake claims rights to certain copyrights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 26 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 26 and each Exhibit thereto.

27.     Answering the allegations of Paragraph 27 of the Complaint, Defendant admits that Yellowcake claims rights to certain copyrights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 27 and each Exhibit thereto.

28.     Answering the allegations of Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 28 and each Exhibit thereto.

29.     Answering the allegations of Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 29 and each Exhibit thereto.

30.     Answering the allegations of Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 30 and each Exhibit thereto.

31.     Answering the allegations of Paragraph 31 of the Complaint, Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 31 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 31 and each Exhibit thereto.

32.     Answering the allegations of Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of

Paragraph 32 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 32 and each Exhibit thereto.

33.     Answering the allegations of Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 33 and each Exhibit thereto.

> i.     *Defendant denies each and every one of the allegations of heading (i) of the Complaint.*

34.     Answering the allegations of Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the allegations of the said Paragraph 34 and each Exhibit thereto.

35.     Answering the allegations of Paragraph 35 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 35 and each Exhibit thereto and, on that basis, denies each and every one of the remaining allegations of the said Paragraph 35 and each Exhibit thereto.

36.     Answering the allegations of Paragraph 36 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 36 and each Exhibit thereto.

37.     Answering the allegations of Paragraph 37 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with

Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 37 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 37 and each Exhibit thereto.

38.     Answering the allegations of Paragraph 38 of the Complaint, Defendant admits that Colonize corresponded with Dashgo regarding certain sound recordings to which Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 38 of the Complaint.

39.     Answering the allegations of Paragraph 39 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 39 and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of Paragraph 39 of the Complaint and each Exhibit thereto.

40.     Answering the allegations of Paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40 and each Exhibit thereto and, on that basis, denies each and every one of the said allegations of Paragraph 40 of the Complaint and each Exhibit thereto.

41.     Answering the allegations of Paragraph 41 of the Complaint, Defendant admits that Dashgo never entered into a written agreement with Yellowcake; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 41 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 41 of the Complaint.

42.     Answering the allegations of Paragraph 42 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 42 of the Complaint.

43.     Answering the allegations of Paragraph 43 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 43 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 43 of the Complaint.

44.     Answering the allegations of Paragraph 44 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44 regarding each Exhibit thereto and, on that basis, denies each and every one of

the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 44 of the Complaint.

45. Answering the allegations of Paragraph 45 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 45 of the Complaint.

46. Answering the allegations of Paragraph 46 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 46 of the Complaint.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 47 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant incorporates by this reference the response to the allegations of Paragraph 46 of the Complaint as though the same were set forth in full herein in response to Paragraph 47. Defendant denies each and every one of the remaining allegations of Paragraph 47 of the Complaint.

48. Answering the allegations of Paragraph 48 of the Complaint, Defendant admits that Exhibit "A" to the Complaint includes Uniform Resource Locators. Other than as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 48 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 48 of the Complaint.

49. Answering the allegations of Paragraph 49 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc.

that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 49 of the Complaint.

50.     Answering the allegations of Paragraph 50 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 50 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 50 of the Complaint.

51.     Answering the allegations of Paragraph 51 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 51 of the Complaint.

52.     Answering the allegations of Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 52 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 52 of the Complaint.

53.     Answering the allegations of Paragraph 53 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 53 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 53 of the Complaint.

54.     Answering the allegations of Paragraph 54 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 54 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 54 of the Complaint and further denies that Plaintiff has

been damaged as alleged, or at all.

55.    Answering the allegations of Paragraph 55 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 55 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 55 of the Complaint.

> ii.    *Defendant denies each and every one of the allegations of heading (ii) of the Complaint.*

56.    In answer to the allegations of Paragraph 56 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant denies each and every one of the remaining allegations of Paragraph 56 of the Complaint.

57.    Defendant denies each and every one of the allegations of Paragraph 57 of the Complaint.

58.    Defendant denies each and every one of the allegations of Paragraph 58 of the Complaint.

59.    Answering the allegations of Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 59 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 59 of the Complaint.

60.    Answering the allegations of Paragraph 60 of the Complaint, Defendant admits that Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 60 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 60 of the Complaint.

61.    Answering the allegations of Paragraph 61 of the Complaint, Defendant admits that Adrev's website (https://adrev.net/about) states: "Founded in 2012 to help musicians

navigate the wilds of user generated content monetization on YouTube, Adrev has grown into the industry's standard bearer for innovation and equity in digital rights." Defendant admits that Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform. Defendant denies each and every one of the remaining allegations of Paragraph 61 of the Complaint.

62.    Answering the allegations of Paragraph 62 of the Complaint, Defendant admits that Dashgo provides services for the distribution of digital music, including via Amazon and YouTube. Defendant incorporates by this reference their response to the allegations of Paragraph 60 of the Complaint as though the same were set forth in full herein in response to Paragraph 62. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 62 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 62 of the Complaint.

63.    Answering the allegations of Paragraph 63 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 63 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 63 of the Complaint.

64.    Answering the allegations of Paragraph 64 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 64 of the Complaint.

65.    Answering the allegations of Paragraph 65 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which

Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 65 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 65 of the Complaint.

66.    Answering the allegations of Paragraph 66 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 66 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 66 of the Complaint.

67.    Answering the allegations of Paragraph 67 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 67 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 67 of the Complaint.

68.    Answering the allegations of Paragraph 68 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 68 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 68 of the Complaint.

69.    Answering the allegations of Paragraph 69 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of

Paragraph 69 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 69 of the Complaint.

70.    Answering the allegations of Paragraph 70 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 70 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 70 of the Complaint.

71.    Answering the allegations of Paragraph 71 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 71 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 71 of the Complaint.

72.    Answering the allegations of Paragraph 72 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 72 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 72 of the Complaint.

73.    Answering the allegations of Paragraph 73 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 73 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 73 of the Complaint.

74.    Answering the allegations of Paragraph 74 of the Complaint, Defendant admits

that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 74 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 74 of the Complaint.

## FIRST CAUSE OF ACTION

## Direct Copyright Infringement Under 17 U.S.C. § 101 *et seq.*

(Against Dashgo and Patterson)

75.    In answer to Paragraph 75 of the Complaint, Defendant incorporates by this reference the responses to the allegations of Paragraphs 1 through 74 of the Complaint as though the same were set forth in full herein in response to Paragraph 75 and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

76.    Answering the allegations of Paragraph 76 of the Complaint, Defendant admits that this is an action for copyright infringement.

77.    Answering the allegations of Paragraph 77 of the Complaint, Defendant admits that Yellowcake claims rights to certain copyrights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 77 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 77 and each Exhibit thereto.

78.    Answering the allegations of Paragraph 78 of the Complaint, Defendant admits that Yellowcake claims rights to certain copyrights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 78 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 78 and each Exhibit thereto.

79.    Answering the allegations of Paragraph 79 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint and each Exhibit thereto and, on that basis, denies each and

every one of the allegations of the said Paragraph 79 and each Exhibit thereto.

80.    Answering the allegations of Paragraph 80 of the Complaint, Defendant admits that Yellowcake claims rights to certain copyrights. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 80 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 80 and each Exhibit thereto.

81.    Answering the allegations of Paragraph 81 of the Complaint, Defendant admits that Dashgo never entered into a written agreement with Yellowcake. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 81 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 81 of the Complaint.

82.    Answering the allegations of Paragraph 82 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 82 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 82 of the Complaint.

83.    Answering the allegations of Paragraph 83 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 83 of the Complaint.

84.    Answering the allegations of Paragraph 84 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 84 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant incorporates by this reference the response to the allegations of Paragraph 83 of the Complaint as though the same were set forth in full herein in response to Paragraph 84. Defendant denies each and every one of the

allegations of Paragraph 84 of the Complaint.

85.    Answering the allegations of Paragraph 85 of the Complaint, Defendant admits that Exhibit "A" to the Complaint includes Uniform Resource Locators. Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 85 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 85 of the Complaint.

86.    Answering the allegations of Paragraph 86 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 86 of the Complaint.

87.    Answering the allegations of Paragraph 87 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 87 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant incorporates by this reference the response to the allegations of Paragraph 86 of the Complaint as though the same were set forth in full herein in response to Paragraph 87. Defendant denies each and every one of the remaining allegations of Paragraph 87 of the Complaint.

88.    Answering the allegations of Paragraph 88 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 88 of the Complaint.

89.    Answering the allegations of Paragraph 89 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 89 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant incorporates by this reference the

response to the allegations of Paragraph 88 of the Complaint as though the same were set forth in full herein in response to Paragraph 89. Defendant denies each and every one of the remaining allegations of Paragraph 89 of the Complaint.

90.    Answering the allegations of Paragraph 90 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 90 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 90 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

91.    Answering the allegations of Paragraph 91 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 91 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 91 of the Complaint.

92.    Answering the allegations of Paragraph 92 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated; and that Yellowcake claims rights to certain copyrights. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 92 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 92 of the Complaint.

93.    Answering the allegations of Paragraph 93 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient information or knowledge to admit or deny the allegations of Paragraph 93

regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 93 of the Complaint.

94.    Answering the allegations of Paragraph 94 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 94 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 94 of the Complaint.

95.    Answering the allegations of Paragraph 95 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 95 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 95 of the Complaint.

96.    Answering the allegations of Paragraph 96 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 96 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 96 of the Complaint.

97.    Defendant denies each and every one of the allegations of Paragraph 97 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

98.    Defendant denies each and every one of the allegations of Paragraph 98 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

99.    Answering the allegations of Paragraph 99 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 99 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the

remaining allegations of Paragraph 99 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

100.    Defendant denies each and every one of the allegations of Paragraph 100 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

101.    Defendant denies each and every one of the allegations of Paragraph 101 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

102.    Answering the allegations of Paragraph 102 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 102 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 102 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

## SECOND CAUSE OF ACTION

## Vicarious Copyright Infringement

(Against Adrev and Becker)

103.    In answer to Paragraph 103 of the Complaint, Defendant incorporates by this reference the responses to the allegations of Paragraphs 1 through 102 of the Complaint as though the same were set forth in full herein in response to Paragraph 103 and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

104.    In answer to the allegations of Paragraph 104 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant denies each and every one of the remaining allegations of Paragraph 104 of the Complaint.

105.    Defendant denies each and every one of the allegations of Paragraph 105 of the Complaint.

106.    Answering the allegations of Paragraph 106 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of

Paragraph 106 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 106 of the Complaint.

107.    Answering the allegations of Paragraph 107 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant denies each and every one of the remaining allegations of Paragraph 107 of the Complaint.

108.    Answering the allegations of Paragraph 108 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant denies each and every one of the remaining allegations of Paragraph 108 of the Complaint.

109.    Answering the allegations of Paragraph 109 of the Complaint, Defendant admits that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated; and that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant denies each and every one of the remaining allegations of Paragraph 109 of the Complaint.

110.    Answering the allegations of Paragraph 110 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 110 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 110 of the Complaint.

111.    Answering the allegations of Paragraph 111 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc.; that Colonize corresponded

with Defendant regarding certain sound recordings to which Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 111 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 111 of the Complaint.

112. Answering the allegations of Paragraph 112 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 112 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 112 of the Complaint.

113. Answering the allegations of Paragraph 113 of the Complaint, Defendant admits that Adrev's website (https://adrev.net/about) states: "Founded in 2012 to help musicians navigate the wilds of user generated content monetization on YouTube, Adrev has grown into the industry's standard bearer for innovation and equity in digital rights." Defendant admits that Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform. Defendant denies each and every one of the remaining allegations of Paragraph 113 of the Complaint.

114. Answering the allegations of Paragraph 114 of the Complaint, Defendant admits that Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform; and that Dashgo provides services for the distribution of digital music, including via Amazon and YouTube. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 114 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of

Paragraph 114 of the Complaint.

115.    Answering the allegations of Paragraph 115 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 115 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 115 of the Complaint.

116.    Answering the allegations of Paragraph 116 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 116 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 116 of the Complaint.

117.    Defendant denies each and every one of the allegations of Paragraph 117 of the Complaint.

118.    Answering the allegations of Paragraph 118 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 118 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 118 of the Complaint.

119.    Defendant denies each and every one of the allegations of Paragraph 119 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

120.    Defendant denies each and every one of the allegations of Paragraph 120 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

121.    Answering the allegations of Paragraph 121 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 121 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the

remaining allegations of Paragraph 121 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

122.    Defendant denies each and every one of the allegations of Paragraph 122 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

123.    Defendant denies each and every one of the allegations of Paragraph 123 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

124.    Answering the allegations of Paragraph 124 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 124 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 124 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

<u>**THIRD CAUSE OF ACTION**</u>

<u>**Contributory Copyright Infringement**</u>

(Against Adrev and Becker)

125.    In answer to Paragraph 125 of the Complaint, Defendant incorporates by this reference the responses to the allegations of Paragraphs 1 through 124 of the Complaint as though the same were set forth in full herein in response to Paragraph 125 and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

126.    Answering the allegations of Paragraph 126 of the Complaint, Defendant admits that Dashgo, Inc. is a wholly-owned subsidiary of Audiomicro, Inc.; that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations

of Paragraph 126 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 126 of the Complaint.

127.    Answering the allegations of Paragraph 127 of the Complaint, Defendant admits that Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform; that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights; that Yellowcake claims rights to certain copyrights; and that Dashgo historically entered into a written agreement with Mar International Records, Inc. that was later terminated. Defendant denies that Dashgo entered into a written agreement with Colonize Media, Inc., and thus deny that any such written agreement was terminated. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 127 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 127 of the Complaint.

128.    Answering the allegations of Paragraph 128 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 128 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the allegations of Paragraph 128 of the Complaint.

129.    Answering the allegations of Paragraph 129 of the Complaint, Defendant admits that Dashgo never entered into a written agreement with Yellowcake. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 129 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 129 of the Complaint.

130.    Answering the allegations of Paragraph 130 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations of Paragraph 130 of the Complaint and each Exhibit thereto and, on that basis, denies each and every one of the said remaining allegations of the said Paragraph 130 and each Exhibit thereto.

131.    Answering the allegations of Paragraph 131 of the Complaint, Defendant admits that Colonize corresponded with Defendant regarding certain sound recordings to which Yellowcake claims rights. Defendant denies each and every one of the remaining allegations of Paragraph 131 of the Complaint.

132.    Answering the allegations of Paragraph 132 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 132 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 132 of the Complaint.

133.    Defendant denies each and every one of the allegations of Paragraph 133 of the Complaint.

134.    Defendant denies each and every one of the allegations of Paragraph 134 of the Complaint.

135.    Answering the allegations of Paragraph 135 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 135 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 135 of the Complaint.

136.    Defendant denies each and every one of the allegations of Paragraph 136 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

137.    Defendant denies each and every one of the allegations of Paragraph 137 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

138.    Answering the allegations of Paragraph 138 of the Complaint, Defendant is

without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 138 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 138 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

139.    Defendant denies each and every one of the allegations of Paragraph 139 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

140.    Defendant denies each and every one of the allegations of Paragraph 140 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

141.    Answering the allegations of Paragraph 141 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 141 regarding each Exhibit thereto and, on that basis, denies each and every one of the said allegations regarding each Exhibit thereto. Defendant denies each and every one of the remaining allegations of Paragraph 141 of the Complaint and further denies that Yellowcake is entitled to the damages or other relief sought, as alleged or at all.

## **PRAYER**

First Cause of Action:

1.    Answering Paragraph 1 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

2.    Answering Paragraph 2 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

3.    Answering Paragraph 3 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

4.    Answering Paragraph 4 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

5.      Answering Paragraph 5 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

6.      Answering Paragraph 6 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

7.      Answering Paragraph 7 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

8.      Answering Paragraph 8 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

9.      Answering Paragraph 9 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

10.      Answering Paragraph 10 of the Prayer for the First Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

Second Cause of Action:

1.      Answering Paragraph 1 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

2.      Answering Paragraph 2 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

3.      Answering Paragraph 3 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

4.      Answering Paragraph 4 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

5.      Answering Paragraph 5 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

6.      Answering Paragraph 6 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

7.      Answering Paragraph 7 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

8.      Answering Paragraph 8 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

9.      Answering Paragraph 9 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

10.      Answering Paragraph 10 of the Prayer for the Second Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

Third Cause of Action:

1.      Answering Paragraph 1 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

2.      Answering Paragraph 2 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

3.      Answering Paragraph 3 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

4.      Answering Paragraph 4 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to damages in the sum alleged or in any other sum at all.

5.     Answering Paragraph 5 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

6.     Answering Paragraph 6 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

7.     Answering Paragraph 7 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

8.     Answering Paragraph 8 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

9.     Answering Paragraph 9 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

10.    Answering Paragraph 10 of the Prayer for the Third Cause of Action, Defendant denies that Yellowcake is entitled to the damages or relief requested in this paragraph, as alleged, or to any damages or relief at all.

## AFFIRMATIVE DEFENSES

Defendant asserts and alleges the following affirmative defenses with respect to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim or a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the lapse of the applicable statute of limitations.

//

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the equitable doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the equitable doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by Plaintiff's failure to mitigate some or all of Plaintiff's alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant has at all times acted in good faith in connection with Plaintiff and Plaintiff's alleged predecessors-in-interest, including without limitation Colonize Media, Inc. f/k/a DH1 Media, Inc. and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's alleged predecessors-in-interest, including without limitation Colonize Media, Inc. f/k/a DH1 Media, Inc. and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital, were fully advised concerning the conduct, events and matters alleged in the Complaint, and at all times consented to any and all of the acts of Defendant alleged in the Complaint concerning such conduct, events and matters.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff and/or Plaintiff's alleged predecessors-in-interest, including without limitation Colonize Media, Inc. f/k/a DH1 Media, Inc. and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital,

were fully advised concerning the conduct, events and matters alleged in the Complaint, and at all times ratified any and all of the acts of Defendant alleged in the Complaint concerning such conduct, events and matters.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are offset by damages suffered by Defendant due to the wrongful acts and omissions of Plaintiff and/or those of Plaintiff's alleged predecessors-in-interest, including without limitation Colonize Media, Inc. f/k/a DH1 Media, Inc. and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's own conduct, by the conduct of Plaintiff's alleged predecessors-in-interest, including without limitation Colonize Media, Inc. f/k/a DH1 Media, Inc. and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital, and/or by the conduct of other persons for whom Defendant is not legally responsible, and not by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the doctrine of justification.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant is barred or limited, in whole or in part, by the doctrine of excuse.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged, in the amounts alleged or in any amount at all.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To allow Plaintiff to recover would unjustly enrich Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has been fully compensated for Plaintiff's alleged damages, if any.

//

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are uncertain, speculative or remote.

## TWENTIENTH AFFIRMATIVE DEFENSE

Defendant was at all relevant times acting within the course and scope of his employment and has no individual liability for the conduct, events and matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Since Plaintiff's Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action and, accordingly, Defendant reserves the right to assert additional defenses if and to the extent such defenses are or become applicable. Defendant specifically reserves the right to assert additional affirmative defenses to the extent that factual bases for such affirmative defenses are discovered during the course of this litigation.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by the Complaint;

2.     That judgment be entered against Plaintiff and in favor of Defendant; and

3.     That Defendant be awarded his attorneys' fees and costs of suit incurred; and

4.     For such other relief as the Court may deem just and proper.

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: April 25, 2022          By:     /s/ Richard Idell
                                        Richard Idell
                                        Ory Sandel
                                        *Attorneys for Defendants Dashgo, Inc.,*
                                        *Audiomicro, Inc. d.b.a. Adrev, Benjamin*
                                        *Patterson and Noah Becker*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues raised by Plaintiff's Complaint in this action which are triable by a jury.

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: April 25, 2022           By:     /s/ Richard Idell
                                        Richard Idell
                                        Ory Sandel
                                        *Attorneys for Defendants Dashgo, Inc.,*
                                        *Audiomicro, Inc. d.b.a. Adrev, Benjamin*
                                        *Patterson and Noah Becker*