RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
         osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc., Audiomicro,
Inc. d.b.a. Adrev, Benjamin Patterson and Noah
Becker*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**JOINT STATEMENT RE: DISCOVERY DISAGREEMENT RE: TWO-TIER PROTECTIVE ORDER**<br><br>[Civ. L.R. 251]<br><br>Date: _____, 2022<br><br>Time: _____ a.m. / p.m.<br><br>Place:  Robert E. Coyle Courthouse<br><br>   2500 Tulare Street,<br><br>   Courtroom 8, 6th floor<br><br>   Fresno, CA 93721<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

COME NOW, Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d.b.a. Adrev ("Adrev") (collectively, "Defendants"), on the one hand, and Plaintiff Yellowcake, Inc. ("Yellowcake" or "Plaintiff"),  on the other hand, and, pursuant to L.R. 251, hereby file this Joint Statement re: Discovery Disagreement regarding Defendants' motion for entry of a two-tier protective order, as follows:

## I.    DEFENDANTS' STATEMENT AND CONTENTIONS.

### A.    INTRODUCTION.

By this motion, Defendants seek entry of a two-tier protective order, in the form appended hereto as Appendix 1[1], which is based on the based on the United States District Court, Northern District of California's approved form of stipulated protective order for litigation involving highly sensitive confidential information and/or trade secrets.[2]

A "two-tier protective order" refers to a protective order that provides for two levels of designation of documents and information: (1) "CONFIDENTIAL"; or (2) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"). AEO designation permits review of AEO-designated documents and information by a more limited set of persons than that permitted to review documents and information designated as "CONFIDENTIAL". Specifically, AEO designation prohibits parties from reviewing AEO-designated documents and information.

---

[1] The form of protective order appended as Appendix 1 is the version negotiated by counsel and agreed to, other than as to the "Attorneys' Eyes Only" designation tier. Should this motion be granted, Defendants are prepared to promptly submit to the Court a copy of the proposed form of order, revised to reflect the fact that it was not stipulated to by all parties, but instead was entered as a result of Defendants' motion. *Cf. Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.* (N.D. Cal. July 22, 2010) No. C 09-5376 JF (PVT), 2010 WL 2889178, at *3.

[2] *See* https://www.cand.uscourts.gov/forms/model-protective-orders/. The Court should therefore treat Defendants' proposed form of protective order as setting forth "presumptively reasonable conditions regarding the treatment of highly confidential information." *Barnes & Noble, Inc. v. LSI Corp.* (N.D. Cal. Feb. 23, 2012) No. C 11-02709 EMC LB, 2012 WL 601806, at *1.

Defendants bring this motion because Yellowcake and its affiliate (and exclusive licensee), Colonize Media, Inc. f/k/a DH1 Media, Inc. ("Colonize"), are direct competitors of Dashgo in the digital music distribution industry. Kevin Berger is a principal of both entities and Jose David Hernandez is a principal of Colonize and a former principal of Yellowcake. Thus, were Yellowcake, Colonize and their shared principals able to access and review any of Defendants' proprietary and highly sensitive documents or information or trade secrets disclosed in discovery in this action, Dashgo and its parent company, Adrev, would suffer significant financial or competitive harm and disadvantage.

As shown by the Declaration of Benjamin Patterson, attached hereto as Appendix 2, Plaintiff's discovery calls for the disclosure of such proprietary and highly sensitive documents or information or trade secrets, of both Defendants and their clients. The only way to avoid significant harm and disadvantage to Defendants is for Defendants to be able to designate qualifying documents and information as AEO.

Plaintiff will not be prejudiced by entry of Defendants' proposed two-tier protective order. First, this is a copyright infringement action. Plaintiff does not require any of Defendants' proprietary and highly sensitive documents or information or trade secrets to demonstrate either: (1) Plaintiff's ownership of the allegedly infringed works; or (2) the copying of the protected elements of those works by Defendants. *Cf. Unicolors, Inc. v. Urb. Outfitters, Inc.* (9th Cir. 2017) 853 F.3d 980, 984. Plaintiff's New York and California attorneys can sufficiently prosecute Yellowcake's claims without the principals of Yellowcake and Colonize having access to such highly confidential discovery materials. Second, the said form of protective order places numerous restrictions and burdens on the <u>Designating</u> Party, including without limitation: (1) the obligation to limit designations to specific material that qualifies under the appropriate standards;

(2) the burden of proof to maintain any designation; and (3) the obligation to bring any motion to maintain any designation. There is no risk of abuse.

Defendants respectfully request that the Court grant this motion.

## B.    DETAILS OF MEET AND CONFER.

This is an action for copyright infringement by Yellowcake, the alleged owner of a variety of sound recordings allegedly subject to copyright in the United States and Mexico, against Dashgo and Adrev and two individuals in their employ, respectively, Benjamin Patterson (of Dashgo) and Noah Becker (of Adrev). Dashgo provides services for the distribution of digital music. Adrev is an administrator for monetization of music rights on YouTube's Content ID platform and is Dashgo's parent entity.

On August 10, 2021, the parties' Joint Scheduling Conference Statement was filed with the Court. Docket No. 14. Section 6.f. of the Joint Scheduling Conference Statement stated, in pertinent part:

> "Defendants anticipate the need for a two-tier protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information. **Plaintiff is agreeable to entry of such order.**" (Emphases added)

Plaintiff thus agreed – at least initially – to entry of a two-tier protective order.

On November 1, 2021, Yellowcake served Requests for Production of Documents, Set One, to Defendants ("RFPD Set One"), and on November 11, 2021, served a First Set of Interrogatories to Defendants ("Interrogatories Set One").[3]

Plaintiff's document requests and interrogatories, as served, are, among other things, unlimited as to time[4], extremely broad, and call for the production of all manner of documents

---

[3] Yellowcake served a single set of document requests and interrogatories on both Defendants jointly. *See* Patterson Decl. ¶¶ 25, 26, Exs. "D", "E". Defendants accordingly responded jointly.

and information, including without limitation documents and information reflecting Defendants' trade secrets (e.g., contracts, contacts, business practices) and sensitive financial information (see, e.g., Document Requests Nos. 34-36, Interrogatories Nos. 2, 4), as well as confidential and sensitive documents and information of third parties.

Thus, when Defendants responded to Plaintiff's RFPD Set One and Plaintiff's Interrogatories Set One on Friday, January 7, 2022[5], Defendants made clear that documents would be produced (including pursuant to Fed. R. Civ. P. 33(d)) after entry of a suitable two-tier protective order (necessarily including an AEO-level designation), such that responsive documents *could* be viewed by Plaintiff's counsel, but *not* by Plaintiff or Colonize.

The parties met and conferred telephonically on January 18, 2022, during which Defendants agreed to provide Yellowcake with a draft proposed form of stipulated protective order early in the week of January 24, 2022.

On January 19, 2022, Yellowcake's counsel sent an email to Defendants' counsel, pre-emptively attaching a single-tier form of protective order, and stating: "Attached is a draft standard Form of protective order used in most federal courts and the only protective order that we will agree to. Please sign and send us a pdf so that we can file it with the court." This was the first time Defendants learned that Plaintiff was reneging on its agreement to a two-tier protective order (as set forth in Section 6.f. of the parties' August 10, 2021 Joint Scheduling Conference Statement, Docket No. 14) and were instead insisting on a single-tier protective order. Plaintiff's "take it or leave it" single-tier protective order was not, and is not, acceptable to Defendants.

---

[4] By letter dated February 4, 2022, as to non-financial documents, Plaintiff's counsel later agreed to limit the relevant time period to "January 1, 2010 to the present" – a period of over 11 years.

[5] Pursuant to the parties' stipulations, the Court first extended the date for Defendants' discovery responses to December 31, 2021, Docket No. 27, and then to January 7, 2022. Docket No. 29.

On January 21, 2022, as promised, Defendants provided Yellowcake with a draft two-tier form of protective order based on the United States District Court, Northern District of California's approved form. *See* footnote 2, *supra*. Defendants requested that Yellowcake's counsel provide his comments. Thereafter, significant further meet and confer correspondence was exchanged, including multiple written requests that Mr. Berman state what issues he had with Defendants' proposed form of protective order other than that it was two-tier. An impasse was reached because Mr. Berman refused to do so; Defendants thus filed the present motion on March 25, 2022.[6]

On April 6, 2022, the Court held a status conference regarding the parties' various discovery motions and ordered the parties to further meet and confer, which the parties did, telephonically, on April 13 and 26, 2022.

Finally, at the April 26, 2022 meet and confer teleconference, Mr. Berman, for the first time, provided defense counsel with a list of the provisions of Defendants' proposed form of stipulated protective order with which he took issue, *other than* the fact that it is two-tier.

Defendants' counsel promptly revised the form of protective order so as to address the issues raised by Mr. Berman and, on the morning of April 27, 2022, provided the revised form to Plaintiff's counsel, reflecting the revisions in a "track changes" redline. Defense counsel highlighted the provisions relating to the AEO-level designation in order to make it easier for the Court to review only those provisions.

_____

[6] Prior to the filing of this motion, the only substantive comment Defendants received from Mr. Berman regarding their proposed two-tier form of protective order was in Mr. Berman's letter of February 4, 2022, in which Yellowcake declined to stipulate to Defendants' form of protective order on the ostensible ground that "the need for disclosure of such [highly sensitive] confidential information and/or trade secrets is neither relevant, nor applicable to this matter." This conclusionary and argumentative statement was the <u>only</u> comment received from Plaintiff with regard to the proposed form of two-tier protective order before April 26, 2022. *See infra*.

A further telephonic meet and confer conference was held on the afternoon of April 27, 2022, at which time Mr. Berman reviewed the revised form of protective order and agreed that the revised form accurately addressed all of the issues that Mr. Berman had raised other than his objection to the AEO designation tier.

At this time, and as reported to the Court at the May 17, 2022 status conference, the only remaining issue is whether the protective order should be single-tier or two-tier. Attached hereto as Appendix 1 is an agreed exhibit, namely, Defendants' proposed form of two-tier protective highlighting only those provisions regarding the AEO designation; all other provisions are agreed.

## C.     NATURE OF THE ACTION AND FACTUAL DISPUTES.

This action, for copyright infringement, was filed on May 17, 2021. Docket No. 1. An Amended Complaint ("FAC") was filed on July 21, 2021. Docket No. 7. A Second Amended Complaint ("SAC") was filed on February 16, 2022. Docket No. 31.

### 1.     Relevant History; Yellowcake, Inc. and Its Affiliate, Colonize Media, Inc., Are Direct Competitors of Dashgo.

The relationship between the parties goes back more than a decade.

In or about February of 2011, Dashgo and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital ("DH1") entered into a Digital Distribution & Licensing Representation Agreement ("Agreement"), pursuant to which Dashgo was granted rights to exploit certain of the sound recordings in which Plaintiff now contends it acquired copyrights. Patterson Decl. ¶ 12. Jose David Hernandez a.k.a. David Hernandez was the principal of DH1 and signed the Agreement on behalf of DH1. Patterson Decl. ¶ 12.

DH1 became, or is otherwise affiliated with, Colonize Media, Inc. f/k/a DH1 Media, Inc. Patterson Decl. ¶ 14. Colonize is a digital music distributor that was formed as a corporate entity on December 22, 2014. Patterson Decl. ¶¶ 14, 17, Ex. "B". Kevin Berger (the current sole principal of Yellowcake) and Mr. Hernandez are the principals of Colonize, and thus presumptively engage in competitive decisionmaking on Colonize's behalf. *Id.*

On January 5, 2015 – exactly two weeks after Colonize was formed – Mr. Hernandez, on behalf of DH1, sent a letter to Dashgo purporting to terminate its Agreement with Dashgo, effective as of February 15, 2015, but at the same time, Mr. Hernandez requested, both verbally and in writing, prior to the would-be effective termination date, that Dashgo take down (cease the exploitation of) DH1 content *only upon express notification* from Mr. Hernandez. By DH1's instruction not to take down works unless and until expressly so directed, DH1 directly superseded the purported termination of the Agreement and, as Mr. Patterson understood it, granted Dashgo a license to continue exploiting the subject sound recordings pending further express written notice from Mr. Hernandez/DH1. Patterson Decl. ¶ 15. Per Mr. Patterson's understanding, Mr. Hernandez's motivation for terminating the Agreement but immediately reversing the effect of the termination was that, until further notice, he wanted to continue making money on each song in the DH1 catalogue for as long as possible. Patterson Decl. ¶ 15.

On September 30, 2016, Yellowcake, the plaintiff in this action, was formed as an entity. Patterson Decl. ¶ 13, Ex. "A". Yellowcake is primarily engaged in the business of exploiting intellectual property rights, including, but not limited to, digital music distribution. *See* Docket No. 31 [SAC], ¶ 23; Patterson Decl. ¶ 16. Mr. Berger is currently the sole principal of Yellowcake (and thus presumptively engages in competitive decisionmaking on Yellowcake's behalf) and Mr. Hernandez is formerly a principal of Yellowcake. Patterson Decl. ¶ 13, Ex. "A".

Yellowcake has granted Colonize exclusive licenses to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize Yellowcake's content on all online, mobile and digital music distribution platforms. *See* Patterson Decl. ¶ 17, Ex. "C".

As is apparent, based on the evidence (Mr. Patterson's declaration, attached hereto as Appendix 2), the facts set forth above and the allegations of the SAC, Colonize and Yellowcake are <u>direct</u> <u>competitors</u> of Dashgo in the digital music distribution industry. *See* Patterson Decl. ¶¶ 16, 20. A simple comparison of Colonize's and Dashgo's respective websites demonstrates that the entities are direct competitors. *See* Patterson Decl. ¶¶ 18, 19. Yellowcake and Colonize share, or shared, common principals, and have other longstanding connections, currently including, without limitation, an exclusive licensor-licensee relationship. *See* Patterson Decl. ¶¶ 12-14, 20.

### 2.    <u>The Digital Music Distribution Industry Is Highly Competitive.</u>

As set forth above, *see* Section I.C.1., *supra*, both Dashgo and Adrev are in the digital music distribution industry. *See* Patterson Decl. ¶¶ 6, 10, 11.

The digital music distribution business is very competitive. Patterson Decl. ¶ 22. Copyright conflicts abound, not only due to sound recordings bearing the same or similar names, but also as a result of different parties claiming rights to the same works. Patterson Decl. ¶ 22. The nature of the business is such that most clients are on relatively short-term licensing agreements, and so distributors such as Dashgo (which, technically, are licensees of owners of catalogues of sound recordings) are in heavy competition with others for the existing pool of clients. Patterson Decl. ¶ 22.

As with other online businesses, the bar to entry is relatively low in terms of a monetary investment, increasing the size of the competitive field. Patterson Decl. ¶ 23. Digital music distributors must therefore add value for their clients' experiences by providing, e.g., custom software – an expensive up-front investment – that their competitors lack. Patterson Decl. ¶ 23.

To this end, Dashgo has, over the years, and at large investment, developed a unified, industry-leading software program that enables its clients to manage their content. Patterson Decl. ¶ 23.

Because the digital music distribution industry is so competitive, digital music distributors are very protective of their trade secrets, customer lists, proprietary systems and software, and other such proprietary and confidential information. Patterson Decl. ¶ 24. And, of course, like any businesses, digital music distributors exercise a high degree of discretion, prudence and confidence in maintaining the confidentiality of financial information of their clients and themselves. Patterson Decl. ¶ 24. Disclosure of this type of sensitive proprietary financial and business information to a competitor would harm Defendants. Patterson Decl. ¶ 24.

   3.   **Plaintiff's Discovery Is Overbroad, Vague and Ambiguous and Captures Highly Sensitive Confidential Information and Documents and/or Trade Secrets.**

Both the FAC and the SAC allege infringement of sound recordings to which Yellowcake claims rights. The subject sound recordings are defined, in both the FAC and the SAC, as "Yellowcake's Copyrighted Works" and the "Foreign Works". Those defined terms are, in turn, defined by reference to Exhibits to the FAC and the SAC, which set forth a list of artists and song titles. *See* Docket No. 7 [FAC], ¶¶ 1, 2, pp. 19-61 [including Exhibits A & B]; Docket No. 31 [SAC], ¶ 24, Docket No. 31-1 [Exhibit A], 31-2 [Exhibit B]; Docket No. 31-3 [Exhibit C].[7]

---

[7] Since the Exhibits to the FAC are different than the Exhibits to the SAC, the definitions of "Yellowcake's Copyrighted Works" and "Foreign Works" necessarily changed between the July 21, 2021 filing of the FAC and the February 16, 2022 filing of the SAC. Indeed, Yellowcake's two sequential pleadings allege completely different totals of alleged infringements, both of "Yellowcake's Copyrighted Works" and of the "Foreign Works." *Compare* Docket No. 7 [FAC], ¶¶ 1 (alleging 165 infringements of "Yellowcake's Copyrighted Works"), 2 (alleging 1,075 infringements of the "Foreign Works") *with* Docket No. 31 [SAC], ¶ 1 (alleging 1,672 infringements of "Yellowcake's Copyrighted Works", 2 (alleging 363 infringements of the "Foreign Works"). Moreover, the two pleadings even allege a completely different number of works at issue. By letter of May 16, 2022, Mr. Berman informed defense counsel that nearly 500 *additional* songs had been added to the Exhibits to the SAC as compared with the FAC.

In the digital music distribution business, sound recordings cannot solely be identified by artist name and title, or even by copyright registration number[8], as there are numerous cases of artists re-recording or licensing distinct versions of sound recordings to various record labels and distributors, each iteration bearing the same artist name and title. Patterson Decl. ¶ 21. In the digital music industry, each unique sound recording can be referenced by an International Standard Recording Code ("ISRC"), a 12-character, alphanumeric code that is assigned to a piece of music set for commercial release.[9] Patterson Decl. ¶ 21. ISRCs are a useful mechanism to identify the specific sound recordings being exploited (but only insofar as an ISRC is accurately assigned and applied by each label and distributor). Patterson Decl. ¶ 21.

Plaintiff's RFPD Set One and Interrogatories Set One both incorporate the same definitions of "Yellowcake's Copyrighted Works" and the "Foreign Works" set forth in the FAC (but not the definitions set forth in the SAC).[10] See Patterson Decl. ¶¶ 25, 26, Ex. "D" [RFPD Set One] at 1:23-2:1, Ex. "E" [Interrogatories Set One] at 1:21-26. Thus, for the purposes of Plaintiff's RFPD Set One and Interrogatories Set One, "Yellowcake's Copyrighted Works" is defined by reference to Exhibit A to the FAC and "Foreign Works" is defined by reference to Exhibit B to the FAC. See Patterson Decl. ¶ 29.a.

Exhibits A and B to the FAC, in turn, are comprised of nothing more than a list of artists and song titles, rather than ISRCs. Patterson Decl. ¶ 29.a. Consequently, the defined terms

---

[8] The FAC and SAC allege that "Yellowcake's Copyrighted Works" were registered with the U.S. Copyright Office, but do <u>not</u> allege that the "Foreign Works" were so registered. See Docket No. 7 [FAC], ¶¶ 1, 2, 20-23, 47, 48; Docket No. 31 [SAC], ¶¶ 24, 26, 29, 30, 78, 79.

[9] See https://usisrc.org/

[10] Since RFPD Set One was propounded, the FAC has been superseded by the SAC, thereby rendering the definitions of "Yellowcake's Copyrighted Works" and "Foreign Works" obsolete, irrelevant and unintelligible. Nevertheless, Defendants have searched for and produced non-confidential responsive documents.

"Yellowcake's Copyrighted Works" and "Foreign Works" are inherently overbroad, vague and ambiguous, capturing not only works that might be at issue in this action[11], but also those that are completely irrelevant to this action, including works owned, licensed or otherwise claimed by other Dashgo clients. *See* Patterson Decl. ¶ 29.b.

As a consequence, and most critically, Plaintiff's overbroad discovery seeks responses that capture Dashgo documents and information that are extremely sensitive and confidential, including, by way of example and without limitation: (1) Dashgo's agreements with DSPs; (2) Dashgo's agreements with third party licensors (content owners, artists and record labels); (3) documents containing Dashgo's existing client list and contacts; (4) documents reflecting Dashgo's internal procedures and processes and other proprietary commercial information; (5) documents containing financial information, including such information relating to Dashgo's clients[12], business operations, performance and profitability; and (6) documents that pertain to highly proprietary software and systems that Dashgo has developed. Patterson Decl. ¶ 27; *see*

---

[11] "Might" be at issue in this action because, thus far in discovery, Yellowcake has failed to establish its ownership of *any* of "Yellowcake's Copyrighted Works" or "Foreign Works". In terms of chain of title documentation, all Yellowcake has produced are some Asset Purchase and Assignment Agreements ("APAs") pursuant to which Yellowcake is the Buyer. The APAs show only that the Sellers represent their ostensible ownership of the works being sold (including by quitclaim). Defendants have no information as to whether those representations are true or false, and Yellowcake has thus far refused to produce any documentation that predates the APAs that might establish good title.

[12] In an attempt to establish that such client financial documents and information need not be designated AEO, and that Defendants have waived their arguments to the contrary, Plaintiff will undoubtedly argue that, in the normal course of business, Dashgo provided documents containing royalty information to Plaintiff and/or such documents are otherwise already in Plaintiff's possession. What Plaintiff is missing is the fact that Plaintiff's discovery, on its face, calls for documents and information beyond just that provided to Yellowcake, Colonize and/or DH1 (i.e., Mr. Hernandez). Isolated disclosures of financial information (in the form of royalty statements) to Mr. Hernandez, for works in which Mr. Hernandez claims rights, can hardly constitute a waiver of confidentiality as to all of Dashgo's other customers and their financial information.

JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

*generally* Patterson Decl. ¶¶ 25, 26, Ex. "D" [RFPD Set One], Ex. "E" [Interrogatories Set One]. These are examples of the types and categories of documents that would be marked AEO under a two-tier protective order. Patterson Decl. ¶ 27; *cf. Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.* (N.D. Cal. July 22, 2010) No. C 09-5376 JF (PVT), 2010 WL 2889178, at *1 (threshold showing of good cause for entry of a blanket protective order may be done on "a generalized as opposed to a document-by-document basis.").

By like token, and due to the facially overbroad definitions of "Yellowcake's Copyrighted Works" and "Foreign Works", Plaintiff's overbroad discovery captures Dashgo's *clients*' highly sensitive documents and information. *See* Patterson Decl. ¶ 29.c.

Since Yellowcake and Colonize share, or shared, common principals, and have other longstanding connections, including, without limitation, an exclusive licensor-licensee relationship, unless Defendants are able to designate documents and information as AEO, extremely sensitive, proprietary and confidential information or documents relating to Dashgo will be accessible to, and reviewed by, a direct competitor of Dashgo, thereby creating a substantial risk of significant financial or competitive harm and disadvantage to Dashgo. Patterson Decl. ¶¶ 17, 20. If Dashgo's proprietary and highly sensitive documents or information or trade secrets were accessed by, reviewed and/or disclosed to Yellowcake, Colonize, Mr. Berger and/or Mr. Hernandez, or their associates, it would put Defendants' business relationships at risk and cause other significant financial or competitive harm and disadvantage Dashgo and its parent company, Adrev. *See* Patterson Decl. ¶¶ 28, 30.

Accordingly, from the outset of this litigation, Defendants have insisted on a two-tier form of protective order, which Plaintiff initially agreed to (including in a written representation

to the Court), Docket No. 14, § 6.f., but, on January 19, 2022, reneged on that agreement. Since then, Plaintiff has refused to agree to anything other than a single-tier protective order.

The parties have reached an impasse as to whether the protective order should be one-tier or two-tier; however, all other provisions of Defendants' proposed form of protective order have been agreed. Since the parties have reached an impasse, Defendants had no choice but to bring the matter before the Court.

### D.    CONTENTIONS.

The only contested issue raised by Defendants' motion is whether the Court should enter a two-tier form of protective order. The protective order sought is unrelated to specific, individual items of discovery (although the evidence shows that Plaintiff's discovery propounded thus far necessitates a two-tier protective order). Accordingly, the parties' respective contentions regarding this single issue are set forth below.

### 1.    **Relevant Case Law.**

A party from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). Protective orders are necessary to provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. *See* Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.* (9th Cir. 1982) 666 F.2d 364, 368-369.

The court may, for good cause, enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c)(1). Protection from "undue burdens" includes "protection from misuse of trade secrets by competitors." *MD Helicopters, Inc. v. Aerometals, Inc.* (E.D. Cal. Feb. 6, 2017) No. 2:16-CV-2249 TLN AC, 2017 WL 495778, at *2 (quoting *Brown Bag Software v. Symantec Corp.* (9th Cir. 1992) 960 F.2d 1465, 1470).

District courts have broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.* (9th Cir. 2002) 307 F.3d 1206, 1211.

When trade secrets are at issue, the Court is required to balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution of the action. *Kaseberg v. Conaco, LLC* (S.D. Cal. July 26, 2016) No. 15-CV-01637-JLS-DHB, 2016 WL 3997600, at *12 (citing *Brown Bag Software v. Symantec Corp.* (9th Cir. 1992) 960 F.2d 1465, 1470). When private financial information is at issue, the Court must balance the party's interest in maintaining the confidentiality of the financial information against the interests of ascertaining the truth, addressing potentially severe wrongdoing by defendants, and ensuring the enforcement of rights. *See Charles O. Bradley Trust v. Zenith Capital LLC* (N.D. Cal. May 3, 2005) No. C-04-2239 JSW (EMC), 2005 WL 1030218, at *2, 2005 U.S. Dist. LEXIS 35562, at * 6-7.

If the moving party has shown good cause, the burden shifts to the other party to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. *Cadence Design Sys., Inc. v. Pounce Consulting, Inc.* (N.D. Cal. May 7, 2018) No. 17-CV-04732-PJH-EDL, 2018 WL 10582121, at *2–3 (quoting *Stanislaus Food Prod. Co. v. USS-POSCO Indus.* (E.D. Cal. Dec. 11, 2012) No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *5).

Two-tier protective orders are appropriately entered in copyright infringement actions. *See*, *e.g.*, *Kaseberg v. Conaco, LLC* (S.D. Cal. Mar. 16, 2017) No. 15CV01637JLSDHB, 2017 WL 1020455, at *1-3; *Brown Bag Software v. Symantec Corp.* (9th Cir. 1992) 960 F.2d 1465, 1469-1472.

## 2.    <u>Good Cause Exists for Entry of a Two-Tier Protective Order</u>.

There is good cause for the Court to enter the two-tier protective order, and if such order is entered, Plaintiff will suffer no prejudice to prosecution of its case.

First, and most obviously, Plaintiff <u>agreed</u> to entry of a two-tier protective order, and so represented to the Court in the parties' August 10, 2021 Joint Scheduling Conference Statement. Docket No. 14, § 6.f. Although Plaintiff has now reneged on that agreement and representation, nevertheless, there is still good cause for entry of a two-tier protective order.

Critically, without an AEO designation, the disclosure of Dashgo's and Adrev's extremely sensitive information and documents that qualify for protection under Federal Rule of Civil Procedure 26(c) would create a substantial risk of significant financial or competitive harm that could not be avoided by less restrictive means.

First, Yellowcake is – and <u>*admits*</u> it is – a direct competitor of Dashgo and, thus, of Adrev. Patterson Decl. ¶ 16; *see* Docket No. 31 [SAC], ¶¶ 13 (alleging that Dashgo is a digital music distributor), 15 (alleging that Adrev is the parent corporation of Dashgo), 23 (alleging that Yellowcake is a digital music distributor).

Second, even if Yellowcake were not a direct competitor of Dashgo (which it is), Yellowcake's exclusive licensee, Colonize, is undoubtedly a direct competitor of Dashgo. Patterson Decl. ¶ 17; *see* Docket No. 31 [SAC], ¶ 37 ("After the termination of the Distribution Agreements, Yellowcake authorized Colonize to be the exclusive distributor of Yellowcake's Copyrighted Works and Foreign Works."). Moreover, *Kevin Berger is a principal of both Yellowcake <u>and</u> Colonize*. Patterson Decl. ¶ 13, 14, Exs. "A", "B"; *see also* Docket No. 13 [Seth L. Berman's Response to Show Cause as to Why His Pro Hac Vice Status Should Not Be Denied

(filed 8/9/2021)] at 3:17-23.[13]

In other words, either or both of Yellowcake and/or Colonize are undoubtedly directly competing with Dashgo and Adrev, and, given that Kevin Berger has a dual role as principal of both entities, without the ability to designate documents and information as AEO, Dashgo's highly sensitive, proprietary and confidential information or documents will be accessible to, and reviewed by, a direct competitor of Dashgo, thereby creating a substantial risk of significant financial or competitive harm and disadvantage to Dashgo. *See* Patterson Decl. ¶ 20.

Third, Yellowcake's discovery, on its face, calls for the production of documents and information that qualify for AEO protection, and disclosure of those documents and information to Yellowcake would create a substantial risk of significant financial or competitive harm that could not be avoided by less restrictive means.

A threshold issue with Yellowcake's discovery is that it adopts the definitions of "Yellowcake's Copyrighted Works" and "Foreign Works" set forth in the FAC, each of which references Exhibits A and B – neither of which identify any sound recording by its ISRC. *See* Patterson Decl. ¶¶ 25, 26, Ex. "D" [RFPD Set One] at 1:23-2:1, Ex. "E" [Interrogatories Set One] at 1:21-26; *see* Docket No. 7 [FAC] at pp. 19-61. Since, for a variety of reasons, sound recordings cannot solely be identified by artist name and title, or even by copyright registration number, in the digital music distribution business, *see* Patterson Decl. ¶ 21, Yellowcake's

---

[13] The Response states, in pertinent part: "By way of background, Yellowcake is a California corporation that is primarily engaged in the business of intellectual property rights management and exploitation, including music sound recordings. Mr. Berger is a shareholder and Chief Executive Officer of Yellowcake. Colonize is primarily engaged in the business of digital music distribution and exploitation and Mr. Hernandez is a shareholder and Chief Executive Officer of Colonize. Colonize distributes and monetizes many sound recordings on behalf of Yellowcake."

discovery captures not only works that might be at issue in this action[14], but also those that are

utterly irrelevant to this action, including works owned, licensed or claimed by other clients of

Dashgo and/or Adrev. Patterson Decl. ¶¶ 27, 29.

Critically, Plaintiff's discovery captures Dashgo documents and information that are

extremely sensitive and confidential. Patterson Decl. ¶ 27. By way of practical example only of

this threshold issue, Yellowcake's very first document request demands production of

> "all documents concerning or related to the Defendants' sale, distribution, public
> performance, synchronization, license or any other exploitation of Yellowcake's
> Copyrighted Works including, but not limited to, such exploitation on digital distribution
> platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall
> include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii)
> reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard"
> information and (viii) documents including, but not limited to, any royalty statements
> from any national or international performing rights organization such as ASACP, BMI,
> SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective."
> *See* Patterson Decl. ¶ 25, Ex. "D" [RFPD Set One] at 4:5-18.

Because of its breadth, this document request effectively demands that Dashgo and Adrev

produce, for a period of *more than a decade*, all manner of highly sensitive documents and

financial information relating to every aspect of any exploitation of at least 165 sound recordings

(under the FAC – *see* Docket No. 7 [FAC], ¶ 1) or of at least 1,672 sound recordings (under the

SAC – *see* Docket No. 31 [SAC], ¶ 1) that may have no connection whatsoever to Yellowcake

and regardless of whether such exploitation has anything to do with the alleged copyright

infringement. Responsive documents would include, by way of example and without limitation:

(1) Dashgo's agreements with DSPs; (2) Dashgo's agreements with third party licensors (content

---

[14] "Might" be at issue in this action because Yellowcake has thus far failed to establish its
ownership of *any* of "Yellowcake's Copyrighted Works" or "Foreign Works". The only chain of
title documents produced by Yellowcake are some Asset Purchase and Assignment Agreements
("APAs") in which Yellowcake is the Buyer and in which the Sellers represent their ostensible
ownership of the works being sold. Defendants have no information as to whether those [*cont'd*]

owners, artists and record labels), including those licensors that claim rights to *different* iterations of any of "Yellowcake's Copyrighted Works" or "Foreign Works"; (3) documents containing one, some or all of Dashgo's existing clients and contacts; (4) documents reflecting Dashgo's internal procedures and processes and other proprietary commercial information; (5) documents containing financial information relating to Dashgo's clients, business operations, performance and profitability; and (6) documents that pertain to highly proprietary software and systems that Dashgo has developed. *See* Patterson Decl. ¶ 27.

The same threshold issue inheres to Yellowcake's Interrogatories Set One. Again by way of example only, Yellowcake's second interrogatory demands:

> "If the answer to the foregoing interrogatory [Interrogatory No. 1] is in the affirmative[15], identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (xiii) the name of every party that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such party."[16]
> *See* Patterson Decl. ¶ 26, Ex. "E" [Interrogatories Set One] at 3:25-4:6.

representations are true or false, and Yellowcake has refused to produce any documentation that predates the APAs that might establish good title.

[15] Yellowcake's first interrogatory asks whether or not Dashgo or Adrev has <u>ever</u> exploited any of "Yellowcake's Copyrighted Works". *See* Patterson Decl. ¶ 26, Ex. "E" [Interrogatories Set One] at 3:21-22. The answer must necessarily be in the affirmative, since the Interrogatory requests information throughout time ("ever") and, as Yellowcake admits: "Previously, Dashgo had a contractual right to exploit Yellowcake's Copyrighted Works and Foreign Works[.]" Docket No. 7 [FAC], ¶ 28; Docket No. 31 [SAC], ¶ 35.

[16] Given the numerous, unrelated subparts to Interrogatory No. 1, and the fact that it calls for information relating to dozens (under the FAC) or hundreds (under the SAC) of sound recordings, Yellowcake's Interrogatories Set One violates the 25-interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1); *Stiles v. Walmart, Inc.* (E.D. Cal. Jan. 17, 2020) No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 ("Subparts to a single interrogatory are only counted as one interrogatory 'if they are logically or factually subsumed within and necessarily related to the primary question.' Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories.").

Plaintiff's discovery is replete with requests that capture Dashgo documents and information that are extremely sensitive and confidential, as well as highly sensitive documents and information of third parties that are clients of Dashgo or Adrev. *See* Patterson Decl. ¶¶ 25-27, 29, Exs. "D", "E".

Given the above, and given the close relationship between Colonize and Yellowcake, their businesses, and their overlapping officers, directors and employees, if Dashgo's proprietary and highly sensitive documents or information or trade secrets were disclosed to Yellowcake, Colonize, Mr. Berger and/or Mr. Hernandez, it would cause significant financial or competitive harm and disadvantage Dashgo and its parent company, Adrev, including by putting their business relationships at risk. Patterson Decl. ¶¶ 28-30.

### 3.  **Plaintiff Will Not Be Prejudiced by Entry of a Two-Tier Protective Order.**

Importantly, Defendants' ability to designate documents and information as AEO will not impair Yellowcake's ability to prosecute its claims, and Yellowcake will not be prejudiced by entry of a two-tier protective order.

First, this is a copyright infringement action. A plaintiff in a copyright infringement action is required to demonstrate: (1) ownership of the allegedly infringed works; and (2) the copying of the protected elements of those works by the defendants. *Cf. Unicolors, Inc. v. Urb. Outfitters, Inc.* (9th Cir. 2017) 853 F.3d 980, 984. To prove its case (if Plaintiff can, which is denied), Plaintiff will not require any of Defendants' proprietary and highly sensitive documents or information or trade secrets. Plaintiff's New York and California counsel can sufficiently prosecute Yellowcake's claims without the principals of Plaintiff and Colonize having access such highly confidential discovery materials.

Second, the said form of protective order places numerous restrictions and burdens on the Designating Party, including without limitation: (1) the obligation to limit designations to specific material that qualifies under the appropriate standards; (2) the burden of proof to maintain any designation; and (3) the obligation to bring any motion to maintain any designation. In all respects, the onus will be on the Designating Party to justify and defend any designation, whether "CONFIDENTIAL" or "AEO". *See Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.* (N.D. Cal. July 22, 2010) No. C 09-5376 JF (PVT), 2010 WL 2889178, at *1. There is no risk of abuse.

### 4.    <u>Defendants Should Be Awarded Their Attorneys' Fees Incurred in Bringing This Motion</u>.

In a typical case in which proprietary and highly confidential information must be produced, a protective order is in place before substantive discovery responses are served. *See, e.g.*, *Amgen, Inc. v. Elanex Pharmaceuticals, Inc.* (W.D. Wash 1994) 160 F.R.D. 134, 137 ("[B]efore discovery can begin in earnest[,] a protective order must be instituted because much of the information that [plaintiff] seeks is confidential research and proprietary commercial information."). Generally, parties negotiate and stipulate to the terms of a protective order which they jointly submit for the court's approval. However, where, as here, the parties are unable to agree to the terms of a stipulated protective order and require the intervention of the court to resolve the dispute, Rule 26(c)(3) provides that the provisions of Rule 37(a)(5) apply when the dispute leading to the motion is not substantially justified.

Here, the terms of Defendants' proposed form of stipulated protective order were, and are, reasonable; indeed, the proposed form of order – based, as it is, on the Northern District's approved form – is "presumptively reasonable". *See* footnote 2, *supra*. Defendants have adequately demonstrated that the disclosure of proprietary and highly confidential business

information, including, but not limited to, trade secrets would cause them competitive harm, *see generally* Patterson Decl., and therefore have established good cause for entry of a two-tier protective order.

Plaintiff has offered no plausible reason for objecting to the proposed stipulated protective order or for their near complete and egregious failure to participate in good faith in the meet and confer process: Although Defendants made known the need for a two-tier protective order in July of 2021, and Plaintiff *agreed* to a two-tier protective order, *see* Docket No. 14, § 6.f., and although Defendants provided their proposed form of protective order to Plaintiff on January 21, 2022, it was not until April 26, 2022 – following the Court's April 6, 2022 order that the parties meet and confer further to resolve the issue – that Mr. Berman finally provided his comments on Defendants' proposed form of protective order. Prior to April 26, 2022, the only substantive comment received from Mr. Berman was the conclusionary and argumentative statement that "the need for disclosure of such [highly sensitive] confidential information and/or trade secrets is neither relevant, nor applicable to this matter."

Even if Plaintiff had legitimate concerns about certain terms of the proposed stipulated protective order, which are somewhat routine, Plaintiff was obligated to raise those specific concerns with Defendants through the meet and confer process. Instead, Plaintiff merely asserted that there was no need at all in this action for a two-tier protective order, even though it is, and was always, evident that discovery would (and did) include requests for trade secrets and other confidential business information. *Cf. Unilin Beheer B.V. v. NSL Trading Corp.* (C.D. Cal. Jan. 8, 2015) No. CV 14-2210 BRO (SSX), 2015 WL 12659918, at *4. Rather than engaging productively in the meet and confer process, on January 19, 2022, Mr. Berman gave Defendants a purported "take-it-or-leave-it" single-tier protective order.

Plaintiff's position is, and has always been, without substantial justification, and there are no other circumstances that would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court should award Defendants their attorneys' fees and costs in an amount of at least $5,000 or, in the alternative, order Plaintiff to show cause why it should not be ordered to fully reimburse Defendants "for the attorneys' fees incurred to bring a motion that should never have been necessary." *Cf. Quality Inv. Properties Santa Clara, LLC v. Serrano Elec., Inc.* (N.D. Cal. July 22, 2010) No. C 09-5376 JF (PVT), 2010 WL 2889178, at *4.

### 5.     <u>Conclusion</u>.

The parties have agreed that there will be production of documents and information that qualifies as confidential, can only be used to prosecute this litigation and cannot be made public in any manner; that is the reason for the "CONFIDENTIAL" tier designation.

But there is another subset of documents and information that is not only confidential but also extremely sensitive, the disclosure of which to another party or non-party would create a substantial risk of significant financial or competitive harm.

Plaintiff and Plaintiff's associated persons and entities are Defendants' <u>direct</u> competitors. The ability to designate documents and information as AEO should be permitted to avoid significant financial or competitive harm to Defendants. Such ability to designate documents and information as AEO will not prejudice Plaintiff's prosecution of its case.

By this motion, Defendants seek to keep highly confidential information and documents – both that of Defendants and that of their clients – out of the hands of Defendants' direct competitors. This is precisely the point of a two-tier protective order. Accordingly, there is good cause as to why such a two-tier protective order should be entered. Plaintiff's refusal to agree to a two-tier protective order is, and was always, without substantial justification.

For each of the many reasons set forth above, Defendants respectfully request that the Court enter the form of two-tier protective order attached hereto as Appendix 1 and award Defendants their attorneys' fees incurred in bringing this motion.

[CONTINUED ON FOLLOWING PAGE]

## II.    **PLAINTIFF'S STATEMENT AND CONTENTIONS.**

### A.    **INTRODUCTION.**

Simply put, Defendants' motion for a Two-Tier protective order should be denied and the Court should issue a One-Tier protective order because, as set forth in detail below, Defendants have utterly failed to meet their heavy burden to show that good cause exists for requiring a protective order that includes an "Attorney's Eyes Only" ("AEO") designation. There is simply no legitimate need for a Two-Tier protective order in this case and Defendants have only been insisting on one to prejudice Yellowcake's ability to prosecute this action, to delay discovery and to unnecessarily expense Yellowcake.

More specifically: (i) Yellowcake never agreed to a Two-Tier Protective Order and has always agreed to and insisted on a One Tier Protective Order, which is more than sufficient to satisfy any of Defendant's legitimate concerns; (ii) Yellowcake is not a competitor of Defendants;  (iii) this matter involves sound recordings of regional Mexican music and not patents or trade secrets; (iv) Yellowcake will be severely prejudiced if its principal, Kevin Berger, cannot review financial documents related to revenue received by the Defendants because such documents are relevant to Yellowcake's election of actual or statutory damages under 17 U.S.C. § 504; (v) discovery responses potentially designated "AEO" may have important factual significance to Yellowcake's claims that its counsel may not be aware of and Yellowcake will be unfairly prohibited from reviewing and analyzing the documents thereby prejudicing Yellowcake; (vi) Defendants merely cite to broad categories of documents that are not even relevant to any claims or defenses as an alleged basis for the need for a Two-Tier order; (vii) Defendants' claim that Yellowcake's discovery demands call for the production of sensitive documents is based on a intentionally overbroad and self-serving interpretation of Yellowcake's discovery demands that is refuted by the plain language of the demands; (viii) despite have reviewed nearly one hundred thousand pages of documents produced by their clients over the past six (6)

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

months, Defendants' counsel have yet to identify a single specific document that Defendants' claim would require AEO designation; (ix) Defendants have already previously disclosed documents they now deem sensitive to the very party they claim should not see them; and (x) the legal authority relied on by Defendants is highly distinguishable and not applicable to this case.

In addition, Yellowcake should be granted its fees in connection with this motion because: (i) the Two-Tier protective order is highly unnecessary; (ii) Yellowcake has always agreed to an appropriate One-Tier protective order; (iii) Yellowcake's counsel sent Defendants' counsel a standard form of protective order used in other copyright cases which Defendants refused to review or provide comments to; and (iv) most importantly, Yellowcake had asked Defendants' counsel on multiple occasions, in writing, to hold an informal discovery conference with Magistrate Judge McAuliffe as provided by her individual rules to resolve the dispute without the need for formal motion practice. However, Defendants refused to have a conference without explanation and insisted on filing a formal motion in order to "head off" Yellowcake's earlier motion to compel, to continue to delay the production of documents they unilaterally claim are sensitive while the Court decides the motion, and to force Yellowcake to incur unnecessary expenses in opposing the motion.

Accordingly, Defendants' motion should be denied and Yellowcake should be granted its attorneys' fees.

**B.    <u>NATURE OF THE ACTION</u>.**

In essence, this case is a straightforward and relatively simple copyright infringement case. Yellowcake is an intellectual property holding company that owns, holds, and exploits intellectual property, including, but not limited to, sound recordings. Defendants, two related digital music distribution companies, willfully infringed two (2) catalogs of copyrighted sound recordings of regional Mexican music owned by Yellowcake, defined in the Second Amended Complaint ("SAC") as Yellowcake's Copyrighted Works and Foreign Works, by exploiting the songs well

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

after prior distribution agreements were terminated and after Defendants acknowledged in writing that the sound recordings belonged to Yellowcake and that they would stop exploiting them.[1] *See* SAC at ¶¶ 1-2.

Previously, defendant Dashgo had a contractual right to exploit Yellowcake's Copyrighted Works and the Foreign Works pursuant to two since-terminated written distribution agreements, one between defendant Dashgo and DH1 Media, the predecessor of Yellowcake's current distributor, Colonize Music, Inc. ("Colonize") and one between Dashgo and MAR International Records, Inc., a predecessor-in-interest in a number of Yellowcake's Copyrighted Works and Foreign Works. *See id.* at ¶ 35.

Defendants argue that, although the distribution agreements were terminated in writing, they were allegedly granted an oral license to continue distributing the catalogs by Colonize. This is untrue. The distribution agreements were properly terminated and Defendants even stopped distributing the songs for a period of time. However, sometime after Defendants initially stopped distributing the songs, Defendants started distributing them again even though Defendants had previously acknowledged that the prior distribution agreements were terminated.

Dashgo did not obtain any valid rights to exploit Yellowcake's Copyright Works or Foreign Works from any third party after the termination of the distribution agreements. Yellowcake was the exclusive owner of all rights in the two (2) catalogs of sound recordings at the time of the termination of the distribution agreements and they have been ever since.[2] *See* SAC at ¶ 43. Following the termination of the prior

---

1 The capitalized terms, Yellowcake's Copyrighted Works and Foreign Works, are defined in Yellowcake's SAC filed February 16, 2022. *See* Dkt. No. 31.

2 Contrary to Defendants' misrepresentation, Yellowcake has produced documents sufficient to establish ownership of Yellowcake's Copyrighted Works and Foreign Works.

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

distribution agreements, Yellowcake did not grant – orally or in writing – any rights in the two (2) catalogs to Defendants.

As a result, and to protect its right in the two (2) catalogs, Yellowcake commenced this action and served discovery demands upon Defendants. In the discovery demands, Yellowcake has sought documents and information that are narrowly tailored for the purpose of Yellowcake's prosecution of this case and to the specific issues and elements of its claims against Defendants for copyright infringement, vicarious infringement and contributory infringement. Yellowcake is seeking information and documents concerning the dates of alleged acts of infringement, the nature of the alleged acts of infringement, the revenue received by Defendants in connection with their acts of infringement and what Defendants did with the revenue received from their unlawful exploitation of Yellowcake's sound recordings. Yellowcake also seeks documents and information related to Defendants alleged affirmative defenses.

Defendants are now trying to delay this action and prejudice Yellowcake's ability to properly prosecute this action by insisting on an overbroad Two-Tier protective order that is not appropriate.

## C.    **RELEVANT CASE HISTORY.**

On or about May 17, 2021, Yellowcake filed this action against Defendants. Since copyright infringement is a strict liability offense and Defendants have no real defense to Yellowcake's claims in this matter, Defendants' insurance company counsel has resorted to using aggressive scorched earth litigation tactics and intentionally delaying discovery as the only means of defending against otherwise indefensible claims.[3] *See Doc's Dream, LLC v. Dolores Press, Inc.,* 766 Fed. Appx. 467, 471 (9th

_____

3 By way of example, Yellowcake respectfully reminds the Court that Defendants opposed Yellowcake's counsel's pro hac vice application using false accusations and inaccurate information. Defendants' counsel also went so far as to refuse to consent to an adjournment of a then-pending motion to strike even though the hearing date was

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Cir. 2019) (Copyright infringement is a strict liability offense); *see also Bell v. Wilmott Storage Servs., LLC,* 12 F.4th 1065, 1081 (9th Cir. 2021); *United States v. Liu,* 731 F.3d 982, 988 (9th Cir. 2013) (A plaintiff does not need to prove unlawful intent or culpability.)  Since the initiation of this action, Defendants have made it unmistakenly clear that it is their strategy to do everything possible to delay this action and make it as expensive as possible for Yellowcake to prosecute.

In November 2021, Yellowcake served its narrowly tailored Request for Production of Documents, Set No. 1, and its First Set of Interrogatories on Defendants. On December 13, 2021, Yellowcake served its Request for Documents, Set No. 2, on Defendants. Copies of Yellowcake's Request for Documents, Set No. 1, its First Set of Interrogatories, and its Request for Documents, Set No. 2 [4] are sequentially attached hereto as <u>Exhibits "1," "2" and "3"</u>.[5] Responses to the demands were due on or before December 31, 2021. Shortly before the responses were due, Defendants requested an extension of time to respond. In good faith, Yellowcake consented to the request and the parties agreed that Defendants' responses would be due by January 7, 2022. *See* Dkt. No. 28.

Making no prior mention of their eventual request for a Two-Tier protective

---

set during the honeymoon of Yellowcake's lead counsel and at a time when Yellowcake's local counsel's wife was scheduled for a medical procedure. Yellowcake's counsel was forced to make an emergency application to the Court for a continuance. Yellowcake's counsel was compelled to file that application even after Yellowcake had granted Defendants' request for an extension of time to answer the Complaint and to respond to Yellowcake's discovery demands. (Dkt. Nos. 17 and 18).

4 By comparison, Defendants have served Interrogatories and four separate requests for documents totaling one hundred and sixty-three (163) separate demands to which Yellowcake has timely produced approximately 70,000 pages of documents in response and without a protective order in place.

5 Plaintiff's Exhibits are attached hereto in Appendix 3.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

order, Defendants responded to Yellowcake's discovery demands, which were completely deficient and did not include any corresponding document production. Copies of Defendants' Response to Document Request, Set No. 1, Response to Document Request, Set No. 2, Response to the First Set of Interrogatories, and their Amended Response to the First Set of Interrogatories are sequentially attached hereto as <u>Exhibits "4," "5," "6" and "7".</u>[6]

## D.  DEFENDANTS' IMPROPER RESPONSE TO YELLOWCAKE'S REQUESTS FOR DOCUMENTS.

### 1.  <u>Demand for Two-Tier Protective Order</u>

When Defendants finally served their response to Yellowcake's Request for Production of Document, Set No. 1, Defendants repeated inapplicable form objections, and asserted the following response to every request: "Without waiving the foregoing objections, Responding Parties [Defendants] respond as follows: Subject to entry of a suitable Two-Tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request." *See* <u>Exhibit "4"</u>.

Only after Defendants served their deficient responses did they provide Yellowcake with a copy of a proposed Two-Tier protective order on January 21, 2022. Defendants, in their discovery responses and in their subsequent correspondence with Yellowcake's counsel, have not identified a legitimate explanation for the need of a Two-Tier protective order. Similarly, they have failed to explain why the production of correspondence and non-financial documents requires a Two-Tier protective order, let alone a protective order at all.

---

6 On November 20, 2021, Defendants' counsel suggested a Two-Tier protective order rather than accept redacted documents served by Yellowcake in response to Defendants' discovery demands. Yellowcake declined because redaction of the minimal business information was sufficient to address Yellowcake's concerns as no sensitive information is at issue in this case.  At no point during this time did Defendants advise Yellowcake that they would not serve any documents in response to Yellowcake's demands unless the parties agreed to a Two-Tier protective order.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Defendants have admitted that the Two-Tier protective order they are demanding is derived from the form provided by the U.S. District Court for the Northern District of California, which is intended for use in patent and trade secret cases where there might be some competitive danger if the opposing party saw the patent or trade secret-related information. There is no such danger in this case since it only concerns copyrighted music, not patents or trade secrets.

In response to Defendants' insistence on a Two-Tier protective order, Yellowcake sent Defendants a proposed One-Tier protective order based on a form created by the U.S. District Court for the Central District of California. Defendants have refused to sign the One-Tier protective order without a legitimate explanation and Defendants continue to withhold all documents unless Yellowcake agrees to the Two-Tier protective order. Defendants even went so far as to continue to withhold the production of all correspondence and documents regardless of the content, including documents that are in no way sensitive or proprietary and would not require a "Confidential" designation under any form of a protective order such as correspondence. Defendants' refusal to sign the One-Tier protective order and lack of legitimate reason for a two-tier order is telling.

Despite Yellowcake's consent to an extension of time to serve responses to its discovery demands, Defendants have failed to provide a single substantive answer to Yellowcake's interrogatories and have merely asserted inapplicable objections. Specifically, Defendants inappropriately asserted references to Fed. R. Civ. P. 33(d) rather than provide substantive responses or references to specific documents. Defendants have done this intentionally so they would not have to admit their liability in verified interrogatory responses. As a result of this strategy, Defendants have refused to produce both relevant documents and substantive responses to key

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

interrogatories unless Yellowcake agreed to an inappropriate Two-Tier order.[7]

In light of the lack of substance in Defendants' discovery responses, it is evident that Defendants' prior request for an extension of time to respond to Yellowcake's demands and their insistence on an unnecessary Two-Tier protective order constituted nothing more than a bad faith delay tactic.

After receipt of Defendants' initial discovery responses, Yellowcake requested a meet and confer conference to discuss Defendants' improper objections and refusal to respond. Despite a two-hour meet and confer conference on January 18, 2022, and correspondence between the parties, Defendants still refused to serve substantive responses to Yellowcake's discovery demands. Accordingly, on multiple occasions, Yellowcake asked Defendants to participate in an informal discovery conference pursuant to Magistrate Judge McAuliffe's individual rules. As to be expected, Defendants refused to participate in an informal conference without explanation which resulted in Yellowcake need to file a motion to compel under Local Rule 251 and FRCP Rule 37 on March 24, 2022 (Dkt. No. 40).

On the eve of a status conference held on April 6, 2022, Defendants finally produced thousands of pages of irrelevant documents to Yellowcake. These irrelevant documents were produced – tactically – so Defendants could report at the status conference that they had started their production. Defendants continue to withhold all relevant documents under the spurious claim that a Two-Tier protective order is necessary. Until April 5, 2022, Defendants had not produced even a single document or provided substantive interrogatory response in response to Yellowcake's demands, which had been served five months earlier. Conversely, Defendants have served their own interrogatories and four separate requests for documents consisting of more than one hundred and sixty-three (163) separate demands to which Yellowcake has produced approximately 75,000 pages of relevant  documents without a protective

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

---

7 Defendants' insufficient interrogatory responses are one of the subjects of Yellowcake's motion to compel initially filed on March 24, 2022.

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

order in place.

## E.    <u>MEET & CONFER HISTORY</u>.

Due to Defendants' deficient discovery responses, on January 12, 2022, Yellowcake requested a meet and confer conference to discuss the same. A copy of Yellowcake's January 12, 2022, correspondence is attached hereto as <u>Exhibit "8"</u>.

The parties had a meet and confer telephone conference on January 18, 2022, in which they discussed Defendants' discovery responses in detail for *over two hours*. However, Defendants made it clear that they would not serve substantive responses to any of Yellowcake's discovery demands without a Two-Tier protective order and continued to rely on their generic objections. In good faith, Yellowcake drafted a protective order using the Central District's standard form that is more than sufficient to address any possible concerns Defendants might have and sent it to Defendants. *See* Yellowcake's e-mail correspondence dated January 19, 2022, and attached proposed order attached hereto as <u>Exhibit "9."</u> Defendants have refused to provide comments to the proposed single-tier protective order prepared by Yellowcake.

Only after Defendants' served their deficient responses did they write to Yellowcake's counsel rejecting Yellowcake's proposed order without a legitimate reason, recounting inaccurately what was discussed in the meet-and-confer call and annexing a copy of a proposed Two-Tier protective order with AEO designation on January 21, 2022.

Defendants' falsely argue that Yellowcake initially agreed to a Two-Tier protective order in Section 6.f of the Joint Scheduling Conference Statement (*see* Dkt. No. 14). However, Defendants did not circulate their proposed Two-Tier protective order at that time and Yellowcake was only agreeable to the entry of a purported "Two-Tier" protective order with the understanding that the "Two-Tier" designations would be "CONFIDENTIAL" versus "NON-CONFIDENTIAL" and would not include an AEO designation since there was no such need for AEO designation in this case.  As such, there was no "reneging" on any agreement for a Two-Tier protective

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

order. Moreover, Section 6.f of the Joint Scheduling Conference Statement provides in pertinent part that any protective order would relate to "a trade secret or other confidential research, development or commercial information." *See* Dkt. No. 14. Thus, there was never any purported agreement to apply a protective order to all of Defendants' financial information or third-party information.

Defendants have admitted that the Two-Tier protective order they are demanding is derived from the form provided by the U.S. District Court for the Northern District of California for use in patent and trade secret cases where there might be some competitive danger if the opposing party saw the patent or trade secret-related information. There is no such danger in this case since it only concerns copyrighted music, not patents or trade secrets. The only relevant information that may even remotely be deemed "confidential" is financial information relating to the income received by Defendants from the unauthorized exploitation of Yellowcake's copyrighted works. However, since the income is related to Yellowcake's own copyrights, Yellowcake has every right to receive this information and such information would be protected from public disclosure under the Central District's standard form of protective order.

Furthermore, Defendants' proposed Two-Tier protective order permits that a disclosing party may deem certain documents "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," which would prohibit Yellowcake's principal and other representatives from seeing the document unless Yellowcake makes a motion to challenge the designation. Defendants have already intimated in their correspondence that they intend on designating significant documents as Highly Confidential on the irrelevant basis that Mr. Berger is also a shareholder of Colonize which is a competitor of defendant Dashgo. However, there are no documents that Yellowcake has demanded that could possibly give Yellowcake a competitive advantage or otherwise harm Defendants if viewed by Mr. Berger. If there are certain financial terms in third-party contracts that are irrelevant to Yellowcake's claims that Defendants are

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

concerned about, those terms can be redacted subject to a standard privilege log. However, Defendants do not have the right to unilaterally prevent Yellowcake from seeing what is produced in discovery. Despite having reviewed over a hundred thousand pages of their own client's documents, Defendants' counsel have never identified exactly what documents they have in their possession that are highly confidential or constitute trade secrets and why it would be a legitimate problem if Mr. Berger were to see them. It is easily inferred from Defendants' discovery responses and correspondence that they seek to use a Two-Tier protective order to prejudice Yellowcake and force it to make costly and time-consuming motions to see documents it is entitled to see.

In response to Defendants' insistence on a Two-Tier protective order,  on February 4, 2022, Yellowcake responded to Defendants' letter of January 21, 2022 rejecting their overboard Two-Tier protective order and further addressing Defendants' deficient responses. In good faith, Yellowcake agreed to limit its demand for financial documents to the three years preceding the filing of the complaint (and thereafter). Yellowcake also asked Defendants to participate in an informal discovery conference with Magistrate Judge McAuliffe under her individual rules to discuss all of the parties outstanding discovery issues.  A copy of Yellowcake's February 4, 2022, letter is attached hereto as Exhibit "10". Defendants sent correspondence the same day again rejecting Yellowcakes protective order and refusing to agree to participate in an informal conference with Magistrate Judge McAuliffe. A copy of Defendants' February 4, 2022, letter is attached hereto as Exhibit "11".

Yellowcake wrote to Defendants again on February 9, 2022 and requested that Defendants agree to an informal discovery conference call with Magistrate Judge McAuliffe or provide Yellowcake with an explanation as to why they would not agree

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

to a such a call.[8] A copy of Yellowcake's February 9, 2022, letter is attached hereto as Exhibit "12". Defendants then wrote another letter to Yellowcake on February 9, 2022, again refusing to agree to such a conference. A copy of Defendants' February 9, 2022, letter is attached hereto as Exhibit "13". Yellowcake responded to Defendants' February 9, 2022, letter via email on February 10, 2022, and again asked Defendants to participate in an informal conference with Magistrate Judge McAuliffe. A copy of Yellowcake's February 10, 2022, email is attached hereto as Exhibit "14". Defendants then sent another letter on February 10, 2022, once again reiterating the same issues that had been addressed in prior correspondence, again refusing to agree to an informal conference with Magistrate Judge McAuliffe, and again failing to provide a reason for not agreeing to such a conference. A copy of Defendants' February 10, 2022, letter is attached hereto as Exhibit "15". At that point, Yellowcake has made multiple fruitless attempts in good faith to resolve Defendants' manufactured discovery concerns. Defendants' discovery responses and subsequent correspondence speak for themselves.

Thereafter, Yellowcake filed a motion to compel and on April 6, 2020, the Court held a status conference and ordered the parties to further meet and confer. The parties had meet and confer telephone conferences on April 13, 2022 and April 26, 2022, to discuss the issues related to the proposed Two-Tier protective order. The parties came to an agreement as to protective order other than the fact that it was a Two-Tier protective order with an AEO designation tier.

A May 17, 2022, status conference was held with the Court and it was reported that there had been some narrowing on the issues regarding the protective order and that other discovery disputes should narrow once the protective order is in

---

8 Also addressed in the parties' correspondence of February 9, 2022, are two subpoenas served by Yellowcake. Yellowcake's counsel inadvertently failed to serve Defendants' counsel with prior notice of the subpoenas under FRCP 45(A)(4). As soon as this was brought to the attention of Yellowcake's counsel, Yellowcake's counsel apologized, and the subpoenas were immediately withdrawn. No documents were served in response to the subpoenas.

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

place. In a further act of good faith, Yellowcake requested a further meet and confer on May 24, 2022, after Defendants had filed the instant motion for a protective order because Defendants, for the first time, identified six categories of documents in their joint statement that they claim are sensitive and shall be subject to a Two-Tier order. See Exhibit "16". Yellowcake was not seeking any such documents and believed that a compromise could be made by using redactions. Despite a nearly one-hour phone call, Defendants again did not identify what specific documents it was concerned about and simply told Yellowcake's counsel to "send a proposal." Since Defendants' counsel refused to discuss specific documents, no proposal could be sent by Yellowcake. The substantive issue now before the Court is whether a Two-Tier protective order is necessary. It is Yellowcake's position that it is not.

## F. **CONTENTIONS.**

1. Defendants Have Not Met Their Heavy Burden to Show Good Cause for the Extraordinary Relief of an "Attorney's Eyes Only" Designation or That There Are No Other Alternatives and Yellowcake Will Be Prejudiced by a Two-Tier Order

District courts have broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002), *quoting Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199 (1984). Moreover, district courts have "broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Id.*

However, an "Attorneys Eyes Only" provision is "a drastic remedy given its impact on the party entitled to the information." *Wanke Cascade Distrib. v. Forbo Flooring*, Inc., 3:13-cv-768, 2014 U.S. Dist. LEXIS 51187, at *53 (D. Or. April 11, 2014), *quoting Ragland v. Blue Cross Blue Shield of N. Dakota*, 2013 U.S. Dist. LEXIS 99369, 2013 WL 3776495 at * 1 (D. N.D. June 25, 2013). "Any designation of material as 'attorneys' eyes only' should be reserved for only those rare instances in

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

which it is truly justified, i.e., when there is a real expectation and entitlement to confidentiality under the law that has been preserved and not waived and there is no other effective alternative." *Id*, *quoting, Ragland*, 2013 WL 3776495 at *2 (alterations in original).

Furthermore, "[a] protective order must be narrowly tailored and cannot be overbroad." *Live Eyewear v. Biohacked, Inc.*, cv-19-431, 2019 U.S. Dist. LEXIS 231459, at *5-6 (C.D.C.A. July 23, 2019). A party seeking such a protective order provision must meet a "heavy burden" to show why discovery should be denied to a party and why the significant restrictions on information designated as "confidential" under the Protective Order are insufficient. *See id*; *A.G. v. Oregon Dept. of Human Services*, 2014 U.S. Dist. LEXIS 9950, 2014 WL 317016 at *3 (D. Or. Jan. 28, 2014). Indeed, an "Attorneys Eyes Only" protective order "pose[s] a significant handicap on the restricted litigant." *Wanke*, 2014 U.S. Dist. LEXIS 51187, at *34, quoting *ARVCO Corporation v. Weyerhaeuser Company*, 2009 U.S. Dist. LEXIS 9264, 2009 WL 311125 at *6 (W.D. Mich. 2009). "Discovery, trial preparation and trial are made more difficult and expensive if an attorney cannot make complete disclosures of the facts to the litigants." *Id*. "Attorneys Eyes Only" provisions by definition forbid a party from reviewing relevant evidence, discussing it with counsel, assisting counsel in defending the case, and "making intelligent litigation decisions." *Id*, quoting Ragland, 2013 U.S. Dist. LEXIS 99369, 2013 WL 3776495 at *1.

Accordingly, broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy a party's "heavy burden". *See Beckham Indus, v. International Inc. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *Wanke*, 2014 U.S. Dist. LEXIS 51187, at *34 ("Given the substantial risk of prejudice to the Defendant, Plaintiff has failed to established facts sufficient to impose such a drastic remedy of an 'Attorneys Eyes Only' provision in this case."); *Live Eyewear*, 2019 U.S. Dist. LEXIS 231459, at *6-9 ("the definition of the documents that would qualify for an AEO designation is not as clear. First, it is not sufficient to simply add a conclusory term

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

such as 'extremely sensitive' and expect that the distinction between Confidential ('highly sensitive') documents, and AEO ('extremely sensitive') documents, without more, would be clearly apparent in any sort of meaningful fashion. Because the definition does not place the parties or the Court on notice of the specific documents covered by the AEO designation or how they differ from Confidential documents, it is overbroad. Second, on its face, the definition of Confidential documents (which is specified in the Good Cause Statement of the proposed Protective Order), already accounts for the production of 'highly sensitive' documents that 'would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed.… As highlighted by the fact that in this action defendant designated documents as AEO that appear to fall squarely within the definition of Confidential, and designated no documents as only Confidential, defendant has not demonstrated that good cause exists for including a 'Highly Confidential -- Attorneys Eyes Only' designation in the Protective Order….").

As set forth in detail hereafter, Defendants are claiming a need for a Two-Tier protective order to cover sweepingly broad categories of non-descript documents and Defendants have failed to articulate exactly what documents they possess that are so highly sensitive or exactly how they would provide Yellowcake with a competitive advantage if they were disclosed. Nor have they articulated why a general "confidential" designation as defined in the proposed order would not be sufficient.

The reality is that nothing in this case, let alone any discovery sought by Yellowcake, is truly proprietary or highly sensitive. This dispute concerns sound recordings and the revenue generated therefrom, not copyrighted software code, patents or real trade secrets.[9] Furthermore, designating documents as AEO would

---

9 "Trade secret" is defined as all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

greatly prejudice Yellowcake because Yellowcake's counsel may not know or understand the importance of documents designated AEO while Yellowcake would otherwise deem them very important. In addition, an AEO designation concerning financial information received by Defendants from the exploitation of Yellowcake's own works would interfere with Yellowcake's ability to determine whether to elect actual damages or statutory damages under 17 U.S.C. 504.

As such, Defendants' have failed to be specific enough and has failed to meet its extremely high burden of showing a need for AEO designation.

2.    Plaintiff's Discovery is Narrowly Tailored to its Claims and Defendants Intended Use of AEO Designation is Overbroad

On multiple occasions, Yellowcake asked Defendants to specify exactly what information or documentation would require an AEO designation and Defendants kept asserting vague general reasonings of trade secrets and commercial sensitive information without specifying which information or documents were so sensitive as to require an AEO designation. Only for the first time in their joint statement do Defendants identify the overbroad categories of documents they are seeking to protect. However, the information and documents they refer to were either never requested in Yellowcake's discovery demands or are not commercially sensitive information requiring AEO designation. A "One-Tier" confidentiality order will achieve sufficient protection of Defendants' alleged interests.

A review of Yellowcake's discovery demands makes clear that Defendants are intentionally and overbroadly interpreting the scope of the documents and

_____

or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if – (A) the owner thereof has taken reasonable measure to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. *See* 18 U.S.C. § 1839(3).

_____

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

information sought by Yellowcake's discovery demands in order to speciously allege that its six categories of alleged proprietary information are being sought which are sensitive and require protection. However, Yellowcake is not actually seeking such information and such information is not relevant to Yellowcake's claims. Yellowcake is not requesting anything unrelated to its own copyrights – it requests information relevant to its copyright and its claims against Defendants for their infringement.[10]

First, Defendants claim in their portion of the joint statement that "Dashgo's agreements with DSPs [Digital Service Providers like iTunes, Spotify, YouTube, Apple Music etc.…]" are "extremely sensitive and confidential." *See supra* at pp. 17-18. However DSP contracts are not commercial or proprietary as they are not unique

_____

10 Defendants erroneously argue that Yellowcake does not identify any of its copyrighted sound recordings by its International Standard Recording Code ("ISRC") and, thus, a search for documents pertaining to those sound recordings could capture information "utterly irrelevant to this action, including works owned, licensed or claimed by other clients of Dashgo and/or Adrev." This argument is nonsensical. It is not necessary to Yellowcake's definition of "Yellowcake's Copyrighted Works" and/or "Foreign Works" in the Second Amended Complaint to define the sound recordings by their ISRC. Both Yellowcake and Yellowcake's predecessor-in-interest were under contract with Dashgo to distribute the sound recordings at issue in this action and, thus, Dashgo already knows the specific ISRC for each sound recording claimed by Yellowcake. For example, Dashgo's royalty report, which was sent by Dashgo directly to Colonize and is attached hereto as Exhibit "17", identifies the ISRC for each the distributed titles referenced in the report. This shows that the ISRCs are not a threshold issue because Dashgo already has a detailed database of the specific ISRCs claimed by Yellowcake because it previously distributed them and logically, Yellowcake is only seeking information regarding copyrights it claims to own. Furthermore, it is also relevant to Yellowcake's claim if a third party has a claim to the same ISRC and it is not commercially sensitive information that would give Yellowcake any commercial advantage over the Defendants. A single-tier protective order would already protect against use of another's ISRC outside of the litigation and mere knowledge of a third parties' legitimate ISRC means absolutely nothing if the code is not used to exploit the sound recording and Yellowcake has no right to exploit a third parties ISRC. This argument is just a self-fueling argument by Dashgo that is of no merit.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

and are form agreements that the DSPs use with other digital distributors in the music industry. There are many digital distribution companies in the marketplace competing with Dashgo including, but not limited to,  Colonize, The Orchard, Distro Kid, Alternative Distribution Alliance, CD Baby, TuneCore, Empire Distribution, United Masters and many more all of which essentially  have the same form agreements with the digital service providers. There is nothing about these agreements that is unique or proprietary with regards to an agreement with Dashgo. However, the net revenue received by Dashgo from the DSPs from the exploitation of Yellowcake's sound recordings is directly relevant to Yellowcake's damages in the form of lost profits permitted under 17 U.S.C. § 504. Defendants are easily protected by a single-tier protective order that prohibits the use of such information outside of this litigation. As a result, the Two-Tier protective order is unnecessary as to this category of documents.

Second, Defendants claim that Dashgo's agreements with third party licensors (content owners, artists and record labels) are proprietary. *See supra* at p. 17. However, the terms in Dashgo's distribution  contracts with its customers are similar to every other music distributer and there is no competitive advantage to Yellowcake in knowing the terms of Dashgo's distribution agreements with other parties if they are relevant to this case and concern sound recordings claimed by Yellowcake – i.e., *Yellowcake's Copyright Works and Foreign Works*. In fact, Yellowcake produced its own distribution contract with Colonize without a protective order in place because such document is not sensitive.  *See* Defendant's Exhibit "C". Thus, Dashgo can easily do the same and redact the financial information contained therein as the only relevant information is as to Defendants' unsubstantiated affirmative defense that they allegedly had the right to distribute the subject sound recordings granted by third party licensors.[11] As such, any AEO designation as to such documents and information is

---

11 In its Interrogatories, Yellowcake asked Defendants to identify the alleged third-party licensors from whom they allegedly obtained rights to distribute the sound recordings at issue.  However, Defendants simply referred to FRCP 33(d) in response

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

unnecessary.

Third, Defendants argue that the documents containing Dashgo's existing client lists and contacts are trade secrets. *See supra* at p. 18.  This argument has no merit because client lists and contact information are not trade secrets.  (*See*, 18. U.S.C. § 1839(3)) and Dashgo discloses its clients on social media platforms such as Instagram.  True and correct screenshots of Dashgo's Instagram account is attached hereto as <u>Exhibit "18"</u>.

Fourth, Defendants erroneously argue that Yellowcake is seeking documents reflecting Dashgo's internal procedures and processes and "other proprietary commercial information," which Yellowcake is not.  P. 18.  These are incredibly broad and non-descript categories which are legally deficient on their face, and such information is irrelevant to Yellowcake's claims. Yellowcake did not ask for such information in its discovery demands.  *See* Exhibits "1," "2" and "3".  Instead, Defendants have elected to unilaterally interpret Yellowcake's demands so that it could broadly apply an AEO designation to many documents.

Fifth, Defendants claim that documents containing financial information relating to Dashgo's clients, business operations performance and profitability require AEO designation. *See supra* at p. 18.  Again, these are more legally overbroad categories of documents that have not been demanded and are not relevant.

to Interrogatory Nos. 1-15, 18, 20-22, 24, and 25. *See* Exhibits "6" and "7". Defendants' citation to FRCP 33(d) is completely disingenuous and there is no reason why Defendants should not directly answer the question rather than just referring to unidentified documents. Most of Yellowcake's interrogatories concern the factual circumstances regarding which of Yellowcake's copyrighted works were infringed by Defendants, what digital distribution platforms Defendants used to distribute the songs and the revenue received by Defendants as a result of such actions. Defendants are refusing to provide the information in the form of direct responses to Yellowcake specifically to burden, expense and delay Yellowcake and to avoid having to concede their liability in written interrogatory responses.  Instead, they simply refer to documents that they also are refusing to disclose without a Two-Tier protective order.

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Yellowcake only requested such information as it pertains to revenue related to the sound recordings that Yellowcake owns. There is nothing proprietary about how much revenue Dashgo received from Yellowcake's own sound recordings that will give Mr. Berger or Colonize a commercial advantage over Dashgo. As a result, an AEO designation is unnecessary and a single-tier protective order protecting financial information relating to Yellowcake's Copyrighted Works and Foreign Works from use outside of this litigation is sufficient.

Finally, Defendants argue that documents pertaining to highly proprietary software and systems developed by Dashgo will require an AEO designation. *See supra* at p. 18. Again, Yellowcake never asked for software in its discovery demands and such information is completely irrelevant to the prosecution of its claims. Moreover, any such information is already protected by copyright law and prevents Yellowcake and Colonize from copying such software whether or not a two-tier or one-tier protective order is in place. Therefore, this contention is utterly irrelevant to the determination of whether a Two-Tier protective order is necessary for this action.

3.    Defendants Have Already Disclosed Alleged Sensitive
Documents to Colonize, their Alleged Competitor

As further evidence that Defendants' insistence on a Two-Tier protective order is disingenuous, Defendants have already sent the allegedly sensitive and proprietary royalty accounting reports that they now seek to designate as AEO directly to Colonize, the same entity that they allege is a competitor owned by Mr. Berger. See Exhibit "17".

Exhibit "17" consists of an email and the first few pages of an approximately 70,000 page royalty report sent by Defendants Dashgo and Benjamin Patterson directly to Colonize. To now claim that the format and/or information contained in these royalty reports are somehow proprietary and confidential or somehow would give Colonize some sort of competitive advantage over Dashgo is completely without merit. Similarly, any such royalty reports concerning royalties allegedly paid to third parties from the exploitation of the sound recordings claimed by Yellowcake would not need

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

an AEO designation.  First, any such information is central to Yellowcake's claims and damage calculations.  Second, Colonize cannot "steal" any such client of Dashgo's because such client is presumably under contract with Dashgo, and the mere knowledge of the existence of a contractual relationship between Dashgo and a third-party content provider, label, or sub-distributor is not in and of itself highly sensitive, proprietary or would give Colonize some sort of unfair competitive advantage.

### 4.    Yellowcake is Not a Competitor of Defendants

Furthermore, Yellowcake is not even a competitor of Dashgo. Yellowcake owns and monetizes intellectual property, including the subject copyrighted works, through third-party distributors and retailers. It does not distribute or exploit music it does not own or for any third-parties.  Dashgo is a digital music distributor and Adrev is its parent corporation. *See* SAC at ¶¶ 13, 15. Defendants' specious claims of potential harm is based on the allegation that Kevin Berger is a shareholder of Colonize Media, a fact that Yellowcake does not deny. However, Mr. Berger is merely an investor in Colonize Media and not involved with the technical day-to-day operations of Colonize. Nor have Defendants provided any evidence that they had any dealings with Mr. Berger as a shareholder of Colonize. All of the documents relied on by Defendants show that they only dealt with Colonize's President and founder, Jose David Hernandez. Colonize Media is a non-party entity and has no bearing on the determination of whether the parties are direct competitors.

### 5.    Entry of a Two-Tier Protective Order Will Prejudice Plaintiff

Most importantly, a Two-Tier protective order will severely prejudice Yellowcake's prosecution of its claims against Defendants as it has been intimated by the Defendants that all relevant documents will be designated as AEO.  Defendants may designate documents as AEO which are relevant to Yellowcake's claims but which Yellowcake's counsel may not realize are relevant or important because they do not possess the same level of intimate knowledge of the facts as Mr. Berger does,

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

thereby putting Yellowcake at an extreme disadvantage.    Similarly, an AEO designation would prohibit Yellowcake from reviewing revenue-related information which will severely prejudice Yellowcake's ability to determine whether it wants to pursue actual or statutory damages against the Defendants under 17 U.S.C. § 504.

On the other hand, there is no real harm to Dashgo if there was a standard protective order barring the use of the documents exchanged in discovery from being used outside of this litigation instead of a Two-Tier protective order.

6.    Defendants' Legal Authority Does Not Support Entry of a Two-
Tier Protective Order

The case law cited by Defendants in support of their motion for a Two-Tier protective order is easily distinguishable as these cases involve truly sensitive technical intellectual property and trade secrets such as software, drawing specifications and competitive financial information. Whereas this case merely involves Yellowcake's own copyrighted sound recordings of Mexican music, Defendants' unlawful acts of sale and distribution of those sound recordings and the revenue generated from such activities. *See, e.g.*, *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (1992) (granting a protective order preventing plaintiff's in-house counsel from directly viewing the documents in its copyright infringement case concerning a computer program for outlining to protect the defendants' trade secrets divulged in discovery, including source codes, developmental plans, identities of "beta testers," and consumer representatives that were mark-tested); *Cadence Design Systems, Inc. v. Pounce Consulting, Inc.*, No. 17-cv-04732, 2018 WL 10582121, at *3-4 (N.D. Cal. May 7, 2018) (allowing plaintiff to maintain its Attorney's Eyes Only designation in its copyright infringement case as to documents concerning the plaintiff's system that it incorporates into its monitoring software, which detects tampering with a license enforcement mechanism, as it would allow defendants, who are known infringers, to educate themselves on how to circumvent plaintiff's infringement detection mechanisms); *MD Helicopters, Inc. v. Aerometals, Inc.* No. 2:16-cv-2249, 2017 W.L. 495778, at * 1 (E.D. Cal. Feb. 3, 2017) (granting plaintiff's in-house counsel access to

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

Attorney's Eyes Only materials under a separate protective order in a copyright infringement case concerning defendant's use of plaintiff's intellectual property, drawings and specs for helicopters, beyond its permitted use where a Two-Tier protective order was previously executed between the parties); *Stanislaus Food Products Co. v. USS-POSCO Industries*, No. 1:09-cv-00560-LJO-BAM, 2012 WL 6160469, at \*4-6 (E.D. Cal. Dec. 11, 2012) (granting protective order in an antitrust action as to documents detailing defendants' business and pricing strategies, how defendants intend to compete in the tin mill market, and costs inputs of suppliers and third parties, which would give plaintiff significant negotiating leverage against current and potential suppliers); *Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239, 2005 W.L. 1030218, at \*2 (N.D. Cal. May 3, 2005) (granting two-tier protective order as to documents concerning defendants' net worth and financial condition in a case involving fraud and secret kickbacks as a matter of privacy).

Accordingly, none of these cases relate to the kind of discovery sought by Yellowcake and are highly distinguishable from the facts of this case.

7.    Defendants' Request for Attorneys' Fees Must be Denied and Plaintiff Should be Granted Attorneys' Fees

Defendants' request for attorneys' fees is nothing less than cynical and should be denied and Yellowcake should be granted its attorneys' fees in connection with the motion. It was Yellowcake who was forced to make a motion to compel, provided Defendants with the draft of an appropriate One-Tier protective order which they never responded to and who asked Defendants for an informal Court conference to try and resolve the dispute without formal motion practice which Defendants have repeatedly refused without explanation.

Other than briefly mentioning the need for a protective order last year, the Defendants waited approximately *eight months* from the start of the action to assert their purported need for a Two-Tier protective order and they produced no documents whatsoever for five (5) months after the service of Yellowcake's discovery demands, including but not limited to emails and other documents that could in no way be

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

deemed confidential, let alone, be subject to an AEO designation. Rather, Yellowcake was the party forced to file a motion to compel. It was not until the night before the parties were due to attend a status conference with the Court on April 6, 2022, that Defendants dumped thousands of pages of irrelevant documents on Yellowcake allegedly responsive to Yellowcake's discovery demands in an attempt to save face with the Court. Defendants then refused to produce any truly relevant documents without a Two-Tier protective order in place.  Defendants have done nothing but use its specious claim of a need for a two-tier protective order (an inappropriate reliance on F.R.C.P. § 33(d)) to withhold relevant documents for months and to further delay and expense Yellowcake.

Defendants' have also failed to meet their extremely high burden of proving why they need an AEO designation when this case does not involve any truly sensitive information, codes, patents or trade secrets. None of the documents sought by Yellowcake are proprietary or constitute trade secrets and their disclosure would not cause Defendants any legitimate competitive harm. Additionally, Dashgo has already sent to Colonize the type of royalty reports that Yellowcake seeks in its document demands and  despite Defendants' repeated assertions, Yellowcake never agreed to a Two-Tier protective order with an AEO designation.

Most importantly, Defendants rejected Yellowcake's multiple requests to participate in the Court's informal discovery resolution conference procedure without explanation. These requests were made by Yellowcake in a good faith an attempt to resolve the dispute over the protective order without having to engage in formal motion practice and unnecessarily burdening the Court with having to decide a motion on the issue.  Defendants' repeated refusal to participate in such a conference is extremely telling of their strategy and how they intend to continue litigating this matter.

Accordingly, the Court should deny Defendants' request for attorneys' fees and costs, and grant Yellowcake its fees and costs.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

---

**47**

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

## G.    <u>CONCLUSION</u>.

As a result of the foregoing, Plaintiff respectfully requests that Defendants' motion for a Two-Tier protective order be denied; that the Court enter the proposed protective order with only a "One-Tier" provision; that the Court deny Defendants' request for costs and attorneys' fees; and that the Court grant Yellowcake its costs and attorneys' fees.

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

PLAINTIFF'S JOINT STATEMENT RE: DISCOVERY DISAGREEMENT – PROTECTIVE ORDER

1

2

3

Respectfully submitted,

DICKENSON PEATMAN & FOGARTY P.C.

4

5

6

7

8

Dated: June 3, 2022           By:    /s/ Richard J. Idell
                                      Richard J. Idell (SBN 069033)
                                      Ory Sandel (SBN 233204)
                                      *Attorneys for Defendants Dashgo, Inc., Audiomicro,*
                                      *Inc. d.b.a. Adrev, Benjamin Patterson and Noah*
                                      *Becker*

9

10

ABRAMS FENSTERMAN, LLP

HEFNER, STARK & MAROIS, LLP

11

12

13

14

Dated: June 3, 2022           By:    /s/ Seth L. Berman
                                      Seth L. Berman (admitted *pro hac vice*)
                                      Thomas P. Griffin (SBN 155133)
                                      *Attorneys for Plaintiff Yellowcake, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Appendix 1
# Defendants' Proposed Form of Stipulated Protective Order (with highlighted AEO provisions)

Thomas P. Griffin, Jr., Esq. (SBN 155133)
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: tgriffin@hsmlaw.com

Seth L. Berman, Esq. (admitted *pro hac vice*)
ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
FORMATO, FERRARA, WOLF & CARONE, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: (516) 328-2300
Facsimile: (516) 328-6638
Email: sberman@abramslaw.com
*Attorneys for Plaintiff Yellowcake, Inc.*

Richard J. Idell, Esq. (SBN 069033)
Ory Sandel, Esq. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
        osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc., Audiomicro,
Inc. d.b.a. Adrev, Benjamin Patterson and Noah
Becker*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, | CASE NO. 1:21-cv-00803-AWI-BAM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation, | |
| Defendants. | |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Yellowcake, Inc. ("Yellowcake" or "Plaintiff"), on the one hand, and Defendants Dashgo, Inc. ("Dashgo") and AudioMicro, Inc. d/b/a Adrev ("Adrev") (collectively, "Defendants") (Plaintiff and Defendants are, jointly, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to <mark>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</mark> information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" <mark>or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</mark>.

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    <mark>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of significant financial or competitive harm that could not be avoided by less restrictive means.</mark>

2.9    <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or to have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) produced by a Producing Party itself or using a third party discovery service, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material before production. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

If, alternatively, a Party or Non-Party makes original documents or materials available for inspection, the Party or Non-Party need not designate them for protection

until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

      (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Those portions of transcripts containing Protected Material shall not be separately bound. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality

designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to maintain the confidentiality designation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and relevant Local Rules. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the right to maintain the confidentiality designation of each challenged designation.

The burdens of proof and persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges or those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Pending any motion challenging the confidentiality designation as described above, all parties shall continue to afford the material in question the level of protection under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury, mock jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the

disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Documents produced by a Non-Party shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of 30 days from the date of production, during which time any Party or the Non-Party may designate or re-designate all or any part of the Non-Party's document production as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is inadvertently produced in discovery that is subject to a claim of privilege or other protection, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, any notified party must promptly return or destroy the specified information and any copies it has, and may not

sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

This provision is not intended to modify whatever procedure may be established in an e-discovery or other court order that provides for production without prior privilege review.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the relevant Federal Rules of Civil Procedure and Local Rule 141. Pursuant to Local Rule 141, a Notice of Request to Seal Document(s) shall be filed electronically. The Request to Seal, a proposed sealing order (in Word), and all documents covered by the request shall be emailed to awiorders@caed.uscourts.gov. If the request is approved and notice of electronic filing of the sealing order is received, all documents covered by the order must be emailed to ApprovedSealed@caed.uscourts.gov for filing under seal.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must either: (a) return all Protected Material to the Producing Party; or (b) destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Jointly submitted this _____ day of _____, 2022.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

By:    /s/ Seth L. Berman
       Seth L. Berman (admitted *pro hac vice*)
       *Attorneys for Plaintiff Yellowcake, Inc.*


DICKENSON PEATMAN & FOGARTY P.C.

By:    /s/ Richard Idell
       Richard J. Idell
       Ory Sandel
       *Attorneys for Defendants Dashgo, Inc. and*
       *Audiomicro, Inc. d.b.a. Adrev*

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Eastern District of California on _____ [date]

in the case of *Yellowcake, Inc. v. Dashgo, Inc., et al.*, being Case No. 1:21-cv-00803-AWI-BAM.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

# <u>Appendix 2</u>
# Declaration of Benjamin Patterson

RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
        osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DECLARATION OF BENJAMIN PATTERSON IN SUPPORT OF MOTION FOR ENTRY OF A TWO-TIER PROTECTIVE ORDER, AND FOR AWARD OF DASHGO'S AND ADREV'S ATTORNEYS' FEES INCURRED IN MAKING THE MOTION**<br><br>[Fed. R. Civ. P., Rules 26(c), 37]<br><br>(E-filing)<br><br>Date:   Friday, April 29, 2022<br><br>Time:  9:00 a.m.<br><br>Place:  Robert E. Coyle Courthouse<br><br>         2500 Tulare Street,<br><br>         Courtroom 8, 6th floor<br><br>         Fresno, CA 93721<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

PATTERSON DECLARATION ISO MOTION FOR ENTRY OF PROTECTIVE ORDER

I, Benjamin Patterson, do state as follows:

1.    I am an officer and employee of Dashgo, Inc. ("Dashgo"), a defendant herein. I am over the age of eighteen and fully competent to make this declaration. All of the matters stated herein are of my own personal knowledge, except as to those matters derived from my review of documents or other information and, as to those matters, such matters are stated on information and belief and, as to those matters, I believe them to be true. If sworn as a witness I could and would testify competently to the matters stated herein.

Personal Background

2.    I graduated from Northwestern University in 2000 with a Bachelor of Science degree in Communication Studies.

3.    After graduation, I began employment as Director of New Media and, later, as Senior Vice President of New Media and Strategic Development at The Firm, a Santa Monica, California-based film and television production and talent management company. In that capacity, I developed, directed and executed all online, wireless and new media digital revenue, marketing and business strategies for The Firm's clients, including well-known musical artists such as The Dixie Chicks, Linkin Park, Enrique Iglesias, Backstreet Boys, Audioslave, Korn, Kelly Clarkson, Weezer and Snoop Dogg, among others.

4.    In 2004, I formed and managed operations for Audio Bee, a digital record label and distribution company serving digital service providers ("DSPs"), including iTunes, Musicnet, eMusic, Amazon, etc. I formed Audio Bee to give independent musicians the opportunity to maximize their online sales, marketing and promotional visibility.

5.    I thereafter served as Executive Vice President at GMG Entertainment, an entertainment company focused on developing and executing brand and retail entertainment

marketing and differentiation strategies through entertainment. In that capacity, among other things, I developed music brand strategies and managed content and talent acquisition and production for Target, Sony, Ford and other clients.

6. I founded Dashgo in 2007 and have served as its Chief Executive Officer and President. Dashgo is a digital content management and syndication company offering independent content producers innovative web-based software applications to manage, distribute and collect royalties from sound recording and composition copyrights worldwide. Dashgo provides digital distribution services to well over 10,000 artists and labels across dozens of global digital music platforms and retailers. Dashgo also provides global music rights administration for over 200,000 songs. Dashgo has longstanding direct relationships and integration with DSPs and performing rights organizations.

7. I have also served as Vice President of Business Development and Operations for Topps Digital Services, which manages a global gift card program.

8. As a consequence of my education and extensive hands-on work experience, I have a comprehensive background in, and knowledge of, the digital music industry in the areas of entertainment marketing and business development; wireless and new media content development, business development and retail and online marketing strategies; artist- and label-relations and content subscription services; and digital retail, distribution and strategic development. I have been continuously involved in the digital music distribution business since at least 2004 and am intimately familiar with all aspects of the processes and procedures for getting recorded music to the global market. I am familiar with Dashgo's competitors in the field, as well as with many, if not all, of the DSPs and record labels/content owners, and their personnel, involved in the digital music distribution industry.

General Factual Background

9.    This is an action for copyright infringement by Yellowcake, Inc. ("Plaintiff" or "Yellowcake"), the alleged owner of a variety of sound recordings allegedly subject to copyright in the United States and Mexico, against Dashgo; Dashgo's parent company, Audiomicro, Inc. d.b.a. Adrev ("Adrev"); Noah Becker; and me.

10.    I formed Dashgo as a Delaware corporation on August 21, 2007 and registered Dashgo in California on August 29, 2007. As set forth more fully above, Dashgo provides services for the distribution of digital music, and has provided such services since its inception.

11.    Adrev is, in pertinent part, an administrator for monetization of music rights on YouTube's Content ID platform.

Yellowcake, Inc. and Colonize Media, Inc. Directly Compete with Dashgo

12.    In or about February of 2011, Dashgo and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital ("DH1") entered into a Digital Distribution & Licensing Representation Agreement ("Agreement"), pursuant to which Dashgo was granted rights to exploit certain of the sound recordings in which Plaintiff now contends it acquired copyrights. Jose David Hernandez a.k.a. David Hernandez was the principal of DH1 and signed the Agreement on behalf of DH1.

13.    Based on records of the California Secretary of State, a true and correct copy of which are attached hereto as Exhibit "A", Kevin Berger is currently the sole principal of Yellowcake (and thus presumptively engages in competitive decisionmaking on Yellowcake's behalf); Mr. Hernandez is (at least formerly) a principal of Yellowcake; and Yellowcake was formed as an entity on September 30, 2016.

14.    DH1 became, or is otherwise affiliated with, Colonize Media, Inc. f/k/a DH1 Media, Inc. ("Colonize"). Based on records of the California Secretary of State, a true and

correct copy of which are attached hereto as Exhibit "B", Mr. Berger and Mr. Hernandez are the principals of Colonize (and thus presumptively engage in competitive decisionmaking on Colonize's behalf) and Colonize was formed as an entity on December 22, 2014.

15.     On January 5, 2015 – exactly two weeks after Colonize was formed – Mr. Hernandez, on behalf of DH1, sent a letter to Dashgo purporting to terminate its Agreement with Dashgo, effective as of February 15, 2015, but at the same time, Mr. Hernandez requested, both verbally and in writing, prior to the would-be effective termination date, that Dashgo take down (cease the exploitation of) DH1 content *only upon express notification* from Mr. Hernandez, DH1's principal, thereby directly superseding the purported termination of the Agreement and, as I understood it, granting Dashgo a license to continue exploiting the subject sound recordings pending further express written notice from Mr. Hernandez/DH1. As I understood it, Mr. Hernandez's motivation for terminating the Agreement but immediately reversing the effect of the termination was that, until further notice, he wanted to continue making money on each song in the DH1 catalogue for as long as possible.

16.     I have reviewed and am familiar with the allegations of Yellowcake's Second Amended Complaint ("SAC"). Paragraph 13 of the SAC alleges that "Dashgo is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels including Amazon and YouTube." That is an accurate statement inasmuch as Dashgo provides services for the distribution of digital music, including via Amazon and YouTube. Paragraph 23 of the SAC alleges that "Yellowcake is primarily engaged in the business of exploiting intellectual property rights, including, but not limited to, digital music distribution." Based on what I know about Yellowcake, I believe that to be an accurate

statement. Thus, from the facial allegations of the SAC alone, it is apparent that Yellowcake is a direct competitor of Dashgo, a digital music distributor.

17.     I have reviewed and am familiar with those documents produced by Yellowcake as Bates Nos. PLF004889-PLF004905, a true and correct copy of which are attached hereto as Exhibit "C". Based on those documents, Colonize is a digital music distributor and Yellowcake has granted Colonize exclusive licenses to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize Yellowcake's content on all online, mobile and digital music distribution platforms.

18.     I have also reviewed Colonize's website, https://colonizemedia.com/. Colonize's website advertises its music and video distribution services for delivery of content to services such as Spotify, Apple Music, YouTube, Amazon Music, Tidal, Deezer, Napster, Shazam, TikTok, Instagram, Facebook and SoundCloud. These are precisely the same lines of distribution and services to which Dashgo distributes the content of its clients, formerly including DH1.

19.     Dashgo's website is found at https://dashgo.com/. Colonize's website has a very similar look and feel to Dashgo's website. It is readily apparent to me, based on my knowledge of the industry, that Colonize is targeting the same client base that Dashgo is targeting for the same services. For example:

| **Colonize website text (plain text)** | **Dashgo website text (plain text)** |
| --- | --- |
| "We are purpose driven for artists, creators, labels, and everyone in between. We enable artists and content creators to reach their goals and develop a winning tame plan for reaching their target audience using our | "Our clients are career artists, songwriters and independent labels at the forefront of popular culture utilizing our tools and services to reach their fans. We care about the artists working with us, and we want to see their projects |

cutting edge platform. We work with independent artists and creators, to bring the most promising content to market."

succeed. We build unique strategies to fit each artist's needs. We work in service of the music, in a way that allows them to have more control over their creative vision."

20.     Based on the foregoing, even if Yellowcake is not a direct competitor of Dashgo (which it appears to be), Colonize is a direct competitor of Dashgo. Since Yellowcake and Colonize share, or shared, common principals, and have other longstanding connections, currently including, without limitation, an exclusive licensor-licensee relationship, without the ability to designate documents and information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", highly sensitive, proprietary and confidential information or documents relating to Dashgo are going to be accessible to, and reviewed by, a direct competitor of Dashgo, thereby creating a substantial risk of significant financial or competitive harm and disadvantage to Dashgo.

Plaintiff's Discovery Captures Extremely Sensitive, Proprietary and Confidential Information and Documents Relating to Dashgo and Dashgo's Clients

21.     In the digital music distribution business, sound recordings cannot solely be identified by artist name and title, or even by copyright registration number, as there are numerous cases of artists re-recording or licensing distinct versions of sound recordings to various record labels and distributors, each iteration bearing the same artist name and title. In the digital music industry, each unique sound recording can be referenced by an International Standard Recording Code ("ISRC"), a 12-character, alphanumeric code that is assigned to a piece of music set for commercial release.[1] ISRCs are a useful mechanism to identify the specific

_____

[1] *See* https://usisrc.org/

sound recordings being exploited, but only insofar as an ISRC is accurately assigned and applied by each label and distributor.

22.    The digital music distribution business is very competitive. Copyright conflicts abound, not only due to sound recordings bearing the same or similar names, but also as a result of different parties claiming rights to the same works, including due to inaccurate or duplicate ISRCs or metadata. The nature of the business is such that most clients are on relatively short-term licensing agreements, and so distributors such as Dashgo (which, technically, are licensees of owners of catalogues of sound recordings) are in heavy competition with others for the existing pool of clients.

23.    As with other online businesses, the bar to entry in the digital music distribution business is relatively low in terms of a monetary investment, increasing the size of the competitive field. Digital music distributors must therefore add value for their clients' experiences by providing, e.g., custom software – an expensive up-front investment – that their competitors lack. To this end, Dashgo has, over the years, and at large investment, developed a unified, industry-leading software program that enables Dashgo clients to manage their content.

24.    Because the digital music distribution industry is so competitive, digital music distributors are very protective of their trade secrets, customer lists, proprietary systems and software, and other such proprietary and confidential information. And, of course, like any businesses, digital music distributors exercise a high degree of discretion, prudence and confidence in maintaining the confidentiality of financial information of their clients and themselves. Disclosure of this type of sensitive proprietary financial and business information to a competitor would harm Defendants.

25.     I am familiar with and have reviewed Plaintiff's Requests for Production to Defendants – Set One ("RFPD Set One"), a true and correct copy of which is attached hereto as Exhibit "D". I am informed and believe that RFPD Set One was propounded on or about November 1, 2021.

26.     I am familiar with and have reviewed Plaintiff's First Set of Interrogatories to Defendants ("Interrogatories Set One"), a true and correct copy of which is attached hereto as Exhibit "E". I am informed and believe that Interrogatories Set One was propounded on or about November 11, 2021.

27.     Yellowcake's RFPD Set One and Interrogatories Set One seek responses that capture Dashgo documents and information that are extremely sensitive and confidential, including, by way of example and without limitation: (1) Dashgo's agreements with DSPs; (2) Dashgo's agreements with third party licensors (content owners, artists and record labels); (3) documents containing Dashgo's existing client list and contacts; (4) documents reflecting Dashgo's internal procedures and processes and other proprietary commercial information; (5) documents containing financial information, including such information relating to Dashgo's clients, business operations, performance and profitability; and (6) documents that pertain to highly proprietary software and systems that Dashgo has developed. The documents described in this Paragraph are examples of the types and categories of documents that would be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under a two-tier protective order.

28.     Given the above, and based on my knowledge and information of the relationship between Colonize and Yellowcake, their businesses, and their overlapping officers, directors and employees, if Dashgo's proprietary and highly sensitive documents or information or trade secrets were disclosed in discovery responses in this action, and such information and/or

documents were reviewable by Yellowcake, Colonize, Mr. Berger and/or Mr. Hernandez, or their associates, it would cause significant financial or competitive harm and disadvantage Dashgo and its parent company, Adrev. The only way to avoid such significant financial or competitive harm in the context of discovery in this action is to have the ability to designate documents and information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

29.     In addition to the foregoing, Plaintiff's RFPD Set One and Interrogatories Set One capture, inadvertently or otherwise, documents and information – including highly sensitive, proprietary and confidential documents and information – of third parties that are clients of Dashgo and/or Adrev, for the following reasons:

a.     Plaintiff's RFPD Set One defines "Yellowcake's Copyrighted Works" and "Foreign Works" by reference to Yellowcake's Amended Complaint ("FAC").[2] "Yellowcake's Copyrighted Works" and "Foreign Works" are respectively defined in the FAC by reference to Exhibit A (as to "Yellowcake's Copyrighted Works") and Exhibit B (as to the "Foreign Works"). Those Exhibits, in turn, are comprised of nothing more than a list of artists and song titles, rather than ISRCs. However, the same artist can re-record a song multiple times even though each iteration bears the same title.

b.     Based only on the defined terms "Yellowcake's Copyrighted Works" and "Foreign Works", even with reference to the Exhibits A and B, it is entirely unclear which iteration of any given song Yellowcake is claiming rights to. The rights to at least

---

[2] Since RFPD Set One was propounded, the FAC has been superseded by the SAC, and so the definitions of "Yellowcake's Copyrighted Works" and "Foreign Works" are no longer relevant or intelligible. Nevertheless, Dashgo has searched for and produced non-confidential responsive documents.

some of the songs included in the defined terms "Yellowcake's Copyrighted Works" and "Foreign Works" are owned, licensed or otherwise claimed by other Dashgo clients.

c.        Thus, Plaintiff's RFPD Set One and Interrogatories Set One capture, inadvertently or otherwise, highly sensitive documents and information of third parties that are clients of Dashgo or Adrev, even though the information of those third parties is private and confidential (as well as utterly irrelevant to this action). *See*, *e.g.*, Plaintiff's RFPD Set One, Requests Nos. 1, 2, 9, 10, 11, 12, 25, 26, 28, 29, 34, 35, 40; Plaintiff's Interrogatories Set One, Interrogatories Nos. 2, 4.

30.      Dashgo's clients have privacy, confidentiality and other rights that would prevent the disclosure of their highly sensitive, proprietary and confidential documents and information to Plaintiff. Moreover, were Dashgo to make such disclosure which could be reviewed by Yellowcake or Colonize, or their respective principals, including Mr. Berger and Mr. Hernandez, Dashgo would be potentially putting its business relationships at risk. The only way to protect such documents and information in the context of discovery in this action is to have the ability to designate documents and information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the __23__ day of May, 2022, at _____Los Angeles_____, California.

_____

Benjamin Patterson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit "A"

**3950585**

**ARTS-GS**
**Articles of Incorporation**
**General Stock Corporation**

To form a **general stock corporation** in California, you can fill out this form or prepare your own document, and submit for filing along with:

− A **$100** filing fee.

− A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form or document.

**Important!** Corporations in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Note: *Before submitting the completed form*, you should consult with a private attorney for advice about your specific business needs.

**FILED** ₡ᵘⁿ
Secretary of State
State of California

**SEP 3 0 2016**

₤ᵤ    This Space For Office Use Only

**For questions about this form, go to** www.sos.ca.gov/business/be/filing-tips.htm.

**Corporate Name** (List the proposed corporate name. Go to www.sos.ca.gov/business/be/name-availability.htm for general corporate name requirements and restrictions.)

① The name of the corporation is YELLOWCAKE, INC.

**Corporate Purpose**

② The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your corporation is sued. You may list any adult who lives in California. You may **not** list your own corporation as the agent. **Do not** list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

③ a. KEVIN BERGER
    *Agent's Name*

   b. 701 E CANAL DRIVE | TURLOCK | CA 95380
   *Agent's Street Address (if agent is **not** a corporation) - Do not list a P.O. Box* | *City (no abbreviations)* | *State  Zip*

**Corporate Addresses**

④ a. 701 E CANAL DRIVE | TURLOCK  CA  95380
   *Initial Street Address of Corporation - Do not list a P.O. Box* | *City (no abbreviations)   State   Zip*

   b. 701 E CANAL DRIVE | TURLOCK  CA  95380
   *Initial Mailing Address of Corporation, if different from 4a* | *City (no abbreviations)   State   Zip*

**Shares** (List the number of shares the corporation is authorized to issue. Note: Before shares of stock are sold or issued, the corporation must comply with the Corporate Securities Law of 1968 administered by the California Department of Business Oversight. For more information, go to www.dbo.ca.gov or call the California Department of Business Oversight at (866) 275-2677.)

⑤ This corporation is authorized to issue only one class of shares of stock.

The total number of shares which this corporation is authorized to issue is ___ 100000 ___.

This form must be signed by each incorporator. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of incorporation.

▶ _____
*Incorporator - Sign here*

KEVIN BERGER
*Print your name here*

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State<br>Business Entities, P.O. Box 944260<br>Sacramento, CA 94244-2600 | Secretary of State<br>1500 11th Street, 3rd Floor<br>Sacramento, CA 95814 |

Corporations Code §§ 200-202 et seq., Revenue and Taxation Code § 23153
ARTS-GS (REV 03/2014)
2014 California Secretary of State
www.sos.ca.gov/business/be

# State of California
## Secretary of State

**S**

### Statement of Information
**(Domestic Stock and Agricultural Cooperative Corporations)**
FEES (Filing and Disclosure): $25.00.
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FJ51059**

# FILED

In the office of the Secretary of State
of the State of California

## JAN-31 2017

1. **CORPORATE NAME**

YELLOWCAKE, INC.

2. **CALIFORNIA CORPORATE NUMBER**

C3950585

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. **If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.**

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/<br>KEVIN BERGER | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 8. SECRETARY<br>KEVIN BERGER | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 9. CHIEF FINANCIAL OFFICER/<br>JOSE DAVID HERNANDEZ | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME<br>KEVIN BERGER | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 11. NAME<br>JOSE DAVID HERNANDEZ | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 12. NAME | ADDRESS | | | |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: 0

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS (Note: The person designated as the corporation's agent MUST have agreed to act in that capacity prior to the designation.)

KEVIN BERGER

15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** CITY     STATE     ZIP CODE
701 EAST CANAL DRIVE, TURLOCK, CA 95380

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
AUDIO CONTENT MONITORIZATION

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 01/31/2017 | KEVIN BERGER | SECRETARY | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-200 (REV 01/2013)     **Page 1 of 1**     APPROVED BY SECRETARY OF STATE

**California Secretary of State**
Electronic Filing



# Corporation - Statement of Information

Entity Name: YELLOWCAKE, INC.

Entity (File) Number: C3950585
File Date: 08/23/2021
Entity Type: Corporation
Jurisdiction: CALIFORNIA
Document ID: GW00316

**Detailed Filing Information**

1. Entity Name:

   YELLOWCAKE, INC.

2. Business Addresses:
   a. Street Address of Principal
      Office in California:

      701 EAST CANAL DRIVE
      TURLOCK, California 95380
      United States of America

   b. Mailing Address:

      701 EAST CANAL DRIVE
      TURLOCK, California 95380
      United States of America

   c. Street Address of Principal
      Executive Office:

      701 EAST CANAL DRIVE
      TURLOCK, California 95380
      United States of America

3. Officers:
   a. Chief Executive Officer:

      KEVIN  BERGER
      701 EAST CANAL DRIVE
      TURLOCK, California 95380
      United States of America

   b. Secretary:

      KEVIN  BERGER
      701 EAST CANAL DRIVE
      TURLOCK, California 95380
      United States of America

Document ID:GW00316

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c.  Chief Financial Officer:

                                        KEVIN  BERGER
701 EAST CANAL DRIVE
TURLOCK, California 95380
United States of America

4.  Director:

                                        KEVIN  BERGER
701 EAST CANAL DRIVE
TURLOCK, California 95380

Number of Vacancies on the Board of
Directors:                          United States of America

0

5.  Agent for Service of Process:

                                        KEVIN  BERGER
701 EAST CANAL DRIVE
TURLOCK, California 95380
United States of America

6.  Type of Business:                    AUDIO CONTENT MONITIZATION

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature:   KEVIN BERGER

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GW00316

# Exhibit "B"

**3737022**

## ARTS-GS Articles of Incorporation
### General Stock Corporation

To form a **general stock corporation** in California, you can fill out this form or prepare your own document, and submit for filing along with:

– A **$100** filing fee.

– A separate, non-refundable **$15** service fee also must be included, if you **drop off** the completed form or document.

**Important!** Corporations in California may have to pay a minimum $800 yearly tax to the California Franchise Tax Board. For more information, go to https://www.ftb.ca.gov.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs.

**FILED** 
Secretary of State
State of California

**DEC 2 2 2014**

*2CC*  This Space For Office Use Only

For questions about this form, go to *www.sos.ca.gov/business/be/filing-tips.htm.*

**Corporate Name** (List the proposed corporate name. Go to www.sos.ca.gov/business/be/name-availability.htm for general corporate name requirements and restrictions.)

① The name of the corporation is <u>DH1 MEDIA, INC.</u>

**Corporate Purpose**

② The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

**Service of Process** (List a California resident or a California registered corporate agent that agrees to be your initial agent to accept service of process in case your corporation is sued. You may list any adult who lives in California. You may **not** list your own corporation as the agent. Do not list an address if the agent is a California registered corporate agent as the address for service of process is already on file.)

③ a. <u>KEVIN BERGER</u>
    *Agent's Name*

  b. <u>701 E. CANAL DRIVE, TURLOCK</u>          **CA** 95380
    *Agent's Street Address (if agent is **not** a corporation) - Do not list a P.O. Box*    *City (no abbreviations)*    *State*    *Zip*

**Corporate Addresses**

④ a. <u>257 GARDEN PATCH WAY, PATTERSON, CA 95363</u>
    *Initial Street Address of Corporation - Do not list a P.O. Box*    *City (no abbreviations)*    *State*    *Zip*

  b. <u>257 GARDEN PATCH WAY, PATTERSON, CA 95363</u>
    *Initial Mailing Address of Corporation, if different from 4a*    *City (no abbreviations)*    *State*    *Zip*

**Shares** (List the number of shares the corporation is authorized to issue. Note: Before shares of stock are sold or issued, the corporation must comply with the Corporate Securities Law of 1968 administered by the California Department of Business Oversight. For more information, go to www.dbo.ca.gov or call the California Department of Business Oversight at (866) 275-2677.)

⑤ This corporation is authorized to issue only one class of shares of stock.

The total number of shares which this corporation is authorized to issue is    **100000**

This form must be signed by each incorporator. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are made part of these articles of incorporation.

▶ _____      KEVIN BERGER
    *Incorporator - Sign here*          *Print your name here*

| Make check/money order payable to: **Secretary of State** | **By Mail** | **Drop-Off** |
|---|---|---|
| Upon filing, we will return one (1) uncertified copy of your filed document for free, and will certify the copy upon request and payment of a $5 certification fee. | Secretary of State Business Entities, P.O. Box 944260 Sacramento, CA 94244-2600 | Secretary of State 1500 11th Street, 3rd Floor Sacramento, CA 95814 |

Corporations Code §§ 200-202 et seq., Revenue and Taxation Code § 23153      2014 California Secretary of State
ARTS-GS (REV 03/2014)          www.sos.ca.gov/business/be

# State of California

**S**

## Secretary of State

### Statement of Information

**(Domestic Stock and Agricultural Cooperative Corporations)**
**FEES (Filing and Disclosure): $25.00.**
**If this is an amendment, see instructions.**
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**F369969**

# FILED

In the office of the Secretary of State
of the State of California

**JAN-26 2015**

| 1. CORPORATE NAME |
|---|
| DH1 MEDIA, INC. |

| 2. CALIFORNIA CORPORATE NUMBER |
|---|
| C3737022 |

This Space for Filing Use Only

**No Change Statement**  (Not applicable if agent address of record is a P.O. Box address.  See instructions.)

3.  If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 17.**

**Complete Addresses for the Following**  (Do not abbreviate the name of the city.  Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4.  STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 5.  STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY<br>701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 6.  MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | |

**Names and Complete Addresses of the Following Officers**  (The corporation must list these three officers.  A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7.  CHIEF EXECUTIVE OFFICER/<br>JOSE DAVID HERNANDEZ | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 8.  SECRETARY<br>JOSE DAVID HERNANDEZ | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 9.  CHIEF FINANCIAL OFFICER/<br>KEVIN  BERGER | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers**  (The corporation must have at least one director.  Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10.  NAME<br>KEVIN  BERGER | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 11.  NAME<br>JOSE DAVID HERNANDEZ | 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | | |
| 12.  NAME | ADDRESS | CITY | STATE | ZIP CODE |

13.  NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable.  If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

| 14.  NAME OF AGENT FOR SERVICE OF PROCESS  (Note: The person designated as the corporation's agent MUST have agreed to act in that capacity prior to the designation. |
|---|
| KEVIN  BERGER |

| 15.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL**  CITY | STATE | ZIP CODE |
|---|---|---|
| 701 EAST CANAL DRIVE, TURLOCK, CA 95380 | | |

**Type of Business**

| 16.  DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION |
|---|
| MEDIA DISTRIBUTION SERVICE |

17.  BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 01/26/2015 | KEVIN  BERGER | CFO | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

Certificate of Amendment

Of

Articles of Incorporation

**FILED**
**Secretary of State**
**State of California**

**FEB 0 2 2016**

The undersigned certify that:

1.  They are the president and the secretary, respectively, of DH1 Media, Inc., a California Corporation.

2.  Article 1. Corporate Name of the Articles of Incorporation of this corporation is amended to read as follows:

> The name of the corporation is:

> COLONIZE MEDIA, INC.

3.  The foregoing amendment of Articles of Incorporation has been duly approved by the board of directors.

4.  The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is 10,000. The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

We further declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of our knowledge.

Date:    February 2, 2016

Jose David Hernandez, President

Jose David Hernandez, Secretary



# California Secretary of State
## Electronic Filing



## Corporation - Statement of Information No Change

Entity Name: **COLONIZE MEDIA, INC.**

Entity (File) Number: C3737022
File Date: 10/15/2020
Entity Type: Corporation
Jurisdiction: CALIFORNIA
Document ID: GK25829

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature: KEVIN BERGER

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GK25829



# California Secretary of State
## Electronic Filing



# Corporation - Statement of Information No Change

Entity Name: **COLONIZE MEDIA, INC.**

Entity (File) Number: C3737022
File Date: 10/22/2021
Entity Type: Corporation
Jurisdiction: CALIFORNIA
Document ID: GX70850

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature: **Kevin Berger**

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GX70850

Exhibit "C"

**TERMS AND CONDITIONS**

1.    Grant of Rights. Owner hereby appoints Colonize as Owner's licensee throughout the Territory during the Term with respect to the right to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize the Content on all online, mobile, social media, streaming, digital media platforms, and all other media platforms now known or later developed, including without limitation all networks, accounts and all other platforms on which videos or sound recordings can be accessed via a web browser or mobile device, television sets via "connected devices" (such as Google TV or Roku), and applications developed for mobile device marketplaces (such as the Apple "App Store" or Google Play" store) (collectively, the "Authorized Platforms"). Except as otherwise stated in the "Excluded" section of the Summary of Terms, in furtherance of the rights granted above, Owner expressly agrees that Colonize will have the following rights, which shall each be exclusive to Colonize if so indicated in the Summary of Terms:

(a)    The right to monetize the Content through any means on any and all Authorized Platforms, including without limitation, through (i) sales, downloads, social media accounts, and/or streaming (e.g., via iTunes, Apple Music, Sirius XM, Rhapsody, 7digital, Spotify, Pandora, Facebook, Twitter, Instagram, YouTube, etc.), (ii) online radio, satellite radio, webcasting or the like; (iii) advertisements exhibited in conjunction with the Content, (iv) licensing, including through programs available on the Authorized Platforms and (v) all other forms of distribution, now known or later developed;

(b)    The right, if necessary, to download, upload, make a copy, and/or create a reference file of each item of the Content in order to exercise Colonize's rights hereunder;

(c)    The right to upload the Content into Colonize's content management platform, to register the Content through Colonize's content management accounts on any and all Authorized Platforms (e.g., YouTube), to administer and manage the Content within such accounts, to identify such Content for use in Colonize's content identification program on any Authorized Platform, and to license to any Authorized Platform those rights included in such Authorized Platform's standard licensor/content owner/publisher license;

(d)    Upon Owner's prior approval, the right to administer and manage channels or social media accounts created, owned, or controlled by Owner ("Owner's Channels") on the Authorized Platforms, and the right to move Owner's Channels into or associate them with Colonize's channels, accounts or network on the respective Authorized Platforms (collectively, "Network"). In order to facilitate Colonize's administration of the back-end and revenues for the approved Owner's Channels, Owner will transfer to Colonize one hundred percent (100%) control over the administrative functions for such Owner's Channels on the Authorized Platforms, and upon Colonize's request, Owner will notify the Authorized Platform that Owner's Channels are part of Colonize's applicable Network and that all payments from the Authorized Platform for the commercialization from Owner's Channels will be sent directly to Colonize;

(e)    Upon Owner's prior approval, the right to procure, solicit, and arrange integrations, sponsorships, endorsements, or configurations of brands, products or services into or in association with the Content or Owner's Channels (collectively, "Integrations"). In connection therewith, all inquiries related to arranging Integrations derived from the "contact us" or "inquiry" buttons on all websites owned or controlled by Owner or Owner's affiliated entities on which the Content is exploited will be directed to Colonize, who will promptly discuss all such inquiries with Owner. Owner agrees that Owner's compensation related to Integrations may be subject to a different Net Revenue split than that for other exploitations of the rights granted hereunder. Such split will be mutually approved;

(f)    The right to exploit Owner's approved name, image, voice, biography and likeness, as well as to display Owner's trademarks, brands and logos, in order to market, promote and exploit the Content, Network, Owner's Channels, and other individual channels on the Network;

2

PLF004889

## COLONIZE MEDIA ADMINISTRATION & MONETIZATION AGREEMENT

This will confirm the agreement by and between Colonize Media, Inc. ("Colonize") and "Owner" (identified below) regarding Owner's grant to Colonize of certain distribution, enforcement, and monetization rights in specified content on online, mobile and digital media platforms. The Summary of Terms below, together with the attached Terms and Conditions and any Exhibits or Schedules in connection therewith, will constitute the "Agreement."

**Summary of Terms**

| | |
|---|---|
| Owner | Name:      Kevin Berger and any Labels or Companies owned by Kevin Berger<br><br>Address:  701 E Canal Drive<br>                  Turlock CA, 95380<br><br>E-mail:     kevin@bergerco.com |
| Content | The content identified in Schedule 1 attached hereto and incorporated herein, and any additional content delivered or identified by Owner to Colonize for the purposes hereunder, including without limitation artwork and metadata (if applicable). |
| Term | Five (5) Year(s) from the date below. Thereafter, the Term will continue to automatically renew for an additional One (1) Year period, unless either party gives written notice to the other party within thirty (30) days prior to the commencement of the next renewal period. |
| Compensation | Owner will collect ███████ Net Revenues, except with respect to Integrations which may be subject to a different, mutually agreed upon split (as those capitalized terms are defined in the Terms and Conditions)<br><br>Colonize will collect ██████ Net Revenues, except with respect to Integrations which may be subject to a different, mutually agreed upon split (as those capitalized terms are defined in the Terms and Conditions) |
| Territory | Worldwide |
| Exclusivity | Exclusive |
| Rights/Services | The right to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize the Content on all online, mobile and digital media platforms now known or later developed. |
| Exclusions | Notwithstanding the foregoing, Colonize will have no right to: |

Date: November 1, 2021

OWNER ACKNOWLEDGES THAT LEGAL COUNSEL SHOULD BE OBTAINED BEFORE SIGNING THIS AGREEMENT AND BY SIGNING, REPRESENTS THAT OWNER HAS CONFERRED WITH SUCH COUNSEL OR EXPRESSLY WAIVED THE OPPORTUNITY TO DO SO.

OWNER

By: _____

Name: Kevin Berger

Title: CEO

COLONIZE MEDIA, INC.

By: _____

Name: David Hernandez

Title:  CEO

PLF004890

(g)      The right to sublicense to third parties the rights granted above where it may be useful or advantageous (as determined by Colonize in its reasonable discretion), including without limitation to foreign licensing entities and performance rights organizations such as ASCAP, BMI, SESAC, and SoundExchange; and

(h)      The right to collect all revenue generated from the exploitation of the rights above.

2.      <u>General Exclusions</u>. Unless otherwise agreed in writing, the foregoing rights will not include Colonize's right to exercise any rights hereunder outside of the Territory or to administer rights in any of Owner's content not identified as "Content" hereunder.

3.      <u>Additional Terms</u>.

(a)      If Owner does not want to allow a particular third party use of any item of Owner's Content, Owner has the right to notify Colonize of the particular use at issue and Colonize will use good faith efforts to block such use (e.g., through the applicable management system and protocols), if possible.

(b)      Owner agrees to provide the Content in the format(s) required by the Authorized Platforms, along with any relevant metadata associated with the Content, as reasonably requested by Colonize.

(c)      Colonize will have sole discretion to enable or disable any advertising or advertisement serving mechanisms in connection with Owner's Channels or Content.

(d)      Owner will not make any statements or comments of either a disparaging or defamatory nature to third parties regarding Colonize, the Network, or Colonize's talent, shareholders, directors, officers, employees, agents, subsidiaries, and affiliates.

(e)      Owner agrees to execute, concurrently with this Agreement, the Confirmation of Exclusive Rights attached hereto as Schedule 2. Colonize may only utilize such Confirmation of Exclusive Rights if required by a third party to evidence its rights hereunder.

4.      <u>Compensation</u>. In consideration for the rights granted herein, provided that Owner is not in uncured breach or default of this Agreement (or of any other agreement between Owner and Colonize), Owner will be entitled to the percentage of Net Revenues described in the Compensation portion of the Summary of Terms. "Net Revenues" will be defined as 100% of all revenue actually collected by Colonize arising from distribution, licensing, integration, and other exploitation of the Content on the Authorized Platforms, less any and all unrecouped advances, refunds, reasonable, third party, out-of-pocket collection and administrative costs actually incurred by Colonize, and third party, out-of-pocket costs both approved by Owner and actually incurred by Colonize in connection with the marketing, promotion, and advertising of the Content or Owner's Channels. Colonize will account to Owner within ninety (90) days of each month of the Term during which Owner's share of Net Revenues exceeds $250.00 by providing Owner with an accurate and itemized statement showing the amount of Net Revenues earned in the applicable quarter. The accounting statement will be accompanied by a payment of the amount due, if any, in accordance with the accounting statement. All accounting statements will be deemed conclusive, final and binding unless specific objection in writing is given to Colonize within one (1) year after the royalty statement is delivered to Owner.

5.      <u>Ownership/Retention of Rights</u>. Owner will retain all rights, title and interest in the Content, including all intellectual property rights therein and nothing contained in this Agreement will be deemed to transfer or convey from Owner to Colonize any copyright or ownership interest in or to the Content.

PLF004891

6.    <u>Ownership of Channels, Networks and Metadata</u>.

(a)    In fulfilling its duties and responsibilities under this Agreement, Colonize will establish, create, develop, build and maintain distribution accounts and channels with various third parties (e.g., YouTube, Google, Facebook, Instagram, Twitter, Spotify, Pandora, iTunes, Apple Music, Sirius XM, etc.) (collectively, "Channels") in its efforts to monetize the Content.

(b)    Colonize has created and maintains, and will create and maintain, its own various networks ("Networks") to distribute the Content and the content of others.

(c)    The Channels and Networks contain metadata, including but not limited to, information regarding the use of the Channels and Networks, the use and distribution of the Content therein, and all other aspects of the Channels and Networks, whether created by Colonize or arising out of or relating to Colonize's use of the Channels or Networks (collectively, "Metadata").

(d)    Upon the expiration or termination of this Agreement, Colonize shall continue to be the exclusive owner of the Channels, Networks and Metadata and all rights, passwords, usernames, security codes, identifiers and all other items relating thereto.

7.    <u>Representations and Warranties</u>. Owner represents and warrants that: (a) Owner has the right to enter into this Agreement and grant the rights granted herein; (b) except as otherwise provided herein, Owner has not granted and will not grant nor exercise during the Term of this Agreement any such rights which would conflict with or impair the rights, privileges, duties and responsibilities of Colonize under this Agreement; (c) the Content will be produced, and Owner will at all times act, in material compliance with the Authorized Platforms' terms and conditions; (d) Owner owns or controls all rights in the Content granted hereunder and no consents from any third party are required for Colonize to exercise its rights in the Content hereunder; (e) the Content and its exploitation pursuant to Colonize's rights hereunder does not and will not violate any copyright or other right of any third party; and (f) Owner is either 18 years of age or over, or an emancipated minor, or possesses legal parental or guardian consent, and is fully able and competent to enter into the terms set forth in this Agreement, and to abide by and comply with all of its terms, along with any terms of service that Colonize may provide from time to time.

8.    <u>Indemnities</u>. Owner will indemnify, hold harmless, and at Colonize's request, defend Colonize, its parents, subsidiaries, affiliates, successors, licensees and assignees, and the officers, employees, agents, and all other representatives thereof, from and against any and all loss, damages, costs and expenses, including reasonable attorneys' fees, relating to or connected with any third party claim, demand or action arising out of Owner's breach or alleged breach of any of its warranties, representations, agreements and/or covenants made in this Agreement. Owner will have the right to participate in the defense of any action instituted in a claim for which Owner is responsible to indemnify Colonize using counsel of Owners choice and at Label's expense; however, Colonize will have the right at all times to maintain control of the conduct of the defense.

9.    <u>Other Documents</u>. Owner agrees to execute any documents and do any other acts which may be required of or by Colonize, its assignees or licensees, or applicable rights societies, including but not limited to ASCAP, BMI, the Harry Fox Agency, YouTube, and SoundExchange, to further evidence or effectuate Colonize's rights as set forth in this Agreement. Colonize is hereby irrevocably appointed Owner's attorney-in-fact (which agency will be deemed to be coupled with an interest) to execute, verify, acknowledge and/or deliver any and all such further documents that Owner fails to execute, verify, acknowledge or deliver within ten (10) days of Colonize's request therefor.

4

10.    <u>Owner obligations</u>. Owner will be fully responsible for the following obligations and will directly pay all third party costs incurred in connection with such obligations: (i) all mechanical royalties payable to publishers, authors or co-authors of copyrighted musical compositions embodied in the Content; (ii) any other royalties and other income due to artists, authors, co-authors, copyright owners, co-copyright owners, or producers and any other third party royalty participant from sales, licenses or other uses of Content; and (iii) all payments that may be required under collective bargaining agreements applicable to Owner or third parties.

11.    <u>Assignment.</u> Colonize's rights hereunder may be fully and freely transferred, designated, assigned, and licensed, in whole or in part, without restriction, and will constitute a novation, and will be binding upon Owner and inure to the benefit of any such transferee, assignee or licensee. Neither this Agreement nor any of Owner's rights under this Agreement may be assigned or otherwise transferred by Owner without Colonize's prior written consent.

12.    <u>Termination and Bad Boy Provision.</u> If either party commits a material breach and does not cure that breach within fifteen (15) days of receiving written notice of the breach, then the other party can terminate this Agreement, except that in the event such breach is not curable, then such non-breaching party may terminate the Agreement immediately upon written notice to the breaching party. If Owner is in breach of any of its warranties, representations, agreements and/or covenants made in this Agreement, without limiting any other of Colonize's rights or remedies, and after giving written notice to Owner of such breach, Colonize will have the right to withhold payment and recoup from Owner any payments previously made in an amount reasonably related to such breach, until Colonize has determined in its good faith discretion that the applicable breach is cured. Furthermore, if Colonize determines that activity related to content on Owner's Channels is suspected and/or determined to indicate "action fraud," "click fraud," "impression fraud," or any other fraud or violation of any policies of Authorized Platforms or applicable laws, rules or regulations ("Action Fraud"), Colonize may withhold any payments that would otherwise be owed to Owner and will be entitled to recoup from Owner any payments previously made that are attributable to Action Fraud, and Colonize may, in its sole discretion, suspend or terminate this Agreement. Owner agrees to comply with all rules or regulations established by any Authorized Platform. Colonize will have full authority to take down any Content that Colonize believes, in its good faith judgment: (i) violates any law or regulation (including rules or regulations established by any Authorized Platform on which Content is licensed or syndicated); (ii) may infringe upon anyone's intellectual property rights; or (iii) could have a negative impact on Colonize's Network, reputation or business ("Improper Content"). Notwithstanding the foregoing, if, after receiving written notice from Colonize of the presence of such Improper Content on any Authorized Platform, Owner continues to post Improper Content on any Authorized Platform or fails to comply with the respective Authorized Platform's rules and regulations, such posting or failure will constitute a material breach and Colonize may, at its sole discretion, and without limiting any of its remedies, immediately terminate this agreement.

13.    <u>Confidentiality</u>. The terms and conditions of this Agreement are confidential and will not be disclosed by either party (or any of its employees, officers, directors, agents or other representatives) to any third party (except for professional advisors) without the other party's prior written consent except as may be required to be disclosed by applicable law or legal process (including tax regulations);  provided that any party disclosing the terms of this Agreement as required by law or legal process will notify the other party at least five (5) days prior to such disclosure so as to allow such other party an opportunity to protect such terms through protective order or otherwise. Notwithstanding the foregoing, Colonize may disclose the terms and conditions of this Agreement to its actual or prospective licensees, assignees, and/or their representatives if such recipients (and on behalf of their representatives) agree, in writing, to maintain the confidentiality of this Agreement. Colonize will not be liable for any breach of the foregoing confidentiality obligations by any of such actual or prospective licensees, assignees or their representatives. Owner acknowledges and agrees that any and all agreements entered into during the Term in connection with the Content are deemed to be confidential information and the same will be subject to the same confidentiality provisions as set forth above.

PLF004893

14.    Audit. Licensor may appoint an independent third-party auditor at its sole cost and expense to audit Colonize's books and records relating to the calculation and payment of the Fees, at Colonize's place of business, on no less than ninety (90) days' written notice, subject to execution of Colonize's standard confidentiality agreement by Licensor and the auditor concerned. Audits pursuant to this provision are limited to once per year and once per report. As of one (1) year after issuance, reports are binding and not subject to objection or change by Licensor. Records will be kept for a period of two (2) years.

15.    Notices. All notices, demands, accounting statements and other communications required or permitted to be made hereunder will be in writing and will be deemed duly given if hand delivered against a signed receipt therefor, sent by registered or certified mail, return receipt requested, first class postage prepaid, sent by nationally recognized overnight delivery service, or sent by confirmed e-mail, in each case addressed to the party entitled to receive the same at the address specified below:

    (a)    If to COLONIZE MEDIA:

           Erin Bishop
           COLONIZE MEDIA, INC
           701 East Canal Drive
           Turlock, CA 95380

    (b)    If to Owner:

           Kevin Berger
           701 E Canal Drive
           Turlock, CA 95380

           The address listed in the Summary of Terms.

16.    Miscellaneous. This Agreement is the entire agreement of the parties with respect to the monetization of the Content on the Authorized Platforms, and all negotiations and understandings (both oral and written, prior and contemporaneous) on such topic are merged herein. This Agreement may not be modified except by an instrument, in writing, executed by both parties. A waiver of any breach by either party in any one instance will not constitute a waiver of any subsequent breach, whether or not similar. The parties agree and acknowledge that the relationship between the parties is that of independent contractors. This Agreement will not be deemed to create a partnership or joint venture, and neither party is the other's agent, partner, employee, or representative. This Agreement is not intended for the benefit of any third party. All terms and provisions hereof which, by their nature, are intended to, will survive the termination or expiration of this Agreement. In the event of any conflict between any provision of this Agreement and any present or future statute, law, ordinance or regulation, the latter will prevail, but in such event, the provision of this Agreement affected will be curtailed and limited only to the extent necessary to bring it within legal requirements. This Agreement will be governed by the laws of the State of California applicable to contracts to be wholly negotiated and performed therein and the laws of the United States, and any claim, dispute or disagreement with respect to this Agreement will be submitted to the courts of the State of California, located within Stanislaus County or if appropriate, the Federal courts within the State of California located within the Eastern District of California, which courts will have the exclusive jurisdiction thereof. This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, whether by electronic mail, facsimile or otherwise, each of which when executed will be deemed to be an original and all of which taken together will constitute one and the same agreement.

6

PLF004894

## SCHEDULE 1

### CONTENT

The "Content" hereunder will be defined as:
- The content specifically identified below.
- Any content is e-mailed, mailed, physically delivered or messengered to Colonize from any representative of Owner.
- Any content on an Owner Channel administered or managed by Colonize under Section 1(d).
- Any content identified by Owner or any representative of Owner to be downloaded, uploaded, ripped, or otherwise copied by Colonize for the purposes of inclusion in this Agreement.

Specifically Identified Content. Please include affiliated labels and catalog:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

7

**SCHEDULE 2**

CONFIRMATION OF EXCLUSIVE RIGHTS

To Whom It May Concern:

This is to acknowledge that, pursuant to a longer form written agreement entered into between Yellowcake Inc. ("Owner") and Colonize Media, Inc. ("Colonize"), Owner has granted to Colonize the sole and exclusive right to distribute, stream, transmit, exhibit, display, upload, publish, reproduce, use and/or control any and all content that Owner owns, or controls or otherwise has any rights in and to (collectively, "Content") on any and all online, mobile and digital media platforms and/or any and all other methods of distribution, display or publication located anywhere in the world, now known or later developed, and including, but not limited to, Spotify, Pandora, Sirius XM,  iTunes, Apple Music, Rhapsody, 7digital, YouTube, Google, Facebook, Instagram, Twitter, etc. (collectively "Platforms").  Further, Colonize has the sole and exclusive right to license and monetize the Content via any and all Platforms.  Additionally, Colonize shall have the sole and exclusive right to make and assert any and all claims and pursue any and all remedies with respect to the Content, wherever in the world and by whatever means the Content is being distributed, streamed, transmitted, exhibited, displayed, uploaded, published, reproduced, used or controlled

This Schedule 2 shall serve as an acknowledgement that Colonize has the exclusive rights to the Content described above.

Signature: _____

Name:  Kevin Berger

Title: CEO

PLF004896

## SCHEDULE 3

For the completion of your file and timely transmittal of your earnings we require complete contact information for month to month correspondence. Please list your authorized points of contact, regarding these confidential matters.

Name:_____
Email Address:_____
Phone Number:_____
Mailing
 Address: _____
          _____
          _____
          _____

Name:_____
Email Address:_____
Phone Number:_____
Mailing
 Address: _____
          _____
          _____
          _____

Name:_____
Email Address:_____
Phone Number:_____
Mailing
 Address: _____
          _____
          _____
          _____

Name:_____
Email Address:_____
Phone Number:_____
Mailing
 Address: _____
          _____
          _____
          _____

9

PLF004897

previously made in an amount reasonably related to such breach, until Colonize has determined in its good faith discretion that the applicable breach is cured. Furthermore, if Colonize determines that activity related to content on Owner's Channels is suspected and/or determined to indicate "action fraud," "click fraud," "impression fraud," or any other fraud or violation of any policies of Authorized Platforms or applicable laws, rules or regulations ("Action Fraud"), Colonize may withhold any payments that would otherwise be owed to Owner and will be entitled to recoup from Owner any payments previously made that are attributable to Action Fraud, and Colonize may, in its sole discretion, suspend or terminate this Agreement. Owner agrees to comply with all rules or regulations established by any Authorized Platform. Colonize will have full authority to take down any Content that Colonize believes, in its good faith judgment: (i) violates any law or regulation (including rules or regulations established by any Authorized Platform on which Content is licensed or syndicated); (ii) may infringe upon anyone's intellectual property rights; or (iii) could have a negative impact on Colonize's Network, reputation or business ("Improper Content"). Notwithstanding the foregoing, if, after receiving written notice from Colonize of the presence of such Improper Content on any Authorized Platform, Owner continues to post Improper Content on any Authorized Platform or fails to comply with the respective Authorized Platform's rules and regulations, such posting or failure will constitute a material breach and Colonize may, at its sole discretion, and without limiting any of its remedies, immediately terminate this agreement.

12.    Confidentiality. The terms and conditions of this Agreement are confidential and will not be disclosed by either party (or any of its employees, officers, directors, agents or other representatives) to any third party (except for professional advisors) without the other party's prior written consent except as may be required to be disclosed by applicable law or legal process (including tax regulations); provided that any party disclosing the terms of this Agreement as required by law or legal process will notify the other party at least five (5) days prior to such disclosure so as to allow such other party an opportunity to protect such terms through protective order or otherwise. Notwithstanding the foregoing, Colonize may disclose the terms and conditions of this Agreement to its actual or prospective licensees, assignees, and/or their representatives if such recipients (and on behalf of their representatives) agree, in writing, to maintain the confidentiality of this Agreement. Colonize will not be liable for any breach of the foregoing confidentiality obligations by any of such actual or prospective licensees, assignees or their representatives. Owner acknowledges and agrees that any and all agreements entered into during the Term in connection with the Content are deemed to be confidential information and the same will be subject to the same confidentiality provisions as set forth above.

13.    Notices.  All notices, demands, accounting statements and other communications required or permitted to be made hereunder will be in writing and will be deemed duly given if hand delivered against a signed receipt therefor, sent by registered or certified mail, return receipt requested, first class postage prepaid, sent by nationally recognized overnight delivery service, or sent by confirmed e-mail, in each case addressed to the party entitled to receive the same at the address specified below:

      (a)    If to Colonize Media:

          Attn: David Hernandez
          COLONIZE MEDIA, INC
          701 East Canal Drive
          Turlock, CA 95380

      (b)    If to Owner:

          Kevin Berger
          701 E Canal Drive
          Turlock, CA 95380

PLF004898

## COLONIZE MEDIA ADMINISTRATION & MONETIZATION AGREEMENT

This will confirm the agreement by and between Colonize Media, Inc. ("Colonize") and "Owner" (identified below) regarding Owner's grant to Colonize of certain distribution, enforcement, and monetization rights in specified content on online, mobile and digital media platforms. The Summary of Terms below, together with the attached Terms and Conditions and any Exhibits or Schedules in connection therewith, will constitute the "Agreement."

**Summary of Terms**

| | |
|---|---|
| Owner | Name: Yellowcake, Inc.<br><br>Address: 701 E. Canal Drive, Turlock, California 95380<br><br>E-mail: kevin@bergerco.com |
| Content | The content identified in Schedule 1 attached hereto and incorporated herein, and any additional content delivered or identified by Owner to Colonize for the purposes hereunder, including without limitation artwork and metadata (if applicable). |
| Term | Three (3) Years from the date below. Thereafter, the Term will continue to automatically renew for additional One (1) Year periods, unless either party gives written notice to the other at any time prior to the commencement of the next renewal period that such party desires the Term to expire at the end of the current period. |
| Compensation | ██████ Net Revenues, except with respect to Integrations which may be subject to a different, mutually approved split (as those capitalized terms are defined in the Terms and Conditions) |
| Territory | Worldwide |
| Exclusivity | Exclusive |
| Rights/Services | The right to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize the Content on all online, mobile and digital media platforms now known or later developed. |
| Exclusions | Notwithstanding the foregoing, Colonize will have not right to:<br>_____ |

Date: January 2, 2017

OWNER ACKNOWLEDGES THAT LEGAL COUNSEL SHOULD BE OBTAINED BEFORE SIGNING THIS AGREEMENT AND BY SIGNING, REPRESENTS THAT OWNER HAS RECEIVED SUCH COUNSEL.

"Owner"

By: _____

Name: Kevin Berger

COLONIZE MEDIA, INC.

By: _____

Name: David Hernandez

1

PLF004899

## TERMS AND CONDITIONS

1.    <u>Grant of Rights</u>.    Owner hereby appoints Colonize as Owner's licensee throughout the Territory during the Term with respect to the right to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize the Content on all online, mobile and digital media platforms now known or later developed, including without limitation all social networks and all other platforms on which videos or sound recordings can be accessed via a web browser or mobile device, television sets via "connected devices" (such as Google TV or Roku), and applications developed for mobile device marketplaces (such as the Apple "App Store" or Google Play" store) (collectively, the "Authorized Platforms").    Except as otherwise stated in the "Excluded" section of the Summary of Terms, in furtherance of the rights granted above, Owner expressly agrees that Colonize will have the following rights, which shall each be exclusive to Colonize if so indicated in the Summary of Terms:

    (a)    The right to monetize the Content through any means on any and all Authorized Platforms, including without limitation, through (i) sales, downloads and/or streaming (e.g., via iTunes, Rhapsody, 7digital, Spotify, Facebook, YouTube, etc.), (ii) online radio, satellite radio, webcasting or the like; (iii) advertisements exhibited in conjunction with the Content and (iv) licensing, including through programs available on the Authorized Platforms;

    (b)    The right, if necessary, to download, upload, make a copy, and/or create a reference file of each item of the Content in order to exercise Colonize's rights hereunder;

    (c)    The right to upload the Content into Colonize's content management platform, to register the Content through Colonize's content management accounts on any and all Authorized Platforms (e.g., YouTube), to administer and manage the Content within such accounts, to identify such Content for use in Colonize's content identification program on any Authorized Platform, and to license to any Authorized Platform those rights included in such Authorized Platform's standard licensor/content owner/publisher license;

    (d)    Upon Owner's prior approval, the right to administer and manage channels or social media accounts created, owned, or controlled by Owner ("Owner's Channels") on the Authorized Platforms, and the right to move Owner's Channels into or associate them with Colonize's channels, accounts or network on the respective Authorized Platforms (collectively, "Network"). In order to facilitate Colonize's administration of the back-end and revenues for the approved Owner's Channels, Owner will transfer to Colonize one hundred percent (100%) control over the administrative functions for such Owner's Channels on the Authorized Platforms, and upon Colonize's request, Owner will notify the Authorized Platform that Owner's Channels are part of Colonize's applicable Network and that all payments from the Authorized Platform for the commercialization from Owner's Channels will be sent directly to Colonize;

    (e)    Upon Owner's prior approval, the right to procure, solicit, and arrange integrations, sponsorships, endorsements, or configurations of brands, products or services into or in association with the Content or Owner's Channels (collectively, "Integrations"). In connection therewith, all inquiries related to arranging Integrations derived from the "contact us" or "inquiry" buttons on all websites owned or controlled by Owner or Owner's affiliated entities on which the Content is exploited will be directed to Colonize, who will promptly discuss all such inquiries with Owner.  Owner agrees that Owner's compensation related to Integrations may be subject to a different Net Revenue split than that for other exploitations of the rights granted hereunder.  Such split will be mutually approved;

    (f)    The right to exploit Owner's approved name, image, voice, biography and likeness, as well as to display Owner's trademarks, brands and logos, in order to market, promote and exploit the Content, Network, Owner's Channels, and other individual channels on the Network;

2

PLF004900

(g)     The right to sublicense to third parties the rights granted above where it may be required or advantageous (as determined by Colonize in its reasonable discretion), including without limitation to foreign licensing entities and performance rights organizations such as ASCAP, BMI, SESAC, and SoundExchange; and

(h)     The right to collect all revenue generated from the exploitation of the rights above.

2.     <u>General Exclusions</u>.  Unless otherwise agreed in writing, the foregoing rights will not include Colonize's right to exercise any rights hereunder outside of the Territory or to administer rights in any of Owner's content not identified as "Content" hereunder.

3.     <u>Additional Terms</u>.

(a)     If Owner does not want to allow a particular third party use of any item of Owner's Content, Owner has the right to notify Colonize of the particular use at issue and Colonize will use good faith efforts to block such use (e.g., through the applicable management system and protocols), if possible.

(b)     Owner agrees to provide the Content in the format(s) required by the Authorized Platforms, along with any relevant metadata associated with the Content, as reasonably requested by Colonize.

(c)     Colonize will have sole discretion to enable or disable any advertising or advertisement serving mechanisms in connection with Owner's Channels or Content.

(d)     Owner will not make any statements or comments of either a disparaging or defamatory nature to third parties regarding Colonize, the Network, or Colonize's talent, shareholders, directors, officers, employees, agents, subsidiaries, and affiliates.

(e)     Owner agrees to execute, concurrently with this Agreement, the Confirmation of Exclusive Rights attached hereto as Schedule 2. Colonize may only utilize such Confirmation of Exclusive Rights if required by a third party to evidence its rights hereunder.

4.     <u>Compensation</u>.  In consideration for the rights granted herein, provided that Owner is not in uncured breach or default of this Agreement (or of any other agreement between Owner and Colonize), Owner will be entitled to the percentage of Net Revenues described in the Summary of Terms. "Net Revenues" will be defined as ███████ of all revenue actually collected by Colonize arising from distribution, licensing, integration, and other exploitation of the Content on the Authorized Platforms, less any and all unrecouped advances, refunds, third party, out-of-pocket collection and administrative costs actually incurred by Colonize, and third party, out-of-pocket costs both approved by Owner and actually incurred by Colonize in connection with the marketing, promotion, and advertising of the Content or Owner's Channels. Colonize will account to Owner within ninety (90) days of each month of the Term during which Owner's share of Net Revenues exceeds $100 by providing Owner with an accurate and itemized statement showing the amount of Net Revenues earned in the applicable quarter. The accounting statement will be accompanied by a payment of the amount due, if any, in accordance with the accounting statement. All accounting statements will be deemed conclusive, final and binding unless specific objection in writing is given to Colonize within one (1) year after the royalty statement is delivered to Owner.

5.     <u>Ownership/Retention of Rights</u>.  Owner will retain all rights, title and interest in the Content, including all intellectual property rights therein and nothing contained in this Agreement will be deemed to transfer or convey from Owner to Colonize any copyright or ownership interest in or to the Content.

PLF004901

6.    <u>Representations and Warranties</u>. Owner represents and warrants that: (a) Owner has the right to enter into this Agreement and grant the rights granted herein; (b) except as otherwise provided herein, Owner has not granted and will not grant nor exercise during the Term of this Agreement any such rights which would conflict with or impair the rights, privileges, duties and responsibilities of Colonize under this Agreement; (c) the Content will be produced, and Owner will at all times act, in material compliance with the Authorized Platforms' terms and conditions; (d) Owner owns or controls all rights in the Content granted hereunder and no consents from any third party are required for Colonize to exercise its rights in the Content hereunder; (e) the Content and its exploitation pursuant to Colonize's rights hereunder does not and will not violate any copyright or other right of any third party; and (f) Owner is either 18 years of age or over, or an emancipated minor, or possesses legal parental or guardian consent, and is fully able and competent to enter into the terms set forth in this Agreement, and to abide by and comply with all of its terms, along with any terms of service that Colonize may provide from time to time.

7.    <u>Indemnities</u>. Owner will indemnify, hold harmless, and at Colonize's request, defend Colonize, its parents, subsidiaries, affiliates, successors, licensees and assignees, and the officers, employees, agents, and all other representatives thereof, from and against any and all loss, damages, costs and expenses, including reasonable attorneys' fees, relating to or connected with any third party claim, demand or action arising out of Owner's breach or alleged breach of any of its warranties, representations, agreements and/or covenants made in this Agreement. Owner will have the right to participate in the defense of any action instituted in a claim for which Owner is responsible to indemnify Colonize using counsel of Owners choice and at Label's expense; however, Colonize will have the right at all times to maintain control of the conduct of the defense.

8.    <u>Other Documents</u>. Owner agrees to execute any documents and do any other acts which may be required of or by Colonize, its assignees or licensees, or applicable rights societies, including but not limited to ASCAP, BMI, the Harry Fox Agency, YouTube, and SoundExchange, to further evidence or effectuate Colonize's rights as set forth in this Agreement. Colonize is hereby irrevocably appointed Owner's attorney-in-fact (which agency will be deemed to be coupled with an interest) to execute, verify, acknowledge and/or deliver any and all such further documents that Owner fails to execute, verify, acknowledge or deliver within ten (10) days of Colonize's request therefor.

9.    <u>Owner obligations</u>. Owner will be fully responsible for the following obligations and will directly pay all third party costs incurred in connection with such obligations: (i) all mechanical royalties payable to publishers, authors or co-authors of copyrighted musical compositions embodied in the Content; (ii) any other royalties and other income due to artists, authors, co-authors, copyright owners, co-copyright owners, or producers and any other third party royalty participant from sales, licenses or other uses of Content; and (iii) all payments that may be required under collective bargaining agreements applicable to Owner or third parties.

10.    <u>Assignment</u>. Colonize's rights hereunder may be fully and freely transferred, designated, assigned, and licensed, in whole or in part, without restriction, and will constitute a novation, and will be binding upon Owner and inure to the benefit of any such transferee, assignee or licensee. Neither this Agreement nor any of Owner's rights under this Agreement may be assigned or otherwise transferred by Owner without Colonize's prior written consent.

11.    <u>Termination and Bad Boy Provision.</u>  If either party commits a material breach and does not cure that breach within fifteen (15) days of receiving written notice of the breach, then the other party can terminate this Agreement, except that in the event such breach is not curable, then such non-breaching party may terminate the Agreement immediately upon written notice to the breaching party. If Owner is in breach of any of its warranties, representations, agreements and/or covenants made in this Agreement, without limiting any other of Colonize's rights or remedies, and after giving written notice to Owner of such breach, Colonize will have the right to withhold payment and recoup from Owner any payments

PLF004902

The address listed in the Summary of Terms.

14. <u>Miscellaneous</u>. This Agreement is the entire agreement of the parties with respect to the monetization of the Content on the Authorized Platforms, and all negotiations and understandings (both oral and written, prior and contemporaneous) on such topic are merged herein. This Agreement may not be modified except by an instrument, in writing, executed by both parties. A waiver of any breach by either party in any one instance will not constitute a waiver of any subsequent breach, whether or not similar. The parties agree and acknowledge that the relationship between the parties is that of independent contractors. This Agreement will not be deemed to create a partnership or joint venture, and neither party is the other's agent, partner, employee, or representative. This Agreement is not intended for the benefit of any third party. All terms and provisions hereof which, by their nature, are intended to, will survive the termination or expiration of this Agreement. In the event of any conflict between any provision of this Agreement and any present or future statute, law, ordinance or regulation, the latter will prevail, but in such event, the provision of this Agreement affected will be curtailed and limited only to the extent necessary to bring it within legal requirements. This Agreement will be governed by the laws of the State of California applicable to contracts to be wholly negotiated and performed therein and the laws of the United States, and any claim, dispute or disagreement with respect to this Agreement will be submitted to the courts of the State of California, located within Los Angeles County or if appropriate, the Federal courts within the State of California located within Los Angeles County, which courts will have the exclusive jurisdiction thereof. This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, whether by electronic mail, facsimile or otherwise, each of which when executed will be deemed to be an original and all of which taken together will constitute one and the same agreement.

PLF004903

## SCHEDULE 1

**CONTENT**

The "Content" hereunder will be defined as:

- The content specifically identified below.
- Any content is e-mailed, mailed, physically delivered or messengered to Colonize from any representative of Owner.
- Any content on an Owner Channel administered or managed by Colonize under Section 1(d).
- Any content identified by Owner or any representative of Owner to be downloaded, uploaded, ripped, or otherwise copied by Colonize for the purposes of inclusion in this Agreement.


Specifically Identified Content:

ALL YELLOWCAKE

CURRENT AND FUTURE

LABELS/CONTENT

_____

_____

_____

_____

_____

_____

_____

_____

_____

7

PLF004904

**<u>SCHEDULE 2</u>**

CONFIRMATION OF EXCLUSIVE RIGHTS

To Whom It May Concern:

This is to acknowledge that, pursuant to a longer form written agreement entered into between me and Colonize Media, Inc. ("Colonize"), I have granted to Colonize the exclusive right to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize various content that I own or control on all online, mobile and digital media platforms now known or later developed. In furtherance of the foregoing rights, Colonize has the exclusive right to license, monetize and claim my content through third party platforms, including YouTube, and this document shall act as an acknowledgement of my express permission for Colonize to do so.

Signature: _____

Name: Kevin Berger

PLF004905

Exhibit "D"

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

<div style="writing-mode: vertical-lr">Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638</div>

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. <br><br> Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM** <br><br> **PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE** |

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") respond to the below requests to produce and/or permit Plaintiff and its attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## DEFINITIONS

1.      **"You"** or **"Your"** means and refers collectively to Defendants and any of their agents or representatives.

2.      **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3.      **"Defendants"** means and refers to DASHGO, INC. and/or AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.      **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

5.      **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

6.      **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7.      **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8.      **"Foreign Works"** shall have the same meaning ascribed to it in the

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Amended Complaint.

9. **"Documents"** means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10. **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

12. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Responses to these Requests shall be supplemented and/or amended when additional information becomes available. These Requests shall be deemed to impose a continuing duty upon Defendants to properly serve upon Plaintiff

2

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

supplemental and/or amended responses if Defendants discover or acquire further documents and/or things responsive to these Requests.

2.     If Defendants are aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendants are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendants are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided.  Such additional documents shall be  served upon counsel for Plaintiff no later than two (2) weeks after receipt by Defendants. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in  a  timely  fashion  or  to  seek  any  other appropriate  sanction  in  the  event  that  any  document  described  herein  is  not produced in accordance with this Request.

3.     In the event that any portion of any numbered Request is objected to for any reason, Defendants must supply in a timely fashion copies of all documents that are not objectionable.

4.     In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be  identified by providing the following information: (i) a brief description of the document and any  attachments  or  appendices  and  the  subject matter of  the  document  and  any  attachments  or  appendices;  (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed,  shown  or  explained;  (vii)  the  location  and  present  custodian  of  the

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## **REQUESTS FOR PRODUCTION**

1.     Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

2.     Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Foreign Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

3.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

4.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of the Foreign Works, and all metadata associated with such files.

5.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

6.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of the Foreign Works.

7.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8.      Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of the Foreign Works.

9.      Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

10.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-parties concerning or regarding any of the Foreign Works.

11.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of Yellowcake's Copyrighted Works.

12.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of the Foreign Works.

6

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

13. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

14. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

15. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

16. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

17. Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster

7

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Batista, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

18.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

19.    Produce all emails between any of the Defendants and the email address jmedina@mediamuv.cc related to, concerning, or purported to be from an individual named "Jose David Hernandez". For the sake of clarification, this particular demand does not call for the production of any emails between the Defendants and the Jose David Hernandez known to be the President of Colonize Media, Inc.

20.    Produce all documents reflecting the identity of the owner or user of the email address, jmedina@mediamuv.cc, including, but not limited to, documents referring to the owner or user's full name, address or business affiliations.

21.    Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

8

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

22.    Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of the Foreign Works.

23.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of Yellowcake's Copyrighted Works.

24.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of the Foreign Works.

25.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of Yellowcake's Copyrighted Works.

26.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of the Foreign Works.

27.    Produce all contracts or other agreements by, between, or among any of the Defendants and Plaintiff.

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

28.     Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of Yellowcake's Copyrighted Works.

29.     Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of the Foreign Works.

30.     Produce all contracts or other agreements by, between, or among any of the Defendants and non-party Colonize Media, Inc.

31.     Produce all contracts or other agreements by, between, or among any of the Defendants and non-party MAR International Records, Inc.

32.     Produce all contracts or other agreements by, between, or among any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.

33.     Produce all documents, reflecting or substantiating any business relationship between any of the Defendants' and MediaMuv, including, but not limited to any contracts, licenses or distribution agreements.

34.     Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

10

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

35.     Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of the Foreign Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

36.     Produce all of the Defendants' financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans from 2015 through the present.

37.     Produce all documents pertaining to your policies and procedures for addressing claims by licensors of use of intellectual property beyond license limitations.

38.     Produce all documents that demonstrate that the Defendants have allegedly not infringed Yellowcake's Copyrighted Works and/or Foreign Works.

39.     Produce all documents concerning, regarding, or relating to any inquiry or investigation by the Defendants, or anyone acting on their behalf, regarding any of the issues involved in this action.

40.     Produce all documents concerning, referencing, or mentioning any of Yellowcake's Copyrighted Works and/or the Foreign Works.

11

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

41.    Produce all documents referred to in Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated August 10, 2021.

42.    Produce all documents Defendants intend to rely on in the defense of this action not already demanded herein.

Dated:  November 1, 2021

> **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
>
> By: _/s/ Seth L. Berman_____
>     Seth L. Berman, Esq. (_pro hac vice_)
>     **_Attorneys for Plaintiff Yellowcake, Inc._**

12

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

<div style="text-align: right">Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP<br>3 Dakota Drive, Suite 300<br>Lake Success, NY 11042<br>Tel: 516.328.2300 | Fax: 516.328.6638</div>

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Plainriff's Request for Production to Defendants – Set One has been served upon the Attorneys for Defendant via Electronic Mail addressed to:

       RICHARD J. IDELL, ESQ.
       ORY SANDEL, ESQ.
       DICKENSON PEATMAN & FOGARTY P.C.
       1455 First Street, Suite 301
       Napa, CA 94559
       Telephone: (707) 261-7000
       Facsimile: (707) 255-6876
       Email:  ridell@dpf-law.com
              osandel@dpf-law.com
       *Attorneys for Defendants Dashgo, Inc.*
       *and Audiomicro, Inc. d.b.a. Adrev*

                          Seth L. Berman, Esq.

<div style="text-align: center">13</div>

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

# Exhibit "E"

1

**HEFNER, STARK & MAROIS, LLP**

2

Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com

3

2150 River Plaza Drive, Suite 450

4

Sacramento, CA  95833
Telephone: 916.925.6620

5

Facsimile: 916.925.1127

6

7

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**

8

**WOLF & CARONE, LLP**

9

Seth L. Berman, Esq. (*admitted pro hac vice*)
    sberman@abramslaw.com

10

3 Dakota Drive, Suite 300

11

Lake Success, NY 11042
Telephone: 516.328.2300

12

Facsimile: 516.328.6638

13

14

Attorneys for Plaintiff YELLOWCAKE, INC.

15

**UNITED STATES DISTRICT COURT**

16

**EASTERN DISTRICT OF CALIFORNIA**

17

| YELLOWCAKE, INC., a California corporation, | ) | **Case No.: 1:21-cv-00803-AWI-BAM** |
|---|---|---|

18

19

| | Plaintiff, | ) | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

20

21

| v. | ) |

22

| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. | ) |

23

24

25

| | Defendants. | ) |

26

27

28

*(sidebar, left margin)* Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") answer the following within thirty (30) days after service of these Interrogatories.

## DEFINITIONS

1.    **"You"** or **"Your"** means and refers to Defendants, jointly and severally, and any of their agents or representatives.

2.    **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

3.    **"Defendants"** means and refers to DASHGO, INC. and AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.    **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

5.    **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

6.    **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7.    **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8.    **"Foreign Works"** shall have the same meaning ascribed to it in the Amended Complaint.

9.    "**Exploit**," "**Exploited**," and/or "**Exploitation**" shall mean the sale, distribution, streaming, licensing, synchronization and public performances of any

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel:516.328.2300 | Fax: 516.328.6638

sound recordings, audio-visual works or other similar assets.

10. **"Documents"** means and refers to any designated documents or electronically stored information – including but not limited to, documents, emails, records, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

11. **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, or public entity.

12. The terms **"All**," **"Any**," and **"Each"** shall each be construed as encompassing any and all.

13. The connectives **"And"** and **"Or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 / Fax: 516.328.6638

has possession, custody or control of your proprietary knowledge, information or documents.

2.    Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend or supplement any answer to these interrogatories for which you learn that any such answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

3.    For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

4.    Answer each interrogatory fully.  If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

## **INTERROGATORIES**

INTERROGATORY NO. 1.   State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 2.   If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (xiii) the name of every party that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such party.

INTERROGATORY NO. 3.    State whether or not You have ever Exploited any of the Foreign Works.

Response

INTERROGATORY NO. 4.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (viii) the name of every Person that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such Person.

Response

INTERROGATORY NO. 5.       State whether or not Dashgo ever posted or uploaded and video containing any of Yellowcake's Copyrighted Works to www.YouTube.com.

Response

INTERROGATORY NO. 6.    If the answer to the foregoing interrogatory is

4

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

INTERROGATORY NO. 7.     State whether or not Dashgo ever posted or uploaded and video containing any of the Foreign Works to www.YouTube.com.

INTERROGATORY NO. 8.   If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

Response

INTERROGATORY NO. 9.     If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 10.     Identify the parties to, and dates of, any agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 11.     If the answer to Interrogatory No. 3 is in the affirmative, identify the basis upon which Dashgo asserts that it has, or had, the right to Exploit the Foreign Works.

Response

INTERROGATORY NO. 12.     Identify the parties to, and dates of, any agreements upon which Dashgo has, or had relied, in asserting that it has, or had, the

5

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

right to Exploit any of the Foreign Works.

Response

INTERROGATORY NO. 13.    State whether or not Dashgo received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Dashgo to cease the Exploitation of any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 14.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

Response

INTERROGATORY NO. 15.    State whether or not Audiomicro received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Audiomicro to cease the Exploitation of any of the Foreign Works.

Response

INTERROGATORY NO. 16.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent each such correspondence; (ii) the Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

Response

6

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1

2    <u>INTERROGATORY NO. 17.</u>    Describe the ownership relationship

3    between Dashgo and Audiomicro.

4    <u>Response</u>

5

6    <u>INTERROGATORY NO. 18.</u>    Describe the nature of the business

7    relationship between Dashgo and Audiomicro.

8    <u>Response</u>

9

10    <u>INTERROGATORY NO. 19.</u>    Describe the nature of Audiomicro's

11    business.

12    <u>Response</u>

13

14    <u>INTERROGATORY NO. 20.</u>    State whether or not Audiomicro in

15    anyway assists or is involved with Dashgo's Exploitation of sound recordings.

16    <u>Response</u>

17

18    <u>INTERROGATORY NO. 21.</u>    If the answer to the foregoing

19    interrogatory is in the affirmative, identify the nature of the assistance or

20    involvement.

21    <u>Response</u>

22

23    <u>INTERROGATORY NO. 22.</u>    State whether or not Audiomicro

24    receives any revenue from Dashgo's business activities and how such revenue is

25    calculated.

26    <u>Response</u>

27

28    <u>INTERROGATORY NO. 23.</u>    State whether or not Audiomicro and

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Dashgo share any common employees, officers or directors.

    <u>Response</u>

    <u>INTERROGATORY NO. 24.</u>    If the answer to the foregoing interrogatories in the affirmative, identify: (i) the name; (ii) address; (iii) telephone number; (iv) email address; (v) job title and (vi) job description of each such officer, director or employee.

    <u>Response</u>

    <u>INTERROGATORY NO. 25.</u>    Set forth all facts substantiating any defense claimed or to be asserted by either Defendant.

    <u>Response</u>

Dated: November 11, 2021

                **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

                By: <u>*/s/ Seth L. Berman*</u>
                      Seth L. Berman, Esq. (*pro hac vice*)
                      ***Attorneys for Plaintiff Yellowcake, Inc.***

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1

2

### CERTIFICATE OF SERVICE

3

4      I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S**

5  **FIRST SET OF INTERROGATORIES TO DEFENDANTS** has been served upon

the Attorneys for Defendants via Electronic Mail addressed to:

6

7      RICHARD J. IDELL, ESQ.

8      ORY SANDEL, ESQ.

9      DICKENSON PEATMAN & FOGARTY P.C.

10     1455 First Street, Suite 301

11     Napa, CA 94559

12     Telephone: (707) 261-7000

13     Facsimile: (707) 255-6876

14     Email:      ridell@dpf-law.com

15                 osandel@dpf-law.com

16     Attorneys for Defendants Dashgo, Inc.

17     and Audiomicro, Inc. d.b.a. Adrev

18

19  on November 11, 2021.

20

21     _____

22     Seth L. Berman

23

24

25

26

27

28

9

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>Appendix 3</u>**

# **Plaintiff's Exhibits**

# EXHIBIT 1

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
  tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
  sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation.<br><br>Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM**<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE** |

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") respond to the below requests to produce and/or permit Plaintiff and its attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## DEFINITIONS

1.    **"You"** or **"Your"** means and refers collectively to Defendants and any of their agents or representatives.

2.    **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3.    **"Defendants"** means and refers to DASHGO, INC. and/or AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.    **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

5.    **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

6.    **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7.    **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8.    **"Foreign Works"** shall have the same meaning ascribed to it in the

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Amended Complaint.

9. **"Documents"** means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10. **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

12. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Responses to these Requests shall be supplemented and/or amended when additional information becomes available. These Requests shall be deemed to impose a continuing duty upon Defendants to properly serve upon Plaintiff

2

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

supplemental and/or amended responses if Defendants discover or acquire further documents and/or things responsive to these Requests.

2.    If Defendants are aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendants are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendants are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided.  Such additional documents shall be served upon counsel for Plaintiff no later than two (2) weeks after receipt by Defendants. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

3.    In the event that any portion of any numbered Request is objected to for any reason, Defendants must supply in a timely fashion copies of all documents that are not objectionable.

4.    In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the

3

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## **REQUESTS FOR PRODUCTION**

1.     Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

2.     Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Foreign Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

3.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

4.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of the Foreign Works, and all metadata associated with such files.

5.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

6.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of the Foreign Works.

7.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

5

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of the Foreign Works.

9.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

10.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-parties concerning or regarding any of the Foreign Works.

11.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of Yellowcake's Copyrighted Works.

12.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of the Foreign Works.

6

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

13.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

14.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

15.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

16.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

17.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster

7

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Batista, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

18.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

19.    Produce all emails between any of the Defendants and the email address jmedina@mediamuv.cc related to, concerning, or purported to be from an individual named "Jose David Hernandez". For the sake of clarification, this particular demand does not call for the production of any emails between the Defendants and the Jose David Hernandez known to be the President of Colonize Media, Inc.

20.    Produce all documents reflecting the identity of the owner or user of the email address, jmedina@mediamuv.cc, including, but not limited to, documents referring to the owner or user's full name, address or business affiliations.

21.    Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

8

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

22.    Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of the Foreign Works.

23.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of Yellowcake's Copyrighted Works.

24.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of the Foreign Works.

25.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of Yellowcake's Copyrighted Works.

26.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of the Foreign Works.

27.    Produce all contracts or other agreements by, between, or among any of the Defendants and Plaintiff.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

28.    Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of Yellowcake's Copyrighted Works.

29.    Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of the Foreign Works.

30.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party Colonize Media, Inc.

31.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party MAR International Records, Inc.

32.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.

33.    Produce all documents, reflecting or substantiating any business relationship between any of the Defendants' and MediaMuv, including, but not limited to any contracts, licenses or distribution agreements.

34.    Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

35.    Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of the Foreign Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

36.    Produce all of the Defendants' financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans from 2015 through the present.

37.    Produce all documents pertaining to your policies and procedures for addressing claims by licensors of use of intellectual property beyond license limitations.

38.    Produce all documents that demonstrate that the Defendants have allegedly not infringed Yellowcake's Copyrighted Works and/or Foreign Works.

39.    Produce all documents concerning, regarding, or relating to any inquiry or investigation by the Defendants, or anyone acting on their behalf, regarding any of the issues involved in this action.

40.    Produce all documents concerning, referencing, or mentioning any of Yellowcake's Copyrighted Works and/or the Foreign Works.

11

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

41.    Produce all documents referred to in Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated August 10, 2021.

42.    Produce all documents Defendants intend to rely on in the defense of this action not already demanded herein.

Dated:  November 1, 2021

> **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
>
> By: _/s/ Seth L. Berman_____
>      Seth L. Berman, Esq. (*pro hac vice*)
>      ***Attorneys for Plaintiff Yellowcake, Inc.***

12

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1

CERTIFICATE OF SERVICE

2

3        I hereby certify that a true and correct copy of the foregoing Plainriff's

4  Request for Production to Defendants – Set One has been served upon the Attorneys

5  for Defendant via Electronic Mail addressed to:

6

7        RICHARD J. IDELL, ESQ.

8        ORY SANDEL, ESQ.
         DICKENSON PEATMAN & FOGARTY P.C.
9        1455 First Street, Suite 301
         Napa, CA 94559
10       Telephone: (707) 261-7000
         Facsimile: (707) 255-6876
11       Email:  ridell@dpf-law.com
12               osandel@dpf-law.com
13       *Attorneys for Defendants Dashgo, Inc.*
         *and Audiomicro, Inc. d.b.a. Adrev*
14

15

16

17                                        _____

18                                        Seth L. Berman, Esq.

19

20

21

22

23

24

25

26

27

28

13

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# EXHIBIT 2

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

<div align="center">

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

</div>

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. | ) ) ) ) ) |
| Defendants. | ) ) |

**Case No.: 1:21-cv-00803-AWI-BAM**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

*Sidebar (vertical text):* Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") answer the following within thirty (30) days after service of these Interrogatories.

<div align="center">

**DEFINITIONS**

</div>

1. **"You"** or **"Your"** means and refers to Defendants, jointly and severally, and any of their agents or representatives.

2. **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

3. **"Defendants"** means and refers to DASHGO, INC. and AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4. **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

5. **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

6. **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7. **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8. **"Foreign Works"** shall have the same meaning ascribed to it in the Amended Complaint.

9. "**Exploit**," "**Exploited**," and/or "**Exploitation**" shall mean the sale, distribution, streaming, licensing, synchronization and public performances of any

<div align="center">1</div>

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

sound recordings, audio-visual works or other similar assets.

10. **"Documents"** means and refers to any designated documents or electronically stored information – including but not limited to, documents, emails, records, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

11. **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, or public entity.

12. The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

13. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

has possession, custody or control of your proprietary knowledge, information or documents.

2.    Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend or supplement any answer to these interrogatories for which you learn that any such answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

3.    For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

4.    Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

## **INTERROGATORIES**

INTERROGATORY NO. 1.    State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 2.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1  each such Exploitation; (vi) the identity of any third parties involved in each such
2  Exploitation (including, but not limited to, any digital service providers such as
3  Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue
4  generated from each such Exploitation; (xiii) the name of every party that received
5  any revenue generated by each such Exploitation; and (ix) the amount of revenue
6  received by each such party.

7      INTERROGATORY NO. 3.   State whether or not You have ever Exploited
8  any of the Foreign Works.

9      Response

10

11      INTERROGATORY NO. 4.   If the answer to the foregoing interrogatory is
12  in the affirmative, identify: (i) the name of the artist of each sound recording
13  Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant
14  Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of
15  each such Exploitation; (vi) the identity of any third parties involved in each such
16  Exploitation (including, but not limited to, any digital service providers such as
17  Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue
18  generated from each such Exploitation; (viii) the name of every Person that received
19  any revenue generated by each such Exploitation; and (ix) the amount of revenue
20  received by each such Person.

21      Response

22

23      INTERROGATORY NO. 5.     State whether or not Dashgo ever posted
24  or uploaded and video containing any of Yellowcake's Copyrighted Works to
25  www.YouTube.com.

26      Response

27

28      INTERROGATORY NO. 6.   If the answer to the foregoing interrogatory is

4

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

INTERROGATORY NO. 7.    State whether or not Dashgo ever posted or uploaded and video containing any of the Foreign Works to www.YouTube.com.

INTERROGATORY NO. 8.    If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

Response

INTERROGATORY NO. 9.    If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 10.    Identify the parties to, and dates of, any agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 11.    If the answer to Interrogatory No. 3 is in the affirmative, identify the basis upon which Dashgo asserts that it has, or had, the right to Exploit the Foreign Works.

Response

INTERROGATORY NO. 12.    Identify the parties to, and dates of, any agreements upon which Dashgo has, or had relied, in asserting that it has, or had, the

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

5

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1    right to Exploit any of the Foreign Works.

2          Response

3

4          INTERROGATORY NO. 13.    State whether or not Dashgo received

5    any correspondence from Yellowcake, or any third-party purporting to be acting on

6    Yellowcake's behalf, instructing or directing Dashgo to cease the Exploitation of

7    any of Yellowcake's Copyrighted Works.

8          Response

9

10         INTERROGATORY NO. 14.    If the answer to the foregoing

11   interrogatory is in the affirmative, identify: (i) each Person who sent such

12   correspondence; (ii) each Person who received each such correspondence; (iii) the

13   date of each such correspondence; and (iv) the substance of each such

14   correspondence.

15         Response

16

17         INTERROGATORY NO. 15.    State whether or not Audiomicro

18   received any correspondence from Yellowcake, or any third-party purporting to be

19   acting on Yellowcake's behalf, instructing or directing Audiomicro to cease the

20   Exploitation of any of the Foreign Works.

21         Response

22

23         INTERROGATORY NO. 16.    If the answer to the foregoing

24   interrogatory is in the affirmative, identify: (i) each Person who sent each such

25   correspondence; (ii) the Person who received each such correspondence; (iii) the

26   date of each such correspondence; and (iv) the substance of each such

27   correspondence.

28         Response

*Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP*
*3 Dakota Drive, Suite 300*
*Lake Success, NY 11042*
*Tel: 516.328.2300 | Fax: 516.328.6638*

6

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1

2      INTERROGATORY NO. 17.      Describe the ownership relationship

3  between Dashgo and Audiomicro.

4      Response

5

6      INTERROGATORY NO. 18.      Describe the nature of the business

7  relationship between Dashgo and Audiomicro.

8      Response

9

10      INTERROGATORY NO. 19.      Describe the nature of Audiomicro's

11  business.

12      Response

13

14      INTERROGATORY NO. 20.      State whether or not Audiomicro in

15  anyway assists or is involved with Dashgo's Exploitation of sound recordings.

16      Response

17

18      INTERROGATORY NO. 21.      If the answer to the foregoing

19  interrogatory is in the affirmative, identify the nature of the assistance or

20  involvement.

21      Response

22

23      INTERROGATORY NO. 22.      State whether or not Audiomicro

24  receives any revenue from Dashgo's business activities and how such revenue is

25  calculated.

26      Response

27

28      INTERROGATORY NO. 23.      State whether or not Audiomicro and

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1  Dashgo share any common employees, officers or directors.

2      Response

3

4      INTERROGATORY NO. 24.      If the answer to the foregoing

5  interrogatories in the affirmative, identify: (i) the name; (ii) address; (iii) telephone

6  number; (iv) email address; (v) job title and (vi) job description of each such officer,

7  director or employee.

8      Response

9

10      INTERROGATORY NO. 25.      Set forth all facts substantiating any

11  defense claimed or to be asserted by either Defendant.

12      Response

13

14

15

16  Dated: November 11, 2021

17      **ABRAMS, FENSTERMAN, FENSTERMAN,**
    **EISMAN, FORMATO, FERRARA,**
18      **WOLF & CARONE, LLP**

19

20  By: */s/ Seth L. Berman*

21      Seth L. Berman, Esq. (*pro hac vice*)
       ***Attorneys for Plaintiff Yellowcake, Inc.***

22

23

24

25

26

27

28

*Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP*
*3 Dakota Drive, Suite 300*
*Lake Success, NY 11042*
*Tel: 516.328.2300 | Fax: 516.328.6638*

8

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** has been served upon the Attorneys for Defendants via Electronic Mail addressed to:

RICHARD J. IDELL, ESQ.

ORY SANDEL, ESQ.

DICKENSON PEATMAN & FOGARTY P.C.

1455 First Street, Suite 301

Napa, CA 94559

Telephone: (707) 261-7000

Facsimile: (707) 255-6876

Email:    ridell@dpf-law.com

           osandel@dpf-law.com

Attorneys for Defendants Dashgo, Inc.

and Audiomicro, Inc. d.b.a. Adrev

on November 11, 2021.

_____

Seth L. Berman

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# EXHIBIT 3

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
    tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
    sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation.<br><br>　　　　　Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM**<br><br>**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO** |

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") respond to the below requests to produce and/or permit Plaintiff and its attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## DEFINITIONS

1.    **"You"** or **"Your"** means and refers collectively to Defendants and any of their agents or representatives.

2.    **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3.    **"Defendants"** means and refers to DASHGO, INC. and/or AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.    **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

5.    **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

6.    "**MediaMuv, LLC**" means third party MediaMuv, LLC, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

7.    "**Musika LLC**" means third party Musika LLC, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8. "**VA Music, Inc.**" means third party VA Music, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

9. "**Documents**" means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10. "**Persons**" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

12. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Responses to these Requests shall be supplemented and/or amended when additional information becomes available. These Requests shall be deemed to

2

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

impose a continuing duty upon Defendants to properly serve upon Plaintiff supplemental and/or amended responses if Defendants discover or acquire further documents and/or things responsive to these Requests.

2.      If Defendants are aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendants are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendants are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided. Such additional documents shall be served upon counsel for Plaintiff no later than two (2) weeks after receipt by Defendants. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

3.      In the event that any portion of any numbered Request is objected to for any reason, Defendants must supply in a timely fashion copies of all documents that are not objectionable.

4.      In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## **REQUESTS FOR PRODUCTION**

1.    Copies of all documents provided by Dashgo to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

2.    Copies of all documents provided by Adrev to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

3.    Copies of all documents provided by Dashgo to Musika LLC including, but not limited to, any reporting or royalty statements.

4.    Copies of all documents provided by Adrev to Musika LLC including, but not limited to, any reporting or royalty statements.

5.    Copies of all documents provided by Dashgo to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

6.    Copies of all documents provided by Adrev to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

7.    Copies of all documents provided by Dashgo to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

8.    Copies of all documents provided by Adrev to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

9.    Copies of all documents provided by Dashgo to Jose Teran including, but not limited to, any reporting or royalty statements.

10.    Copies of all documents provided by Adrev to Jose Teran including, but not limited to, any reporting or royalty statements.

11.    Copies of all documents evidencing any correspondence between Dashgo and Webster Batista Fernandez.

12.    Copies of all documents evidencing any correspondence between Adrev and Webster Bautista Fernandez.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

13.     Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Dashgo's possession.

14.     Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Adrev's possession.

15.     Copies of all documents evidencing any correspondence between Webster Batista Fernandez and Jose Teran.

16.     Copies of all documents evidencing any correspondence between Dashgo and Jose Teran.

17.     Copies of all documents evidencing any correspondence between Adrev and Jose Teran.

18.     Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Dashgo's possession.

19.     Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Adrev's possession.

20.     Copies of all of Dashgo's internal documents concerning or referring to Jose Teran.

21.     Copies of all of Dashgo's internal documents concerning or referring to Webster Batista Fernandez.

22.     Copies of all of Adrev's internal documents concerning or referring to Jose Teran.

23.     Copies of all of Adrev's internal documents concerning or referring to Webster Batista Fernandez.

24.     Copies of Ardev's internal documents concerning or referring to VA Music, Inc.

25.     Copies of all of Ardev's internal documents concerning or referring to Musika LLC.

26.     Copies of all of Dashgo's internal documents concerning or referring to VA Music, Inc.

5

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

27. Copies of all of Dashgo's internal documents concerning or referring to Musika LLC.

28. Copies of all documents evidencing any correspondence between Dashgo and MediaMuv, LLC.

29. Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Adrev's possession.

30. Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Dashgo's possession.

31. Copies of all documents evidencing any correspondence between Adrev and MediaMuv, LLC.

32. Copies of all documents evidencing any sort of business relationship between Adrev and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

33. Copies of all documents, evidencing any sort of business relationship between Dashgo and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

34. Copies of all documents evidencing any payments made by Adrev to MediaMuv LLC.

35. Copies of all documents evidencing any payments made by Dashgo to MediaMuv LLC.

36. Copies of all documents received by Dashgo from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

37. Copies of all documents received by Adrev from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

6

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

38.    Copies of all documents evidencing any correspondence sent by Adrev on behalf of MediaMuv to any third-party.

39.    Copies of all documents evidencing any correspondence sent by Dashgo on behalf of MediaMuv to any third-party.

40.    Copies of all documents evidencing any correspondence between a Dashgo and Musika LLC.

41.    Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Adrev's possession.

42.    Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Dashgo's possession.

43.    Copies of all documents evidencing any correspondence between Adrev and Musika LLC.

44.    Copies of all documents evidencing any sort of business relationship between Adrev and Musika LLC including, but not limited to, any administration or distribution contracts.

45.    Copies of all documents evidencing any sort of business relationship between Dashgo and Musika LLC including, but not limited to, any administration or distribution contracts.

46.    Copies of all documents evidencing any payments made by Adrev to Musika LLC.

47.    Copies of all documents evidencing any payments made by Dashgo to Musika LLC.

48.    Copies of all documents received by Dashgo from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

49.    Copies of all documents received by Adrev from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

7

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

50.     Copies of all documents evidencing any correspondence sent by Adrev on behalf of Musika to any third-party.

51.     Copies of all documents evidencing any correspondence sent by Dashgo on behalf of Musika to any third-party.

52.     Copies of all documents evidencing any correspondence between Dashgo and VA Music, Inc.

53.     Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Adrev's possession.

54.     Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Dashgo's possession.

55.     Copies of all documents evidencing any correspondence between a Adrev and VA Music, Inc.

56.     Copies of all documents evidencing any sort of business relationship between Adrev and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

57.     Copies of all documents evidencing any sort of business relationship between Dashgo and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

58.     Copies of all documents evidencing any payments made by Adrev to VA Music, Inc.

59.     Copies of all documents evidencing any payments made by Dashgo to VA Music, Inc.

60.     Copies of all documents received by Dashgo from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

61.     Copies of all documents received by Adrev from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

8

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

62.    Copies of all documents evidencing any correspondence sent by Adrev on behalf of VA Music, Inc. to any third-party.

63.    Copies of all documents evidencing any correspondence sent by Dashgo on behalf of VA Music, Inc. to any third-party.

64.    Copies of all documents evidencing any sort of business relationship between Adrev and Jose Teran including, but not limited to, any administration or distribution contracts.

65.    Copies of all documents evidencing any sort of business relationship between Dashgo and Jose Teran including, but not limited to, any administration or distribution contracts.

66.    Copies of all documents evidencing any sort of business relationship between Adrev and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

67.    Copies of all documents evidencing any sort of business relationship between Dashgo and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

Dated:  December 13, 2021

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: _/s/ Seth L. Berman_____
    Seth L. Berman, Esq. (*pro hac vice*)
    ***Attorneys for Plaintiff Yellowcake, Inc.***

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Request for Production to Defendants – Set Two has been served upon the Attorneys for Defendant on December 13, 2021 via Electronic Mail and United States first class mail addressed to:

RICHARD J. IDELL, ESQ.
ORY SANDEL, ESQ.
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email:   ridell@dpf-law.com
         osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc.*
*and Audiomicro, Inc. d.b.a. Adrev*

_____
Seth L. Berman, Esq.

10

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

# EXHIBIT 4

1  RICHARD J. IDELL, ESQ. (SBN 069033)
2  ORY SANDEL, ESQ. (SBN 233204)
   DICKENSON, PEATMAN & FOGARTY, P.C.
3  1455 First Street, Suite 301
   Napa, CA 94559
4  Telephone: 707-252-7122
   Facsimile:  707-255-6876
5  Email: ridell@dpf-law.com
        osandel@dpf-law.com
6  *Attorneys for Defendants Dashgo, Inc. and*
7  *Audiomicro, Inc. d.b.a. Adrev*

8              **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10                  **FRESNO DIVISION**

11  YELLOWCAKE, INC., a California       CASE NO. 1:21-cv-00803-AWI-BAM
    corporation,
12                                        **DEFENDANTS DASHGO, INC. AND**
                   Plaintiff,             **AUDIOMICRO, INC. d/b/a ADREV'S**
13                                        **RESPONSE TO PLAINTIFF**
          v.                              **YELLOWCAKE, INC.'S REQUESTS FOR**
14                                        **PRODUCTION TO DEFENDANTS – SET**
    DASHGO, INC., a Delaware corporation; **ONE**
15  and AUDIOMICRO, INC. d/b/a ADREV,
    a Delaware corporation,
16
                   Defendants.
17

18  PROPOUNDING PARTY:   Plaintiff Yellowcake, Inc.

19  RESPONDING PARTIES:   Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

20  SET NUMBER:          One (1)

21       Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or

22  "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the

23  Requests for Production – Set One, propounded by Plaintiff Yellowcake, Inc. ("Yellowcake",

24  "Plaintiff", or "Propounding Party"), as follows:

                      **PRELIMINARY STATEMENT**

25       Responding Parties are continuing Responding Parties' investigation and analysis of the

26  facts and law relating to this case. Since discovery, investigation and preparation for trial have not

27  been completed and are ongoing as of the date of these responses, Responding Parties do not

28  purport to state anything more than information currently available, known and discovered.

                               1

Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Requests are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein if any requests were asked for, or if any statement contained herein were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial.

This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS

Responding Parties makes the following general objections to Propounding Party's Requests for Production (each singularly, a "Request", or, collectively, the "Requests"), each of which is hereby incorporated into Responding Parties' objections to each of the Requests as if fully set forth therein.  All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.      Responding Parties object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "A party may serve on any other party a request . . ." FRCP 34(a). Rule 34 uses the singular ("party") both as to the propounding party and as to the responding party. However, the Requests purport to be simultaneously directed to both Dashgo and Adrev jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Requests were directed to both Dashgo and Adrev jointly; however, any statement of an intent to produce documents in response to any

given Request does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have documents responsive to such Request, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive documents. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Requests on both Responding Parties jointly.

2.      Responding Parties further object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure in that the Requests purport to set a date for inspection and copying, and testing or sampling, of documents, including electronically stored information, "within thirty (30) days of receipt of these requests." Responding Parties will allow Propounding Party to inspect and copy, and test or sample, at a date, time and place that is mutually convenient, or, in the alternative, will produce responsive documents on a rolling basis, subsequent to the service of Responding Parties' written responses to the Requests.

3.      Responding Parties object to the Requests to the extent that the Requests call for the production of documents that are not relevant to any party's claim or defense in this action.

4.      Responding Parties object to the Requests on the grounds that the Requests are not proportional to the needs of the case.

5.      Responding Parties object to the Requests on the grounds that the Requests are overbroad, including without limitation as to the purportedly defined terms "you", "your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.      Responding Parties further object to the Requests on the grounds that the Requests are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev", as purporting to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys". The responses given herein interpret each such defined term as referring only to the entity itself, i.e.,

Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

7.    Responding Parties object to the Requests on the grounds that the Requests are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev".

8.    Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Defendants", "Dashgo", "Audiomicro", "Adrev", "you" and "your" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

9.    Responding Parties object to the Requests to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

10.    Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents that are subject to the rights of privacy of Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

11.    Responding Parties object to the Requests to the extent that they can be regarded as calling for the production of documents that contain information that is confidential or proprietary to, or trade secrets of, Responding Parties and/or any other person or entity.  Each such Request is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

12.    Responding Parties object to the Requests to the extent that the Requests contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Request.

13.    Responding Parties object to the Requests to the extent that they call for the production of documents or things not within the possession, custody, or control of Responding

4

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Parties, including without limitation documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

14.    Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Request without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## REQUEST FOR PRODUCTION AND RESPONSES THERETO

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrase "digital distribution platforms". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "related", "exploitation", "platforms", "reconciliations", and as to the phrases "any other exploitation",  "digital distribution platforms", "such as", "digital distribution

DEFENDANTS' RESPONSES TO RFPD – SET ONE

platforms such as YouTube, Amazon.com and Spotify", "'dashboard' information" and "related to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Foreign Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources.  Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrase "digital distribution platforms". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "concerning", "related", "exploitation", "platforms", "reconciliations", and as to the phrases "any other exploitation", "digital distribution platforms", "such as", "digital distribution platforms such as YouTube, Amazon.com and Spotify", "'dashboard' information" and "related to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume

substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Yellowcake's Copyrighted Works" and as to the phrases "other document or file", "all copies" and "all metadata". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Yellowcake's Copyrighted Works", as to the terms "posting", "containing" and "metadata" and as to the phrases "all copies", "social media posting", "other document", "other . . . file", "any part of any of", "associated with" and "such files.

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## REQUEST FOR PRODUCTION NO. 4:

Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of the Foreign Works, and all metadata associated with such files.

## RESPONSE TO FOR PRODUCTION NO. 4:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Foreign Works" and as to the phrases "other document or file", "all copies" and "all metadata". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Foreign Works", as to the terms "posting", "containing" and "metadata" and as to the phrases "all copies", "social media posting", "other document", "other . . . file", "any part of any of", "associated with" and "such files".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling

basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession

of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside

on third-party servers, in archived form or format and/or are inaccessible or not reasonably

accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine

and/or any other applicable privilege or protection, including without limitation to the extent the

defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the

grounds that the Request is abusive and subjects Responding Parties to undue burden and

hardship, including without limitation to the extent Propounding Party is already in the possession

of the documents responsive to this Request. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to

disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined terms "Defendants" and

"Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding".

Objection on the grounds that the Request is vague and ambiguous, including without limitation

as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts",

"concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine

DEFENDANTS' RESPONSES TO RFPD – SET ONE

and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as

DEFENDANTS' RESPONSES TO RFPD – SET ONE

to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## REQUEST FOR PRODUCTION NO. 9:

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine

DEFENDANTS' RESPONSES TO RFPD – SET ONE

and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "any of the Defendants and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents (including but not limited to emails, letters, texts and other

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

correspondence) by, between, or among any of the Defendants and any third-parties concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and

things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "any of the Defendants and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action,

DEFENDANTS' RESPONSES TO RFPD – SET ONE

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "concerning, regarding, or relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

"Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding", "related", and "exploitation", and as to the phrases "relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "concerning, regarding, or relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "concerning", "regarding", "related", and "exploitation", and as to the phrases "relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding

Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and MediaMuv] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "any of the Defendants and MediaMuv" and "anyone acting on their [Defendants and MediaMuv] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and MediaMuv] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "any of the Defendants and MediaMuv" and "anyone acting on their [Defendants and MediaMuv] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Jose Teran] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Jose Teran", "any of the Defendants and Jose Teran" and "anyone acting on their [Defendants and Jose Teran] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

//

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Jose Teran] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Jose Teran", "any of the Defendants  and Jose Teran" and "anyone acting on their [Defendants and Jose Teran] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Webster Batista] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and

"Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Webster Batista", "any of the Defendants and Webster Batista" and "anyone acting on their [Defendants and Webster Batista] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Webster Batista] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Webster Batista", "any of the Defendants and Webster Batista" and "anyone acting on their [Defendants and Webster Batista] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 19:**

Produce all emails between any of the Defendants and the email address jmedina@mediamuv.cc related to, concerning, or purported to be from an individual named "Jose David Hernandez". For the sake of clarification, this particular demand does not call for the production of any emails between the Defendants and the Jose David Hernandez known to be the President of Colonize Media, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the term "concerning" and as to the phrase "related to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "jmedina@mediamuv.cc" and "concerning" and as to the phrases "related to", "purported to be from", "an individual named 'Jose David Hernandez'", "known to be" and "the Jose David Hernandez known to be the President of Colonize Media, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents reflecting the identity of the owner or user of the email address, jmedina@mediamuv.cc, including, but not limited to, documents referring to the owner or user's full name, address or business affiliations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the term "reflecting" and as to the phrase "referring to". Objection on the grounds that the

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Request is vague and ambiguous, including without limitation as to the terms "reflecting", "identity", "owner", "user", "jmedina@mediamuv.cc" and "affiliations" and as to the phrases "referring to" and "business affiliations".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation

DEFENDANTS' RESPONSES TO RFPD – SET ONE

documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and to the extent the terms "contractors" or "agents" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "sufficient to identify", "any role", "designing, creating, programming, uploading, reviewing, and/or monitoring" and "other content". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "sufficient", "identify", "contractor", "agent", "role", "creating", "reviewing", "monitoring", "posting", "content" and "containing" and as to the phrases "sufficient to identify", "contractor . . . of the Defendants", "agent of the Defendants", "any role" and "other content".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce an organizational chart for Dashgo, and direct Propounding Party to https://adrev.net/about#team for an organizational chart for Adrev.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET ONE

terms "contractors" or "agents" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "sufficient to identify", "any role", "designing, creating, programming, uploading, reviewing, and/or monitoring" and "other content". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "sufficient", "identify", "contractor", "agent", "role", "creating", "reviewing", "monitoring", "posting", "content" and "containing" and as to the phrases "sufficient to identify", "contractor . . . of the Defendants", "agent of the Defendants", "any role" and "other content".

    Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce an organizational chart for Dashgo, and direct Propounding Party to https://adrev.net/about#team for an organizational chart for Adrev.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "you" and "Defendants" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial

DEFENDANTS' RESPONSES TO RFPD – SET ONE

information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "you", "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "uses" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you", "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding", "investigation" and "uses", and as to the phrases "relating to" and "any investigation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "you" and "Defendants" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "you", "Defendants" and "Foreign Works", as to the terms "concerning", "regarding" and "uses" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you", "Defendants" and "Foreign Works", as to the terms "concerning", "regarding", "investigation" and "uses", and as to the phrases "relating to" and "any investigation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

//

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "you" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is

DEFENDANTS' RESPONSES TO RFPD – SET ONE

overbroad, including without limitation as to time (including as to the term "ever"), and including without limitation as to the purportedly defined terms "you" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "use" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "use", and as to the phrases "relating to", "actual . . . license", "potential license" and "any actual or potential license".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside

on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "you" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time (including as to the term "ever"), and including without limitation as to the purportedly defined terms "you" and "Foreign Works", as to the terms "concerning", "regarding" and "use" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you" and "Foreign Works", as to the terms "concerning", "regarding" and "use", and as to the phrases "relating to", "actual . . . license", "potential license" and "any actual or potential license".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all contracts or other agreements by, between, or among any of the Defendants and Plaintiff.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

      Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants and Plaintiff".

Without waiving the foregoing objections, Responding Parties respond as follows: To the best of Responding Parties' understanding of this Request, after diligent search and reasonable inquiry, there are no formal written contracts or agreements between Dashgo or Adrev, on the one hand, and Yellowcake, on the other hand, that is, documents responsive to the Request do not exist and have never existed.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for

the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the term "concerns" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "agreements" and "concerns" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request if any such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of the Foreign Works.

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

DP&F

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and

"Foreign Works" and as to the term "concerns" and as to the phrase "other agreements".

Objection on the grounds that the Request is vague and ambiguous, including without limitation

as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms

"agreements" and "concerns" and as to the phrases "other agreements", "by, between, or among"

and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject

to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling

basis, extent, relevant non-privileged documents reasonably within Responding Parties'

possession, custody or control responsive to the Request if any such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

this response.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all contracts or other agreements by, between, or among any of the Defendants

and non-party Colonize Media, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Parties incorporate by this reference the above General Objections. Objection

to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside

on third-party servers, in archived form or format and/or are inaccessible or not reasonably

accessible to Responding Parties. Objection to the extent that that the Request calls for the

DEFENDANTS' RESPONSES TO RFPD – SET ONE

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants  and non-party Colonize Media, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all contracts or other agreements by, between, or among any of the Defendants

and non-party MAR International Records, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial

DEFENDANTS' RESPONSES TO RFPD – SET ONE

information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants and non-party MAR International Records, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all contracts or other agreements by, between, or among any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrases "other agreements" and "and/or". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among", "and/or" and "any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents, reflecting or substantiating any business relationship between any of the Defendants' and MediaMuv, including, but not limited to any contracts, licenses or distribution agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "reflecting", "substantiating" and "relationship" and as to the phrase "any business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "reflecting", "substantiating", "relationship" and "Defendants' " and as to the phrases "reflecting or substantiating", "any business relationship" and "any of the Defendants' and MediaMuv".

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

DEFENDANTS' RESPONSES TO RFPD – SET ONE

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "reflecting", "concerning" and "revenue" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "reflecting", "concerning", "revenue", "exploitation", "spreadsheets", "logs" and "ledgers" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling

basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of the Foreign Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "reflecting", "concerning" and "revenue" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "reflecting", "concerning", "revenue", "exploitation", "spreadsheets", "logs" and "ledgers" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all of the Defendants' financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans from 2015 through the present.

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as

DEFENDANTS' RESPONSES TO RFPD – SET ONE

to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "projections", "memoranda", "ledgers" and "journals" and as to the phrases "financial forecasts", "internal memoranda", "bookkeeping entries"  and "business plans". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "projections", "memoranda", "ledgers" and "journals" and as to the phrases "financial forecasts", "internal memoranda", "bookkeeping entries" and "business plans".

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents pertaining to your policies and procedures for addressing claims by licensors of use of intellectual property beyond license limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "your" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship,

DEFENDANTS' RESPONSES TO RFPD – SET ONE

including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "your", as to the terms "pertaining", "addressing" and "use". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "your", as to the terms "pertaining", "addressing" and "use", and as to the phrases "pertaining to" and "beyond license limitations".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce Dashgo's written policies for responding to infringement requests.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents that demonstrate that the Defendants have allegedly not infringed Yellowcake's Copyrighted Works and/or Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without

DEFENDANTS' RESPONSES TO RFPD – SET ONE

limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants", "Yellowcake's Copyrighted Works" and "Foreign Works" and as to the term "demonstrate". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants", "Yellowcake's Copyrighted Works" and "Foreign Works", as to the term "demonstrate" and as to the phrases "allegedly not infringed" and "and/or".

Without waiving the foregoing objections, Responding Parties respond as follows: After the pleadings in this action are settled, and subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents concerning, regarding, or relating to any inquiry or investigation by the Defendants, or anyone acting on their behalf, regarding any of the issues involved in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Further objection on the grounds that the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation in that the pleadings in this action are not yet settled and the Request is therefore premature. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "concerning", "regarding", "inquiry", "issues" and "involved" and as to the phrases "concerning, regarding, or relating to", "inquiry or investigation", "anyone acting on their [Defendants] behalf" and "any of the issues involved in this action". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "concerning", "regarding", "inquiry", "investigation", "issues" and "involved" and as to the phrases "relating to", "inquiry or investigation", "anyone acting on their [Defendants] behalf" and "any of the issues involved in this action".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request to the extent such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents concerning, referencing, or mentioning any of Yellowcake's Copyrighted Works and/or the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DPⓈF

limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works" and as to the terms "concerning", "referencing and "mentioning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works", as to the terms "concerning", "referencing" and "mentioning" and as to the phrases "concerning, referencing, or mentioning" and "and/or".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all documents referred to in Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated August 10, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants" and as to the phrase "referred to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## REQUEST FOR PRODUCTION NO. 42:

Produce all documents Defendants intend to rely on in the defense of this action not already demanded herein.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Further objection on the grounds that the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation in that the pleadings in this action are not yet settled and the Request is therefore premature. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible

because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrases "intend to rely on" and "not already demanded herein". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants" and as to the phrases "intend to rely on" and "not already demanded herein".

Without waiving the foregoing objections, Responding Parties respond as follows: After the pleadings in this action are settled, and subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: January 7, 2022          By: _____

Richard Idell
Ory Sandel
*Attorneys for Defendants Dashgo, Inc. and*
*Audiomicro, Inc. d.b.a. Adrev*

DEFENDANTS' RESPONSES TO RFPD – SET ONE

1

## **<u>VERIFICATION</u>**

2

I have read the following and know its contents:

3

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S**

4

   **RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR**

5

   **PRODUCTION TO DEFENDANTS – SET ONE**

6

I am the President of Dashgo, Inc. and am verifying the contents of the foregoing

document on behalf of Dashgo, Inc. in that capacity. The matters stated in the foregoing

7

document are true of my own knowledge except as to those matters which are stated on

8

information or belief, and as to those matters I believe them to be true.

9

Executed on _____January 7_____, 2022 at ____Los Angeles____ [city],

10

California.  I declare under penalty of perjury under the laws of the United States of America that

11

the foregoing is true and correct.

12

13

_____

14

Benjamin Patterson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES TO RFPD – SET ONE

1

## __VERIFICATION__

2    I have read the following and know its contents:

3    • **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S**

4      **RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR**

      **PRODUCTION TO DEFENDANTS – SET ONE**

5

6    I am the Senior Vice President of Operations of Adrev and am verifying the contents of

7  the foregoing document on behalf of Adrev in that capacity. The matters stated in the foregoing

   document are true of my own knowledge except as to those matters which are stated on

8  information or belief, and as to those matters I believe them to be true.

9    Executed on _____January 7th_____, 2022 at _____Dana Point_____ [city],

10  California.  I declare under penalty of perjury under the laws of the United States of America that

11  the foregoing is true and correct.

12

13                                          _____

14                                                     Andrew Korn

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**PROOF OF SERVICE**

I am employed in the County c nember of the bar of this court at whose directio ne age of eighteen years and not a party to the v st Street, Suite 301, Napa, CA 94559.

OF OF SERVICE

ıpa, State of California in the office of a member of the owing service was made. I am over the age of eighteen My business address is Dickenson Peatman & Fogarty A 94559. On the date indicated below, I served the

On the date indicated below, I s

- **DEFENDANTS DASHGC )REV'S RESPONSE TO PLAINT FOR PRODUCTION TO DEFI**

**Motion to be Relieved as Counsel – Civil**
**torneys Motion to be Relieved as Counsel – Civil**
**ys Motion to be Relieved as Counsel – Civil**

on the person(s) below, as follows:

ent(s) in a sealed envelope or package addressed to the id placed the envelope for collection and mailing at P.C., located at 1455 First Street, Suite 301, Napa, CA ictices. I am readily familiar with this business's espondence for mailing. On the same day that l mailing, it is deposited in the ordinary course of vice, in a sealed envelope with postage fully prepaid.

Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: tgriffin@hsmlaw.com
*Attorneys for Plaintiff Yellowcake, Inc*

aused a courtesy copy of the document(s) to be sent to address(es) listed above. I did not receive, within a electronic message or other indication that the

l
m
*e, Inc.*

ngpc.com

**(XX) U. S. MAIL.** I caused a copy c velope or package addressed to the person(s) at t lope for collection and mailing, following our c ar with this business's practice for collecting and p same day that correspondence is placed for colle y course of business with the United States Postal y prepaid.

t.com
vright.com

**(XX) BY ELECTRONIC SERVIC** t to the person(s) at the electronic mail address sonable time after the transmission, any electro ission was unsuccessful.

I declare under penalty of perju y under the laws of the State of California that the the foregoing is true and correct. Executed pa, California. fornia.

Sarah Laverone

# EXHIBIT 5

RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON, PEATMAN & FOGARTY, P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876
Email: ridell@dpf-law.com
       osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc. and*
*Audiomicro, Inc. d.b.a Adrev*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation,<br><br>             Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO** |

PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

RESPONDING PARTIES:    Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

SET NUMBER:        Two (2)

Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the Requests for Production – Set Two, propounded by Plaintiff Yellowcake, Inc. ("Yellowcake", "Plaintiff", or "Propounding Party"), as follows:

## PRELIMINARY STATEMENT

Responding Parties are continuing Responding Parties' investigation and analysis of the facts and law relating to this case. Since discovery, investigation and preparation for trial have not been completed and are ongoing as of the date of these responses, Responding Parties do not purport to state anything more than information currently available, known and discovered.

Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Requests are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein if any requests were asked for, or if any statement contained herein were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial.

This preliminary statement is incorporated into each and every response set forth below.

## **GENERAL OBJECTIONS**

Responding Parties makes the following general objections to Propounding Party's Requests for Production (each singularly, a "Request", or, collectively, the "Requests"), each of which is hereby incorporated into Responding Parties' objections to each of the Requests as if fully set forth therein.  All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.      Responding Parties object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "A party may serve on any other party a request . . ." FRCP 34(a). Rule 34 uses the singular ("party") both as to the propounding party and as to the responding party. However, the Requests purport to be simultaneously directed to both Dashgo and Adrev jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Requests were directed to both Dashgo and Adrev jointly; however, any statement of an intent to produce documents in response to any

given Request does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have documents responsive to such Request, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive documents. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Requests on both Responding Parties jointly.

2.      Responding Parties further object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure in that the Requests purport to set a date for inspection and copying, and testing or sampling, of documents, including electronically stored information, "within thirty (30) days of receipt of these requests." Responding Parties will allow Propounding Party to inspect and copy, and test or sample, at a date, time and place that is mutually convenient, or, in the alternative, will produce extent relevant, non-privileged responsive documents on a rolling basis, subsequent to the service of Responding Parties' written responses to the Requests.

3.      Responding Parties object to the Requests to the extent that the Requests call for the production of documents that are not relevant to any party's claim or defense in this action.

4.      Responding Parties object to the Requests on the grounds that the Requests are not proportional to the needs of the case.

5.      Responding Parties object to the Requests on the grounds that the Requests are overbroad, including without limitation as to the purportedly defined terms "you", "your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.      Responding Parties further object to the Requests on the grounds that the Requests are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.", including without limitation to the extent each such defined term purports to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and

attorneys". The responses given herein interpret each such defined term as referring only to the entity itself and, as to "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.", to refer to those entities of which Jose Teran and/or Webster Batista Fernandez is or was ever a principal, i.e., Dashgo, Inc.; Audiomicro, Inc. d.b.a. Adrev; MediaMuv, LLC, an Arizona limited liability company; Musika Ink LLC, a Florida limited liability company; and VA Music, LLC, an Arizona limited liability company, and no other person or entity.

7.     Responding Parties object to the Requests on the grounds that the Requests are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.".

8.     Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Defendants", "Dashgo", "Audiomicro", "Adrev", "you" and "your" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

9.     Responding Parties object to the Requests to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

10.     Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents that are subject to the rights of privacy of Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

11.     Responding Parties object to the Requests to the extent that they can be regarded as calling for the production of documents that contain information that is confidential or proprietary to, or trade secrets of, Responding Parties and/or any other person or entity.  Each such Request is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.



12.     Responding Parties object to the Requests to the extent that the Requests contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Request.

13.     Responding Parties object to the Requests to the extent that they call for the production of documents or things not within the possession, custody, or control of Responding Parties, including without limitation documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

14.     Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Request without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

**REQUEST FOR PRODUCTION AND RESPONSES THERETO**

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all documents provided by Dashgo to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "provided".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 2:**

Copies of all documents provided by Adrev to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all documents provided by Dashgo to Musika LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 4:**

Copies of all documents provided by Adrev to Musika LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO FOR PRODUCTION NO. 4:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

9

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all documents provided by Dashgo to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

DEFENDANTS' RESPONSES TO RFPD – SET TWO

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 6:**

 Copies of all documents provided by Adrev to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

 Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 7:**

Copies of all documents provided by Dashgo to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo".

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 8:**

Copies of all documents provided by Adrev to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or

more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 9:**

Copies of all documents provided by Dashgo to Jose Teran including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 10:**

Copies of all documents provided by Adrev to Jose Teran including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "provided".

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 11:**

Copies of all documents evidencing any correspondence between Dashgo and Webster Batista Fernandez**.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

DEFENDANTS' RESPONSES TO RFPD – SET TWO

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 12:**

Copies of all documents evidencing any correspondence between Adrev and Webster Bautista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material,

DEFENDANTS' RESPONSES TO RFPD – SET TWO

including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 13:**

Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

//

//

**REQUEST FOR PRODUCTION NO. 14:**

Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all documents evidencing any correspondence between Webster Batista Fernandez and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material,

including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time. Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 16:**

Copies of all documents evidencing any correspondence between Dashgo and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 17:**

Copies of all documents evidencing any correspondence between Adrev and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection

DEFENDANTS' RESPONSES TO RFPD – SET TWO

on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 18:**

Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

DEFENDANTS' RESPONSES TO RFPD – SET TWO

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are

DEFENDANTS' RESPONSES TO RFPD – SET TWO

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all of Dashgo's internal documents concerning or referring to Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action,

DEFENDANTS' RESPONSES TO RFPD – SET TWO

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term

"Dashgo", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of Dashgo's internal documents concerning or referring to Webster Batista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 22:**

Copies of all of Adrev's internal documents concerning or referring to Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 23:**

Copies of all of Adrev's internal documents concerning or referring to Webster Batista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev", as to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 24:**

Copies of Ardev's internal documents concerning or referring to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the terms "Ardev's" and "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 25:**

Copies of all of Ardev's internal documents concerning or referring to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the terms "Ardev's" and "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 26:**

Copies of all of Dashgo's internal documents concerning or referring to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

"VA Music, Inc.", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 27:**

Copies of all of Dashgo's internal documents concerning or referring to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 28:**

Copies of all documents evidencing any correspondence between Dashgo and MediaMuv, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 29:**

Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Adrev's possession.

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 30:**

Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 31:**

Copies of all documents evidencing any correspondence between Adrev and MediaMuv, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC" and as to the term "evidencing".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 32:**

Copies of all documents evidencing any sort of business relationship between Adrev and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

47

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 33:**

Copies of all documents, evidencing any sort of business relationship between Dashgo and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 34:**

Copies of all documents evidencing any payments made by Adrev to MediaMuv LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

DEFENDANTS' RESPONSES TO RFPD – SET TWO

as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 35:**

Copies of all documents evidencing any payments made by Dashgo to MediaMuv LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 36:**

Copies of all documents received by Dashgo from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 37:**

Copies of all documents received by Adrev from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 38:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of MediaMuv to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation to the extent the defined term "Adrev" purports to include Responding Parties'
attorneys. Objection on the grounds of the official information privilege and the law enforcement
investigatory privilege. Objection on the grounds that the Request is abusive and subjects
Responding Parties to undue burden and hardship, including without limitation to the extent
Propounding Party may obtain the documents and things requested from other, less costly and/or
more convenient third-party sources. Further objection on the grounds that the Request is abusive
and subjects Responding Parties to undue burden and hardship, including without limitation to the
extent Responding Parties would be required to incur substantial expense and consume
substantial time in obtaining and reviewing documents and things that may or may not be
responsive to the Request. Objection on the grounds that the Request seeks confidential and/or
proprietary business and/or financial information, including without limitation trade secrets,
protected by the right to privacy, which will require entry of a suitable protective order prior to
disclosure. Objection on the grounds that the Request is overbroad, including without limitation
as to time, and including without limitation as to the purportedly defined term "Adrev" and as to
the term "MediaMuv". Objection on the grounds that the Request is vague and ambiguous,
including without limitation as to the purportedly defined term "Adrev" and as to the terms
"MediaMuv" and "evidencing".

**REQUEST FOR PRODUCTION NO. 39:**

Copies of all documents evidencing any correspondence sent by Dashgo on behalf of
MediaMuv to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Parties incorporate by this reference the above General Objections. Objection
to the extent that the documents and things requested are not within Responding Parties'
possession, custody or control, including without limitation to the extent the documents and
things reside on third-party servers, in archived form or format and/or are inaccessible or not
reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for
the production of documents that are not relevant to any party's claim or defense in this action,
that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.
Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the term "MediaMuv". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the terms "MediaMuv" and "evidencing".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 40:**

Copies of all documents evidencing any correspondence between a Dashgo and Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

DEFENDANTS' RESPONSES TO RFPD – SET TWO

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "evidencing".

## REQUEST FOR PRODUCTION NO. 41:

Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Adrev's possession.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 42:**

Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

term "evidencing".

**REQUEST FOR PRODUCTION NO. 43:**

Copies of all documents evidencing any correspondence between Adrev and Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 44:**

Copies of all documents evidencing any sort of business relationship between Adrev and Musika LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 45:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Musika LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not

DEFENDANTS' RESPONSES TO RFPD – SET TWO

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the phrases "business relationship" and "any sort of business

relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 46:**

Copies of all documents evidencing any payments made by Adrev to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 47:**

Copies of all documents evidencing any payments made by Dashgo to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 48:**

Copies of all documents received by Dashgo from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 49:**

Copies of all documents received by Adrev from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement

DICKENSON, PEATMAN & FOGARTY
*A Professional Law Corporation*
DP&F

investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 50:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of Musika to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the term "Musika". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the terms "Musika" and "evidencing".

## REQUEST FOR PRODUCTION NO. 51:

Copies of all documents evidencing any correspondence sent by Dashgo on behalf of Musika to any third-party.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the term "Musika". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the terms "Musika" and "evidencing".

**REQUEST FOR PRODUCTION NO. 52:**

Copies of all documents evidencing any correspondence between Dashgo and VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 53:**

Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

//

//

1

**REQUEST FOR PRODUCTION NO. 54:**

2

Copies of all documents evidencing any correspondence between VA Music, Inc. and any

3

third-party in Dashgo's possession.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

5

Responding Parties incorporate by this reference the above General Objections. Objection

6

to the extent that the documents and things requested are not within Responding Parties'

7

possession, custody or control, including without limitation to the extent the documents and

8

things reside on third-party servers, in archived form or format and/or are inaccessible or not

9

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

10

the production of documents that are not relevant to any party's claim or defense in this action,

11

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

13

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

14

the extent the Request is duplicative of other Requests, including without limitation Propounding

15

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

16

grounds that the Request calls for production of documents and things which are not reasonably

17

accessible because of undue burden or cost, including without limitation to the extent the

18

documents and things reside on third-party servers, in archived form or format and/or are

19

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

20

the Request calls for the disclosure of privileged, confidential or other protected material,

21

including without limitation documents and things subject to the attorney-client privilege, the

22

attorney work product doctrine and/or any other applicable privilege or protection, including

23

without limitation to the extent the defined term "Dashgo" purports to include Responding

24

Parties' attorneys. Objection on the grounds of the official information privilege and the law

25

enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

26

subjects Responding Parties to undue burden and hardship, including without limitation to the

27

extent Propounding Party may obtain the documents and things requested from other, less costly

28

and/or more convenient third-party sources. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

DEFENDANTS' RESPONSES TO RFPD – SET TWO

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 55:**

Copies of all documents evidencing any correspondence between a Adrev and VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 56:**

Copies of all documents evidencing any sort of business relationship between Adrev and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation

DEFENDANTS' RESPONSES TO RFPD – SET TWO

as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 57:**

Copies of all documents evidencing any sort of business relationship between Dashgo and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

DEFENDANTS' RESPONSES TO RFPD – SET TWO

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 58:**

Copies of all documents evidencing any payments made by Adrev to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably

accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 59:**

Copies of all documents evidencing any payments made by Dashgo to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

"VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 60:**

Copies of all documents received by Dashgo from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 61:**

Copies of all documents received by Adrev from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 62:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of VA Music, Inc. to any third-party.

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 63:**

Copies of all documents evidencing any correspondence sent by Dashgo on behalf of VA Music, Inc. to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 64:**

Copies of all documents evidencing any sort of business relationship between Adrev and Jose Teran including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 65:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Jose Teran including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 66:**

Copies of all documents evidencing any sort of business relationship between Adrev and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 67:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Responding Parties incorporate by this reference the above General Objections. Objection

to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests, including without limitation Propounding

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

grounds that the Request calls for production of documents and things which are not reasonably

accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

the Request calls for the disclosure of privileged, confidential or other protected material,

including without limitation documents and things subject to the attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds of the official information privilege and the law

enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to

DEFENDANTS' RESPONSES TO RFPD – SET TWO

disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: January 14, 2022                By: _____

Richard Idell
Ory Sandel
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*



DEFENDANTS' RESPONSES TO RFPD – SET TWO

**OF OF SERVICE**

1

2    I am employed in the Cou... ...pa, State of California in the office of a member of the ...ember of
the bar of this court at whose dire... ...owing service was made.  I am over the age of eighteen ...e age of

3    eighteen years and not a party to ... My business address is Dickenson Peatman & Fogarty ... Street,
Suite 301, Napa, CA 94559. ...A 94559.  On the date indicated below, I served the

4

5    On the date indicated belo... **Motion to be Relieved as Counsel – Civil**
...torneys Motion to be Relieved as Counsel – Civil

6    • **DEFENDANTS DASI...** ...ys Motion to be Relieved as  Counsel – Civil    REV'S
   **RESPONSE TO PLA...** ...ent(s) in a sealed envelope or package addressed to the    OR

7    **PRODUCTION TO D...** ...d placed the envelope for collection and mailing at
   ...P.C., located at 1455 First Street, Suite 301, Napa, CA

8    on the person(s) below, as follows... ...ctices. I am readily familiar with this business's
   ...espondence for mailing. On the same day that

9    ...i mailing, it is deposited in the ordinary course of
   Thomas P. Griffin, Jr., Esq.    ...vice, in a sealed envelope with postage fully prepaid.

10   HEFNER, STARK & MAROIS, LLP    ...aused a courtesy copy of the document(s) to be sent to
   2150 River Plaza Drive, Suite 450    ...address(es) listed above. I did not receive, within a

11   Sacramento, CA 95833    ...electronic message or other indication that the
   Telephone: (916) 925-6620

12   Facsimile: (916) 925-1127
   Email: tgriffin@hsmlaw.com    ...ngpc.com

13   *Attorneys for Plaintiff Yellowcake...* ...n    *Inc.*

14

15   (XX)  **U. S. MAIL.**  I caused a co... ...elope or
   package addressed to the person(s) ...t.com ...pe for

16   collection and mailing, following ...wright.com ...with this
   business's practice for collecting a... ...ame day

17   that correspondence is placed for c... ...course of
   business with the United States Po... ...prepaid.

18

19   (XX)  **BY ELECTRONIC SER...** ...to the
   person(s) at the electronic mail ad... ...onable

20   time after the transmission, any el... ...sion was
   unsuccessful.

21   ...y under the laws of the State of California that the
   I declare under penalty of ... ...he

22   foregoing is true and correct. Exec...a, California. ...fornia.

23

24   
   Sarah Laverone

25

26

27

28

DEFENDANTS' RESPONSES TO RFPD – SET TWO

# EXHIBIT 6

1  RICHARD J. IDELL, ESQ. (SBN 069033)
2  ORY SANDEL, ESQ. (SBN 233204)
   DICKENSON, PEATMAN & FOGARTY, P.C.
3  1455 First Street, Suite 301
   Napa, CA 94559
4  Telephone: 707-252-7122
   Facsimile:  707-255-6876
5  Email: ridell@dpf-law.com
           osandel@dpf-law.com
6  *Attorneys for Defendants Dashgo, Inc. and*
7  *Audiomicro, Inc. d.b.a. Adrev*

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10                    **FRESNO DIVISION**

11  YELLOWCAKE, INC., a California              CASE NO. 1:21-cv-00803-AWI-BAM
    corporation,
12                                              **DEFENDANTS DASHGO, INC. AND**
                        Plaintiff,              **AUDIOMICRO, INC. d/b/a ADREV'S**
13                                              **RESPONSE TO PLAINTIFF**
            v.                                  **YELLOWCAKE, INC.'S FIRST SET OF**
14                                              **INTERROGATORIES TO DEFENDANTS**
    DASHGO, INC., a Delaware corporation;
    and AUDIOMICRO, INC. d/b/a ADREV,          **[INTERROGATORIES NOS. 1-25]**
15  a Delaware corporation,
16                      Defendants.

17

18  PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

19  RESPONDING PARTIES:   Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

    SET NUMBER:           One (1)
20
21          Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or

22  "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the First

    Set of Interrogatories propounded by Plaintiff Yellowcake, Inc. ("Yellowcake", "Plaintiff", or
23
    "Propounding Party"), as follows:
24
                            **PRELIMINARY STATEMENT**
25
26          Responding Parties are continuing Responding Parties' investigation and analysis of the

27  facts and law relating to this case. Since discovery, investigation and preparation for trial have not

28  been completed and are ongoing as of the date of these responses, Responding Parties do not

    purport to state anything more than information currently available, known and discovered.

Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Interrogatories are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements contained herein as if such statements were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial, and these responses are given without prejudice to Responding Parties' right to object on any bases at the time of trial to the introduction of any response given herein.

This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS

Responding Parties makes the following general objections to Propounding Party's First Set of Interrogatories (each singularly, an "Interrogatory", or, collectively, the "Interrogatories"), each of which is hereby incorporated into Responding Parties' objections to each of the Interrogatories as if fully set forth therein. All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.    Responding Parties object to the Interrogatories on the grounds that the Interrogatories purport to exceed the limitations of Rule 33 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written Interrogatories . . ." FRCP 33(a). Rule 33 uses the singular ("party") both as to the propounding party and as to the responding party. However, the Interrogatories purport to be simultaneously directed to both Dashgo and Adrev

jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Interrogatories were directed to both Dashgo and Adrev jointly; however, any response to any given Interrogatory does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have information responsive to such Interrogatory, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive information. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Interrogatories on both Responding Parties jointly.

2.      Responding Parties object to the Interrogatories to the extent that the Interrogatories call for information that is not relevant to any party's claim or defense in this action.

3.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are not proportional to the needs of the case.

4.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are overbroad, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev", as purporting to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

5.      Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1  "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro" and

2  "Adrev".

3       7.     Responding Parties further object to the Interrogatories on the grounds that the

4  Interrogatories are vague and ambiguous as to the terms "agents" and "representatives" as used

5  in the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake".

6       8.     Responding Parties object to the Interrogatories on the grounds that the

7  Interrogatories are vague and ambiguous as to the phrase "other similar assets" as used in the

8  purportedly defined terms "Exploit", "Exploited" and "Exploitation".

9       9.     Responding Parties further object to the Interrogatories on the grounds that the

10  Interrogatories are vague and ambiguous as to the purportedly defined terms "Yellowcake's

Copyrighted Works", "Foreign Works", "Exploit", "Exploited" and "Exploitation".

11       10.     Responding Parties object to the Interrogatories on the grounds that the

12  Interrogatories are facially abusive, harassing. oppressive and unduly burdensome as to those

13  Interrogatories inquiring about facts and information relating to "Yellowcake's Copyrighted

14  Works" and/or "Foreign Works", in that the purportedly defined terms "Yellowcake's

15  Copyrighted Works" and "Foreign Works" encompass at least one thousand two hundred and

16  forty (1,240) individual sound recordings.

17       11.     Responding Parties object to the Interrogatories to the extent they can be

18  regarded as calling for the production of documents and things protected by any applicable

19  privilege, including but not limited to the attorney-client privilege and/or the attorney work

20  product doctrine, including without limitation to the extent the purportedly defined terms

21  "Dashgo", "Audiomicro", "Adrev", "You", "Your" and "Defendants" purport to include

22  Responding Parties' attorneys. The responses given herein interpret each such defined term as

23  referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no

24  other person or entity.

25       12.     Responding Parties object to the Interrogatories to the extent they are overbroad,

including without limitation as to time, harassing and unduly burdensome.

26       13.     Responding Parties object to the Interrogatories to the extent they can be

27  regarded as calling for the production of documents that are subject to the rights of privacy of

28

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

14. Responding Parties object to the Interrogatories to the extent that they can be regarded as calling for information that is confidential or proprietary to, or the trade secrets of, Responding Parties and/or any other person or entity. Each such Interrogatory is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

15. Responding Parties object to the Interrogatories to the extent that the Interrogatories contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Interrogatory.

16. Responding Parties object to the Interrogatories to the extent that they call for information not within the knowledge of Responding Parties, including without limitation information based on documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

17. Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Interrogatory without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## **INTERROGATORIES AND RESPONSES THERETO**

**INTERROGATORY NO. 1:**

State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "You" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Yellowcake's Copyrighted Works" and "Exploited" and as to the term "ever". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Yellowcake's Copyrighted Works" and "Exploited".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo and/or Adrev has ever delivered to any digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 2:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature

of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (xiii) the name of every party that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such party.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "You" and "Defendant" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the

referenced "digital service providers". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Defendant", "Yellowcake's Copyrighted Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Defendant", "Yellowcake's Copyrighted Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", "revenue" and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that were delivered to digital distributions platforms by either or both of the Responding Parties since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from "digital service providers" or otherwise, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 3:**

State whether or not You have ever Exploited any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "You" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation publicly available sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Foreign Works" and "Exploited". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants", "Foreign Works" and "Exploited".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo and/or Adrev has ever delivered to any digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 4:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (viii) the name of every Person that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such Person.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "You" and "Defendant" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the referenced "digital service providers". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Defendant", "Foreign Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Defendant", "Foreign Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", "revenue" and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that were delivered to digital distributions platforms by either or both of the Responding Parties since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from "digital service providers" or otherwise,

produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 5:**

State whether or not Dashgo ever posted or uploaded and video containing any of Yellowcake's Copyrighted Works to www.YouTube.com.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation publicly available sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works"

1   and as to the phrase "posted or uploaded and video". Objection on the grounds that the

2   Interrogatory is unintelligible.

3        Without waiving the foregoing objections, Responding Parties respond as follows: To the

4   extent the Interrogatory purports to ask whether Dashgo has ever delivered to YouTube, via a

5   DDEX/xml content feed, sound recordings in which Plaintiff contends it acquired copyrights,

6   Dashgo has so delivered such sound recordings to YouTube.

7        Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

8   this response.

9   **INTERROGATORY NO. 6:**

10        If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for

11   each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the

12   gross amount of revenue Dashgo received from www.YouTube.com for each video.

13   **RESPONSE TO INTERROGATORY NO. 6:**

14        Responding Parties incorporate by this reference the above General Objections. Objection

15   to the extent that the information requested is not within Responding Parties' possession, custody

16   or control, including without limitation to the extent the information resides on third party

17   servers, in archived form or format and/or are inaccessible or not reasonably accessible to

18   Responding Parties. Objection on the grounds that the Interrogatory calls for the production of

19   documents that are not relevant to any party's claim or defense in this action, that is, the

20   Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

21   Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is,

22   the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without

23   limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the

24   grounds that the Interrogatory calls for production of documents and things which are not

25   reasonably accessible because of undue burden or cost, including without limitation to the extent

26   the documents and things reside on third party servers, in archived form or format and/or are

27   inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

28   the Interrogatory calls for the disclosure of privileged, confidential or other protected material,

including without limitation documents and things subject to attorney-client privilege, the

DP&F

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory (indeed, alleges the same in Exhibits A and C to Propounding Party's original Complaint in this action) and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the referenced "www.YouTube.com". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that Dashgo delivered to YouTube via a DDEX/xml content feed since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from YouTube or otherwise, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 7:**

State whether or not Dashgo ever posted or uploaded and video containing any of the Foreign Works to www.YouTube.com.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation publicly available sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Foreign Works". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

purportedly defined terms "Defendants" and "Foreign Works" and as to the phrase "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo has ever delivered to YouTube, via a DDEX/xml content feed, sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings to YouTube.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 8:**

If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects

Responding Parties to undue burden and hardship, including without limitation to the extent

Propounding Party is already in the possession of the information responsive to this Interrogatory

(indeed, alleges the same in Exhibits A and C to Propounding Party's original Complaint in this

action) and to the extent Propounding Party may obtain the information requested from other, less

costly and/or more convenient third party sources, including without limitation the referenced

"www.YouTube.com". Further objection on the grounds that the Interrogatory is abusive and

subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Responding Parties would be required to incur substantial expense and consume

substantial time in obtaining and reviewing documents and things that may or may not contain

information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks

confidential and/or proprietary business and/or financial information, including without limitation

trade secrets, protected by the right to privacy, which will require entry of a suitable protective

order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including

without limitation as to time, and including without limitation as to the purportedly defined terms

"Dashgo" and "Foreign Works", as to the terms "amount" and "revenue" and as to the phrase

"gross amount" and "posted or uploaded and video". Objection on the grounds that the

Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined

terms "Dashgo" and "Foreign Works", as to the terms "amount" and "revenue" and as to the

phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the

Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the

extent the Interrogatory purports to ask for information, including financial information,

regarding sound recordings in which Plaintiff contends it acquired copyrights that Dashgo

delivered to YouTube via a DDEX/xml content feed since January 5, 2015, pursuant to Rule

33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer

Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from YouTube or otherwise, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 9:**

If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the

grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "basis" and "right" and as to the phrases "the basis", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "basis", "believes" and "right" and as to the phrases "the basis", "it has, or had", "the right to Exploit" and "the basis upon which Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 10:**

Identify the parties to, and dates of, any agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works.

//

//

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information,

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the term "right" and as to the phrases "relied in asserting", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "relied", "asserting" and "right" and as to the phrases "relied in asserting", "it has, or had", "the right to Exploit" and "agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 11:**

If the answer to Interrogatory No. 3 is in the affirmative, identify the basis upon which Dashgo asserts that it has, or had, the right to Exploit the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the terms "basis" and "right" and as to the phrases "the basis", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the terms "asserts", "basis", "believes" and "right" and as to the phrases "the basis", "it has, or had", "the right to Exploit" and "the basis upon which Dashgo believes it has, or had, the right to Exploit the Foreign Works".

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 12:**

Identify the parties to, and dates of, any agreements upon which Dashgo has, or had relied, in asserting that it has, or had, the right to Exploit any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the term "right" and as to the phrases "relied in asserting", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the terms "relied", "asserting" and "right" and as to the phrases "relied in asserting", "it has, or had", "the right to Exploit" and "agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of the Foreign Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 13:**

State whether or not Dashgo received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Dashgo to cease the Exploitation of any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys.

Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works", as to the term "correspondence" and as to the phrase "any third-party purporting to be acting on Yellowcake's behalf". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works", as to the terms "received", "correspondence", "instructing" and "directing" and as to the phrases "any third-party purporting to be acting on Yellowcake's behalf", "instructing or directing Dashgo" and "the Exploitation of any of Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo has ever received correspondence from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has received such correspondence.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 14:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information,

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the term "identify". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the terms "identify", "received", "correspondence", "substance".

Without waiving the foregoing objections, Responding Parties respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged correspondence, dated on or after January 5, 2015, received by Dashgo from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 15:**

State whether or not Audiomicro received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Audiomicro to cease the Exploitation of any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not

reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Audiomicro" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Audiomicro", "Exploitation" and "Foreign Works", as to the term "correspondence" and as to the phrase "any third-party purporting to be acting on Yellowcake's behalf". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Audiomicro", "Exploitation" and "Foreign Works", as to the terms "received", "correspondence", "instructing" and "directing" and as to the phrases "any third-party purporting to be acting on Yellowcake's behalf", "instructing or directing Audiomicro" and "the Exploitation of any of the Foreign Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Adrev has ever received correspondence from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound

recordings in which Plaintiff contends it acquired copyrights, Adrev has received such correspondence.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 16:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent each such correspondence; (ii) the Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the term "identify". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the terms "identify", "received", "correspondence", "substance".

Without waiving the foregoing objections, Responding Parties respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged correspondence, dated on or after January 5, 2015, received by Adrev from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 17:**

Describe the ownership relationship between Dashgo and Audiomicro.

//

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the term "describe". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the term "describe" and as to the phrase "ownership relationship".

Without waiving the foregoing objections, Responding Parties respond as follows: Dashgo is wholly-owned by Audiomicro.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 18:**

Describe the nature of the business relationship between Dashgo and Audiomicro.

//

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the terms "describe" and "nature". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "describe" and "nature" as to the phrase "business relationship".

Without waiving the foregoing objections, Responding Parties respond as follows: Dashgo is a wholly-owned subsidiary of Audiomicro.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 19:**

Describe the nature of Audiomicro's business.

//

**RESPONSE TO INTERROGATORY NO. 19:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Audiomicro" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Audiomicro" and as to the terms "describe", "nature" and "business". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined term "Audiomicro", as to the terms "describe", "nature" and "business".

Without waiving the foregoing objections, Responding Parties respond as follows: Adrev is an administrator for protection and monetization of audiovisual and music rights on YouTube's Content ID platform.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 20:**

State whether or not Audiomicro in anyway assists or is involved with Dashgo's Exploitation of sound recordings.

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 20:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to the term "assists" and as to the phrase "is involved with". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "assists" and "anyway" and as to the phrase "in anyway assists or is involved with".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Adrev has a role in Dashgo's delivery of sound recordings to digital distribution platforms, Adrev has no such role.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 21:**

If the answer to the foregoing interrogatory is in the affirmative, identify the nature of the assistance or involvement.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "nature", "assists", "assistance" and "involvement" and as to the phrase "is involved with". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "nature", "assists", "assistance", "involvement" and "anyway" and as to the phrases "in anyway involved with" and "the nature of the assistance or involvement".

Without waiving the foregoing objections, Responding Parties respond as follows: Not applicable. See response to Interrogatory No. 20.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 22:**

State whether or not Audiomicro receives any revenue from Dashgo's business activities and how such revenue is calculated.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody

or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "receives", "revenue" and "calculated" and as to the phrase "business activities". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "receives", "revenue", "activities", "how" and "calculated" and as to the phrases "any revenue from", "from Dashgo's business activities", "business activities" and "how such revenue is calculated".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Adrev directly receives revenue for Dashgo's delivery of sound recordings to digital distribution platforms, Adrev does not.

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 23:**

State whether or not Audiomicro and Dashgo share any common employees, officers or directors.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro". Objection on the grounds that the Interrogatory is

1    vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo"

2    and "Audiomicro" and as to the terms "share" and "common".

3    Without waiving the foregoing objections, Responding Parties respond as follows: Yes.

4    Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

5    this response.

6    **INTERROGATORY NO. 24:**

7    If the answer to the foregoing interrogatories in the affirmative, identify: (i) the name; (ii)

8    address; (iii) telephone number; (iv) email address; (v) job title and (vi) job description of each

9    such officer, director or employee.

**RESPONSE TO INTERROGATORY NO. 24:**

10    Responding Parties incorporate by this reference the above General Objections. Objection

11    to the extent that the information requested is not within Responding Parties' possession, custody

12    or control, including without limitation to the extent the information resides on third party

13    servers, in archived form or format and/or are inaccessible or not reasonably accessible to

14    Responding Parties. Objection on the grounds that the Interrogatory calls for information that is

15    not relevant to any party's claim or defense in this action, that is, the Interrogatory is not

16    reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds

17    that the Interrogatory calls for information based on documents and things which are not

18    reasonably accessible because of undue burden or cost, including without limitation to the extent

19    the documents and things reside on third party servers, in archived form or format and/or are

20    inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

21    the Interrogatory calls for the disclosure of privileged, confidential or other protected material,

22    including without limitation information subject to attorney-client privilege, the attorney work

23    product doctrine and/or any other applicable privilege or protection, including without limitation

24    to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding

25    Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects

26    Responding Parties to undue burden and hardship, including without limitation to the extent

27    Responding Parties would be required to incur substantial expense and consume substantial time

28    in obtaining and reviewing documents and things that may or may not contain information

DPF

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the terms "share" and "common".

Without waiving the foregoing objections, Responding Parties respond as follows:

Common employees: (1) Peter Amloian – Head of Finance; (2) Oleksandr Iovenko – Vice President of Technology

Common officers: (1) Justin Kalifowitz – Executive Chairman; (2) Andrew Bergman – Chief Operating Officer and Secretary; (3) Tracy Maddux – Chief Executive Officer; (4) Alan Goodstadt – Chief Financial Officer and Treasurer; (5) Peter Amloian – Vice President of Finance

Common directors: (1) Justin Kalifowitz; (2) Andrew Bergman; (3) Tracy Maddux

Each of the foregoing individuals may be contacted through counsel for Defendants.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 25:**

Set forth all facts substantiating any defense claimed or to be asserted by either Defendant.

**RESPONSE TO INTERROGATORY NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendant" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendant", as to the term "substantiating" and as to the phrase "all facts". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined term "Defendant", as to the terms "substantiating", "claimed" and "asserted" and as to the phrases "all facts substantiating any defense", "substantiating any defense", "any defense claimed", "any defense . . . to be asserted" and "either Defendant".

Without waiving the foregoing objections, Responding Parties respond as follows: As of the date of these responses, the pleadings in this action are not yet settled, and Defendants have

not yet filed an Answer with affirmative defenses, the Interrogatory therefore prematurely calls for information regarding defenses that have yet to be determined. Responding Parties decline to engage in speculation as to what defenses they may assert at the time of the filing of any Answer to the Complaint, and of the facts which might support such defenses.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: January 7, 2022         By:  _____

Richard Idell
Ory Sandel
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*



DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

## **<u>VERIFICATION</u>**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

I am the President of Dashgo, Inc. and am verifying the contents of the foregoing document on behalf of Dashgo, Inc. in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on ____January 7____, 2022 at ____Los Angeles____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



_____
Benjamin Patterson

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1

**VERIFICATION**

2

I have read the following and know its contents:

3

• **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S**

4

**RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF**

**INTERROGATORIES TO DEFENDANTS**

5

6

I am the Senior Vice President of Operations of Adrev and am verifying the contents of

7

the foregoing document on behalf of Adrev in that capacity. The matters stated in the foregoing

8

document are true of my own knowledge except as to those matters which are stated on

9

information or belief, and as to those matters I believe them to be true.

Executed on _____January 7th_____, 2022 at _____Dana Point_____ [city],

10

California.  I declare under penalty of perjury under the laws of the United States of America that

11

the foregoing is true and correct.

12

13

_____

14

Andrew Korn

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

## PROOF OF SERVICE

I am employed in the County of ~~...~~ of California in the office ~~...~~ ember of the bar of this court at whose direction the ~~...~~ of eighteen years and not a party to the within acti ~~...~~ uite 301, Napa, CA 94559.

On the date indicated below, I ~~...~~

- **DEFENDANTS DASHG~~...~~ ~~...~~DREV'S
  RESPONSE TO PLAINT~~...~~
  INTERROGATORIES T~~...~~ OF

on the person(s) below, as follows:

Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: tgriffin@hsmlaw.com
*Attorneys for Plaintiff Yellowcake, In~~...~~e, Inc.*

**(XX)  U. S. MAIL.** I caused a copy ~~...~~ nvelope or package addressed to the person(s) at t~~...~~ elope for collection and mailing, following our ~~...~~ ar with this business's practice for collecting and ~~...~~ same day that correspondence is placed for colle~~...~~ y course of business with the United States Postal ~~...~~ y prepaid.

**(XX)  BY ELECTRONIC SERVIC~~...~~** ~~...~~t to the person(s) at the electronic mail addres~~...~~ asonable time after the transmission, any electr~~...~~ ission was unsuccessful.

I declare under penalty of perj~~...~~t the foregoing is true and correct. Executed~~...~~ ifornia.

_Sarah Laverone_ (signature)

Sarah Laverone

---

46

**OF SERVICE**

~~...~~apa, State of California in the office of a member of the ~~...~~owing service was made. I am over the age of eighteen ~~...~~ My business address is Dickenson Peatman & Fogarty ~~...~~A 94559. On the date indicated below, I served the

~~...~~ Motion to be Relieved as Counsel – Civil
~~...~~torneys Motion to be Relieved as Counsel – Civil
~~...~~ys Motion to be Relieved as Counsel – Civil

~~...~~nt(s) in a sealed envelope or package addressed to the ~~...~~d placed the envelope for collection and mailing at ~~...~~ P.C., located at 1455 First Street, Suite 301, Napa, CA ~~...~~ctices. I am readily familiar with this business's ~~...~~spondence for mailing. On the same day that ~~...~~ mailing, it is deposited in the ordinary course of ~~...~~vice, in a sealed envelope with postage fully prepaid.

~~...~~aused a courtesy copy of the document(s) to be sent to ~~...~~ address(es) listed above. I did not receive, within a ~~...~~ electronic message or other indication that the

# EXHIBIT 7

1  RICHARD J. IDELL, ESQ. (SBN 069033)
2  ORY SANDEL, ESQ. (SBN 233204)
   DICKENSON, PEATMAN & FOGARTY, P.C.
3  1455 First Street, Suite 301
   Napa, CA 94559
4  Telephone: 707-252-7122
   Facsimile:  707-255-6876
5  Email: ridell@dpf-law.com
        osandel@dpf-law.com
6  *Attorneys for Defendants Dashgo, Inc. and*
7  *Audiomicro, Inc. d.b.a. Adrev*

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                   **FRESNO DIVISION**

11  YELLOWCAKE, INC., a California          CASE NO. 1:21-cv-00803-AWI-BAM
    corporation,
                                            **DEFENDANTS DASHGO, INC. AND**
12              Plaintiff,                  **AUDIOMICRO, INC. d/b/a ADREV'S**
                                            **FURTHER AMENDED AND**
13         v.                               **SUPPLEMENTAL RESPONSE TO**
                                            **PLAINTIFF YELLOWCAKE, INC.'S**
14  DASHGO, INC., a Delaware corporation;   **FIRST SET OF INTERROGATORIES TO**
    and AUDIOMICRO, INC. d/b/a ADREV,       **DEFENDANTS, INTERROGATORY NO.**
15  a Delaware corporation,                 **25**

16              Defendants.

17

18       PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

19       RESPONDING PARTIES:   Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

20       SET NUMBER:           One (1)

         Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or
21
    "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby further amend and
22
    supplement their responses to the First Set of Interrogatories, Interrogatory No. 25,  propounded
23
    by Plaintiff Yellowcake, Inc. ("Yellowcake", "Plaintiff", or "Propounding Party"), as follows:
24
                          **PRELIMINARY STATEMENT**
25
         Responding Parties are continuing Responding Parties' investigation and analysis of the
26
    facts and law relating to this case. Since discovery, investigation and preparation for trial have not
27
    been completed and are ongoing as of the date of these responses, Responding Parties do not
28

                                          1

purport to state anything more than information currently available, known and discovered. Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Interrogatories are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements contained herein as if such statements were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial, and these responses are given without prejudice to Responding Parties' right to object on any bases at the time of trial to the introduction of any response given herein.

This preliminary statement is incorporated into each and every response set forth below.

## **GENERAL OBJECTIONS**

Responding Parties makes the following general objections to Propounding Party's First Set of Interrogatories (each singularly, an "Interrogatory", or, collectively, the "Interrogatories"), each of which is hereby incorporated into Responding Parties' objections to each of the Interrogatories as if fully set forth therein. All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.     Responding Parties object to the Interrogatories on the grounds that the Interrogatories purport to exceed the limitations of Rule 33 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written Interrogatories . . ." FRCP 33(a). Rule 33 uses the singular ("party") both as to the propounding party and as to the responding party.

2

However, the Interrogatories purport to be simultaneously directed to both Dashgo and Adrev jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Interrogatories were directed to both Dashgo and Adrev jointly; however, any response to any given Interrogatory does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have information responsive to such Interrogatory, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive information. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Interrogatories on both Responding Parties jointly.

2.      Responding Parties object to the Interrogatories to the extent that the Interrogatories call for information that is not relevant to any party's claim or defense in this action.

3.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are not proportional to the needs of the case.

4.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are overbroad, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev", as purporting to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

5.      Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the terms "owners", "partners", "members",

3

"parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev".

7.      Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the terms "agents" and "representatives" as used in the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake".

8.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the phrase "other similar assets" as used in the purportedly defined terms "Exploit", "Exploited" and "Exploitation".

9.      Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the purportedly defined terms "Yellowcake's Copyrighted Works", "Foreign Works", "Exploit", "Exploited" and "Exploitation".

10.     Responding Parties object to the Interrogatories on the grounds that the Interrogatories are facially abusive, harassing. oppressive and unduly burdensome as to those Interrogatories inquiring about facts and information relating to "Yellowcake's Copyrighted Works" and/or "Foreign Works", in that the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works" encompass at least one thousand two hundred and forty (1,240) individual sound recordings.

11.     Responding Parties object to the Interrogatories to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "You", "Your" and "Defendants" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

12.     Responding Parties object to the Interrogatories to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

13.     Responding Parties object to the Interrogatories to the extent they can be

regarded as calling for the production of documents that are subject to the rights of privacy of Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

14.     Responding Parties object to the Interrogatories to the extent that they can be regarded as calling for information that is confidential or proprietary to, or the trade secrets of, Responding Parties and/or any other person or entity.  Each such Interrogatory is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

15.     Responding Parties object to the Interrogatories to the extent that the Interrogatories contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Interrogatory.

16.     Responding Parties object to the Interrogatories to the extent that they call for information not within the knowledge of Responding Parties, including without limitation information based on documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

17.     Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Interrogatory without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## INTERROGATORIES AND RESPONSES THERETO

### INTERROGATORY NO. 25:

Set forth all facts substantiating any defense claimed or to be asserted by either Defendant.

//

//

DEFENDANTS' FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO FIRST SET OF INTERROGATORIES, INTERROGATORY NO. 25

**FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendant" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the

6

Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendant", as to the term "substantiating" and as to the phrase "all facts". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined term "Defendant", as to the terms "substantiating", "claimed" and "asserted" and as to the phrases "all facts substantiating any defense", "substantiating any defense", "any defense claimed", "any defense . . . to be asserted" and "either Defendant".

Without waiving the foregoing objections, Responding Parties respond as follows:

The following facts and defenses claimed or to be asserted by either Responding Party:

In or about February of 2011, Dashgo and Richboy Ventures, Inc. f/s/a p/k/a DH1 Digital ("DH1") entered into a Digital Distribution & Licensing Representation Agreement ("Agreement"), pursuant to which Dashgo was granted rights to exploit certain of the sound recordings in which Plaintiff now contends it acquired copyrights. Defendants are informed and believe that DH1 later became, or is otherwise affiliated with, Colonize Media, Inc. f/k/a DH1 Media, Inc.

On or about January 5, 2015, DH1 sent a letter purporting to terminate the said Agreement, effective as of February 15, 2015, but then DH1 requested, both verbally and in writing, prior to the would-be effective termination date, that Dashgo should take down (cease the exploitation of) DH1 content *only upon express notification* from DH1's principal, David Hernandez, thereby superseding the purported termination of the said Agreement or, in the alternative, granting Dashgo an implied license to continue exploiting the subject sound recordings pending further written notice from DH1. Plaintiff is consequently legally and equitably estopped from making the claims alleged or, alternatively, has waived all such claims.

As and in the alternative, Plaintiff's claims are barred, in whole or in part, due to unreasonable delay, that is, by laches, including without limitation on the ground that on or about January 5, 2015, DH1 sent a letter purporting to terminate the above-referenced Agreement

effective as of February 15, 2015. Plaintiff's claims are also barred and/or limited by the three-year statute of limitations for copyright infringement claims. Under the applicable statute of limitations, Plaintiff can only assert damages for acts of alleged infringement going back three years from May 17, 2021, the date of filing of the complaint, i.e., to May 17, 2018, which creates a finite damage cut-off date.

In addition, Dashgo contends that it also acquired rights from third party rights holders independently granting Dashgo rights to exploit certain of the sound recordings in which Plaintiff contends that it acquired copyrights. Defendants are informed and believe that Plaintiff has no rights to certain of the sound recordings in which Plaintiff contends it acquired copyrights and, consequently, lacks standing to bring copyright infringement claims as to those sound recordings.

The Exhibits to Plaintiff's Second Amended Complaint do not identify "Yellowcake's Copyrighted Works" or the "Foreign Works" by standard ISRC codes, which would be unique to each sound recording. Rather, the Exhibits to Plaintiff's Second Amended Complaint identify "Yellowcake's Copyrighted Works" or the "Foreign Works" by artist name, album, song title, U.S. Copyright Registration numbers and, as to Exhibit A, (broken) YouTube links.[1] Many of the copyright registrations alleged are for compilations or collections of sound recordings. Without limitation, based on the foregoing facts, and for these reasons, the subject sound recordings cannot be verifiably and positively identified with any degree of certainty. Defendants are informed and believe that Plaintiff's complaints about certain of the sound recordings are the result of ownership conflict reports over completely different sound recordings that were incorrectly flagged by Plaintiff and/or Plaintiff's predecessor(s)-in-interest as infringing versions of the same sound recording. Additionally or alternatively, as to certain of the sound recordings that are the subject of this action, Defendants are informed and believe that Plaintiff is, in fact, infringing on the rights of third parties.

---

[1] As to the "Foreign Works", while Exhibit C to Plaintiff's Second Amended Complaint also lists UPCs. A UPC would be unique to an album, and not to an individual sound recording (unless the sound recording was packaged as a single or an album comprised of only one track. It appears that the UPCs for all of the sound recordings listed on Exhibit C to Plaintiff's Second Amended Complaint are for albums comprised of multiple tracks. Thus, the UPCs set forth in Exhibit C to Plaintiff's Second Amended Complaint are not unique to each sound recording.

Further, with regard to all of the sound recordings listed on Exhibit A to Plaintiff's Second Amended Complaint (so-called "Art Tracks"), Defendants are informed and believe that the following occurred: In or about early April of 2020, on information and belief in connection with the impending closure of Google Play Music, without Defendants' knowledge, consent, authorization or permission, Google delivered to YouTube and/or YouTube Music, by an internal transfer/migration (YouTube and Google are both owned by Alphabet, Inc.), the details of which are unknown to Defendants and which could not have been prevented by Defendants, all sound recordings that had ever appeared on Google Play Music, including those sound recordings that had, at one time, been delivered to Google Play Music through Dashgo under license, but which were later taken down from Google Play Music. Google so delivered the said sound recordings regardless of whether Google had a right to do so, regardless of whether the sound recordings had been taken down from Google Play Music, regardless of whether authorized delivery had been made to YouTube and without any prior or other notice to Defendants.

The foregoing transfer/migration of sound recordings from Google to YouTube created a circumstance wherein certain sound recordings to which Dashgo no longer had the rights, or had never delivered and had no records of delivering, became available as Art Tracks on YouTube and/or YouTube Music. Dashgo had no notice of the delivery and had no records of the delivery, nor any knowledge of which specific sound recordings were affected or how extensive the issue was, and so could not have sent takedown notices for all of the affected sound recordings. Of course, Defendants at no time had control over Google's or YouTube's actions or systems.

At some point, not long after the transfer/migration occurred, Google advised Dashgo that it had undone the transfer/migration, however, Dashgo later discovered, on an ad hoc basis, that this was not the case.

As soon as possible after discovering that a given unlicensed sound recording was still available on YouTube and/or YouTube Music, Dashgo took it down. In order to take down those sound recordings that were still available on YouTube and/or YouTube Music, Dashgo was obliged to resend metadata for the subject sound recordings and then subsequently issue takedown notices for the very same sound recordings. Dashgo believes that all of the sound recordings that are the subject of this action have been identified and taken down.

DEFENDANTS' FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO FIRST SET OF INTERROGATORIES, INTERROGATORY NO. 25

1    Under U.S. copyright law, a plaintiff is entitled to statutory damages if, at the time of

2 infringement, the copyrights were registered with the U.S. Copyright Office. Even if there is

3 liability for copyright infringement, which Defendants deny, Plaintiff is not entitled to statutory

4 damages, nor attorneys' fees and costs, for certain claimed copyrights because certain of the

5 sound recordings that are the subject of this action are: (1) not registered with the U.S. Copyright

6 Office; and/or (2) were registered with the U.S. Copyright Office after commencement of the

7 alleged infringement(s); and/or (3) were registered with the U.S. Copyright Office after the

8 allegedly infringing conduct ceased.

9    Discovery is continuing. Responding Parties reserve the right to further amend and/or

10 supplement this response.

11                                          DICKENSON PEATMAN & FOGARTY, P.C.

12 Dated: April 27, 2022              By:  _____
13                                          Richard Idell
14                                          Ory Sandel
                                            *Attorneys for Defendants Dashgo, Inc. and*
15                                          *Audiomicro, Inc. d.b.a. Adrev*

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO FIRST SET OF
INTERROGATORIES, INTERROGATORY NO. 25

## <u>VERIFICATION</u>

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, INTERROGATORY NO. 25**

I am the Senior Vice President of Operations of Adrev and am verifying the contents of the foregoing document on behalf of Adrev in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on _____April 21_____ , 2022 at_____Dana Point_____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Andrew Korn

---

DEFENDANTS' FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO FIRST SET OF
INTERROGATORIES, INTERROGATORY NO. 25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, INTERROGATORY NO. 25**

I am the President of Dashgo, Inc. and am verifying the contents of the foregoing document on behalf of Dashgo, Inc. in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on _____, 2022 at _____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Benjamin Patterson

DEFENDANTS' FURTHER AMENDED AND SUPPLEMENTAL RESPONSE TO FIRST SET OF INTERROGATORIES, INTERROGATORY NO. 25

## PROOF OF SERVICE

I am employed in the County of Napa, State of California in the office of a member of the bar of this court at whose direction the e of eighteen years and not a party to the within actic uite 301, Napa, CA 94559.

On the date indicated below, I s

- DEFENDANTS DASHGC DREV'S FURTHER AMENDED A LAINTIFF YELLOWCAKE, INC.'S ) DEFENDANTS, INTERR

on the person(s) below, as follows:

Thomas P. Griffin, Jr., Esq.
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: tgriffin@hsmlaw.com
*Attorneys for Plaintiff Yellowcake, Inc*

1

om

*ke, Inc.*

**(XX) U. S. MAIL.** I caused a copy c nvelope or package addressed to the person(s) at t elope for collection and mailing, following our c iar with this business's practice for collecting and p same day that correspondence is placed for colle y course of business with the United States Postal y prepaid.

**(XX) BY ELECTRONIC SERVIC** nt to the person(s) at the electronic mail address asonable time after the transmission, any electro ission was unsuccessful.

I declare under penalty of perju t the foregoing is true and correct. Executed fornia.

Sarah Laverone

PR OF OF SERVICE

I am employed in the County of pa, State of California in the office of a member of the bar of this court at whose direction the f owing service was made. I am over the age of eighteen years and not a party to the within actio My business address is Dickenson Peatman & Fogarty P.C., 1455 First Street, Suite 301, Nap A 94559. On the date indicated below, I served the following document(s):

**FIRST AMENDED COMPLA**

**Motion to be Relieved as Counsel – Civil**

**torneys Motion to be Relieved as Counsel – Civil**

**ys Motion to be Relieved as Counsel – Civil**

on the person(s) below, as follows:

Kevin Block
Roman Block
Block and Block LLP
1109 Jefferson Street
Napa, CA 94559
Email: kb@winelawyers.com; r

Michelle Neumann
Neumann Law
th Street
Santa Rosa, CA 95404
Email: neumann@neumann-law.

Jack W. Weaver
Welty Weaver & Currie
3554 Round Barn Blvd., Suite 30
Santa Rosa, CA 95403
Email: jack@weltyweaver.com

ngpc.com

t.com

wright.com

☒ **(BY MAIL)** I enclosed the docu ent(s) in a sealed envelope or package addressed to the person(s) at the address(es) listed belo d placed the envelope for collection and mailing at DICKENSON PEATMAN & FOGART P.C., located at 1455 First Street, Suite 301, Napa, CA 94559, following our ordinary business p ctices. I am readily familiar with this business's for collecting and processing correspond espondence for mailing. On the same day that placed for collection and mailing, it is de l mailing, it is deposited in the ordinary course of States Postal Service, in a sealed envelo vice, in a sealed envelope with postage fully prepaid.

☒ **(BY ELECTRONIC SERVICE)** caused a courtesy copy of the document(s) to be sent to the person(s) at the electronic notific address(es) listed above. I did not receive, within a reasonable time after the transmissio electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the is true and correct.

Executed on September 22, 202 a, California.

Sarah Laverone

PROOF OF SERVICE 1

# EXHIBIT 8

| | |
|---|---|
| **From:** | Seth L. Berman |
| **To:** | Richard Idell |
| **Cc:** | Ory Sandel; Tom Griffin; Kristen DaSilva |
| **Subject:** | Re: Yellowcake v. Dashgo- Meet and Confer Call |
| **Date:** | Wednesday, January 12, 2022 7:37:13 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | imageba9b78.PNG |
| | image3e2d09.PNG |
| | imageebf4f9e.PNG |
| | image27f63c.PNG |
| | image1d783f.PNG |

Richard:

Tuesday at noon is confirmed. However, we are not required under rule 251 to spend the time and effort to specify the issues in an email prior to our conference call. That is the purpose of the meet and confer call. In general, the call is to discuss the fact that you failed to produce a single document despite having approximately two months to respond to our demands and that your interrogatory responses were either nonexistent, evasive or incomplete at best.

Sent from my iPhone

**Seth L. Berman, Esq.** | *Partner/Director Intellectual Property and Entertainment Dept.*



ABRAMS | FENSTERMAN, LLP
ATTORNEYS AT LAW

Long Island · Brooklyn · White Plains · Rochester · Albany

**Long Island Office**

3 Dakota Drive Suite 300

Lake Success, New York 11042

516-328-2300 x 251 | Phone

516-328-6638 |    Fax

sberman@abramslaw.com

www.abramslaw.com



CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/01

On Jan 12, 2022, at 6:45 PM, Richard Idell <richard.idell@idellfirm.com> wrote:

**Caution: This email originated outside of the organization**

Seth –

We are happy to meet and confer with you regarding our discovery responses, but we would need to know in advance which specific responses you claim are "deficient" and the bases, including legal authorities, for your contention that those responses are "deficient". We cannot reasonably be expected to meet and confer without first knowing what we are supposed to be meeting and conferring about.

So, as to the dates you suggest, we are available to confer with you on Tuesday at Noon PT. However, before such meeting we ask that you set forth the particulars of each of the claimed "deficient discovery responses" as set forth above. Please provide that information by Friday, January 14, 2022 by close of business.

Richard Idell


**RICHARD J. IDELL**
**OF COUNSEL**
DICKENSON, PEATMAN & FOGARTY
1455 FIRST STREET, STE. 301  |  NAPA, CA  94559
T: 707.938.7763 (DIRECT)
C: 707.799.5962
SONOMA DIRECT: 707.938.7763
RIDELL@DPF-LAW.COM| WWW.DPF-LAW.COM

**For current wine law news, visit www.lexvini.com**

CONFIDENTIALITY NOTICE:   This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED.  If you have received this transmission in error, please immediately notify us by reply e-mail, by forwarding this to dpf@dpf-law.com or by telephone at (707) 261-7000, and destroy the original transmission and its attachments without reading or saving in any manner.  Thank you.

---

**From:** Seth L. Berman <SBerman@Abramslaw.com>
**Sent:** Wednesday, January 12, 2022 2:44 PM
**To:** Ory Sandel <OSandel@dpf-law.com>; Richard Idell <richard.idell@idellfirm.com>
**Cc:** Tom Griffin <tgriffin@hsmlaw.com>
**Subject:** Yellowcake v. Dashgo- Meet and Confer Call

Richard and Ory:

I am reaching out to you pursuant to EDCA Local Rule 251 to schedule a meet and confer call to discuss your deficient discovery responses. We are free tomorrow between 9PT and noon and Tuesday between 9PT and 2:30 PT or after 4 PT. Please let us know what

day and time works for you.

Very truly yours,

**_Seth L. Berman_**_, Esq._ | _Partner/Director Intellectual Property and Entertainment Dept._

<div align="right">

**_Long Island Office_**
3 Dakota Drive Suite 300
Lake Success, New York 11042
516-328-2300 x 251 | Phone
516-328-6638 |    Fax
sberman@abramslaw.com
www.abramslaw.com

</div>

&lt;image001.png&gt;

<div align="center">&lt;image002.png&gt;  &lt;image003.png&gt;  &lt;image004.png&gt;  &lt;image005.png&gt;</div>

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/01

# EXHIBIT 9

| | |
|---|---|
| **From:** | Seth L. Berman |
| **To:** | Ory Sandel; Richard Idell |
| **Cc:** | Tom Griffin |
| **Subject:** | Protective Order |
| **Date:** | Wednesday, January 19, 2022 6:29:05 PM |
| **Attachments:** | Protective Order.docx |
| | imageb28f15.PNG |
| | image3ae92c.PNG |
| | imageeb8514.PNG |
| | imagef6d57d.PNG |
| | image527dff.PNG |

# _Seth L. Berman, Esq._ | _Partner/Director Intellectual Property and Entertainment Dept._



### _Long Island Office_

3 Dakota Drive Suite 300

Lake Success, New York 11042

516-328-2300 x 251 | Phone

516-328-6638 |    Fax

sberman@abramslaw.com

www.abramslaw.com

   

**Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan**

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/01

Gentleman:

Attached is a draft standard Form of protective order used in most federal courts and the only protective order that we will agree to. Please sign and send us a pdf so that we can file it with the court.

Seth

Sent from my iPhone

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation.<br><br>Plaintiff. | Case No.: 1:21-cv-00803-AWI-BAM<br><br><br>**PROTECTIVE ORDER** |

The Court enters the following Protective Order governing the disclosure of confidential Discovery Material by a Producing Party to a Receiving Party in this Action.

1.     Definitions. As used in this Order:

a.     "Action" refers to the above-captioned litigation.

b.     "Discovery Material" includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

c.     A "Producing Party" is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

2

d.    A "Receiving Party" is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

2.    Confidential Discovery Material. This Protective Order applies to all confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, confidential Discovery Material shall include:

a.    Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b.    Personnel data of the parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

c.    Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d.    Medical or mental health information;

e.    Records restricted or prohibited from disclosure by statute; and

f.    Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within

the underlying confidential Discovery Material.

3.    Manner of Confidential Designation. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

a.    For documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

b.    If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

c.    If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

d.    At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in Section 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

4.    Timing of Confidential Designation.

a.    Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that

4

qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b.      If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

5.      Qualified Recipients. For the purposes of this Protective Order, the persons authorized to receive confidential Discovery Material (hereinafter "Qualified Recipient") are:

a.      The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

b.      Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

c.      Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d.      Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

e.      Consulting or testifying expert witnesses who will be providing professional opinions or assistance for this Action based upon a review of the

confidential information, and the staff and assistants employed by the consulting or testifying experts;

        f.     Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

        g.     The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

        h.     Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

        i.     The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

        j.     Any auditor or regulator of a party entitled to review the confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

      6.     Dissemination by the Receiving Party.

        a.     Before receiving confidential Discovery Material, each Qualified Recipient who is not included in Sections 5(a) and (b) above, shall: (i) review and agree to the terms of this Protective Order and (ii) execute a copy of the Agreement attached hereto as Appendix A.

        b.     The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Appendix A Agreement.

      7.     Limitations on Use. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming

confidentiality consents in writing to such disclosure.

8.  Docket Filings. A party seeking to file documents containing confidential Discovery Material under seal must comply with the Court's rules and electronic docketing procedures for filing motions for leave to file under seal.

9.  Challenges to Confidentiality Designations. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The party that designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients.

10.  Use at Court Hearings and Trial. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" may be offered and received into evidence at trial or at any hearing or oral argument. A party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" be reviewed in camera or under other conditions to prevent unnecessary disclosure.

11.  Return or Destruction of Documents. Upon final termination of this Action, including all appeals, each party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL." The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Discovery Material designated as "CONFIDENTIAL," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this action, and it shall be binding on the parties and their legal counsel in the future.

12.     Modification. This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

13.     Additional Parties to Litigation. In the event additional parties are joined in this action, they shall not have access to Discovery Material as "CONFIDENTIAL" until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Protective Order.

14.     Inadvertent Disclosure of Protected Discovery Material. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

15.     Jurisdiction. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

HEFNER, STARK & MAROIS, LLP
Thomas P. Griffin, Jr., Esq.
tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

ABRAMS FENSTERMAN, LLP
Seth L. Berman, Esq. (admitted PHV)
sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638
Attorneys for Plaintiff
YELLOWCAKE, INC.

//
//
//
//

Dated:

8

Richard J. Idell, Esq.
Ory Sandel, Esq.
Dickenson, Peatman &Fogarty, P.C.
145 First Street, Suite 301
Napa, CA 84558
Email: ridell@dpf-law.com
        osandel@dpf-law.com
Attorneys for Defendants Dashgo, Inc.
and Audiomicro, Inc. d/b/a Adrev

Dated:


SO ORDERED:

Dated:                          _____
                                Judge

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, | **Case No.: 1:21-cv-00803-AWI-BAM** |
| Plaintiff, | **EXHIBIT A** |
| v. | |
| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. | |
| Plaintiff. | |

I hereby acknowledge that I am about to receive Confidential Information supplied in connection with the above-captioned case. I understand that such information is being provided to me pursuant to the terms and restrictions of the Protective Order entered in this case. I have been given a copy of the Protective Order, have read the Protective Order, and agree to be bound by its terms. I understand that Confidential Information as defined in the Protective Order, or any notes or other records that may be made regarding any such materials, shall not be disclosed to any persons except as permitted by the Protective Order.

_____          _____

Printed Name                                              Signature

3

# EXHIBIT 10



**Long Island**
3 Dakota Drive, Suite 300,
Lake Success, NY 11042
516.328.2300 | **P**
info@abramslaw.com | **E**

Long Island · Brooklyn · White Plains · Rochester · Albany

**Seth L. Berman, Esq.**
Partner
sberman@abramslaw.com

February 4, 2022

<u>**VIA EMAIL ONLY**</u>

DICKENSON, PEATMAN & FOGARTY
Richard Idell, Esq. (RIdell@dpf-law.com)
1455 First Street, Suite 301
Napa, CA 94559

Re:     *YellowCake, Inc. v. DashGo, Inc., et al*
        *Case No. 1: 21-cv-00803 (AWI) (BAM)*

Dear Mr. Idell:

As you are aware, this law firm is counsel to the plaintiff, Yellowcake Inc. ("Yellowcake" or "Plaintiff") in the above-referenced action. We write in response to your correspondence dated January 21, 2022, in which you, among other things, memorialize your position in furtherance of our meet and confer conference call of January 18, 2022. We address the issues raised in your correspondence as follows.

<u>Stipulated Protective Order</u>

With respect to the proposed protective order you enclosed, we cannot stipulate to such a proposal. While we remain amenable to a one-tier stipulation, as previously disclosed, we cannot agree to the blanket two-tier protective order you have drafted. As you have stated, the protective order you propose concerns the protection of highly sensitive confidential information and/or trade secrets. However, the need for disclosure of such confidential information and/or trade secrets is neither relevant, nor applicable to this matter.

As you are undoubtedly aware, under the two-tier protective order as proposed, the principals of our clients would not be permitted to review the disclosed protected information classified as for "Highly Confidential - Attorneys Eyes Only."  Respectfully,

February 4, 2022
Page 2
_____

this is unacceptable as we see no reason why the principals of our clients should not be permitted to review any disclosed material.

Respectfully, the only financial information that could ever warrant such a heightened protective measure would be financial information such as any royalties' reports from our respective clients, but we maintain that our proposed one-tier protective order sufficiently addresses any such concerns you may have.

### Interrogatory Responses

With respect to our purported disagreement over the validity of your responses to Plaintiff's Interrogatories, I remain insistent on further responses based on the concerns set forth in my email dated January 19, 2022, that you have attached to your correspondence.

In furtherance of Plaintiff's assertion that Defendants cannot universally avail themselves of the procedure set forth in Fed. R. Civ. P. 33(d), that statute provides, in relevant part that "where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served . . . it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained. . . ." In order to appropriately employ this statute, the disclosing party must, among other things, "list the specific document provided the other party and indicat[e] the page or paragraphs that are responsive to the interrogatory." *Athwal v. Cty. of Stanislaus*, No. 15-cv-0311, 2021 WL 4505554, at *3 (E.D.C.A. Oct. 1, 2021). Your boilerplate responses have failed to include the requisite specificity of the exact location of the purported documents, or rather, include any specificity at all.

Indeed, your failure to provide with any specificity the documents and/or their location which are purportedly responsive to the interrogatories is in direct contravention of the purposes of the statute. *See id* at *3 ("when invoking Rule 33(d), the responding party has the duty to specify by category and location, the records from which answers to interrogatories can be derived."); *see also O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999) (holding that when voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories). Accordingly, we renew our demand that you serve amended interrogatory responses.

February 4, 2022
Page 3

_____

### Limitations as to Time

With respect to your concerns regarding the limitation as to time of the requested documents and information, we are willing to limit the scope of disclosure of financial information regarding the subject copyrighted works to three (3) years prior to the date Plaintiff commenced this action. As this action was commenced on May 17, 2021, we agree to limit the disclosure of financial information and/or documents dating back to May 17, 2018.

However, with the exception of the documents and/or information listed above, we will not agree to limit the timeframe of our demands any further than our previously demanded date of January 1, 2010, to the present, as we believe there is more than enough discoverable information in that timeframe to warrant such a demand. Accordingly, we insist on the disclosure of all information and/or documents responsive to our demands from the timeframe of January 1, 2010 to the present.

In light of the above impasses, we ask for your consent to holding a telephonic conference call with Judge McAuliffe, as per her individual rules, to have the Court address the issues detailed herein. If you refuse this request, we ask that you articulate the reasons behind your refusal.

Very truly yours,


Seth L. Berman

# EXHIBIT 11

**DP&F**

**ATTORNEYS AT LAW**

RICHARD IDELL
ridell@dpf-law.com

February 4, 2022

**MEET AND CONFER**
**PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY**
**(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

      Re:    <u>Yellowcake adv. Dashgo, et al.</u>
               **USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM**

Dear Seth:

As you know, we sent you a draft proposed form of stipulated protective order on January 21, 2022 and requested your comments. As of this writing we have heard nothing from you on the matter, nor on the issue of time limitation, nor on the issues you raised with regard to our Interrogatory responses. We still intend to begin our rolling production of documents within three weeks of the Court's entry of a protective order, but of course the form of order has to be agreed first, so please do get back to us.

Due to the remaining lack of clarity on what are the precise issues you have taken with our original responses to your Interrogatories, also addressed in our January 21, 2022 letter, we will not be sending you our amended responses to your Interrogatories today. We will get those to you by next Friday, February 11, 2022, assuming we receive a response to our letter and resolution of the issues raised therein.

Again, we would appreciate a response to our January 21, 2022 letter.

Sincerely,

DICKENSON, PEATMAN & FOGARTY

Richard Idell

RJI:obs

Berman, Seth
February 4, 2022
Page 2

cc:    Tom Griffin, Esq. (via email only to tgriffin@hsmlaw.com)
       Ory Sandel, Esq.
       Client

# EXHIBIT 12

# AF

## ABRAMS | FENSTERMAN

### ATTORNEYS AT LAW

**Long Island**
3 Dakota Drive, Suite 300,
Lake Success, NY 11042
516.328.2300 | **P**
info@abramslaw.com | **E**

Long Island · Brooklyn · White Plains · Rochester · Albany

Seth L. Berman, Esq.
Partner
sberman@abramslaw.com

February 9, 2022

**<u>VIA EMAIL ONLY</u>**
Richard Idell, Esq.
Dickenson, Peatman & Fogarty
1455 First Street, Suite 301
Napa, CA 94559

Re:   *Yellowcake v. Dashgo, et al.*
      <u>USDC, E.D.Cal., Case No. 1: 21-cv-00803-AWI-BAM</u>

Dear Mr. Idell:

I write in response to your letter of February 8, 2022 and in furtherance of my letter to you dated February 4, 2022.

Regarding your letter of February 8, 2022, this office served two subpoenas in connection with this matter, one on Amazon, Inc. and one on YouTube. Copies of both are enclosed herewith. Any failure to provide prior notice under Federal Rule of Civil Procedure 45(a)(4) was inadvertent. Accordingly, we hereby withdraw the subpoenas without prejudice and reserve all rights to serve amended subpoenas.

Regarding my letter of February 4, 2022, you still have not provided us with an explanation as to why you insist that a two-tier protective order is necessary in this matter. You have also failed to confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules. Accordingly, if we do not receive confirmation that you are willing to participate in a conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute by 5:00 p.m. Pacific Time today, we will file a pre-motion letter pursuant to USDC-EDCA Local Rule 251 followed by a motion to compel and a motion for sanctions under FRCP Rule 11.  Please be guided accordingly.

Yours,

Seth L. Berman

SLB/gar

# EXHIBIT 13

# DP&F
## ATTORNEYS AT LAW

RICHARD IDELL
ridell@dpf-law.com

February 9, 2022

**MEET AND CONFER**
**PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY**
**(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

      Re:    <u>Yellowcake adv. Dashgo, et al.</u>
              **USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM**

Dear Seth:

This letter responds to your letter of this morning, February 9, 2022.

<u>Improper Third-Party Subpoenas</u>

As you know, yesterday, February 8, 2022, promptly following our discovery that you had served a subpoena on Amazon.com, Inc. ("Amazon") without providing notice to us, we sent you a letter demanding: (a) that you immediately withdraw the subpoena to Amazon; and (b) immediately provide us with copies of each subpoena you may have issued without giving notice to us.

This morning, February 9, 2022, we received a letter from you, which discloses, for the first time, that you had also issued a subpoena to Youtube, Inc. ("YouTube"). From the version of the subpoena you provided to us, it appears you issued the subpoena to YouTube on January 13, 2022, with a return date of February 1, 2022. In other words, the subpoena to YouTube has the same defects as the subpoena to Amazon, namely, that you did not comply with the requirements of Fed. R. Civ. P. 45(a)(4), nor allow this office sufficient time to object to the subpoena.[1] *See Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014).

---

[1] The subpoenas to Amazon and YouTube are objectionable in other ways, including without limitation in that they purport to be unlimited as to time and, therefore, facially overbroad as to time, capturing documents throughout time that have no relevance to any of the issues in this action.

Berman, Seth
February 9, 2022
Page 2

It is surprising that a practitioner who was admitted to practice in New York federal courts in 2010, and has represented Yellowcake in numerous federal court actions in California, would "inadvertently" issue not one, but two subpoenas to third parties without giving proper notice to opposing counsel, as required by the Federal Rules of Civil Procedure and the relevant case law of every federal judicial district in the country (including those in New York). It is also telling that the two subpoenas were apparently issued on different dates, calling into question the credibility of the contention of "inadvertence".

Putting aside the issue of intent, your letter of this morning states, in pertinent part: "[W]e hereby withdraw the subpoenas without prejudice and reserve all rights to serve amended subpoenas." However, your letter does not indicate that it was copied to either of the subpoenaed third parties, namely, Amazon and YouTube, nor their respective counsel.

Accordingly, we hereby demand that you provide to us, **by 10:00 a.m. Pacific/1:00 p.m. Eastern time tomorrow, February 10, 2022**, written evidence of your contacting Amazon and YouTube, either directly or through their respective counsel, advising them that those subpoenas have been withdrawn.

If there has been *any* written response (including any emails or letters between you and/or Mr. Griffin, on the one hand, and Amazon and/or YouTube and/or their counsel, on the other hand) or production of documents in response to either subpoena, please advise us of that as well. Any responses and documents produced are <u>unauthorized by law</u> and must be returned immediately to the subpoenaed parties, and all copies in Yellowcake's possession, custody or control immediately deleted and destroyed. *See Theofel v. Farey-Jones* (9th Cir. 2004) 359 F.3d 1066, 1079.

We understand from Amazon that you have withdrawn the subpoena to Amazon, but that you intend to immediately re-serve the subpoena (hopefully with proper notice to us this time). Presumably, you intend to do the same with the subpoena to YouTube. Among the documents called for by those subpoenas are documents containing extremely sensitive and confidential financial information that would create a substantial risk of significant financial or competitive harm to Dashgo (and possibly to Adrev as well). This fact highlights the pressing need for entry of a stipulated protective order in this matter, which we address below.

We need agreement from you <u>now</u> that you will not require production of documents from either Amazon or YouTube until the issue of the protective order is resolved, so that we have the ability to designate documents produced under the subpoenas. If you will not so agree, we will have no choice but to make a motion to quash and/or for a protective order, and we certainly will do that.

<u>Stipulated Protective Order</u>

Your letter of this morning, February 9, 2022, re-raises the issue of the protective order we have been discussing. Specifically, you state, in pertinent part:

Berman, Seth
February 9, 2022
Page 3

"Regarding my letter of February 4, 2022, you still have not provided us with an explanation as to why you insist that a two-tier protective order is necessary in this matter. You have also failed to confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules. Accordingly, if we do not receive confirmation that you are willing to participate in a conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute by 5:00 p.m. Pacific Time today, we will file a pre-motion letter pursuant to USDC-EDCA Local Rule 251 followed by a motion to compel and a motion for sanctions under FRCP Rule 11. Please be guided accordingly."

As you know, we sent you a draft proposed form of stipulated protective order on January 21, 2022 and requested your comments. You did not respond to that letter until the afternoon (just before 5:00 p.m. your time) of February 4, 2022 – fully *two weeks* after we sent our letter.

Yet your letter of this morning demands that we respond by 5:00 p.m. today, February 9, 2022, to a letter we received *only three business days ago*. That demand is facially unreasonable and does not constitute meeting and conferring in good faith.

Notwithstanding the unreasonable demands of your letter of this morning, we respond below, as best we can on such short notice, enumerating the reasons as to why we believe a two-tier protective order in this case is necessary and appropriate.

In your letter of February 4, 2022, you assert, without basis, that the need for disclosure and protection of highly sensitive confidential information and/or trade secrets "is neither relevant, nor applicable to this matter" and that "the only financial information that could ever warrant such a heightened protective measure would be financial information such as any royalties' reports from our respective clients". We beg to differ.

As a preliminary matter, your recent objection to a two-tier protective order is a 180 degree about-face from the position Yellowcake took in the Joint Scheduling Conference Report filed with the Court on August 10, 2021. Section 6.f. of that Report, signed by your co-counsel, Mr. Griffin[2], states:

"Defendants anticipate the need for a two-tier protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information. **Plaintiff is agreeable to entry of such order.**" (emphasis added)

Thus, in the first instance, we are surprised that you are now contending that a two-tier form is inappropriate.

---

[2] You had not yet been admitted *pro hac vice* at the time, but the representation of your co-counsel is binding on you. Moreover, you were copied on all correspondence relating to preparation of the Report.

Berman, Seth
February 9, 2022
Page 4

Regardless, it is clear you are now refusing to agree to entry of a two-tier protective order. There are several good reasons as to why such an order is wholly appropriate:

Our proposed form of two-tier protective order, provided to you on January 21, 2022, includes provisions regarding "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items are intended to protect "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of *significant financial or competitive harm* that could not be avoided by less restrictive means." (emphasis added)

This is undoubtedly a case in which there is a substantial risk of significant financial or competitive harm.

First, Yellowcake's Amended Complaint expressly alleges that Yellowcake is primarily engaged in the business of "exploiting intellectual property rights, including, but not limited to, digital music distribution." Amended Complaint, ¶ 17. The Amended Complaint also expressly alleges that Dashgo "is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as the Digital Distribution Platforms." Amended Complaint, ¶ 14. Thus, from the face of the Amended Complaint alone, based on Yellowcake's own allegations, it is apparent that Yellowcake is a direct competitor of Dashgo.

Second, as the further document production you made on February 4, 2022 shows, Yellowcake has granted Colonize Media, Inc. ("Colonize") licenses to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize Yellowcake's content on all online, mobile and digital platforms. *See* Yellowcake production Bates Nos. PLF004889-PLF004905; *see also* Seth L. Berman's Response to Show Cause as to Why His Pro Hac Vice Status Should Not Be Denied (filed 8/9/2021) at 3:17-23. Colonize is undoubtedly a direct competitor of Dashgo. However, Kevin Berger is a principal of both Yellowcake <u>and</u> Colonize.[3] In other words, even if Yellowcake is not directly competing with Dashgo, Colonize is, and any information, documents or other items produced in discovery in this action are substantially likely to fall into the hands of a Dashgo competitor.

Third, Yellowcake's document requests call for the production of documents, including sensitive financial documents, relating to "Yellowcake's Copyrighted Works" and "Foreign Works". Those terms are respectively defined in the Amended Complaint by reference to Exhibit A ("Yellowcake's Copyrighted Works") and Exhibit B ("Foreign Works"). Those Exhibits, in turn, are comprised of nothing more than a list of artists and song titles. However, the same artist can re-record a song multiple times even though each iteration bears the same title. Based only on the defined terms "Yellowcake's Copyrighted Works" and "Foreign Works", even with reference to the Exhibits A and B, it is entirely unclear which iteration of any given song Yellowcake is claiming rights to. Moreover, Yellowcake has not established that it, in fact, has rights to *any* of "Yellowcake's Copyrighted Works" or "Foreign Works".

---

[3] The California Secretary of State's records indicate that Mr. Berger is an officer (CFO) and director of Colonize, and the sole officer and director of Yellowcake.

Berman, Seth
February 9, 2022
Page 5

As a consequence, your document requests capture, inadvertently or otherwise, documents and information of third parties that are clients of Dashgo or Adrev. *See*, *e.g.*, Yellowcake's Requests for Production of Documents, Set One, Requests Nos. 1, 2, 9, 10, 11, 12, 25, 26, 28, 29, 34, 35, 40. Documents responsive to such requests would necessarily include the records of any client of Dashgo or Adrev that claims rights in any of "Yellowcake's Copyrighted Works" and "Foreign Works". The information of those third parties is private and confidential (as well as utterly irrelevant to this action[4]). Our clients have no interest in disclosing to your client (and its affiliates) such sensitive information; if they were to do so, they would be potentially putting their business relationships at risk.

For the reasons enumerated above, we insist that the two-tier form of protective order that we provided you, and which is based on the model form for the Northern District of California, is more appropriate for this case than the form of protective order you have proffered.

Putting aside the two-tier aspect of our proposed stipulated protective order, though, we still do not know whether you take issue with any of the other provisions of our form (which, again, is based on the Northern District form), and your letter of this morning does not enlighten us at all. We therefor renew our request (first made in our January 21, 2022 letter) that you provide us with your comments, if any, to our proposed form of protective order. If the only issue is single-tier versus two-tier, please let us know. If that is the case, and we still cannot agree, we will be prepared to tender the issue to the Court.

Discovery Dispute Resolution Procedure in E.D.Cal.

As noted above, your letter of this morning, February 9, 2022, states, in pertinent part:

"You have also failed to confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules. Accordingly, if we do not receive confirmation that you are willing to participate in a conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute by 5:00 p.m. Pacific Time today, we will file a pre-motion letter pursuant to USDC-EDCA Local Rule 251 followed by a motion to compel and a motion for sanctions under FRCP Rule 11."

As you know, Local Rule 251(b) provides:

"**Requirement of Conferring.** Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1)

---

[4] To the extent that there is a conflict between the copyright ownership claims of Yellowcake, on the one hand, and those of any third party client of Dashgo or Adrev, on the other hand, regarding any of the works defined in the Amended Complaint as "Yellowcake's Copyrighted Works" and "Foreign Works", such conflict would be the subject of a separate action. Indeed, from the other lawsuits filed by Yellowcake in California federal courts, listed in Section 14 of the Joint Scheduling Conference Report, it appears Yellowcake is (or was) actively pursuing such claims.

the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel."

In other words, pursuant to the Local Rules, as a threshold matter, the parties to a discovery dispute are required to meet and confer in good faith in an attempt to resolve their differences. With regard to the protective order, the meet and confer process has not been concluded; indeed, this very letter is part of that process. We still have no idea whether you take issue with any of the provisions of our proposed form of protective order other than the fact that it is a two-tier protective order, nor your substantive reasons as to why a two-tier order would be inappropriate (other than as enumerated above, namely, that "the need for disclosure and protection of highly sensitive confidential information and/or trade secrets is neither relevant, nor applicable to this matter.") Accordingly, any "conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute" would be grossly premature.

Local Rule 251(c), in turn, provides, in pertinent part:

"If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled 'Joint Statement re Discovery Disagreement.' All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement[.]"

The Joint Statement re Discovery Disagreement required by Local Rule 251 is, in fact, a joint statement of the parties to the discovery dispute and, thus, requires the signature of counsel for those parties. No Joint Statement re Discovery Disagreement can be filed without our agreement and consent as to its fact and content. Until such time as the meet and confer process has been concluded, we see no reason to so agree or consent.

Your letter demands that we "confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules" and threatens a motion for sanctions under Fed. R. Civ. P. 11.[5]

---

[5] As you know, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 F.R.D. 401, 146 F.R.D. 401, 591. The failure to collaborate in the preparation of a Joint Statement re Discovery Disagreement in good faith can also lead to sanctions. *See Est. of Crawley v. Kings Cty.* (E.D. Cal. July 24, 2015) No. 1:13-CV-02042-LJO, 2015 WL 4508642, at *1.

Berman, Seth
February 9, 2022
Page 7

Paragraph 6 of Magistrate Judge McAuliffe's Standing Order provides:

"<u>**Informal Telephonic Conferences re Discovery Disputes:**</u>

a) If the parties stipulate, Judge McAuliffe will resolve discovery disputes outside the formal Local Rule 251 procedures.

b) After obtaining the available dates and times from the courtroom deputy and agreeing upon a date and time with opposing counsel, confirm with the courtroom deputy when the parties will be calling in. All parties must appear telephonically.

c) At least 48 hours before the conference, the parties shall email chambers a two-page synopsis of their dispute in a letter or memo format (no exhibits or attachments). Email bamorders@caed.uscourts.gov."

By the plain terms of the Standing Order, there can be no informal telephonic conference without a stipulation by the parties. Moreover, like the Joint Statement re Discovery Disagreement, the "two-page synopsis" required under the Standing Order is also required to be jointly-composed.

Again, until such time as the meet and confer process has been concluded, we see no reason to stipulate to an informal telephonic conference with Magistrate Judge McAuliffe.

In view of the requirements of Local Rule 251 and Magistrate Judge McAuliffe's Standing Order, we are puzzled by your apparent belief that you can do away with the meet and confer process and simply unilaterally file a "pre-motion letter". Should you decide to attempt to do so, we will, of course, bring this letter to the Court's attention.

We look forward to your prompt response.

Sincerely,

DICKENSON, PEATMAN & FOGARTY

Richard Idell

RJI:obs
cc:    Tom Griffin, Esq. (via email only to tgriffin@hsmlaw.com)
       Ory Sandel, Esq.

# EXHIBIT 14

| From: | Seth L. Berman |
| To: | Richard Idell; Ory Sandel |
| Cc: | Tom Griffin; Taylor Cary; Gisela Rubenstein |
| Subject: | Yellowcake v. Dashgo et al- Your Letter of February 9, 2022 |
| Date: | Thursday, February 10, 2022 12:07:44 PM |
| Attachments: | image0946ef.PNG |
| | image9b83cb.PNG |
| | imagef48351.PNG |
| | image42b6c2.PNG |
| | image63861c.PNG |
| | imagea72dcf.PNG |
| | image0ceedb.PNG |
| | image805eee.PNG |
| | image458561.PNG |
| | imagec41258.PNG |
| | Gold Email - Yellowcake v. Dashgo- Withdrawal of Subpoena.pdf |
| | Email Ramie Snodgrass - Yellowcake v. Dashgo et al- Withdrawal of Subpoena.pdf |

Counsel:

I received your letter dated February 9, 2022  at 7:51 PM Eastern Time which unreasonably demands a response by 1 PM Eastern Time today.

I will not address the unprofessional ad hominem attacks in your letter and will address the substance of your letter in due course.

In the interim, please see the attached correspondence to counsel for Amazon and YouTube withdrawing the subpoenas. We have not received any documents produced response to the subpoenas.

Lastly, we are well aware of the meet and confer and letter writing procedures required by Judge McCauliffe's individual rules as well as Local Rule 251. As you are well aware, we met and conferred for over two hours and had multiple correspondence exchanges regarding the same discovery issues and have clearly reached an impasse. I have asked you if you are willing to participate in a call with Judge McCaullie. If you agree, I will prepare plaintiff's portion of the joint letter  and forward it to you to add your position. If you disagree, I will prepare plaintiff's portion of the joint letter required by Local Rule 251 and forward it to you to add your position. If we do not receive confirmation from you that you are willing to schedule a call with Judge McCauliffe today by 5 PM Pacific Time, we will take it to mean that you are not willing to participate in such a call and will forward plaintiff's portion of the joint letter required by Local Rule 251. If you do not respond timely, we will notify the court of our attempts to obtain your cooperation and file our motions accordingly.

Sent from my iPhone

**_Seth L. Berman_**_, Esq._ **|** _Partner/Director Intellectual Property and Entertainment Dept._

_**Long Island Office**_

3 Dakota Drive Suite 300

Lake Success, New York 11042



516-328-2300 x 251 | Phone
516-328-6638 |    Fax
sberman@abramslaw.com
www.abramslaw.com

   

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/02

**Seth L. Berman**, *Esq.* | *Partner/Director Intellectual Property and Entertainment Dept.*

*Long Island Office*

3 Dakota Drive Suite 300
Lake Success, New York 11042
516-328-2300 x 251 | Phone
516-328-6638 |    Fax
sberman@abramslaw.com
www.abramslaw.com



   

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/01

# EXHIBIT 15

**DP&F**
ATTORNEYS AT LAW

RICHARD IDELL
ridell@dpf-law.com

February 10, 2022

**MEET AND CONFER
PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY
(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

　　　　Re:　　**Yellowcake adv. Dashgo, et al.**
　　　　　　　　**USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM**

Dear Seth:

　　　　I am responding to your email this morning, demanding a response by the end of today.

　　　　We deny any lack of professionalism or *ad hominem* attacks, on you or anyone else. Our letter speaks for itself.

　　　　**Unlawful Subpoenas**

　　　　Despite our express request, you failed to provide us with copies of the responses given by Amazon and YouTube to your unlawful subpoenas. We have now obtained those directly from the subpoenaed parties and will, of course, bring the fact of your non-disclosure to the court's attention, should such attention become warranted.

　　　　**Discovery Matters**

　　　　We seem to have a basic disagreement over the status of our meet and confer on various discovery, and it seems you are intent on mixing apples and oranges.

　　　　　　　　*Protective Order*

　　　　As you know, the lack of a protective order is the threshold outstanding issue that needs to be resolved before any documents are produced either by our clients or by any third parties.[1] The issue of the prospective order also potentially affects other discovery which concerns

---

[1] Again, and as noted in our letter of yesterday's date, we understand that you intend to immediately re-serve subpoenas on Amazon and YouTube. In order to avoid unnecessary motion practice (i.e., a motion to quash and/or motion for a protective order), the issue of a protective order should be resolved prior to any return date on any subpoenas you may issue (or reissue).

"confidential" or "highly confidential" information or items, as defined in our form of protective order.

You have an affirmative obligation to respond to our letter from yesterday in which we explained, in great detail (particularly given the absurdly short amount of time in which you demanded a response from us), why we insist on a two-tier form of protective order. You also have an obligation to respond as to whether you disagree with any provisions other than whether it is one or two tier so that we can evaluate whether any other disputes actually exist and, if so, what those disputes are.

If your only objection is that our form is that it is two-tier, then, I agree, we are ready to prepare a joint statement of issues pursuant to Rule 251 on the form of protective order. If, on the other hand, you have other issues with the form, we have not yet heard from you as to what those issues are, and we are therefore not yet ready to prepare a joint statement under Rule 251. If we do not hear otherwise, we will understand that you have no other issues with our proposed form of protective order.

Again, the issue of the protective order must be resolved if other discovery is to go forward, including your subpoenas to third parties, so we again ask for a response to our letter of yesterday. Another copy is enclosed for your convenience.

### *Interrogatory Responses*

The meet and confer call we had on January 18, 2022 – more than three weeks ago – covered certain issues regarding our responses to your interrogatories, but we by no means went over every single interrogatory and answer on that call. We told you then that we would amend our responses in certain respects. This is addressed in our letter to you of January 21, 2022.

Although we sent you a subsequent letter on February 4, 2022 requesting a response on the issue of the interrogatory responses, we have yet to hear back from you regarding that issue. Please respond to our letters on this issue.

In any case, we are still intending to serve amended interrogatory responses tomorrow. Once you have had a chance to review those amended responses, we will certainly meet and confer with you further if you believe there are any remaining issues. At this point, however, there is no issue concerning the interrogatories that is ripe for a Rule 251 process.

### *Document Production*

We told you, in our letter of January 21, 2022, that we would commence production within three weeks of entry of a protective order. No protective order has yet been entered and, accordingly, once again, the issue of our document production is not ripe for a Rule 251 process resolution; the form of protective order must be resolved as a preliminary matter – not only with regard to our document production, but also as to any document production to be made by any third parties. *See* footnote 1, *supra.*

Berman, Seth
February 10, 2022
Page 3

### *Time Limitations*

With regard to time limitations, we are willing to accept your offer to limit financial discovery to the three years before the filing of the complaint, i.e., May 17, 2018-May 17, 2021.

We are, however, perplexed as to why you would tell Amazon's attorney that the time limit on your unlawful subpoena (which has no time limitation whatsoever) should be 2014 and forward, when that subpoena largely sought similar financial discovery.

Otherwise, we are also willing to accept your proposal of a 2010 and forward time limitation for the production of other (non-financial) extant, relevant, non-privileged documents.

Please get back to us on the above.

Sincerely,

DICKENSON, PEATMAN & FOGARTY

Richard Idell

RJI:obs
Enclosure
cc:     Tom Griffin, Esq. (via email only to tgriffin@hsmlaw.com)
        Ory Sandel, Esq.

**DP&F**

ATTORNEYS AT LAW

RICHARD IDELL
ridell@dpf-law.com

February 9, 2022

**MEET AND CONFER**
**PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY**
**(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

> Re:  **Yellowcake adv. Dashgo, et al.**
> **USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM**

Dear Seth:

This letter responds to your letter of this morning, February 9, 2022.

Improper Third-Party Subpoenas

As you know, yesterday, February 8, 2022, promptly following our discovery that you had served a subpoena on Amazon.com, Inc. ("Amazon") without providing notice to us, we sent you a letter demanding: (a) that you immediately withdraw the subpoena to Amazon; and (b) immediately provide us with copies of each subpoena you may have issued without giving notice to us.

This morning, February 9, 2022, we received a letter from you, which discloses, for the first time, that you had also issued a subpoena to Youtube, Inc. ("YouTube"). From the version of the subpoena you provided to us, it appears you issued the subpoena to YouTube on January 13, 2022, with a return date of February 1, 2022. In other words, the subpoena to YouTube has the same defects as the subpoena to Amazon, namely, that you did not comply with the requirements of Fed. R. Civ. P. 45(a)(4), nor allow this office sufficient time to object to the subpoena.[1] *See Deuss v. Siso*, No. 14-CV-00710-YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014).

---

[1] The subpoenas to Amazon and YouTube are objectionable in other ways, including without limitation in that they purport to be unlimited as to time and, therefore, facially overbroad as to time, capturing documents throughout time that have no relevance to any of the issues in this action.

It is surprising that a practitioner who was admitted to practice in New York federal courts in 2010, and has represented Yellowcake in numerous federal court actions in California, would "inadvertently" issue not one, but two subpoenas to third parties without giving proper notice to opposing counsel, as required by the Federal Rules of Civil Procedure and the relevant case law of every federal judicial district in the country (including those in New York). It is also telling that the two subpoenas were apparently issued on different dates, calling into question the credibility of the contention of "inadvertence".

Putting aside the issue of intent, your letter of this morning states, in pertinent part: "[W]e hereby withdraw the subpoenas without prejudice and reserve all rights to serve amended subpoenas." However, your letter does not indicate that it was copied to either of the subpoenaed third parties, namely, Amazon and YouTube, nor their respective counsel.

Accordingly, we hereby demand that you provide to us, **by 10:00 a.m. Pacific/1:00 p.m. Eastern time tomorrow, February 10, 2022**, written evidence of your contacting Amazon and YouTube, either directly or through their respective counsel, advising them that those subpoenas have been withdrawn.

If there has been *any* written response (including any emails or letters between you and/or Mr. Griffin, on the one hand, and Amazon and/or YouTube and/or their counsel, on the other hand) or production of documents in response to either subpoena, please advise us of that as well. Any responses and documents produced are <u>unauthorized by law</u> and must be returned immediately to the subpoenaed parties, and all copies in Yellowcake's possession, custody or control immediately deleted and destroyed. *See Theofel v. Farey-Jones* (9th Cir. 2004) 359 F.3d 1066, 1079.

We understand from Amazon that you have withdrawn the subpoena to Amazon, but that you intend to immediately re-serve the subpoena (hopefully with proper notice to us this time). Presumably, you intend to do the same with the subpoena to YouTube. Among the documents called for by those subpoenas are documents containing extremely sensitive and confidential financial information that would create a substantial risk of significant financial or competitive harm to Dashgo (and possibly to Adrev as well). This fact highlights the pressing need for entry of a stipulated protective order in this matter, which we address below.

We need agreement from you now that you will not require production of documents from either Amazon or YouTube until the issue of the protective order is resolved, so that we have the ability to designate documents produced under the subpoenas. If you will not so agree, we will have no choice but to make a motion to quash and/or for a protective order, and we certainly will do that.

Stipulated Protective Order

Your letter of this morning, February 9, 2022, re-raises the issue of the protective order we have been discussing. Specifically, you state, in pertinent part:

"Regarding my letter of February 4, 2022, you still have not provided us with an explanation as to why you insist that a two-tier protective order is necessary in this matter. You have also failed to confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules. Accordingly, if we do not receive confirmation that you are willing to participate in a conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute by 5:00 p.m. Pacific Time today, we will file a pre-motion letter pursuant to USDC-EDCA Local Rule 251 followed by a motion to compel and a motion for sanctions under FRCP Rule 11. Please be guided accordingly."

As you know, we sent you a draft proposed form of stipulated protective order on January 21, 2022 and requested your comments. You did not respond to that letter until the afternoon (just before 5:00 p.m. your time) of February 4, 2022 – fully *two weeks* after we sent our letter.

Yet your letter of this morning demands that we respond by 5:00 p.m. today, February 9, 2022, to a letter we received *only three business days ago*. That demand is facially unreasonable and does not constitute meeting and conferring in good faith.

Notwithstanding the unreasonable demands of your letter of this morning, we respond below, as best we can on such short notice, enumerating the reasons as to why we believe a two-tier protective order in this case is necessary and appropriate.

In your letter of February 4, 2022, you assert, without basis, that the need for disclosure and protection of highly sensitive confidential information and/or trade secrets "is neither relevant, nor applicable to this matter" and that "the only financial information that could ever warrant such a heightened protective measure would be financial information such as any royalties' reports from our respective clients". We beg to differ.

As a preliminary matter, your recent objection to a two-tier protective order is a 180 degree about-face from the position Yellowcake took in the Joint Scheduling Conference Report filed with the Court on August 10, 2021. Section 6.f. of that Report, signed by your co-counsel, Mr. Griffin[2], states:

"Defendants anticipate the need for a two-tier protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information. **Plaintiff is agreeable to entry of such order.**" (emphasis added)

Thus, in the first instance, we are surprised that you are now contending that a two-tier form is inappropriate.

---

[2] You had not yet been admitted *pro hac vice* at the time, but the representation of your co-counsel is binding on you. Moreover, you were copied on all correspondence relating to preparation of the Report.

Regardless, it is clear you are now refusing to agree to entry of a two-tier protective order. There are several good reasons as to why such an order is wholly appropriate:

Our proposed form of two-tier protective order, provided to you on January 21, 2022, includes provisions regarding "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items are intended to protect "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of *significant financial or competitive harm* that could not be avoided by less restrictive means." (emphasis added)

This is undoubtedly a case in which there is a substantial risk of significant financial or competitive harm.

First, Yellowcake's Amended Complaint expressly alleges that Yellowcake is primarily engaged in the business of "exploiting intellectual property rights, including, but not limited to, digital music distribution." Amended Complaint, ¶ 17. The Amended Complaint also expressly alleges that Dashgo "is in the business of selling and distributing music throughout the world using multiple internet distribution and retail channels such as the Digital Distribution Platforms." Amended Complaint, ¶ 14. Thus, from the face of the Amended Complaint alone, based on Yellowcake's own allegations, it is apparent that Yellowcake is a direct competitor of Dashgo.

Second, as the further document production you made on February 4, 2022 shows, Yellowcake has granted Colonize Media, Inc. ("Colonize") licenses to distribute, stream, transmit, exhibit, display, reproduce, enforce and monetize Yellowcake's content on all online, mobile and digital platforms. *See* Yellowcake production Bates Nos. PLF004889-PLF004905; *see also* Seth L. Berman's Response to Show Cause as to Why His Pro Hac Vice Status Should Not Be Denied (filed 8/9/2021) at 3:17-23. Colonize is undoubtedly a direct competitor of Dashgo. However, Kevin Berger is a principal of both Yellowcake and Colonize.[3] In other words, even if Yellowcake is not directly competing with Dashgo, Colonize is, and any information, documents or other items produced in discovery in this action are substantially likely to fall into the hands of a Dashgo competitor.

Third, Yellowcake's document requests call for the production of documents, including sensitive financial documents, relating to "Yellowcake's Copyrighted Works" and "Foreign Works". Those terms are respectively defined in the Amended Complaint by reference to Exhibit A ("Yellowcake's Copyrighted Works") and Exhibit B ("Foreign Works"). Those Exhibits, in turn, are comprised of nothing more than a list of artists and song titles. However, the same artist can re-record a song multiple times even though each iteration bears the same title. Based only on the defined terms "Yellowcake's Copyrighted Works" and "Foreign Works", even with reference to the Exhibits A and B, it is entirely unclear which iteration of any given song Yellowcake is claiming rights to. Moreover, Yellowcake has not established that it, in fact, has rights to *any* of "Yellowcake's Copyrighted Works" or "Foreign Works".

---

[3] The California Secretary of State's records indicate that Mr. Berger is an officer (CFO) and director of Colonize, and the sole officer and director of Yellowcake.

Berman, Seth
February 9, 2022
Page 5

As a consequence, your document requests capture, inadvertently or otherwise, documents and information of third parties that are clients of Dashgo or Adrev. *See*, *e.g.*, Yellowcake's Requests for Production of Documents, Set One, Requests Nos. 1, 2, 9, 10, 11, 12, 25, 26, 28, 29, 34, 35, 40. Documents responsive to such requests would necessarily include the records of any client of Dashgo or Adrev that claims rights in any of "Yellowcake's Copyrighted Works" and "Foreign Works". The information of those third parties is private and confidential (as well as utterly irrelevant to this action[4]). Our clients have no interest in disclosing to your client (and its affiliates) such sensitive information; if they were to do so, they would be potentially putting their business relationships at risk.

For the reasons enumerated above, we insist that the two-tier form of protective order that we provided you, and which is based on the model form for the Northern District of California, is more appropriate for this case than the form of protective order you have proffered.

Putting aside the two-tier aspect of our proposed stipulated protective order, though, we still do not know whether you take issue with any of the other provisions of our form (which, again, is based on the Northern District form), and your letter of this morning does not enlighten us at all. We therefor renew our request (first made in our January 21, 2022 letter) that you provide us with your comments, if any, to our proposed form of protective order. If the only issue is single-tier versus two-tier, please let us know. If that is the case, and we still cannot agree, we will be prepared to tender the issue to the Court.

Discovery Dispute Resolution Procedure in E.D.Cal.

As noted above, your letter of this morning, February 9, 2022, states, in pertinent part:

"You have also failed to confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules. Accordingly, if we do not receive confirmation that you are willing to participate in a conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute by 5:00 p.m. Pacific Time today, we will file a pre-motion letter pursuant to USDC-EDCA Local Rule 251 followed by a motion to compel and a motion for sanctions under FRCP Rule 11."

As you know, Local Rule 251(b) provides:

"**Requirement of Conferring.** Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 26 through 37 and 45, including any motion to exceed discovery limitations or motion for protective order, shall not be heard unless (1)

---

[4] To the extent that there is a conflict between the copyright ownership claims of Yellowcake, on the one hand, and those of any third party client of Dashgo or Adrev, on the other hand, regarding any of the works defined in the Amended Complaint as "Yellowcake's Copyrighted Works" and "Foreign Works", such conflict would be the subject of a separate action. Indeed, from the other lawsuits filed by Yellowcake in California federal courts, listed in Section 14 of the Joint Scheduling Conference Report, it appears Yellowcake is (or was) actively pursuing such claims.

the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel."

In other words, pursuant to the Local Rules, as a threshold matter, the parties to a discovery dispute are required to meet and confer in good faith in an attempt to resolve their differences. With regard to the protective order, the meet and confer process has not been concluded; indeed, this very letter is part of that process. We still have no idea whether you take issue with any of the provisions of our proposed form of protective order other than the fact that it is a two-tier protective order, nor your substantive reasons as to why a two-tier order would be inappropriate (other than as enumerated above, namely, that "the need for disclosure and protection of highly sensitive confidential information and/or trade secrets is neither relevant, nor applicable to this matter.") Accordingly, any "conference call with Magistrate Judge McAuliffe to resolve our outstanding discovery dispute" would be grossly premature.

Local Rule 251(c), in turn, provides, in pertinent part:

"If the moving party is still dissatisfied after the conference of counsel, that party shall draft and file a document entitled 'Joint Statement re Discovery Disagreement.' All parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement[.]"

The Joint Statement re Discovery Disagreement required by Local Rule 251 is, in fact, a joint statement of the parties to the discovery dispute and, thus, requires the signature of counsel for those parties. No Joint Statement re Discovery Disagreement can be filed without our agreement and consent as to its fact and content. Until such time as the meet and confer process has been concluded, we see no reason to so agree or consent.

Your letter demands that we "confirm whether your will participate in a discovery dispute resolution conference call pursuant to Magistrate Judge McAuliffe's individual rules" and threatens a motion for sanctions under Fed. R. Civ. P. 11.[5]

---

[5] As you know, the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions. *See* Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 F.R.D. 401, 146 F.R.D. 401, 591. The failure to collaborate in the preparation of a Joint Statement re Discovery Disagreement in good faith can also lead to sanctions. *See Est. of Crawley v. Kings Cty.* (E.D. Cal. July 24, 2015) No. 1:13-CV-02042-LJO, 2015 WL 4508642, at *1.

Berman, Seth
February 9, 2022
Page 7

Paragraph 6 of Magistrate Judge McAuliffe's Standing Order provides:

"**Informal Telephonic Conferences re Discovery Disputes:**

a) If the parties stipulate, Judge McAuliffe will resolve discovery disputes outside the formal Local Rule 251 procedures.

b) After obtaining the available dates and times from the courtroom deputy and agreeing upon a date and time with opposing counsel, confirm with the courtroom deputy when the parties will be calling in. All parties must appear telephonically.

c) At least 48 hours before the conference, the parties shall email chambers a two-page synopsis of their dispute in a letter or memo format (no exhibits or attachments). Email bamorders@caed.uscourts.gov."

By the plain terms of the Standing Order, there can be no informal telephonic conference without a stipulation by the parties. Moreover, like the Joint Statement re Discovery Disagreement, the "two-page synopsis" required under the Standing Order is also required to be jointly-composed.

Again, until such time as the meet and confer process has been concluded, we see no reason to stipulate to an informal telephonic conference with Magistrate Judge McAuliffe.

In view of the requirements of Local Rule 251 and Magistrate Judge McAuliffe's Standing Order, we are puzzled by your apparent belief that you can do away with the meet and confer process and simply unilaterally file a "pre-motion letter". Should you decide to attempt to do so, we will, of course, bring this letter to the Court's attention.

We look forward to your prompt response.

Sincerely,

DICKENSON, PEATMAN & FOGARTY

Richard Idell

RJI:obs
cc:    Tom Griffin, Esq. (via email only to tgriffin@hsmlaw.com)
       Ory Sandel, Esq.

# EXHIBIT 16

| From: | Gisela Rubenstein on behalf of Seth L. Berman |
|---|---|
| To: | ridell@dpf-law.com; osandel@dpf-law.com |
| Cc: | Seth L. Berman; Tom Griffin |
| Subject: | Yellowcake v. Dashgo - Plaintiff"s supplemental response to Defendants" document request set one |
| Date: | Tuesday, May 24, 2022 9:52:03 AM |
| Attachments: | Plaintiff"s Third Supplemental Response to Dashgo"s Document Demands - Set One -FINAL.pdf |
| | Pages from DH1 Media-03-20.pdf |
| | image7be93c.PNG |
| | image3d6d91.PNG |
| | image90cbbc.PNG |
| | image02a535.PNG |
| | image56ebcd.PNG |

Richard:

In response to your email from yesterday in response to my email of May 20, 2022, we would like to further meet and confer about the following:

1)      The time scope of Plaintiff's Request for Documents, Set Two.

2)      Your proposed stipulation concerning the subpoenas.

3)      The briefing schedule for Plaintiff's motion to compel.

4)      Plaintiff's Third Supplemental Response to Defendant's First Request for Documents which is directly related to Plaintiff's Motion to Compel Responses to Plaintiff's Interrogatories and First Request for Documents. Specifically, we have provided an email and attachment that show that Dashgo, as a sub-distributor for Colonize Media, has previously sent royalty accounting reports directly to Colonize Media. This is relevant for two reasons. First, it refutes your claim that a two-tier protective order is necessary to protect Dashgo's alleged proprietary accounting from being seen by Kevin Berger.  As you know, Mr. Berger is an investor in Colonize Media.  Mr. Berger saw certain of these reports when they were received by Colonize Media. Since Dashgo  has already sent royalty account reports directly to Colonize Media, certain of which have been seen by Mr. Berger, the claim that a two-tier protective order (with an "attorneys eyes only" protection for the allegedly highly confidential financial information) is required is simply not supportable. Dashgo has already provided royalty accounting reports to Colonize Media.  Second, the documents that have been produced demonstrate that Dashgo maintains a database, searchable by artist, and that the information demanded by interrogatory numbers two and four can easily be extracted by Dashgo and provided in substantive responses to Plaintiff's interrogatories rather than just relying on FRCP 33(d).

5)      Section II. C. of Plaintiff's letter dated May 16, 2022, confirming in writing that Plaintiff would further search for documents responsive to Defendants' Request for Documents, Set Three.

Please let us know what times you are available to speak either later today or after tomorrow.

**_Seth L. Berman_**_, Esq._ | _Partner/Director Intellectual Property and Entertainment Dept._



### Long Island Office

3 Dakota Drive Suite 300

Lake Success, New York 11042

516-328-2300 x 251 | Phone

516-328-6638 |     Fax

sberman@abramslaw.com

www.abramslaw.com

   

**Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan**

CONFIDENTIALITY NOTICE: This e-mail may be an attorney-client communication and may contain information that is privileged and confidential and is therefore subject to legal restrictions and penalties regarding its unauthorized disclosure or other use. If you are not the intended recipient you are prohibited from copying, forwarding, distributing, disseminating, or otherwise viewing this e-mail and any attachments hereto. Please notify the sender and delete this e-mail if you are not the intended recipient. AF/02

# EXHIBIT 17



**Attachments:**          DH1 Media Statements March '20 - July '20.zip

**Caution: This email originated outside of the organization**

---------- Forwarded message ---------
From: **Erik Gressinger** <erik@adrev.net>
Date: Thu, Jul 30, 2020, 1:18 PM
Subject: Re: Statements and infringements
To: Ben Patterson <benp@dashgo.com>
Cc: David Hernandez <davidh@colonizemedia.com>

Hi David,

$122,246.78 will be deposited tomorrow, 7/31, for March '20 - July '20 statements. The money was held due to strikes on our MCN but this has been resolved.

Best,

Erik Gressinger
DashGo, Inc.
Royalties Manager
http://www.dashgo.com

On Thu, Jul 30, 2020 at 9:52 AM Ben Patterson <benp@dashgo.com> wrote:
Erik will provide whatever statements we have. We've responded to all your takedown requests per your instructions to remove at your direction. If you want us to trigger a complete takedown of any remaining catalog effective immediately we can do that today please let us know.

Ben

On Thu, Jul 30, 2020 at 9:25 AM David Hernandez <davidh@colonizemedia.com> wrote:
Hi Eric,

It just came to my attention from our team that we have not been receiving statements.

Something alarming that also just came to my attention is that many assets not under distribution by Dashgo have been distributed without authorization and many are still being claimed in other platforms. We ended our relationship with Dashago many years ago, nothing else should be distributed or claimed by DashGo or AudioBee.

1

PLF009532

Can you please let me know what is going on and please send reports?


Thank you!

--
David Hernandez | CEO | COLONIZE MEDIA, INC | 415-735-8236 | DavidH@ColonizeMedia.com


This email and any files transmitted with it are confidential and intended solely for the use of the individual or
entity to whom they are addressed. If you have received this email in error please notify the system manager. This
message contains confidential information and is intended only for the individual named. If you are not the named
addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail
if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended
recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of
this information is strictly prohibited.



--
Ben Patterson
President



310-310-2382
2999 Overland Ave. Suite 123
Los Angeles CA 90064
benp@dashgo.com
Subscribe to get news from DashGo: http://eepurl.com/bp31kD

PLF009533

PLF005240

| Transaction Date | Store | Region | Artist Name | Track Title / Videoid | ChannelId ISRC | Units | Currency | Product Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/6/2020 | Youtube AD | CO | | | A4135943 2428116 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | MX | | | A21550101 2962681 | 49 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/7/2020 | Youtube AD | US | | | A21550101 2962681 | 51 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/23/2020 | Youtube AD | MX | | 11 | A15452897 1652650 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/17/2020 | Youtube AD | US | | 14 | A23388560 3781809 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | MX | | 15 | A15670446 5466403 | 7 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/14/2020 | Youtube AD | US | | 15 | A15670446 5466403 | 4 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | MX | | 16 | A63593773 3591124 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/31/2020 | Youtube AD | US | | 16 | A63593773 3591124 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/6/2020 | Youtube AD | MX | | 5 | A54539404 9106241 | 5 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | US | | 5 | A54539404 9106241 | 4 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | BUKNAS DE CULIACAN | BUKNAS EN EL RACHO AYALAI | A86044747 3222427 | 11 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | US | BUKNAS DE CULIACAN | BUKNAS EN EL RACHO AYALAI | A86044747 3222427 | 2 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/14/2020 | Youtube AD | MX | BUKNAS DE CULIACAN | BuKnas en Las Palmas Las Vegas nevada 102811 | A70702436 1225447 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/8/2020 | Youtube AD | MX | Buknas de culiacan | BUKNAS MONTAN DO CABALLO | A84975370 3204765 | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | MX | LOS VAQUETO NES | CRAZY ASS VAQUETO NES (EN VIVO) | Wg9You00kKs | 1 | USD | S | 0 | 0 | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005241

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/29/2020 | Youtube AD | US | UOS VAQUETO NES | UOS VAQUETO NES | | | | CRAZY ASS VAQUETO NES (EN VIVO) | WgXYsuO0kKs | | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | US | EL TAUVAN ALTERADO | EL TAUVAN ALTERADO | | | | EL TAUVAN TRADUCIENDO PORTUGUES | | A15143781 9628114 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | US | Buknas de culiacan | | | | | en las vegas | | A53527106 8397086 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/13/2020 | Youtube AD | CO | | | | | | GRUPO RENKO 1- Dame Un Beso. | | A84611574 8314466 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/27/2020 | Youtube AD | ES | | | | | | GRUPO RENKO 1- Dame Un Beso. | | A84611574 8314466 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 1- Dame Un Beso. | | A84611574 8314466 | | | | 417 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 1- Dame Un Beso. | | A84611574 8314466 | | | | 313 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/15/2020 | Youtube Premium | MX | | | | | | GRUPO RENKO 1- Dame Un Beso. | 6x3NyWZuB0 | | | | | 2 | USD | S | | 0.0039 | 1 | 0.0039 | 90.00% | 0.00351 | 0.00% | 0 | 0 | 0.00351 | N |
| 1/14/2020 | Youtube Premium | US | | | | | | GRUPO RENKO 1- Dame Un Beso. | 6x3NyWZuB0 | | | | | 3 | USD | S | | 0.03244 | 1 | 0.03244 | 90.00% | 0.0292 | 0.00% | 0 | 0 | 0.0292 | N |
| 1/19/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 1- Toquemme La Que Le Gusta A Mi Novia. | | A42891953 3200272 | | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/31/2020 | Youtube AD | US | | | | | | GRUPO RENKO 1- Toquemme La Que Le Gusta A Mi Novia. | | A42891953 3200272 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005242

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 10-Galopand o En La Pradera. | A76223248 8759202 | | | | | 70 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 10-Galopand o En La Pradera. | A76223248 8759202 | | | | | 39 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 10-Siempre Te Recordare . | A82617193 2621572 | | | | | 74 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | PE | | | | | | GRUPO RENKO 10-Siempre Te Recordare . | A82617193 2621572 | | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 10-Siempre Te Recordare . | A82617193 2621572 | | | | | 47 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | HN | | | | | | GRUPO RENKO 2-El Picorete. | A57658030 3914685 | | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 2-El Picorete. | A57658030 3914685 | | | | | 86 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 2-El Picorete. | A57658030 3914685 | | | | | 120 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/8/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 2-Quien Es Mejor Que Quien. | A90691151 7116677 | | | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/28/2020 | Youtube AD | US | | | | | | GRUPO RENKO 2-Quien Es Mejor Que Quien. | A90691151 7116677 | | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005243

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/5/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 3- Como Cuando Estabas Tu. | | A47048214 | 7278814 | | | 67 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 3- Como Cuando Estabas Tu. | | A47048214 | 7278814 | | | 39 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/22/2020 | Youtube AD | US | | | | | | GRUPO RENKO 3- El Plebeyo. | | A85176784 | 2713242 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 4- La Pobreza Es Una Cruz. | | A93469735 | 3024242 | | | 12 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/18/2020 | Youtube AD | US | | | | | | GRUPO RENKO 4- La Pobreza Es Una Cruz. | | A93469725 | 3024242 | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 4- Toquemme La Que Le Gusta A Mi Novia. | | A90539121 | 1310563 | | | 76 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 4- Toquemme La Que Le Gusta A Mi Novia. | | A90539121 | 1310563 | | | 56 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/19/2020 | Youtube Premium | MX | | | | | | GRUPO RENKO 4- Toquemme La Que Le Gusta A Mi Novia. | 8sLNemVc QkI | | | | | 1 | USD | S | | 0.00163 | 1 | 0.00163 | 90.00% | 0.00147 | 0.00% | | 0 | 0.00147 | N |
| 1/3/2020 | Youtube AD | HN | | | | | | GRUPO RENKO 5- Corazon Solitario. | | A56994889 | 1256659 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |

PLF005244

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videold | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 5- Corazon Solitario. | | A56994839 1250659 | | | | 62 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 5- Corazon Solitario. | | A56994839 1250659 | | | | 52 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube Premium | MX | | | | | | GRUPO RENKO 5- Corazon Solitario. | D4rPYMB ZZd8 | | | | | 1 | USD | S | | 0.00227 | 1 | 0.00227 | 90.00% | 0.00204 | 0.00% | 0 | 0 | 0.00204 | N |
| 1/10/2020 | Youtube Premium | US | | | | | | GRUPO RENKO 5- Corazon Solitario. | D4rPYMB ZZd8 | | | | | 3 | USD | S | | 0.0145 | 1 | 0.0145 | 90.00% | 0.01305 | 0.00% | 0 | 0 | 0.01305 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 5- Tu Equivocaci on. | | A21827557 3860889 | | | | 47 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 5- Tu Equivocaci on. | | A21827557 3860889 | | | | 35 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/12/2020 | Youtube Premium | CR | | | | | | GRUPO RENKO 5- Tu Equivocaci on. | 0-oJYy_qJk | | | | | 1 | USD | S | | 0.00281 | 1 | 0.00281 | 90.00% | 0.00253 | 0.00% | 0 | 0 | 0.00253 | N |
| 1/22/2020 | Youtube Premium | US | | | | | | GRUPO RENKO 5- Tu Equivocaci on. | 0-oJYy_qJk | | | | | 1 | USD | S | | 0.0078 | 1 | 0.0078 | 90.00% | 0.00702 | 0.00% | 0 | 0 | 0.00702 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 6- Eres. | A47420557 8303904 | | | | | 95 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 6- Eres. | A47420557 8303904 | | | | | 68 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube Premium | US | | | | | | GRUPO RENKO 6- Eres. | 6x0Omv-E00c | | | | | 6 | USD | S | | 0.02643 | 1 | 0.02643 | 90.00% | 0.02379 | 0.00% | 0 | 0 | 0.02379 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 6- Prestame El Horno. | A54405055 5294557 | | | | | 146 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 6- Prestame El Horno. | A54405055 5294557 | | | | | 80 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005245

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/27/2020 | Youtube AD | ES | | | | | | GRUPO RENKO 7-Al Amor De Mi Vida. | | A82552109 9282351 | | | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 7-Al Amor De Mi Vida. | | A82552109 9282351 | | | | 136 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | US | | | | | | GRUPO RENKO 7-Al Amor De Mi Vida. | | A82552109 9282351 | | | | 99 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/10/2020 | Youtube Premium | MX | | | | | | GRUPO RENKO 7-Al Amor De Mi Vida. | 8QJyf4QkY nA | | | | | 1 | USD | S | | 0.00227 | 1 | 0.00227 | 90.00% | 0.00204 | 0.00% | 0 | 0 | 0.00204 | N |
| 1/9/2020 | Youtube Premium | US | | | | | | GRUPO RENKO 7-Al Amor De Mi Vida. | 8QJyf4QkY nA | | | | | 3 | USD | S | | 0.0157 | 1 | 0.0157 | 90.00% | 0.01413 | 0.00% | 0 | 0 | 0.01413 | N |
| 1/3/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 7-Yo Quiero Ser. | | A72955966 1938318 | | | | 25 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | US | | | | | | GRUPO RENKO 7-Yo Quiero Ser. | | A72955966 1938318 | | | | 21 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/27/2020 | Youtube AD | ES | | | | | | GRUPO RENKO 8-Que Bonita chaparrita. | | A47717053 2612792 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 8-Que Bonita chaparrita. | | A47717053 2612792 | | | | 99 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | US | | | | | | GRUPO RENKO 8-Que Bonita chaparrita. | | A47717053 2612792 | | | | 51 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005246

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/10/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 8-Rompi El Vestido Blanco. | | A34908875 7370181 | | | | 7 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | US | | | | | | GRUPO RENKO 8-Rompi El Vestido Blanco. | | A34908875 7370181 | | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 9-Latir De Amor. | | A94667810 4991616 | | | | 87 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 9-Latir De Amor. | | A94667810 4991616 | | | | 70 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/13/2020 | Youtube AD | MX | | | | | | GRUPO RENKO 9-Los Vergeñtos. | | A90859487 3336614 | | | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | GRUPO RENKO 9-Los Vergeñtos. | | A90859487 3336614 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/15/2020 | Youtube AD | MX | | | | | | Jaime Haro - Alma de acero | | A27396148 4299774 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | Jaime Haro - Juro que nunca volvere | | A23529056 1032040 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/13/2020 | Youtube AD | MX | | | | | | Jaime Haro - La AraÃ±a | | A82190161 5683867 | | | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | Jaime Haro - La enorme distancia | | A11694952 1395985 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/19/2020 | Youtube AD | SV | | | | | | JOSE RUVALCA BA HUERFAN O DE AMOR | | A51017319 5684568 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/10/2020 | Youtube AD | BO | | | | | | Jose Ruvalcaba Regalame esta noche | | A45549084 6502801 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005247

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2020 | Youtube AD | MX | | | | | | Jose Ruvalcaba Regalame esta noche | | A45549084 6502801 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/24/2020 | Youtube AD | US | | | | | | Jose Ruvalcaba Regalame esta noche | | A45549084 6502801 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | GT | | | | | | JOSE RUVALCA BA - CUATRO NOCHES | | A36908251 0379409 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/10/2020 | Youtube AD | MX | | | | | | JOSE RUVALCA BA - EL GUERO BANDOLE RO | | A36993163 0001843 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | MX | | | | | | JOSE RUVALCA BA - LA CHIMENE A DE MI COMADRE | | A34197863 9588243 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | MX | | | | | | Jose Ruvalcaba - Lupe Ruvalcaba 0 | | A60054200 5295170 | | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/10/2020 | Youtube AD | US | | | | | | Jose Ruvalcaba - Lupe Ruvalcaba 0 | | A60054200 5295170 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/31/2020 | Youtube AD | MX | | | | | | Jose Ruvalcaba - Macario Leyva0 | | A13307740 1805482 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/29/2020 | Youtube AD | US | | | | | | Jose Ruvalcaba - Macario Leyva0 | | A13307740 1805482 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/25/2020 | Youtube AD | MX | | | | | | JOSE RUVALCA BA - SI ME RECUERD AS | | A80708164 9798804 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |

PLF005248

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/9/2020 | Youtube AD | US | | | | | | Jose Ravalkaba - Ya no presumas | A84475054 0955340 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/29/2020 | Youtube AD | US | | | | | | jose ravalkaba la mafia muere | A53864900 4199097 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/6/2020 | Youtube AD | AR | buknas de culacan | | | | | Lo Mas Nuevo de Buknas de Culacan!! llestrategi a de karicias | A41823546 6042271 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/18/2020 | Youtube AD | US | | | | | | LOS TRIUNFAD ORES DEL VALLE 11- Alma Enamorad a. | A37127740 3014531 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/20/2020 | Youtube AD | US | | | | | | LOS TRIUNFAD ORES DEL VALLE 12- Mario Peralta. | A82252707 2168373 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/21/2020 | Youtube AD | FR | | | | | | LOS TRIUNFAD ORES DEL VALLE 14- Clemente Soto. | A94596341 0980448 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | LOS TRIUNFAD ORES DEL VALLE 14- Clemente Soto. | A94596341 0980448 | | | | 19 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/14/2020 | Youtube AD | US | | | | | | LOS TRIUNFAD ORES DEL VALLE 14- Clemente Soto. | A94596341 0980448 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |

PLF005249

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 15- Eladio Felix. | | A84642023 2978273 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 15- Eladio Felix. | | A84642023 2978273 | | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/18/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 16- El Navegant e. | | A27087741 9643647 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/21/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 16- El Navegant e. | | A27087741 9643647 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/25/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 17- El Pelavacas. | | A91694396 2869623 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 18- Rodolfo Garza. | | A14523472 1523309 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/4/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 19- Rencilla Vieja. | | A27475432 2641713 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005250

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videold | ChannelID | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/17/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 2-El ptalion. | | A23085173 7347475 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/25/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 20-Jorge Cazarez. | | A76426427 1885572 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/25/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 4-VALLE Ya despues de muerto. | | A13425036 0053055 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/17/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 4-Ya despues de muerto. | | A13425036 0053055 | | | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube Premium | US | | | | | | LOS TRIUNFADORES DEL VALLE 4-Ya despues de muerto. | #NAME? | | | | | 1 | USD | S | | 0.01454 | 1 | 0.01454 | 90.00% | 0.01309 | 0.00% | 0 | 0 | 0.01309 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | LOS TRIUNFADORES DEL VALLE 5-Corrido de Gilberto. | | A24169509 9584016 | | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/6/2020 | Youtube AD | US | | | | | | LOS TRIUNFADORES DEL VALLE 5-Corrido de Gilberto. | | A24169509 9584016 | | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005251

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videoid | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/28/2020 | Youtube AD | US | | | | | | LOS TRIUNFAD ORES DEL VALLE 6- Coquito Castro. | | A90G28144 4358736 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/31/2020 | Youtube AD | MX | | | | | | LOS TRIUNFAD ORES DEL VALLE 7- Tino Quintero. | | A47080930 08206/71 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | MX | | | | | | Los Vaqueton es Del Hyphy Todo Me Sale Mal Promo 2010 | | FHX1ucPCLv0 | | | | 6 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | US | | | | | | Los Vaqueton es Del Hyphy Todo Me Sale Mal Promo 2010 | | FHX1ucPCLv0 | | | | 8 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | MX | | | | | | Los Vaqueton es Del Hyphy El Ojete | | jmedpiA6A Bw | | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | US | | | | | | Los Vaqueton es Del Hyphy El Ojete | | jmedpiA6A Bw | | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/21/2020 | Youtube AD | CL | Los Vaqueton es | | | | | Los Vaqueton es Del Hyphy El Sandwich | | CAfAM-o_XM | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | MX | Los Vaqueton es | | | | | Los Vaqueton es Del Hyphy El Sandwich | | CAfAM-o_XM | | | | 16 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005252

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videoid | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/4/2020 | Youtube AD | US | Los Vaquetones | | | | | Los Vaqueton es Del Hyphy El Sandwich | | CA4AMo_XiM | | | | 16 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/24/2020 | Youtube Premium | US | Los Vaquetones | | | | | Los Vaqueton es Del Hyphy El Sandwich | Vzt5ZRoig w | | | | | 1 | USD | S | | 0.01454 | 1 | 0.01454 | 90.00% | 0.01309 | 0.00% | | 0 | 0 | 0.01309 | N |
| 1/20/2020 | Youtube AD | MX | | | | | | Los Vaqueton es Del hyphy En Vivo En el Midnite Rodeo de Charlotte | | 1yC_2XVwqHA | | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | Los Vaqueton es Del hyphy En Vivo En el Midnite Rodeo de Charlotte | | 1yC_2XVwqHA | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | | | | | | Los Vaqueton es Puro Pari Por Las Noches 2010 | | pQGZw70cHE | | | | 12 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | Los Vaqueton es Puro Pari Por Las Noches 2010 | | pQGZw70cHE | | | | 10 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/23/2020 | Youtube AD | MX | | | | | | MARLON Y SU GRUPO KARISMA 1D - Hermano. | | A81355312 1143066 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |

PLF005253

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/10/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 10 - Hermano. | | A81355312 | 1143066 | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 6 - Como Olvidarte. | | A80759201 | 6329081 | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 2- Vuelve. | | A66400630 | 3979126 | | | 4 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 4 - Agradezco A Dios. | | A22072188 | 0393272 | | | 6 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/7/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 5 - Muestram e. | | A25658227 | 1847336 | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/12/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 8- Buscame. | | A20380038 | 3736498 | | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/8/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 1 - Lagrimas De Amor. | | A31731597 | 2693289 | | | 12 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | MX | | | | | | MARLON Y SU GRUPO KARISMA 3 - Buscando Amor. | | A37084660 | 4425479 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | 0 | 0 | 0 | N |

PLF005254

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/8/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 3 - Buscando Amor | | A37084660 4425479 | | | | 11 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | US | | | | | | MARLON Y SU GRUPO KARISMA 9 - Solo. | | A54746624 4455340 | | | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/21/2020 | Youtube AD | SA | | | | | | MR PATO 1- Piensalo Mi Amor. | | A71523621 2378657 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/22/2020 | Youtube AD | US | | | | | | MR PATO 1- Piensalo Mi Amor. | | A71523621 2378657 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | PE | | | | | | MR PATO 8 - Mi Cafetal. | | A74238139 5823767 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/22/2020 | Youtube AD | MX | | | | | | ultima bolero imagenes | | A74147481 8072625 | | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 1/29/2020 | Youtube AD | US | | | | | | ultima bolero imagenes | | A74147481 8072625 | | | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | | 0 | 0 | 0 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | Con Que Me Pagas | | | USSDP110 0345 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | Con Que Me Pagas | | | USSDP110 0345 | | | 2 | USD | | | 0 | | 0.00073 | 90.00% | 0.00066 | 0.00% | N | 0 | 0 | 0.00066 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | Corrido De Valdo | | | USSDP110 0343 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | Corrido De Valdo | | | USSDP110 0343 | | | 16 | USD | | | 0 | | 0.00587 | 90.00% | 0.00528 | 0.00% | N | 0 | 0 | 0.00528 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | El Chapo Mas Alto | | | USSDP110 0344 | | | 2 | USD | | | 0 | | 0.00031 | 90.00% | 0.00028 | 0.00% | N | 0 | 0 | 0.00028 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE - En Vivo La Disco Music | | Noel Torres | 1.87E+10 | El Chapo Mas Alto | | | USSDP110 0344 | | | 12 | USD | | | 0 | | 0.0044 | 90.00% | 0.00396 | 0.00% | N | 0 | 0 | 0.00396 | N |

PLF005255

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | VideoId | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Chapo | | | US3DP110340 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Chapo | | | US3DP110340 | | | 30 | USD | | | 0 | | 0.01101 | 90.00% | 0.00991 | 0.00% | N | 0 | 0 | 0.00991 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Comando Del Diablo | | | US3DP110341 | | | 8 | USD | | | 0 | | 0.00123 | 90.00% | 0.00111 | 0.00% | N | 0 | 0 | 0.00111 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Comando Del Diablo | | | US3DP110341 | | | 16 | USD | | | 0 | | 0.00587 | 90.00% | 0.00528 | 0.00% | N | 0 | 0 | 0.00528 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Corrido De Francisco | | | US3DP110339 | | | 2 | USD | | | 0 | | 0.00031 | 90.00% | 0.00028 | 0.00% | N | 0 | 0 | 0.00028 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El Corrido De Francisco | | | US3DP110339 | | | 18 | USD | | | 0 | | 0.0066 | 90.00% | 0.00594 | 0.00% | N | 0 | 0 | 0.00594 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El S-T | | | US3DP110338 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | El S-T | | | US3DP110338 | | | 3 | USD | | | 0 | | 0.0011 | 90.00% | 0.00099 | 0.00% | N | 0 | 0 | 0.00099 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | Intro | | | US3DP110337 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | Intro | | | US3DP110337 | | | 1 | USD | | | 0 | | 0.00037 | 90.00% | 0.00033 | 0.00% | N | 0 | 0 | 0.00033 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | No Me La Tiro De Vivo | | | US3DP110346 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | No Me La Tiro De Vivo | | | US3DP110346 | | | 19 | USD | | | 0 | | 0.00697 | 90.00% | 0.00627 | 0.00% | N | 0 | 0 | 0.00627 | N |
| 12/29/2019 | iTunes | MX | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | Sin Verte Sin Oirte Sin Hablarte | | | US3DP110347 | | | 1 | USD | | | 0 | | 0.00015 | 90.00% | 0.00013 | 0.00% | N | 0 | 0 | 0.00013 | N |
| 12/29/2019 | iTunes | US | Noel Torres | INACTIVE- La Disco Music | INACTIVE - En Vivo | Noel Torres | 1.87E+10 | Sin Verte Sin Oirte Sin Hablarte | | | US3DP110347 | | | 3 | USD | | | 0 | | 0.0011 | 90.00% | 0.00099 | 0.00% | N | 0 | 0 | 0.00099 | N |

PLF005256

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videold | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2020 | Amazon | MX | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Con Que Me Pagas | | | USD3P110 0345 | | | 1 | USD | S | | 0.00236 | 1 | 0.00236 | 90.00% | 0.00212 | 0.00% | N | 0 | 0 | 0.00212 | N |
| 1/31/2020 | Youtube AD | GT | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Con Que Me Pagas | | A65695331 1586527 | USD3P110 0345 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | MX | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Con Que Me Pagas | | A65695331 1586527 | USD3P110 0345 | | | 86 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/1/2020 | Youtube AD | US | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Con Que Me Pagas | | A65695331 1586527 | USD3P110 0345 | | | 205 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/1/2020 | Amazon | MX | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | | USD3P110 0343 | | | 4 | USD | S | | 0.00945 | 1 | 0.00945 | 90.00% | 0.00851 | 0.00% | N | 0 | 0 | 0.00851 | N |
| | Amazon | US | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | | USD3P110 0343 | | | 2 | USD | S | | 0.01742 | 1 | 0.01742 | 90.00% | 0.01568 | 0.00% | N | 0 | 0 | 0.01568 | N |
| 1/4/2020 | Youtube AD | AD | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 8 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/20/2020 | Youtube AD | AE | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 2 | USD | S | | 0.00224 | 1 | 0.00224 | 90.00% | 0.00202 | 0.00% | N | 0 | 0 | 0.00202 | N |
| 1/12/2020 | Youtube AD | AG | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | AM | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/14/2020 | Youtube AD | AR | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 2783 | USD | S | | 0.70873 | 1 | 0.70873 | 90.00% | 0.63786 | 0.00% | N | 0 | 0 | 0.63786 | N |
| 1/19/2020 | Youtube AD | AT | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 1 | USD | S | | 0.00101 | 1 | 0.00101 | 90.00% | 0.00091 | 0.00% | N | 0 | 0 | 0.00091 | N |
| 1/6/2020 | Youtube AD | AU | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 1 | USD | S | | 0.00286 | 1 | 0.00286 | 90.00% | 0.00257 | 0.00% | N | 0 | 0 | 0.00257 | N |
| 1/1/2020 | Youtube AD | AW | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0v5Trfg8_0k | USD3P110 0343 | | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |

PLF005257

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videoid | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/15/2020 | Youtube AD | AZ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/11/2020 | Youtube AD | BE | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/25/2020 | Youtube AD | BG | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | BO | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 167 | USD | S | | 0.01819 | 1 | 0.01819 | 90.00% | 0.01637 | 0.00% | N | 0 | 0 | 0.01637 | N |
| 1/8/2020 | Youtube AD | BR | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 163 | USD | S | | 0.05119 | 1 | 0.05119 | 90.00% | 0.04607 | 0.00% | N | 0 | 0 | 0.04607 | N |
| 1/10/2020 | Youtube AD | BZ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/15/2020 | Youtube AD | CA | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 22 | USD | S | | 0.04831 | 1 | 0.04831 | 90.00% | 0.04348 | 0.00% | N | 0 | 0 | 0.04348 | N |
| 1/7/2020 | Youtube AD | CH | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 10 | USD | S | | 0.01193 | 1 | 0.01193 | 90.00% | 0.01074 | 0.00% | N | 0 | 0 | 0.01074 | N |
| 1/16/2020 | Youtube AD | CL | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 1687 | USD | S | | 0.63105 | 1 | 0.63105 | 90.00% | 0.56795 | 0.00% | N | 0 | 0 | 0.56795 | N |
| 1/12/2020 | Youtube AD | CO | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 2869 | USD | S | | 0.75077 | 1 | 0.75077 | 90.00% | 0.67569 | 0.00% | N | 0 | 0 | 0.67569 | N |
| 1/11/2020 | Youtube AD | CR | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 482 | USD | S | | 0.1223 | 1 | 0.1223 | 90.00% | 0.11007 | 0.00% | N | 0 | 0 | 0.11007 | N |
| 1/2/2020 | Youtube AD | CU | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 12 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | CW | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 5 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/24/2020 | Youtube AD | CY | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | 0w5Tzfg8_0k | 0w5Tzfg8_0k | USDP110 0343 | USDP110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |

PLF005258

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videoid | Channelid | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2020 | Youtube AD | CZ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 2 | USD | S | | 0.00068 | 1 | 0.00068 | 90.00% | 0.00061 | 0.00% | N | 0 | 0 | 0.00061 | N |
| 1/2/2020 | Youtube AD | DE | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 11 | USD | S | | 0.00677 | 1 | 0.0677 | 90.00% | 0.00609 | 0.00% | N | 0 | 0 | 0.00609 | N |
| 1/5/2020 | Youtube AD | DK | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/8/2020 | Youtube AD | DO | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 332 | USD | S | | 0.05362 | 1 | 0.05362 | 90.00% | 0.04826 | 0.00% | N | 0 | 0 | 0.04826 | N |
| 1/14/2020 | Youtube AD | DZ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/9/2020 | Youtube AD | EC | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 309 | USD | S | | 0.03239 | 1 | 0.03239 | 90.00% | 0.02915 | 0.00% | N | 0 | 0 | 0.02915 | N |
| 1/6/2020 | Youtube AD | EG | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/20/2020 | Youtube AD | EH | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/29/2020 | Youtube AD | ES | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 1937 | USD | S | | 1.85207 | 1 | 1.85207 | 90.00% | 1.66686 | 0.00% | N | 0 | 0 | 1.66686 | N |
| 1/19/2020 | Youtube AD | FI | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | FR | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 10 | USD | S | | 0.00785 | 1 | 0.00785 | 90.00% | 0.00706 | 0.00% | N | 0 | 0 | 0.00706 | N |
| 1/1/2020 | Youtube AD | GB | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 13 | USD | S | | 0.01783 | 1 | 0.01783 | 90.00% | 0.01605 | 0.00% | N | 0 | 0 | 0.01605 | N |
| 1/30/2020 | Youtube AD | GQ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/5/2020 | Youtube AD | GR | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tnfgi8_0k | USD3F110 0343 | USD3F110 0343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |

PLF005259

| Transaction Date | Store | Region | Artist Name | Label Name | Album Name | Track Artist | UPC | Track Title | Videold | ChannelId | ISRC | Label Track ID | Composers | Units | Currency | Product Type | Use Type | Revenue | Exchange Rate | USD Revenue | Distribution Rate | Net Revenue | Deal Share | Cover Song | Mechanical Deduction | Pub Admin Fee | Payable | Revenue Split (Y/N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/2020 | Youtube AD | GT | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 237 | USD | S | | 0.02959 | 1 | 0.02959 | 90.00% | 0.02663 | 0.00% | N | 0 | 0 | 0.02663 | N |
| 1/2/2020 | Youtube AD | HK | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 1 | USD | S | | 0.00614 | 1 | 0.00614 | 90.00% | 0.00553 | 0.00% | N | 0 | 0 | 0.00553 | N |
| 1/5/2020 | Youtube AD | HN | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 361 | USD | S | | 0.04535 | 1 | 0.04535 | 90.00% | 0.04082 | 0.00% | N | 0 | 0 | 0.04082 | N |
| 1/5/2020 | Youtube AD | HU | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 4 | USD | S | | 0.00051 | 1 | 0.00051 | 90.00% | 0.00046 | 0.00% | N | 0 | 0 | 0.00046 | N |
| 1/23/2020 | Youtube AD | ID | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 2 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/14/2020 | Youtube AD | IE | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/6/2020 | Youtube AD | IL | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 3 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/15/2020 | Youtube AD | IN | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | IQ | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 6 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/3/2020 | Youtube AD | IS | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/2/2020 | Youtube AD | IT | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 17 | USD | S | | 0.00398 | 1 | 0.00398 | 90.00% | 0.00358 | 0.00% | N | 0 | 0 | 0.00358 | N |
| 1/30/2020 | Youtube AD | JP | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 3 | USD | S | | 0.00786 | 1 | 0.00786 | 90.00% | 0.00707 | 0.00% | N | 0 | 0 | 0.00707 | N |
| 1/20/2020 | Youtube AD | LY | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 1 | USD | S | | 0 | | 0 | 90.00% | 0 | 0.00% | N | 0 | 0 | 0 | N |
| 1/16/2020 | Youtube AD | MA | Noel Torres | INACTIVE - La Disco Music | En Vivo | Noel Torres | 1.87E+10 | Corrido De Valdo | | 0w5Tfg8_0k | USD0P1100343 | USD0P1100343 | | 6 | USD | S | | 0.00011 | 1 | 0.00011 | 90.00% | 0.0001 | 0.00% | N | 0 | 0 | 0.0001 | N |

# EXHIBIT 18

dashgodistro ✿   Message   Follow >   •••

446 posts    12.6K followers    576 following

**DashGo**
Worldwide digital distribution and marketing platform with a human touch. We deliv
great music.
ffm.to/lofichillhopstudybeats



   

Spotify    YouTube    Live Shows    Music Clips    Apple Music

Clients

▦ POSTS    ⊡ REELS    ⊙ VIDEOS    ⊗ TAGGED

  





































