Thomas P. Griffin, Jr., Esq. (SBN 155133)
HEFNER, STARK & MAROIS, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: (916) 925-6620
Facsimile: (916) 925-1127
Email: tgriffin@hsmlaw.com

Seth L. Berman, Esq. (admitted *pro hac vice*)
ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
FORMATO, FERRARA, WOLF & CARONE, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: (516) 328-2300
Facsimile: (516) 328-6638
Email: sberman@abramslaw.com
*Attorneys for Plaintiff Yellowcake, Inc.*

Richard J. Idell, Esq. (SBN 069033)
Ory Sandel, Esq. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email: ridell@dpf-law.com
        osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>             Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**STIPULATION RE: DISCOVERY DISAGREEMENT RE: DEFENDANT DASHGO, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET THREE, TO PLAINTIFF YELLOWCAKE, INC., REQUESTS NOS. 1-28;**<br><br>**[~~PROPOSED~~] ORDER**<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

Plaintiff Yellowcake, Inc. ("Plaintiff" or "Yellowcake"), on the one hand, and defendant Dashgo, Inc. ("Dashgo" or "Defendant"), on the other hand (collectively, the "Parties"; each individually, a "Party"), by and through their respective attorneys, hereby agree and stipulate as follows with reference to the following facts:

1. On January 14, 2022, Dashgo served Dashgo's Requests for Production of Documents, Set Three, to Plaintiff ("Document Requests Set Three") via U.S. mail and email.

2. Dashgo's Document Requests Set Three seek production of documents relating to four other copyright infringement actions in California federal courts in which Plaintiff is a litigant, namely:

   a. USDC, E.D.Cal., Case No. 1:20-cv-00796-AWI-SKO, styled as *Yellowcake, Inc. v. Platino Records, Inc., et al.*;

   b. USDC, E.D.Cal., Case No. 1:20-cv-00981-AWI-SKO, styled as *Yellowcake, Inc., et al. v. Triwolf Media, LLC, et al.*;

   c. USDC, C.D.Cal., Case No. 2:20-cv-03159-DSF-JPR, styled as *Platino Records, Inc. v. Colonize Media, Inc., et al.*; and

   d. USDC, E.D.Cal., Case No. 1:20-cv-00067-DAD-JDP, styled as *Yellowcake, Inc. v. Mitchell, et al.* (collectively, the "Four Copyright Actions")

3. On February 25, 2022, Plaintiff served Plaintiff's responses to Document Requests Set Three via email only. Plaintiff's responses to Document Requests Set Three consisted of only objections to each Request and no responsive documents were produced.

4. Defendant contends that Plaintiff's responses to Document Requests Set Three were late and that all objections were waived. Plaintiff disputes and denies Defendant's contention.

5. On March 25, 2022, Defendant filed a motion to compel further responses to Document Requests Set Three and document production and for an award of attorneys' fees incurred in making the motion ("Defendant's Motion to Compel"). Docket No. 42.

6. On April 5, 2022, Plaintiff filed a motion for extension of time to respond to Dashgo's Document Requests Set Three ("Plaintiff's Motion"). Docket No. 49. Plaintiff claims that Plaintiff's responses to Dashgo's Document Requests Set Three were inadvertently served late because of an oversight by a paralegal.

7. The parties had multiple telephonic meet and confer conferences regarding Plaintiff's request that Defendant stipulate to relieve Plaintiff of the lateness of Plaintiff's responses to Document Requests Set Three and consequent waiver of objections; as a result of those meet and confer efforts, the parties, through counsel, have reached the agreement and stipulation set forth herein.

NOW THEREFORE, the Parties hereby agree and stipulate as follows:

A. One of Defendant's requests as consideration for this Stipulation was that Plaintiff provide a list of sound recordings added to Plaintiff's Second Amended Complaint from Plaintiff's First Amended Complaint; that has been provided.

B. In consideration of stipulation A., above, and stipulations C., D. and E., below, upon entry of a court order hereon, Plaintiff's February 25, 2022 responses to Dashgo's Document Requests Set Three shall be deemed timely and Defendant shall file a notice of withdrawal, without prejudice, of Defendant's Motion to Compel within two (2) court days of entry of an order hereon.

C. Within two (2) court days of entry of a court order hereon, Plaintiff shall file a notice of withdrawal of Plaintiff's Motion.

D. Within seven (7) business days of entry of a court order hereon, Plaintiff shall serve amended and/or supplemental responses to Dashgo's Document Requests Set Three stating, as to each Request: (a) that Plaintiff is reviewing its files on the Four Copyright Actions; and (b) that, without waiving, and subject to, any objections which Plaintiff may assert, all non-privileged, extant documents in Plaintiff's possession, custody or control responsive to each Request, if any such documents exist, will be produced on a rolling basis.  Notwithstanding the foregoing, any attorney-client privileged information in any such documents may be redacted and the basis for such redaction shall be provided in an accompanying privilege log.

If, after Plaintiff's review of its files on the Four Copyright Actions, Plaintiff determines that Plaintiff does not have possession, custody or control of any non-privileged, extant responsive documents as to any given Request, Plaintiff shall timely serve further amended and/or supplemental responses to Dashgo's Document Requests Set Three, *cf.* Fed. R. Civ. P. 26(e), stating, as to each such Request: (a) that, after diligent search and reasonably inquiry, there are no non-privileged, extant responsive documents in Plaintiff's possession, custody or control; and (2) the reason(s) Plaintiff is unable to comply.

E. Nothing herein is intended to resolve, or shall be deemed to have resolved, the objections interposed by Plaintiff in its responses to Dashgo's Document Requests Set Three, whether as provided on February 25, 2022, or thereafter. Dashgo's right to challenge any such objections, by way of motion or otherwise, is expressly reserved.

//

//

F.  The parties jointly request that the Court approve of this Stipulation and enter an order hereon.

SO STIPULATED.

                                      ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP

                                      By: /s/ Seth L. Berman
                                           Seth L. Berman (admitted *pro hac vice*)
                                           *Attorneys for Plaintiff Yellowcake, Inc.*

                                      DICKENSON PEATMAN & FOGARTY P.C.

                                      By: /s/ Richard Idell
                                           Richard J. Idell
                                           Ory Sandel
                                           *Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

# ORDER

Pursuant to the Stipulation of the Parties, and good cause appearing, it is hereby ordered as follows:

1. Plaintiff's February 25, 2022 responses to Dashgo's Document Requests Set Three are hereby deemed timely.

2. Within two (2) court days of entry of this Order, Defendant shall file a notice of withdrawal, without prejudice, of its motion to compel further responses to Document Requests Set Three and document production and for an award of attorneys' fees incurred in making the motion, Docket No. 42.

3. Within two (2) court days of entry of this Order, Plaintiff shall file a notice of withdrawal of its motion for extension of time to respond to Dashgo's Document Requests Set Three, Docket No. 49.

4. Within seven (7) business days of entry of this Order, Plaintiff shall serve amended and/or supplemental responses to Dashgo's Document Requests Set Three stating, as to each Request: (a) that Plaintiff is reviewing its files on the Four Copyright Actions; and (b) that, without waiving, and subject to, any objections which Plaintiff has asserted, all non-privileged, extant documents in Plaintiff's possession, custody or control responsive to each Request, if any such documents exist, will be produced on a rolling basis.  Notwithstanding the foregoing, any attorney-client privileged information in any such documents may be redacted and the basis for such redaction shall be provided in an accompanying redaction log.  If, after Plaintiff's review of its files on the Four Copyright Actions, Plaintiff determines that Plaintiff does not have possession, custody or control of any non-privileged, extant responsive documents as to any given Request, Plaintiff shall timely serve further amended and/or

supplemental responses to Dashgo's Document Requests Set Three, *cf.* Fed. R. Civ. P. 26(e), stating, as to each such Request: (a) that, after diligent search and reasonable inquiry, there are no non-privileged, extant responsive documents in Plaintiff's possession, custody or control; and (2) the reason(s) Plaintiff is unable to comply.

5. Nothing herein is intended to resolve, or shall be deemed to have resolved, the objections interposed by Plaintiff in its responses to Dashgo's Document Requests Set Three, whether as provided on February 25, 2022, or thereafter. Dashgo's right to challenge any such objections, by way of motion or otherwise, is expressly reserved.

IT IS SO ORDERED.

Dated:   **June 23, 2022**                    /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE