1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Abrams Fensterman, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# <u>Appendix 1</u>
# Plaintiff's Exhibits

# EXHIBIT 1

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. <br><br> Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM** <br><br> **PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE** |

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") respond to the below requests to produce and/or permit Plaintiff and its attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## DEFINITIONS

1.    **"You"** or **"Your"** means and refers collectively to Defendants and any of their agents or representatives.

2.    **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3.    **"Defendants"** means and refers to DASHGO, INC. and/or AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.    **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

5.    **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

6.    **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7.    **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8.    **"Foreign Works"** shall have the same meaning ascribed to it in the

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Amended Complaint.

9. **"Documents"** means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10. **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11. The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

12. The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1. Responses to these Requests shall be supplemented and/or amended when additional information becomes available. These Requests shall be deemed to impose a continuing duty upon Defendants to properly serve upon Plaintiff

2

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

supplemental and/or amended responses if Defendants discover or acquire further documents and/or things responsive to these Requests.

2.    If Defendants are aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendants are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendants are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided.  Such additional documents shall be  served upon counsel for Plaintiff no later than two (2) weeks after receipt by Defendants. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

3.    In the event that any portion of any numbered Request is objected to for any reason, Defendants must supply in a timely fashion copies of all documents that are not objectionable.

4.    In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be  identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the

3

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## **REQUESTS FOR PRODUCTION**

1.      Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

2.      Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Foreign Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

3.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

4.    Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of the Foreign Works, and all metadata associated with such files.

5.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

6.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of the Foreign Works.

7.    Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8.      Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of the Foreign Works.

9.      Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

10.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-parties concerning or regarding any of the Foreign Works.

11.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of Yellowcake's Copyrighted Works.

12.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of the Foreign Works.

6

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

13.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

14.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

15.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

16.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

17.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster

7

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Batista, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

18.     Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

19.     Produce all emails between any of the Defendants and the email address jmedina@mediamuv.cc related to, concerning, or purported to be from an individual named "Jose David Hernandez". For the sake of clarification, this particular demand does not call for the production of any emails between the Defendants and the Jose David Hernandez known to be the President of Colonize Media, Inc.

20.     Produce all documents reflecting the identity of the owner or user of the email address, jmedina@mediamuv.cc, including, but not limited to, documents referring to the owner or user's full name, address or business affiliations.

21.     Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

22.    Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of the Foreign Works.

23.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of Yellowcake's Copyrighted Works.

24.    Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of the Foreign Works.

25.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of Yellowcake's Copyrighted Works.

26.    Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of the Foreign Works.

27.    Produce all contracts or other agreements by, between, or among any of the Defendants and Plaintiff.

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

28.    Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of Yellowcake's Copyrighted Works.

29.    Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of the Foreign Works.

30.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party Colonize Media, Inc.

31.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party MAR International Records, Inc.

32.    Produce all contracts or other agreements by, between, or among any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.

33.    Produce all documents, reflecting or substantiating any business relationship between any of the Defendants' and MediaMuv, including, but not limited to any contracts, licenses or distribution agreements.

34.    Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

10

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

35.    Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of the Foreign Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

36.    Produce all of the Defendants' financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans from 2015 through the present.

37.    Produce all documents pertaining to your policies and procedures for addressing claims by licensors of use of intellectual property beyond license limitations.

38.    Produce all documents that demonstrate that the Defendants have allegedly not infringed Yellowcake's Copyrighted Works and/or Foreign Works.

39.    Produce all documents concerning, regarding, or relating to any inquiry or investigation by the Defendants, or anyone acting on their behalf, regarding any of the issues involved in this action.

40.    Produce all documents concerning, referencing, or mentioning any of Yellowcake's Copyrighted Works and/or the Foreign Works.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41.    Produce all documents referred to in Defendants' Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26, dated August 10, 2021.

42.    Produce all documents Defendants intend to rely on in the defense of this action not already demanded herein.

Dated:  November 1, 2021

> **ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**
>
> By: _/s/ Seth L. Berman_
>       Seth L. Berman, Esq. (*pro hac vice*)
>       ***Attorneys for Plaintiff Yellowcake, Inc.***

12

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

I hereby certify that a true and correct copy of the foregoing Plainriff's Request for Production to Defendants – Set One has been served upon the Attorneys for Defendant via Electronic Mail addressed to:

RICHARD J. IDELL, ESQ.
ORY SANDEL, ESQ.
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email:   ridell@dpf-law.com
            osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc.*
*and Audiomicro, Inc. d.b.a. Adrev*

Seth L. Berman, Esq.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# EXHIBIT 2

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
  tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA,
WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
  sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. <br><br> Defendants. | **Case No.: 1:21-cv-00803-AWI-BAM** <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** |

*Sidebar (rotated):* Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") answer the following within thirty (30) days after service of these Interrogatories.

## DEFINITIONS

1.    **"You"** or **"Your"** means and refers to Defendants, jointly and severally, and any of their agents or representatives.

2.    **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

3.    **"Defendants"** means and refers to DASHGO, INC. and AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.    **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

5.    **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, and attorneys.

6.    **"Amended Complaint"** shall mean Plaintiff's amended complaint filed in the above-captioned action (Dkt. No. 7).

7.    **"Yellowcake's Copyrighted Works"** shall have the same meaning ascribed to it in the Amended Complaint.

8.    **"Foreign Works"** shall have the same meaning ascribed to it in the Amended Complaint.

9.    "**Exploit**," "**Exploited**," and/or "**Exploitation**" shall mean the sale, distribution, streaming, licensing, synchronization and public performances of any

1

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

sound recordings, audio-visual works or other similar assets.

10.    **"Documents"** means and refers to any designated documents or electronically stored information – including but not limited to, documents, emails, records, books, papers, contracts, memoranda, invoices, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

11.    **"Persons"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, limited liability company, or public entity.

12.    The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

13.    The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who

2

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

has possession, custody or control of your proprietary knowledge, information or documents.

2.      Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to amend or supplement any answer to these interrogatories for which you learn that any such answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

3.      For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

4.      Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

## **INTERROGATORIES**

INTERROGATORY NO. 1.    State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 2.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (xiii) the name of every party that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such party.

INTERROGATORY NO. 3.   State whether or not You have ever Exploited any of the Foreign Works.

Response

INTERROGATORY NO. 4.   If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (viii) the name of every Person that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such Person.

Response

INTERROGATORY NO. 5.       State whether or not Dashgo ever posted or uploaded and video containing any of Yellowcake's Copyrighted Works to www.YouTube.com.

Response

INTERROGATORY NO. 6.   If the answer to the foregoing interrogatory is

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

4

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

1    in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing

2    artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo

3    received from www.YouTube.com for each video.

4        <u>INTERROGATORY NO. 7.</u>        State whether or not Dashgo ever posted

5    or uploaded and video containing any of the Foreign Works to www.YouTube.com.

6        <u>INTERROGATORY NO. 8.</u>   If the answer to the foregoing interrogatory is

7    in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing

8    artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo

9    received from www.YouTube.com for each video.

10        <u>Response</u>

11

12        <u>INTERROGATORY NO. 9.</u>        If the answer to Interrogatory No. 1 is

13    in the affirmative, identify the basis upon which Dashgo believes it has, or had, the

14    right to Exploit Yellowcake's Copyrighted Works.

15        <u>Response</u>

16

17        <u>INTERROGATORY NO. 10.</u>        Identify the parties to, and dates of, any

18    agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the

19    right to Exploit any of Yellowcake's Copyrighted Works.

20        <u>Response</u>

21

22        <u>INTERROGATORY NO. 11.</u>        If the answer to Interrogatory No. 3 is

23    in the affirmative, identify the basis upon which Dashgo asserts that it has, or had,

24    the right to Exploit the Foreign Works.

25        <u>Response</u>

26

27        <u>INTERROGATORY NO. 12.</u>        Identify the parties to, and dates of, any

28    agreements upon which Dashgo has, or had relied, in asserting that it has, or had, the

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

right to Exploit any of the Foreign Works.

Response

INTERROGATORY NO. 13.    State whether or not Dashgo received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Dashgo to cease the Exploitation of any of Yellowcake's Copyrighted Works.

Response

INTERROGATORY NO. 14.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

Response

INTERROGATORY NO. 15.    State whether or not Audiomicro received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Audiomicro to cease the Exploitation of any of the Foreign Works.

Response

INTERROGATORY NO. 16.    If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent each such correspondence; (ii) the Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

Response

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

INTERROGATORY NO. 17.    Describe the ownership relationship between Dashgo and Audiomicro.

Response

INTERROGATORY NO. 18.    Describe the nature of the business relationship between Dashgo and Audiomicro.

Response

INTERROGATORY NO. 19.    Describe the nature of Audiomicro's business.

Response

INTERROGATORY NO. 20.    State whether or not Audiomicro in anyway assists or is involved with Dashgo's Exploitation of sound recordings.

Response

INTERROGATORY NO. 21.    If the answer to the foregoing interrogatory is in the affirmative, identify the nature of the assistance or involvement.

Response

INTERROGATORY NO. 22.    State whether or not Audiomicro receives any revenue from Dashgo's business activities and how such revenue is calculated.

Response

INTERROGATORY NO. 23.    State whether or not Audiomicro and

7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

1    Dashgo share any common employees, officers or directors.

2        <u>Response</u>

3

4        <u>INTERROGATORY NO. 24.</u>        If the answer to the foregoing

5    interrogatories in the affirmative, identify: (i) the name; (ii) address; (iii) telephone

6    number; (iv) email address; (v) job title and (vi) job description of each such officer,

7    director or employee.

8        <u>Response</u>

9

10        <u>INTERROGATORY NO. 25.</u>        Set forth all facts substantiating any

11    defense claimed or to be asserted by either Defendant.

12        <u>Response</u>

13

14

15

Dated:  November 11, 2021

16

17            **ABRAMS, FENSTERMAN, FENSTERMAN,**
            **EISMAN, FORMATO, FERRARA,**
18            **WOLF & CARONE, LLP**

19

20        By: <u>*/s/ Seth L. Berman*</u>
            Seth L. Berman, Esq. (*pro hac vice*)
21            ***Attorneys for Plaintiff Yellowcake, Inc.***

22

23

24

25

26

27

28

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

<div style="text-align:center">CERTIFICATE OF SERVICE</div>

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS** has been served upon the Attorneys for Defendants via Electronic Mail addressed to:

RICHARD J. IDELL, ESQ.

ORY SANDEL, ESQ.

DICKENSON PEATMAN & FOGARTY P.C.

1455 First Street, Suite 301

Napa, CA 94559

Telephone: (707) 261-7000

Facsimile: (707) 255-6876

Email:      ridell@dpf-law.com

              osandel@dpf-law.com

Attorneys for Defendants Dashgo, Inc.

and Audiomicro, Inc. d.b.a. Adrev

on November 11, 2021.

Seth L. Berman

9

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

# EXHIBIT 3

**HEFNER, STARK & MAROIS, LLP**
Thomas P. Griffin, Jr., Esq. (SBN 155133)
   tgriffin@hsmlaw.com
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833
Telephone: 916.925.6620
Facsimile: 916.925.1127

**ABRAMS, FENSTERMAN, FENSTERMAN,**
**EISMAN, FORMATO, FERRARA,**
**WOLF & CARONE, LLP**
Seth L. Berman, Esq. (*admitted pro hac vice*)
   sberman@abramslaw.com
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Telephone: 516.328.2300
Facsimile: 516.328.6638

Attorneys for Plaintiff YELLOWCAKE, INC.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation, | ) **Case No.: 1:21-cv-00803-AWI-BAM** |
| Plaintiff, | ) |
| | ) **PLAINTIFF'S REQUESTS FOR** |
| v. | ) **PRODUCTION TO DEFENDANTS –** |
| | ) **SET TWO** |
| DASHGO, INC., a Delaware corporation; and AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation. | ) |
| Defendants. | ) |

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, Plaintiff YELLOWCAKE, INC. ("Plaintiff") requests that Defendants DASHGO, INC., and AUDIOMICRO, INC. d/b/a ADREV (together, "Defendants") respond to the below requests to produce and/or permit Plaintiff and its attorneys to inspect and copy and to test or sample the following documents, including electronically stored information, within thirty (30) days of receipt of these requests.

## **DEFINITIONS**

1.      **"You"** or **"Your"** means and refers collectively to Defendants and any of their agents or representatives.

2.      **"Plaintiff"** and/or **"Yellowcake"** means and refers to Plaintiff Yellowcake, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

3.      **"Defendants"** means and refers to DASHGO, INC. and/or AUDIOMICRO, INC. d/b/a ADREV, and any of their agents or representatives.

4.      **"Dashgo"** means and refers to Defendant Dashgo, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

5.      **"Audiomicro"** and/or **"Adrev"** means and refers to Defendant Audiomicro, Inc. d/b/a Adrev, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

6.      "**MediaMuv, LLC**" means third party MediaMuv, LLC, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

7.      "**Musika LLC**" means third party Musika LLC, its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

1

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

8.    "**VA Music, Inc.**" means third party VA Music, Inc., its officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys.

9.    "**Documents**" means and refers to any designated documents or electronically stored information – including documents, records, books, papers, contracts, memoranda, spreadsheets, invoices, emails, letters, texts, correspondence, notes, photographs, drawings, charts, graphs, recording tapes, recording discs, mechanical or electronic information storage or recording elements (including any information stored on a computer), any related metadata, and any other "documents" as defined in *California Evidence Code* Section 250 (handwriting, typewriting, printing, photostatting, photographing and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of them), stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  If a document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each non-identical copy is a separate document.

10.    "**Persons**" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

11.    The terms "**All**," "**Any**," and "**Each**" shall each be construed as encompassing any and all.

12.    The connectives "**And**" and "**Or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    Responses to these Requests shall be supplemented and/or amended when additional information becomes available.  These Requests shall be deemed to

2

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel:516.328.2300 | Fax: 516.328.6638

impose a continuing duty upon Defendants to properly serve upon Plaintiff supplemental and/or amended responses if Defendants discover or acquire further documents and/or things responsive to these Requests.

2. If Defendants are aware of a responsive document or thing (or a group of documents or things) that once existed, but has since been destroyed, Defendants are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred. This Request is to be regarded as continuing. Defendants are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided. Such additional documents shall be served upon counsel for Plaintiff no later than two (2) weeks after receipt by Defendants. Nothing herein shall constitute a waiver of the right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

3. In the event that any portion of any numbered Request is objected to for any reason, Defendants must supply in a timely fashion copies of all documents that are not objectionable.

4. In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

document; (viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## **REQUESTS FOR PRODUCTION**

1.    Copies of all documents provided by Dashgo to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

2.    Copies of all documents provided by Adrev to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

3.    Copies of all documents provided by Dashgo to Musika LLC including, but not limited to, any reporting or royalty statements.

4.    Copies of all documents provided by Adrev to Musika LLC including, but not limited to, any reporting or royalty statements.

5.    Copies of all documents provided by Dashgo to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

6.    Copies of all documents provided by Adrev to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

7.    Copies of all documents provided by Dashgo to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

8.    Copies of all documents provided by Adrev to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

9.    Copies of all documents provided by Dashgo to Jose Teran including, but not limited to, any reporting or royalty statements.

10.    Copies of all documents provided by Adrev to Jose Teran including, but not limited to, any reporting or royalty statements.

11.    Copies of all documents evidencing any correspondence between Dashgo and Webster Batista Fernandez.

12.    Copies of all documents evidencing any correspondence between Adrev and Webster Bautista Fernandez.

4

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

13.    Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Dashgo's possession.

14.    Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Adrev's possession.

15.    Copies of all documents evidencing any correspondence between Webster Batista Fernandez and Jose Teran.

16.    Copies of all documents evidencing any correspondence between Dashgo and Jose Teran.

17.    Copies of all documents evidencing any correspondence between Adrev and Jose Teran.

18.    Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Dashgo's possession.

19.    Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Adrev's possession.

20.    Copies of all of Dashgo's internal documents concerning or referring to Jose Teran.

21.    Copies of all of Dashgo's internal documents concerning or referring to Webster Batista Fernandez.

22.    Copies of all of Adrev's internal documents concerning or referring to Jose Teran.

23.    Copies of all of Adrev's internal documents concerning or referring to Webster Batista Fernandez.

24.    Copies of Ardev's internal documents concerning or referring to VA Music, Inc.

25.    Copies of all of Ardev's internal documents concerning or referring to Musika LLC.

26.    Copies of all of Dashgo's internal documents concerning or referring to VA Music, Inc.

5

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

27.    Copies of all of Dashgo's internal documents concerning or referring to Musika LLC.

28.    Copies of all documents evidencing any correspondence between Dashgo and MediaMuv, LLC.

29.    Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Adrev's possession.

30.    Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Dashgo's possession.

31.    Copies of all documents evidencing any correspondence between Adrev and MediaMuv, LLC.

32.    Copies of all documents evidencing any sort of business relationship between Adrev and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

33.    Copies of all documents, evidencing any sort of business relationship between Dashgo and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

34.    Copies of all documents evidencing any payments made by Adrev to MediaMuv LLC.

35.    Copies of all documents evidencing any payments made by Dashgo to MediaMuv LLC.

36.    Copies of all documents received by Dashgo from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

37.    Copies of all documents received by Adrev from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

6

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

38.    Copies of all documents evidencing any correspondence sent by Adrev on behalf of MediaMuv to any third-party.

39.    Copies of all documents evidencing any correspondence sent by Dashgo on behalf of MediaMuv to any third-party.

40.    Copies of all documents evidencing any correspondence between a Dashgo and Musika LLC.

41.    Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Adrev's possession.

42.    Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Dashgo's possession.

43.    Copies of all documents evidencing any correspondence between Adrev and Musika LLC.

44.    Copies of all documents evidencing any sort of business relationship between Adrev and Musika LLC including, but not limited to, any administration or distribution contracts.

45.    Copies of all documents evidencing any sort of business relationship between Dashgo and Musika LLC including, but not limited to, any administration or distribution contracts.

46.    Copies of all documents evidencing any payments made by Adrev to Musika LLC.

47.    Copies of all documents evidencing any payments made by Dashgo to Musika LLC.

48.    Copies of all documents received by Dashgo from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

49.    Copies of all documents received by Adrev from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

7

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

50.     Copies of all documents evidencing any correspondence sent by Adrev on behalf of Musika to any third-party.

51.     Copies of all documents evidencing any correspondence sent by Dashgo on behalf of Musika to any third-party.

52.     Copies of all documents evidencing any correspondence between Dashgo and VA Music, Inc.

53.     Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Adrev's possession.

54.     Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Dashgo's possession.

55.     Copies of all documents evidencing any correspondence between a Adrev and VA Music, Inc.

56.     Copies of all documents evidencing any sort of business relationship between Adrev and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

57.     Copies of all documents evidencing any sort of business relationship between Dashgo and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

58.     Copies of all documents evidencing any payments made by Adrev to VA Music, Inc.

59.     Copies of all documents evidencing any payments made by Dashgo to VA Music, Inc.

60.     Copies of all documents received by Dashgo from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

61.     Copies of all documents received by Adrev from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638

62.    Copies of all documents evidencing any correspondence sent by Adrev on behalf of VA Music, Inc. to any third-party.

63.    Copies of all documents evidencing any correspondence sent by Dashgo on behalf of VA Music, Inc. to any third-party.

64.    Copies of all documents evidencing any sort of business relationship between Adrev and Jose Teran including, but not limited to, any administration or distribution contracts.

65.    Copies of all documents evidencing any sort of business relationship between Dashgo and Jose Teran including, but not limited to, any administration or distribution contracts.

66.    Copies of all documents evidencing any sort of business relationship between Adrev and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

67.    Copies of all documents evidencing any sort of business relationship between Dashgo and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

Dated:  December 13, 2021

**ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: */s/ Seth L. Berman*

　　Seth L. Berman, Esq. (*pro hac vice*)

　　***Attorneys for Plaintiff Yellowcake, Inc.***

9

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

<div style="writing-mode: vertical">Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP
3 Dakota Drive, Suite 300
Lake Success, NY 11042
Tel: 516.328.2300 | Fax: 516.328.6638</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Request for Production to Defendants – Set Two has been served upon the Attorneys for Defendant on December 13, 2021 via Electronic Mail and United States first class mail addressed to:

RICHARD J. IDELL, ESQ.
ORY SANDEL, ESQ.
DICKENSON PEATMAN & FOGARTY P.C.
1455 First Street, Suite 301
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 255-6876
Email:   ridell@dpf-law.com
             osandel@dpf-law.com
*Attorneys for Defendants Dashgo, Inc.*
*and Audiomicro, Inc. d.b.a. Adrev*

_____
Seth L. Berman, Esq.

10

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTS –
SET TWO**

# EXHIBIT 4

1  RICHARD J. IDELL, ESQ. (SBN 069033)
2  ORY SANDEL, ESQ. (SBN 233204)
   DICKENSON, PEATMAN & FOGARTY, P.C.
3  1455 First Street, Suite 301
   Napa, CA 94559
4  Telephone: 707-252-7122
   Facsimile:  707-255-6876
5  Email: ridell@dpf-law.com
          osandel@dpf-law.com
6  *Attorneys for Defendants Dashgo, Inc. and*
7  *Audiomicro, Inc. d.b.a. Adrev*

8                **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10                        **FRESNO DIVISION**

11 YELLOWCAKE, INC., a California          CASE NO. 1:21-cv-00803-AWI-BAM
   corporation,
12                                          **DEFENDANTS DASHGO, INC. AND**
                    Plaintiff,              **AUDIOMICRO, INC. d/b/a ADREV'S**
13                                          **RESPONSE TO PLAINTIFF**
           v.                               **YELLOWCAKE, INC.'S REQUESTS FOR**
14                                          **PRODUCTION TO DEFENDANTS – SET**
   DASHGO, INC., a Delaware corporation;    **ONE**
15 and AUDIOMICRO, INC. d/b/a ADREV,
   a Delaware corporation,
16
                    Defendants.

17

18    PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

19    RESPONDING PARTIES:    Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

20    SET NUMBER:            One (1)

21        Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or

22 "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the

23 Requests for Production – Set One, propounded by Plaintiff Yellowcake, Inc. ("Yellowcake",

24 "Plaintiff", or "Propounding Party"), as follows:

                              **PRELIMINARY STATEMENT**

25        Responding Parties are continuing Responding Parties' investigation and analysis of the

26 facts and law relating to this case. Since discovery, investigation and preparation for trial have not

27 been completed and are ongoing as of the date of these responses, Responding Parties do not

28 purport to state anything more than information currently available, known and discovered.

                                            1

Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Requests are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements herein if any requests were asked for, or if any statement contained herein were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial.

This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS

Responding Parties makes the following general objections to Propounding Party's Requests for Production (each singularly, a "Request", or, collectively, the "Requests"), each of which is hereby incorporated into Responding Parties' objections to each of the Requests as if fully set forth therein.  All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.      Responding Parties object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "A party may serve on any other party a request . . ." FRCP 34(a). Rule 34 uses the singular ("party") both as to the propounding party and as to the responding party. However, the Requests purport to be simultaneously directed to both Dashgo and Adrev jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Requests were directed to both Dashgo and Adrev jointly; however, any statement of an intent to produce documents in response to any

given Request does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have documents responsive to such Request, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive documents. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Requests on both Responding Parties jointly.

2.       Responding Parties further object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure in that the Requests purport to set a date for inspection and copying, and testing or sampling, of documents, including electronically stored information, "within thirty (30) days of receipt of these requests." Responding Parties will allow Propounding Party to inspect and copy, and test or sample, at a date, time and place that is mutually convenient, or, in the alternative, will produce responsive documents on a rolling basis, subsequent to the service of Responding Parties' written responses to the Requests.

3.       Responding Parties object to the Requests to the extent that the Requests call for the production of documents that are not relevant to any party's claim or defense in this action.

4.       Responding Parties object to the Requests on the grounds that the Requests are not proportional to the needs of the case.

5.       Responding Parties object to the Requests on the grounds that the Requests are overbroad, including without limitation as to the purportedly defined terms "you", "your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.       Responding Parties further object to the Requests on the grounds that the Requests are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev", as purporting to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys". The responses given herein interpret each such defined term as referring only to the entity itself, i.e.,

3

Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

7.      Responding Parties object to the Requests on the grounds that the Requests are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev".

8.      Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Defendants", "Dashgo", "Audiomicro", "Adrev", "you" and "your" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

9.      Responding Parties object to the Requests to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

10.      Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents that are subject to the rights of privacy of Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

11.      Responding Parties object to the Requests to the extent that they can be regarded as calling for the production of documents that contain information that is confidential or proprietary to, or trade secrets of, Responding Parties and/or any other person or entity.  Each such Request is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

12.      Responding Parties object to the Requests to the extent that the Requests contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Request.

13.      Responding Parties object to the Requests to the extent that they call for the production of documents or things not within the possession, custody, or control of Responding

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Parties, including without limitation documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

14.     Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Request without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## REQUEST FOR PRODUCTION AND RESPONSES THERETO

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrase "digital distribution platforms". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "related", "exploitation", "platforms", "reconciliations", and as to the phrases "any other exploitation",  "digital distribution platforms", "such as", "digital distribution

DEFENDANTS' RESPONSES TO RFPD – SET ONE

platforms such as YouTube, Amazon.com and Spotify", "'dashboard' information" and "related to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents concerning or related to the Defendants' sale, distribution, public performance, synchronization, license or any other exploitation of Foreign Works including, but not limited to, such exploitation on digital distribution platforms such as YouTube, Amazon.com, and Spotify. Responsive documents shall include, but are not limited to, any: (i) royalty statements; (ii) contracts; (iii) reconciliations; (iv) payment receipts; (v) advertising copy; (vi) videos; (vii) "dashboard" information and (viii) documents including, but not limited to, any royalty statements from any national or international performing rights organization such as ASACP, BMI, SESAC, PRS for Music, Sound Exchange or Mechanical Licensing Collective.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

DEFENDANTS' RESPONSES TO RFPD – SET ONE

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources.  Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrase "digital distribution platforms". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "concerning", "related", "exploitation", "platforms", "reconciliations", and as to the phrases "any other exploitation", "digital distribution platforms", "such as", "digital distribution platforms such as YouTube, Amazon.com and Spotify", "'dashboard' information" and "related to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of Yellowcake's Copyrighted Works, and all metadata associated with such files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume

substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Yellowcake's Copyrighted Works" and as to the phrases "other document or file", "all copies" and "all metadata". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Yellowcake's Copyrighted Works", as to the terms "posting", "containing" and "metadata" and as to the phrases "all copies", "social media posting", "other document", "other . . . file", "any part of any of", "associated with" and "such files.

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all copies of any video, website, social media posting, or other document or file containing all or any part of any of the Foreign Works, and all metadata associated with such files.

**RESPONSE TO FOR PRODUCTION NO. 4:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Foreign Works" and as to the phrases "other document or file", "all copies" and "all metadata". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Foreign Works", as to the terms "posting", "containing" and "metadata" and as to the phrases "all copies", "social media posting", "other document", "other . . . file", "any part of any of", "associated with" and "such files".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling

DEFENDANTS' RESPONSES TO RFPD – SET ONE

basis, extent, relevant non-privileged documents reasonably within Responding Parties'

possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

this response.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents (including but not limited to emails, letters, texts and other

correspondence) by, between, or among Plaintiff and any of the Defendants concerning or

regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection

to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside

on third-party servers, in archived form or format and/or are inaccessible or not reasonably

accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine

and/or any other applicable privilege or protection, including without limitation to the extent the

defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the

grounds that the Request is abusive and subjects Responding Parties to undue burden and

hardship, including without limitation to the extent Propounding Party is already in the possession

of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among Plaintiff and any of the Defendants concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not

DEFENDANTS' RESPONSES TO RFPD – SET ONE

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside

on third-party servers, in archived form or format and/or are inaccessible or not reasonably

accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine

and/or any other applicable privilege or protection, including without limitation to the extent the

defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the

grounds that the Request is abusive and subjects Responding Parties to undue burden and

hardship, including without limitation to the extent Propounding Party is already in the possession

of the documents responsive to this Request. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to

disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined terms "Defendants" and

"Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding".

Objection on the grounds that the Request is vague and ambiguous, including without limitation

as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts",

DEFENDANTS' RESPONSES TO RFPD – SET ONE

"concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine

DEFENDANTS' RESPONSES TO RFPD – SET ONE

and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

DEFENDANTS' RESPONSES TO RFPD – SET ONE

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as

to the phrases "other correspondence", "by, between, or among" and "Plaintiff and any of the Defendants".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between, or among any of the Defendants and any third-party concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine

DEFENDANTS' RESPONSES TO RFPD – SET ONE

and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents (including but not limited to emails, letters, texts and other

correspondence) by, between, or among any of the Defendants and any third-parties concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and

things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among" and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "concerning, regarding, or relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

"Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding", "related", and "exploitation", and as to the phrases "relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## REQUEST FOR PRODUCTION NO. 12:

Produce all documents (including but not limited to emails, letters, texts and other correspondence) concerning, regarding, or relating to the sale, distribution, public performance, synchronization, license or any other exploitation by any of the Defendants, or anyone acting on their behalf, of any of the Foreign Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "concerning, regarding, or relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "concerning", "regarding", "related", and "exploitation", and as to the phrases "relating to", "any other exploitation" and "anyone acting on their [Defendants'] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and MediaMuv] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "any of the Defendants and MediaMuv" and "anyone acting on their [Defendants and MediaMuv] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and MediaMuv, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DEFENDANTS' RESPONSES TO RFPD – SET ONE

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and MediaMuv] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "any of the Defendants and MediaMuv" and "anyone acting on their [Defendants and MediaMuv] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Jose Teran] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Jose Teran", "any of the Defendants and Jose Teran" and "anyone acting on their [Defendants and Jose Teran] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

//

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Jose Teran, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Jose Teran] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Jose Teran", "any of the Defendants and Jose Teran" and "anyone acting on their [Defendants and Jose Teran] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Webster Batista] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

"Yellowcake's Copyrighted Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Webster Batista", "any of the Defendants and Webster Batista" and "anyone acting on their [Defendants and Webster Batista] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## REQUEST FOR PRODUCTION NO. 18:

Produce all documents (including but not limited to emails, letters, texts and other correspondence) by, between or among any of the Defendants and Webster Batista, or anyone acting on their behalf, concerning or regarding any of the Foreign Works.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "other correspondence", "anyone acting on their [Defendants and Webster Batista] behalf" and "concerning or regarding". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "texts", "concerning" and "regarding" and as to the phrases "other correspondence", "by, between, or among", "Webster Batista", "any of the Defendants and Webster Batista" and "anyone acting on their [Defendants and Webster Batista] behalf".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 19:**

Produce all emails between any of the Defendants and the email address jmedina@mediamuv.cc related to, concerning, or purported to be from an individual named "Jose David Hernandez". For the sake of clarification, this particular demand does not call for the production of any emails between the Defendants and the Jose David Hernandez known to be the President of Colonize Media, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the term "concerning" and as to the phrase "related to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "jmedina@mediamuv.cc" and "concerning" and as to the phrases "related to", "purported to be from", "an individual named 'Jose David Hernandez'", "known to be" and "the Jose David Hernandez known to be the President of Colonize Media, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents reflecting the identity of the owner or user of the email address, jmedina@mediamuv.cc, including, but not limited to, documents referring to the owner or user's full name, address or business affiliations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DPF

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the term "reflecting" and as to the phrase "referring to". Objection on the grounds that the

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Request is vague and ambiguous, including without limitation as to the terms "reflecting", "identity", "owner", "user", "jmedina@mediamuv.cc" and "affiliations" and as to the phrases "referring to" and "business affiliations".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, if any such documents exist, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation

documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and to the extent the terms "contractors" or "agents" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the phrases "sufficient to identify", "any role", "designing, creating, programming, uploading, reviewing, and/or monitoring" and "other content". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "sufficient", "identify", "contractor", "agent", "role", "creating", "reviewing", "monitoring", "posting", "content" and "containing" and as to the phrases "sufficient to identify", "contractor . . . of the Defendants", "agent of the Defendants", "any role" and "other content".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce an organizational chart for Dashgo, and direct Propounding Party to https://adrev.net/about#team for an organizational chart for Adrev.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents sufficient to identify the name, and address, and job title of each employee, contractor, or agent of the Defendants who had any role in designing, creating, programming, uploading, reviewing, and/or monitoring any video, website, social media posting, or other content containing all or any part of any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and to the extent the

terms "contractors" or "agents" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in possession of responsive documents and things requested or may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request seeks documents which are protected from disclosure by the rights of privacy of third parties, including but not limited to that under the California Constitution, including without limitation documents containing information that is confidential, proprietary and/or protected or privileged. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works" and as to the phrases "sufficient to identify", "any role", "designing, creating, programming, uploading, reviewing, and/or monitoring" and "other content". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "sufficient", "identify", "contractor", "agent", "role", "creating", "reviewing", "monitoring", "posting", "content" and "containing" and as to the phrases "sufficient to identify", "contractor . . . of the Defendants", "agent of the Defendants", "any role" and "other content".

    Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce an organizational chart for Dashgo, and direct Propounding Party to https://adrev.net/about#team for an organizational chart for Adrev.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "you" and "Defendants" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial

DEFENDANTS' RESPONSES TO RFPD – SET ONE

information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "you", "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "uses" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you", "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding", "investigation" and "uses", and as to the phrases "relating to" and "any investigation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents concerning, regarding, or relating to any investigation you have made concerning Defendants' uses of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request

calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "you" and "Defendants" purport to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "you", "Defendants" and "Foreign Works", as to the terms "concerning", "regarding" and "uses" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you", "Defendants" and "Foreign Works", as to the terms "concerning", "regarding", "investigation" and "uses", and as to the phrases "relating to" and "any investigation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

//

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "you" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is

DEFENDANTS' RESPONSES TO RFPD – SET ONE

overbroad, including without limitation as to time (including as to the term "ever"), and including without limitation as to the purportedly defined terms "you" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "use" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you" and "Yellowcake's Copyrighted Works", as to the terms "concerning", "regarding" and "use", and as to the phrases "relating to", "actual . . . license", "potential license" and "any actual or potential license".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents concerning, regarding, or relating to any actual or potential license you have ever obtained for use of any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside

DEFENDANTS' RESPONSES TO RFPD – SET ONE

on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "you" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time (including as to the term "ever"), and including without limitation as to the purportedly defined terms "you" and "Foreign Works", as to the terms "concerning", "regarding" and "use" and as to the phrase "concerning, regarding, or relating to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "you" and "Foreign Works", as to the terms "concerning", "regarding" and "use", and as to the phrases "relating to", "actual . . . license", "potential license" and "any actual or potential license".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all contracts or other agreements by, between, or among any of the Defendants and Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

DEFENDANTS' RESPONSES TO RFPD – SET ONE

as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants and Plaintiff".

Without waiving the foregoing objections, Responding Parties respond as follows: To the best of Responding Parties' understanding of this Request, after diligent search and reasonable inquiry, there are no formal written contracts or agreements between Dashgo or Adrev, on the one hand, and Yellowcake, on the other hand, that is, documents responsive to the Request do not exist and have never existed.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 28:**

Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of Yellowcake's Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for

DEFENDANTS' RESPONSES TO RFPD – SET ONE

the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works" and as to the term "concerns" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "agreements" and "concerns" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request if any such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all contracts or other agreements by, between, or among any of the Defendants and any third-party that concerns any of the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and

"Foreign Works" and as to the term "concerns" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "agreements" and "concerns" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants  and any third-party".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request if any such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all contracts or other agreements by, between, or among any of the Defendants and non-party Colonize Media, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the

DEFENDANTS' RESPONSES TO RFPD – SET ONE

disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants  and non-party Colonize Media, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all contracts or other agreements by, between, or among any of the Defendants

and non-party MAR International Records, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial

DEFENDANTS' RESPONSES TO RFPD – SET ONE

information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrase "other agreements". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among" and "any of the Defendants and non-party MAR International Records, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all contracts or other agreements by, between, or among any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

DEFENDANTS' RESPONSES TO RFPD – SET ONE

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrases "other agreements" and "and/or". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the term "agreements" and as to the phrases "other agreements", "by, between, or among", "and/or" and "any of the Defendants and non-party DH1 Media, Inc. and/or Richboy Ventures, Inc.".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents, reflecting or substantiating any business relationship between any of the Defendants' and MediaMuv, including, but not limited to any contracts, licenses or distribution agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent the Request is duplicative of other

DEFENDANTS' RESPONSES TO RFPD – SET ONE

Requests and to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "reflecting", "substantiating" and "relationship" and as to the phrase "any business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "reflecting", "substantiating", "relationship" and "Defendants' " and as to the phrases "reflecting or substantiating", "any business relationship" and "any of the Defendants' and MediaMuv".

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of Yellowcake's Copyrighted Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of

undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "reflecting", "concerning" and "revenue" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Yellowcake's Copyrighted Works", as to the terms "reflecting", "concerning", "revenue", "exploitation", "spreadsheets", "logs" and "ledgers" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling

DEFENDANTS' RESPONSES TO RFPD – SET ONE

basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents, reflecting or concerning any revenue derived by any of the Defendants arising from the sale, distribution, public performance, synchronization, license or any other exploitation of the Foreign Works, including, but not limited to, any royalty statements, spreadsheets, logs, ledgers, copies of checks and wire transfers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and

DEFENDANTS' RESPONSES TO RFPD – SET ONE

hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "reflecting", "concerning" and "revenue" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants" and "Foreign Works", as to the terms "reflecting", "concerning", "revenue", "exploitation", "spreadsheets", "logs" and "ledgers" and as to the phrases "reflecting or concerning", "derived by", "arising from" and "any other exploitation".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all of the Defendants' financial statements, profit and loss statements, net income statements, balance sheets, financial forecasts, projections, internal memoranda, ledgers, journals, bookkeeping entries, and business plans from 2015 through the present.

//

//

DEFENDANTS' RESPONSES TO RFPD – SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request calls for production of documents protected by the tax return privilege, the official privilege and/or other related applicable state or federal taxpayer privileges, including but not limited to the tax return privilege as expressed by 26 U.S.C. §§ 6103, 7213, Cal. Rev. & Tax Code § 19542 and relevant case law. Objection on the grounds that the Request is overbroad, including without limitation as

DEFENDANTS' RESPONSES TO RFPD – SET ONE

to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "projections", "memoranda", "ledgers" and "journals" and as to the phrases "financial forecasts", "internal memoranda", "bookkeeping entries" and "business plans". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "projections", "memoranda", "ledgers" and "journals" and as to the phrases "financial forecasts", "internal memoranda", "bookkeeping entries" and "business plans".

**REQUEST FOR PRODUCTION NO. 37:**

Produce all documents pertaining to your policies and procedures for addressing claims by licensors of use of intellectual property beyond license limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "your" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship,

including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "your", as to the terms "pertaining", "addressing" and "use". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "your", as to the terms "pertaining", "addressing" and "use", and as to the phrases "pertaining to" and "beyond license limitations".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce Dashgo's written policies for responding to infringement requests.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all documents that demonstrate that the Defendants have allegedly not infringed Yellowcake's Copyrighted Works and/or Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without

limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Defendants", "Yellowcake's Copyrighted Works" and "Foreign Works" and as to the term "demonstrate". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants", "Yellowcake's Copyrighted Works" and "Foreign Works", as to the term "demonstrate" and as to the phrases "allegedly not infringed" and "and/or".

Without waiving the foregoing objections, Responding Parties respond as follows: After the pleadings in this action are settled, and subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all documents concerning, regarding, or relating to any inquiry or investigation by the Defendants, or anyone acting on their behalf, regarding any of the issues involved in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Further objection on the grounds that the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation in that the pleadings in this action are not yet settled and the Request is therefore premature. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys and as to the phrase "anyone acting on their [Defendants'] behalf". Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets,

DEFENDANTS' RESPONSES TO RFPD – SET ONE

protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants", as to the terms "concerning", "regarding", "inquiry", "issues" and "involved" and as to the phrases "concerning, regarding, or relating to", "inquiry or investigation", "anyone acting on their [Defendants] behalf" and "any of the issues involved in this action". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants", as to the terms "concerning", "regarding", "inquiry", "investigation", "issues" and "involved" and as to the phrases "relating to", "inquiry or investigation", "anyone acting on their [Defendants] behalf" and "any of the issues involved in this action".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request to the extent such documents exist.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all documents concerning, referencing, or mentioning any of Yellowcake's Copyrighted Works and/or the Foreign Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without

DEFENDANTS' RESPONSES TO RFPD – SET ONE

limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the documents responsive to this Request and to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources, including without limitation publicly available sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works" and as to the terms "concerning", "referencing and "mentioning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works", as to the terms "concerning", "referencing" and "mentioning" and as to the phrases "concerning, referencing, or mentioning" and "and/or".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

DEFENDANTS' RESPONSES TO RFPD – SET ONE

1    Discovery is continuing. Responding Parties reserve the right to amend and/or supplement
2    this response.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    Produce all documents referred to in Defendants' Initial Disclosures Pursuant to Federal
5    Rule of Civil Procedure 26, dated August 10, 2021.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

7    Responding Parties incorporate by this reference the above General Objections. Objection
8    to the extent that the documents and things requested are not within Responding Parties'
9    possession, custody or control, including without limitation to the extent the documents and
10    things reside on third-party servers, in archived form or format and/or are inaccessible or not
11    reasonably accessible to Responding Parties. Objection on the grounds that the Request is not
12    proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive,
13    harassing and abusive, including without limitation to the extent the Request is duplicative of
14    other Requests. Objection on the grounds that the Request calls for production of documents and
15    things which are not reasonably accessible because of undue burden or cost, including without
16    limitation to the extent the documents and things reside on third-party servers, in archived form or
17    format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to
18    the extent that that the Request calls for the disclosure of privileged, confidential or other
19    protected material, including without limitation documents and things subject to the attorney-
20    client privilege, the attorney work product doctrine and/or any other applicable privilege or
21    protection, including without limitation to the extent the defined term "Defendants" purports to
22    include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and
23    subjects Responding Parties to undue burden and hardship, including without limitation to the
24    extent Propounding Party is already in the possession of the documents responsive to this Request
25    or may obtain the documents and things requested from other, less costly and/or more convenient
26    third-party sources, including without limitation publicly available sources. Further objection on
27    the grounds that the Request is abusive and subjects Responding Parties to undue burden and
28    hardship, including without limitation to the extent Responding Parties would be required to incur
     substantial expense and consume substantial time in obtaining and reviewing documents and

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants" and as to the phrase "referred to".

Without waiving the foregoing objections, Responding Parties respond as follows: Subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**REQUEST FOR PRODUCTION NO. 42:**

Produce all documents Defendants intend to rely on in the defense of this action not already demanded herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests. Further objection on the grounds that the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation in that the pleadings in this action are not yet settled and the Request is therefore premature. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible

because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendants" purports to include Responding Parties' attorneys. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendants" and as to the phrases "intend to rely on" and "not already demanded herein". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Defendants" and as to the phrases "intend to rely on" and "not already demanded herein".

Without waiving the foregoing objections, Responding Parties respond as follows: After the pleadings in this action are settled, and subject to entry of a suitable two-tier protective order, Responding Parties will produce, on a rolling basis, extent, relevant non-privileged documents reasonably within Responding Parties' possession, custody or control responsive to the Request

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: January 7, 2022          By: _____

Richard Idell
Ory Sandel
*Attorneys for Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev*

DEFENDANTS' RESPONSES TO RFPD – SET ONE

## **VERIFICATION**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

I am the President of Dashgo, Inc. and am verifying the contents of the foregoing document on behalf of Dashgo, Inc. in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on ___January 7___, 2022 at ___Los Angeles___ [city], California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Benjamin Patterson

DEFENDANTS' RESPONSES TO RFPD – SET ONE

## **VERIFICATION**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

I am the Senior Vice President of Operations of Adrev and am verifying the contents of the foregoing document on behalf of Adrev in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on _____January 7th_____, 2022 at _____Dana Point_____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Andrew Korn

DEFENDANTS' RESPONSES TO RFPD – SET ONE

## PROOF OF SERVICE

I am employed in the County of Napa, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is 1455 First Street, Suite 301, Napa, CA 94559.

On the date indicated below, I served the following document(s):

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET ONE**

on the person(s) below, as follows:

| | |
|---|---|
| Thomas P. Griffin, Jr., Esq. | Seth Berman, Jr., Esq. |
| HEFNER, STARK & MAROIS, LLP | ABRAMS FENSTERMAN |
| 2150 River Plaza Drive, Suite 450 | 3 Dakota Drive, Suite 300 |
| Sacramento, CA 95833 | Lake Success, NY 11042 |
| Telephone: (916) 925-6620 | Telephone: (516) 328-2300 x 251 |
| Facsimile: (916) 925-1127 | Facsimile: (516) 328-6638 |
| Email: tgriffin@hsmlaw.com | Email: SBerman@Abramslaw.com |
| *Attorneys for Plaintiff Yellowcake, Inc.* | *Attorneys for Plaintiff Yellowcake, Inc.* |

**(XX)   U. S. MAIL.**  I caused a copy of the document(s) to be enclosed in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**(XX)   BY ELECTRONIC SERVICE.** I caused a copy of the document(s) to be sent to the person(s) at the electronic mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 7th day of January, 2022, at Napa, California.



_____
Sarah Laverone

DEFENDANTS' RESPONSES TO RFPD – SET ONE