# EXHIBIT 5

1   RICHARD J. IDELL, ESQ. (SBN 069033)
2   ORY SANDEL, ESQ. (SBN 233204)
    DICKENSON, PEATMAN & FOGARTY, P.C.
3   1455 First Street, Suite 301
    Napa, CA 94559
4   Telephone: 707-252-7122
    Facsimile: 707-255-6876
5   Email: ridell@dpf-law.com
            osandel@dpf-law.com
6   *Attorneys for Defendants Dashgo, Inc. and*
7   *Audiomicro, Inc. d.b.a. Adrev*

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                        **FRESNO DIVISION**

11   YELLOWCAKE, INC., a California          CASE NO. 1:21-cv-00803-AWI-BAM
     corporation,
                                             **DEFENDANTS DASHGO, INC. AND**
12                   Plaintiff,              **AUDIOMICRO, INC. d/b/a ADREV'S**
                                             **RESPONSE TO PLAINTIFF**
13            v.                             **YELLOWCAKE, INC.'S REQUESTS FOR**
                                             **PRODUCTION TO DEFENDANTS – SET**
14   DASHGO, INC., a Delaware corporation;   **TWO**
     and AUDIOMICRO, INC. d/b/a ADREV,
15   a Delaware corporation,

16                   Defendants.

17

18        PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

19        RESPONDING PARTIES:   Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

20        SET NUMBER:           Two (2)

21        Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or

22   "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the

23   Requests for Production – Set Two, propounded by Plaintiff Yellowcake, Inc. ("Yellowcake",

24   "Plaintiff", or "Propounding Party"), as follows:

                               **PRELIMINARY STATEMENT**

25        Responding Parties are continuing Responding Parties' investigation and analysis of the

26   facts and law relating to this case. Since discovery, investigation and preparation for trial have not

27   been completed and are ongoing as of the date of these responses, Responding Parties do not

28   purport to state anything more than information currently available, known and discovered.

                                           1

1  Responding Parties reserve the right to continue discovery and investigation in this matter

2  regarding facts, witnesses, and supporting data. The responses below are provided without waiver

3  of Responding Parties' right to amend, modify or supplement these responses. Responding Parties

4  specifically reserve the right to produce and present at trial information and evidence of any facts

5  or interpretations discovered subsequent to the date of these responses by adding to, modifying or

6  otherwise changing or amending the responses set forth below.

7      Responding Parties' responses to the Requests are made solely for the purposes of this

8  action. Each response is subject to all objections as to competence, relevance, materiality,

9  propriety, and admissibility and any and all other objections and grounds that would require the

10  exclusion of any statements herein if any requests were asked for, or if any statement contained

11  herein were made by a witness present and testifying in court. All objections and grounds are

12  reserved and may be interposed by Responding Parties at the time of the trial.

13      This preliminary statement is incorporated into each and every response set forth below.

**GENERAL OBJECTIONS**

14      Responding Parties makes the following general objections to Propounding Party's

15  Requests for Production (each singularly, a "Request", or, collectively, the "Requests"), each of

16  which is hereby incorporated into Responding Parties' objections to each of the Requests as if

17  fully set forth therein.  All of Responding Parties' objections are expressly subject to these

18  general objections in addition to any specific objections which may be made on an individual

19  basis in the separate responses set forth below:

20      1.    Responding Parties object to the Requests on the grounds that the Requests

21  purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure.

22  Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as

23  follows: "A party may serve on any other party a request . . ." FRCP 34(a). Rule 34 uses the

24  singular ("party") both as to the propounding party and as to the responding party. However,

25  the Requests purport to be simultaneously directed to both Dashgo and Adrev jointly. Without

26  waiving Responding Parties' objection on this ground, the responses given herein are made on

27  behalf of both Dashgo and Adrev jointly, since the Requests were directed to both Dashgo and

28  Adrev jointly; however, any statement of an intent to produce documents in response to any

given Request does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have documents responsive to such Request, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive documents. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Requests on both Responding Parties jointly.

2.      Responding Parties further object to the Requests on the grounds that the Requests purport to exceed the limitations of Rule 34 of the Federal Rules of Civil Procedure in that the Requests purport to set a date for inspection and copying, and testing or sampling, of documents, including electronically stored information, "within thirty (30) days of receipt of these requests." Responding Parties will allow Propounding Party to inspect and copy, and test or sample, at a date, time and place that is mutually convenient, or, in the alternative, will produce extent relevant, non-privileged responsive documents on a rolling basis, subsequent to the service of Responding Parties' written responses to the Requests.

3.      Responding Parties object to the Requests to the extent that the Requests call for the production of documents that are not relevant to any party's claim or defense in this action.

4.      Responding Parties object to the Requests on the grounds that the Requests are not proportional to the needs of the case.

5.      Responding Parties object to the Requests on the grounds that the Requests are overbroad, including without limitation as to the purportedly defined terms "you", "your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.      Responding Parties further object to the Requests on the grounds that the Requests are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.", including without limitation to the extent each such defined term purports to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and

attorneys". The responses given herein interpret each such defined term as referring only to the entity itself and, as to "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.", to refer to those entities of which Jose Teran and/or Webster Batista Fernandez is or was ever a principal, i.e., Dashgo, Inc.; Audiomicro, Inc. d.b.a. Adrev; MediaMuv, LLC, an Arizona limited liability company; Musika Ink LLC, a Florida limited liability company; and VA Music, LLC, an Arizona limited liability company, and no other person or entity.

7.      Responding Parties object to the Requests on the grounds that the Requests are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and "representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "MediaMuv, LLC", "Musika LLC" and "VA Music, Inc.".

8.      Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Defendants", "Dashgo", "Audiomicro", "Adrev", "you" and "your" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

9.      Responding Parties object to the Requests to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

10.     Responding Parties object to the Requests to the extent they can be regarded as calling for the production of documents that are subject to the rights of privacy of Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

11.     Responding Parties object to the Requests to the extent that they can be regarded as calling for the production of documents that contain information that is confidential or proprietary to, or trade secrets of, Responding Parties and/or any other person or entity.  Each such Request is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

12.     Responding Parties object to the Requests to the extent that the Requests contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Request.

13.     Responding Parties object to the Requests to the extent that they call for the production of documents or things not within the possession, custody, or control of Responding Parties, including without limitation documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

14.     Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Request without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## REQUEST FOR PRODUCTION AND RESPONSES THERETO

## REQUEST FOR PRODUCTION NO. 1:

Copies of all documents provided by Dashgo to MediaMuv LLC including, but not limited to, any reporting or royalty statements.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "provided".

//

//

1    **REQUEST FOR PRODUCTION NO. 2:**

2          Copies of all documents provided by Adrev to MediaMuv LLC including, but not limited

3    to, any reporting or royalty statements.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

5          Responding Parties incorporate by this reference the above General Objections. Objection

6    to the extent that the documents and things requested are not within Responding Parties'

7    possession, custody or control, including without limitation to the extent the documents and

8    things reside on third-party servers, in archived form or format and/or are inaccessible or not

9    reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

10   the production of documents that are not relevant to any party's claim or defense in this action,

11   that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12   Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

13   Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

14   the extent the Request is duplicative of other Requests, including without limitation Propounding

15   Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

16   grounds that the Request calls for production of documents and things which are not reasonably

17   accessible because of undue burden or cost, including without limitation to the extent the

18   documents and things reside on third-party servers, in archived form or format and/or are

19   inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

20   the Request calls for the disclosure of privileged, confidential or other protected material,

21   including without limitation documents and things subject to the attorney-client privilege, the

22   attorney work product doctrine and/or any other applicable privilege or protection, including

23   without limitation to the extent the defined term "Adrev" purports to include Responding Parties'

24   attorneys. Objection on the grounds of the official information privilege and the law enforcement

25   investigatory privilege. Objection on the grounds that the Request is abusive and subjects

26   Responding Parties to undue burden and hardship, including without limitation to the extent

27   Propounding Party may obtain the documents and things requested from other, less costly and/or

28   more convenient third-party sources. Further objection on the grounds that the Request is abusive

     and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 3:**

Copies of all documents provided by Dashgo to Musika LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 4:**

Copies of all documents provided by Adrev to Musika LLC including, but not limited to, any reporting or royalty statements.

**RESPONSE TO FOR PRODUCTION NO. 4:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all documents provided by Dashgo to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all documents provided by Adrev to VA Music, Inc. including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 7:**

Copies of all documents provided by Dashgo to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo".

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 8:**

Copies of all documents provided by Adrev to Webster Batista Fernandez including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 9:**

Copies of all documents provided by Dashgo to Jose Teran including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 10:**

Copies of all documents provided by Adrev to Jose Teran including, but not limited to, any reporting or royalty statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

---

17

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "provided".

**REQUEST FOR PRODUCTION NO. 11:**

Copies of all documents evidencing any correspondence between Dashgo and Webster Batista Fernandez**.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

DEFENDANTS' RESPONSES TO RFPD – SET TWO

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 12:**

Copies of all documents evidencing any correspondence between Adrev and Webster Bautista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material,

DEFENDANTS' RESPONSES TO RFPD – SET TWO

including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 13:**

Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

DICKENSON, PEATMAN & FOGARTY
*A Professional Law Corporation*
DP&F

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 14:**

Copies of all documents evidencing any correspondence between any third-party and Webster Bautista Fernandez in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 15:**

Copies of all documents evidencing any correspondence between Webster Batista Fernandez and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material,

DEFENDANTS' RESPONSES TO RFPD – SET TWO

including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time. Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 16:**

Copies of all documents evidencing any correspondence between Dashgo and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

grounds that the Request calls for production of documents and things which are not reasonably

accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

the Request calls for the disclosure of privileged, confidential or other protected material,

including without limitation documents and things subject to the attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds of the official information privilege and the law

enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to

disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined term "Dashgo".

Objection on the grounds that the Request is vague and ambiguous, including without limitation

as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 17:**

Copies of all documents evidencing any correspondence between Adrev and Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection

to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection

DEFENDANTS' RESPONSES TO RFPD – SET TWO

on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 18:**

Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all documents evidencing any correspondence between any third-party and Jose Teran in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all of Dashgo's internal documents concerning or referring to Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action,

DEFENDANTS' RESPONSES TO RFPD – SET TWO

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term

DEFENDANTS' RESPONSES TO RFPD – SET TWO

"Dashgo", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 21:**

Copies of all of Dashgo's internal documents concerning or referring to Webster Batista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

DEFENDANTS' RESPONSES TO RFPD – SET TWO

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 22:**

Copies of all of Adrev's internal documents concerning or referring to Jose Teran.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 23:**

Copies of all of Adrev's internal documents concerning or referring to Webster Batista Fernandez.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev", as to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 24:**

Copies of Ardev's internal documents concerning or referring to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the terms "Ardev's" and "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 25:**

Copies of all of Ardev's internal documents concerning or referring to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the terms "Ardev's" and "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 26:**

Copies of all of Dashgo's internal documents concerning or referring to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

"VA Music, Inc.", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 27:**

Copies of all of Dashgo's internal documents concerning or referring to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrase "referring to". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrases "referring to" and "internal documents".

**REQUEST FOR PRODUCTION NO. 28:**

Copies of all documents evidencing any correspondence between Dashgo and MediaMuv, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DPeF

grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC" and as to the term "evidencing".

**<u>REQUEST FOR PRODUCTION NO. 29:</u>**

Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Adrev's possession.

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 30:**

Copies of all documents evidencing any correspondence between MediaMuv LLC and any third-party in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 31:**

Copies of all documents evidencing any correspondence between Adrev and MediaMuv, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC" and as to the term "evidencing".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 32:**

Copies of all documents evidencing any sort of business relationship between Adrev and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv, LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 33:**

Copies of all documents, evidencing any sort of business relationship between Dashgo and MediaMuv LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv, LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 34:**

      Copies of all documents evidencing any payments made by Adrev to MediaMuv LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

      Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

DEFENDANTS' RESPONSES TO RFPD – SET TWO

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the the term "evidencing".

**REQUEST FOR PRODUCTION NO. 35:**

Copies of all documents evidencing any payments made by Dashgo to MediaMuv LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 36:**

Copies of all documents received by Dashgo from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "MediaMuv LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 37:**

Copies of all documents received by Adrev from any third-party concerning MediaMuv, LLC or any sound recordings owned or exploited by MediaMuv, LLC including, but not limited to, any royalty statements or other usage reports.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "MediaMuv LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 38:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of MediaMuv to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the term "MediaMuv". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the terms "MediaMuv" and "evidencing".

**REQUEST FOR PRODUCTION NO. 39:**

Copies of all documents evidencing any correspondence sent by Dashgo on behalf of MediaMuv to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the term "MediaMuv". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the terms "MediaMuv" and "evidencing".

//

//

1

**REQUEST FOR PRODUCTION NO. 40:**

2

       Copies of all documents evidencing any correspondence between a Dashgo and Musika

3

LLC.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

5

       Responding Parties incorporate by this reference the above General Objections. Objection

6

to the extent that the documents and things requested are not within Responding Parties'

7

possession, custody or control, including without limitation to the extent the documents and

8

things reside on third-party servers, in archived form or format and/or are inaccessible or not

9

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

10

the production of documents that are not relevant to any party's claim or defense in this action,

11

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

13

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

14

the extent the Request is duplicative of other Requests, including without limitation Propounding

15

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

16

grounds that the Request calls for production of documents and things which are not reasonably

17

accessible because of undue burden or cost, including without limitation to the extent the

18

documents and things reside on third-party servers, in archived form or format and/or are

19

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

20

the Request calls for the disclosure of privileged, confidential or other protected material,

21

including without limitation documents and things subject to the attorney-client privilege, the

22

attorney work product doctrine and/or any other applicable privilege or protection, including

23

without limitation to the extent the defined term "Dashgo" purports to include Responding

24

Parties' attorneys. Objection on the grounds of the official information privilege and the law

25

enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

26

subjects Responding Parties to undue burden and hardship, including without limitation to the

27

extent Propounding Party may obtain the documents and things requested from other, less costly

28

and/or more convenient third-party sources. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 41:**

Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 42:**

Copies of all documents evidencing any correspondence between Musika LLC and any third-party in Dashgo's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

1  term "evidencing".

2  **REQUEST FOR PRODUCTION NO. 43:**

3       Copies of all documents evidencing any correspondence between Adrev and Musika LLC.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

5       Responding Parties incorporate by this reference the above General Objections. Objection

6  to the extent that the documents and things requested are not within Responding Parties'

7  possession, custody or control, including without limitation to the extent the documents and

8  things reside on third-party servers, in archived form or format and/or are inaccessible or not

9  reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

10  the production of documents that are not relevant to any party's claim or defense in this action,

11  that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12  Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

13  Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

14  the extent the Request is duplicative of other Requests, including without limitation Propounding

15  Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

16  grounds that the Request calls for production of documents and things which are not reasonably

17  accessible because of undue burden or cost, including without limitation to the extent the

18  documents and things reside on third-party servers, in archived form or format and/or are

19  inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

20  the Request calls for the disclosure of privileged, confidential or other protected material,

21  including without limitation documents and things subject to the attorney-client privilege, the

22  attorney work product doctrine and/or any other applicable privilege or protection, including

23  without limitation to the extent the defined term "Adrev" purports to include Responding Parties'

24  attorneys. Objection on the grounds of the official information privilege and the law enforcement

25  investigatory privilege. Objection on the grounds that the Request is abusive and subjects

26  Responding Parties to undue burden and hardship, including without limitation to the extent

27  Propounding Party may obtain the documents and things requested from other, less costly and/or

28  more convenient third-party sources. Further objection on the grounds that the Request is abusive

and subjects Responding Parties to undue burden and hardship, including without limitation to the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 44:**

Copies of all documents evidencing any sort of business relationship between Adrev and Musika LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 45:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Musika LLC including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not

1 reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

2 the production of documents that are not relevant to any party's claim or defense in this action,

3 that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

4 Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

5 Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

6 the extent the Request is duplicative of other Requests, including without limitation Propounding

7 Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

8 grounds that the Request calls for production of documents and things which are not reasonably

9 accessible because of undue burden or cost, including without limitation to the extent the

10 documents and things reside on third-party servers, in archived form or format and/or are

11 inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

12 the Request calls for the disclosure of privileged, confidential or other protected material,

13 including without limitation documents and things subject to the attorney-client privilege, the

14 attorney work product doctrine and/or any other applicable privilege or protection, including

15 without limitation to the extent the defined term "Dashgo" purports to include Responding

16 Parties' attorneys. Objection on the grounds of the official information privilege and the law

17 enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

18 subjects Responding Parties to undue burden and hardship, including without limitation to the

19 extent Propounding Party may obtain the documents and things requested from other, less costly

20 and/or more convenient third-party sources. Further objection on the grounds that the Request is

21 abusive and subjects Responding Parties to undue burden and hardship, including without

22 limitation to the extent Responding Parties would be required to incur substantial expense and

23 consume substantial time in obtaining and reviewing documents and things that may or may not

24 be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

25 proprietary business and/or financial information, including without limitation trade secrets,

26 protected by the right to privacy, which will require entry of a suitable protective order prior to

27 disclosure. Objection on the grounds that the Request is overbroad, including without limitation

28 as to time, and including without limitation as to the purportedly defined terms "Dashgo" and

"Musika LLC" and as to the phrases "business relationship" and "any sort of business

65

relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 46:**

Copies of all documents evidencing any payments made by Adrev to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 47:**

Copies of all documents evidencing any payments made by Dashgo to Musika LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 48:**

Copies of all documents received by Dashgo from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties'

DEFENDANTS' RESPONSES TO RFPD – SET TWO

possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation

as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Musika LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 49:**

Copies of all documents received by Adrev from any third-party concerning Musika LLC or any sound recordings owned or exploited by Musika LLC including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement

investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC" and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "Musika LLC", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 50:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of Musika to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the term "Musika". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev" and as to the terms "Musika" and "evidencing".

**REQUEST FOR PRODUCTION NO. 51:**

　　　Copies of all documents evidencing any correspondence sent by Dashgo on behalf of Musika to any third-party.

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

DEFENDANTS' RESPONSES TO RFPD – SET TWO

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the term "Musika". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo" and as to the terms "Musika" and "evidencing".

**REQUEST FOR PRODUCTION NO. 52:**

Copies of all documents evidencing any correspondence between Dashgo and VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 53:**

Copies of all documents evidencing any correspondence between VA Music, Inc. and any third-party in Adrev's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

//

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

1  **REQUEST FOR PRODUCTION NO. 54:**

2      Copies of all documents evidencing any correspondence between VA Music, Inc. and any

3  third-party in Dashgo's possession.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

5      Responding Parties incorporate by this reference the above General Objections. Objection

6  to the extent that the documents and things requested are not within Responding Parties'

7  possession, custody or control, including without limitation to the extent the documents and

8  things reside on third-party servers, in archived form or format and/or are inaccessible or not

9  reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

10 the production of documents that are not relevant to any party's claim or defense in this action,

11 that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

12 Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

13 Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

14 the extent the Request is duplicative of other Requests, including without limitation Propounding

15 Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

16 grounds that the Request calls for production of documents and things which are not reasonably

17 accessible because of undue burden or cost, including without limitation to the extent the

18 documents and things reside on third-party servers, in archived form or format and/or are

19 inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

20 the Request calls for the disclosure of privileged, confidential or other protected material,

21 including without limitation documents and things subject to the attorney-client privilege, the

22 attorney work product doctrine and/or any other applicable privilege or protection, including

23 without limitation to the extent the defined term "Dashgo" purports to include Responding

24 Parties' attorneys. Objection on the grounds of the official information privilege and the law

25 enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

26 subjects Responding Parties to undue burden and hardship, including without limitation to the

27 extent Propounding Party may obtain the documents and things requested from other, less costly

28 and/or more convenient third-party sources. Further objection on the grounds that the Request is

    abusive and subjects Responding Parties to undue burden and hardship, including without

77

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 55:**

Copies of all documents evidencing any correspondence between a Adrev and VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 56:**

Copies of all documents evidencing any sort of business relationship between Adrev and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

DEFENDANTS' RESPONSES TO RFPD – SET TWO

the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation

DEFENDANTS' RESPONSES TO RFPD – SET TWO

as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**<u>REQUEST FOR PRODUCTION NO. 57:</u>**

Copies of all documents evidencing any sort of business relationship between Dashgo and VA Music, Inc. including, but not limited to, any administration or distribution contracts.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 57:</u>**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 58:**

Copies of all documents evidencing any payments made by Adrev to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably

DEFENDANTS' RESPONSES TO RFPD – SET TWO

accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 59:**

Copies of all documents evidencing any payments made by Dashgo to VA Music, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

"VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 60:**

Copies of all documents received by Dashgo from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

DEFENDANTS' RESPONSES TO RFPD – SET TWO

subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "exploited by".

## REQUEST FOR PRODUCTION NO. 61:

Copies of all documents received by Adrev from any third-party concerning VA Music, Inc. or any sound recordings owned or exploited by VA Music, Inc. including, but not limited to, any royalty statements or other usage reports.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61:

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "concerning". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.", as to the term "concerning" and as to the phrase "exploited by".

**REQUEST FOR PRODUCTION NO. 62:**

Copies of all documents evidencing any correspondence sent by Adrev on behalf of VA Music, Inc. to any third-party.

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Adrev" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 63:**

Copies of all documents evidencing any correspondence sent by Dashgo on behalf of VA Music, Inc. to any third-party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including

DEFENDANTS' RESPONSES TO RFPD – SET TWO

without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc.". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "VA Music, Inc." and as to the term "evidencing".

**REQUEST FOR PRODUCTION NO. 64:**

Copies of all documents evidencing any sort of business relationship between Adrev and Jose Teran including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation
DP&F

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

//

DEFENDANTS' RESPONSES TO RFPD – SET TWO

**REQUEST FOR PRODUCTION NO. 65:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Jose Teran including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without

DEFENDANTS' RESPONSES TO RFPD – SET TWO

limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 66:**

Copies of all documents evidencing any sort of business relationship between Adrev and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the documents and things requested are not within Responding Parties' possession, custody or control, including without limitation to the extent the documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Request is not proportional to the needs of the case, that is, the Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Request is duplicative of other Requests, including without limitation Propounding Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the grounds that the Request calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the

DEFENDANTS' RESPONSES TO RFPD – SET TWO

documents and things reside on third-party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Request calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Adrev" purports to include Responding Parties' attorneys. Objection on the grounds of the official information privilege and the law enforcement investigatory privilege. Objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the documents and things requested from other, less costly and/or more convenient third-party sources. Further objection on the grounds that the Request is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Adrev" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Adrev", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

**REQUEST FOR PRODUCTION NO. 67:**

Copies of all documents evidencing any sort of business relationship between Dashgo and Webster Bautista Fernandez including, but not limited to, any administration or distribution contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Responding Parties incorporate by this reference the above General Objections. Objection

to the extent that the documents and things requested are not within Responding Parties'

possession, custody or control, including without limitation to the extent the documents and

things reside on third-party servers, in archived form or format and/or are inaccessible or not

reasonably accessible to Responding Parties. Objection on the grounds that the Request calls for

the production of documents that are not relevant to any party's claim or defense in this action,

that is, the Request is not reasonably calculated to lead to the discovery of admissible evidence.

Objection on the grounds that the Request is not proportional to the needs of the case, that is, the

Request is unduly burdensome, oppressive, harassing and abusive, including without limitation to

the extent the Request is duplicative of other Requests, including without limitation Propounding

Party's Requests for Production – Set One, Requests Nos. 13-20 and 33. Objection on the

grounds that the Request calls for production of documents and things which are not reasonably

accessible because of undue burden or cost, including without limitation to the extent the

documents and things reside on third-party servers, in archived form or format and/or are

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

the Request calls for the disclosure of privileged, confidential or other protected material,

including without limitation documents and things subject to the attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including

without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds of the official information privilege and the law

enforcement investigatory privilege. Objection on the grounds that the Request is abusive and

subjects Responding Parties to undue burden and hardship, including without limitation to the

extent Propounding Party may obtain the documents and things requested from other, less costly

and/or more convenient third-party sources. Further objection on the grounds that the Request is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

be responsive to the Request. Objection on the grounds that the Request seeks confidential and/or

proprietary business and/or financial information, including without limitation trade secrets,

protected by the right to privacy, which will require entry of a suitable protective order prior to

DEFENDANTS' RESPONSES TO RFPD – SET TWO

disclosure. Objection on the grounds that the Request is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Dashgo" and as to the phrases "business relationship" and "any sort of business relationship". Objection on the grounds that the Request is vague and ambiguous, including without limitation as to the purportedly defined term "Dashgo", as to the term "evidencing" and as to the phrases "business relationship" and "any sort of business relationship".

DICKENSON PEATMAN & FOGARTY, P.C.

Dated: January 14, 2022          By: _____

Richard Idell
Ory Sandel
*Attorneys for Defendants Dashgo, Inc. and*
*Audiomicro, Inc. d.b.a. Adrev*

DEFENDANTS' RESPONSES TO RFPD – SET TWO

1

## **PROOF OF SERVICE**

2

I am employed in the County of Napa, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is 1455 First Street, Suite 301, Napa, CA 94559.

3

4

On the date indicated below, I served the following document(s):

5

6

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S REQUESTS FOR PRODUCTION TO DEFENDANTS – SET TWO**

7

8

on the person(s) below, as follows:

9

| | |
|---|---|
| Thomas P. Griffin, Jr., Esq. | Seth Berman, Jr., Esq. |
| HEFNER, STARK & MAROIS, LLP | ABRAMS FENSTERMAN |
| 2150 River Plaza Drive, Suite 450 | 3 Dakota Drive, Suite 300 |
| Sacramento, CA 95833 | Lake Success, NY 11042 |
| Telephone: (916) 925-6620 | Telephone: (516) 328-2300 x 251 |
| Facsimile: (916) 925-1127 | Facsimile: (516) 328-6638 |
| Email: tgriffin@hsmlaw.com | Email: SBerman@Abramslaw.com |
| *Attorneys for Plaintiff Yellowcake, Inc.* | *Attorneys for Plaintiff Yellowcake, Inc.* |

10

11

12

13

14

**(XX)   U. S. MAIL.**  I caused a copy of the document(s) to be enclosed in a sealed envelope or package addressed to the person(s) at the address(es) listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16

17

18

**(XX)   BY ELECTRONIC SERVICE.** I caused a copy of the document(s) to be sent to the person(s) at the electronic mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

19

20

21

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 14th day of January, 2022, at Napa, California.

22

23

24
_____
Sarah Laverone

25

26

27

28

97

DEFENDANTS' RESPONSES TO RFPD – SET TWO

# EXHIBIT 6

1  RICHARD J. IDELL, ESQ. (SBN 069033)
2  ORY SANDEL, ESQ. (SBN 233204)
   DICKENSON, PEATMAN & FOGARTY, P.C.
3  1455 First Street, Suite 301
   Napa, CA 94559
4  Telephone: 707-252-7122
   Facsimile:  707-255-6876
5  Email: ridell@dpf-law.com
          osandel@dpf-law.com
6  *Attorneys for Defendants Dashgo, Inc. and*
7  *Audiomicro, Inc. d.b.a Adrev*

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10                    **FRESNO DIVISION**

11  YELLOWCAKE, INC., a California         CASE NO. 1:21-cv-00803-AWI-BAM
    corporation,
12                                         **DEFENDANTS DASHGO, INC. AND**
                    Plaintiff,             **AUDIOMICRO, INC. d/b/a ADREV'S**
13                                         **RESPONSE TO PLAINTIFF**
           v.                              **YELLOWCAKE, INC.'S FIRST SET OF**
14                                         **INTERROGATORIES TO DEFENDANTS**
    DASHGO, INC., a Delaware corporation;
    and AUDIOMICRO, INC. d/b/a ADREV,      **[INTERROGATORIES NOS. 1-25]**
15  a Delaware corporation,

16                  Defendants.

17

18      PROPOUNDING PARTY:    Plaintiff Yellowcake, Inc.

19      RESPONDING PARTIES:   Defendants Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev

20      SET NUMBER:           One (1)

21      Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d/b/a Adrev ("Adrev" or

22  "Audiomicro") (collectively, "Defendants", or "Responding Parties") hereby respond to the First

23  Set of Interrogatories propounded by Plaintiff Yellowcake, Inc. ("Yellowcake", "Plaintiff", or

24  "Propounding Party"), as follows:

                         **PRELIMINARY STATEMENT**

25      Responding Parties are continuing Responding Parties' investigation and analysis of the

26  facts and law relating to this case. Since discovery, investigation and preparation for trial have not

27  been completed and are ongoing as of the date of these responses, Responding Parties do not

28  purport to state anything more than information currently available, known and discovered.

                                    1

Responding Parties reserve the right to continue discovery and investigation in this matter regarding facts, witnesses, and supporting data. The responses below are provided without waiver of Responding Parties' right to amend, modify or supplement these responses. Responding Parties specifically reserve the right to produce and present at trial information and evidence of any facts or interpretations discovered subsequent to the date of these responses by adding to, modifying or otherwise changing or amending the responses set forth below.

Responding Parties' responses to the Interrogatories are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility and any and all other objections and grounds that would require the exclusion of any statements contained herein as if such statements were made by a witness present and testifying in court. All objections and grounds are reserved and may be interposed by Responding Parties at the time of the trial, and these responses are given without prejudice to Responding Parties' right to object on any bases at the time of trial to the introduction of any response given herein.

This preliminary statement is incorporated into each and every response set forth below.

**GENERAL OBJECTIONS**

Responding Parties makes the following general objections to Propounding Party's First Set of Interrogatories (each singularly, an "Interrogatory", or, collectively, the "Interrogatories"), each of which is hereby incorporated into Responding Parties' objections to each of the Interrogatories as if fully set forth therein. All of Responding Parties' objections are expressly subject to these general objections in addition to any specific objections which may be made on an individual basis in the separate responses set forth below:

1.      Responding Parties object to the Interrogatories on the grounds that the Interrogatories purport to exceed the limitations of Rule 33 of the Federal Rules of Civil Procedure. Responding Parties specifically object on the ground that Rule 34 provides, in pertinent part, as follows: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written Interrogatories . . ." FRCP 33(a). Rule 33 uses the singular ("party") both as to the propounding party and as to the responding party. However, the Interrogatories purport to be simultaneously directed to both Dashgo and Adrev

jointly. Without waiving Responding Parties' objection on this ground, the responses given herein are made on behalf of both Dashgo and Adrev jointly, since the Interrogatories were directed to both Dashgo and Adrev jointly; however, any response to any given Interrogatory does not mean, and should not be interpreted to mean, that both Dashgo and Adrev have information responsive to such Interrogatory, since it may be that only one of the Responding Parties (Dashgo *or* Adrev) has responsive information. Any ambiguity created thereby is solely due to the fact that Propounding Party opted to propound a single set of Interrogatories on both Responding Parties jointly.

2.     Responding Parties object to the Interrogatories to the extent that the Interrogatories call for information that is not relevant to any party's claim or defense in this action.

3.     Responding Parties object to the Interrogatories on the grounds that the Interrogatories are not proportional to the needs of the case.

4.     Responding Parties object to the Interrogatories on the grounds that the Interrogatories are overbroad, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev", as purporting to include each entity's "officers, directors, shareholders, employees, owners, partners, members, parents, affiliates, subsidiaries, divisions, related entities, agents, representatives and attorneys". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

5.     Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are overbroad, vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake" as purporting to include each entity's "agents" and "representatives". The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev and Yellowcake, Inc., and no other person or entity.

6.     Responding Parties object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the terms "owners", "partners", "members", "parents", "affiliates", "subsidiaries", "divisions", "related entities", "agents" and

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

"representatives" as used in the purportedly defined terms "Dashgo", "Audiomicro" and "Adrev".

7.    Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the terms "agents" and "representatives" as used in the purportedly defined terms "You", "Your", "Defendants", "Plaintiff" and "Yellowcake".

8.    Responding Parties object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the phrase "other similar assets" as used in purportedly defined terms "Exploit", "Exploited" and "Exploitation".

9.    Responding Parties further object to the Interrogatories on the grounds that the Interrogatories are vague and ambiguous as to the purportedly defined terms "Yellowcake's Copyrighted Works", "Foreign Works", "Exploit", "Exploited" and "Exploitation".

10.    Responding Parties object to the Interrogatories on the grounds that the Interrogatories are facially abusive, harassing. oppressive and unduly burdensome as to those Interrogatories inquiring about facts and information relating to "Yellowcake's Copyrighted Works" and/or "Foreign Works", in that the purportedly defined terms "Yellowcake's Copyrighted Works" and "Foreign Works" encompass at least one thousand two hundred and forty (1,240) individual sound recordings.

11.    Responding Parties object to the Interrogatories to the extent they can be regarded as calling for the production of documents and things protected by any applicable privilege, including but not limited to the attorney-client privilege and/or the attorney work product doctrine, including without limitation to the extent the purportedly defined terms "Dashgo", "Audiomicro", "Adrev", "You", "Your" and "Defendants" purport to include Responding Parties' attorneys. The responses given herein interpret each such defined term as referring only to the entity itself, i.e., Dashgo, Inc. and Audiomicro, Inc. d.b.a. Adrev, and no other person or entity.

12.    Responding Parties object to the Interrogatories to the extent they are overbroad, including without limitation as to time, harassing and unduly burdensome.

13.    Responding Parties object to the Interrogatories to the extent they can be regarded as calling for the production of documents that are subject to the rights of privacy of

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

Responding Parties, or others, as calling for the production of private, protected, privileged and confidential, personal, financial and/or proprietary information.

14.    Responding Parties object to the Interrogatories to the extent that they can be regarded as calling for information that is confidential or proprietary to, or the trade secrets of, Responding Parties and/or any other person or entity. Each such Interrogatory is overly broad, unduly burdensome and oppressive, and seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure.

15.    Responding Parties object to the Interrogatories to the extent that the Interrogatories contain factual and/or legal misrepresentations. Any response made herein is not, and shall not be deemed to be, an admission of any factual or legal contention contained in any individual Interrogatory.

16.    Responding Parties object to the Interrogatories to the extent that they call for information not within the knowledge of Responding Parties, including without limitation information based on documents or things that no longer exist or have otherwise been lost, misplaced, or destroyed, including without limitation in the ordinary course of business. The responses given herein are based upon information reasonably available to Responding Parties and documents and things reasonably within Responding Parties' possession, custody and control.

17.    Responding Parties reserve the right to amend, modify and/or supplement these objections and the below responses.

These general objections shall be deemed applicable as to each Interrogatory without specific reference being incorporated into each specific response, and Responding Parties' responses that follow shall not operate to waive or in any way limit these general objections.

## INTERROGATORIES AND RESPONSES THERETO

**INTERROGATORY NO. 1:**

State whether or not You have ever Exploited any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 1:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

1 or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the

2 discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the

3 disclosure of privileged, confidential or other protected material, including without limitation

4 information subject to attorney-client privilege, the attorney work product doctrine and/or any

5 other applicable privilege or protection, including without limitation to the extent the defined

6 term "You" purports to include Responding Parties' attorneys. Objection on the grounds that the

7 Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including

8 without limitation to the extent Propounding Party is already in the possession of the information

9 responsive to this Interrogatory and to the extent Propounding Party may obtain the information

10 requested from other, less costly and/or more convenient third party sources. Further objection on

11 the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and

12 hardship, including without limitation to the extent Responding Parties would be required to incur

13 substantial expense and consume substantial time in obtaining and reviewing documents and

14 things that may or may not contain information responsive to the Interrogatory. Objection on the

15 grounds that the Interrogatory is overbroad, including without limitation as to time, and including

16 without limitation as to the purportedly defined terms "You", "Yellowcake's Copyrighted

17 Works" and "Exploited" and as to the term "ever". Objection on the grounds that the

18 Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined

19 terms "You", "Yellowcake's Copyrighted Works" and "Exploited".

20        Without waiving the foregoing objections, Responding Parties respond as follows: To the

21 extent the Interrogatory purports to ask whether Dashgo and/or Adrev has ever delivered to any

22 digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights,

23 Dashgo has so delivered such sound recordings.

24        Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

25 this response.

26 **INTERROGATORY NO. 2:**

27        If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of

28 the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii)

which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature

of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (xiii) the name of every party that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such party.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "You" and "Defendant" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the

referenced "digital service providers". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Defendant", "Yellowcake's Copyrighted Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Defendant", "Yellowcake's Copyrighted Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", "revenue" and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that were delivered to digital distributions platforms by either or both of the Responding Parties since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from "digital service providers" or otherwise, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 3:**

State whether or not You have ever Exploited any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "You" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation publicly available sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Foreign Works" and "Exploited". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Defendants", "Foreign Works" and "Exploited".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo and/or Adrev has ever delivered to any digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 4:**

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) the name of the artist of each sound recording Exploited; (ii) the title of each sound recording Exploited; (iii) which Defendant Exploited the sound recording; (iv) the date of each Exploitation; (v) the nature of each such Exploitation; (vi) the identity of any third parties involved in each such Exploitation (including, but not limited to, any digital service providers such as Amazon, Spotify, Apple Music and iTunes); (vii) the gross amount of revenue generated from each such Exploitation; (viii) the name of every Person that received any revenue generated by each such Exploitation; and (ix) the amount of revenue received by each such Person.

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "You" and "Defendant" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and

subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the referenced "digital service providers". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "You", "Defendant", "Foreign Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "You", "Defendant", "Foreign Works", "Exploited" and "Exploitation", as to the terms "receives", "revenue", "nature", "identity", "involved", "revenue" and "generated" and as to the phrases "involved in", "digital service providers", "generated from" and "generated by".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that were delivered to digital distributions platforms by either or both of the Responding Parties since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from "digital service providers" or otherwise,

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

produced or to be produced by Responding Parties, or made available or to be made available to

Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

this response.

**INTERROGATORY NO. 5:**

State whether or not Dashgo ever posted or uploaded and video containing any of

Yellowcake's Copyrighted Works to www.YouTube.com.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Parties incorporate by this reference the above General Objections. Objection

on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the

discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the

disclosure of privileged, confidential or other protected material, including without limitation

information subject to attorney-client privilege, the attorney work product doctrine and/or any

other applicable privilege or protection, including without limitation to the extent the defined

term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that

the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship,

including without limitation to the extent Propounding Party may obtain the information

requested from other, less costly and/or more convenient third party sources, including without

limitation publicly available sources. Further objection on the grounds that the Interrogatory is

abusive and subjects Responding Parties to undue burden and hardship, including without

limitation to the extent Responding Parties would be required to incur substantial expense and

consume substantial time in obtaining and reviewing documents and things that may or may not

contain information responsive to the Interrogatory. Objection on the grounds that the

Interrogatory is overbroad, including without limitation as to time, and including without

limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works".

Objection on the grounds that the Interrogatory is vague and ambiguous, including without

limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works"

and as to the phrase "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo has ever delivered to YouTube, via a DDEX/xml content feed, sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings to YouTube.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 6:**

If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory (indeed, alleges the same in Exhibits A and C to Propounding Party's original Complaint in this action) and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the referenced "www.YouTube.com". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Yellowcake's Copyrighted Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that Dashgo delivered to YouTube via a DDEX/xml content feed since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

information, or any compilations or summaries thereof, including without limitation indexes and/or spreadsheets, sourced from YouTube or otherwise, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 7:**

State whether or not Dashgo ever posted or uploaded and video containing any of the Foreign Works to www.YouTube.com.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation publicly available sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Foreign Works". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the

purportedly defined terms "Defendants" and "Foreign Works" and as to the phrase "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo has ever delivered to YouTube, via a DDEX/xml content feed, sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has so delivered such sound recordings to YouTube.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 8:**

If the answer to the foregoing interrogatory is in the affirmative, set forth: (i) the URL for each video; (ii) the name of the performing artist and title of the sound recording; and (iii) the gross amount of revenue Dashgo received from www.YouTube.com for each video.

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for the production of documents that are not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for production of documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the

attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory (indeed, alleges the same in Exhibits A and C to Propounding Party's original Complaint in this action) and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources, including without limitation the referenced "www.YouTube.com". Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Foreign Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Foreign Works", as to the terms "amount" and "revenue" and as to the phrase "gross amount" and "posted or uploaded and video". Objection on the grounds that the Interrogatory is unintelligible.

    Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for information, including financial information, regarding sound recordings in which Plaintiff contends it acquired copyrights that Dashgo delivered to YouTube via a DDEX/xml content feed since January 5, 2015, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged format(s) of electronically-stored

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1   information, or any compilations or summaries thereof, including without limitation indexes

2   and/or spreadsheets, sourced from YouTube or otherwise, produced or to be produced by

3   Responding Parties, or made available or to be made available to Propounding Party for

4   inspection and copying, after entry of a suitable protective order.

5       Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

6   this response.

7   **INTERROGATORY NO. 9:**

8       If the answer to Interrogatory No. 1 is in the affirmative, identify the basis upon which

9   Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works.

    **RESPONSE TO INTERROGATORY NO. 9:**

10      Responding Parties incorporate by this reference the above General Objections. Objection

11  on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

12  or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the

13  discovery of admissible evidence. Objection on the grounds that the Interrogatory is not

14  proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive,

15  harassing and abusive, including without limitation to the extent the Interrogatory is duplicative

16  of other Interrogatories. Objection to the extent that that the Interrogatory calls for the disclosure

17  of privileged, confidential or other protected material, including without limitation documents and

18  things subject to attorney-client privilege, the attorney work product doctrine and/or any other

19  applicable privilege or protection, including without limitation to the extent the defined term

20  "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the

21  Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including

22  without limitation to the extent Propounding Party is already in the possession of the information

23  responsive to this Interrogatory and to the extent Propounding Party may obtain the information

24  requested from other, less costly and/or more convenient third party sources. Further objection on

25  the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and

26  hardship, including without limitation to the extent Responding Parties would be required to incur

27  substantial expense and consume substantial time in obtaining and reviewing documents and

28  things that may or may not contain information responsive to the Interrogatory. Objection on the

grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "basis" and "right" and as to the phrases "the basis", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "basis", "believes" and "right" and as to the phrases "the basis", "it has, or had", "the right to Exploit" and "the basis upon which Dashgo believes it has, or had, the right to Exploit Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 10:**

Identify the parties to, and dates of, any agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works.

//

//

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information,

including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the term "right" and as to the phrases "relied in asserting", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Yellowcake's Copyrighted Works", as to the terms "relied", "asserting" and "right" and as to the phrases "relied in asserting", "it has, or had", "the right to Exploit" and "agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 11:**

If the answer to Interrogatory No. 3 is in the affirmative, identify the basis upon which Dashgo asserts that it has, or had, the right to Exploit the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

DP&F

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

1 or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the

2 discovery of admissible evidence. Objection on the grounds that the Interrogatory is not

3 proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive,

4 harassing and abusive, including without limitation to the extent the Interrogatory is duplicative

5 of other Interrogatories. Objection to the extent that that the Interrogatory calls for the disclosure

6 of privileged, confidential or other protected material, including without limitation documents and

7 things subject to attorney-client privilege, the attorney work product doctrine and/or any other

8 applicable privilege or protection, including without limitation to the extent the defined term

9 "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the

10 Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including

11 without limitation to the extent Propounding Party is already in the possession of the information

12 responsive to this Interrogatory and to the extent Propounding Party may obtain the information

13 requested from other, less costly and/or more convenient third party sources. Further objection on

14 the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and

15 hardship, including without limitation to the extent Responding Parties would be required to incur

16 substantial expense and consume substantial time in obtaining and reviewing documents and

17 things that may or may not contain information responsive to the Interrogatory. Objection on the

18 grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial

19 information, including without limitation trade secrets, protected by the right to privacy, which

20 will require entry of a suitable protective order prior to disclosure. Objection on the grounds that

21 the Interrogatory is overbroad, including without limitation as to time, and including without

22 limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to

23 the terms "basis" and "right" and as to the phrases "the basis", "it has, or had" and "the right to

24 Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including

25 without limitation as to time, and including without limitation as to the purportedly defined terms

26 "Dashgo", "Exploit" and "Foreign Works", as to the terms "asserts", "basis", "believes" and

27 "right" and as to the phrases "the basis", "it has, or had", "the right to Exploit" and "the basis

28 upon which Dashgo believes it has, or had, the right to Exploit the Foreign Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 12:**

Identify the parties to, and dates of, any agreements upon which Dashgo has, or had relied, in asserting that it has, or had, the right to Exploit any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the term "right" and as to the phrases "relied in asserting", "it has, or had" and "the right to Exploit". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploit" and "Foreign Works", as to the terms "relied", "asserting" and "right" and as to the phrases "relied in asserting", "it has, or had", "the right to Exploit" and "agreements upon which Dashgo has, or had, relied in asserting that it has, or had, the right to Exploit any of the Foreign Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask for the basis upon which Dashgo believes it has ever had the right to deliver to digital distribution platforms sound recordings in which Plaintiff contends it

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

acquired copyrights, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged contracts and agreements, including without limitation licensing agreements, and related correspondence and other documents, dated on or after January 5, 2015, evidencing the basis of Dashgo's belief that it had the right to so deliver such sound recordings, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 13:**

State whether or not Dashgo received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Dashgo to cease the Exploitation of any of Yellowcake's Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 13:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys.

Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works", as to the term "correspondence" and as to the phrase "any third-party purporting to be acting on Yellowcake's behalf". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works", as to the terms "received", "correspondence", "instructing" and "directing" and as to the phrases "any third-party purporting to be acting on Yellowcake's behalf", "instructing or directing Dashgo" and "the Exploitation of any of Yellowcake's Copyrighted Works".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Dashgo has ever received correspondence from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, Dashgo has received such correspondence.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

## INTERROGATORY NO. 14:

If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person who sent such correspondence; (ii) each Person who received each such correspondence; (iii) the date of each such correspondence; and (iv) the substance of each such correspondence.

**RESPONSE TO INTERROGATORY NO. 14:**

       Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information,

including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the term "identify". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the terms "identify", "received", "correspondence", "substance".

Without waiving the foregoing objections, Responding Parties respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged correspondence, dated on or after January 5, 2015, received by Dashgo from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 15:**

State whether or not Audiomicro received any correspondence from Yellowcake, or any third-party purporting to be acting on Yellowcake's behalf, instructing or directing Audiomicro to cease the Exploitation of any of the Foreign Works.

**RESPONSE TO INTERROGATORY NO. 15:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not

1  reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds

2  that the Interrogatory calls for information based on documents and things which are not

3  reasonably accessible because of undue burden or cost, including without limitation to the extent

4  the documents and things reside on third party servers, in archived form or format and/or are

5  inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the

6  the Interrogatory calls for the disclosure of privileged, confidential or other protected material,

7  including without limitation information subject to attorney-client privilege, the attorney work

8  product doctrine and/or any other applicable privilege or protection, including without limitation

9  to the extent the defined term "Audiomicro" purports to include Responding Parties' attorneys.

10  Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to

11  undue burden and hardship, including without limitation to the extent Propounding Party is

12  already in the possession of the information responsive to this Interrogatory and to the extent

13  Propounding Party may obtain the information requested from other, less costly and/or more

14  convenient third party sources. Further objection on the grounds that the Interrogatory is abusive

15  and subjects Responding Parties to undue burden and hardship, including without limitation to the

16  extent Responding Parties would be required to incur substantial expense and consume

17  substantial time in obtaining and reviewing documents and things that may or may not contain

18  information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is

19  overbroad, including without limitation as to time, and including without limitation as to the

20  purportedly defined terms "Audiomicro", "Exploitation" and "Foreign Works", as to the term

21  "correspondence" and as to the phrase "any third-party purporting to be acting on Yellowcake's

22  behalf". Objection on the grounds that the Interrogatory is vague and ambiguous, including

23  without limitation as to the purportedly defined terms "Audiomicro", "Exploitation" and "Foreign

24  Works", as to the terms "received", "correspondence", "instructing" and "directing" and as to the

25  phrases "any third-party purporting to be acting on Yellowcake's behalf", "instructing or

26  directing Audiomicro" and "the Exploitation of any of the Foreign Works".

27       Without waiving the foregoing objections, Responding Parties respond as follows: To the

28  extent the Interrogatory purports to ask whether Adrev has ever received correspondence from

Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound

29

1  recordings in which Plaintiff contends it acquired copyrights, Adrev has received such

2  correspondence.

3       Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

4  this response.

5  **INTERROGATORY NO. 16:**

6       If the answer to the foregoing interrogatory is in the affirmative, identify: (i) each Person

7  who sent each such correspondence; (ii) the Person who received each such correspondence; (iii)

8  the date of each such correspondence; and (iv) the substance of each such correspondence.

   **RESPONSE TO INTERROGATORY NO. 16:**

9       Responding Parties incorporate by this reference the above General Objections. Objection

10 to the extent that the information requested is not within Responding Parties' possession, custody

11 or control, including without limitation to the extent the information resides on third party

12 servers, in archived form or format and/or are inaccessible or not reasonably accessible to

13 Responding Parties. Objection on the grounds that the Interrogatory calls for information that is

14 not relevant to any party's claim or defense in this action, that is, the Interrogatory is not

15 reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds

16 that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is

17 unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent

18 the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the

19 Interrogatory calls for information based on documents and things which are not reasonably

20 accessible because of undue burden or cost, including without limitation to the extent the

21 documents and things reside on third party servers, in archived form or format and/or are

22 inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that

23 the Interrogatory calls for the disclosure of privileged, confidential or other protected material,

24 including without limitation documents and things subject to attorney-client privilege, the

25 attorney work product doctrine and/or any other applicable privilege or protection, including

26 without limitation to the extent the defined term "Dashgo" purports to include Responding

27 Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects

28 Responding Parties to undue burden and hardship, including without limitation to the extent

DP&F

DICKENSON, PEATMAN & FOGARTY
*A Professional Law Corporation*

Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the term "identify". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Exploitation" and "Yellowcake's Copyrighted Works" and as to the terms "identify", "received", "correspondence", "substance".

Without waiving the foregoing objections, Responding Parties respond as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and related case law, Responding Parties refer Propounding Party to all extant, relevant non-privileged correspondence, dated on or after January 5, 2015, received by Adrev from Yellowcake, or an agent for Yellowcake, asserting Yellowcake's claimed rights to certain sound recordings in which Plaintiff contends it acquired copyrights, produced or to be produced by Responding Parties, or made available or to be made available to Propounding Party for inspection and copying, after entry of a suitable protective order.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 17:**

Describe the ownership relationship between Dashgo and Audiomicro.

//

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the term "describe". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the term "describe" and as to the phrase "ownership relationship".

Without waiving the foregoing objections, Responding Parties respond as follows: Dashgo is wholly-owned by Audiomicro.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 18:**

Describe the nature of the business relationship between Dashgo and Audiomicro.

//

**RESPONSE TO INTERROGATORY NO. 18:**

Responding Parties incorporate by this reference the above General Objections. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the terms "describe" and "nature". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "describe" and "nature" as to the phrase "business relationship".

Without waiving the foregoing objections, Responding Parties respond as follows: Dashgo is a wholly-owned subsidiary of Audiomicro.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 19:**

Describe the nature of Audiomicro's business.

//

1

**RESPONSE TO INTERROGATORY NO. 19:**

2

    Responding Parties incorporate by this reference the above General Objections. Objection

3

on the grounds that the Interrogatory calls for information that is not relevant to any party's claim

4

or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the

5

discovery of admissible evidence. Objection to the extent that that the Interrogatory calls for the

6

disclosure of privileged, confidential or other protected material, including without limitation

7

documents and things subject to attorney-client privilege, the attorney work product doctrine

8

and/or any other applicable privilege or protection, including without limitation to the extent the

9

defined terms "Audiomicro" purports to include Responding Parties' attorneys. Objection on the

10

grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and

11

hardship, including without limitation to the extent Propounding Party is already in the possession

12

of the information responsive to this Interrogatory and to the extent Propounding Party may

13

obtain the information requested from other, less costly and/or more convenient third party

14

sources. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary

15

business and/or financial information, including without limitation trade secrets, protected by the

16

right to privacy, which will require entry of a suitable protective order prior to disclosure.

17

Objection on the grounds that the Interrogatory is overbroad, including without limitation as to

18

time, and including without limitation as to the purportedly defined term "Audiomicro" and as to

19

the terms "describe", "nature" and "business". Objection on the grounds that the Interrogatory is

20

vague and ambiguous, including without limitation as to the purportedly defined term

21

"Audiomicro", as to the terms "describe", "nature" and "business".

    Without waiving the foregoing objections, Responding Parties respond as follows: Adrev

22

is an administrator for protection and monetization of audiovisual and music rights on YouTube's

23

Content ID platform.

24

    Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

25

this response.

**INTERROGATORY NO. 20:**

26

    State whether or not Audiomicro in anyway assists or is involved with Dashgo's

27

Exploitation of sound recordings.

28

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1    **RESPONSE TO INTERROGATORY NO. 20:**

2         Responding Parties incorporate by this reference the above General Objections. Objection

3    to the extent that the information requested is not within Responding Parties' possession, custody

4    or control, including without limitation to the extent the information resides on third party

5    servers, in archived form or format and/or are inaccessible or not reasonably accessible to

6    Responding Parties. Objection on the grounds that the Interrogatory calls for information that is

7    not relevant to any party's claim or defense in this action, that is, the Interrogatory is not

8    reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds

9    that the Interrogatory calls for information based on documents and things which are not

10   reasonably accessible because of undue burden or cost, including without limitation to the extent

11   the documents and things reside on third party servers, in archived form or format and/or are

12   inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that the

13   the Interrogatory calls for the disclosure of privileged, confidential or other protected material,

14   including without limitation information subject to attorney-client privilege, the attorney work

15   product doctrine and/or any other applicable privilege or protection, including without limitation

16   to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding

17   Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects

18   Responding Parties to undue burden and hardship, including without limitation to the extent

19   Propounding Party is already in the possession of the information responsive to this Interrogatory

20   and to the extent Propounding Party may obtain the information requested from other, less costly

21   and/or more convenient third party sources. Further objection on the grounds that the

22   Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including

23   without limitation to the extent Responding Parties would be required to incur substantial expense

24   and consume substantial time in obtaining and reviewing documents and things that may or may

25   not contain information responsive to the Interrogatory. Objection on the grounds that the

26   Interrogatory is overbroad, including without limitation as to time, and including without

27   limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to

28   the term "assists" and as to the phrase "is involved with". Objection on the grounds that the

     Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined

DP&F

DICKENSON, PEATMAN & FOGARTY
A Professional Law Corporation

terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "assists" and "anyway" and as to the phrase "in anyway assists or is involved with".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Adrev has a role in Dashgo's delivery of sound recordings to digital distribution platforms, Adrev has no such role.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 21:**

If the answer to the foregoing interrogatory is in the affirmative, identify the nature of the assistance or involvement.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Dashgo" purports to include Responding

Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "nature", "assists", "assistance" and "involvement" and as to the phrase "is involved with". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo", "Audiomicro" and "Exploitation", as to the terms "nature", "assists", "assistance", "involvement" and "anyway" and as to the phrases "in anyway involved with" and "the nature of the assistance or involvement".

Without waiving the foregoing objections, Responding Parties respond as follows: Not applicable. See response to Interrogatory No. 20.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 22:**

State whether or not Audiomicro receives any revenue from Dashgo's business activities and how such revenue is calculated.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "receives", "revenue" and "calculated" and as to the phrase "business activities". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro", as to the terms "receives", "revenue", "activities", "how" and "calculated" and as to the phrases "any revenue from", "from Dashgo's business activities", "business activities" and "how such revenue is calculated".

Without waiving the foregoing objections, Responding Parties respond as follows: To the extent the Interrogatory purports to ask whether Adrev directly receives revenue for Dashgo's delivery of sound recordings to digital distribution platforms, Adrev does not.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 23:**

State whether or not Audiomicro and Dashgo share any common employees, officers or directors.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro". Objection on the grounds that the Interrogatory is

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the terms "share" and "common".

Without waiving the foregoing objections, Responding Parties respond as follows: Yes.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 24:**

If the answer to the foregoing interrogatories in the affirmative, identify: (i) the name; (ii) address; (iii) telephone number; (iv) email address; (v) job title and (vi) job description of each such officer, director or employee.

**RESPONSE TO INTERROGATORY NO. 24:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation information subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined terms "Dashgo" and "Audiomicro" purport to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information

responsive to the Interrogatory. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined terms "Dashgo" and "Audiomicro" and as to the terms "share" and "common".

Without waiving the foregoing objections, Responding Parties respond as follows:

Common employees: (1) Peter Amloian – Head of Finance; (2) Oleksandr Iovenko – Vice President of Technology

Common officers: (1) Justin Kalifowitz – Executive Chairman; (2) Andrew Bergman – Chief Operating Officer and Secretary; (3) Tracy Maddux – Chief Executive Officer; (4) Alan Goodstadt – Chief Financial Officer and Treasurer; (5) Peter Amloian – Vice President of Finance

Common directors: (1) Justin Kalifowitz; (2) Andrew Bergman; (3) Tracy Maddux

Each of the foregoing individuals may be contacted through counsel for Defendants.

Discovery is continuing. Responding Parties reserve the right to amend and/or supplement this response.

**INTERROGATORY NO. 25:**

Set forth all facts substantiating any defense claimed or to be asserted by either Defendant.

**RESPONSE TO INTERROGATORY NO. 25:**

Responding Parties incorporate by this reference the above General Objections. Objection to the extent that the information requested is not within Responding Parties' possession, custody or control, including without limitation to the extent the information resides on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection on the grounds that the Interrogatory calls for information that is not relevant to any party's claim or defense in this action, that is, the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Objection on the grounds that the Interrogatory is not proportional to the needs of the case, that is, the Interrogatory is unduly burdensome, oppressive, harassing and abusive, including without limitation to the extent the Interrogatory is duplicative of other Interrogatories. Objection on the grounds that the

Interrogatory calls for information based on documents and things which are not reasonably accessible because of undue burden or cost, including without limitation to the extent the documents and things reside on third party servers, in archived form or format and/or are inaccessible or not reasonably accessible to Responding Parties. Objection to the extent that that the Interrogatory calls for the disclosure of privileged, confidential or other protected material, including without limitation documents and things subject to attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or protection, including without limitation to the extent the defined term "Defendant" purports to include Responding Parties' attorneys. Objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Propounding Party is already in the possession of the information responsive to this Interrogatory and to the extent Propounding Party may obtain the information requested from other, less costly and/or more convenient third party sources. Further objection on the grounds that the Interrogatory is abusive and subjects Responding Parties to undue burden and hardship, including without limitation to the extent Responding Parties would be required to incur substantial expense and consume substantial time in obtaining and reviewing documents and things that may or may not contain information responsive to the Interrogatory. Objection on the grounds that the Interrogatory seeks confidential and/or proprietary business and/or financial information, including without limitation trade secrets, protected by the right to privacy, which will require entry of a suitable protective order prior to disclosure. Objection on the grounds that the Interrogatory is overbroad, including without limitation as to time, and including without limitation as to the purportedly defined term "Defendant", as to the term "substantiating" and as to the phrase "all facts". Objection on the grounds that the Interrogatory is vague and ambiguous, including without limitation as to the purportedly defined term "Defendant", as to the terms "substantiating", "claimed" and "asserted" and as to the phrases "all facts substantiating any defense", "substantiating any defense", "any defense claimed", "any defense . . . to be asserted" and "either Defendant".

Without waiving the foregoing objections, Responding Parties respond as follows: As of the date of these responses, the pleadings in this action are not yet settled, and Defendants have

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1    not yet filed an Answer with affirmative defenses, the Interrogatory therefore prematurely calls

2    for information regarding defenses that have yet to be determined. Responding Parties decline to

3    engage in speculation as to what defenses they may assert at the time of the filing of any Answer

4    to the Complaint, and of the facts which might support such defenses.

5            Discovery is continuing. Responding Parties reserve the right to amend and/or supplement

6    this response.

7                                                   DICKENSON PEATMAN & FOGARTY, P.C.

8    Dated: January 7, 2022              By:

9                                                   Richard Idell
10                                                  Ory Sandel
                                                    *Attorneys for Defendants Dashgo, Inc. and*
11                                                  *Audiomicro, Inc. d.b.a. Adrev*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES



## **VERIFICATION**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

I am the President of Dashgo, Inc. and am verifying the contents of the foregoing document on behalf of Dashgo, Inc. in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on _____January 7_____, 2022 at _____Los Angeles_____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Benjamin Patterson

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

**<u>VERIFICATION</u>**

I have read the following and know its contents:

- **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

I am the Senior Vice President of Operations of Adrev and am verifying the contents of the foregoing document on behalf of Adrev in that capacity. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information or belief, and as to those matters I believe them to be true.

Executed on _____January 7th_____, 2022 at _____Dana Point_____ [city], California.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


_____
Andrew Korn

DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES

1

## PROOF OF SERVICE

2  I am employed in the County of Napa, State of California in the office of a member of the
bar of this court at whose direction the following service was made. I am over the age of eighteen
3  years and not a party to the within action. My business address is 1455 First Street, Suite 301,
Napa, CA 94559.

4

5  On the date indicated below, I served the following document(s):

6  • **DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. d/b/a ADREV'S
RESPONSE TO PLAINTIFF YELLOWCAKE, INC.'S FIRST SET OF
7  INTERROGATORIES TO DEFENDANTS**

8  on the person(s) below, as follows:

9
Thomas P. Griffin, Jr., Esq.                    Seth Berman, Jr., Esq.
10  HEFNER, STARK & MAROIS, LLP                  ABRAMS FENSTERMAN
2150 River Plaza Drive, Suite 450               3 Dakota Drive, Suite 300
11  Sacramento, CA 95833                         Lake Success, NY 11042
Telephone: (916) 925-6620                       Telephone: (516) 328-2300 x 251
12  Facsimile: (916) 925-1127                    Facsimile: (516) 328-6638
Email: tgriffin@hsmlaw.com                      Email: SBerman@Abramslaw.com
13  *Attorneys for Plaintiff Yellowcake, Inc.*   *Attorneys for Plaintiff Yellowcake, Inc.*

14

15  **(XX)   U. S. MAIL.**  I caused a copy of the document(s) to be enclosed in a sealed envelope or
package addressed to the person(s) at the address(es) listed above and placed the envelope for
16  collection and mailing, following our ordinary business practices.  I am readily familiar with this
business's practice for collecting and processing correspondence for mailing.  On the same day
17  that correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18
**(XX)   BY ELECTRONIC SERVICE.** I caused a copy of the document(s) to be sent to the
19  person(s) at the electronic mail address(es) listed above. I did not receive, within a reasonable
time after the transmission, any electronic message or other indication that the transmission was
20  unsuccessful.

21
I declare under penalty of perjury under the laws of the State of California that the
22  foregoing is true and correct. Executed on this 7th day of January, 2022, at Napa, California.

23
24  _____
Sarah Laverone
25

26

27

28

46
DEFENDANTS' RESPONSES TO FIRST SET OF INTERROGATORIES