

RICHARD IDELL
ridell@dpf-law.com

July 27, 2022

**MEET AND CONFER**
**PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY**
**(tgriffin@hsmlaw.com)**

Thomas P. Griffin, Jr., Esq.
HEFNER LAW
2150 River Plaza Drive, Suite 450
Sacramento, CA  95833

**VIA EMAIL ONLY**
**(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

Re:   <u>Yellowcake adv. Dashgo, et al.</u>
      <u>USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM</u>

Dear Messrs. Griffin & Berman:

<u>Two-tier Protective Order</u>

Although we have not heard from you since its entry, as you know by now, on July 21, 2022, the Court entered its Order granting our motion for entry of a two-tier protective order.

In pertinent part, the Court's Order requires us to meet and confer on proposed language and to submit a revised protective order for the Court's review within thirty (30) days of service of the Court's Order, i.e., by no later than August 19, 2022.

Enclosed is our proposed form of two-tier protective order, as well as a redline to the highlighted form of two-tier protective order that was submitted with the June 3, 2022 joint statement on our motion. For your convenience, both are being provided to you in Word format.

Given that all issues regarding the protective order, other than its two-tier nature, were previously resolved, and as you can see from the enclosed redline, we have made only minor modifications to the highlighted form of protective order.

Please review the enclosed and let us know your additional comments or proposed changes, if any, to the two-tier protective order. Once we have agreement on the form of protective order, we will submit it to the Court for the judge's signature. Given the Court's deadline, please get back to us as soon as practicable but, in any event, by no later than August 3, 2022.

Griffin & Berman
July 27, 2022
Page 2

List of "Yellowcake's Copyrighted Works" and the "Foreign Works"

The Court's July 21, 2022 Order states, in pertinent part, as follows:

"3. The parties are directed to meet and confer to identify the "list" of Copyrighted Works and Foreign Works and which definitions will be used for responding to the RPD and Interrogatories. To the extent such a "list" has not been provided by Plaintiff to Defendants, the parties are directed to meet and confer and Plaintiffs are directed to provide such a list, with specificity. Defendants are entitled to know the works, with specificity, they are alleged to have infringed."

We have not yet received your proposed list of "Yellowcake's Copyrighted Works" and the "Foreign Works".

In order for Defendants to be able to properly supplement their responses to Plaintiff's discovery, as ordered (see below), and as part of the meet and confer process, we request that such "list" specifically include, for each of the works allegedly infringed, at least all of the following information:

1. Song title;
2. Name of artist;
3. Album title;
4. Copyright registration number (where applicable);
5. Copyright claimant;
6. Date of copyright registration;
7. Date of first publication (whether in the U.S. or in Mexico);
8. Date of first fixation (in Mexico);
9. Universal Product Code ("UPC");
10. International Standard Recording Code ("ISRC"); and
11. Date(s) of alleged infringement.

The Court has not imposed a deadline for the meet and confer process. Nevertheless, in order to move this case along, we ask that you please provide us with the required list by no later than August 3, 2022. Since you have known of the Court's Order since July 21, 2022, this is ample time to provide the list.

Plaintiff's Motion to Compel

The Court's July 21, 2022 Order further states, in pertinent part, as follows:

"4. Once the parties have met and conferred on the "list" of Copyrighted Works and Foreign Works at issue in this case, and following entry of the protective order, Defendants are required to supplement their responses to the RPD and Interrogatories Set One eliminating the boilerplate objections to the discovery requests."

Plaintiff's pending motion to compel takes issue with Defendants' discovery responses in their current form. Given the Court's Order, those discovery responses will be superseded, in due course, by Defendants' supplemental responses. Plaintiff's motion to compel is thus: (a) premature; and/or (b) moot.

Accordingly, in order to conserve the resources of the Court and the parties, we hereby request that Plaintiff withdraw, without prejudice, Plaintiff's motion to compel pending: (1) entry of a two-tier protective order; (2) our receipt of a list identifying, with specificity, "Yellowcake's Copyrighted Works" and the "Foreign Works" to be used in the definitions for responding to Plaintiff's discovery; and (3) service of Defendants' supplemental discovery responses after the parties' agreement to such list.

As you know, the joint statement on your motion is due to be filed on or before August 12, 2022. We therefore request: (1) that you please confirm, forthwith and in writing, that Yellowcake will be withdrawing its motion without prejudice; and (2) that you file a Notice of Withdrawal of Yellowcake's motion to compel by no later than August 3, 2022.

Further Document Production from Yellowcake

There are a number of outstanding matters with regard to Yellowcake's document production:

1. By email of May 17, 2022, Mr. Sandel requested that Yellowcake produce all chain of title documents for the "Foreign Works", specifically those documents showing chain of title for the "Foreign Works" that predate the Asset Purchase Agreements produced by Yellowcake as Bates Nos. PLF001239 through PLF002502. To date, we have not received any such documents.

2. By email of May 26, 2022, Mr. Sandel requested that the spreadsheet "**DH1 Media-04-20.csv** (43.6 MB)" be produced as a Bates numbered pdf (it was produced only as an Excel spreadsheet, without Bates numbers). In response to that email, Mr. Berman stated that he would "look into this and get back to you as soon as possible". As of this writing, we have received neither a further response from Mr. Berman nor a pdf of the subject document.

3. Additionally, and for at least the third time, we again request that Yellowcake provide us with "every single one" of the "re-uploads" referenced in Bates No. PLF002967 of Yellowcake's production, rather than just the "sample" that was produced.

   Please advise as to the status of each of the above matters by no later than August 3, 2022.

          Sincerely,

          DICKENSON, PEATMAN & FOGARTY

          Richard Idell

RJI:obs
Enclosures
cc: Ory Sandel, Esq.