

RICHARD IDELL
ridell@dpf-law.com

August 3, 2022

**MEET AND CONFER
PURSUANT TO LOCAL RULE 251**

**VIA EMAIL ONLY
(SBerman@Abramslaw.com)**

Seth Berman, Esq.
ABRAMS FENSTERMAN
3 Dakota Drive, Suite 300
Lake Success, NY 11042

    Re:    <u>**Yellowcake adv. Dashgo, et al.**
                **USDC, E.D.Cal., Case No. 1:21-cv-00803-AWI-BAM**</u>

Dear Mr. Berman:

This is in response to your letter of August 3, 2022.

<u>Two-tier Protective Order</u>

We have considered your letter, again reviewed the Court's July 21, 2022 Order, and appropriately revised our proposed form of two-tier protective order to address your concerns. A copy of the revised protective order is enclosed (again in Word) showing, in "track changes", the revisions made to the version we provided you on July 27, 2022. The revised version fully resolves your concerns.

<u>List of "Yellowcake's Copyrighted Works" and the "Foreign Works"</u>

Our July 27, 2022 letter sought to meet and confer with you regarding the degree of "specificity" (to use the Court's language) of the list of "Yellowcake's Copyrighted Works" and the "Foreign Works" ordered by the Court. In response, you provided us with a copy of the Exhibits to the SAC (which we obviously already have).

While you have offered to provide us with a list that includes ISRC and UPC codes for each of the sound recordings allegedly infringed, you did not. We are perplexed as to why you did not simply provide us with a list that included ISCR and UPC codes in lieu of yet another copy of the Exhibits to the SAC.

We are willing to forego publicly available information on the copyright claimant and date of copyright registration for the allegedly registered copyrighted works, however, we do insist that the list include copyright registration numbers for every sound recording that was allegedly

infringed and registered with the U.S. Copyright Office so that we may obtain information on the copyright claimant and date of registration.

In this regard, we understand that many, if not all, of the copyright registrations alleged by Plaintiff are for compilations or collections of sound recordings. Without limitation, for this reason, the subject sound recordings cannot be verifiably positively identified with any degree of certainty unless you also provide us with: (1) song title; (2) name of artist; and (3) album title for each the allegedly copyrighted sound recordings.

As for your assertion that some of the information we have requested is duplicative of our prior discovery demands, and that you responded to those demands:

As of the date of this letter, you have not provided us with the date of first publication (whether in the U.S. or in Mexico) of any of the subject sound recordings, nor have you provided us with the date of first fixation of any of the works first fixed in Mexico.

We are willing to forego information on the date of first publication as to any sound recordings registered with the U.S. Copyright Office, since the copyright registrations will reflect the date of first publication.

However, as we have previously advised you, with regard to the "Foreign Works" – which, by Yellowcake's own admission, are not registered with the U.S. Copyright Office – there is no *prima facie* presumption of a valid and enforceable copyright.

As you know, 17 U.S.C. § 104(b) sets forth the requirements for a foreign work to become eligible for copyright protection under the Copyright Act. 17 U.S.C. § 104(b)[1]; *see also United States v. Hernandez* (9th Cir. 1991) 952 F.2d 1110, 1118 (citing *New York Chinese v. U.E. Enterprises* (S.D.N.Y. March 8, 1989) 1989 WL 22442, *5, 1989 U.S.Dist. LEXIS 2760 *19–20). This requirement applies to works first published in Mexico, such as the "Foreign Works" at issue in this action. *See id.*

If a foreign work is *ineligible* for copyright protection under the Copyright Act, no infringement claim can stand, and consequently any discovery seeking documents or

---

[1] That statute provides, in pertinent part:

"(b) PUBLISHED WORKS.—The works specified by sections 102 and 103, when published, are subject to protection under this title if—

(1) on the date of first publication, one or more of the authors is a national or domiciliary of the United States, or is a national, domiciliary, or sovereign authority of a treaty party, or is a stateless person, wherever that person may be domiciled; or

(2) the work is first published in the United States or in a foreign nation that, on the date of first publication, is a treaty party; or

(3) the work is a sound recording that was first fixed in a treaty party[.]"

information relating to such ineligible works is, *prima facie*, not relevant to any party's claim or defense and not proportional to the needs of the case. *Cf.* Fed. R. Civ. P. 26(b)(1).

Defendants should not have to respond to discovery regarding works that are not subject to claims of copyright infringement. Thus, to the extent that infringements of the "Foreign Works" are, in fact, enforceable under the Copyright Act, we still need to know the date of first publication and/or first fixation of each of the alleged "Foreign Works".

As for the date(s) of alleged infringement, we will be taking further discovery on the issue.

Plaintiff's Motion to Compel

As you know, the Court's July 21, 2022 Order quite plainly states:

**"The Court will not enforce a request or interrogatory that contains superseded definitions."**
Docket No. 78 at 6:22-23 (bold added).

We are therefore doubly baffled by your refusal to withdraw your pending motion to compel, *first*, because, as set forth in our July 27, 2022 letter, you will be receiving supplemental responses to Plaintiff's discovery in due course, which supplemental responses will supersede those being challenged by your pending motion, and *second*, because Plaintiff's discovery "contains superseded definitions" (since Plaintiff's Document Requests and Interrogatories all incorporate the same definitions of "Yellowcake's Copyrighted Works" and the "Foreign Works" as set forth in the FAC, but not the definitions set forth in the SAC).

We therefore again request that Plaintiff withdraw, without prejudice, Plaintiff's motion to compel pending: (1) entry of a two-tier protective order; (2) our receipt of a list identifying, with specificity, "Yellowcake's Copyrighted Works" and the "Foreign Works" to be used in the definitions for responding to Plaintiff's discovery; and (3) service of Defendants' supplemental discovery responses after the parties' agreement to such list.

Time is running short, given that the joint statement on your motion is due to be filed on or before August 12, 2022. We therefore request a response to this letter **by no later than the close of business this Friday, August 5, 2022**.

Further Document Production from Yellowcake

You failed to address the outstanding matters with regard to Yellowcake's document production raised by our July 27, 2022 letter and we therefore again raise them:

1. By email of May 17, 2022, Mr. Sandel requested that Yellowcake produce all chain of title documents for the "Foreign Works", specifically those documents showing chain of title for the "Foreign Works" that predate the Asset Purchase Agreements

       produced by Yellowcake as Bates Nos. PLF001239 through PLF002502. To date, we have not received any such documents.

2. By email of May 26, 2022, Mr. Sandel requested that the spreadsheet "**DH1 Media-04-20.csv** (43.6 MB)" be produced as a Bates numbered pdf (it was produced only as an Excel spreadsheet, without Bates numbers). In response to that email, Mr. Berman stated that he would "look into this and get back to you as soon as possible". As of this writing, we have received neither a further response from Mr. Berman nor a pdf of the subject document.

3. Additionally, and now for at least the *fourth* time, we again request that Yellowcake provide us with "every single one" of the "re-uploads" referenced in Bates No. PLF002967 of Yellowcake's production, rather than just the "sample" that was produced.

Please advise as to the status of each of the above matters by no later than the close of business this Friday, August 5, 2022.

You asked if we were available to meet and confer on August 4, 2022. We are, as always, willing to meet and confer at any time on any issue, but request a written response to this letter and the enclosed further draft protective order before we further meet and confer telephonically.

                                    Sincerely,

                                    DICKENSON, PEATMAN & FOGARTY

                                    Richard Idell

RJI:obs
Enclosure
cc:    Tom Griffin, Esq. (via email only to tgriffin@hsmlaw.com)
       Ory Sandel, Esq.