1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YELLOWCAKE, INC., a California            Case No.  1:21-cv-00803-AWI-BAM
     corporation,
12                                             **ORDER VACATING HEARING**
                    Plaintiff,
13                                             **ORDER DENYING PLAINTIFF'S**
          v.                                   **AMENDED NOTICE OF MOTION AND**
14                                             **MOTION TO COMPEL SUBSTANTIVE**
     DASHGO, INC., a Delaware corporation,     **RESPONSES TO PLAINTIFF'S DEMANDS**
15   and AUDIOMICRO, INC. d/b/a ADREV,         (Docs. 40, 61)
     a Delaware corporation,
16                                             **ORDER GRANTING IN PART AND**
                    Defendants.                **DENYING IN PART PLAINTIFF'S**
17                                             **MOTION TO COMPEL SUBSTANTIVE**
                                               **DEMANDS AND FOR CONTEMPT OF**
18                                             **ORDER DATED JULY 27, 2022** (Doc. 87)

19

20          Currently before the Court are motions to compel filed pursuant to Federal Rule of Civil

21   Procedure 37 and Local Rule 251 by Plaintiff Yellowcake, Inc. ("Yellowcake") to compel the

22   following:  (1) production of documents responsive to Yellowcake's Request for Production of

23   Documents, Set One ("RFP Set One"); (2) substantive responses to Yellowcake's Interrogatories

24   Nos. 2, 4, 5, 10, 11, 12, 14, 16, 20, 21, 22 and 25 ("Interrogatories"); and (3) production of all

25   relevant documents responsive to Yellowcake's  Request for Documents, Set Two ("RFP Set

26   Two").  (Docs. 61, 87.)  The parties have filed Joint Statements Re: Discovery Disagreement

27   relative to both motions.  (Docs. 80, 88.)  The Court finds the motions suitable for resolution

28   without oral argument.  Local Rule 230(g).  Accordingly, the hearing on Yellowcake's Motion to

                                               1

Compel Substantive Responses to Plaintiff's Demands and for Contempt of Order Dated July 27, 2022, (Doc. 87), currently set for November 18, 2022, is HEREBY VACATED.

Having considered the moving papers, record in this action, and the parties' joint statements, and for the reasons that follow, Yellowcake's Amended Motion to Compel Substantive Responses to Plaintiff's Demands (Doc. 61) will be denied and Yellowcake's Motion to Compel Substantive Responses to Plaintiff's Demands and for Contempt of Order Dated July 27, 2022 (Doc. 87) will be granted in part and denied in part.

**I.      Background and Discovery Dispute**

Yellowcake is an intellectual property holding company that owns, holds, and exploits intellectual property, including, sound recordings. Yellowcake alleges that Defendants Dashgo, Inc. ("Dashgo"), Audiomicro, Inc. d/b/a Adrev ("Adrev"), Benjamin Patterson, and Noah Becker (collectively "Defendants") willfully infringed and exploited two (2) catalogs of copyrighted sound recordings of regional Mexican music owned by Yellowcake.  The catalogs are identified as "Yellowcake's Copyrighted Works" and "Foreign Works."   Yellowcake asserts that Defendants infringed the copyrights by distributing and exploiting the songs well after prior distribution agreements were terminated and after Defendants acknowledged in writing that the sound recordings belonged to Yellowcake and that they would stop exploiting them.  (*See generally* Doc. 31.)

In the First Amended Complaint, Yellowcake's Copyrighted Works were defined to include 165 domestic copyrighted sound recordings and Yellowcake's Foreign Works were defined to include 1,075 foreign copyrighted sound recordings.  (Doc. 7, First Amended Complaint ("FAC") ¶¶ 1, 2.  Copies of the Copyright Registrations for Yellowcake's Copyrighted Works were annexed to the FAC as Exhibit A and a list of Yellowcake's Foreign Works was annexed to the FAC as Exhibit B.  (*Id.*)

Yellowcake filed the operative Second Amended Complaint ("SAC") on February 16, 2022.  (Doc. 31.)  In the SAC, Yellowcake's Copyrighted Works were defined to include 1,672 domestic copyrighted sound recordings—approximately 1,500 more than alleged in the FAC— and the Foreign Works were defined to include 363 foreign copyrighted works—approximately

1  700 less than alleged in the FAC.  (Doc. 31, SAC ¶¶ 1, 2, 24.)  A list of Yellowcake's

2  Copyrighted Works was annexed to the SAC as Exhibits A and B and a list of Yellowcake's

3  Foreign Works was annexed to the SAC as Exhibit C.  (*Id.*)

4         On March 24, 2022, Yellowcake filed a motion to compel discovery pursuant to Federal

5  Rule of Civil Procedure 37 and Local Rule 251.  (Doc. 40.)  The notice of motion did not identify

6  the discovery at issue.  On May 17, 2022, the Court held a status conference with the parties

7  regarding various pending discovery motions.  (Doc. 60.)  At the conference, Yellowcake agreed

8  to file an amended notice of motion to clarify the discovery at issue.  (*Id.*)

9         On May 24, 2022, Yellowcake filed an Amended Notice of Motion and Motion to Compel

10 Substantive Responses to Plaintiff's Demands.  (Doc. 61.)  The amended motion clarified that

11 Yellowcake sought to compel: (1) production of documents responsive to Yellowcake's RFP Set

12 One; (2) substantive responses to Yellowcake's Interrogatories (Nos. 2, 4, 5, 10, 11, 12, 14, 16,

13 20, 21, 22 and 25); and (3) production of all relevant documents responsive to Yellowcake's RFP

14 Set Two.  (*Id.* at 2.)  RFP Set One and the Interrogatories relied on definitions of Yellowcake's

15 "Copyrighted Works" and "Foreign Works" as ascribed in the FAC.  (*See* Doc. 80-1, Appendix,

16 Ex. 1 (RFP Set One); Ex. 2 (Interrogatories).  As identified below, RFP Set Two also relies on the

17 copyrighted works at issue in the SAC.

18        On July 21, 2022, while the amended motion to compel remained pending, and before the

19 filing of a Joint Statement Re: Discovery Disagreement pursuant to Local Rule 251, the Court

20 granted Defendants' motion for entry of a two-tier protective order ("July 2022 Order").  (Doc.

21 78.)  In that order, the Court agreed with Defendants' assertion that the definitions of

22 Yellowcake's Copyrighted Works and Foreign Works in Yellowcake's RFP Set One and

23 Interrogatories were obsolete.  (*Id.* at 6.)  The Court stated:

24        Plaintiff's RPD and Interrogatories Set One both incorporate the same definitions
           of "Yellowcake's Copyrighted Works" and the "Foreign Works" as set forth in
25         the FAC, but not the definitions set forth in the SAC. The definitions in the FAC
           of Copyrighted Works and Foreign Works are different from the definitions in the
26         SAC. Any RPD based upon terminology or allegations in the FAC are superseded
           by the SAC. However, the Court understands that Plaintiff has recently provided a
27         "list" of copyrighted works (both domestic and foreign) that Plaintiff contends
           Defendants infringed. *The parties are directed to meet and confer to identify the*
28         *list and which definitions will be used for responding to the RPD and*

                                              3

> *Interrogatories Set One. The Court will not enforce a request or interrogatory that contains superseded definitions.*

(*Id.* at 6, n. 4) (emphasis added).  In addition, the Court also considered Defendants' responses to

RFP Set One and Interrogatories and indicated:

> The Court has reviewed, briefly, the response by Defendants to the RPD. Much of the response consists of what the Court characterizes as boilerplate objections. Boilerplate objections are not appropriate, and a party's objections should be specific and supported by evidence if challenged. *See* Fed. R. Civ. P. 34(b)(2); *Bragel Intl., Inc. v. Kohl's Dept. Stores*, 2018 WL 7890682, at *5 (C.D. Cal. Nov. 14, 2018); *Peck v. Cty. of Orange*, No. 2:19-CV-04654 DS FAF MX, 2020 WL 4218223, at *3 (C.D. Cal. July 10, 2020) (boilerplate "General Objections" are inappropriate and overruled.) *Once the parties have met and conferred on the "list" of Copyrighted Works and Foreign Works at issue in this case, as discussed infra, Defendants are required to supplement their responses to the RPD and Interrogatories Set One to eliminate boilerplate objections to the discovery requests.*

(Doc. 78 at 8, n. 6) (emphasis added).  In granting the motion for a two-tier protective order, the

Court further ordered:

> 3. The parties are directed to meet and confer to identify the "list" of Copyrighted Works and Foreign Works and which definitions will be used for responding to the RPD and Interrogatories. To the extent such a "list" has not been provided by Plaintiff to Defendants, the parties are directed to meet and confer and Plaintiffs are directed to provide such a list, with specificity. Defendants are entitled to know the works, with specificity, they are alleged to have infringed.
>
> 4. Once the parties have met and conferred on the "list" of Copyrighted Works and Foreign Works at issue in this case, and following entry of the protective order, Defendants are required to supplement their responses to the RPD and Interrogatories Set One eliminating the boilerplate objections to the discovery requests.

(Doc. 78 at 21.)

On August 12, 2022, the parties filed a Joint Statement Re: Discovery Disagreement Re:

Plaintiff's Amended Notice of Motion and Motion to Compel Substantive Responses to

Plaintiff's Demands.[1]  (Doc. 80.)  The joint statement failed to identify any substantive meet and

confer efforts ordered by the Court to resolve the "list" of copyrighted works and relevant

---

[1] The joint statement exceeds one hundred fifteen (115) pages, not including exhibits or attachments, which would bring the total filing to over seven (700) pages for the Court's review and consideration.  The Court has routinely admonished the parties against unnecessarily burdening the Court's limited resources with excessive briefing.  <u>Because the parties have been unable to comply with the Court's admonishments, all future filings will be subject to strict page limitations which the Court will impose at the relevant time.</u>

definitions.[2]  According to Defendants, "[a]s of the August 12, 2022 due date for submission of [the] joint statement, no agreement [had] been reached between the parties as to the requisite list and definitions."  (*Id.* at 27, n. 10.)  Defendants therefore argued that the Court should not enforce any of Yellowcake's discovery that was the subject of Yellowcake's motion to compel. Defendants also argued that the motion to compel was premature because the Court ordered that once the parties had met and conferred on the "list" of Copyrighted Works and Foreign Works at issue in this case, and following entry of the protective order, Defendants were required to supplement their responses to Yellowcake's document requests and interrogatories. Defendants further suggested that the discovery responses at issue in the motion would be superseded by Defendants' supplemental responses. (*Id.*)

On August 17, 2002, the Court entered a two-tier protective order applicable to disclosures and responses to discovery.  (Doc. 82.)

On September 2, 2022, Yellowcake filed a request for an emergency court conference regarding discovery related to the "list" of Copyrighted Works and Foreign Works at issue. (Doc. 84.)  Yellowcake complained that following the Court's July 2022 order concerning the protective order, it provided Defendants with a detailed list of every copyrighted sound recording allegedly infringed in the SAC, but despite receiving that list, Defendants still refused to respond to Yellowcake's discovery demands.  (*Id.* at 1.)  Because the request for an emergency conference was procedurally improper, the Court declined to consider it (or Defendants' opposition).  The Court also declined to resolve the dispute through its informal discovery dispute process and informed the parties that they could file a formal discovery motion in compliance with Local Rule 251.  (Doc. 86.)

On October 3, 2022, Yellowcake filed a Notice of Motion and Motion to Compel Substantive Responses to Plaintiff's Demands and For Contempt of Order Dated July 27, 2022. (Doc. 87.)  Yellowcake moved to compel the following: (1) production of all relevant documents responsive to Yellowcake's RFP Set One, "based on list of Songs in dispute provided by Plaintiff

---

[2] Subsequent records indicate that meet and confer efforts were ongoing prior to the filing of the joint statement on August 12, 2022, and that no resolution had been reached by the time of filing. (*See* Doc. 88.)

to Defendants;" (2) production of documents responsive to Yellowcake's RFP Set Two, "based on list of Songs in dispute provided by Plaintiff to Defendants;" and (3) responses to Yellowcake's Interrogatories.  (Doc. 87 at 2.)  Yellowcake also requested the imposition of discovery sanctions based on Defendants' purported failure to comply with the Court's July 2022 Order, along with attorneys' fees for the motion.  (*Id.*)

On October 7, 2022, the parties filed a Joint Statement Re: Discovery Disagreement related to the second motion to compel.  (Doc. 88.)  According to the joint statement, following the Court's July 2022 Order granting the request for a two-tier protective order, Yellowcake's counsel sent correspondence to Defendants indicating that Exhibits A, B, and C to the SAC contained a current and complete list of the works alleged infringed.  However, Yellowcake's counsel agreed to provide another copy of the list with the International Standard Recording Codes ("ISRC") and universal product code ("UPC") for each of the works infringed.  (*Id.* at 4; Doc. 88-2, Ex. 2.)

On August 9, 2022, Yellowcake sent Defendants copies of Exhibits A, B, and C to the SAC, which purportedly included Plaintiff's ISRC codes, Dashgo's UPC codes, and Colonize Media, Inc.'s UPC codes.  (Doc. 88 at 5; 88-3, Ex. 3.)

On August 11, 2022, Defendants responded, indicating that "unlike other means of identifying a song (artist name/song title/album title, copyright registration number, UPC code), the only means of identifying a unique iteration of sound recording is by ISRC code – but then only insofar as an ISRC is accurate."  (Doc. 88-4, Ex. 4.)  Defendants' counsel reported that a spot check of the ISRC codes on Exhibits A, B and C enclosed with Yellowcake's August 9, 2022 letter revealed discrepancies.  Defendants provided three examples, one from each exhibit, and informed Yellowcake that they did not intend to research each and every work listed on the three exhibits in part because it was Yellowcake's burden to provide the "list" ordered by the Court. (*Id.*)  Defendants also insisted that Yellowcake provide evidence that each of the Foreign Works was eligible for copyright protection under the Copyright Act and indicated that such evidence would include documents and information that disclosed the date of first publication and/or date

of first fixation of each of the "Foreign Works" in Mexico.  Defendants contended that discovery related to any "Foreign Works" ineligible for copyright would not be relevant to this action.  (*Id.*)

On August 18, 2022, Yellowcake sent Defendants additional correspondence and explained that ISRC codes are not the only way to identify a specific sound recording and sometimes there are mis-indexed ISRCs or multiple ISRCs for the same sound recording.  As to the discrepancies identified by Defendants, Yellowcake asserted that it was highly unlikely that there was a discrepancy for more than a few titles and that Defendants could continue their search and bring any more discrepancies to counsel's attention to investigate, explain and rectify.  Despite disagreeing with Defendants' position, Yellowcake nonetheless provided a "new list mirroring Exhibits A, B and C to the Second Amended Complaint which includes both Yellowcakes' ISRC codes, Dashgo's prior ISRC codes, Yellowcake's UPC codes and Dashgo's UPC codes for the works infringed as well as a note when such ISRC code is not available on Sound Exchange database but used in connection with digital service providers."  (Doc. 88-5, Ex. 5.)  Yellowcake asserted that Defendant Dashgo was then "*in possession of every single possible identifier related to the copyrighted works*."  (*Id.*)  Yellowcake further contended that Defendants had no basis to continue to withhold documents related to the Foreign Works, asserting that it had sufficiently established chain of title and standing with regard to those works.  (*Id.*)

On August 19, 2022, Defendants responded by letter and (1) enclosed the ISRC Handbook (4th ed. 2021) published by the International ISRC Registration Authority; (2) explained that Defendants, and the digital services providers with which Defendants do business, require ISRCs to uniquely identify a particular sound recording; (3) set forth why only one distinct ISRC applies to a single distinct sound recording, and why a distinct ISRC is presumptively the most effective way to determine which distinct sound recording is being referenced; (4) explained why Yellowcake was responsible for correcting any ISRC errors; and (5) explained that a UPC code, being unique to an album rather than to an individual sound recording, did not inform Defendants as to which specific works Defendants are alleged to have infringed.  Defendants also noted that the exhibits provided by Yellowcake with its August 18, 2022 letter did not contain the represented information.  (Doc. 88 at 16; Doc. 88-6, Ex. 6.)  Additionally, Defendants' letter also

1   purported to provide Yellowcake with an example of why, even as to the allegedly registered

2   sound recordings (those with an "SR" number), Yellowcake could not make out a *prima facie*

3   case that the works allegedly infringed were eligible for copyright protection.  The letter also

4   reiterated Defendants' position that the "Foreign Works" would only be eligible for copyright

5   protection if Yellowcake could establish that each work met the requirements of 17 U.S.C. §

6   104(b). (*Id.*)

7          **II.      Legal Standards**

8          Broad discretion is vested in the trial court to permit or deny discovery . . . ."  *Hallett v.*

9   *Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Rule 26 of the Federal Rules of Civil Procedure

10  allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any

11  party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

12  Information within the scope of discovery need not be admissible in evidence to be discoverable.

13  *Id.*  However, the Court must limit the extent of discovery if it determines that (1) the discovery

14  sought is unreasonably cumulative, duplicative or can be obtained from other source that is more

15  convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample

16  opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the

17  permissible scope.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

18         As relevant here, under Rule 33 of the Federal Rules of Civil Procedure, any party may

19  serve upon any other party written interrogatories within the scope of Rule 26(b). Fed. R. Civ. P.

20  33(a)(2). Each interrogatory must, to the extent it is not objected to, be answered separately and

21  fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The grounds for objecting to an interrogatory

22  must be stated with specificity. Fed. R. Civ. P. 33(b)(4).

23         Under Rule 34, a party may serve on any other party, a request within the scope of rule

24  26(b):

25             (1) to produce and permit the requesting party or its representative to inspect,
            copy, test or sample the following items in the responding party's possession,
26          custody, or control:

27             (A)    any designated documents or electronically stored information—
            including writings, drawings, graphs, charts photographs, sound recordings,
28          images, and other data or data compilations—stored in any medium from

8

> which information can be obtained whether directly or, if necessary, after translation by the responding party into a reasonably usable form. . . .

Fed. R. Civ. P. 34(a)(1)(A).

Motions to compel are governed by Rule 37.  Under that rule, a party may move for an order compelling discovery where a party fails to answer an interrogatory submitted under Rule 33 or a party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to make the disclosure or discovery in an effort to obtain it without court action.[3] Fed. R. Civ. P. 37(a)(1).

A party "who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response ... as ordered by the court." Fed. R. Civ. P. 26(e)(1)(B). If a party fails to do so, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(A)–(C); *see Beard v. Cty. of Stanislaus,* No. 1:21-cv-00841-DAD-SAB, 2022 WL 2704856, at *3–4 (E.D. Cal. July 12, 2022).

///

///

---

[3] Given the extent and frequency of the discovery disputes in this action, the parties will be required conduct at least **one telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve any future discovery dispute prior to seeking judicial intervention.  The Court also has not ruled out requiring **personal appearances** by all counsel to resolve any discovery disputes in the future.

### III.   Discussion

#### A.  Amended Motion to Compel Substantive Responses to Plaintiff's Demands

Yellowcake filed its amended motion to compel substantive responses to RFP Set One, Interrogatories and RFP Set Two on May 24, 2022.  (Doc. 61.)  Subsequently, by its July 2022 Order, the Court required that the parties meet and confer to identify the list of Copyrighted Works and Foreign Works and which definitions would be used for responding to the RFP Set One and Interrogatories, and, once completed, that Defendants supplement their responses to RFP Set One and Interrogatories to eliminate boilerplate objections.  (Doc. 78 at 6, n.4 and 8, n. 6.)  As of August 12, 2022, the parties had not resolved or concluded their meet and confer efforts regarding the list of Copyrighted Works and Foreign Works and Defendants had not supplemented their responses.  (*See* Doc. 80.)  Thereafter, the parties continued to meet and confer on the list of works, but still had not reached an agreement as of October 3, 2022, when Yellowcake filed its second motion to compel, (Doc. 87).  Defendants also had not supplemented their initial responses after entry of the two-tier protective order.

In its July 2022 Order, the Court informed the parties that it would not enforce a request or interrogatory containing superseded definitions of the Copyrighted Works and Foreign Works. To date, despite meet and confer efforts, the parties have not reached an agreement on the *specificity* required to constitute the list of Copyrighted Works and Foreign Works alleged to have been infringed.  This disagreement has resulted in the parties' failure to fully comply with the directives in the Court's July 2022 Order.  Absent an agreed upon, defined, complete list of Copyrighted Works or Foreign Works (and supplemental discovery responses from Defendants), Yellowcake's initial motion to compel is unenforceable.  Further, the initial motion has been supplanted or otherwise rendered moot by Yellowcake's second motion to compel discovery responses filed on October 3, 2022.  The second motion likewise requires reference to the list of Copyrighted Works and Foreign Works, the sufficiency of which remains in dispute.  (Doc. 87 (seeking to compel substantive responses to RFP Set One "based on list of Songs in dispute provided by Plaintiff to Defendants"; RFP Set Two "based on list of Songs in dispute provided by Plaintiff to Defendants," and Yellowcake's Interrogatories).)

For these reasons, Yellowcake's amended motion to compel will be denied as moot.  No fees or costs will be awarded to either party in connection with the amended motion.

**B.  Motion to Compel Substantive Responses to Plaintiff's Demands and For Contempt of Order Dated July 27, 2022**

As previously stated, in its second motion, Yellowcake moves to compel responses to its RFP Sets One and Two and its Interrogatories.  Yellowcake also moves for imposition of a discovery sanction against Defendants for their failure to comply with the Court's July 2022 Order and for an award of attorneys' fees incurred in making this motion pursuant to Rule 37(b)(2)(C).  (Docs. 87, 88.)

**1.  Parties' Positions**

Yellowcake claims that it complied with the Court's July 2022 Order and provided Defendants with a detailed list of every copyrighted sound recording allegedly infringed in the SAC.  Yellowcake represents that it has provided every relevant identifier for each work including the artist, song title, album title, copyright registration number (if a domestic work), all known ISRCs previously used by Plaintiff and by Dashgo (with a note where an ISRC was not available in the ISRC database), all known UPCs previously used by Yellowcake and Dashgo, all known URLs for any works infringed on YouTube, and copies of royalty reports Defendants provided when they distributed the works.  (Doc. 88 at 6.)  Yellowcake therefore contends that it has produced "all identifying information it could find regarding each sound recording at issue and, when reviewed in total, is more than sufficient for Defendants to identify the sound recordings."  (Doc. 88 at 9.)  Yellowcake complains that despite being provided with this identifying information, Defendants continue to claim they cannot identify the disputed works.

Yellowcake argues that any assertion by Defendants that they cannot identify the works at issue is disingenuous particularly because Defendants distributed the sound recordings for years.  Yellowcake asserts that, in fact, when it demanded that Defendants stop distributing some of the songs after one of the prior distribution agreements had terminated, Yellowcake's counsel sent Defendants a list similar to the one provided, and Defendants immediately identified the works

1  and stopped distributing them without requesting any more information.  (*Id.* at 9; Docs. 88-8 and
2  88-9, Exs. 8 and 9.)

3      To the extent Defendants identified discrepancies based on their spot check of the list,
4  Yellowcake contends that Defendants can still search for documents and information related to
5  the other titles whose codes are accurate and provide Yellowcake with a list of ISRC codes they
6  believe are inaccurate, in which case, Yellowcake can investigate and reconcile any
7  discrepancies.  (Doc. 88 at 8.)  Yellowcake further suggests that it is highly unlikely that
8  Defendants have other ISRCs for the approximately 2,000 copyrighted sounds recordings at issue,
9  particularly as many of the artists whose sound recordings are in dispute are under exclusive
10  contract with Yellowcake.  (*Id.*)

11      Further, Yellowcake alleges that Defendants started to unlawfully distribute its
12  sound recordings again in the spring of 2020. Yellowcake therefore seeks documents and
13  information regarding Defendants' acts of infringement which occurred using the ISRCs being
14  used at that time.  Yellowcake claims that these ISRCs are the ones they provided in Exhibit 5,
15  (Doc. 88-5, Ex. 5.)

16      With regard to the Foreign Works, Yellowcake claims Defendants are refusing to produce
17  any information based on a claim that Yellowcake must first definitively prove its chain of title to
18  the Foreign Works.  (Doc. 88 at 10.)  Yellowcake asserts that this is not required under Federal
19  Rule of Civil Procedure 26(b) permitting the discovery of relevant information.  Yellowcake
20  argues that the relevance of documents and information related to the Foreign Works it alleges
21  were infringed by Defendant is undisputed.  Although Yellowcake contends that it is not required
22  to prove its case to obtain relevant discovery it nonetheless "*has proven its chain of title to the*
23  *Foreign Works and provided Defendant with hundreds of pages of proof substantiating its chain*
24  *of title in response to Defendants' Discovery Demands.*"[4]  (*Id.*) (emphasis in original).
25  Yellowcake suggests that any challenge to the chain of title should be through summary judgment
26  and "Defendants have no right to unilaterally impose a summary judgment standard on

27  ─────────────────────
28  [4] Yellowcake's responses to Defendants' discovery demands related to the Foreign Works are the subject
    of a separate motion to dismiss.

[Yellowcake] as a threshold for having to respond to [Yellowcake's] Discovery Demands."  (*Id.* at 11.)

As a final matter, Yellowcake contends that the Court should grant Yellowcake its fees and costs in making this motion because of Defendants' repeated refusal to resolve this issue and should hold Defendant Dashgo in civil contempt for failure to comply with the Court's July 2022 Order.

In opposition, Defendants primarily argue that the motion should be denied because, as of its filing, the superseded definitions of the Copyrighted Works and Foreign Works have not changed and Yellowcake "has utterly failed to provide a list of specifically-identifiable copyrighted works Defendants allegedly infringed."[5]  (Doc. 88 at 12.)

Defendants explain that after the July 2022 Order, they requested the following information for the allegedly infringed works: (1) song title; (2) name of artist; (3) album title; (4) copyright registration number (where applicable); (5) copyright claimant; (6) date of copyright registration; (7) date of first publication (whether in the U.S. or in Mexico); (8) date of first fixation (in Mexico); (9) UPC; (10) ISRC; and (11) date(s) of alleged infringement.  (Doc. 88 at 13, n. 4.)  Defendants subsequently dropped their demand for (1) copyright claimant; (2) registration date; (3) first publication date for registered sound recordings and (4) alleged infringement dates.  (*Id.* at 13, n.6.)

Defendants contend that Yellowcake has failed to provide the necessary ISRCs for the allegedly infringed sound recordings.  Defendants explain that ISRCs are a standard mechanism to identify specific sounds recordings, but only insofar as those ISRCs are accurately assigned and applied.  Defendants further explain that all reports generated by Defendants, or received by Defendants from third parties, rely on accurate ISRCs, each associated with a single, unique and distinct sound recording.  (Doc. 88 at 17.)  Defendants admit that Yellowcake has provided a list of over 2,000 ISRCs for the allegedly infringed sound recordings.  However, Defendants believe

---

[5] Defendants also contend that Yellowcake has failed to meet and confer as ordered.  The Court disagrees. Based on the exchange of correspondence following the July 2022 Order, the Court finds that the parties have engaged in meet and confer efforts, albeit unsuccessfully, to resolve the issue.

1   that if there are inaccuracies or discrepancies in the ISRCs, then it is Yellowcake's burden, not

2   Defendants' burden, to ensure that the list is accurate.  Defendants also believe that to the extent

3   the list is inaccurate, it would force them to search for documents and information having no

4   relevance to the claims and allegations in this action.

5        Defendants further contend that the ISRCs provided by Yellowcake in Exhibit 5 have a

6   prefix code of "QM6DC", which is not Dashgo's prefix code, and Yellowcake has failed to

7   explain how or why Defendants would be using ISRCs with Yellowcake's or Colonize's prefix

8   code during the relevant time period.  Defendants acknowledge that when Yellowcake previously

9   demanded that Defendants cease distributing certain works following termination of identified

10  distribution agreements, the lists provided by Yellowcake's counsel, (Docs. 88-8 and 88-9, Exs. 8

11  and 9), identified the specific recordings by Dashgo's ISRC ("US3DF" prefix code).   (*Id.* at 18,

12  n. 12.)  Defendants indicate that is not the case here.  Defendants suggest that if Yellowcake lacks

13  identifying information regarding a certain sound recording alleged to have been infringed, then it

14  should withdraw the allegation.

15       Defendants also argue that Yellowcake should be required to establish that each of the

16  Copyrighted Works or Foreign Works is eligible for copyright protection.  Defendants assert that

17  those Copyrighted Works or Foreign Works that are not protected by copyright are irrelevant to

18  any party's claim or defense in this action.  Defendants admit that a copyright registration creates

19  a *prima facie* presumption of a valid copyright, but they argue that this presumption is rebuttable

20  upon an offer of some evidence or proof to dispute or deny the *prima facie* case of infringement.

21  (Doc. 18 at 20.)  To support their assertions regarding the burdens of proof in copyright

22  infringement, Defendants rely on the Ninth Circuit's Model Jury Instructions.  (*Id*)

23       Defendants believe they should be awarded their attorneys' fees for having to oppose this

24  second motion to compel, which they contend is unjustified and meritless.

25       **2.  Analysis**

26       There appear to be two primary disputes preventing finalization of the list of Copyrighted

27  Works and Foreign Works.  First, the parties dispute the specificity required by the Court's July

28

14

1   2022 Order.  In particular, they dispute whether Yellowcake has provided the specific information

2   Defendants need to identify the Copyrighted Works and Foreign Works.

3          Yellowcake represents:

4      *Plaintiff provided Defendants with . . . all possible identifying information that*
       *Plaintiff could possibly provide including*: (i) the artist name; (ii) song title; (iii)
5      album title; (iv) copyright registration number (if a domestic work); (v) all known
       ISRCs previously used by Plaintiff and by Dashgo (with a note where an ISRC
6      was not available in the ISRC database); (vi) all known UPCs previously used by
       Plaintiff and by Dashgo; and (vii) all known URLs for any works infringed on
7      YouTube.

8   (Doc. 88 at 6) (emphasis in original).  Defendants disagree that all possible identifying

9   information has been provided.  Defendants contend that not only do they require accurate ISRCs,

10  but that those ISRCs should utilize a *Dashgo* prefix, such as that identified in Yellowcake's

11  Exhibits 8 and 9.  Despite the representations of Yellowcake's counsel that Exhibits A, B and C

12  provided on August 18, 2022, included the relevant ISRC codes, Defendants assert that those

13  exhibits did not include Dashgo's prior ISRC codes.  (Doc 88-5, Ex. 5.)  Defendants also contend

14  that despite counsel's representation, Yellowcake also has not provided both Yellowcake's UPC

15  codes *and* Dashgo's UPC codes and that the exhibits include no note when the ISRC code is not

16  available on Sound Exchange.  (Doc. 88 at 16, n. 10.)

17         After review of the relevant exhibits provided on August 18, 2022, and based on

18  Defendants' representations, it appears necessary for Yellowcake to provide either clarification or

19  additional information to identify the Copyrighted Works and Foreign Works at least with the

20  relevant Dashgo ISRC or UPC codes.  Accordingly, to the extent not already provided,

21  Yellowcake will be required to provide Defendants with all known ISRC codes previously used

22  by Dashgo, both Yellowcake's UPC codes and Dashgo's UPC codes, and a notation when the

23  ISRC code is not available on Sound Exchange.  If the relevant ISRC code or UPC code is not

24  available for a particular sound recording, then Yellowcake shall note the unavailability of such

25  information.

26         The Court acknowledges that certain discrepancies in the previously provided lists have

27  been identified by Defendants.  These discrepancies would not otherwise invalidate the list,

28  invalidate Yellowcake's discovery demands, or relieve Defendants of their discovery obligations.

15

1   Following receipt of supplemental information from Yellowcake, detailed above, Defendants can

2   still identify documents and information related to the remaining sound recordings and provide

3   Yellowcake with a list of ISRC codes they believe are inaccurate.  Yellowcake will then be

4   required to investigate and reconcile any discrepancies. Defendants shall produce discovery

5   responses and documents as to those sound recordings which do not require clarification.

6        The second issue preventing finalization of the list of Copyrighted Works and Foreign

7   Works appears to be Defendants' demand that Yellowcake establish that each of the sound

8   recordings allegedly infringed is eligible for copyright protection.  Defendants suggest that for the

9   Copyrighted Works, this would include evidence that each sound recording is protected by

10  copyright, such as evidence that each sound recording allegedly infringed is the same recording

11  registered with copyright office.  For the Foreign Works, this would include proof of the chain of

12  title to those works.

13       Yellowcake has provided copyright registration numbers for the domestic works at issue.

14  The parties do not dispute that a copyright registration creates a *prima facie* presumption of a

15  valid copyright.  Defendants have not cited authority for the proposition that to be entitled to

16  discovery in a copyright infringement action, the plaintiff must establish--beyond the *prima facie*

17  presumption--that the domestic sound recordings are eligible for copyright protection.  It is

18  Defendants' burden to rebut the presumption. *See United Fabrics Intern., Inc. v. C&J Wear, Inc.*,

19  630 F.3d 1255, 1257 (9th Cir. 2011) (noting infringement defendant has burden to rebut

20  presumption of validity and must offer some evidence or proof to dispute or deny the plaintiff's

21  prima facie case of infringement).  For purposes of the instant motion, Yellowcake will not be

22  required to provide additional evidence or proof of a valid copyright.

23       Yellowcake also represents that it has provided evidence regarding the chain of title to the

24  Foreign Works and has provided documents to substantiate its chain of title in response to

25  Defendants' discovery demands.  The Court recognizes that Defendants' discovery demands

26  regarding the Foreign Works are the subject of a separate motion to compel and the Court will

27  address that motion by separate order.  For purposes of the instant motion, however, Yellowcake

28  will not be required to provide additional evidence or proof of chain of title for the Foreign

Works.  As appropriate and necessary, Defendants may challenge chain of title by way of summary judgment or other dispositive motion.

Following Yellowcake's clarification or provision of additional information necessary to identify the Copyrighted Works and Foreign Works as contemplated by this Order, Defendants will be required to supplement their discovery responses.

**3. Attorneys' Fees**

Yellowcake requests its fees and costs in making this motion and also requests that the Court hold Defendant Dashgo in civil contempt for failure to comply with the Court's July 2022 Order.  Defendants also request their attorneys' fees for having to oppose this second motion to compel.

The Court does not find an award of attorneys' fees or civil contempt appropriate.  The parties attempted to comply with the Court's July 2022 Order by engaging in meet and confer efforts.  There is no indication that any party has disobeyed a court order to provide or permit discovery.  Fed. R. Civ. P. 37(b).  Further, because the instant motion will be denied in part, an award of attorneys' fees is not mandatory.  Fed. R. Civ. P. 37(a).

**IV.   Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Yellowcake's Amended Notice of Motion and Motion to Compel Substantive Responses to Plaintiff's Demands (Doc. 61) is DENIED as moot; and

2. Yellowcake's Motion to Compel Substantive Responses to Plaintiff's Demands and for Contempt of Order Dated July 27, 2022 (Doc. 87) is GRANTED IN PART and DENIED IN PART:

    a. Within **thirty (30) days** from the date of the Order, Yellowcake shall provide written clarification or additional information to identify the Copyrighted Works and Foreign Works, to include all known ISRC codes previously used by Defendant Dashgo, both Yellowcake's UPC codes and Dashgo's UPC codes, and a notation when the ISRC code is not available on Sound Exchange. If the relevant ISRC code or UPC code is not available for a particular sound

17

recording, then Yellowcake also shall note the unavailability of such information;

b. Within **thirty (30) days** following receipt of written clarification or additional information from Yellowcake, Defendants shall supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works.  Defendants' supplemental responses also shall eliminate boilerplate objections to the discovery requests.  For those sound recordings that do not require additional clarification or information, Defendants shall supplement their discovery responses within **twenty-one (21) days from the date of this Order;**

3. The Court sets a STATUS CONFERENCE on **February 9, 2023, at 10:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe** to address any remaining discovery issues regarding Yellowcake's RFP Set One, RFP Set Two and Interrogatories Set One and Defendants' supplemental responses.  **Not later than February 2, 2023**, each party shall file a brief status report, not to exceed four (4) pages, identifying any remaining issues related solely to Yellowcake's RFP Set One, RFP Set Two and Interrogatories Set One and Defendants' supplemental responses. The parties shall appear at the conference <u>remotely</u> with each party connecting either <u>via Zoom video conference or Zoom telephone number</u>.  The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required.

4. The hearing set for November 18, 2022 is VACATED.

IT IS SO ORDERED.

Dated:   **November 14, 2022**          /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE