RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
DICKENSON, PEATMAN & FOGARTY, P.C.
1500 First Street, Suite 200
Napa, CA 94559
Telephone: 707-261-7000
Facsimile:  707-340-7239
Email: ridell@dpf-law.com
         osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>                    Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS DASHGO, INC. AND AUDIOMICRO, INC. D.B.A. ADREV'S MOTION FOR ADMINISTRATIVE RELIEF RE: CLARIFICATION OF JULY 21, 2022 ORDER [DOCKET NO. 78] AND NOVEMBER 14, 2022 ORDER [DOCKET NO. 91]**<br><br>[Civ. L.R. 233]<br><br>(E-filing)<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

COME NOW Defendants Dashgo, Inc. ("Dashgo") and Audiomicro, Inc. d.b.a. Adrev ("Adrev") (collectively, "Defendants"), and, pursuant to Civil Local Rule 233 of the United States District Court, Eastern District of California, hereby move for clarification of the Court's July 21, 2022 Order [Docket No. 78] and November 14, 2022 Order [Docket No. 91], as follows:

I.     **FACTUAL BACKGROUND AND NEED FOR CLARIFICATION OF ORDERS.**

By Order dated July 21, 2022, the Court granted Dashgo's motion for entry of a two-tier protective order (the "July 21 Order"). Docket No. 78. In pertinent part, the July 21 Order ordered as follows:

> "3. The parties are directed to meet and confer to identify the "list" of Copyrighted Works and Foreign Works and which definitions will be used for responding to the RPD and Interrogatories. To the extent such a "list" has not been provided by Plaintiff to Defendants, the parties are directed to meet and confer and Plaintiffs are directed to provide such a list, **_with specificity_**. Defendants are entitled to know the works, **_with specificity_**, they are alleged to have infringed." Docket No. 78 at 21:4-9 (emphases added).

Disputes arose over the degree of "specificity" required for the "list".

As Defendants have previously explained, *see* Docket No. 64 at 10:1-11; Docket No. 80 at 35:6-10, 35:27-28, in the digital music distribution business, sound recordings cannot solely be identified by artist name and title, or even by Universal Product Codes ("UPC") or copyright registration number. Rather, the digital music industry uses an International Standard Recording Code ("ISRC"), a 12-character, alphanumeric code that is assigned to a piece of music set for commercial release, as a standard mechanism to reference a specific unique sound recording. Defendants use ISRCs to track, monitor and deliver a unique version of any given song, and to account back to rightsholders for the same. As a practical matter, ISRCs are the best method for identifying the specific sound recordings at issue in this action.[1]

---

[1] Digital fingerprints are another method of identifying specific sound recordings. A digital fingerprint is a computer file/identifier created inside a content management system to uniquely identify a sound file. However, it would be difficult, if not impossible, for Yellowcake to allege a digital fingerprint for each of the sound recordings alleged in its Second Amended Complaint (defined as "Yellowcake's Copyrighted Works" and "Foreign Works"). Since Defendants use ISRCs to track, monitor and deliver a unique version of a song, and to account back to rightsholders for the same, for the purposes of this action, ISRCs are the best method for identifying the specific sound recordings alleged to be at issue.

Defendants thus require an accurate list of ISRCs in order to know the works they are alleged to have infringed, and to be able to respond to Yellowcake's discovery, which incorporates the definitions of "Yellowcake's Copyrighted Works" and "Foreign Works" used in the Second Amended Complaint.

The parties reached an impasse over the "specificity" required for the "list" (specifically over the ISRC issue). Yellowcake then filed a second motion to compel Defendants to respond to Yellowcake's interrogatories and to produce documents responsive to Yellowcake's document requests.[2] Docket No. 87. By Order dated November 14, 2022, the Court granted in part and denied in part Yellowcake's motion (the "November 14 Order"). Docket No. 91. In pertinent part, the November 14 Order ordered as follows:

"a.   Within **thirty (30) days** from the date of the Order, Yellowcake shall provide written clarification or additional information to identify the Copyrighted Works and Foreign Works, to include all known ISRC codes previously used by Defendant Dashgo, both Yellowcake's UPC codes and Dashgo's UPC codes, and a notation when the ISRC code is not available on Sound Exchange. If the relevant ISRC code or UPC code is not available for a particular sound recording, then Yellowcake also shall note the unavailability of such information;

b.   Within **thirty (30) days** following receipt of written clarification or additional information from Yellowcake, Defendants shall supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works. Defendants' supplemental responses also shall eliminate boilerplate objections to the discovery requests. For those sound recordings that do not require additional clarification or information, Defendants shall supplement their discovery responses within **twenty-one (21) days from the date of this Order**[.]"[3] Docket No. 91 at 17:23-18:10.

The November 14 Order also states: "Following receipt of supplemental information from Yellowcake, detailed above, Defendants can still identify documents and information

---

[2] Yellowcake had filed a first motion to compel, as to the same discovery, on March 24, 2022. Docket No. 40. The parties' Joint Statement re: Discovery Disagreement was filed on August 12, 2022. Docket No. 80. At the time of the filing of Yellowcake's second motion to compel, the Court had not yet ruled on the first motion to compel.

[3] Twenty-one days from the date of the November 14 Order was December 5, 2022. On December 5, 2022, Defendants timely served supplemental responses to Plaintiff's discovery as to those sound recordings that did not require additional clarification or information, and produced additional documents on that date as well.

related to the remaining sound recordings and provide Yellowcake with a list of ISRC codes they believe are inaccurate. Yellowcake will then be required to investigate and reconcile any discrepancies." Docket No. 91 at 16:1-4.

On November 23, 2022, Yellowcake provided its purported written clarification/ additional information, in the form of revised Exhibits A, B and C to the Second Amended Complaint. Each of the Exhibits provided by Yellowcake set forth two ISRCs for each sound recording, one for Colonize Media and another for Dashgo, for a total of 3,988 ISRCs.

Defendants promptly began the tedious process of checking the ISRC codes that Yellowcake provided against the International Federation of the Phonographic Industry ("IFPI") ISRC database (https://isrcsearch.ifpi.org/). Defendants' review revealed numerous inaccuracies.

By letter dated December 5, 2022, Defendants provided Yellowcake with a partial list of inaccurate ISRCs. Idell Decl. ¶ 2, Ex. "A". That letter noted that an apparent conflict arose between the July 21 Order and the November 14 Order. Specifically, under Defendants' reading of the November 14 Order, and based on the November 23, 2022 date of Yellowcake's purported written clarification/additional information, Defendants would be required to "supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works" on or before December 23, 2022 ***even if the list of ISRCs remains inaccurate***. That does not appear to have been the Court's intention, and, in any case, one would have thought that between the July 21, 2022 date of the July 21 Order, and the November 23, 2022 provision of Yellowcake's purported written clarification, all of the subject ISRCs would have been accurately identified. Because of this apparent conflict, Defendants requested Yellowcake's agreement that Defendants are not required to serve their supplemental until such time as all of the ISRCs are confirmed to be accurate. Idell Decl. ¶ 2, Ex. "A".

By letter dated December 12, 2022, Defendants provided Yellowcake with a complete list of ISRC codes that are inaccurate (the "Discrepant ISRCs")[4] and, again, requested that

---

[4] There were nine hundred and three (903) unique Discrepant ISRCs. However, there were several duplicate ISRCs in Plaintiff's list, including among the Discrepant ISRCs. Given that only one distinct ISRC applies to a single distinct sound recording, *see* Docket No. 88 at 14:20-15:3, Defendants are puzzled by the inclusion of duplicate ISRCs in Plaintiff's list.

Yellowcake promptly investigate and reconcile the Discrepant ISRCs, as required by the Court's November 14, 2022 Order, and advise Defendants, as to each Discrepant ISRC, whether the Discrepant ISRC is being withdrawn or whether it will be replaced by a different, accurate ISRC. Idell Decl. ¶ 3, Ex. "B". Defendants also reiterated their request that Yellowcake agree that Defendants are not required to serve their supplemental until such time as all of the ISRCs are confirmed to be accurate. Idell Decl. ¶ 3, Ex. "B".

Despite the July 21 Order requiring that "Yellowcake's Copyrighted Works" and "Foreign Works" be identified "with specificity", and despite Defendants' repeated explanations of the necessity of (accurate) ISRCs, as opposed to other methods of identifying songs, by letter dated December 15, 2022, Yellowcake stated that the subject sound recordings can be identified by means other than by ISRC, such as artist name, song tile, copyright registration number, hyperlink, etc.[5] Idell Decl. ¶ 4, Ex. "C". Yellowcake also refused Defendants' request that Defendants are not required to serve their supplemental until such time as all of the ISRC codes are confirmed to be accurate. Idell Decl. ¶ 4, Ex. "C".

At the same time, the Court's November 14 Order requires Defendants to "supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works" "within thirty days" of Defendants' November 23, 2022 receipt of Yellowcake's written clarification/additional information. Docket No. 91 at 17:23-18:10. It would appear that Defendants must serve their supplemental responses by December 23, 2022 **notwithstanding the Discrepant ISRCs**. Since Plaintiff refused to agree to Defendants' proposed solution to this apparent conflict under the outstanding orders, and failed to make an alternative proposal, Defendants were left with no choice but to file this administrative motion for clarification of the Court's orders.

---

[5] Yellowcake also insisted that Defendants provide an explanation of *why* each of the Discrepant ISRCs is inaccurate. Idell Decl. ¶ 4, Ex. "C". Yellowcake would, once again, seek to place the burden on Defendants to show that Plaintiff's list is *in*accurate, rather than placing the burden on Plaintiff to simply provide an *accurate* list. *Cf.* Docket No. 88 at 17:4-13. Yellowcake's position is not only contrary to the plain language of the November 14 Order, but would also be completely disproportional to the needs of the case and add substantial and unwarranted burden and expense.

The relief requested by this administrative motion does not prejudice Plaintiff in any way. Under the July 21 Order and November 14 Order, Plaintiff is already required to identify "Yellowcake's Copyrighted Works" and "Foreign Works" "with specificity", including as to ISRCs. It is implausible that Court intended to require Plaintiff only to provide inaccurate ISRCs, and it would be unreasonable to require Defendants to have to respond to discovery that incorporates by reference erroneous information provided by Plaintiff.[6] Defendants, by contrast, will be prejudiced if they are required to prepare supplemental responses to Plaintiff's discovery relating to "Yellowcake's Copyrighted Works" and "Foreign Works" without even having useful, usable and specific information – namely, accurate ISRCs.

Accordingly, Defendants seek clarification from the Court: (1) that Plaintiff's obligation to identify, with specificity, the sound recordings allegedly infringed under the July 21 Order includes the obligation to provide <u>accurate</u> ISRCs; and (2) that Defendants obligation under the November 14 Order does not require Defendants to supplement their responses to Yellowcake's discovery relating to "Yellowcake's Copyrighted Works" and "Foreign Works" until such time as Plaintiff has provided a complete and accurate "list" of the specific sound recordings that Defendants are alleged to have infringed that includes <u>accurate</u> information for all known ISRC codes previously used by Dashgo, a notation when the ISRC code is not available on Sound Exchange and, if the relevant ISRC code is not available for a particular sound recording, a note by Yellowcake of the unavailability of such information.

Respectfully submitted,

DICKENSON PEATMAN & FOGARTY P.C.

Dated: December 19, 2022     By:   /s/ Richard J. Idell
                                   Richard J. Idell (SBN 069033)
                                   Ory Sandel (SBN 233204)
                                   *Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

---

[6] In its July 21 Order, the Court stated that it "will not enforce a request or interrogatory that contains superseded definitions" of "Yellowcake's Copyrighted Works" or "Foreign Works". *See* Docket No. 78 at 6:18-23, 21:4-9. By like token, the Court should not enforce discovery that contains inaccurate definitions of "Yellowcake's Copyrighted Works" or "Foreign Works".