1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YELLOWCAKE, INC., a California               Case No.  1:21-cv-00803-AWI-BAM
     corporation,
12                                                **ORDER GRANTING DEFENDANTS
                         Plaintiff,               DASHGO, INC. AND AUDIOMICRO, INC.
13                                                D.B.A. ADREV'S MOTION FOR
                  v.                              ADMINISTRATIVE RELIEF RE:
14                                                CLARIFICATION OF JULY 21, 2022
     DASHGO, INC., a Delaware corporation,        ORDER [DOCKET NO. 78] AND
15   and AUDIOMICRO, INC. d/b/a ADREV,            NOVEMBER 14, 2022 ORDER [DOCKET
     a Delaware corporation,                      NO. 91]**
16
                         Defendants.              (Doc. 93)
17

18

19         **I.       Introduction**

20               On December 19, 2022, Defendants Dashgo, Inc. and Audiomico, Inc. d/b/a/ Adrev

21   (collectively "Defendants") filed a motion for administrative relief seeking clarification of the

22   Court's July 21, 2022, and November 14, 2022 orders.  (Doc. 93.)  Defendants raise two primary

23   issues for clarification:  (1) whether Yellowcake's obligation to identify, with specificity, the

24   sound recordings allegedly infringed under the Court's July 21, 2022 order includes the

25   obligation to provide an accurate International Standard Record Code ("ISRC") for each sound

26   recording; and (2) the timing of Defendants' supplemental responses to Yellowcake's Request for

27   Production ("RFP") Set One, RFP Set Two and Interrogatories Set One based on the list of

28
                                                   1

Copyrighted Works and Foreign Works as ordered by the Court on November 14, 2022.  (Doc. 91.)  The Court finds a response to the motion unnecessary.  Plaintiff will not be prejudiced by the Court's clarification of it intent regarding the ISRCs and Defendants' obligation to supplement its responses to Yellowcake's RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works.

**II.     Discussion**

Relevant here, on July 21, 2022, the Court granted Defendants' motion for entry of a two-tier protective order.  In part, the Court ordered as follows:

> 3. The parties are directed to meet and confer to identify the "list" of Copyrighted Works and Foreign Works and which definitions will be used for responding to the RPD and Interrogatories. To the extent such a "list" has not been provided by Plaintiff to Defendants, the parties are directed to meet and confer and Plaintiffs are directed to provide such a list, with specificity. Defendants are entitled to know the works, with specificity, they are alleged to have infringed.

(Doc. 78 at 21.)  The parties were unable to agree on the specificity required for the list.

On November 14, 2022, the Court partially granted Yellowcake's second motion to compel Defendants' responses to Yellowcake's RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works.  (Doc. 91.)  In relevant part, the Court ordered as follows:

> a. Within **thirty (30) days** from the date of the Order, Yellowcake shall provide written clarification or additional information to identify the Copyrighted Works and Foreign Works, to include all known ISRC codes previously used by Defendant Dashgo, both Yellowcake's UPC codes and Dashgo's UPC codes, and a notation when the ISRC code is not available on Sound Exchange. If the relevant ISRC code or UPC code is not available for a particular sound recording, then Yellowcake also shall note the unavailability of such information;
>
> b. Within **thirty (30) days** following receipt of written clarification or additional information from Yellowcake, Defendants shall supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works. Defendants' supplemental responses also shall eliminate boilerplate objections to the discovery requests. For those sound recordings that do not require additional clarification or information, Defendants shall supplement their discovery responses **within twenty-one (21) days from the date of this Order**[.]

(Doc. 91 at 17-18.)  The Court also indicated: "Following receipt of supplemental information from Yellowcake, detailed above, Defendants can still identify documents and information

1   related to the remaining sound recordings and provide Yellowcake with a list of ISRC codes they

2   believe are inaccurate.  Yellowcake will then be required to investigate and reconcile any

3   discrepancies.  Defendants shall produce discovery responses and documents as to those sound

4   recordings which do not require clarification."  (*Id.* at 16.)

5          Defendants report that on November 23, 2022, Yellowcake provided written

6   clarification/additional information in the form of revised Exhibits A, B and C to the Second

7   Amended Complaint, which set forth two ISRC codes for each sound recording, one for Colonize

8   Media and another for Dashgo.  (Doc. 93 at 4. Doc. 93-1, Ex. A. to Declaration of Richard J. Idell

9   ("Idell Decl.").))  Thereafter, Defendants began checking the ISRC codes that Yellowcake

10  provided, but that review reportedly revealed numerous inaccuracies.

11         By letter dated December 5, 2022, Defendants provided Yellowcake with a partial list of

12  inaccurate ISRCs.  Defendants requested that Yellowcake promptly investigate and reconcile the

13  inaccurate ISRCs and indicate, for each discrepant ISRC, whether the ISRC was being withdrawn

14  or whether it would be replaced by a different, accurate ISRC.  (Doc. 93-1, Ex. A to Idell Decl.)

15  Defendants communicated that based on their reading of the Court's November 14, 2022 order,

16  Defendants would be required to supplement their responses on or before December 23, 2022,

17  *even if the list of ISRCs remained inaccurate*.  Defendants did not believe this to be the Court's

18  intention and requested Yellowcake's agreement that Defendants would not be required to serve

19  their supplemental responses until such time as all of the ISRCs were confirmed to be accurate.

20  (*Id.*)

21         Subsequently, by letter dated December 12, 2022, Defendants provided Yellowcake with

22  a complete list of ISRC codes that were inaccurate (the "Discrepant ISRCs") and requested that

23  Yellowcake investigate and reconcile those ISRC codes.  Defendants also reiterated their request

24  that Yellowcake agree that Defendants would not be required to serve their supplemental

25  responses until all of the ISRCs were confirmed to be accurate.  (Doc. 93-1, Ex. B to Idell Decl.)

26         Yellowcake responded by letter dated December 15, 2022, asserting that the subject works

27  could be identified by means other than by ISRC, such as information set forth in its November

28  23, 2022 letter, and that the Court's order did not permit Defendants to abandon their obligation

1    to diligently search for responsive documents and information.  (Doc. 93-1, Ex. C to Idell Decl.)

2    Additionally, Yellowcake contended that if Defendants claimed any discrepancy, then they must

3    disclose the nature of the discrepancy so that Yellowcake could conduct the investigation required

4    by the Court.  Yellowcake also rejected Defendants' request that they not be required to serve

5    their supplemental responses until such time as all of the ISRC codes were confirmed to be

6    accurate.  (*Id.*)

7           Defendants now seek clarification from the Court: (1) that Yellowcake's obligation to

8    identify, with specificity, the sound recordings allegedly infringed under the July 21 Order

9    includes the obligation to provide accurate ISRCs; and (2) that Defendants' obligation under the

10   November 14 Order does not require Defendants to supplement their responses to Yellowcake's

11   discovery relating to "Yellowcake's Copyrighted Works" and "Foreign Works" until such time as

12   Plaintiff has provided a complete and accurate "list" of the specific sound recordings that

13   Defendants are alleged to have infringed that includes accurate information for all known ISRC

14   codes previously used by Dashgo, a notation when the ISRC code is not available on Sound

15   Exchange and, if the relevant ISRC code is not available for a particular sound recording, a note

16   by Yellowcake of the unavailability of such information.  (Doc. 93 at 6.)

17          Having considered the administrative motion and supporting exhibits, the Court finds

18   Defendants' request for clarification appropriate and necessary to advance discovery in this

19   action.  Defendants' request for clarification will be granted as herein detailed.

20          On November 14, 2022, the Court ordered Yellowcake to provide Defendants "with all

21   known ISRC codes previously used by Dashgo . . . and a notation when the ISRC code is not

22   available on Sound Exchange.  If the relevant ISRC code … is not available for a particular sound

23   recording, then Yellowcake shall note the unavailability of such information."  (Doc. 91 at 15.)

24   The Court further indicated that any discrepancies identified by Defendants "would not otherwise

25   invalidate the list [of Copyrighted Works and Foreign Works at issue], invalidate Yellowcake's

26   discovery demands, or relieve Defendants of their discovery obligations."  (*Id.* at 15-16.)  The

27   Court's order implicitly acknowledged that an accurate ISRC might not be available for a

28   particular sound recording, but that the absence of such did not relieve Defendants of their

4

obligations to the extent that the sound recording could be identified from other information provided by Yellowcake.

Further, as to the timing of supplemental discovery responses, the Court ordered Defendants to supplement their responses to the RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works within thirty (30) days following receipt of written clarification or additional information from Yellowcake.  The Court intended this directive to apply to those sound recordings that could be identified without clarification of any purported Discrepant ISRCs, and Defendants would be required to serve their supplemental responses as to these sound recordings. The Court did not intend to delay Defendants' supplemental responses pending resolution of any Discrepant ISRCs.  Rather, the Court presumed that supplemental responses for any Discrepant ISRCs would occur only after Yellowcake had the opportunity to investigate and reconcile any discrepancies in writing.

**III.    Conclusion and Order**

Based on the foregoing, Defendants' request for clarification is GRANTED.  The Court clarifies as follows:

1.    Within thirty (30) days following receipt of Yellowcake's November 23, 2022 clarification/additional information, Defendants are required to supplement their responses to RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyrighted Works and Foreign Works *for those sound recordings that can be readily identified without clarification of the purported Discrepant ISRCs.*

2.    For those sound recordings with Discrepant ISRCs that cannot otherwise be identified by Defendants, Defendants must identify the nature of the discrepancy so that Yellowcake may investigate and reconcile any discrepancies in writing.

///

///

///

///

///

3.  Within thirty (30) days following receipt of written reconciliation/clarification of the Discrepant ISRCs from Yellowcake, Defendants shall provide a further supplemental response to RFP Set One, RFP Set Two and Interrogatories Set One based on the list of Copyright Works and Foreign Works.

IT IS SO ORDERED.

Dated:   **December 20, 2022**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE