**ABRAMS | FENSTERMAN, LLP**
ATTORNEYS AT LAW

**Long Island**
3 Dakota Drive, Suite 300
Lake Success, NY 11042
516.328.2300 | P

Long Island · Brooklyn · White Plains · Rochester · Albany · Manhattan

Seth L. Berman, Esq.
Partner/Director Intellectual Property and Entertainment Dept.
Email: sberman@abramslaw.com

January 10, 2023

**VIA ECF AND EMAIL**
(c/o evaldez@caed.uscourts.gov)

Hon. Barbara A. McAuliffe
U.S. District Court, E.D. Cal., Fresno Division
Robert E. Coyle United States Courthouse
2500 Tulare Street, Courtroom 8, 6th Floor
Fresno, California 93721

Re:  *Yellowcake, Inc. v. Dashgo, Inc., et al.*
     USDC, E.D. Cal., Fresno Div., Case No. 1:21-cv-00803-AWI-BAM

Dear Magistrate Judge McAuliffe:

This firm and Hefner Law represent the Plaintiff, Yellowcake, Inc. ("Yellowcake"), in the above referenced action. Defendants have not complied with the Court's Orders of November 14, 2022, and December 20, 2022 (the "Orders"), by failing to produce any documents responsive to the Orders. *See* correspondence between Yellowcake and Defendants annexed hereto as Exhibits "A" and "B" respectively. Ordinarily, Yellowcake would file a motion for default judgment and would seek sanctions under F.R.C.P. Rule 37. However, based on the Court's Minute Order dated December 22, 2022, Yellowcake has not yet filed such a motion and is willing instead to address the Defendants' noncompliance with the Orders at the in-person conference scheduled by the Court. In waiting to address these issues, Yellowcake seeks to preserve its rights and claims regarding Defendants' noncompliance with the Orders and to avoid assertions that it has waived those rights and claims.

With respect to the Court's minute order of December 22, 2023 (Dkt. 98), we respectfully request that the Court order that the parties and individuals with firsthand knowledge of the parties' document storage and search procedures appear in person at the upcoming in-person discovery conference, so that if a compromise is not reached on the outstanding discovery motions, that the Court may hear directly from the parties' representatives regarding the outstanding issues, including the production of documents and, if the Court deems it appropriate, conduct a hearing on the outstanding issues. We believe that this would be the most efficient way to resolve all outstanding discovery disputes.

Case 1:21-cv-00803-DAD-AC   Document 101   Filed 01/10/23   Page 2 of 2



Page 2

       Prior to submitting this letter to the Court, on January 4, 6, and 9, 2023, we wrote to counsel for Defendants in good faith attempting to "meet and confer" with counsel to request an agreement as outlined above, to wit, that individuals with firsthand knowledge of the parties' document storage and search procedures appear in-person at the conference scheduled by the Court, which we believe would make the conference much more efficient. However, despite our multiple requests for Defendants' agreement to this reasonable proposal, they have not responded to our request.

                              Respectfully,

                              Seth L. Berman

cc:    Richard J. Idell, Esq. (via ECF)
        Ory Sandel, Esq. (via ECF)
        Thomas P. Griffin, Jr., Esq. (via ECF)