# EXHIBIT A



Long Island
3 Dakota Drive, Suite 300,
Lake Success, NY 11042
516.328.2300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

Seth L. Berman, Esq.
Partner
sberman@abramslaw.com

December 22, 2022

**VIA EMAIL ONLY**
Richard Idell, Esq.
Dickenson, Peatman & Fogarty
1455 First Street, Suite 301
Napa, CA 94559

  Re: *Yellowcake v. Dashgo, et al.*
     USDC, E.D.Cal., Case No. 1: 21-cv-00803-AWI-BAM

Dear Mr. Idell:

  I write regarding the Court's Order, dated November 14, 2022 (the "Order"), granting in part Yellowstone's motion to compel and the Court's Order, dated December 20, 2022 (the "Clarifying Order"), that granted Defendants' motion for administrative relief with respect to the Order.

  The Order directed Defendants to supplement their responses to Yellowcake's RFP Set One, RFP Set Two and Interrogatories Set One,[1] and produce documents responsive to same, on or before December 5, 2022, except to the extent a discovery request concerned a sound recording that needed "additional clarification or information." *See* Order at 18:7-10. On December 5th Defendants served Yellowcake with cherry-picked supplemental discovery responses[2] and a letter purporting to identify 424 Discrepant ISRCs, and on December 8th they served Yellowcake with two documents responsive to the discovery requests. Defendants superseded that letter by another letter on December 12th which purported to identify a grand total of 859 Discrepant ISRCs.

  <u>As of December 5, 2022, Defendants' violations of the Order were, and remain, substantial</u>. There are 2,035 Copyrighted Works and Foreign Works at issue in this case, meaning that there are approximately 1,176 Copyrighted Works and Foreign Works that do not have Discrepant ISRCs. Defendants were obligated to supplement their discovery responses and produce documents pertaining to such 1,176 Works by December 5th, but failed to do so without any

---

[1] Unless otherwise defined herein, capitalized terms herein have the same meanings as ascribed in the Order and the Clarified Order.
[2] For example, Defendants' interrogatory responses supplemented their responses to interrogatory nos. 20 – 22 but did not bother to supplement their responses to nos. 2, 4, 5, 10 – 12, 14, 16 and 25.

credible explanation. The paltry two documents produced by Defendants on December 8th remain the only documents produced pursuant to either the Order or the Clarifying Order.

On December 20, 2022, the Court issued the Clarifying Order which addressed the mechanics and timing for supplemental discovery responses and documents pertaining to those sound recordings that Defendants claim have a Discrepant ISRC. Regarding sound recordings having a Discrepant ISRC that Defendants are nonetheless able to identify, the Clarifying Order directs Defendants to supplement their responses and produce responsive documents on or before December 23, 2022. Regarding sound recordings having a Discrepant ISRC that Defendants are unable to identify, the Order further requires Defendants, also on or before December 23, 2022, to identify the nature of the discrepancy so as to enable Yellowcake to investigate and reconcile any discrepancy.

Therefore, on or before December 23, 2022, we expect to receive (1) Defendants' supplemental discovery responses and documents concerning sound recordings having a Discrepant ISRC that Defendants are nonetheless able to identify; (2) as to each sound recording with a Discrepant ISRC that Defendants still cannot identify, information that identifies the nature of the purported discrepancy, explains why such discrepancy prohibits Defendants from supplementing responses and producing documents, and explains why the album, song title, artist, UPC information is insufficient to identify the recording; and (3) Defendants' supplemental discovery responses and documents that do not concern sound recordings not having a Discrepant ISRC, *i.e.*, those responses and documents that Defendants should have produced on December 5th.

Considering December 24th through December 26th is a holiday weekend, kindly advise us of the means (*e.g.*, hard copies, electronic dropbox, etc.) and approximate timing of Defendants' supplemental production so that we may plan accordingly.

Yellowcake reserves all available rights and remedies under the law for Defendants' existing violation of the Order, and any of their subsequent violations of the Order or Clarifying Order. Please be guided accordingly.

Yours,

Seth L. Berman