Richard J. Idell, Esq. (SBN 069033)
Ory Sandel, Esq. (SBN 233204)
DICKENSON PEATMAN & FOGARTY P.C.
1500 First Street, Suite 200
Napa, CA 94559
Telephone: (707) 261-7000
Facsimile: (707) 340-7239
Email: ridell@dpf-law.com
      osandel@dpf-law.com

*Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DASHGO, INC., a Delaware corporation; AUDIOMICRO, INC. d/b/a ADREV, a Delaware corporation; BENJAMIN PATTERSON, an individual; and NOAH BECKER, an individual,<br><br>    Defendants. | CASE NO. 1:21-cv-00803-AWI-BAM<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR ORDER ADDING ATTENDEES FOR DISCOVERY CONFERENCE**<br><br>(E-filing)<br><br>Hon. Magistrate Judge Barbara A. McAuliffe, Presiding |

COME NOW Defendants Dashgo, Inc. ("Dashgo"), Audiomicro, Inc. d.b.a. Adrev ("Adrev"), Benjamin Patterson and Noah Becker (collectively, "Defendants") and hereby file this opposition to Plaintiff Yellowcake, Inc.'s ("Plaintiff" or "Yellowcake") January 10, 2023 letter [Docket No. 101], as follows:

I.   **ARGUMENT.**

On January 10, 2023, Plaintiff filed a letter addressed to the Honorable Judge Barbara McAuliffe, Docket No. 101, requesting that the Court order that "the parties and individuals with firsthand knowledge of the parties' document storage and search procedures appear in person at the upcoming in – person discovery conference."

Plaintiff has previously submitted requests for relief to the Court by letter. *See* Docket No. 96 [Plaintiff's December 21, 2022 letter request for adjournment of Dashgo's motion to compel]. Taking their cue from Plaintiff, Defendants responded also by letter to the Court. Docket No. 97. The Court's December 22, 2022 minute order regarding Plaintiff's December 21, 2022 letter request states, in pertinent part: "The most recent filings, Docs. [96] and [97], violate Local Rule 233[.]"

There is no procedural basis stated in Plaintiff's most recent letter request, and Plaintiff's present letter request should be denied as violating Local Rule 233.

Plaintiff's request should be denied on substantive grounds as well.

Defendants did receive correspondence from Seth Berman, Plaintiff's counsel, requesting an agreement to the appearance, at the then-ordered January 27, 2023 discovery conference[1], of party principals and persons most knowledgeable regarding the parties' computer systems. Mr.

---

[1] By order of the Court on the stipulation of the parties, the January 27, 2023 discovery conference has been continued to February 17, 2023. Docket No. 100.

OPPOSITION TO REQUEST FOR DISCOVERY CONFERENCE
-1-

Berman's request was premised on his "belief" that the presence of these persons would make the discovery conference "more efficient".

Defendants responded to Mr. Berman's request nearly concurrently with Plaintiff's present filing. Attached hereto as Exhibit "A" is the said email response, which is incorporated herein by this reference.

Plaintiff's request should be denied.

First, Plaintiff has set forth no facts upon which Mr. Berman's "belief" would be based. All issues to be address are fully within the ability and authority of the attorneys to resolve, if, for some reason, the discovery disputes could not be resolved without the conference. Were the Court to impose an in-person attendance obligation on additional persons, the risk of irreconcilable scheduling conflicts will multiply.

Second, as set forth in the parties' January 9, 2023 stipulation, Docket No. 99, counsel for the parties "continue to meet and confer regarding the outstanding discovery and motion issues." Defendants, through the meet and confer process, will seek to resolve all outstanding discovery motions and any other discovery issues the parties have between them, such that the necessity of judicial intervention can be avoided and the February 17, 2023 discovery conference can be vacated. *Cf.* Docket No. 100 ("Counsel for the parties are excused from this personal appearance ONLY if the discovery motions are resolved and withdrawn prior to February 17, 2023.").

Third, the only discovery motions that have yet to be ruled on are <u>Defendants</u>' motions, and the only remaining discovery issues not set forth in a pending motion are: (1) the remaining Discrepant ISRCs, which discrepancies, to Defendants' knowledge and information, Yellowcake has neither yet investigated nor reconciled in writing, *cf.* Docket No. 95 at 5:21-23; and (2) Yellowcake's failure and refusal to produce any documents responsive to Dashgo's Document

Requests Set Three, notwithstanding the representations made in Yellowcake's Supplemental Response to Document Requests Set Three.[2]

It appears that Mr. Berman has purported to add, as an additional purported discovery dispute, Defendants' further production of documents. However, there is no dispute in this regard. Defendants timely served their supplemental discovery responses to Plaintiff's discovery, as ordered. *See* Docket Nos. 91, 95. Defendants' further production will be made on a rolling basis, as represented in those responses. *See also* Docket No. 101-2 at 3.

Again, Defendants intend to meet and confer with Plaintiff's counsel to resolve all outstanding discovery motions and any other discovery issues, set a discovery schedule for depositions, and avoid the necessity of a discovery conference.

Plaintiff's procedurally-unauthorized letter request should be denied.

                                        Respectfully submitted,

                                        DICKENSON PEATMAN & FOGARTY P.C.

Dated: January 11, 2023        By:    /s/ Richard J. Idell
                                                     Richard J. Idell
                                                     Ory Sandel
                                                     *Attorneys for Defendants Dashgo, Inc., Audiomicro, Inc. d.b.a. Adrev, Benjamin Patterson and Noah Becker*

---

[2] On December 16, 2022, Dashgo filed a motion to compel in this regard. Docket No. 92. That motion was taken off calendar by the Court's December 22, 2022 minute order. Docket No. 98.