```
 1                  UNITED STATES DISTRICT COURT

 2                EASTERN DISTRICT OF CALIFORNIA

 3   YELLOWCAKE, INC.,            :   Case No. 1:21-cv-00803-AWI-BAM

 4        Plaintiff,             :      Fresno, California
                                        Friday, February 17, 2023
 5           v.                  :      9:03 a.m. and 4:17 p.m.

 6   DASHGO, INC., ET AL.,       :      DISCOVERY AND STATUS
                                        CONFERENCE
 7        Defendants.            :

 8   : : : : : : : : : : : : : : : : :

 9
                       TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE BARBARA A. McAULIFFE,
                  UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13   For the Plaintiff:          Abrams Fensterman
                                  BY:  SETH BERMAN, ESQ.
14                                3 Dakota Drive, Suite 300
                                  Lake Success, NY  11042
15
                                  Hefner Stark & Marois, LLP
16                                BY:  THOMAS P. GRIFFIN, JR., ESQ.
                                  2150 River Plaza Drive, Suite 450
17                                Sacramento, CA  95833

18
     Court Recorder:             COURT PERSONNEL
19

20   Transcript prepared by:     JANICE RUSSELL TRANSCRIPTS
                                  1418 Red Fox Circle
21                                Severance, CO  80550
                                  (757) 422-9089
22                                trussell31@tdsmail.com

23
     Proceedings recorded by electronic sound recording; transcript
24   produced by transcription service.

25
```

1    APPEARANCES (continued):

2    For the Defendants:        Dickenson Peatman & Fogarty
                                BY:  RICHARD J. IDELL, ESQ.
3                                    ORY SANDEL, ESQ.
                                1500 First Street, Suite 200
4                               Napa, CA  94559

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    <u>FRESNO, CALIFORNIA, FRIDAY, FEBRUARY 17, 2023, 9:03 A.M.</u>

2    (Call to Order of the Court)

3        THE COURT:  All right.  Good morning.  Please have a

4    seat.

5    (Counsel greet the Court)

6        THE COURT:  Morning.

7        All right.  Let me call the case.

8        We ready to proceed on the record?

9        THE COURTROOM DEPUTY:  Yes, your Honor.

10        THE COURT:  Okay.

11        All right.  Yellowcakes, Cake versus DashGo, et al.,

12    Case No. 21-803.

13        May I have your appearances for the record, starting

14    with the plaintiff.

15        MS. BERMAN:  For plaintiff, Yellowcake, Inc., Abrams

16    Fensterman, by Seth Berman.  Good morning, your Honor.

17        THE COURT:  Good morning.

18        MR. GRIFFIN:  Morning, your Honor.  Tom Griffin of

19    Hefner Stark & Marois, co-counsel with Mr. Berman.

20        THE COURT:  Okay.  Good morning.

21        MR. IDELL:  Good morning, your Honor.  Richard Idell

22    and Ory Sandel, Dickenson Peatman & Fogarty, for the

23    defendants, all of them.

24        THE COURT:  Okay, great.

25        MR. SANDEL:  Morning, your Honor.

1          THE COURT:  Good morning.

2          All right.  So -- just a moment.  We're good.  Okay.

3          You know we're here for a discovery conference because

4   there's been multiple discovery disputes and the Court ordered

5   counsel to attend in person here today to see if we can't work

6   out those discovery disputes and, you know, we've had several

7   discovery disputes in the course of this case and the Court's

8   been able to address them and as I have repeatedly said, that I

9   do not have the capabilities to resolve all the disputes that

10  the parties have raised.  So that's why you're here.

11  Currently, I still have three discovery disputes that are

12  pending and you're more familiar with them than I am.

13          So let me tell you how I anticipate today going and

14  then I'll answer any questions.  The parties will stay here.

15  Counsel will stay here and talk.  I will not be on the bench.

16  You'll talk through your discovery disputes and try -- you'll

17  talk through the current disputes, any pending disputes that

18  you have coming up, and actually, I don't believe you've taken

19  any depositions.  So you might as well talk about a deposition

20  schedule before the discovery cutoff here.  And as I said, I

21  will not be here on the bench.  I have quite a full day ahead

22  of me today and I will come back occasionally when the parties

23  really have something to report to me.  Otherwise, you stay

24  until I release you.

25          And what will not happen today is I'm not ruling on

1  any of the motions.  I have not reviewed them.  The purpose

2  today is for you to resolve the, the motions and then we'll see

3  where we are at the end of the day.  I'm hoping not to have

4  another in-person with you, but I don't take that off the table

5  here.

6         So the big word for today for counsel from the Court

7  is compromise.  That's the word for today.  So does anybody

8  have any questions about how we're going to proceed?

9         First, from plaintiff's counsel.

10        MR. BERMAN:  I just want to ask, your Honor.  Is there

11  any --

12        THE COURT:  Why don't you pull that microphone over so

13  we make --

14        MR. BERMAN:  I apologize.

15        THE COURT:  -- sure we get you on the record.  We

16  don't have a court reporter here.

17        MR. BERMAN:  I was just going to ask if there's any

18  opportunity to potentially caucus with you even briefly to

19  outline each party's position regarding the disputes?  I think

20  given some context and boiling it down to the simple issues

21  might be of some value.

22        THE COURT:  It's been my experience it does not "boil

23  down" and we're -- I don't have a -- I don't have time today to

24  get "boiled down."  The purpose of today is for the, for the

25  four counsel to talk to one another.

1          So the short answer to that is no.  You should

2    understand what your issues are.  So at the moment, no.

3          Anything else?

4          MR. BERMAN:  I have nothing further, your Honor.

5          THE COURT:  Okay.

6          From defense counsel?

7          MR. IDELL:  No questions, your Honor.  I understand.

8          THE COURT:  Should you need to get a hold of us, my

9    courtroom deputy will be at her desk today.  She can give you

10   the telephone number so that we can move forward with this

11   expeditiously, I hope, and work out problems.

12         Again, let me just emphasize, compromise.  And we have

13   a discovery that is closing and I don't intend to address the

14   discovery or the scheduling order today, but talk about

15   deposition schedules.  I don't know how many people are going

16   to be taking on either side, but might -- you're here talking.

17   I want this to be an open dialogue.  I'm happy if you talk

18   settlement, too.  That would be wonderful if you're talking, if

19   you can talk that today as well, not just the discovery

20   disputes.

21         So last questions before I leave the bench?

22         Mr. Berman?

23         MR. BERMAN:  Not at the moment, your Honor.

24         THE COURT:  All right.

25         Mr. Idell?

```
 1              MR. IDELL:  No questions, your Honor.

 2              THE COURT:  All right.

 3              Well, good luck.  I hope this is productive.  Thank

 4    you.

 5              Court's in recess.

 6         (Recess from 9:07 a.m., until 4:17 p.m.)

 7                          AFTER RECESS

 8         (Call to Order of the Court)

 9              THE COURT:  All right.  Good afternoon.  We're back on

10    the -- just a moment.

11              Ready?

12              THE COURTROOM DEPUTY:  Uh-huh (indicating an

13    affirmative response).

14              THE COURT:  Okay.

15              We're back on the record in Yellowcay vers, Cake

16    versus DashGo.  Both coun -- all four counsel are present:  Two

17    for plaintiff, two for defendant.

18              Okay.  Who wants to fill me in?

19              MR. IDELL:  So, your Honor, I think we've reached a

20    compromise on everything that was at issue and Mr. Sandel's

21    going to recite it into the record.

22              THE COURT:  Okay.

23              MR. SANDEL:  You guys okay with that?

24              MR. BERMAN:  Yes.

25              MR. GRIFFIN:  Yes, fine.
```

```
 1              MR. SANDEL:  So with regard to DashGo's third set of

 2    document requests, we've agreed that the plaintiff will produce

 3    a settlement agreement between Platino Records, Inc. and

 4    Yellowcake, Inc. redacted as to financial terms and redacting

 5    any exhibits containing catalogs or works not at issue in this

 6    action, meaning that any exhibits containing any of the defined

 7    Yellowcake's copyrighted works or foreign works that are at

 8    issue in this action will not be redacted.

 9              Agreed?

10              MR. BERMAN:  Agreed.

11              MR. GRIFFIN:  Agreed.

12              MR. SANDEL:  With regard to Yellowcake's

13    interrogatories, the resolution of disputes relating to those

14    interrogatories will be resolved by the defendants agreeing to

15    produce a compilation or summary in Excel of, listing song

16    title; artist name; album title; gross receipts from all

17    digital service providers by year starting from May 18, 2018

18    and running through the present; net receipts by DashGo or

19    AdRev, meaning the income and fees that they received by year

20    from May 18, 2018 to the present and information as to whom the

21    balance was paid, meaning gross minus the net receipts by year,

22    again from May 18, 2018 to the present, and the information

23    will be provided by calendar year, meaning that the first year

24    will run from May 18, 2018 through December 31, 2018 and then

25    subsequent years will be calendar years, 1/1 through 12/31; and
```

1   then we will also re-produce as, what will be called DH-1

2   Monthly Reporting, all reports that were delivered to DH-1,

3   David Hernandez, from, I think it runs from June 2015 to the

4   pres -- through -- well, it was certainly through December of

5   2022 -- and we will produce that discretely in a, in a single

6   tranche of, volume of production.

7            THE COURT:  What was the beginning date of that?  You

8   said --

9            MR. SANDEL:  June of 2015, I believe.

10           THE COURT:  Okay.

11           MR. SANDEL:  And these are documents that we've

12  already produced, your Honor, but we're going to produce them

13  again separately so that they're readily identifiable as that

14  and we will call it DH-1 Monthly Reporting.

15           MR. GRIFFIN:  And that's going to be produced in the

16  same format that it was produced.

17           MR. SANDEL:  It'll be produced natively, that's right.

18           MR. GRIFFIN:  The same -- yeah, okay.  The same

19  format --

20           MR. SANDEL:  Yeah.

21           MR. GRIFFIN:  -- that had been produced --

22           MR. SANDEL:  Correct.

23           MR. GRIFFIN:  -- for the spring and summer of 2020.

24           MR. SANDEL:  Right.

25           MR. GRIFFIN:  Okay.

1          MR. SANDEL:  With regard to our Interrogatories Nos. 1

2     and 2, as to the subparts that were the subject of our motion

3     to compel which I believe was Subpart 6 as to Interrogatory

4     No. 1 and Subpart 7 as to Interrogatory No. 2, the plaintiff

5     will amend their response to state the date range in which they

6     believe the infringements occurred and the factual basis upon

7     which they con, they learned of those infringements, basically

8     the factual basis upon which they contend that that date range

9     was the date of infringement.

10          THE COURT:  Uh-huh (indicating an affirmative

11     response).

12          MR. SANDEL:  We also discussed, your Honor,

13     modification of the schedule in this case.  Maybe we should

14     deal with that after we deal with the other discovery issues.

15          THE COURT:  Yes.

16          MR. GRIFFIN:  Uh-huh (indicating an affirmative

17     response).

18          THE COURT:  Uh-huh (indicating an affirmative

19     response).

20          MR. SANDEL:  On our Interrogatory No. 4, which is the

21     last interrogatory that was the subject of our motion to compel

22     on the interrogatories, the plaintiff has agreed to amend its

23     response to that Interrogatory No. 4 to remove the phrase "upon

24     information and belief" and should they so choose to add

25     further facts upon which, that are responsive to the

1   interrogatory.

2          With regard to plaintiff's Document Requests Set 3, we

3   have -- well, so the, the plaintiff has agreed to limit that

4   request to "e-mails by, among or between officers and

5   directors, including without limitation Noah Becker, and the HR

6   Head of AdRev and/or DashGo, or resignation letters, concerning

7   or referring to the circumstances of the separation from AdRev

8   or DashGo by Noah Becker."  And those e-mails, to the extent

9   any exist, are, can be redacted as to any information that is

10  not relevant either to copyright infringement or media move.

11  And so those e-mails will be --

12          MR. IDELL:  We're -- we're going to -- we'll produce

13  them, your Honor, but they're going to be marked "Attorneys'

14  Eyes Only, Highly Confidential."

15          MR. SANDEL:  And, and we will also provide, that is,

16  defendants, will also provide a declaration from a, an officer

17  or director, I guess, with knowledge that the separation of

18  Noah Becker was not related to media move.

19          MR. IDELL:  So I don't -- I'm not sure the person is

20  an officer or a director, but they are a person with knowledge.

21          THE COURT:  Pull the microphone over so I can just

22  make sure --

23          MR. IDELL:  Oh, I'm sorry.

24          THE COURT:  -- to get that on the record.

25          MR. IDELL:  I, I'm not sure it's an officer or a

1  director, but it's someone with knowledge of the circumstances.

2        THE COURT:  Okay.  And will state that factual basis,

3  the foundation for their knowledge.

4        MR. IDELL:  Yes, of course.

5        THE COURT:  Okay.

6        MR. SANDEL:  And that's the extent of the resolution

7  of the discovery disputes.

8        MR. IDELL:  Is that all agreed?

9        MR. GRIFFIN:  It is all agreed.  I think we should

10  probably also come to some agreement on when the various items

11  are going to be produced by, by the parties.

12        THE COURT:  That was a question I have here, when.

13  'Cause some of this sounds, will take longer than others, so.

14  But I --

15        MR. GRIFFIN:  Actually --

16        THE COURT:  Before we do that, I just want to make

17  sure that I understand.  I have two motions by DashGo and we

18  talked about the interrogatories and I couldn't track DashGo's

19  third set, which ones.  Does this, does this resolve all of the

20  requests that are subject to the motion to compel forward,

21  requests for production of documents?

22        MR. IDELL:  It, it covers the -- both -- the two

23  motions that are still in front of you and a motion that was

24  set, but then was vacated by you.

25        THE COURT:  Okay.

1              MR. SANDEL:  Yeah.

2              THE COURT:  All right.

3              MR. SANDEL:  It resolves all of the discovery issues

4    through today --

5              THE COURT:  All right.

6              MR. SANDEL:  -- as far as we're concerned, from both

7    sides.

8              THE COURT:  Okay.  Thank you.

9              MR. GRIFFIN:  Your Honor, actually, I don't think it's

10   going to take that long to produce the various items.  There's

11   a re-production, there's some e-mails that may or may not

12   exist, there's a, a declaration.  We have to amend --

13             MR. BERMAN:  And some revised discovery responses.

14             MR. GRIFFIN:  -- some discovery responses.

15             MR. IDELL:  Thirty days?

16             MR. GRIFFIN:  Thirty --

17             MR. BERMAN:  Thirty days.

18             MR. GRIFFIN:  Thirty days is more than enough.

19             MR. BERMAN:  Thirty --

20             MR. IDELL:  That's fine with the defendants, your

21   Honor.

22             THE COURT:  All right.

23             All right.  But before we do that, let me hear

24   about -- so, so is that everything that, as far as the motions

25   that are currently pending?

1          MR. SANDEL:  Yes, your Honor.

2          THE COURT:  Okay.

3          And then what about, did you discuss depositions and

4 schedule?

5          MR. SANDEL:  We did, your Honor.

6          THE COURT:  Okay.  And you have a schedule.  You don't

7 need to tell me that, but I want to make sure that, the

8 production will happen and then the depositions.

9          MR. IDELL:  We don't have a schedule, your Honor.  We

10 -- we -- there -- we've agreed on a schedule modification for

11 the case and subject to the Court's approval, but we did talk

12 about the depositions and did come to an agreement that these

13 depositions will be handled remotely and --

14          THE COURT:  Okay.

15          MR. IDELL:  -- will not be required to be in person.

16          And do you want us to talk about the scheduling issue?

17          THE COURT:  I want to know, first off, for the

18 depositions, are -- was there any agreement to go over the

19 allotted number that you are permitted?

20          MR. IDELL:  We did discuss that, your Honor, because

21 we, I don't think the plaintiff is, was prepared to tell us who

22 they wanted to depose.  We are not planning on going over the

23 ten at this time.

24          MR. GRIFFIN:  It's highly --

25          MR. BERMAN:  Your Honor, it's highly unlikely -- I

1   don't anticipate that plaintiff would be going over ten

2   depositions.

3            THE COURT:  Okay.

4            MR. GRIFFIN:  No.

5            THE COURT:  Okay.

6            MR. BERMAN:  I, I think six would be a fair number at

7   this point.

8            THE COURT:  All right.

9            Why don't you tell me now what the parties propose for

10  a, the schedule.

11           MR. SANDEL:  So your Honor, at plaintiff's request we

12  agreed to extend the fact discovery cutoff by 30 days as to

13  party discovery, that is, paper discovery, from May 17, 2023 to

14  June 17, 2023 and to extend the fact discovery cutoff for non-

15  party discovery and depositions by 105 days, to August 31st of

16  2023.

17           MR. IDELL:  But to clarify, that includes depositions

18  of parties.

19           MR. SANDEL:  Right.  So non-party discovery and

20  depositions.

21           And all other subsequent dates on the scheduling order

22  would also be extended by 105 dates, days, except that trial --

23  because 105 days from the current trial date ends up being the

24  day after Labor Day -- that would be extended to the following

25  Monday, which is September 9 of 2024.

 1        (Pause)

 2              THE COURT:  I'll be frank.  I'm not ready to continue

 3   the dates and the reason for that is, had we not had this date

 4   today, there would still be fighting about discovery and I

 5   think I'm -- I -- first of all, I should say thank you,

 6   Counsel, for working cooperatively and professionally together

 7   to resolve these issues and move forward with the case.  I

 8   greatly appreciate that.  I think it's vital, obviously, to

 9   your clients' interests as well as to your own and the Court's

10   interests that we can move forward more productively than by

11   dealing with nit-picky discovery dispute issues.

12              So thank you for that.

13              I'm not sure I'm ready to accept the, what the parties

14   propose.  I'm not saying no, but I'm not saying yes.  I think

15   what I would like to do is have a, another status conference

16   with the parties after your 30 days.  Because you're not going

17   to be doing depositions, right?  Is there more written

18   discovery to be done?

19              MR. BERMAN:  Not that plaintiff anticipates at this

20   moment, your Honor.

21              THE COURT:  Okay.

22              MR. IDELL:  We, we may have some.

23              THE COURT:  Okay.

24              MR. IDELL:  We have to kind of look at what would

25   happen today and see what else we need.

```
1              THE COURT:  Okay.

2              Were you going to say something, Mr. Berman?

3              MR. BERMAN:  I was just going to say, your Honor, the

4   only issue, we, we've recently received a production earlier

5   this week of 250,000 pages of documents.  And so, and we're

6   anticipating another relatively large production.

7              THE COURT:  Oh.

8              MR. BERMAN:  So the issue is also digesting the --

9              THE COURT:  Uh-huh (indicating an affirmative

10  response).

11             MR. BERMAN:  -- productions in this case.

12             THE COURT:  All right.  That's, that's a fair reason.

13             The other thing that I'm thinking here is that I've

14  already explained to the parties that Judge Ishii will not be

15  your trial judge and I can't predict when your case will go to

16  trial, no matter when I set it, because of -- I don't know,

17  one, I don't know who the District Judge will be.  It'll be one

18  of two people, but I don't know what that person's trial

19  calendar will look like.  If we go out 30 days -- and as I

20  mentioned to you, Judge Ishii is retiring April 30th.  I

21  anticipate May 1st the cases will be reassigned, then I'll know

22  who your District Judge is.  And so I'm thinking that I would

23  keep the pre-trial conference and trial date as they are now

24  with the eye towards, once it's reassigned, then I have a

25  better idea of when you might actually get to trial.
```

1          Based upon what Mr. Berman said about the volume of

2   the discovery that has been produced and the need to go through

3   that, I'll accept the parties', reluctantly, the parties' offer

4   here and I will continue non-expert discovery cutoff 30 days

5   for, I think you said this was for paper discovery, written

6   discovery --

7          MR. SANDEL:  Yeah, as between the parties, your Honor.

8          THE COURT:  -- as between the parties.  So that tells

9   me there might be subpoenas going out.

10          So I can continue that date for non-expert discovery

11   cutoff for written discovery between the parties from May 17 to

12   June 16.  That's the Friday.

13          And then the parties want fact discovery for

14   nonexperts -- so that means depositions or, or subpoenas -- and

15   depositions of anybody 105 days from May 17, 2023.

16          What, what did you say that date was?

17          MR. SANDEL:  It was August 31st, your Honor.

18          THE COURT:  All right.

19          So fact discovery of nonexpert -- excuse me -- fact

20   discovery of nonparties and depositions will be continued to

21   August 31st of 2023.

22          I'll tell you my hesitant, hesitancy, also, of

23   extending this.  The longer I give you for discovery, the more

24   chances of discovery disputes.  So I'm gonna, I'm gonna tell

25   you now if there's discovery disputes, you're coming back,

1  okay?  Fair enough?

2       MR. BERMAN:  Yes, your Honor.  Thank you.

3       THE COURT:  This was very productive and I'm hoping

4  the parties don't have disputes in the future, but if you have

5  something like what has been presented to the Court, then, then

6  you're coming back, okay?  Fair enough?

7       MR. IDELL:  Understood.

8       THE COURT:  All right.

9       Okay.  So that will be fact discovery nonparty and

10  depositions to Augus5 31st of 2023.

11       Let me see here.  Experts will be -- so if nonexperts

12  is finished on August 31st, experts -- well, I had allotted

13  just a couple of weeks.  So maybe I'll throw a date out there

14  for expert disclosures of September 15.

15       Is that what you proposed?

16       MR. IDELL:  Everything was going to be extended by 105

17  days.

18       MR. SANDEL:  105 days.

19       MR. IDELL:  I, I don't think we calculated the dates.

20  I apologize, your Honor.

21       THE COURT:  That's okay.  I'm, I'm kind of moving

22  things out appropriately as, as I did according to the schedule

23  here.

24       So it -- that would give you two weeks for your expert

25  disclosures after third party and depositions conclude.  If

 1 | that's not enough time --

 2 |          MR. IDELL:  I'm trying to remember --

 3 |          THE COURT:  -- I'll give you a little more.

 4 |          MR. IDELL:  -- what it was before.

 5 |          MR. SANDEL:  May 31st.

 6 |          THE COURT:  It was two weeks.

 7 |          MR. IDELL:  Oh, yeah.  So it was the same.

 8 |          THE COURT:  Yeah.

 9 |          MR. SANDEL:  So it would be like mid-September?

10 |          THE COURT:  May 15 -- September 15th, that's what I'm

11 | suggesting.

12 |          MR. IDELL:  I'm sorry.  Say again, your Honor.

13 |          THE COURT:  September 1 5.

14 |          MR. IDELL:  1 5.

15 |          MR. SANDEL:  Friday.

16 |          MR. ISBELL:  And the close of discovery is the 31st.

17 |          THE COURT:  I can go out another week.

18 |          MR. BERMAN:  If we could go out one more week --

19 |          THE COURT:  Sure.

20 |          MR. BERMAN:  -- your Honor, we'd appreciate it.

21 |          THE COURT:  September 22, 2023 for expert disclosure.

22 | I'll get an order out, amending scheduling order that has these

23 | dates.

24 |          Expert disclosures, September 22 of 2023.

25 | Supplemental expert disclosures are generally a month.  You had

1   a month before.  How about August -- excuse me -- October 20,

2   October 20 of 2023 for supplemental expert disclosures.

3       And then you had a month of depositions of experts.

4   I'll give you before Novem -- I'll give you before

5   Thanksgiving, November 17 of 2023 for expert discovery

6   deadline, November 17, 2023.

7       I'm gonna keep -- I'm gonna -- I -- I'm going to

8   vacate for the time being the dispositive motion filing

9   deadline subject to resetting.  Obviously, I'm going to set a

10  deadline, but at this point in time I want to wait until the

11  case gets reassigned for Judge Ishii and see where we are.

12  Because I'll have to reset the trial date, the pre-trial

13  conference and the trial date.  Unless you want to file your

14  dispositive motion by December 1st.  I don't know.  Maybe you

15  both have dispositive motions here.

16       MR. IDELL:  Well, I think there, undoubtedly, will be

17  dispositive motions, at least from the defendants' --

18       THE COURT:  Uh-huh (indicating an affirmative

19  response).

20       MR. IDELL:  -- point of view.

21       The current date was what, Ory?  I don't have my

22  binder.

23       THE COURT:  September 25.

24       MR. SANDEL:  August --

25       MR. SANDEL:  So I mean, I, I think it's always helpful

1    to have a date, you know, for the last date.

2            THE COURT:  All right.  Let's -- well, refresh my

3    recollection when we come back here.  Currently, I'm going to

4    set it for December, December 1 of 2023, but I am, I can reset

5    that when we come back.  Because we're going to come back in

6    early May, unless you --

7            MR. IDELL:  Ear --

8            THE COURT:  -- need me before.

9            MR. IDELL:  Early May of '23?

10            THE COURT:  Yeah, in a couple of months, after the

11    reassignment.  So I can --

12            MR. IDELL:  Yeah.

13            THE COURT:  -- reset your trial date.

14            MR. IDELL:  The December 1st date seems a little early

15    to us.

16            MR. BERMAN:  We would agree, just shortly after expert

17    discovery cutoff.

18            THE COURT:  Well, that's what we had before.

19            MR. SANDEL:  We -- you were going to vacate the date,

20    your Honor.

21            THE COURT:  I was going to vacate --

22            MR. SANDEL:  Yeah.

23            THE COURT:  -- the date, but then, but then counsel

24    said that I should have a date for him and I'm willing to do

25    that.

```
 1            MR. IDELL:  I -- I --

 2            MR. SANDEL:  I mean --

 3            MR. IDELL:  I think we -- we think -- either way, your

 4   Honor.  I mean, we're going to be back here for scheduling,

 5   anyway --

 6            MR. SANDEL:  Right.

 7            MR. IDELL:  -- with the trial date, so.

 8            MR. SANDEL:  Better to take it up then, in my opinion.

 9            MR. IDELL:  Nothing prevents us from filing motions

10   tomorrow, if we wanted to.

11            THE COURT:  That's true.

12            MR. SANDEL:  Right.

13            THE COURT:  That's true.  You don't have to wait till

14   the last day.

15            MR. GRIFFIN:  I'd say that we just take it up in May

16   when we're back in front of you.

17            THE COURT:  I'm going to change my mind yet a third

18   time here.  I'm going to leave the dispositive motion filing

19   deadline at August 25, 2023, subject to rescheduling when we

20   come back.  That'll give you plenty of time, if we come back in

21   early May, that'll give you plenty of time to prepare a motion

22   and I'll end up resetting that.

23            Okay.  So dispositive motion filing deadline will stay

24   as August 25, 2023.

25            Pre-trial conference will stay currently May 20, 2024.
```

1    And the jury trial will currently stay at May 21,

2 2024, subject to rescheduling when we come back in May and I

3 actually know who the District Judge is on your case.

4    Should we run through those dates again or just,

5 everybody think they got them?

6    MR. IDELL:  I think we have them, your Honor.

7    THE COURT:  Okay.

8    MR. IDELL:  And the --

9    THE COURT:  And I'm going to issue an order, uh-huh.

10    MR. IDELL:  The conference in May, did you give a

11 date?

12    THE COURT:  I have not yet.  The only question --

13 let's see.  We're in February, mid-February.  Sure.  We'll come

14 back in early May.  So maybe May 3rd or 4th.  I'll have to ask

15 my courtroom deputy to take a look.

16  (Pause)

17    THE COURT:  May 3 or 4.

18  (Pause)

19    THE COURTROOM DEPUTY:  You're available on May 3rd at

20 9:00 a.m. or May 4th at 8:30 a.m. or 10:00 a.m.

21    THE COURT:  Let's do May 3rd at 9:00 a.m.

22    That will be by Zoom unless something happens between

23 now and then.  May 3rd at 9:00 a.m. and that will be by Zoom

24 for a status conference and reset dates, reset the trial date,

25 okay?

1          All right.  The last thing I wanted to ask about is

2    when you were discussing things anybody start talking about

3    settlement?

4          MR. IDELL:  We briefly discussed the feasibility of a

5    mediation.  Did not come to any kind of conclusion, but --

6          THE COURT:  Okay.

7          MR. IDELL:  Yeah.  We -- I think --

8          THE COURT:  That's fair.  You started.

9          MR. IDELL:  We both agree it's a, we're still a little

10   early.  Because so much time has been taken up by the document

11   production and there haven't been any depositions taken.

12         THE COURT:  Okay.  All right, fair.

13         Mr. Berman?

14         MR. BERMAN:  And obviously, to the extent that there's

15   a formal offer, we would certainly discuss it with our client.

16   This case might be ripe for mediation at the right time.

17         THE COURT:  Right.  Okay.  Fair enough.

18         All right.  I think that's everything that I think we

19   needed to cover.  You know how to get a hold of me if you need

20   anything else.

21         Anything from plaintiff's side?

22         MR. BERMAN:  Nothing further your Honor.

23         THE COURT:  Okay.

24         From defense side?

25         MR. IDELL:  No, your Honor.  Thank you very much for

1 | your time today.

2 |       THE COURT:  All right.  Thank you.  I think it was

3 | very productive and I appreciate it.

4 |       All right.  Court's in recess.

5 |    (Proceedings concluded at 4:43 p.m.)

6 |

7 |

8 |

9 |

10 | CERTIFICATE

11 |      I, court approved transcriber, certify that the

12 | foregoing is a correct transcript from the official electronic

13 | sound recording of the proceedings in the above-entitled

14 | matter.

15 | /s/ *Janice Russell*           February 28, 2023

16 | Janice Russell, Transcriber         Date

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |